DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| J.L., C.B., K.S., P.M., N.G., R.F., J.D., and G.R. individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 3:23-cv-03440-AMO<br><br>**DEFENDANT GOOGLE LLC'S REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF MATERIALS INCORPORATED BY REFERENCE, IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>Judge: Hon. Araceli Martínez-Olguín |

In considering Defendant Google LLC's ("Google") motion to dismiss, Google hereby requests that the Court take judicial notice of, and/or order incorporated by reference, the documents listed below:

1. Google Privacy Policy, July 1, 2023. This document can be found at https://policies.google.com/privacy/archive/20230701?hl=en-US. A copy, with portions referenced in the motion highlighted, is attached as **Exhibit 1**.

2. Google Privacy Policy, December 15, 2022. This document can be found at https://policies.google.com/privacy/archive/20221215?hl=en-US. A copy, with portions referenced in the motion highlighted, is attached as **Exhibit 2**.

3. Older versions of Google's Privacy Policy from May 25, 2018 to October 4, 2022. These documents can be found at https://policies.google.com/privacy/archive?hl=en-US. For example, the May 25, 2018 Privacy Policy can be accessed through a link at that page, and can be found directly at https://policies.google.com/privacy/archive/20180525?hl=en-US.

4. Google Terms of Service. This document can be found at https://policies.google.com/terms?hl=en-US. A copy is attached as **Exhibit 3**.

As set forth below, all these documents are subject to judicial notice under Fed. R. Evid. 201, should be deemed incorporated by reference in Plaintiffs' Complaint, and are properly considered on Google's motion to dismiss.

## DISCUSSION

"In general, websites and their contents may be judicially noticed." *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Courts within this District routinely take judicial notice of terms of services and policies, *Taiming Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (collecting cases), including Google's Terms of Service and Privacy Policy, *see, e.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016); *McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *2

(N.D. Cal. Feb. 2, 2021). Here, Google respectfully requests that this Court take judicial notice of just such documents: Google's Privacy Policy and Terms of Service.

Separately, under the incorporation-by-reference doctrine, "a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The doctrine extends to situations where a plaintiff's claim "depends on the contents of a document," even when "the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, the Complaint references and quotes from the July 1, 2023 version of Google's Privacy Policy. *See, e.g.*, Compl. ¶¶ 93 n.73, 233 & n.185 (citing https://policies.google.com/privacy); *see also id.* ¶¶ 5, 98, 142-43. The Complaint also presents a redline comparison between the July 1, 2023 and December 15, 2022 versions of Google's Privacy Policy, and alleges that Google introduced a significant change in July 2023. Compl. ¶¶ 98, 105, 142. Thus, the historical versions of Google's Privacy Policy should also be incorporated by reference. Additionally, the Complaint relies on Google's Terms of Service. *See* Compl. ¶ 211 & n.184 (citing https://policies.google.com/terms). For these reasons, the Privacy Policies and Terms of Service are properly considered incorporated in Plaintiffs' Complaint. *See, e.g.*, *McCoy*, 2021 WL 405816, at *2.

For these reasons, Google respectfully requests that the Court consider the above-referenced documents in connection with Google's Motion to Dismiss Plaintiffs' Complaint.

Dated: October 16, 2023

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*

David H. Kramer
dkramer@wsgr.com
Maura L. Rees
mrees@wsgr.com
Eric P. Tuttle
eric.tuttle@wsgr.com

*Counsel for Defendant*
Google LLC