1    DAVID H. KRAMER, SBN 168452
     Email: dkramer@wsgr.com
2    MAURA L. REES, SBN 191698
     Email: mrees@wsgr.com
3    WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
4    650 Page Mill Road
     Palo Alto, CA 94304-1050
5    Telephone:  (650) 493-9300

6    ERIC P. TUTTLE, SBN 248440
     Email: eric.tuttle@wsgr.com
7    WILSON SONSINI GOODRICH & ROSATI
     Professional Corporation
8    701 Fifth Avenue, Suite 5100
     Seattle, WA 98104-7036
9    Telephone:  (206) 883-2500

10   *Counsel for Defendant*
     GOOGLE LLC

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

16   JILL LEOVY, NICHOLAS GUILAK,          )   CASE NO.:  3:23-cv-03440-AMO
     CAROLINA BARCOS, PAUL MARTIN,         )
17   MARILYN COUSART, ALESSANDRO DE LA     )   **DEFENDANT GOOGLE LLC'S**
     TORRE, VLADISSLAV VASSILEV, JANE      )   **REQUEST FOR JUDICIAL NOTICE**
18   DASCALOS, and minor G.R., individually, and )  **AND CONSIDERATION OF**
     on behalf of all other similarly situated,  )   **MATERIALS INCORPORATED BY**
19                                          )   **REFERENCE IN SUPPORT OF**
                    Plaintiffs,            )   **MOTION TO DISMISS AMENDED**
20                                          )   **COMPLAINT**
            v.                             )
21                                          )   Judge:  Hon. Araceli Martínez-Olguín
     GOOGLE LLC,                           )
22                                          )
                    Defendant.             )
23                                          )
     _____ )

24

25

26

27

28

In considering Defendant Google LLC's ("Google") motion to dismiss, Google hereby requests that the Court take judicial notice of, and/or order incorporated by reference, the documents listed below:

1. Google Privacy Policy, July 1, 2023. This document can be found at https://policies.google.com/privacy/archive/20230701?hl=en-US. This document is highlighted and attached hereto as **Exhibit 1**.

2. Google Privacy Policy, December 15, 2022. This document can be found at https://policies.google.com/privacy/archive/20221215?hl=en-US. This document is highlighted and attached hereto as **Exhibit 2**.

3. Other versions of Google's Privacy Policy from May 25, 2018 to October 4, 2022. These documents can be found at https://policies.google.com/privacy/archive?hl=en-US.  For example, the May 25, 2018 Privacy Policy can be accessed through a link at that page, and can be found directly at https://policies.google.com/privacy/archive/20180525?hl=en-US.

4. Google Terms of Service. This document can be found at https://policies.google.com/terms?hl=en-US. This document is highlighted and attached hereto **Exhibit 3**.

5. Older versions of Google's Terms of Service.  These documents can be found at https://policies.google.com/terms/archive?hl=en-US.

6. Meta Privacy Policy. This document can be found at https://mbasic.facebook.com/privacy/policy/printable/. This document is highlighted and attached hereto as **Exhibit 4**.

7. LinkedIn User Agreement. This document can be found at https://www.linkedin.com/legal/user-agreement. This document is highlighted and attached hereto as **Exhibit 5**.

8. Yahoo Terms of Service. This document can be found at https://legal.yahoo.com/us/en/yahoo/terms/otos/index.html. This document is highlighted and attached hereto as **Exhibit 6**.

9.    The Dropbox Privacy Policy: frequently asked questions. This document can be found at https://help.dropbox.com/security/privacy-policy-faq. This document is highlighted and attached hereto as **Exhibit 7**.

10.   Reddit Privacy Policy. This document can be found at https://www.reddit.com/policies/privacy-policy. This document is highlighted and attached hereto as **Exhibit 8**.

11.   GitHub Privacy Statement. This document can be found at https://docs.github.com/en/site-policy/privacy-policies/github-privacy-statement. This document is highlighted and attached hereto as **Exhibit 9**.

12.   Spotify Privacy Policy. This document can be found at https://www.spotify.com/us/legal/privacy-policy/. This document is highlighted and attached hereto as **Exhibit 10**.

13.   California Senate Committee on the Judiciary, Analysis of AB 375 (June 25, 2018). This document can be found at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201720180 AB375#. This document is attached hereto as **Exhibit 11**.

As set forth below, all these documents are subject to judicial notice under Fed. R. Evid. 201, should properly be considered incorporated by reference in Plaintiffs' Amended Complaint, and are properly considered on Google's motion to dismiss.

## **DISCUSSION**

"In general, websites and their contents may be judicially noticed." *See Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Courts within this District routinely take judicial notice of terms of services and policies, *Taiming Zhang v. Twitter Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (collecting cases), including Google's Terms of Service and Privacy Policy, *see, e.g.*, *In re Google Assistant Privacy Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020); *Matera v. Google Inc.*, 2016 WL 5339806, at *7 (N.D. Cal. Sept. 23, 2016); *McCoy v. Alphabet, Inc.*, 2021 WL 405816, at *2 (N.D. Cal. Feb. 2, 2021). Here, Google respectfully requests that this Court take judicial notice of just such documents:

Google's Privacy Policy and Terms of Service, and similar documents from Meta, LinkedIn, Yahoo, Dropbox, Reddit, GitHub, and Spotify.  These documents are attached hereto as Exhibits 1 to 10.

A court may also take judicial notice of legislative committee reports. *See Anderson v. Holder*, 673 F.3d 1089, 1094 n.1 (9th Cir. 2012). Accordingly, Google requests that the Court judicially notice Exhibit 11 hereto

Separately, under the incorporation-by-reference doctrine, "a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The doctrine extends to situations where a plaintiff's claim "depends on the contents of a document," even when "the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

Here, the Amended Complaint expressly relies on Google's Terms of Service. *See* ECF No. 28 ("FAC") ¶ 415 & n.296 (citing https://policies.google.com/terms); *id.* ¶ 444. The Plaintiffs who used Google services allege that they accepted Google's Terms of Service, forming a contract. *See id.* ¶¶ 607-608 ("By accessing and accepting the terms of agreement of each website they used, Plaintiffs established contractual relationships with each and every website. … [¶] These websites include, but are not limited to, all the websites listed in this complaint and referenced in the accompanying Exhibit B."); *id.*, Ex. B (ECF No. 28-3) at 2 (listing "com.google"); *id.* ¶¶ 17, 23, 29, 33, 39, 44, 51, 56, 61, 67, 73, 83, 85, 93-95 (all but one Plaintiff use Google services).

Plaintiffs plead that Google's Terms of Service "expressly incorporate[]" Google's Privacy Policy.  FAC ¶ 444.  The Amended Complaint extensively references, quotes from, and relies upon Google's Privacy Policy. *See, e.g.*, FAC ¶¶ 148 n.74, 435 & n.297 (citing https://policies.google.com/privacy); *id.* ¶¶ 5, 201, 246-47. In particular, the Amended Complaint presents a redline comparison between the July 1, 2023 and December 15, 2022 versions of Google's Privacy Policy and alleges that Google introduced a significant change in July 2023. FAC ¶ 201; *id.* ¶¶ 5, 208, 246. Thus, both the current and historical versions of Google's Privacy Policy should be incorporated by reference. Plaintiffs also cite, reference, and rely upon the terms

of service and/or privacy policies of Meta, LinkedIn, Yahoo, Dropbox, Reddit, GitHub, and Spotify, *id.* ¶¶ 158-164, 301-304, 309-311 & nn.209-215.  Accordingly, Exhibits 1 to 10 should be deemed incorporated into Plaintiffs' Amended Complaint by reference.

For these reasons, Google respectfully requests that the Court consider the above-referenced documents in connection with Google's Motion to Dismiss Plaintiffs' Amended Complaint.

Respectfully submitted,

Dated: February 9, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
    David H. Kramer
    dkramer@wsgr.com
    Maura L. Rees
    mrees@wsgr.com
    Eric P. Tuttle
    eric.tuttle@wsgr.com

*Counsel for Defendant*
Google LLC