DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 3:23-cv-03440-AMO<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Araceli Martínez-Olguín |

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rules 3-12 and 7-11, Defendant Google LLC ("Google") submits this Administrative Motion to consider whether *Zhang, et al. v. Google LLC, et al.*, Case No. 5:24-cv-02531-EJD ("*Zhang*"), filed in this District on April 26, 2024, should be related to the above-captioned case, *Leovy, et al. v. Google LLC*, Case No. 3:23-cv-03440-AMO ("*Leovy*"), filed in this District on July 11, 2023. As explained below, both cases are putative class actions for copyright infringement arising from Google's generative AI technology, and the proposed class definition in the earlier-filed *Leovy* case encompasses the proposed class definition in *Zhang*.[1]

## BACKGROUND

**The *Leovy* Action.** The original complaint in *Leovy* was filed against Alphabet Inc., Google LLC, and Google DeepMind on July 11, 2023. *See* ECF No. 1 ("*Leovy* Complaint").[2] Plaintiffs alleged that Google trained its generative AI models and products on copyrighted materials and thereby engaged in direct and vicarious copyright infringement, along with other torts. The *Leovy* Complaint expressly defined the Google "Products" at issue to include, among other things, "Imagen," a "text-to-image generative AI" that allegedly "was trained on the LAION-400M dataset"; and "Gemini," a "multimodal machine-learning model" allegedly trained on images and other data. *Id.* ¶¶ 63, 67, 70. It also alleged that Google "used LAION-5B training data, which integrates Plaintiff J.L.'s photograph, and depiction of the copyrighted book," *Id.* ¶ 455. For the copyright claims, Plaintiffs purported to represent a class that includes "[a]ll persons in the United States who own a United States copyright in any work that was used as training data for Defendant's Products." *Id.* ¶ 195(b).

After Google moved to dismiss on October 16, 2023, Plaintiffs informed Google of their intent to file an amended complaint in lieu of responding to the motion to dismiss. The amended complaint, filed on January 5, 2024, continues to assert the direct copyright infringement claim

---

[1] Google does not believe either case can proceed as a class action and intends to oppose class certification.

[2] On October 16, 2023, Plaintiffs dismissed their claims against Alphabet Inc. and Google DeepMind without prejudice. *See* ECF No. 13.

ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED -1- CASE NO.: 3:23-CV-03440-AMO

1  against Google, continues to include Imagen and Gemini among the "Products" at issue, and
2  keeps the same copyright class definition. *See* ECF No. 28 ("*Leovy* Amended Complaint")
3  ¶¶ 110, 114, 117-118, 398(b). Google filed a motion to dismiss the Leovy Amended Complaint
4  on February 9, 2024, and the hearing before this Court for that motion is currently scheduled for
5  September 5, 2024. *See* ECF Nos. 33, 40. The Initial Case Management Conference in *Leovy* is
6  currently set for October 3, 2024. *See* ECF No. 40.

7  **The *Zhang* Action.** On April 26, 2024, Plaintiffs Jingna Zhang, Sarah Andersen, Hope
8  Larson, and Jessica Fink filed a complaint against Google and Alphabet, Inc., alleging that
9  "Imagen," Google's "text-to-image diffusion model," and "Gemini," Google's "multimodal"
10 model, were trained on the "LAION-400M dataset" and that this dataset includes copyrighted
11 images owned by Plaintiffs. *See* Declaration of Maura L. Rees ("Rees Decl."), Exhibit A
12 ("*Zhang* Complaint") ¶¶ 2, 5-6, 15-16, 22-33, 53. The complaint asserts claims for direct and
13 vicarious copyright infringement, and defines the proposed class as "[a]ll persons or entities
14 domiciled in the United States that own a United States copyright in any work that Google used
15 as a training image for the Google–LAION Models during the Class Period," with the "Google–
16 LAION Models" defined as "Imagen and other models that Google trained on LAION-400M."
17 *Id.* ¶¶ 53, 63. The *Zhang* case is currently assigned to Hon. Edward J. Davila, with defendants'
18 response to the complaint currently due June 20, 2024 and the Initial Case Management
19 Conference currently set for August 22, 2024. *See Zhang*, ECF Nos. 8, 15.

20 **Meet and Confer.** Google met and conferred on the issue of relatedness with counsel for
21 plaintiffs in *Zhang* from May 16 to May 20, and with counsel for plaintiffs in this case from May
22 17 to May 30. Rees Decl. ¶¶ 3-4. Counsel for Plaintiffs in *Zhang* confirmed that they were
23 opposed to relating the cases on May 20. *Id.* ¶ 3. Plaintiffs' counsel in this case did not take a
24 position on relating the cases during the parties' initial phone call, and finally informed Google
25 that they were opposed for the first time yesterday. *Id.* ¶ 4.

26 **ARGUMENT**

27 Under Civil L.R. 3-12, an action is related to another when: (1) "[t]he actions concern
28 substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that

1   there will be an unduly burdensome duplication of labor and expense or conflicting results if the
2   cases are conducted before different Judges." Both elements are met here.

3      The actions concern substantially the same parties, property, transaction, or event. *Leovy*
4   and *Zhang* assert core claims of copyright infringement against the same defendant, Google, and
5   the basis for both claims are Google's alleged use of copyrighted content, supposedly from the
6   same dataset, to train its generative AI models, including Imagen and Gemini. *Compare* ECF No.
7   28, *Leovy* Amended Complaint, ¶¶ 114, 117-118, 634-646 *with* Ex. A, *Zhang* Complaint, ¶¶ 2,
8   22, 51-56. The *Leovy* plaintiffs' proposed class definition, "[a]ll persons in the United States who
9   own a United States copyright in any work that was used as training data for Defendant's
10  Products" (ECF No. 28, *Leovy* Amended Complaint ¶ 195(b)), wholly encompasses the *Zhang*
11  plaintiffs' proposed class definition, "[a]ll persons or entities domiciled in the United States that
12  own a United States copyright in any work that Google used as a training image for the Google–
13  LAION Models during the Class Period" (Ex. A, *Zhang* Complaint ¶ 63). *See also* ECF No. 28,
14  *Leovy* Amended Complaint ¶¶ 110-120 (defining Defendant's "Products" as "Defendant's AI
15  products, including" "Imagen" and "Gemini"); Ex. A ¶ 53 (defining "Google–LAION Models"
16  for the *Zhang* Complaint as "Imagen and other models that Google trained on LAION-400M,"
17  including (allegedly) "Gemini").

18     Google's anticipated defenses, including but not limited to fair use, will significantly
19  overlap between the two cases. That amply justifies relating the cases. Indeed, in a similar
20  setting, Plaintiffs' attorneys in *Zhang* successfully argued to relate later-filed generative AI cases
21  to earlier-filed cases they were handling against the same defendant: "Both complaints focus on
22  the same actions by Defendants, such as the creation, training, operation, and distribution of
23  [generative AI models]." *Nazemian v. NVIDIA Corp.*, No. 4:24-cv-01454, ECF No. 37, at 2
24  (N.D. Cal. May 23, 2024) (motion granted in ECF No. 47); *see also O'Nan v. Databricks, Inc.*,
25  No. 3:24-cv-01451, ECF No. 40, at 2 (N.D. Cal. May 8, 2024) (motion granted in ECF No. 45);
26  *In re OpenAI ChatGPT Litig.*, No. 3:23-cv-03223, ECF No. 46, at 2 (N.D. Cal. Sept. 20, 2023)
27  (motion granted in ECF No. 53). The same is clearly true here. Any differences are minor given
28  the commonality of the facts asserted, the claims alleged and the overlapping classes.

Despite recognizing the importance of relating cases when they were counsel in a first-filed generative AI action, counsel in *Zhang* opposes relation of their later-filed case here. They claim that *Leovy* and *Zhang* concern different models and different "theories of harm involv[ing] different materials and different law." Rees Decl. ¶ 3. Counsel for *Leovy* has said the same. *Id.* ¶ 4. But plaintiffs' counsel are ignoring what they have themselves pleaded. The Amended Complaint in *Leovy* makes multiple explicit mentions to Imagen, Gemini, and the LAION datasets—the same models and materials at issue in *Zhang*. *See Leovy* Amended Complaint ¶¶ 114, 117-120. The two cases involve identical questions of copyright law, and a proposed class in *Zhang* that is a subset of the proposed class in *Leovy*.

Given the extensive overlap in the cases' copyright infringement claims, and the purported classes on behalf of which those claims are asserted, the presence of other, non-copyright claims in *Leovy* does not matter. *See* Civ. L.R. 3-12(1); *see also In re Facebook Privacy Litig.*, No. C 10-02389-JW, 2010 WL 5387616, at *1 (N.D. Cal. Dec. 21, 2010) (relating and consolidating cases when claims do not fully overlap); *id.*, ECF No. 66-3 (chart showing that the multiple cases ordered consolidated raise a variety of different causes of action). That is especially so given that, as Google's pending motion argues (ECF No. 33) and has been held in numerous other cases involving the training of generative AI models, the non-copyright claims in *Leovy* should be dismissed. *See, e.g.*, *In re OpenAI ChatGPT Litig.*, 2024 WL 557720 at *5-7 (N.D. Cal. Feb. 12, 2024) (Martínez-Olguín, J.); *Kadrey v. Meta Platforms, Inc.*, 2023 WL 8039640, at *2 (N.D. Cal. Nov. 20, 2023); *Doe 1 v. GitHub, Inc.*, 2024 WL 235217, at *5-8 (N.D. Cal. Jan. 22, 2024); *Cousart v. OpenAI LP*, 2024 U.S. Dist. LEXIS 93571, at *2-4 (N.D. Cal. May 23. 2024). In short, the two actions "concern substantially the same parties, property, transaction, or event."

There will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. Having these two cases proceed separately would result in unduly burdensome duplication of effort by the parties and the Court. "Significant economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology [] and the transactions at issue." *Pepper v. Apple Inc.*,

1  2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019). Discovery, which has not started in either
2  case, will involve the search for and production of many of the same documents; many of the
3  same defense witnesses may be deposed; and many of the same disputes may arise. There will
4  also be redundancies in class certification and dispositive motion practice. Relating the cases will
5  undoubtedly reduce the burdens for Google and the Court of duplicating these processes. It
6  should also eliminate the risk of inconsistent results in two actions where the named plaintiffs
7  claim to be representing many of the same putative class members on the same claims against the
8  same Google functionality.
9      For the foregoing reasons, Google respectfully requests that the Court consider whether
10 the above-referenced actions should be related.

Dated:  May 31, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
       David H. Kramer

*Counsel for Defendant* GOOGLE LLC