| | |
|---|---|
| 1 | Joseph R. Saveri (State Bar No. 130064) |
| 2 | **JOSEPH SAVERI LAW FIRM, LLP** |
|   | 601 California Street, Suite 1505 |
| 3 | San Francisco, CA 94108 |
|   | Telephone: (415) 500-6800 |
| 4 | Facsimile: (415) 395-9940 |
| 5 | Email:      jsaveri@saverilawfirm.com |
| 6 | Matthew Butterick (State Bar No. 250953) |
| 7 | 1920 Hillhurst Avenue, #406 |
|   | Los Angeles, CA 90027 |
| 8 | Telephone: (323) 968-2632 |
|   | Facsimile: (415) 395-9940 |
| 9 | Email:      mb@butterick015law.com |

Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
Email:      jsaveri@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:      mb@buttericklaw.com

Laura M. Matson *(pro hac vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
Email:      lmmatson@locklaw.com

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated, | Case No. 3:23-cv-3440-AMO |
| *Plaintiffs*, | ***ZHANG* PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| v. | |
| Google LLC, | |
| *Defendant*. | |

Non-Parties Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink—plaintiffs in the action captioned *Zhang, et al. v. Google LLC, et al.*, Case No. 5:24-cv-02531-EJD (N.D. Cal.), filed in this District on April 26, 2024 (the "*Zhang* Action")—respectfully submit this Opposition to Defendant Google LLC's ("Google") Administrative Motion to Consider Whether Cases Should Be Related (ECF No. 42), which seeks to relate the *Zhang* Action to the above-captioned case, *Leovy, et al. v. Google LLC*, Case No. 3:23cv-03440-AMO (the "*Leovy* Action"), filed in this District on July 11, 2023. As explained below, the two cases *do not* concern substantially the same parties, property, transaction, or events, and it is *unlikely* that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases proceed before different judges.

## I.     BACKGROUND

### A.  The *Leovy* Action

Plaintiffs in the *Leovy* Action filed a putative class action against Google on July 11, 2023, on behalf of persons in the United States who allegedly own copyrights in works that were used as training data for Google "Products." ECF No. 28 ¶ 398(b). The "Products" at issue include: (1) Google Imagen, a text-to-image AI model trained on a vast dataset of images paired with textual descriptions; (2) Google Gemini, a multimodal AI model trained on vast datasets of text, images, audio recordings, and videos; (3) Google Bard, an AI large language model or "chatbot" trained on a vast dataset of text; (4) Google MusicLM, a text-to-music AI model trained on a vast dataset of music pieces; and (5) Google Duet AI, an AI productivity tool trained on datasets from Google Cloud for tasks such as application operations, data analysis and visualization, database management, and cybersecurity. The *Leovy* plaintiffs assert claims for (1) unfair competition, (2) negligence, (3) computer fraud, (4) invasion of privacy, (5) intrusion upon seclusion, (6) larceny, (7) conversion, (8) trespass, (9) intentional interference with contract, (10) breach of contract, (11) unjust enrichment, and (12) direct copyright infringement. Briefing on the motion to dismiss concluded on April 4, 2024, and the case management conference is set for October 3, 2024. *Id.* ¶¶ 111-120.

### B.  The *Zhang* Action

Plaintiffs in the *Zhang* Action filed a putative class action against Google and Alphabet Inc.

on April 26, 2024, on behalf of visual artists who own copyrights in certain images that Google has admitted to copying without authorization to train Google Imagen and, on information and belief, Google Gemini. The *Zhang* plaintiffs assert claims for (1) direct copyright infringement (17 U.S.C. § 501), and (2) vicarious copyright infringement. Defendants' response to the complaint is due on or before June 20, 2024, and the case management conference is set for August 22, 2024.

## II.     ARGUMENT

Under Civil L.R. 3-12, an action is related to another when: (1) "[t]he actions concern substantially the same parties, property, transaction, or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither requirement is met here.

### A.  The *Zhang* and *Leovy* Actions Are Not Substantially the Same

The *Zhang* and *Leovy* Actions do not concern substantially the same parties, property, transaction, or events. First, the two actions have only one party in common: Google. Alphabet Inc., a defendant in the *Zhang* Action, is not a party in *Leovy*. Additionally, none of the thirteen plaintiffs in *Zhang* and *Leovy* are plaintiffs in both actions. Moreover, the named plaintiffs in the *Zhang* action are entirely visual artists, while the named plaintiffs in *Leovy* include Leovy, an author and investigative journalist, and plaintiffs who used Google Bard and other Google products on their personal computers—none of whom are visual artists and none of whom appear to have any copyright registrations in images (*see* ECF No. 28 ¶¶ 13-98). *See, e.g.*, *Tecson v. Lyft, Inc.*, No. 18-CV-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) (denying motion to relate where the putative class members had a different relationship with Lyft in each case); *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (denying motion to relate cases even though both cases involve ERISA claims and the same defendant). And the possibility that the proposed copyright class in *Leovy*, if certified, might encompass the proposed class in *Zhang* is a premature and irrelevant consideration at this stage—neither case has reached class certification, so for purposes of the instant analysis, each plaintiff is proceeding individually in his or her respective case. The possibility of some overlap between class members is also irrelevant. *See, e.g.*, *Ortiz v. CVS Caremark Corp.*, No. C-

12-05859(EDL), 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold").

Second, the property at issue in each case is different. The *Zhang* plaintiffs are suing to enforce their copyrights in singular pieces of visual art. The *Leovy* plaintiffs, on the other hand, seek to protect a much wider selection of works—e.g., headshots and voice reels (ECF No. 28 ¶ 21), teaching materials (*id.* ¶ 30), social media posts (*id.* ¶ 41), YouTube videos (*id.* ¶ 54), Spotify music playlists (*id.* ¶ 64), information exchanged through Gmail (*id.* ¶ 76), "private information" (*id.* ¶ 90), and Google search activity (*id.* ¶ 94). Thus, although in both actions Google allegedly copied "property" from the internet, the individual works at issue in each action are wholly distinctive in nature and substance and are not "substantially the same."

Third, there is no allegation that the "transactions" or "events" at issue in the *Zhang* Action are the same as those at issue in *Leovy*. A cursory review of the two complaints reveals the substantial differences between the two actions. The *Zhang* Action centers on the alleged copying of images that appear in the LAION-400M dataset—a collection of approximately 400 million images with accompanying textual descriptions—to train Google Imagen and Google Gemini, whereas the *Leovy* Action focuses on Google Bard and large language models. Indeed, *Leovy* barely touches on images, mentioning Google Imagen and the LAION dataset in just one paragraph (*see* ECF No. 28 ¶ 114), and Google Gemini in just four paragraphs (*id.* ¶¶ 117-20). While plaintiffs in both actions allege that Google used the LAION-400M dataset to train Google Imagen and Google Gemini, the specific transactions or events where Google copied plaintiffs' copyrighted works are unlikely to overlap. Moreover, in addition to images, the *Leovy* Action concerns text, audio recordings, and video. However Google obtained such data, it did not obtain it from the LAION-400M dataset of image-text pairs. The transactions and events underlying the alleged infringements in each case are therefore necessarily different.

Finally, other indicia of similarity reveal how *unrelated* the two actions really are. For example, the claims asserted in the two actions are almost entirely dissimilar. The *Zhang* Action involves two federal copyright claims. *Leovy*, by contrast, involves eleven state law claims and

one federal copyright claim, meaning the two actions share just a single claim. Likewise, Google's defenses in the two actions will not be identical. There are a whole slate of defenses Google can raise in response to the *Leovy* plaintiffs' state law claims that are irrelevant to the federal copyright claims in *Zhang*. And even to the extent Google raises an affirmative defense like fair use in both actions, the underlying facts will necessarily be different in each action, especially given the differences in nature and substance of the respective works at issue. *See Los Angeles News Serv. v. CBS Broadcasting, Inc.*, 305 F.3d 924, 937 (9th Cir. 2022) ("Fair use requires individualized weighing of the equities of a given use of a given work."). In short, the two actions *do not* concern substantially the same parties, property, transaction, or events.

### B.  No Undue Burden Will Result From the Actions Proceeding Separately

From the *Zhang* plaintiffs' perspective, having these cases proceed together would increase the burden of litigation, waste an enormous amount of attorney time, delay resolution of the dispute, and muddy the issues for the court. The *Zhang* Action is narrowly focused on copyright infringement, whereas the *Leovy* Action invokes a dozen theories of relief. The *Zhang* Action's two claims will require minimal discovery, relative to what the *Leovy* Action will need for its twelve claims. And although there may be issues of law and fact that are similar in both cases, because visual images are fundamentally different from other data modalities, legal and factual issues specific to text-to-image AI models will dominate the *Zhang* Action. Because of the breadth of claims and AI platforms at issue in the *Leovy* Action, those same issues will be much less significant there. There are therefore no efficiency gains that would justify relating the two cases. Instead, as each case is at a different procedural stage, it would complicate the proceedings in both actions, leading to unnecessary delays. Separate adjudication would allow each case to be handled more effectively and efficiently.

### C.  The First-to-File Rule Does Not Apply

When two actions involving the same parties and issues are pending concurrently, courts in the Ninth Circuit follow the "first-to-file" rule whereby the court that first has possession of the action decides it. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule focuses generally on so-called "mirror-image" cases, where two identical

1  cases, involving the same parties and underlying claims, are proceeding in different courts. *See*

2  *Acclarent, Inc. v. Quest Med., Inc.*, No. C 06-00844 JF, 2006 WL 2982301, at *3 (N.D. Cal. Oct.

3  17, 2006) ("When there are two mirror-image actions pending in different district[ courts], the

4  'first to file' rule may be invoked to give the first filed action priority.").

5        Although the "first-to-file" rule creates a general presumption that a first-filed suit has

6  priority, that presumption is not applied in a rigid or mechanical way. *See NBC Studios, LLC v.*

7  *Dish Network Corp.*, No. CV 12-04536 DMG (SHx), 2012 WL 12886834, at *3 (C.D. Cal. Nov.

8  8, 2012) ("[T]he first-to-file rule is 'not a rigid or inflexible rule to be mechanically applied, but

9  rather is to be applied with a view to the dictates of sound judicial administration.'" (citation

10  omitted)). Rather, because the complex problems that can arise from multiple federal filings do not

11  lend themselves to a rigid test, the district court is instead required to consider the equities of the

12  situation when exercising its discretion. *See Alvarez v. YRC Inc.*, No. CV 12-01374-BRO (Ex),

13  2016 WL 11751961, at *6 n.11 (C.D. Cal. Apr. 24, 2017) ("The Court need not decide whether the

14  first-to-file rule applies in this case as, even assuming it applies, the Court determines that equities

15  weigh in favor of not applying it here.").

16        Here, the first-to-file rule does not apply because, as noted above, (1) the parties, property,

17  transactions, and events are different, and (2) the *Zhang* and *Leovy* plaintiffs advance different

18  claims that will turn on different legal issues and involve different defenses. *See Basbanes, et al.*

19  *v. Microsoft Corp., et al.*, No. 1:24-cv-00084 (S.D.N.Y.), Dkt. 46 (declining to apply first-to-file

20  rule to cases involving Open AI's ChatGPT product). Considerations of equity and efficiency also

21  weigh sharply against relating the two actions. Compared to the *Leovy* Action, the *Zhang* Action

22  is streamlined, targeted, and, therefore, much more likely to resolve quickly. Indeed, despite a nine-

23  month head start, the *Leovy* Action is currently lagging behind the *Zhang* action. As matters stand,

24  the *Zhang* plaintiffs will have their case management conference nearly three months before the

25  *Leovy* plaintiffs. Relating the two actions would mean slowing the *Zhang* Action to a crawl for no

26  real benefit, a severely unfair outcome for the *Zhang* plaintiffs.

27    **III.**    **CONCLUSION**

28        For the reasons set forth above, the Court should deny Google's motion.

| | |
|---|---|
| Dated: June 4, 2024 | By:     /s/ *Joseph R. Saveri* <br>         Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar. No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:              jsaveri@saverilawfirm.com
                         cyoung@saverilawfirm.com
                         eabuchanan@saverilawfirm.com
                         ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:              mb@buttericklaw.com

Brian D. Clark (*pro hac vice* forthcoming)
Laura M. Matson (*pro hac vice* forthcoming)
Arielle S. Wagner (*pro hac vice* forthcoming)
Eura Chang (*pro hac vice* forthcoming)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612) 339-6900
Facsimile:      (612) 339-0981
Email:              bdclark@locklaw.com
                         lmmatson@locklaw.com
                         aswagner@locklaw.com
                         echang@locklaw.com