**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (CA SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (CA SBN 306499)
*yhart@clarksonlawfirm.com*
Tiara Avaness (CA SBN 343928)
*tavaness@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**CLARKSON LAW FIRM, P.C.**
Tracey Cowan (CA SBN 250053)
*tcowan@clarksonlawfirm.com*
95 3rd St., 2nd Floor
San Francisco, CA 94103
Tel: (213) 788-4050

*Counsel for Plaintiffs and the Proposed Classes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK; CAROLINA BARCOS; PAUL MARTIN; MARILYN COUSART; ALESSANDRO DE LA TORRE; VLADISSLAV VASSILEV; JANE DASCALOS, and minor G.R., individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 3:23-cv-3440-AMO<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Hon. Araceli Martínez-Olguín |

## I. INTRODUCTION

Plaintiffs Jill Leovy, Nicholas Guilak, Carolina Barcos, Paul Martin, Marilyn Cousart, Alessandro De La Torre, Vladisslav Vassilev, Jane Dascalos, and minor G.R. ("**Plaintiffs**") oppose Defendant Google LLC's ("**Defendant**") Administrative Motion for Relief to Consider Whether Cases Should be Related ("Motion"). ECF No. 42. *Leovy, et al. v. Google LLC,* Case No. 3:23 cv-03440-AMO ("*Leovy*") and *Zhang, et al. v. Google LLC*, et al., Case No. 5:24-cv-02531-EJD ("*Zhang*") do not sufficiently meet the substantially similarity threshold to warrant relation. Filed nearly one year after *Leovy,* the *Zhang* action narrowly concerns copyrighted images that belonged to visual artist plaintiffs and were fed into a single dataset, alleging only two (direct and vicarious) copyright claims. Comparatively, the *Leovy* action Plaintiffs bring twelve causes of action, including privacy and property claims, California statutory violations, contract claims, and negligence, none of which are at issue in *Zhang*, in addition to a direct copyright infringement claim concerning content used to train Google's AI many products. The adjudication of *Zhang* will not affect Plaintiffs' ability to proceed with these several legally and factually distinct claims. Further, some discovery overlap that might exist between our client's claims and *Zhang's* claims, does not constitute an unduly burdensome duplication of labor or expense. Plaintiffs have already agreed to coordinate discovery to avoid duplicative efforts, without the need for a court order formally relating the matters, and thus an order of relation is moot.

## II. ARGUMENT

Under Local Rule 3-12(a), an action is related to another when: (1) the actions concern substantially the same parties, property, transaction, or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Here, the actions do not concern substantially the same property, transaction, or event sufficient to warrant relation; and to the extent limited discovery might overlap at some point, it will not result in unduly burdensome duplication of labor or expense since Plaintiffs agreed to coordinate discovery to avoid duplicative efforts.

///

### A. *Leovy* and *Zhang* Are Not Sufficiently Substantially Similar to Warrant Relation.

As Google points out, *Zhang* focuses on the LAION-400M dataset used to train Imagen. Motion at 2. In contrast, *Leovy*'s Products definition includes Bard (built off the LaMDA LLM dataset), Imagen, MusicLM, Duet AI (powered by PaLM 2 dataset), and Gemini. ECF No. 28, ¶¶ 110-118. Thus, only one legal claim, and one dataset overlap between these cases. That is all. The overlapping claim does not sufficiently meet the substantial similarity threshold. *See e.g., Nozolino v. Hartford Life & Accident Ins. Co.*, No. 12-CV-04314-JST, 2013 U.S. Dist. LEXIS 80548, at *3-4 (N.D. Cal. June 6, 2013) (denying motion to relate cases even though both cases involve ERISA claims and the same defendant); *Univ. of California v. Eli Lilly & Co.*, No. C-90-0373-DLJ (JSB), 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (denying motion to relate cases even though both cases involve the same plaintiff and defendant, the same basic recombinant DNA technology, and many of the same researchers). The class definitions also differ insofar as *Zhang* is specific to copyrighted images used for the Google LAION models only and *Leovy* copyright class invokes all copyrighted works used as training data for all Defendant products (in addition to a separate internet-user class and minor user class). *Compare* ECF No. 42-2, ¶ 63, *with* ECF No. 28, ¶ 398; *cf. In re Facebook Privacy Litig.*, No. C 10-02389, 2010 U.S. Dist. LEXIS 153794, *3 (N.D. Cal. Dec. 21, 2010) (finding parties substantially similar because the overlapping classes were both defined as all Facebook users in the United States who clicked on a third-party advertisement on Facebook.com) (cleaned up).[1] Some potential overlap with respect to a single class is also not enough to relate these cases. *See Ortiz v. CVS Caremark Corp.*, No. C-12-05859(EDL), 2013 U.S. Dist. LEXIS 197438, at *5 (N.D. Cal. Oct. 11, 2013) ("the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold").

Google's reliance on a series of unopposed motions to consider whether cases should be related is unavailing. The cases at issue here are not substantially similar in the way they were in *Nazemian*, *O'Nan*, or *In re OpenAI ChatGPT Litig.*, which all concerned *the same* causes of action and *the same*

---

[1] *Compare* Class Action Complaint, CV 10-05301-BZ, ECF No. 1 *with* Consolidated Class Action Complaint, CV 10-02389-JW, ECF No. 36.

large language model ("LLM") (trained by the same dataset) or AI product. *Nazemian v. NVIDIA Corp.,* No. 4:24-cv-01454, ECF No. 37, at 2 (N.D. Cal. May 23, 2024) (motion granted in ECF No. 47) (relating cases where both allege the same causes of action, on behalf of the same putative class, and "both complaints focus on the same actions by [d]efendants, such as the creation, training, operation, and distribution of [LLM] NeMo Megatron.") (emphasis added); *In re OpenAI ChatGPT Litig.*, No. 3:23-cv-03223, ECF No. 46, at 2 (N.D. Cal. Sept. 20, 2023) (motion granted in ECF No. 53) (same regarding [AI product] ChatGPT); *O'Nan v. Databricks, Inc.*, No. 3:24-cv-01451, ECF No. 40, at 2 (N.D. Cal. May 8, 2024) (motion granted in ECF No. 45) ("both complaints focus on the same actions by [d]efendants, such as the creation, training, operation, and distribution of [LLM] MosiacML.") (emphasis added). The same cannot be said here, where causes of actions in *Leovy* and *Zhang* differ substantially, and both cases do not focus singularly on LAION-400M and/or Imagen. Rather, *Leovy* involves a significant number of different datasets and different products. *See Univ. of California v. Eli Lilly & Co.*, 1991 WL 332056, at *10 (". . . common elements are not sufficient to relate the two actions. Although there are common elements, there are also important differences: the actions involve two different patents and two different products. . .").

To get around these substantial differences, Google argues that all of the 11 non-copyright, distinct legal claims involving over 7 distinct technologies or products in *Leovy* "should" be dismissed. But the cases must be reviewed as they currently stand, not based on some hypothetical, what-if point in the future. To rule otherwise would introduce an analysis not supported by Local Rule 3-12 or the supporting caselaw.

**B. Any Potential Duplication of Labor or Expense Will Not Be Unduly Burdensome, and the Risk of Conflicting Results is Remote.**

A remote possibility of inconsistent results is not sufficient to warrant relation where one case presents broader claims, and the other presents narrow claims that would not affect the former. *See Ortiz*, 2013 U.S. Dist. LEXIS 197438, at *6 ("Although there is a remote possibility of inconsistent results, the *Ortiz* claims are much narrower than the *Howard* claims, and an adjudication on the [narrower] claims would not affect the *Howard* plaintiffs' ability to proceed with their other []

claims."). Here, nothing in the adjudication of *Zhang* will hinder the *Leovy* Plaintiffs from proceeding with their broader claims.

Moreover, the type of data harvested and used to train text-based datasets differ from the data used to train image-based datasets, so any overlap would not be substantial, let alone likely to lead to an unduly burdensome duplication of efforts. *See also Ortiz*, 2013 U.S. Dist. LEXIS 197438, at *5-6 (finding that the *Howard* plaintiffs providing declarations in support of the *Ortiz* class certification motion and coordinated depositions of two of the *Howard* plaintiffs with counsel for the *Ortiz* plaintiffs to be a "minor overlap [] not significant enough to show a likelihood of 'unduly burdensome duplication of labor.'") However, to the extent discovery does end up overlapping in some limited context, Plaintiffs are ready and willing to facilitate coordinated efforts to avoid duplication of labor and/or expenses.

For all of these reasons, the *Leovy* and *Zhang* matters should not be related, and should be permitted to proceed separately.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Administrative Motion for Relief to Relate the Cases should be denied.

Dated: June 4, 2024                                          Respectfully submitted,

**CLARKSON LAW FIRM, P.C.**

By:  */s/ Yana Hart*
Ryan J. Clarkson, Esq.
Yana Hart, Esq.
Tracey Cowan, esq.
Tiara Avaness, Esq.

*Counsel for Plaintiffs and
the Proposed Classes*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document(s) with the Clerk of the Court for the United States District Court, Northern District of CA, by using the Court's CM/ECF system on June 4, 2024.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the Court's CM/ECF system.

                                          */s/ Yana Hart*
                                          Yana Hart