DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 3:23-cv-03440-AMO<br><br>**RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Araceli Martínez-Olguín |

**PLEASE TAKE NOTICE** that, pursuant to Civil Local Rules 3-12 and 7-11, Defendant Google LLC ("Google") submits this Administrative Motion to consider whether *Zhang, et al. v. Google LLC, et al.*, Case No. 5:24-cv-02531-EJD, filed in this District on April 26, 2024, should be related to the above-captioned case, *Leovy v. Google LLC*, Case No. 3:23-cv-03440-AMO, filed in this District on July 11, 2023. As explained below, the two putative class actions are now both squarely focused on claims of copyright infringement against Google for training its AI models, and the proposed class definition in the earlier-filed *Leovy* case entirely encompasses the proposed class definition in *Zhang*. Google and the Plaintiff in *Leovy* **agree** the cases are related. Plaintiffs in the later-filed *Zhang* case do not.

## BACKGROUND

**The *Leovy* Action.** The original complaint in *Leovy* was filed against Alphabet Inc., Google LLC, and Google DeepMind on July 11, 2023. *See* ECF No. 1 ("*Leovy* Complaint"). Plaintiffs alleged that Google trained its generative AI models on copyrighted materials and thereby engaged in direct and vicarious copyright infringement, along with other torts. The *Leovy* Complaint defined the Google "Products" at issue to include, among other things, "Imagen," a "text-to-image generative AI" that allegedly "was trained on the LAION-400M dataset"; and "Gemini," a "multimodal machine-learning model" allegedly trained on images and other data. *Id.* ¶¶ 63, 67, 70. It also alleged that Google "used LAION-5B training data, which integrates Plaintiff J.L.'s photograph, and depiction of the copyrighted book," *Id.* ¶ 355. Plaintiffs purported to represent a class that includes "[a]ll persons in the United States who own a United States copyright in any work that was used as training data for Defendant's Products." *Id.* ¶ 195(b). Plaintiffs filed an amended complaint on January 5, 2024, maintaining the direct copyright infringement claim, the references to Imagen and Gemini among the "Products" at issue, and the same proposed class definition. *See* ECF No. 28 ("*Leovy* FAC") ¶¶ 110, 114, 117-118, 398(b). This Court granted Google's motion to dismiss the *Leovy* Amended Complaint on June 6, 2024, with leave to amend. *See* ECF No. 46.

On June 27, 2024, Plaintiff Jill Leovy filed a second amended complaint asserting a single claim for direct copyright infringement based on Google's training of generative AI

1 models. All other claims and plaintiffs were dropped. Leovy still purports to represent the same
2 putative class of "[a]ll persons in the United States who own a United States copyright in any
3 work that was used as training data for Defendant's Products." ECF No. 47 ("*Leovy* SAC") ¶ 90.
4 The *Leovy* SAC no longer defines or limits the Google "Products" at issue, but does allege that
5 they include (but are not limited to) "Gemini." *See, e.g.*, *id.* ¶ 116 ("Defendant made copies and
6 engaged in an unauthorized use of Plaintiff Leovy and Class Members' work for training and
7 development of Gemini (as well as other AI Products)."). The *Leovy* SAC continues to allege
8 infringement of copyrighted images as well as text. It explains that "Gemini is able to respond to
9 users not only with text-based answers, but also via ***image-based*** answers." *Id.* ¶ 23 (emphasis
10 added). And it alleges that "Defendant's blatant copying and unlawful appropriation of
11 copyrighted works of others – ***images***, books, song, etc. – infringed on Class Members'
12 exclusive rights." *Id.* ¶ 109 (emphasis added); *see also id.* ¶ 2 ("Google secretly harvested a
13 massive quantity of pirated and copyrighted works, including a trove of books, articles, ***images,***
14 ***photographs***, and millions of other protected works." (emphasis added)), *id.* ¶¶ 83-84
15 ("Defendant's unauthorized theft, reproduction, and use" of "text, ***images***, music, video content,
16 and other forms of creative expression" all "constitutes infringement" (emphasis added)).

17 **The *Zhang* Action.** On April 26, 2024, four plaintiffs sued Google and its parent
18 Alphabet Inc., for copyright infringement, alleging that "Imagen" and "Gemini" were trained on
19 the "LAION-400M dataset" and that this dataset includes copyrighted images owned by
20 Plaintiffs. *See* Declaration of Eric P. Tuttle ("Tuttle Decl."), Exhibit A ("*Zhang* Complaint") ¶¶
21 2, 5-6, 15-16, 22-33, 53. The *Zhang* plaintiffs purport to represent a class of "[a]ll persons or
22 entities domiciled in the United States that own a United States copyright in any work that
23 Google used as a training image for the Google–LAION Models during the Class Period," with
24 the "Google–LAION Models" defined as "Imagen and other models that Google trained on
25 LAION-400M." *Id.* ¶¶ 53, 63. The *Zhang* case has been assigned to Hon. Edward J. Davila.
26 *Zhang*, ECF No. 6. Google moved to dismiss the *Zhang* Complaint on June 20, 2024, and a

27
28

1  hearing is currently set for October 17, 2024. *Zhang*, ECF No. 24.[1] Like *Leovy*, there has been no

2  discovery in *Zhang*, and neither case has had its initial case management conference.

3  **Prior Administrative Motion.** After *Zhang* was filed, and with its motion to dismiss in

4  *Leovy* pending, Google moved to relate *Leovy* and *Zhang*. *See* ECF No. 42. At the time, in

5  addition to the copyright claim by Leovy and associated copyright class, the *Leovy* FAC included

6  11 common-law and statutory claims on behalf of nine plaintiffs and additional proposed classes.

7  *See* FAC ¶ 398. In opposing relation, the plaintiffs in *Leovy* and *Zhang* both emphasized that the

8  *Leovy* case involved these additional claims, and not just the copyright claim they shared. *See*

9  ECF No. 44 at 2-4; ECF No. 45 at 2-3. When this Court granted Defendants' motion to dismiss

10 the *Leovy* FAC, it simultaneously denied the motion to relate without prejudice, explaining:

11 "Google may file a renewed administrative motion to relate once Plaintiffs file their second

12 amended complaint, which should be considerably more streamlined and crystallize the theory of

13 this case so that the Court can make an appropriate determination as to the case's relatedness to

14 the *Zhang* action." ECF No. 46.

15 **Meet and Confer.** Plaintiff's counsel in this earlier-filed case now agrees that the *Zhang*

16 case is related to it. Tuttle Decl. ¶ 3. Counsel for Plaintiffs in *Zhang* remain opposed to relation,

17 but did not explain the basis for that position. *Id.* ¶ 4.

18 **ARGUMENT**

19 Under Civil L.R. 3-12, an action is related to another when: (1) "[t]he actions concern

20 substantially the same parties, property, transaction, or event"; and (2) "[i]t appears likely that

21 there will be an unduly burdensome duplication of labor and expense or conflicting results if the

22 cases are conducted before different Judges." Both elements are met here.

23 <u>The actions concern substantially the same parties, property, transaction, or event</u>. *Leovy*

24 and *Zhang* assert the same direct copyright infringement claim against the same defendant,

25 Google, based on the same conduct: Google's alleged use of copyrighted content to train its

---

[1] The original *Leovy* complaint included a claim for indirect infringement against Alphabet. But the *Leovy* Plaintiffs dismissed their claim against Alphabet (and Google DeepMind) on September 19, 2023. *See* ECF No. 13. The *Zhang* Complaint still includes a claim of vicarious copyright infringement against Alphabet with little factual support. For reasons stated in Google's motion to dismiss, that claim should be dismissed. *See Zhang*, ECF No. 24 at 13-15.

1 generative AI models such as Gemini. *Compare Leovy* SAC, ¶¶ 108-110, 113-119 *with Zhang*
2 Compl., ¶¶ 51-56. Google's anticipated defenses, including but not limited to fair use, are common
3 to both. The *Leovy* plaintiff's proposed class definition, "[a]ll persons in the United States who
4 own a United States copyright in any work that was used as training data for Defendant's
5 Products" (*Leovy* SAC ¶ 90), fully covers the claims of the *Zhang* plaintiffs. It also encompasses
6 the entire proposed class in *Zhang*: "[a]ll persons or entities domiciled in the United States that
7 own a United States copyright in any work that Google used as a training image for the Google–
8 LAION Models during the Class Period" (*Zhang* Compl. ¶ 63).

9      As counsel for the Plaintiff in *Leovy* now recognize, relation here is proper. The *Leovy*
10 SAC explicitly covers the use of copyrighted images (the works at issue in *Zhang*) to train the
11 same models at issue in the *Zhang* Complaint (Gemini and Imagen), and continues to allege that
12 Google's use of copyrighted "images" and "photographs" to train its "Products" infringed putative
13 class members' copyrights. *See Leovy* SAC ¶¶ 2, 83-84, 109. The *Leovy* SAC expressly accuses
14 the "Gemini" model at issue in the *Zhang* Complaint (*e.g.*, *id.* ¶¶ 2, 116), noting that it provides
15 "image-based answers" (*id.* ¶ 23). And the Imagen model that is also at issue in *Zhang* falls within
16 the scope of the *Leovy* SAC, particularly given that prior iterations of the *Leovy* complaint
17 explicitly listed it as among the Google AI "Products" accused of infringement. *See Leovy* FAC ¶¶
18 110, 114, 638-39.

19      Counsel for the Plaintiff in this case agree that the overlap in claims and defenses justifies
20 relating the cases. The continued opposition from Plaintiffs' counsel in *Zhang* is surprising. In a
21 similar setting, the *Zhang* attorneys successfully argued to relate later-filed generative AI cases to
22 earlier-filed cases they were handling against the same defendant: "Both complaints focus on the
23 same actions by Defendants, such as the creation, training, operation, and distribution of
24 [generative AI models]." *Nazemian v. NVIDIA Corp.*, No. 4:24-cv-01454-JST, ECF No. 37, at 1-2
25 (N.D. Cal. May 23, 2024) (motion granted in ECF No. 47); *see also In re OpenAI ChatGPT Litig.*,
26 No. 3:23-cv-03223-AMO, ECF No. 46, at 2 (N.D. Cal. Sept. 20, 2023) (motion granted in ECF
27 No. 53). So too here, where the *Zhang* attorneys are counsel in the later-filed case.
28

While Google intends to oppose class certification in these cases, the overlap in proposed classes further supports relating the cases. The *Zhang* Plaintiffs previously claimed that the class overlap is "irrelevant," ECF No. 44 at 2. But the cases they cited do not support this. One concerned two putative classes with non-overlapping additional members in *each* class, where one of the classes was asserting a core theory of liability "never mentioned" in the other. *Ortiz v. CVS Caremark Corp.*, 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013). The other involved two distinct classes: one of individuals who gave but then withdrew consent to receive messages, and the other that included individuals who never gave consent. *Tecson v. Lyft, Inc.*, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019). These are hardly analogous to the situation here, where the two cases raise the same copyright questions and concern plaintiffs who allegedly never authorized their works to be used by Google, and where the plaintiffs and proposed class in one case (*Zhang*) are *wholly subsumed* as a subset of the proposed class in the other (*Leovy*). In short, the two actions "concern substantially the same parties, property, transaction, or event."

<u>There will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.</u> Proceeding separately in these two cases would result in unduly burdensome duplication by the parties and the Court. "[S]ignificant economies exist in terms of case management and resolution of motions inextricably tied to an understanding of the technology … and the transactions at issue." *Pepper v. Apple Inc.*, 2019 WL 4783951, at *1 (N.D. Cal. Aug. 22, 2019). Discovery, which has not started in either case, will involve many of the same documents and defense witnesses, and many of the same disputes may arise, particularly now that *both* actions are, in the *Zhang* plaintiffs' words, "narrowly focused on copyright infringement." ECF No. 44 at 4. There will also be redundancies in class certification and dispositive motion practice. Relating the cases will undoubtedly reduce the burdens for Google and the Court of duplicating these processes. It should also eliminate the risk of inconsistent results in two actions where the named plaintiffs claim to be representing many of the same putative class members on the same claims against the same Google functionality.

For the foregoing reasons, Google respectfully requests that the Court consider whether the above-referenced actions should be related.

|  |  |
|---|---|
| Dated: July 11, 2024 | Respectfully submitted,<br><br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: */s/ David H. Kramer*<br>     David H. Kramer<br><br>*Counsel for Defendant* GOOGLE LLC |