Joseph R. Saveri (State Bar No. 130064)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:  (415) 500-6800
Facsimile:  (415) 395-9940
Email:      jsaveri@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:  (323) 968-2632
Facsimile:  (415) 395-9940
Email:      mb@butcoricklaw.com

Laura M. Matson (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:   (612) 339-6900
Facsimile:   (612) 339-0981
Email:        lmmatson@locklaw.com

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated,

                                    *Plaintiffs*,

        v.

Google LLC,

        *Defendant*.

Case No. 3:23-cv-03440-AMO

***ZHANG* PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (CIV. L.R. 7-9)**

## **TABLE OF CONTENTS**

I.      **INTRODUCTION** ................................................................................................... 1

II.     **BACKGROUND** .................................................................................................... 2

III.    **ARGUMENT** ......................................................................................................... 4

      A.    Google's Chosen Method of Service Prejudiced the Zhang Plaintiffs and Denied Them an Opportunity to Respond ............................................................................. 5

      B.    Zhang Plaintiffs Were Not Properly Served With the Motion to Relate ................... 6

            1.    The Method Utilized to Serve the Zhang Plaintiffs Was Not Reasonably Calculated to Provide Notice of the Motion to Relate ....................................... 6

            2.    Zhang Plaintiffs Are Not "Parties" to the Leovy Action ................................... 9

IV.    **CONCLUSION** ...................................................................................................... 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aevoe Corp. v. Pace*, No. C 11-3215 MEG, 2011 WL 3904133
    (N.D. Cal. Sept. 6, 2011)........................................................................................4

*Alaska Wildlife Alliance v. U.S. Fish & Wildlife Serv.*,
    No. 3:21-cv-00209-SLG-KFR, 2023 WL 2986365 (D. Alaska Feb. 6, 2023) .......................9

*Bogle v. Garland*, 21 F.4th 637 (9th Cir. 2021)................................................................9

*Claypole v. Cnty. of Monterey*, No. 14-cv-02730-BLF, 2016 WL 145557
    (N.D. Cal. Jan. 12, 2016) ......................................................................................5

*Hueter v. Kruse*, 576 F. Supp. 3d 743 (D. Haw. 2021)................................................9

*Jones v. Flowers*, 547 U.S. 220 (2006)......................................................................4

*Leovy v. Google LLC*, No. 3:23-cv-03440-AMO (N.D. Cal) ................................ *passim*

*Meta Platforms, Inc. v. Arowokoko*, No. 22-cv-00803-DMR,
    2022 WL 4099215 (N.D. Cal. Sept. 7, 2022) ........................................................6

*Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)................................8

*Murray v. Andrade*, No. C08-01539 THE, 2011 WL 3443600
    (N.D. Cal. Aug. 5, 2011)........................................................................................6

*Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy*, 898 F.2d 1410 (9th Cir. 1990) .......................9

*Reynolds v. Wynn Resorts Holding*, No. 2:17-cv-02798, 2019 WL 1027991
    (D. Nev. Mar. 4, 2019)........................................................................................6

*Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) ...........................6

*Sanchez v. Maricopa Cnty.*, No. CV-09-1150-PHX-LOA, 2010 WL 3489121 (D.
    Ariz. Aug. 31, 2010) ..........................................................................................9

*Valdez v. Ford Motor Co.*, 134 F.R.D. 296 (D. Nev. 1991) ........................................9

*Weigner v. City of New York*, 852 F.2d 646 (2d Cir. 1988)........................................6

*Zhang, v. Google LLC*, No. 5:24-cv-02531 (N.D. Cal.) ........................................ *passim*

**Statutes**

28 U.S.C. § 1746................................................................................................5

*ZHANG* PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (CIV. L.R. 7-9)

**Federal Rules**

Fed. R. Civ. P. 4 ....................................................................................................7, 10

Fed. R. Civ. P. 4.1 .......................................................................................................10

Fed. R. Civ. P. 45 ........................................................................................................11

**Local Rules**

Civ. L.R. 3-12 .............................................................................................................11

Civ. L.R. 5-5 ...............................................................................................................10

**Other Authorities**

Northern District of California's Guideline for Professional Conduct, ¶ 5 ........................... *passim*

## I.    INTRODUCTION

Due process plainly requires that any service of notice be reasonably calculated under all circumstances to apprise interested parties and to afford them an opportunity to respond. This principle is reiterated in many places, including in the Northern District of California's Guideline for Professional Conduct Number 5, which states that service of papers "should not be calculated to disadvantage . . . the party receiving the papers." Unfortunately, that is what happened here. The method Google employed for service fell short of one intended actually to inform the *Zhang* Plaintiffs of the pendency of the administrative motion to consider whether cases should be related.

Google had previously tried and failed to relate *Zhang, v. Google LLC*, Case No. 5:24-cv-02531 (N.D. Cal.) (the *"Zhang* Action") to *Leovy v. Google LLC*, Case No. 3:23-cv-03440-AMO (N.D. Cal) (the "*Leovy* Action"). In its first attempt, Google filed its administrative motion and accompanying proof of service, and then served the *Zhang* Plaintiffs via electronic mail consistent with Civ. L.R. 3-12. In response, the *Zhang* Plaintiffs explained why the matters were not appropriate for relation. The Court denied the motion.

After Plaintiff Leovy filed her Second Amended Class Action Complaint, the parties met and conferred and Google indicated it would try again. The *Zhang* Plaintiffs expressed their continued opposition. Throughout the course of the continued meet and confer discussions, Google negotiated with Attorneys Christopher K.L. Young and Evan Creutz. Google filed a renewed administrative motion. This time, however, rather than serve *Zhang* Plaintiffs via electronic mail transmitted, as before, directly to counsel, Google filed the motion via ECF, providing no additional notice. The ECF Notice, filed in the *Leovy* Action, makes no reference to the *Zhang* Action. Doing so meant neither Attorney Young nor Attorney Creutz, who had not appeared in *Leovy*, received notice as they had previously, and the ECF Notice itself provides no indication which Action was subject to the motion. Google did so despite knowing that the *Zhang* Plaintiffs were nonparties to *Leovy*, that Attorneys Young and Creutz had not appeared in *Leovy*, and notwithstanding Guideline for Professional Conduct 5.e, which provides that papers should be served "on the individual lawyer[s] known to be responsible for the matter at issue."

1    Indeed, Google's renewed motion was unaccompanied by a proof of service, and Google later
2    acknowledged it intended to provide notice of the motion only via ECF in *Leovy* despite
3    Attorney Young and Creutz not having appeared there and naming Attorney Young in their
4    declaration in support thereof.
5            The practical effect of Google's tactic was that it deprived *Zhang* Plaintiffs of their
6    opportunity to respond as required by due process. Due process requires more than mere
7    adherence to the rule or statute by which service was made. It demands that service be
8    reasonably calculated to apprise persons whose rights are to be affected of the relief sought. This
9    is embodied by the plain language of the Local Rules and aligns with fundamental principles of
10   fairness. As a result of Google's failure to provide adequate notice, the *Zhang* Plaintiffs have
11   been prejudiced. Google's motion was adjudicated in the absence of opposition. Now the *Zhang*
12   Plaintiffs must move the court to reconsider a motion that should have been contested from the
13   outset. The Court must now expend its judicial resources too.
14           Given the inadequacy of the method of service employed, *Zhang* Plaintiffs' motion for
15   leave to file a motion for reconsideration, attached hereto as Exhibit 1, should be granted.

### II.    BACKGROUND

17           On April 26, 2024, the *Zhang* Plaintiffs, who are cartoonists, illustrators, and
18   photographers, filed their initial complaint on behalf of artists alleging copyright claims
19   challenging Google's Imagen generative AI art models for copying their registered visual
20   images. *Zhang* ECF No. 1. The *Zhang* action was ultimately assigned to Judge Davila. *See
21   Zhang* ECF No. 6. The *Leovy* Action, was already pending before this Court. ECF No. 1 The
22   original *Leovy* complaint raised a variety of causes of action on behalf of authors (not artists),
23   and challenged Google's generative AI large language models, not its text-to-image diffusion
24   models. *See generally id.*
25           On May 16, 2024, Google contacted Christopher K.L. Young, counsel for *Zhang*
26   Plaintiffs, inquiring whether the *Zhang* Plaintiffs believed *Zhang* and *Leovy* should be related.
27   Declaration of Christopher K.L. Young ("Young Decl."), Ex. A. Attorneys Young disagreed,
28   indicating that the two actions did not, among other things, concern substantially the same

parties, property, transaction, or event. *Id.* Google then filed its first administrative motion to consider whether cases should be related. ECF No. 42. Google effectuated service on the *Zhang* Plaintiffs via email. Young Decl., Ex. B. That motion was accompanied by a proof of service consistent with Civil L.R. 5-5. ECF No. 43. The *Zhang* Plaintiffs opposed. ECF No. 44. In order to file their opposition, a single attorney representing the *Zhang* Plaintiffs—Joseph Saveri, another lawyer at the same firm with whom Google had never spoken or met and conferred—had appeared in *Leovy* solely in connection with opposing the first administrative motion. Declaration of Joseph R. Saveri ("Saveri Decl."), ¶ 5[1]. Google's motion was denied. ECF No. 46. The parties to *Zhang* were never parties to *Leovy*, and upon the denial of the motion to relate, the *Leovy* matter was of no substantive concern to parties to *Zhang*.

The *Leovy* Plaintiffs then filed a Second Amended Class Action Complaint ("SAC") on June 27, 2024. ECF No. 47. As explained in greater detail in *Zhang* Plaintiffs' concurrently-filed motion to reconsider (Ex. 1), the allegations in the SAC were even further afield from those in the *Zhang* Complaint. For instance, the SAC does not mention Google Imagen and is focused almost entirely on text, not images. Nonetheless, Google again asked Attorney Young and Attorney Evan Creutz, counsel of record for *Zhang*, whether the *Zhang* Plaintiffs thought the two matters should be related. Young Decl., Ex. C. Attorneys Young and Creutz again responded that two matters did not concern substantially the same parties, property, transaction, or event as required by Civ. L.R. 3-12(a) and again voiced their intention to oppose any motion to consider whether the two cases should be related. *Id.* Notably, neither Attorney Creutz nor Young had appeared in *Leovy*. *See* Young Decl., ¶ 15.

On July 11, 2024, Google filed its second Administrative Motion to Consider Whether Cases Should be Related. ECF No. 49. The ECF notification did not contain reference to *Zhang* on its face. *See* ECF No. 49. In its declaration filed in support thereof, Google explicitly referenced its negotiations with Attorney Young thereby confirming it knew of one of the attorneys specifically responsible for this issue. ECF No. 50. This time, Google did not effectuate

---

[1] Though Attorney Saveri's ECF account is affiliated with seven email addresses, only one goes to an attorney: his own. The remainder go to paralegals or other support staff. Saveri Decl., ¶ 3.

service on the *Zhang* Plaintiffs via email directed to their counsel, nor did it file a proof of service accompanying the motion. Consequently, because neither Attorney Young nor Attorney Creutz had appeared in *Leovy*, neither received ECF notices of *Leovy* filings, particularly any after the motion to relate had been denied. Young Decl., ¶ 15. They were never served with the motion and did not receive ECF notices of filings in *Leovy*. Young Decl., ¶¶ 13, 15. In fact, unaware of the Renewed Administrative Motion, the *Zhang* Plaintiffs timely filed their opposition to Defendants' motion to dismiss. *Zhang* ECF No. 26. Had the *Zhang* Plaintiffs not been opposed to relation, the *Zhang* Plaintiffs opposition would not have been necessary. Saveri Decl., ¶ 12.

On July 23, 2024, the Court granted Google's Administrative Motion. ECF No. 51. *Zhang* Plaintiffs learned of Google's Motion for the first time when the Court ordered the cases related. Young Decl., ¶ 14; Saveri Decl., ¶¶ 8-11. The *Zhang* Plaintiffs promptly filed this Motion and their concurrently-filed Motion to Reconsider the day after.

## III.   ARGUMENT

"Due Process requires that any service of notice be 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Aevoe Corp. v. Pace*, No. C 11-3215 MEG, 2011 WL 3904133, at *1 (N.D. Cal. Sept. 6, 2011) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "'[W]hen notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it[.]'" *Jones v. Flowers*, 547 U.S. 220, 229 (2006) (quoting *Mullane*, 339 U.S. at 315); *see also* Northern District of California's Guidelines for Professional Conduct ¶ 5 ("The timing and manner of service of papers should not be calculated to disadvantage or embarrass the party receiving the papers.").

Civil L.R. 3-12(b) provides that "a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action." Civil L.R. 5-5 provides that "[w]henever any pleading or other paper presented for filing is required (or permitted by any rule or other provision of law) to be served upon any party or

person, unless it is served by ECF, it must bear or have attached to it: (1) An acknowledgment of service by the person served; or (2) Certificate of service . . . , pursuant to 28 U.S.C. § 1746."

## A. Google's Chosen Method of Service Prejudiced the *Zhang* Plaintiffs and Denied Them an Opportunity to Respond

The *Zhang* and *Leovy* Actions are plainly not related. As explained more fully in the *Zhang* Plaintiffs' proposed motion to reconsider, attached as an exhibit hereto, the actions do not concern substantially the same parties, property transaction, or event. Civ. L.R. 3-12(a). The *Zhang* Plaintiffs have already explained as much in their opposition to a prior motion which this Court denied. *See* ECF No. 44, ECF No. 46. The SAC is even less "related" than the original one. *Compare* ECF No. 42 *with* ECF No. 49. Rather than litigate whether the Actions should be related on the merits, however, Google has resorted to gamesmanship and sharp practices, opting not to provide direct notice and instead falling back on a vaguely filed ECF notice and a vaguely described notation of a filing in a then unrelated action to which the *Zhang* Plaintiffs were not parties. This was not a method of service reasonably calculated to inform the *Zhang* Plaintiffs of the pendency of the motion but rather to do the opposite in order to achieve the result it desires. This is frowned upon. *See* Northern District of California Guidelines for Professional Conduct, ¶ 5.a ("A lawyer should not serve documents, pleadings, or motions on the opposing party or counsel at a time or in a way that would unfairly limit the other party's opportunity to respond.").

*Zhang* Plaintiffs are mindful that "Attorneys are people, and people make mistakes[,]" so "[a] one-off lapse, then, may not be a big deal." *Claypole v. Cnty. of Monterey*, No. 14-cv-02730-BLF, 2016 WL 145557, at *1 (N.D. Cal. Jan. 12, 2016). Nonetheless, the *Zhang* Plaintiffs have been prejudiced (and the Court's judicial resources wasted) by Google's decision to attempt service in the manner it did. The *Zhang* Plaintiffs should be afforded the opportunity to respond consistent with due process.

**B.**     ***Zhang* Plaintiffs Were Not Properly Served With the Motion to Relate**

       **1.**     **The Method Utilized to Serve the *Zhang* Plaintiffs Was Not Reasonably Calculated to Provide Notice of the Motion to Relate**

Service of process must satisfy not only the Rule under which service is made but also the constitutional requirement of due process. *See Meta Platforms, Inc. v. Arowokoko*, No. 22-cv-00803-DMR, 2022 WL 4099215, at *2 (N.D. Cal. Sept. 7, 2022) (finding that even where trial courts have authorized different modes of service, that mode "must still 'comport with constitutional notions of due process'"). "[T]he Constitution does not require any particular means of service of process'" but it does require "only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002). "The fundamental requisite of due process law is the opportunity to be heard." *Murray v. Andrade*, No. C08-01539 THE, 2011 WL 3443600, at *4 (N.D. Cal. Aug. 5, 2011) (quoting *Mullane*, 339 U.S. at 314). "The proper inquiry is whether the [the party giving notice] acted reasonably in selecting means likely to inform persons affected, not whether [the party entitled to notice] actually received notice." *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988).

The means chosen here were not reasonably calculated to inform the *Zhang* Plaintiffs. Based on the Court's prior ruling, the *Zhang* Plaintiffs plainly were not—and are not—parties to the *Leovy* Action. ECF No. 46. They never were and are not now Google relied on notification through the ECF system, taking advantage of the fact that one of the *Zhang* Plaintiffs' attorneys had previously appeared in *Leovy* in connection with the previously denied administrative motion to relate. Northern District of California's Guidelines for Professional Conduct ¶ 5.a ("A lawyer should not serve documents, pleadings, or motions on the opposing party or counsel at a time or in a way that would unfairly limit the other party's opportunity to respond."). Notably, Google did not serve counsel with which they were conferring. *See* Young Decl. Ex. C; *see also* Northern District of California Guidelines for Professional Conduct, ¶ 5.e ("A lawyer should serve papers on the individual lawyer known to be responsible for the matter at issue and should do so at his or her principal place of business"); *cf also Reynolds v. Wynn Resorts Holding*, No.

2:17-cv-02798, 2019 WL 1027991, at *2 (D. Nev. Mar. 4, 2019) (explaining service to litigation or paralegal is insufficient under Rule 4).

Rather than filing and serving its Administrative Motion in the manner it had previously, Google only filed its Administrative Motion in the *Leovy* Docket. Indeed, when Google previously effectuated service to *Zhang* Counsel via email (Young Decl. Ex. B (service email)), the *Zhang* Plaintiffs timely responded. ECF No. 44 (opposition to administrative motion to relate). The absence of a proof of service the second time around is telling.

This time, Attorney Saveri only received notice of the filing via receipt of the emailed ECF notice in the *Leovy* matter. The ECF notice gave no indication that the motion affected the *Zhang* Action since it did not facially reference *Zhang.* ECF No. 49. At the time, neither he nor his law firm were counsel of record, because the prior motion to relate had been denied. Saveri Decl., ¶ 9. Neither Attorney Saveri nor any of the attorneys or staff who are counsel of record in *Zhang* received an ECF notice in the *Zhang* matter, where they were counsel of record. Neither Attorney Saveri nor any other attorneys or staff received a copy of the motion papers or notice or service by any other means. Saveri Decl., ¶ 9. None of the other lawyers who had appeared in *Zhang*, including Attorneys Young and Creutz, who had been directly involved in the meet and confer were served. Young Decl., ¶¶ 13, 15. Google can be presumed to be aware that these other lawyers did not receive service copies and this was its intended result. In addition, at the time of the receipt of the ECF email regarding the filing, Attorney Saveri and the paralegals and support staff who received the ECF email inadvertently believed that the matter was being attended to by others, including Mr. Young and Mr. Creutz, who were handling the negotiations.[2]

---

[2] This belief was mistaken and inadvertent. At the time of the filing of the Renewed Administrative Motion in *Leovy*, the court had already been denied the first Administrative Motion, and Attorney Saveri assumed that any other filings in *Leovy* which affected the rights of the parties in *Zhang* would specifically refer to *Zhang* and would have been served as before with Google's first administrative motion, and, in addition, would have been specifically directed to Attorneys Young and Creutz, who had been meeting and conferring with counsel for Google. Attorney Saveri did not recognize the ECF notice of the docket entry of the filing related to *Zhang*, because it was docketed solely in *Leovy* and made no reference to *Zhang*. Further, Attorney Saveri did not review the ECF notice to determine whether he was the only attorney receiving notice and did not review the substance of the motion. Had Attorney Saveri known that the ECF Notice referred to a motion to relate *Zhang* and that Google had only provided notice

Google also knew the *Zhang* Plaintiffs intended to oppose the second attempt to relate the actions. Young Decl. Ex. C. Google's means of service appears inconsistent with a genuine desire to inform the *Zhang* Plaintiffs about their pending motion. The omission of a proof of service indicates that Google intended not to provide direct service on the *Zhang* Plaintiffs but instead to rely on the ECF notice generated in *Leovy*. Google does not agree that the Zhang Plaintiffs should have an opportunity to respond and instead says that because a single lawyer, who appeared to successfully oppose Google's prior denied motion, and was not one of the attorneys with which Google was communicating, ECF notice in *Leovy* was effective. Google admits—as it must—that it was negotiating, as shown by its declaration in support of its administrative motion. ECF No. 50, ¶ 4. At the same time, Google is silent as to why it failed to serve either Attorneys Young or Creutz, who it knew had not appeared in *Leovy* and thus did not receive ECF notices. *See* Northern District of California Guidelines for Professional Conduct, ¶ 5.e. Google's "mere gesture is not due process." *Mullane*, 339 U.S. at 315.

Plaintiffs have been prejudiced by Google's conduct. The cases have now been ordered related. Once learning of the Court's order, Zhang Plaintiffs have acted promptly to address and correct the mistake and inadvertent failure to file an opposition. Indeed, there is nothing to suggest the *Zhang* Plaintiffs have not been diligent. *Zhang* Plaintiffs timely opposed the prior administrative motion to dismiss (which was properly served) and the *Zhang* Plaintiffs timely filed their opposition to Google's motion to dismiss mere days ago, *see Zhang* ECF No. 26, an act that would hardly be necessary if relation was imminent. Based on all of the circumstances, the means of service was not calculated to inform the *Zhang* Plaintiffs of the pendency of the motion, but indeed, the opposite.

---

through ECF and in no other manner, he would have taken steps to respond, including determining whether it was directed at the *Zhang* Action and the parties thereto and why the motion was not served on the attorneys handling the meet and confer discussions regarding the issue. Once receiving the court's order granting the motion as unopposed, Attorneys Saveri, Young and Creutz and other counsel for *Zhang* responded promptly indicating that they would oppose the motion. The opposition and the grounds for it, are filed herewith. Ex. 1. In addition, there is no prejudice to Defendants for consideration of the opposition at this juncture. The order was entered yesterday, and there have been no developments in other cases since the order was entered. Saveri Decl., ¶¶ 9-13.

### 2. *Zhang* Plaintiffs Are Not "Parties" to the *Leovy* Action

Service was insufficient for other reasons too. In its July 23, 2024 email to the Court, Google claims that because one attorney previously appeared for the *Zhang* Plaintiffs in order to file their opposition to Google's prior administrative motion to relate, they adequately served the *Zhang* Plaintiffs. Google further claims that a certificate of service was not required. By the plain language of the Local Rules, however, ECF notice is deemed effective only on "parties in the case." Google's interpretation contravenes the plain language of the Local Rules, and in particular Civ. L.R. 3-12, which provides special procedures for determining if separate actions are to be related to one another. Those special procedures contemplate the unusual particular situation where motions are addressed to multiple parties, including those that are not formally parties to the action where the motion is to be decided. In this situation, additional steps to effectuate service are required.

Generally, "[t]he procedure for interpreting a local rule should parallel the process used in the constructions of statutes." *Valdez v. Ford Motor Co.*, 134 F.R.D. 296, 298 (D. Nev. 1991). Courts "first look[ ] to the plain meaning of the language in question" when interpreting statutes. *Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy*, 898 F.2d 1410, 1419 (9th Cir. 1990). "When interpreting a statute [or local rule], [courts] must give words their 'ordinary or natural' meaning." *Sanchez v. Maricopa Cnty.*, Case No. CV-09-1150-PHX-LOA, 2010 WL 3489121, at *1 (D. Ariz. Aug. 31, 2010) (quoting *United States v. TRW Rifle 7.62X51mm Caliber*, 447 F.3d 686, 689 (9th Cir. 2006)).

The plain and ordinary meaning of a "party" are the plaintiff and defendant. Cornell Law, "party" definition, https://www.law.cornell.edu/wex/party ("Parties in a lawsuit are the plaintiff or petitioner bringing the case, or the defendant or respondent defending against one.").[3] This

---

[3] "Wex is a free legal dictionary and encyclopedia sponsored by the Legal Information Institute at Cornell Law School." Cornell Law, Wex, https://www.law.cornell.edu/wex. Wex has been cited with approval by courts throughout the Ninth Circuit, including by judges on the Ninth Circuit itself. *See, e.g.*, *Bogle v. Garland*, 21 F.4th 637, 659, n.7 (9th Cir. 2021) (Pearson, J., dissenting); *Alaska Wildlife Alliance v. U.S. Fish & Wildlife Serv.*, Case No. 3:21-cv-00209-SLG-KFR, 2023 WL 2986365, at *13, n.155 (D. Alaska Feb. 6, 2023); *Hueter v. Kruse*, 576 F. Supp. 3d 743, 775 (D. Haw. 2021).

includes the party that filed the complaint and the party on whom service is affected under Federal Rules of Civil Procedure 4 or 4.1. In contrast, a "nonparty" or "third party" is "a person who is not a principal party." Cornell Law, "third party" definition, https://www.law.cornell.edu/wex/third_party. A nonparty does not forfeit legal rights or agree to be bound merely because it participates in a legal proceeding:

> Nonparty means a person or organization not directly involved in the litigation or contracting as a party. The person who enters into a contract, is a party to the contract, and the person who brings and has brought a lawsuit is a *party* to the lawsuit, i.e., the plaintiff or defendant. In contrast, nonparty is a subject who is not the above-mentioned parties in a legal relationship; however, a nonparty may still participate in legal proceeding, have rights or obligations, and be liable in some way.

Cornell Law, "nonparty" definition, https://www.law.cornell.edu/wex/nonparty. *Zhang* has not been joined with or consolidated with *Leovy*. As noted, the Court has previously denied the attempt to administratively relate the cases. *Zhang* Plaintiffs plainly are not "parties" to *Leovy*.

A common-sense reading of the Local Rules recognizes the same meaning of parties and the requirements of service on them. Civ. L.R. 3-12(b) states that documents "must be served on all known parties to each apparently related action" implying the Local Rules themselves recognize that parties in each action are distinct. And because Civ. L.R. 3-12 recognizes the distinction between parties and nonparties, its plain language forecloses efforts to affect service on nonparties by filing documents in the ECF system. In these situations, receipt of ECF notice of filings in a case in which one is not party is not sufficient. And there is good reason to require more stringent service for persons or entities who are not parties. Definitionally nonparties are not served with process informing them that they will be bound by the proceedings as required by Rule 4, but they may still have legal rights, which must be afforded due process before being affected. *See* Civ. L.R. 5-5(h)(1) ("[T]he ECF system will send to the registered attorneys for *all parties in the case*").

Among other things, an order relating cases does not provide a substitute for service under Rule 4 or direct service. Appearance to oppose an administrative motion is not a substitute either and does not constitute a general appearance as party in the unrelated action. In addition,

*o*nly once a single docket is established in actions deemed related under Local Rule 3-12 will all attorneys of record receive ECF notices in the related cases. In fact, this is consistent with the Federal Rules, wherein subpoenas to nonparties require direct notice and proofs of service. Fed. R. Civ. P. 45(b)(4). Google's interpretation would be akin to ruling that nonparties may not contest service of a subpoena if they receive ECF notices of motions to enforce a subpoena. Google's interpretation is inconsistent with the Local Rules and fundamental rules of due process.[4]

## IV.    CONCLUSION

For the foregoing reasons, the *Zhang* Plaintiffs' motion for leave to file motion for reconsideration should be granted.

---

[4] Google to date has failed to explain why it did not provide any specific notice and only filed the Renewed Administrative Motion in the *Leovy* matter and did not provide notice as it has with respect to its prior unsuccessful motion.

Dated: July 24, 2024

By: _____/s/ Joseph R. Saveri_____
Joseph R. Saveri

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Evan Creutz (State Bar. No. 349728)
Elissa A. Buchanan (State Bar No. 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:           jsaveri@saverilawfirm.com
                     cyoung@saverilawfirm.com
                     eabuchanan@saverilawfirm.com
                     ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:           mb@butterricklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612) 339-6900
Facsimile:      (612) 339-0981
Email:           bdclark@locklaw.com
                     lmmatson@locklaw.com
                     aswagner@locklaw.com
                     echang@locklaw.com