# EXHIBIT 1

| | |
|---|---|
| Joseph R. Saveri (State Bar No. 130064)<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1505<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br>Email: jsaveri@saverilawfirm.com | Laura M. Matson *(pro hac vice)*<br>**LOCKRIDGE GRINDAL NAUEN PLLP**<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900<br>Facsimile: (612) 339-0981<br>Email: lmmatson@locklaw.com |

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butterick law.com

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated,<br><br>      *Plaintiffs*,<br><br> v.<br><br>Google LLC,<br><br>      *Defendant*. | Case No. 3:23-cv-3440-AMO<br><br>***ZHANG* PLAINTIFFS' MOTION TO RECONSIDER GOOGLE'S RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

Case No. 3:23-cv-3440-AMO

*ZHANG* PLAINTIFFS' MOTION TO RECONSIDER GOOGLE'S RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  BACKGROUND ............................................................................................................ 2

    A.   The *Leovy* Action ............................................................................................. 2

    B.   The *Zhang* Action ............................................................................................. 3

III. MOTION TO RECONSIDER ........................................................................................ 3

IV.  ARGUMENT .................................................................................................................. 5

    A.   The *Zhang* and *Leovy* Actions Are Not Substantially the Same ................................ 6

    B.   No Undue Burden Will Result From the Actions Proceeding Separately.................. 7

    C.   The First-Filed Rule Does Not Apply ................................................................. 8

V.   CONCLUSION ............................................................................................................... 9

Case No. 3:23-cv-3440-AMO

*ZHANG* PLAINTIFFS' MOTION TO RECONSIDER GOOGLE'S RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED

## I.     INTRODUCTION

On July 23, 2024, non-Parties Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink—plaintiffs in the action captioned, *Zhang, et al. v. Google LLC, et al.*, Case No. 5:24-cv-02531-EJD (N.D. Cal.), filed in this District on April 26, 2024 (the "*Zhang* Action")—received notice that the *Zhang* action had been related to the above-captioned case, *Leovy, et al. v. Google LLC*, Case No. 3:23-cv-03440-AMO[1] (the "*Leovy* Action"), filed in this District on July 11, 2023. *Zhang* ECF No. 30; *Leovy* ECF No. 51. Defendants effectuated service in a manner calculated to deny the *Zhang* Plaintiffs effective notice of the motion. Defendants chose **not** to serve the attorneys for the *Zhang* Plaintiffs with whom they were negotiating regarding the proposed administrative motion to relate the two actions. Due process demands more than just technical compliance, it requires that the interested party be afforded the opportunity to respond. And the *Zhang* Plaintiffs were plainly denied that opportunity.[2]

What is more, on the merits, *Zhang* and *Leovy* are plainly not related. Much as two cases are not related simply because they bring the same cause of action, two cases are not related merely because they both concern generative AI. Although *Leovy* and *Zhang* both concern generative AI models created and sold by Google, the commonalities end there. Each case involves different parties, different classes of individuals (writers versus visual artists), different property (language models versus image models), and different transactions and events (the scraping of different and disparate datasets). Plaintiff Leovy is a book author and journalist challenging Google's use of text for Google's large language models, i.e., text output models. The *Zhang* Plaintiffs on the other hand are cartoonists, illustrators and photographers challenging

---

[1] The *Leovy* Action was originally styled as *J.L. et al. v. Alphabet Inc., et al.* ECF No. 1.
[2] As noted in *Zhang* Plaintiffs' motion for leave to file the motion for reconsideration, Defendants served only one of *Zhang* Plaintiffs' counsel of record, Joseph Saveri, and Defendants did not file a certification of service with the Court. Google had not been negotiating whether the matters should be related with Attorney Saveri, but with Attorneys Christopher Young and Evan Creutz, neither of whom received service. *See* Northern District of California Guidelines for Professional Conduct, ¶5.e ("A lawyer should serve paper on the individual lawyer known to be responsible for the matter at issue and should do so at his or her principal place of business"). Indeed, none of the *Zhang* Plaintiffs' eight other counsel of record were served. In contrast, Defendants' previous motion to relate was served on all counsel of record and service was certified.

1  Google's use of visual images for Google's image generation models. There is little if any

2  overlap in the alleged classes. The datasets allegedly scraped by Google to create the challenged

3  models in each case are different, and contain different corpora of material (text for *Leovy* and

4  visual image for *Zhang*). The training process of large language models and image-generation

5  models are very different and any analysis of the models' outputs will be analytically distinct.

6        As a practical matter, relating these two disparate matters will require duplication of the

7  burdensome labor and expense that Civil Local Rule 3-12 counsels against. Little discovery will

8  overlap, let alone any motion practice. Few of the substantive issues will overlap given the

9  technical differences between the models and works at issue. Relating these two matters defeats,

10 rather than conserves, judicial economy, and thus undermines the very purpose of Civil Local

11 Rule 3-12.

12       The *Zhang* Plaintiffs respectfully submit this Motion to Reconsider the order granting

13 Defendant Google LLC's ("Google") Renewed Administrative Motion to Consider Whether

14 Cases Should Be Related (*Leovy* ECF No. 49).  As explained below, the two cases *do not*

15 concern substantially the same parties, property, transaction, or events, and it is highly unlikely

16 that there will be an unduly burdensome duplication of labor and expense or conflicting results if

17 the cases progress independently.

18                           II.       BACKGROUND

19       **A.  The *Leovy* Action**

20       Plaintiff in the *Leovy* Action filed a Second Amended Class Action Complaint ("SAC"),

21 *Leovy* ECF No. 47, against Google on June 27, 2024. "Plaintiff Leovy is a New York Times best-

22 selling author and investigative journalist residing in the State of Texas." SAC ¶ 14. Plaintiff

23 Leovy owns a registered copyright in *Ghettoside: A True Story of Murder in America*. SAC ¶ 15.

24 Plaintiff Leovy seeks to represent a class of "authors and other creators" in the United States who

25 allegedly own copyrights in works that were used as training data for Google "Products like

26 'Gemini' (previously known as 'Bard'), the chatbot Google released to compete with OpenAI's

27 'ChatGPT.'" SAC ¶¶ 2, 9, 90. These products "are designed to understand and generate human

28 language." *Id.* at 3. Plaintiffs assert claims for direct copyright infringement based on Google's

"copy[ing] and download[ing of] the works of writers and other creators, without compensation, to build and train its AI Products like Gemini, capable of performing now the same type of work for which these writers and authors would be paid." *Id.* ¶ 6. Notably, Gemini and Cloud AI are the *only* Google Products mentioned by name in the SAC; the SAC does not mention Google Imagen or "visual art." Furthermore, the SAC does not indicate Plaintiff Leovy owns any registered copyright in any artwork or visual images. *See generally* SAC & ECF No. 47-2 (Exhibit A to the SAC showing registered copyright for *Ghettoside: A True Story of Murder in America*). A motion to dismiss is pending and the case management conference is set for October 3, 2024.

### B. The *Zhang* Action

Plaintiffs in the *Zhang* Action filed a putative class action against Google and Alphabet Inc. on April 26, 2024. The *Zhang* Plaintiffs are visual artists who own copyrights in certain images that Google has admitted to copying without plaintiffs' authorization to train Google Imagen, a text-to-image diffusion model. *Zhang* ECF No. 1, at ¶ 5. The *Zhang* Plaintiffs are cartoonists, illustrators, and photographers who each own registered copyrights in their visual works. *Zhang* ECF No. 1, at ¶¶ 11-15 & Ex. A. The *Zhang* Plaintiffs assert claims for (1) direct copyright infringement (17 U.S.C. § 501), and (2) vicarious copyright infringement. Defendants filed a motion to dismiss the complaint on June 20, 2024, and the case management conference is set for August 22, 2024.

### III. MOTION TO RECONSIDER

Civil Local Rule 7-9 provides that, with leave of the court, a party may file a motion for reconsideration of any interlocutory order. The moving party must show "reasonable diligence in bringing the motion and one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Civ. L.R. 7-9(b).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). "[R]econsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented." *Williams v. Lujan*, No. 16-cv-04290-HSG, 2018 WL 3861655, at *2 (N.D. Cal. Aug. 14, 2018). Reconsideration, however, may be warranted where the moving party was unable to present arguments or facts to the court, or where the court has failed to consider material facts or arguments. *See, e.g.*, *In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1167 (N.D. Cal. 2019) (granting motion for reconsideration where court had failed to consider dispositive factual issues and legal arguments).

Google previously filed an administrative motion to consider whether cases should be related (ECF No. 42), which *Zhang* Plaintiffs opposed (ECF No. 44). In its order denying Google's motion denied without prejudice, this Court stated, "Google may file a renewed administrative motion to relate once Plaintiffs file their second amended complaint … so that the Court can make an appropriate determination as to the case's relatedness to the *Zhang* action." ECF No. 46.

As explained in the *Zhang* Plaintiffs' motion for leave to file the motion for reconsideration, ECF No. 53, Google filed its renewed motion on the *Leovy* docket without properly serving the *Zhang* Plaintiffs with the motion. While one attorney for the *Zhang* Plaintiffs, Attorney Saveri, had appeared in *Leovy* for the sole purpose of filing the *Zhang* Plaintiffs' first opposition to Google's previously filed motion to relate, Mr. Saveri was *not* the attorney with whom Google had been negotiating possible relation. Those attorneys, Attorneys Young and Creutz were not served with Google's Motion. *See* Northern District of California's Guidelines for Professional Conduct, ¶ 5.e ("A lawyer should serve papers on the individual lawyer known to be responsible for the matter at issue[.]"). Nor were any the *Zhang* Plaintiffs' other counsel of record served. Google also failed to file the renewed motion in the *Zhang*

Docket as required by Civil Local Rule 3-12(b). Plaintiffs thus were not aware of Google's renewed motion until the Court's Order Relating Case (ECF No. 51) was filed on the *Zhang* docket on July 23, 2024 (*Zhang* ECF No. 28). *Jones v. Flowers*, 547 U.S. 220, 229 (2006) ("'[W]hen notice is a person's due . . . [t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it[.]'") (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)); *Weigner v. City of New York*, 852 F.2d 646, 649 (2d Cir. 1988) ("The proper inquiry is whether the [the party giving notice] acted reasonably in selecting means likely to inform persons affected, not whether [the party entitled to notice] actually received notice.").

The *Zhang* Plaintiffs respectfully ask the Court to reconsider Google's renewed motion and deny Google's request to relate the two actions. **First**, Plaintiffs are reasonably diligent in bringing this motion to reconsider. Plaintiffs requested leave to file this motion the day after learning about Google's improperly filed renewed motion. **Second**, there are material differences in fact from that which was presented to the Court before entry of its Order Relating Cases (ECF No. 51). While the *Zhang* Plaintiffs were properly served and thus filed a timely opposition to Google's first motion to relate (ECF No. 44), the Court's order on Google's renewed motion was entered without an opportunity for *Zhang* Plaintiffs to respond. Google's renewed motion also includes new arguments, to which Plaintiffs have not had the opportunity to respond. *Compare* ECF No. 42 and ECF No. 49 (discussing the SAC's purported use of copyrighted images to train the same models at issue in the *Zhang* complaint and purported overlap in proposed classes). Moreover, *Leovy*'s SAC alleges different facts that are even farther afield from the allegations in *Zhang*, making the fundamental differences between the two actions even more glaring.

### IV.   ARGUMENT

Under Civil L.R. 3-12, an action is related to another when: (1) "[t]he actions concern substantially the same parties, property, transaction, or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither requirement is met here. Indeed, the

opposite is true—relating *Zhang* and *Leovy* will result in burdensome duplication of labor and expense.

### A.     The *Zhang* and *Leovy* Actions Are Not Substantially the Same

The *Zhang* and *Leovy* Actions do not concern substantially the same parties, property, transaction, or events. First, the two actions have only one party in common: Google. Alphabet Inc., a defendant in the *Zhang* Action, is not a party in *Leovy*. Additionally, none of the five named plaintiffs in *Zhang* and *Leovy* are plaintiffs in both actions. And the possibility that the proposed copyright class in *Leovy*, if certified, might encompass the proposed class in *Zhang* is inapposite—neither case has reached class certification, so for purposes of the instant analysis, each plaintiff is proceeding individually in his or her respective case. There is therefore no plaintiff overlap that would justify relating the two cases.

Second, the property at issue in each case is different. The *Zhang* Plaintiffs are all artists suing to enforce the copyrights of visual art. Plaintiff Leovy, on the other hand, is an author and journalist who seeks to protect "any work that was used as training data for Defendant's Products." SAC ¶ 90. While the *Leovy* complaint passingly mentions images in one place—where it alleges that Gemini may also be able to respond with "image-based answers," *id.* ¶ 23—the complaint is focused on copyright related to text. The *Leovy* complaint simply does not include any detailed allegations about image-based copyright infringement, while nearly every paragraph in the *Leovy* complaint concerns human language, text, articles, books, writers, and/or authors. *Id.* ¶¶ 3, 6-7, 13-16, 23-24, 30-31, 35, 37, 40-44, 48-50, 58, 64, 67-69, 78-80, 84, 97, 108-16; *but see* ¶ 70 (quoting an illustrator); ¶ 71 (quoting a music producer). Although in both actions Google allegedly copied "property" from the internet, the individual works at issue in each action are wholly distinctive in nature and substance and are not "substantially the same."

Third, there is no allegation that the "transactions" or "events" at issue in the *Zhang* Action are the same as those at issue in *Leovy*. As an initial matter, *Zhang* and *Leovy* concern different corpora of training data with little to no overlap. Plaintiffs in the *Zhang* Action allege that Google used the LAION-400M dataset—a collection of approximately 400 million images with accompanying textual descriptions—to train Google Imagen and multimodal models,

including Google Gemini. The *Leovy* Action does not mention LAION at all, but rather alleges that LaMDA was trained from "C4 data," Wikipedia, and a number of unknown sources. SAC ¶¶ 24-26. However Google scraped or obtained such data, it did not obtain it from the LAION-400M dataset of image-text pairs. Additionally, each case concerns completely different models. Gemini—the only Google model mentioned in both actions—is the subject of numerous detailed allegations in the *Leovy* complaint; the *Zhang* complaint mentions the Gemini model once. *Compare* SAC ¶¶ 2-6, 13, 15, 23-36, 45-47, 59-62, 84, 89, 108-16 with *Zhang* ECF No. 1 ¶ 53 (noting that "multimodal" models, such as Google Gemini, are capable of training images as well as text). Moreover, the case do not allege common transactions or events wherein Google copied plaintiffs' copyrighted works. The transactions and events underlying the alleged infringements in each case are therefore necessarily different.

In short, the two actions *do not* concern substantially the same parties, property, transaction, or events.

**B.      No Undue Burden Will Result From the Actions Proceeding Separately**

If these cases proceed together, it will increase the burden of litigation, waste an enormous amount of attorney time, delay resolution of the respective disputes, and muddy the issues for the court. The *Zhang* Action is focused on copyright infringement of visual images, whereas the *Levoy* Action is focused on copyright infringement of text and other items. Because visual images are fundamentally different from other data modalities, legal and factual issues specific to text-to-image AI models will dominate the *Zhang* Action. Those same issues will be relatively insignificant in the *Leovy* Action. Similarly, issues specific to the training of language models will be prominent in the *Leovy* Action and of almost no consequence to the *Zhang* Action.  Accordingly, relating to the two cases will result in the burdensome duplication of labor and expense that Civ. L.R. 3-12 was promulgated to prevent.

For instance, the discovery process for the two actions will involve fundamentally different types of evidence, technical details, and expert analyses. Some of those differences include the types of datasets involved in training the different types of models (image datasets v. textual data), the way the models work (image diffusion models versus LLM text-based models

generated through natural language processing techniques), output analysis (visual similarity v. analyzing generated text), and analysis regarding the architectural details and technical infrastructure of the models. One does not need specialized education or expertise to appreciate that literary works are different from visual works, and each require distinct analytical approaches. *Compare Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (explaining that part of the Ninth Circuit's "substantial similarity" test for literary works "focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events in two works" (citation omitted)), with *Mountain v. Mehron, Inc.*, No. LA CV18-00080 JAK (MRWx), 2018 WL 5024918, at *15 (C.D. Cal. Aug. 15, 2018) (explaining that in the Ninth Circuit, courts analyze "substantial similarity" of visual art in part by examining "the similarities in their objective details in appearance, including . . . the subject matter, shapes, colors, materials, and arrangement of the representations." (citation omitted)). Indeed, the *Zhang* Plaintiffs find it difficult to imagine considerable overlapping substantive issues at all with *Leovy* given the stark differences between the two cases. There are therefore no efficiency gains that would justify relating the two cases.

C.      **The First-Filed Rule Does Not Apply**

When two actions involving the same parties and issues are pending concurrently, courts in the Ninth Circuit follow the "first-filed" rule whereby the court which first has possession of the action decides it. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The rule focuses generally on so-called "mirror image" cases, where two identical cases are proceeding in different courts—often with one a declaratory judgment action—involving the same patties and underlying claims. *See Acclarent, Inc. v. Quest Med., Inc.*, No. C 06-00844 JF, 2006 WL 2982301, at *3 (N.D. Cal. Oct. 17, 2006) ("When there are two mirror-image actions pending in different district[ courts], the 'first to file' rule may be invoked to give the first filed action priority.").

Although the first-filed rule creates a general presumption that a first-filed suit has priority, that presumption is not applied in a rigid or mechanical way. *See NBC Studios, LLC, et al. v. Dish Network Corp., et al.*, No. CV 12-04536 DMG (SHx), 2012 WL 12886834, at *3

1  (C.D. Cal. Nov. 8, 2012) ("[T]he first-to-file rule is 'not a rigid or inflexible rule to be
2  mechanically applied, but rather is to be applied with a view to the dictates of sound judicial
3  administration.'" (citation omitted)). Rather, because the complex problems that can arise from
4  multiple federal filings do not lend themselves to a rigid test, the district court is instead required
5  to consider the equities of the situation when exercising its discretion. *See Alvarez v. YRC Inc.*,
6  No. CV 12-01374-BRO (Ex), 2016 WL 11751961, at *6 n.11 (C.D. Cal. Apr. 24, 2017 ("The
7  Court need not decide whether the first-to-file rule applies in this case as, even assuming it
8  applies, the Court determines that equities weigh in favor of not applying it here.").

9  Here, the first-filed rule does not apply because, as noted above, (1) the parties, property,
10 transactions, and events are different, and (2) the *Zhang* and *Leovy* plaintiffs advance different
11 claims that will turn on different legal issues and involve different defenses. Additionally,
12 considerations of equity and efficiency weigh sharply against relating the two actions. The *Zhang*
13 Action, despite a nine-month head start, has progressed further than the *Leovy* Action. Relating
14 the two actions would mean slowing the *Zhang* Action down to a crawl for no real benefit, a
15 severely unfair outcome for the *Zhang* plaintiffs.

### V.    CONCLUSION

For the reasons set forth above, the Court should reconsider and deny Defendants' motion.

| | |
|---|---|
| Dated: July 24, 2024 | By: _____/s/ *Joseph R. Saveri*_____ <br> Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar. No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:       (415) 395-9940
Email:             jsaveri@saverilawfirm.com
                       cyoung@saverilawfirm.com
                       eabuchanan@saverilawfirm.com
                       ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:       (415) 395-9940
Email:             mb@butaericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612) 339-6900
Facsimile:       (612) 339-0981
Email:             bdclark@locklaw.com
                       lmmatson@locklaw.com
                       aswagner@locklaw.com
                       echang@locklaw.com