| | |
|---|---|
| Joseph R. Saveri (State Bar No. 130064) | Laura M. Matson (pro hac vice) |
| **JOSEPH SAVERI LAW FIRM, LLP** | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| 601 California Street, Suite 1505 | 100 Washington Avenue South, Suite 2200 |
| San Francisco, CA 94108 | Minneapolis, MN 55401 |
| Telephone: (415) 500-6800 | Telephone: (612) 339-6900 |
| Facsimile: (415) 395-9940 | Facsimile: (612) 339-0981 |
| Email:    jsaveri@saverilawfirm.com | Email:    lmmatson@locklaw.com |

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@buttericklaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated,<br><br>                  *Plaintiffs*,<br><br>  v.<br><br>Google LLC,<br><br>                  *Defendant*. | Case No. 3:23-cv-03440-AMO<br><br>**DECLARATION OF CHRISTOPHER K.L. YOUNG IN SUPPORT OF *ZHANG* PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (CIV. L.R. 7-9)** |

I, Christopher K.L. Young, declare as follows:

1. I am a Partner with the Joseph Saveri Law Firm, LLP, counsel of record for Plaintiffs in *Zhang, et al. v. Google, LLC, et al.*, No. 3:24-cv-02531-AMO. I am over 18 years old, and I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them. I make this declaration in support of *Zhang* Plaintiffs' Motion for Order Regarding Renewed Administrative Motion to Relate Case. I make this declaration pursuant to 28 U.S.C. § 1746.

2. Neither I nor any other counsel of record in the *Zhang* Action represent any plaintiffs in *Leovy v. Google LLC*, Case No. 3:23-cv-03440-AMO (N.D. Cal.).

3. On May 16, 2024, counsel for Defendants contacted me to inquire whether the *Zhang* and *Leovy* cases should be related. I indicated that the *Zhang* Plaintiffs did not believe *Zhang* and *Leovy* met the criteria for relation under Civ. L.R. 3-12 because, among other things, the two actions did not concern substantially the same parties, property, transaction or event. No other counsel of record for the *Zhang* Plaintiffs were included in any email communications discussing or negotiating any prospective motion to relate.

4. Attached hereto as **Exhibit A** is a true and correct copy of an email thread between counsel for Defendants and myself dated May 16, 2024.

5. On May 31, 2024, Defendants filed their Administrative Motion to Consider Whether Cases Should be Related. ECF No. 42. Defendants also filed a proof of service. ECF No. 43. Service of the motion was effectuated via email.

6. Attached hereto as **Exhibit B** is a true and correct copy of the service email attaching Defendants' first Administrative Motion to Consider Whether Cases Should be Related dated May 31, 2024.

7. *Zhang* Plaintiffs timely opposed Defendants' Administrative Motion to Consider Whether Cases Should be Related. ECF No. 44.

8. Defendants' Administrative Motion to Consider Whether Cases Should be Related was denied. ECF No. 46.

Case No. 3:23-cv-03440-AMO                              1
DECLARATION OF CHRISTOPHER K.L. YOUNG

1        9.       On July 27, 2024, Plaintiff Leovy filed a Second Amended Class Action Complaint. ECF No. 47.

2        10.      On June 28, 2024, counsel for Defendants contacted myself and Evan Creutz, another attorney of record for the *Zhang* Plaintiffs, to again inquire whether the amended *Leovy* complaint was suitable for relation. I reiterated that the amended *Leovy* complaint still did not concern substantially the same parties, property, transaction or event as required by Civ. L.R. 3-12. I and Attorney Creutz again indicated *Zhang* Plaintiffs intention to oppose any administrative motion to consider whether *Zhang* and *Leovy* were related. No other counsel of record for the *Zhang* Plaintiffs were included in any email communications discussing or negotiating any prospective motion to relate.

11.       Attached hereto as **Exhibit C** is a true and correct copy of an email thread with the latest email dated July 9, 2024.

12.       On July 11, 2024, Defendants filed their Renewed Administrative Motion to Consider Whether Cases Should be Related. ECF No. 49.

13.       Neither Attorney Creutz nor I were served with the Renewed Administrative Motion.

14.       Counsel for *Zhang* first learned of the Renewed Administrative Motion when the Court granted the Renewed Administrative Motion yesterday on July 23, 2024. ECF No. 51.

15.       To date, neither Attorney Creutz nor I have appeared in the *Leovy* Action and have not received ECF notifications of filings in *Leovy*.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 24, 2024.

                                         */s/ Christopher K.L. Young*
                                         Christopher K.L. Young

<u>L.R. 5-1 SIGNATURE ATTESTATION</u>

As the ECF user whose user ID and password are utilized in the filing of this document, I attest under penalty of perjury that concurrence in the filing of the document has been obtained from the signatory.

Dated: July 24, 2024                                */s/ Joseph R. Saveri*
                                                                                           Joseph R. Saveri