# EXHIBIT C

| | |
|---|---|
| **From:** | Christopher Young |
| **To:** | Tuttle, Eric |
| **Cc:** | Evan Creutz; Rees, Maura |
| **Subject:** | Re: Zhang v. Google |
| **Date:** | Tuesday, July 9, 2024 2:16:54 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |

Hi Eric,

Plaintiffs would oppose relation.

> On Jul 9, 2024, at 2:35 PM, Tuttle, Eric <eric.tuttle@wsgr.com> wrote:
>
> External (eric.tuttle@wsgr.com)
>
> Report This Email  FAQ  Skout Email Protection
>
> Hi Chris,
>
> Could you please let us know Plaintiffs' position on relating the *Zhang* and *Leovy* cases? If it would be helpful to discuss live, please let us know your availability.
>
> Best,
> Eric
>
> **From:** Tuttle, Eric
> **Sent:** Wednesday, July 3, 2024 11:12 AM
> **To:** Christopher Young <cyoung@saverilawfirm.com>
> **Cc:** Evan Creutz <ecreutz@saverilawfirm.com>; Rees, Maura <MRees@wsgr.com>
> **Subject:** RE: Zhang v. Google
>
> Chris,
>
> We believe it is even clearer than before that the cases should be related.
>
> In opposing our prior motion to relate, plaintiffs emphasized that the *Leovy* case involved numerous state law claims in addition to the common copyright claim. Those state law claims have now dropped away in *Leovy*, leaving only the common copyright claim and the proposed copyright class that encompasses the proposed class in *Zhang*.
>
> To your specific point: The second amended complaint in *Leovy* is not entirely focused on

written works; rather, it continues to allege infringement of copyrights in images through training of image models, and to assert a class that covers such infringement.

For example, the second amended complaint alleges that "Defendant's blatant copying and unlawful appropriation of copyrighted works of others – **images**, books, song, etc. – infringed on Class Members' exclusive rights" (¶ 109); *see also* ¶ 2 ("For years, Google secretly harvested a massive quantity of pirated and copyrighted works, including a trove of books, articles, **images, photographs**, and millions of other protected works."); ¶¶ 83-84 ("This content includes text, **images**, music, video content, and other forms of creative expression, all of which fall under the purview of copyright law. [¶] Defendant's unauthorized theft, reproduction, and use of these copyrighted materials constitutes infringement.")

The proposed class at issue in *Leovy* is "All persons in the United States who own a United States copyright in **any work** that was used as training data for **Defendant's Products**." The second amended complaint in *Leovy* does not purport to define or place any limits on "Defendant's Products." It is clear from the allegations, including those above, that "any work" includes images and that "Defendant's Products" includes models trained on images – including at least Imagen, which was called out by name in the prior iterations of the *Leovy* complaint.

Indeed, the *Leovy* complaint is explicit that "Gemini" is one of the "Products" at issue in that case (but not the only one). E.g., ¶ 2 (referring to Google's "Artificial Intelligence ('AI') Products **like 'Gemini'**"); ¶ 116 ("Defendant made copies and engaged in an unauthorized use of Plaintiff Leovy and Class Members' work for training and development of **Gemini (as well as other AI Products)**."). And it specifically alleges that "Gemini is able to respond to users not only with text-based answers, but also via **image-based answers**" (¶ 23). As you know, the *Zhang* complaint also alleges that Gemini was trained on images and is one of the "Google-LAION Models" at issue in that complaint as well.

In sum, both the *Leovy* and *Zhang* complaints purport to put at issue the training of models using images, including Gemini and Imagen, and the proposed class alleged in *Zhang* continues to be subset of the proposed class in *Leovy*.

We would be happy to discuss this further, including live by phone, if helpful. In any event, we ask that you please complete your evaluation and provide your final position by Monday so that we are able to promptly file a motion to consider relating the cases.

Best,
Eric

---

**From:** Christopher Young <cyoung@saverilawfirm.com>
**Sent:** Tuesday, July 2, 2024 8:34 AM
**To:** Tuttle, Eric <eric.tuttle@wsgr.com>
**Cc:** Evan Creutz <ecreutz@saverilawfirm.com>; Rees, Maura <MRees@wsgr.com>
**Subject:** RE: Zhang v. Google

EXT - cyoung@saverilawfirm.com

Thanks, Eric.

We are evaluating the revised *Leovy* complaint but at first glance, it appears that it is even less like the *Zhang* complaint than before. The amended *Leovy* complaint now seems entirely focused on Google's large language models rather than Google's image models, and the copyrighted works of authors rather than artists, so it does not appear to involve the same parties, property, transaction, or event. We are amenable to hearing why Google believes the cases should be related, however.

**Christopher**
**T** 415.500.6800 x807

<image001.png>

**From:** Tuttle, Eric <eric.tuttle@wsgr.com>
**Sent:** Friday, June 28, 2024 11:20 AM
**To:** Christopher Young <cyoung@saverilawfirm.com>
**Cc:** Evan Creutz <ecreutz@saverilawfirm.com>; Rees, Maura <MRees@wsgr.com>
**Subject:** Zhang v. Google

Hi Christopher,

Now that the plaintiff in *Leovy v. Google* has filed an amended complaint, we would like to again discuss with you relating *Zhang v. Google* to that case.  We continue to think these two cases meet the criteria for related cases and should be related.  Please let us know your position on that and when you would be available for a short call to discuss.

Best,

<image002.png>

**Eric P. Tuttle (he/him) | Partner | Wilson Sonsini Goodrich & Rosati**
701 Fifth Avenue, Suite 5100 | Seattle, WA 98104 | direct: 206.883.2513 | eric.tuttle@wsgr.com

<image003.png>   <image004.png>   <image005.png>   <image006.png>   <image007.png>

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or

distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.

This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.