| | |
|---|---|
| Joseph R. Saveri (State Bar No. 130064) | Laura M. Matson *(pro hac vice)* |
| **JOSEPH SAVERI LAW FIRM, LLP** | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| 601 California Street, Suite 1505 | 100 Washington Avenue South, Suite 2200 |
| San Francisco, CA 94108 | Minneapolis, MN 55401 |
| Telephone: (415) 500-6800 | Telephone: (612) 339-6900 |
| Facsimile: (415) 395-9940 | Facsimile: (612) 339-0981 |
| Email:    jsaveri@saverilawfirm.com | Email:    lmmatson@locklaw.com |

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email:    mb@butterickLaw.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated,<br><br>       *Plaintiffs*,<br><br> v.<br><br>Google LLC,<br><br>   *Defendant*. | Case No. 3:23-cv-03440-AMO<br><br>**DECLARATION OF JOSEPH R. SAVERI IN SUPPORT OF *ZHANG* PLAINTIFFS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION (CIV. L.R. 7-9)** |

I, Joseph R. Saveri, declare as follows:

1. I am the Founder and Managing Partner of the Joseph Saveri Law Firm, LLP., counsel of record for Plaintiffs in *Zhang, et al. v. Google, LLC, et al.*, No. 3:24-cv-02531-AMO (N.D. Cal.). I am over 18 years old, and I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to them. I make this declaration in support of *Zhang* Plaintiffs' Motion for Leave To File Motion for Reconsideration. I make this declaration pursuant to 28 U.S.C. § 1746.

2. I represent Plaintiffs Zhang, Andersen, Larson, and Fink in the *Zhang* Action. Neither I nor any other counsel of record in the *Zhang* Action represent any plaintiffs in *Leovy v. Google LLC*, Case No. 3:23-cv-03440-AMO (N.D. Cal.). The Plaintiffs in the *Zhang* Action are not parties to the *Leovy* Action.

3. Although several email addresses are associated with my ECF account, only one email address is affiliated with an attorney (jsaveri@saverilawfirm.com). The other email addresses affiliated with my account are Agetzell@saverilawfirm.com, ajensen@saverilawfirm.com, hhaile@saverilawfirm.com, JDay@saverilawfirm.com, rfishman@saverilawfirm.com, rponce@saverilawfirm.com, yspruitt@aol.com. Each of these are affiliated with paralegal or other support staff.

4. I was not involved in discussions with counsel for Defendants regarding whether or not *Leovy* and *Zhang* should be related. That matter was handled by other attorneys at my firm representing *Zhang*, namely Christopher K.L. Young and Evan Creutz.

5. On June 4, 2024, I filed an opposition to Defendants' Administrative Motion to Consider Whether Cases Should be Related (ECF No. 44).

6. Defendants' Administrative Motion to Consider Whether Cases Should be Related was denied. ECF No. 46.

7. I understand that after the *Leovy* Plaintiffs filed their Second Amended Complaint (ECF No. 47) counsel for Defendants contacted Attorneys Young and Creutz to discuss whether the amended *Leovy* Complaint should be related to *Zhang*. Counsel for Defendants did not

1  include me in any of those discussions. *Zhang* Counsel believe the amended *Leovy* Complaint
2  and *Zhang* do not meet the criteria for relation under Civ. L.R. 3-12.

3      8.    *Zhang* Counsel first learned of Defendants' Renewed Administrative Motion to
4  Consider Whether Cases Should be Related when the Court granted the motion on July 23, 2024.
5  ECF No. 51.

6      9.    I received notice of the filing via receipt of the emailed ECF notice in the *Leovy*
7  matter where I and my law firm were not counsel of record and my clients were not parties.
8  Neither I nor any of the other lawyers who appeared in *Zhang*, or any staff received notice or
9  service by any other means. I understand I received the ECF notice because I filed the opposition
10 to the prior motion to relate which had been denied. I understand the electronic docket was not
11 corrected to remove me as a recipient of ECF notices in the *Leovy* Action even though my clients
12 are not parties to the *Leovy* Action, and I am not counsel of record for any party. I and the
13 paralegals and support staff who received the ECF notice inadvertently believed that the matter
14 would be attended to by others, including Attorneys Young and Creutz, who were handling the
15 meet and confers with Defendants regarding a new motion to relate. This belief was mistaken
16 and inadvertent.

17     10.    I did not recognize the docket entry in *Leovy* of the Renewed Administrative
18 Motion in *Leovy* as relating to *Zhang* because it was docketed solely in *Leovy* and because the
19 notice itself makes no reference to *Zhang*. The ECF Notice in *Leovy* also did not explicitly
20 mention *Zhang*. In addition, I did not review the ECF notice to determine whether I was the only
21 attorney receiving ECF notice. Had I known that Defendants had only provided notice through
22 ECF and in no other manner, I would have opposed the motion and not relied on other attorneys
23 in my office to do so.

24     11.    At the time of the filing of the Renewed Administrative Motion in *Leovy*, the
25 court had already been denied the first Administrative Motion. I mistakenly assumed that any
26 other filings in *Leovy* which affected the rights of the parties in *Zhang* have been served as before
27 with Defendants' first administrative motion, and, in addition, would have been specifically
28

Case No. 3:23-cv-03440-AMO      2
DECLARATION OF JOSEPH R. SAVERI

1  directed to Attorneys Young and Creutz, who had been meeting and conferring with counsel for
2  Defendants.

3   12. Unaware of the Renewed Administrative Motion, the *Zhang* Plaintiffs timely filed
4  their opposition to Defendants' motion to dismiss. *Zhang* ECF No. 26. Had the *Zhang* Plaintiffs
5  agreed to relation of the two cases, the *Zhang* Plaintiffs' opposition would not have been
6  necessary.

7   13. There is no prejudice to Defendants for consideration of the opposition at this
8  juncture. The order was entered yesterday, and there have been no developments in other cases
9  since the order was entered.

10  I declare under penalty of perjury that the foregoing is true and correct. Executed on July
11  24, 2024.

          */s/ Joseph R. Saveri*
            Joseph R. Saveri