1  DAVID H. KRAMER, SBN 168452
   Email: dkramer@wsgr.com
2  MAURA L. REES, SBN 191698
   Email: mrees@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300

6  ERIC P. TUTTLE, SBN 248440
   Email: eric.tuttle@wsgr.com
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  701 Fifth Avenue, Suite 5100
   Seattle, WA 98104-7036
9  Telephone: (206) 883-2500

10 *Counsel for Defendant*
   GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 3:23-cv-03440-AMO<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  December 19, 2024<br>Time:  2 p.m.<br>Courtroom: 10<br>Judge:  Hon. Araceli Martínez-Olguín |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................................ii

NOTICE OF MOTION AND MOTION .......................................................................................... 1

STATEMENT OF REQUESTED RELIEF AND ISSUES TO BE DECIDED ............................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

BACKGROUND....................................................................................................................................2

LEGAL STANDARD ...........................................................................................................................5

ARGUMENT ..........................................................................................................................................6

  I.  Leovy Fails To Allege A Basis For Recovering Punitive Damages, Treble Damages, Nominal Damages, Or Disgorgement. ...................................................... 6

  II.  Leovy Fails To Allege Entitlement To Injunctive Relief........................................ 9

  III.  Leovy's SAC Violates Rule 8's Plain Statement Requirement. ........................... 12

CONCLUSION ................................................................................................................................... 15

1

**TABLE OF AUTHORITIES**

2
**Page(s)**

3
**CASES**

4
*Atlanta Allergy & Asthma Clinic, P.A. v. Allergy & Asthma of Atlanta, LLC*,
    685 F. Supp. 2d 1360 (N.D. Ga. 2010) .............................................................................. 7

5
*Becton v. Cytek Biosciences Inc.*,
6
    2020 WL 1877707 (N.D. Cal. April 15, 2020) ................................................................. 13

7
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 5
8
*Bender v. LG Elecs. U.S.A., Inc.*,
9
    2010 WL 889541 (N.D. Cal. Mar. 11, 2010) .................................................................... 13

10
*Blain v. Liberty Mut. Fire Ins. Co.*,
    2023 WL 3612390 (S.D. Cal. May 22, 2023) ................................................................... 10
11
*Bouchat v. Balt. Ravens Football Club, Inc.*,
12
    346 F.3d 514 (4th Cir. 2003) .............................................................................................. 7

13
*Branch v. Ogilvy & Mather, Inc.*,
    1991 WL 254425 (S.D.N.Y. Nov. 15, 1991) ...................................................................... 8
14
*Bucklew v. Hawkins, Ash, Baptie & Co.*,
15
    329 F.3d 923 (7th Cir. 2003) .............................................................................................. 7

16
*Budget Cinema, Inc. v. Watertower Assocs.*,
    81 F.3d 729 (7th Cir. 1996) ................................................................................................ 7
17
*Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*,
18
    887 F.2d 399 (2d Cir. 1989) ............................................................................................... 6

19
*Chicago Bd. of Educ. v. Substance, Inc.*,
    354 F.3d 624 (7th Cir. 2003) ............................................................................................ 12
20
*Cousart v. OpenAI LP*,
21
    2024 WL 3282522 (N.D. Cal. May 24, 2024) ..................................................... 3, 4, 14, 15

22
*Eagle Servs. Corp. v. H2O Indus. Servs., Inc.*,
    532 F.3d 620 (7th Cir. 2008) .............................................................................................. 7
23
*eBay Inc. v. MercExchange, L.L.C.*,
24
    547 U.S. 388 (2006) ............................................................................................................ 9

25
*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
    297 F.R.D. 64 (S.D.N.Y. 2013) .......................................................................................... 4
26
*George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*,
27
    2022 WL 17330467 (S.D. Cal. Nov. 29, 2022) ................................................................ 15

28
*Hubbard v. Google LLC*,
    2024 WL 3302066 (N.D. Cal. July 1, 2024) .................................................................... 10

*Hunter Killer Prods., Inc. v. Zarlish*,
  2020 WL 3980117 (D. Haw. June 15, 2020) ................................................................ 10

*Impinj, Inc. v. NXP USA, Inc.*,
  2023 WL 6955477 (N.D. Cal. Oct. 3, 2023) ................................................................... 9

*In re Gilead Scis. Secs. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ........................................................................................ 5

*In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*,
  94 F.R.D. 105 (D. Nev. 1982) ...................................................................................... 13

*Lenz v. Universal Music Corp.*,
  815 F.3d 1145 (9th Cir. 2016) ........................................................................................ 8

*Leonard v. Stemtech Int'l Inc.*,
  834 F.3d 376 (3d Cir. 2016) ........................................................................................... 7

*Linares v. CitiMortgage, Inc.*,
  2015 WL 2088705 (N.D. Cal. May 5, 2015) .................................................................. 6

*Luxul Tech. Inc. v. NectarLux, LLC*,
  2016 WL 3345464 (N.D. Cal. June 16, 2016) ................................................................ 7

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ........................................................................................ 5

*Massacre v. Davies*,
  2014 WL 4076549 (N.D. Cal. Aug. 18, 2014) ............................................................ 6, 7

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ................................................................................. 13, 15

*MGE UPS Sys., Inc. v. GE Consumer and Indus., Inc.*,
  622 F.3d 361 (5th Cir. 2010) ......................................................................................... 7

*Munaf v. Geren*,
  553 U.S. 674 (2008) ....................................................................................................... 9

*Nintendo of Am., Inc. v. Aeropower Co.*,
  34 F.3d 246 (4th Cir. 1994) ........................................................................................... 7

*Nintendo of Am., Inc. v. Dragon Pac. Int'l*,
  40 F.3d 1007 (9th Cir. 1994) ......................................................................................... 6

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ....................................................................................................... 9

*Oboler v. Goldin*,
  714 F.2d 211 (2d Cir. 1983) .......................................................................................... 7

*PAR Microsystems, Inc. v. Pinnacle Dev. Corp.*,
  995 F. Supp. 658 (N.D. Tex. 1998) ............................................................................... 7

*Perfect 10, Inc. v. Giganews, Inc.*,
  847 F.3d 657 (9th Cir. 2017) ....................................................................................... 13

*Perfect 10, Inc. v. Google, Inc.*,
    653 F.3d 976 (9th Cir. 2011) .......................................................................................... 9, 11

*Philips v. Ford Motor Co.*,
    726 F. App'x 608 (9th Cir. 2018) ........................................................................................ 9

*Schneider v. YouTube, LLC*,
    674 F. Supp. 3d 704 (N.D. Cal. 2023) ................................................................................. 4

*Sims v. Amazon.com, Inc.*,
    2022 WL 739524 (C.D. Cal. Jan. 27, 2022) ........................................................................ 6

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .............................................................................................. 9

*Storage Tech. Corp. v. Custom Hardware Eng'g & Consulting, Inc.*,
    421 F.3d 1307 (Fed. Cir. 2005) ......................................................................................... 11

*Synopsys, Inc. v. ATopTech, Inc.*,
    2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ................................................................... 13

*Taylor v. Meirick*,
    712 F.2d 1112 (7th Cir. 1983) ............................................................................................ 8

*Whittlestone, Inc. v. Handi-Craft Co.*,
    618 F.3d 970 (9th Cir. 2010) ........................................................................................... 6, 8

*YellowCake, Inc. v. DashGo, Inc.*,
    2022 WL 172934 (E.D. Cal. Jan. 19, 2022) ........................................................................ 6

**STATUTES**

17 U.S.C.
    § 412 .................................................................................................................................... 6
    § 502 .................................................................................................................................... 9
    § 503 .................................................................................................................................... 9
    § 504 ...................................................................................................................... 6, 7, 8, 11
    § 512 .................................................................................................................................... 8
    § 1203 .................................................................................................................................. 8

**RULES**

Fed. R. Civ. P. 8 ............................................................................................................................ 5, 12

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on December 19, 2024 at 2 p.m., Defendant Google LLC ("Google") will move this Court pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) for an order dismissing Plaintiff Jill Leovy's Second Amended Complaint (ECF No. 47 or "SAC").

**STATEMENT OF REQUESTED RELIEF AND ISSUES TO BE DECIDED**

Google respectfully requests that the Court dismiss (1) Leovy's demands for punitive damages, treble damages, nominal damages, and non-restitutionary disgorgement because these forms of relief are barred as a matter of law for a claim of copyright infringement; (2) Leovy's request for injunctive relief because the SAC fails to allege irreparable harm and inadequate remedies at law; and (3) Leovy's SAC in its entirety because it fails to provide a short and plain statement of her claim for relief.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs' original complaint, and the first amended version, were lengthy, anti-artificial-intelligence polemics. The amended complaint, which purported to assert 12 claims, stretched across 137 pages, 646 paragraphs, and 301 footnotes. Yet it failed to adequately plead a single cause of action. Concluding that Plaintiffs failed to satisfy the basic pleading requirements of Rule 8, this Court dismissed the amended complaint, and directed that any further amended complaint "be considerably more streamlined and crystallize the theory of the case." ECF No. 46 ("MTD Order") at 1. The SAC, however, is a slapdash revision—an attempt to salvage a single copyright claim for a single plaintiff from the previous morass. But Plaintiffs left untouched a host of irrelevant, unnecessary, and legally deficient allegations from their prior pleadings. In one obvious example, the prayers for relief in the prior complaint and SAC are nearly identical, even though the SAC asserts only a single claim (copyright infringement) for which much of the requested relief—"punitive damages," "treble [statutory] damages" "nominal damages" and "disgorgement"—is unavailable as a matter of law. *See* ECF No. 47-1 at 153-54. Because the Plaintiff cannot legally claim such relief, those requests should be dismissed with prejudice. In a similar fashion, Plaintiff tried to salvage her earlier demands for sweeping injunctive relief (so-

1 called "Accountability Protocols," (SAC ¶ 100)) by tacking on conclusory assertions of

2 irreparable harm to her copyright claim. *See* ECF No. 47-1 at 153. Because she has not plausibly

3 alleged an entitlement to injunctive relief, that request should be dismissed, too.

4     The rest of the SAC is more of the same. Instead of "crystallizing" the one remaining

5 copyright claim, Plaintiff's amendments have obfuscated it. The SAC inexplicably retains from

6 prior complaints allegations about the "theft" of "personal … information," "illegal[] access[]"

7 of websites, "undermin[ing] the policies" of websites, and "unfair and anticompetitive practices"

8 that have no tie to (or place in) the remaining infringement claim. SAC ¶¶ 4, 13, 53, 80. In some

9 instances, the SAC appears to have simply substituted the phrase "copyrighted materials" for

10 "personal information." *Compare, e.g.*, ECF No. 28 ("FAC") ¶ 367, *with* SAC ¶ 89. Perhaps

11 most problematic is Plaintiff's vague charge of infringement. She previously contended that

12 Google copied her book to train "Products," which she at least attempted to define by pointing to

13 a (non-exhaustive) list of specific Google models and products. But she has now dropped even

14 that specificity, claiming infringement via a largely undefined group of Google's products. SAC

15 ¶ 109; ECF No. 47-1 at 30, 32-35. All of this flouts Rule 8's requirement of a short and plain

16 statement that defines the metes and bounds of the case and puts the defendant on notice of what

17 it must investigate and answer. Google therefore again asks that the Court dismiss the SAC and

18 direct Leovy to provide the short and plain statement Rule 8 contemplates.

19 **BACKGROUND**

20     ***Procedural History.*** Plaintiff's original complaint (ECF No. 1 ("Compl.")) took a

21 "shotgun" approach: scores of pages of rhetoric and tangled assertions, followed by ten claims

22 for relief that had no clear relationship to the preceding allegations. Before moving to dismiss,

23 Google conferred with Plaintiffs, raised its concern about the complaint's lack of clarity, and

24 detailed the deficiencies in the complaint. *See* ECF No. 20 at 3. Undeterred, Plaintiffs put Google

25 to the burden of moving to dismiss. ECF No. 20.

26     Shortly afterward, and without responding to the motion, Plaintiffs withdrew their

27 original complaint, in favor of an amendment. ECF No. 28. That amended complaint, however,

28 doubled down on the shotgun approach and was even longer and more opaque. It recited 103

1 pages of "background" that were incorporated wholesale into twelve different counts, all but two
2 of which were boilerplate. *See id.* Google again moved to dismiss based on Rule 8 and Plaintiffs'
3 failure to state a claim. ECF No. 33. This time, Plaintiffs defended their pleading, but their
4 opposition shed little light on the basis for their claims. *See* ECF No. 36.

5 After briefing was complete, Judge Chhabria dismissed on Rule 8 grounds a very similar
6 complaint filed against OpenAI by some of the same plaintiffs and counsel. *See* ECF No. 41;
7 *Cousart v. OpenAI LP*, 2024 WL 3282522, at *1 (N.D. Cal. May 24, 2024). Judge Chhabria
8 explained that "the complaint is not only excessive in length, but also contains swaths of
9 unnecessary and distracting allegations making it nearly impossible to determine the adequacy of
10 the plaintiffs' legal claims," as well as "rhetoric and policy grievances that are not suitable for
11 resolution by federal courts." *Id.* The dismissal was with leave to amend, but Judge Chhabria
12 warned that if plaintiffs continued to ignore Rule 8, dismissal would be "with prejudice." *Id.* The
13 court also warned that even "if the plaintiffs manage to state a claim that gets past the pleading
14 stage, they should know that, given the way the current version of the complaint was drafted, it's
15 unlikely that they or their counsel can be trusted to adequately and responsibly represent the
16 interests of absent class members in a federal lawsuit." *Id.* Rather than file an amended
17 complaint, the *Cousart* plaintiffs abandoned their lawsuit. *See* 3:23-cv-04557, ECF No. 82 (N.D.
18 Cal. June 14, 2024).

19 Echoing Judge Chhabria's concerns in *Cousart*, this Court in assessing Plaintiffs' FAC
20 held that they had similarly flouted Rule 8 and granted Google's motion to dismiss. MTD Order
21 at 1. The Court directed that any further amended complaint "should be considerably more
22 streamlined and crystallize the theory of this case." *Id*.

23 ***Plaintiff's Second Amended Complaint.*** The second amended complaint gestures in the
24 direction of compliance with the Court's directive. It asserts a single claim, copyright
25 infringement, on behalf of a single plaintiff, Jill Leovy, for a single work, Leovy's non-fiction
26 book *Ghettoside: A True Story of Murder in America*. SAC ¶¶ 15, 104-119. Her theory appears
27 to be that Google trained its AI products with copyrighted material found on the public internet,
28 including copies and excerpts of her book that were available on sites like Scribd.com and Z

1  Library. SAC ¶¶ 2, 40-43. While Leovy claims Google "scraped" (i.e. copied) these materials by
2  "illegally access[ing] restricted" websites such as "subscription-based digital librar[ies]" and
3  from websites hosting "pirated … works" (SAC ¶¶ 13, 40), at least portions of her work were
4  publicly and freely shared online, with the permission of her publishers. *See, e.g.*, Excerpt From
5  "Ghettoside" by Jill Leovy, Scribd (last accessed July 29, 2024),
6  https://www.scribd.com/document/254016556/Excerpt-From-Ghettoside-By-Jill-Leovy (stating
7  the excerpt was posted "by permission of Spiegel & Grau, an imprint of Random House, a
8  Penguin Random House Company"). She seeks various forms of monetary relief, including four
9  forms clearly not available under copyright law: "punitive damages," "treble [statutory]
10 damages," "nominal damages," and "[n]on-restitutionary disgorgement." SAC at 29-30.
11       Leovy also requests sweeping and unprecedented injunctive relief that would have this
12 Court serve as an Internet and generative AI regulator in perpetuity. *See* SAC ¶¶ 100, 119.
13 According to Leovy, the Court should impose on Google "Accountability Protocols" requiring
14 that Google (i) stop using or delete any copyrighted material until it is "properly licensed" or the
15 owner is "fairly compensated," (ii) program web crawlers to avoid certain websites, (iii) review
16 copyright notices and website terms, and (iv) limit web crawling to public domain sources and
17 websites "for which Defendant has provided an accepted valuable consideration." SAC ¶ 100.
18 She further seeks an order requiring Google to allow "everyday internet users to opt out of all
19 collection/copying of their protected works." SAC ¶ 100.
20       In addition, Leovy seeks to represent a class of all U.S. copyright owners whose works
21 were used to train "Defendant's Products," SAC ¶ 90, even though "'copyright claims are poor
22 candidates for class-action treatment,'" *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717
23 (N.D. Cal. 2023) (quoting *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64,
24 65 (S.D.N.Y. 2013)), and despite doubts that Plaintiff's counsel "can be trusted to adequately
25 and responsibly represent the interests of absent class members in a federal lawsuit," *see*
26 *Cousart*, 2024 WL 3282522, at *1.
27       While a copyright claim could be stated in just a few pages, the SAC runs for more than
28 thirty, is laden with sixty-one footnotes, and like prior complaints, is rife with irrelevant,

hyperbolic criticisms of AI in general. The SAC suggests, for example, that AI promises a "destabilized future of social unrest and worsening poverty." *See* SAC ¶ 89 (AI will cause the "eliminat[ion] of future income for millions," "widespread unemployment," and "loss of value for intellectual property").

Most significantly, Plaintiff's copyright claim is even less crystallized now than in the prior complaints. The SAC vaguely asserts that Google infringed by copying Leovy's work to train Google's Gemini service (formerly known as Bard) and other unspecified "Products." But in a departure from prior pleadings, Plaintiffs do not identify any of those other products, leaving the scope of the claim (and the bounds of discovery) unclear. *Compare* SAC ¶ 109, *with* FAC ¶¶ 110-120 (listing and describing various AI products). The SAC also includes what appear to be remnants from now-discarded claims in prior versions of the complaint, further obscuring what matters are actually at issue. *See supra* 2; *see also* SAC ¶ 5 (quoting statement of FTC commissioner concerning "legal bans on indefinite retention of data"); *id.* ¶¶ 44-46 (complaining of "misappropriat[ion]" of content from blogs and crowdfunding websites).

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. Rule 8 mandates that a complaint contains a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And it must provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Id.* at 555.

In considering a motion to dismiss, the court should accept well-pleaded factual allegations in the complaint as true and construes the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A motion to dismiss under Rule 12(b)(6) also tests the legal sufficiency of the complaint's requested relief. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) (Rule 12(b)(6) authorizes motions challenging whether "damages are precluded as a matter of law"; motion to dismiss rather than to strike is the proper vehicle for challenging illicit relief). Where a complaint seeks forms of relief that are unavailable as a matter of law, those forms of relief should be dismissed. *See Linares v. CitiMortgage, Inc.*, 2015 WL 2088705, at *8 (N.D. Cal. May 5, 2015) (construing a Rule 12(f) motion to strike a punitive damages request as a Rule 12(b)(6) motion to dismiss and granting motion).

## ARGUMENT

### I. Leovy Fails To Allege A Basis For Recovering Punitive Damages, Treble Damages, Nominal Damages, Or Disgorgement.

Leovy demands a host of monetary remedies that are unavailable as a matter of law for her copyright infringement claim, the sole claim remaining in the case. Her demands for relief include "punitive damages," "treble [statutory] damages," "nominal damages," and "[n]on-restitutionary disgorgement." SAC at 29-30; *see also* SAC ¶ 101 (asserting that common questions for the putative class include whether class members are entitled to "enhanced damages" and "disgorgement"). These improper demands for relief should be dismissed with prejudice. *See, e.g.*, *Massacre v. Davies*, 2014 WL 4076549, at *6 (N.D. Cal. Aug. 18, 2014) (dismissing with prejudice plaintiff's request for punitive damages); *Sims v. Amazon.com, Inc.*, 2022 WL 739524, at *5 (C.D. Cal. Jan. 27, 2022) (same); *YellowCake, Inc. v. DashGo, Inc.*, 2022 WL 172934, at *3 (E.D. Cal. Jan. 19, 2022) (same). "Congress quite consciously limited the remedies available" for copyright infringement claims. *Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.*, 887 F.2d 399, 406 (2d Cir. 1989). A copyright owner who has proven her infringement claim may elect one of two monetary remedies. 17 U.S.C. § 504(a); *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1010 (9th Cir. 1994). One option is to recover "the copyright owner's actual damages and any additional profits of the infringer." 17 U.S.C. § 504(a). Alternatively, provided that the work was registered "before the commencement of infringement," 17 U.S.C. § 412, the owner may elect to recover "statutory damages" on a per-

1   work basis, 17 U.S.C. § 504(a). These are the only forms of monetary relief available as a matter

2   of law for a copyright infringement claim. *See id.* ("an infringer of copyright is liable for ***either***

3   ... actual damages and any additional profits ... ***or*** ... statutory damages" (emphasis added)).

4       Nevertheless, Leovy's SAC demands various forms of monetary relief that are not

5   available for her copyright infringement claim, including punitive, treble statutory, and nominal

6   damages, and non-restitutionary disgorgement. The Copyright Act "does not authorize recovery

7   of punitive damages." *Leonard v. Stemtech Int'l Inc.*, 834 F.3d 376, 392 (3d Cir. 2016); *accord*

8   *Bucklew v. Hawkins, Ash, Baptie & Co.*, 329 F.3d 923, 931 (7th Cir. 2003) ("[T]he statute

9   contains no provision for punitive damages."); *Oboler v. Goldin*, 714 F.2d 211, 213 (2d Cir.

10  1983) ("Punitive damages are not available in statutory copyright infringement actions.");

11  *Massacre*, 2014 WL 4076549, at *6 (noting that "[s]everal district courts in the Ninth Circuit

12  have found that punitive damages are not available in statutory copyright infringement cases"

13  and dismissing request for punitive damages). Nor does it authorize "trebling statutory

14  damages." *Nintendo of Am., Inc. v. Aeropower Co.*, 34 F.3d 246, 251 (4th Cir. 1994); *accord*

15  *Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996).

16      Similarly, there "is no right to nominal damages … in a copyright suit." *Eagle Servs.*

17  *Corp. v. H2O Indus. Servs., Inc.*, 532 F.3d 620, 623 (7th Cir. 2008). Because Congress did not

18  expressly authorize nominal damages and instead omitted any reference to them in "the carefully

19  defined scheme established in § 504(b) and (c)," nominal damages are not available. *PAR*

20  *Microsystems, Inc. v. Pinnacle Dev. Corp.*, 995 F. Supp. 658, 663 (N.D. Tex. 1998). Thus, when

21  plaintiffs have failed to make the showings required for actual or statutory damages, courts have

22  awarded no damages. *See Luxul Tech. Inc. v. NectarLux, LLC*, 2016 WL 3345464, at *13 (N.D.

23  Cal. June 16, 2016) (granting summary judgment on infringement claim where plaintiff had not

24  shown entitlement to "to damages or any equitable relief"); *MGE UPS Sys., Inc. v. GE Consumer*

25  *and Indus., Inc.*, 622 F.3d 361, 368 (5th Cir. 2010) (rendering judgment for defendant based on

26  plaintiff's "failure to prove damages"); *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d

27  514, 525-26 (4th Cir. 2003) (affirming grant of summary judgment to defendants because

28  plaintiff did not prove actual damages beyond "unsupported speculation"); *Atlanta Allergy &*

1  *Asthma Clinic, P.A. v. Allergy & Asthma of Atlanta, LLC*, 685 F. Supp. 2d 1360, 1379 (N.D. Ga.
2  2010) (granting summary judgment of "no damages" where plaintiff had "failed to present any
3  evidence of the revenue, if any, attributable to Defendants' infringement").

4  While some courts have permitted nominal damages, *e.g.*, *Branch v. Ogilvy & Mather,
5  Inc.*, 1991 WL 254425 (S.D.N.Y. Nov. 15, 1991) (upholding jury award of $1 damages), these
6  courts overlook that Section 504 authorizes "actual damages." 17 U.S.C. § 504(a). In *Lenz v.
7  Universal Music Corp.*, 815 F.3d 1145, 1156 (9th Cir. 2016), the Ninth Circuit considered
8  whether nominal damages were available for a claim that the defendant sent a knowingly false
9  notification of online infringement in violation of 17 U.S.C. § 512(f). It held that nominal
10 damages were available for Section 512(f) claims because Congress "specified [that plaintiffs
11 could] recover[] 'any damages.'" 815 F.3d at 1156 (quoting 17 U.S.C. § 512(f)). This contrasted,
12 the Court observed, with a provision elsewhere in the Copyright Act that "specifies recovery for
13 'actual damages.'" *Id.* at 1156 n.4 (quoting 17 U.S.C. § 1203(c)(1)(A)). This contrast showed
14 that "[i]f Congress intended to similarly limit the recovery of § 512(f) damages to pecuniary
15 losses [by specifying recovery for actual damages], it could have chosen to do so." *Id.* Given that
16 Section 504 specifies recovery for "actual damages," 17 U.S.C. § 504(a), *Lenz* confirms that
17 nominal damages are not available for copyright infringement claims.

18 Finally, the Copyright Act does not authorize "[n]on-restitutionary disgorgement of all
19 profits that were derived, in whole or in part, from Defendant's conduct" (SAC at 29-30); rather,
20 a copyright owner may recover only those profits "attributable to the infringement," and only to
21 the extent those profits "are not taken into account in computing the actual damages." 17 U.S.C.
22 § 504(b); *Taylor v. Meirick*, 712 F.2d 1112, 1120 (7th Cir. 1983) (explaining that the statute
23 prohibits "double counting" actual damages and the infringer's profits). Simply put, there is no
24 freestanding entitlement to non-restitutionary disgorgement of all profits, but only a right to
25 actual damages, including the specified non-duplicative profits of the alleged infringer as
26 prescribed by 17 U.S.C. § 504(b).

27 Because Leovy cannot recover these forms of relief as a matter of law, the Court should
28 dismiss them with prejudice. *See Whittlestone*, 618 F.3d at 974. Dismissal now would confer the

1 added benefit of helping streamline discovery and reducing ambiguity over what is properly part
2 of the case.

## II. Leovy Fails To Allege Entitlement To Injunctive Relief.

The Copyright Act provides that courts "may" grant injunctive relief as a possible remedy for infringement in addition to damages. 17 U.S.C. §§ 502, 503. Injunctions are not "automatic[]" upon a finding of infringement. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392 (2006). Rather, to obtain injunctive relief, a plaintiff must prove that she satisfies the traditional equitable factors, *i.e.*, "(1) that [she] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.* at 391; *see also Impinj, Inc. v. NXP USA, Inc.,* 2023 WL 6955477, at *1 (N.D. Cal. Oct. 3, 2023) ("The movant must prove that it meets all four equitable factors."). Injunctive relief is "an 'extraordinary and drastic remedy,'" and there is no "presumption[]" of irreparable harm or "thumb on the scale" in favor of injunctive relief for claims of copyright infringement. *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980 (9th Cir. 2011) (recognizing that *eBay* overruled prior case law holding that irreparable harm can be presumed to follow from infringement) (citing *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)).

Demands for injunctive relief should be dismissed where the complaint "fail[s] … to establish the basic requisites of the issuance of equitable relief, " including "the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *See O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) (affirming district court's dismissal); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of request for equitable restitution where "the operative complaint [did] not allege that Sonner lacks an adequate legal remedy") (citing *O'Shea*); *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) (affirming dismissal of request for injunctive relief where "the district court correctly determined that [plaintiffs] were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief."). As with other aspects of a complaint, in

| GOOGLE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT | -9- | CASE NO.: 3:23-CV-03440-AMO |

1  pleading the prerequisites for equitable relief, "conclusory allegations will not suffice." *Hubbard*
2  *v. Google LLC*, 2024 WL 3302066, at *4 (N.D. Cal. July 1, 2024) (dismissing request for
3  equitable relief); *accord Blain v. Liberty Mut. Fire Ins. Co.*, 2023 WL 3612390, at *3 (S.D. Cal.
4  May 22, 2023) ("[r]elying only on conclusory and conditional statements …. does not pass the
5  pleading standards established by *Iqbal* and *Twombly*"; dismissing request for equitable relief).

6  Here, Leovy's demands for injunctive relief—including that this Court sit as AI overseer
7  for Leovy's so-called "Accountability Protocols" (SAC ¶ 100)—are supported only by
8  conclusory allegations. *See* SAC ¶ 119 (Plaintiff and class "have been and continue to be
9  irreparably injured due to Defendant's infringement and conduct described herein, for which no
10 adequate remedy is available at law"). The SAC includes no factual allegations explaining how
11 Leovy will supposedly suffer irreparable injury absent an injunction, or why monetary relief is
12 an inadequate remedy for her.

13 Indeed, what Leovy has chosen *not* to allege in the SAC is telling. In trying to establish
14 irreparable harm, copyright owners frequently point to the alleged ongoing distribution of their
15 work by the defendant, which undermines their own ability to control and profit from the
16 distribution of their work. *See, e.g.*, *Hunter Killer Prods., Inc. v. Zarlish*, 2020 WL 3980117, at
17 *5 (D. Haw. June 15, 2020) (granting injunction because, among other reasons, defendant
18 "continue[d] to distribute [plaintiff's copyrighted] software applications" and "without an
19 injunction, … will likely be the source for others to repeatedly download [plaintiff's works]").
20 Here, Leovy pointedly makes no such allegations in her Second Amended Complaint. The prior
21 complaints vaguely hinted at the possibility that Google's Gemini (formerly Bard) service might
22 be making portions of Leovy's book available to users. *See, e.g.*, Compl. ¶¶ 15, 108, 111, 354,
23 359, 362; FAC ¶¶ 15, 211, 214, 639. But after Google repeatedly moved to dismiss Leovy's
24 copyright claims directed to Gemini's output based on the failure plead facts to substantiate those
25 infringement claims, ECF No. 20 at 25; ECF No. 33 at 30, Plaintiff has now abandoned that
26 theory in her SAC, *see* ECF No.47-1 at 13.

27 The SAC devotes far more attention to the ways in which monetary compensation would
28 remedy the alleged harm, asserting that "Plaintiff Leovy was never paid a penny for Google's

1   unauthorized reproduction of the book" (SAC ¶ 16); that the alleged infringement "deprives
2   creators like Leovy of deserved royalties, and undermines their financial stability and incentive
3   to create new works" (*id*. ¶ 17; *see also id*. ¶ 31); and that Leovy is entitled to "fair
4   compensation" and "lost profits" (*id*. ¶ 17 & ¶ 58). Leovy further asserts that the alleged
5   infringement "harms creators in a number of ways," but that "[m]ost clearly, they lose out on the
6   monetary incentive that comes with being the holder of a copyright." (*id*. ¶ 29). Especially in
7   light of the potential availability of statutory damages for copyright infringement, *see* 17 U.S.C.
8   § 504(c), the SAC does not provide any plausible basis to conclude that monetary relief would
9   not adequately remedy Leovy's alleged harm (if she were to have a valid claim).

10          Leovy's failure to include any factual allegations supporting injunctive relief is all the
11  more glaring given the unusual and sweeping relief she requests. Leovy seeks establishment of
12  "Accountability Protocols" that would "bar[] any use of the protected materials until Plaintiff
13  and Class Members are fairly compensated for the stolen and copied protected materials, and are
14  compensated for the ongoing use of their intellectual property." SAC ¶ 100. But "use" is not one
15  of the exclusive rights of copyright, *see, e.g.*, *Storage Tech. Corp. v. Custom Hardware Eng'g &*
16  *Consulting, Inc.*, 421 F.3d 1307, 1316 (Fed. Cir. 2005), and such an injunction would be
17  impermissibly broad in enjoining conduct that is not infringement. And by requesting an
18  injunction that would last only until Leovy is "compensated," Leovy effectively admits that
19  monetary relief would redress her alleged injury, such that there is an adequate remedy at law.

20          Leovy's proposed "Accountability Protocols" would also require that Google (i) program
21  web crawlers to avoid certain websites, (ii) review copyright notices and website terms, and (iii)
22  limit web crawling to public domain sources and websites "for which Defendant has provided an
23  accepted valuable consideration." SAC ¶ 100. Plaintiff further seeks an order requiring Google to
24  allow "everyday internet users to opt out of all collection/copying of their protected works." *Id*.
25  These requests for extensive changes to Google's business go far beyond anything that could be
26  legitimately related to remedying infringement of specific registered copyrighted works. *See*
27  *Perfect 10, Inc. v. Google, Inc.*, 653 F.3d at 982 (affirming denial of preliminary injunction
28  where plaintiff had failed to establish a "sufficient causal connection between [its] irreparable

1  harm" and the conduct plaintiff sought to enjoin); *Chicago Bd. of Educ. v. Substance, Inc.*, 354

2  F.3d 624, 632 (7th Cir. 2003) (narrowing injunction to restrain infringement of then-existing

3  works of a specific type owned by plaintiff). Yet the SAC fails to provide a plausible basis for

4  *any* injunctive relief, much less the broad and overreaching order that Plaintiff requests.

5        Accordingly, Google respectfully requests that the Court dismiss Leovy's claim for

6  injunctive relief.

7  **III.     Leovy's SAC Violates Rule 8's Plain Statement Requirement.**

8        In dismissing the FAC as violating Rule 8, this Court directed that the SAC "should be

9  considerably more streamlined and crystallize the theory of this case." MTD Order at 1. The

10 SAC—having dropped eight of the nine plaintiffs, and abandoned eleven of twelve claims—is a

11 less voluminous 119 paragraphs, yet still falls well short of satisfying Rule 8's simple mandate.

12 In Leovy's third attempt at pleading copyright infringement, she has yet to offer a "short and

13 plain" statement of her claim stated through "simple, concise, and direct" allegations. Fed. R.

14 Civ. P. 8(a)(2), 8(d)(1).

15       Indeed, the nature of Leovy's copyright claim is even more opaque than before. As

16 Google explained (ECF No. 20 at 6), Leovy's prior complaints did not fully define the universe

17 of Google products at issue, but they at least *tried*. There, Plaintiffs defined "Products" to mean

18 "Defendants' AI products, including but not limited to," Google Bard, Imagen, Music LM, Duet

19 AI, and Gemini. Compl. ¶¶ 63-70; FAC ¶¶ 110-120 (same).

20       The SAC lacks even this waving at a definition, leaving the metes and bounds of Leovy's

21 copyright claim entirely undefined. The SAC refers to Google's "Products," but nowhere

22 purports to define the term. *See* ECF No. 47-1 at 30 (eliminating definition). Making matters

23 worse, Leovy excised references to the handful of Google models and products she actually

24 identified in her prior pleadings, other than Bard (now called "Gemini"). *See* ECF No. 47-1 at

25 32-35 (eliminating discussion of Imagen, Music LLM, Duet AI). As Plaintiffs' prior allegations

26 make clear, Google offers many products and services, including online search and advertising

27 tools, cloud computing, email services, and hardware—most of which may use AI in one way or

28 another. *See* SAC ¶ 18; *see also* Compl. ¶¶ 99, 119-121 (allegations about Google's "integration

1   of AI technology into [its] primary products" and Google's use of a certain AI model in

2   connection with Bard and "24 other products including but not limited to Gmail, Docs, Sheets

3   and YouTube"); FAC ¶¶ 99, 222-224 (same).

4         The allegations in the SAC still do not give Google fair notice of the scope of Plaintiff's

5   copyright claim. Rule 8 requires simple but clear details of Plaintiff's claims so that Google may

6   investigate them, answer them, and assert applicable defenses. *See McHenry v. Renne*, 84 F.3d

7   1172, 1178, 1180-81 (9th Cir. 1996) (Rule 8 requires a complaint set forth "who is being sued,

8   for what relief, and on what theory, with enough detail to guide discovery," to minimize

9   "discovery disputes" and "surprise" at trial); *In re "Santa Barbara Like It Is Today" Copyright*

10  *Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982) (Rule 8 "serves to sharpen the issues to

11  be litigated and to confine discovery within reasonable grounds"). In the copyright context,

12  "Plaintiff need not reach any heightened level of particularity for its copyright claims, but those

13  claims must be plausible under Rule 8, *Twombly*, and *Iqbal*." *Synopsys, Inc. v. ATopTech, Inc.*,

14  2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013). Absent a basic level of detail about the

15  product that allegedly infringes, the SAC cannot survive even Rule 8's forgiving standard. *See*

16  *Becton v. Cytek Biosciences Inc.*, 2020 WL 1877707, at *6 (N.D. Cal. April 15, 2020)

17  (dismissing claim where plaintiff failed to allege "in what Cytek document or software such

18  copying is manifest"); *cf. Bender v. LG Elecs. U.S.A., Inc.*, 2010 WL 889541, at *2 (N.D. Cal.

19  Mar. 11, 2010) (failure to specifically identify accused product in patent case violates Rule 8).

20  Here, Leovy does not allege any Google product or service where copying of her book "is

21  manifest," but instead sweepingly generalizes by apparently referencing anything that might in

22  any way use AI. That is improper. *See Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th

23  Cir. 2017) (an infringement suit "is a specific lawsuit by a specific plaintiff against a specific

24  defendant about specific copyrighted images; it is not a lawsuit against copyright infringement in

25  general").

26        Problematic, too, are the irrelevancies that still plague Leovy's complaint, including

27  vestigial allegations pleaded in support of causes of action that Plaintiff no longer asserts. Leovy

28  abandoned claims for larceny, intentional interference with contract, violation of the

1    Comprehensive Computer Data Access and Fraud Act, and trespass, yet she continues to allege

2    things having nothing to do with her remaining copyright claim, such as that Google engaged in

3    "theft" of "personal … information" (SAC ¶ 4; *see also id.* ¶¶ 32, 34); "illegally accessed

4    restricted, subscription-based websites" (*id.* ¶ 13; *see also id.* ¶ 40); and "undermin[ed] the

5    policies" of Twitter and Reddit, social media platforms that Ms. Leovy has never claimed to use

6    (*id.* ¶¶ 50-53; *see also, e.g.*, FAC ¶¶ 20, 62, 87 (alleging ***former*** plaintiffs posted personal

7    information on Twitter and Reddit)). Likewise, having jettisoned from the complaint her claim

8    under California's Unfair Competition Law, Leovy nevertheless decries Google's "unfair

9    advantage over smaller competitors" (SAC ¶ 12; *see also id.* ¶ 80 ("Defendant's unfair and

10   anticompetitive practices")). To the extent Leovy has standing to raise these issues—which is

11   doubtful—they have nothing to do with her sole remaining claim for copyright infringement. *See*

12   *Cousart*, 2024 WL 3282522, at *1 (dismissing complaint that had "swaths of unnecessary and

13   distracting allegations making it nearly impossible to determine the adequacy of the plaintiffs'

14   legal claims," including "three-plus pages discussing copyright concerns even though none of the

15   plaintiffs assert a copyright claim").[1]

16         The SAC also devotes dozens more paragraphs to the opinions of miscellaneous third

17   parties on artificial intelligence—many from unknown "commentator[s]" and "internet users"

18   (*e.g.*, SAC ¶¶ 10, 49), and some having nothing at all to do with copyright (*e.g.*, *id.* ¶ 5 (quoting

19   statement of FTC commissioner concerning "legal bans on indefinite retention of data"). *See*

20   *also, e.g.*, *id.* ¶¶ 63-71, 73-76 (purporting to show the "outrage[]" of "creators" and "the public").

21   These allegations too—like Plaintiff's claims about the concerns of news and media websites (*id.*

22   ¶¶ 77-80), or the supposed "misappropriat[ion]" of content from blogs and crowdfunding

23   ―――――――――――

24   [1] Many of the SAC's most hyperbolic allegations trace back to Plaintiffs' prior complaints, but have simply been modified to shoehorn in references to copyright. *Compare, e.g.*, FAC ¶ 367
25   ("No one has consented to the use of their ***personal information*** in a manner that not only violates their ***property and privacy rights*** but that also may build this destabilized future of
26   social unrest and worsening poverty for everyday people . . . ."), *with* SAC ¶ 89 ("No one has consented to the use of their ***copyrighted materials*** in a manner that not only violates ***copyright***
27   ***laws*** but that also may build this destabilized future of social unrest and worsening poverty for
28   everyday people . . . .") (emphasis added); *compare also, e.g.*, FAC ¶¶ 2, 10, 129, 201, 261, *with* SAC ¶¶ 4, 12, 34, 47, 63 (same).

GOOGLE'S MOTION TO DISMISS                      -14-                    CASE NO.: 3:23-CV-03440-AMO
SECOND AMENDED COMPLAINT

1  websites (*id.* ¶¶ 44-46)—have no bearing on Leovy's copyright claim. The same is true of the

2  SAC's rhetoric. Leovy characterizes Google's alleged actions as raising "serious … moral[] and

3  ethical" issues (*id.* ¶ 36), labels Google's alleged positions as "bold and insidious" (*id.* ¶ 9), and

4  gestures at "stunned internet users around the world" and "outraged" authors. *Id.* ¶¶ 4, 9. Such a

5  complaint "replete with 'immaterial facts not obviously connected to any particular cause of

6  action'" is an "impediment to Defendants' fair notice" and warrants dismissal under Rule 8.

7  *George v. Grossmont Cuyamaca Cmty. Coll. Dist. Bd. of Governors*, 2022 WL 17330467, at

8  \*15-16 (S.D. Cal. Nov. 29, 2022); *see also McHenry*, 84 F.3d at 1174, 1179-80 (courts may

9  dismiss a complaint as violating Rule 8 where it lacks a "short and plain" statement, and instead

10 "mixes allegations of relevant facts, irrelevant facts, political argument, and legal argument in a

11 confusing way"). As Judge Chhabria counseled, "[t]he development of AI technology may well

12 give rise to grave concerns for society, but the plaintiffs need to understand that they are in a

13 court of law, not a town hall meeting." *Cousart*, 2024 WL 3282522, at \*1.

14       Despite the direction from both this Court and Judge Chhabria, Leovy's SAC still runs

15 afoul of Rule 8.

16 **CONCLUSION**

17       For these reasons, the Court should dismiss Leovy's SAC.

20 Respectfully submitted,

21 Dated:  July 29, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
    David H. Kramer
    dkramer@wsgr.com
    Maura L. Rees
    mrees@wsgr.com
    Eric P. Tuttle
    eric.tuttle@wsgr.com

*Counsel for Defendant* GOOGLE LLC