| | |
|---|---|
| Joseph R. Saveri (State Bar No. 130064) | Laura M. Matson (*pro hac vice*) |
| **JOSEPH SAVERI LAW FIRM, LLP** | **LOCKRIDGE GRINDAL NAUEN PLLP** |
| 601 California Street, Suite 1505 | 100 Washington Avenue South, Suite 2200 |
| San Francisco, CA 94108 | Minneapolis, MN 55401 |
| Telephone: (415) 500-6800 | Telephone: (612) 339-6900 |
| Facsimile: (415) 395-9940 | Facsimile: (612) 339-0981 |
| Email: jsaveri@saverilawfirm.com | Email: lmmatson@locklaw.com |

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
Email: mb@butterick law.com

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JILL LEOVY, NICHOLAS GUILAK, CAROLINA BARCOS, PAUL MARTIN, MARILYN COUSART, ALESSANDRO DE LA TORRE, VLADISSLAV VASSILEV, JANE DASCALOS, and minor G.R., individually, and on behalf of all other similarly situated,<br><br>      *Plaintiffs*,<br><br> v.<br><br>Google LLC,<br><br>      *Defendant*. | Case No. 3:23-cv-3440-AMO<br><br>***ZHANG* PLAINTIFFS' OPPOSITION TO GOOGLE'S RENEWED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................................. 1
II.    BACKGROUND ............................................................................................................... 1
       A.    The *Leovy* Action ................................................................................................. 1
       B.    The *Zhang* Action ................................................................................................ 2
       C.    The Renewed Administrative Motion to Consider Whether Cases Should be
             Related .................................................................................................................. 2
III.   ARGUMENT .................................................................................................................... 3
       A.    The *Zhang* and *Leovy* Actions Are Not Substantially the Same ............................... 3
       B.    No Undue Burden Will Result From the Actions Proceeding Separately ................. 4
       C.    The First-Filed Rule Does Not Apply ..................................................................... 5
IV.    CONCLUSION ................................................................................................................. 5

## I. INTRODUCTION

On July 23, 2024, non-Parties Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink—plaintiffs in the action captioned *Zhang, et al. v. Google LLC, et al.*, Case No. 5:24-cv-02531-EJD (N.D. Cal.)—received notice that the *Zhang* action had been related to *Leovy, et al. v. Google LLC*, Case No. 3:23-cv-03440-AMO. *Zhang* ECF No. 30; *Leovy* ECF No. 51. Google served notice in a manner that prevented the *Zhang* Plaintiffs from being properly notified, and, as a result, the Court granted the motion without opposition.

*Zhang* and *Leovy* are plainly not related—two cases are not related merely because they both concern generative AI. Although *Leovy* and *Zhang* both concern generative AI models created and sold by Google, the commonalities end there. Each case involves different parties, different classes of individuals (writers versus visual artists), different property (language models versus image models), and different transactions and events (the scraping of different and disparate datasets). Plaintiff Leovy is a book author and journalist challenging Google's use of text for Google's large language models, i.e., text-output models. The *Zhang* Plaintiffs, on the other hand, are cartoonists, illustrators and photographers challenging Google's use of visual images for Google's image generation models. The datasets allegedly scraped by Google to create the challenged models in each case are different, and contain different corpora of material (text for *Leovy* and visual images for *Zhang*). The training of large language models and image-generation models is different and any analysis of the models' respective outputs will be distinct.

As a practical matter, relating these two disparate matters will require duplication of burdensome labor and expense. Little discovery will overlap, let alone any motion practice. Few substantive issues will overlap given the technical differences between the models and works at issue. Relating these two matters defeats, rather than conserves, judicial economy.

## II. BACKGROUND

### A. The *Leovy* Action

Plaintiff Leovy filed a Second Amended Class Action Complaint ("SAC") against Google in the *Leovy* Docket on June 27, 2024. *Leovy* ECF No. 47. "Plaintiff Leovy is a New York Times best-selling author and investigative journalist residing in the State of Texas." SAC ¶ 14. Plaintiff

1    Leovy owns a registered copyright in the book *Ghettoside: A True Story of Murder in America*.
2    SAC ¶ 15. Plaintiff Leovy seeks to represent a class of "authors and other creators" in the United
3    States who allegedly own copyrights in works that were used as training data for Google
4    "Products like 'Gemini' (previously known as 'Bard'), the chatbot Google released to compete
5    with OpenAI's 'ChatGPT.'" SAC ¶¶ 2, 9, 90. These products "are designed to understand and
6    generate human language." *Id.* at 3. Plaintiffs assert claims for direct copyright infringement
7    based on Google's "copy[ing] and download[ing of] the works of writers and other creators,
8    without compensation, to build and train its AI Products like Gemini, capable of performing now
9    the same type of work for which these writers and authors would be paid." *Id.* ¶ 6. Gemini and
10   Cloud AI are the *only* Google Products mentioned by name in the SAC; the SAC does not
11   mention Google Imagen or "visual art." The SAC does not indicate Plaintiff Leovy owns
12   registered copyrights in any visual images. *See generally* SAC & ECF No. 47-2 (Exhibit A
13   showing Plaintiff Leovy's registered copyright for *Ghettoside: A True Story of Murder in*
14   *America*). A motion to dismiss is pending and the case management conference is set for October
15   3, 2024.

16   **B.    The *Zhang* Action**

17        Plaintiffs in the *Zhang* Action filed a class action against Google and Alphabet Inc. on
18   April 26, 2024. The *Zhang* Plaintiffs are visual artists who own copyrights in certain images that
19   Google has admitted to copying without plaintiffs' authorization to train Imagen, a text-to-image
20   diffusion model. *Zhang* ECF No. 1, at ¶ 5. The *Zhang* Plaintiffs are cartoonists, illustrators, and
21   photographers who each own registered copyrights in their visual works. *Zhang* ECF No. 1, at ¶¶
22   11-15 & Ex. A. The *Zhang* Plaintiffs assert claims for (1) direct copyright infringement (17
23   U.S.C. § 501), and (2) vicarious copyright infringement. Defendants filed a motion to dismiss the
24   complaint on June 20, 2024, and the case management conference is set for August 22, 2024.

25   **C.    The Renewed Administrative Motion to Consider Whether Cases Should be Related**

26        Google previously filed an administrative motion to consider whether cases should be
27   related (ECF No. 42), which the *Zhang* Plaintiffs opposed (ECF No. 44). That order was denied.
28   ECF No. 46. Google filed its renewed motion on the *Leovy* docket without properly serving the

*Zhang* Plaintiffs with the motion. In particular, Google served only one of Plaintiffs' nine counsel of record and failed to serve the attorneys who had been negotiating possible relation with Google. Thus, Plaintiffs thus were not aware of Google's renewed motion until the Court's Order Relating Case (ECF No. 51) was filed on the *Zhang* docket on July 23, 2024 (*Zhang* ECF No. 28). On July 26, 2024, the Court permitted the *Zhang* Plaintiffs to file a response to Google's renewed administrative motion. ECF No. 54.

### III.    ARGUMENT

Under Civil L.R. 3-12, an action is related to another when: (1) "[t]he actions concern substantially the same parties, property, transaction, or event;" and (2) "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither requirement is met here.

**A.    The *Zhang* and *Leovy* Actions Are Not Substantially the Same**

The *Zhang* and *Leovy* Actions do not concern substantially the same parties, property, transaction, or events. First, the two actions have only one party in common: Google. Alphabet Inc., a defendant in *Zhang*, is not a party in *Leovy*. None of the five named plaintiffs in *Zhang* and *Leovy* overlap. And the possibility that the proposed class in *Leovy*, if certified, might encompass the proposed class in *Zhang* is inapposite—neither case has reached class certification, so for purposes of the instant analysis, each plaintiff is proceeding individually in his or her respective case.

Second, the property at issue in each case is different. The *Zhang* Plaintiffs are all artists suing to enforce copyrights on visual art. Plaintiff Leovy, on the other hand, is an author who seeks to protect "any work that was used as training data for Defendant's Products." SAC ¶ 90. While the *Leovy* complaint passingly mentions images in one place—*id*. ¶ 23—the complaint is focused on copyright related to text. The *Leovy* complaint does not include any detailed allegations about image-based copyright infringement, and nearly every paragraph in *Leovy* concerns human language, text, articles, books, or authors. *Id*. ¶¶ 3, 6-7, 13-16, 23-24, 30-31, 35, 37, 40-44, 48-50, 58, 64, 67-69, 78-80, 84, 97, 108-16. The "property" items Google copied from the internet are wholly distinct in nature and substance and not "substantially the same."

Third, there is no allegation that the "transactions" or "events" at issue in the *Zhang* Action are the same as those at issue in *Leovy*. As an initial matter, *Zhang* and *Leovy* concern different corpora of training data with little to no overlap. Plaintiffs in the *Zhang* Action allege that Google used the LAION-400M dataset—a collection of approximately 400 million images with accompanying textual descriptions—to train Google Imagen and multimodal models. The *Leovy* Action does not mention LAION at all, but rather alleges that LaMDA was trained from "C4 data," Wikipedia, and a number of unknown sources. SAC ¶¶ 24-26. Additionally, each case concerns different models. Gemini—the only Google model mentioned in both actions—is mentioned only once in *Zhang* but numerous times in *Leovy*. *Compare* SAC ¶¶ 2-6, 13, 15, 23-36, 45-47, 59-62, 84, 89, 108-16 with *Zhang* ECF No. 1 ¶ 53 (noting that "multimodal" models, such as Google Gemini, are capable of training images as well as text). As Google itself points out in its recently filed motion to dismiss the *Leovy* SAC, the SAC excises references to the other Google models, including Imagen, that were referenced in prior iterations of the *Leovy* complaint referenced. *See* ECF No. 55 at 12. This omission makes plain that the transactions and events underlying the infringements in each case are necessarily different.

**B.     No Undue Burden Will Result From the Actions Proceeding Separately**

If these cases proceed together, it will increase the burden of litigation, waste an enormous amount of attorney time, delay resolution of the respective disputes, and muddy the issues for the court. Because the *Zhang* Action is focused exclusively on copyright infringement of visual images, which are fundamentally different from other data modalities, legal and factual issues specific to text-to-image AI models will dominate the *Zhang* Action. Those same issues will be relatively insignificant in the *Leovy* Action, which focuses entirely on copyright infringement of text and non-image media. Similarly, issues specific to the training of language models will be prominent in the *Leovy* Action and of little consequence to the *Zhang* Action.

For instance, the discovery process for the two actions will involve fundamentally different types of evidence, technical details, and expert analyses. Some of those differences include the types of datasets involved in training the different types of models, the way the models work, output analysis, and analyses regarding the architectural details and technical

infrastructure of the models. Indeed, each type of work will require distinct analytical methods and approaches. *Compare Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (explaining that part of the Ninth Circuit's "substantial similarity" test for literary works "focuses on articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequences of events in two works" (citation omitted)), *with Mountain v. Mehron, Inc.*, No. LA CV18-00080 JAK (MRWx), 2018 WL 5024918, at *15 (C.D. Cal. May 21, 2002) (explaining that in the Ninth Circuit, courts analyze "substantial similarity" of visual art in part by examining "the similarities in their objective details in appearance, including . . . the subject matter, shapes, colors, materials, and arrangement of the representations." (citation omitted)). There are no efficiency gains that would justify relating the two cases.

### C. The First-Filed Rule Does Not Apply

When two actions involving the same parties and underlying claims are pending concurrently, courts in the Ninth Circuit follow the "first-filed" rule whereby the court which first has possession of the action decides it. *See Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). Although the first-filed rule creates a general presumption that a first-filed suit has priority, that presumption is not applied in a rigid or mechanical way. *See NBC Studios, LLC, et al. v. Dish Network Corp., et al.*, No. CV 12-04536 DMG (SHx), 2012 WL 12886834, at *3 (C.D. Cal. Nov. 8, 2012). The Court should consider the equities when exercising its discretion. *See Alvarez v. YRC Inc.*, No. CV 12-01374-BRO (Ex), 2016 WL 11751961, at *6 n.11 (C.D. Cal. Apr. 24, 2017).

Here, the first-filed rule does not apply because, as noted above, (1) there is no substantial similarity of parties, property, transactions, and events, and (2) the *Zhang* and *Leovy* plaintiffs advance different claims that will turn on different legal and factual issues. Additionally, considerations of equity and efficiency weigh sharply against relating the two actions. *Zhang*, despite a nine-month head start, has progressed further than *Leovy*. Relating the two actions would slow *Zhang* for no real benefit.

### IV.   CONCLUSION

For the above reasons, the Court should deny Google's renewed administrative motion.

| | |
|---|---|
| Dated: July 30, 2024 | By: /s/ *Joseph R. Saveri*<br>Joseph R. Saveri |

Joseph R. Saveri (State Bar No. 130064)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan Creutz (State Bar. No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:      (415) 395-9940
Email:             jsaveri@saverilawfirm.com
                       cyoung@saverilawfirm.com
                       eabuchanan@saverilawfirm.com
                       ecreutz@saverilawfirm.com

Matthew Butterick (State Bar No. 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:     (323) 968-2632
Facsimile:      (415) 395-9940
Email:             mb@buttericklaw.com

Brian D. Clark (*pro hac vice*)
Laura M. Matson (*pro hac vice*)
Arielle S. Wagner (*pro hac vice*)
Eura Chang (*pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:     (612) 339-6900
Facsimile:      (612) 339-0981
Email:             bdclark@locklaw.com
                       lmmatson@locklaw.com
                       aswagner@locklaw.com
                       echang@locklaw.com