**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (CA SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (CA SBN 306499)
*yhart@clarksonlawfirm.com*
Tiara Avaness (CA SBN 343928)
*tavaness@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**CLARKSON LAW FIRM, P.C.**
Tracey Cowan (CA SBN 250053)
*tcowan@clarksonlawfirm.com*
95 3rd St., 2nd Floor
San Francisco, CA 94103
Tel: (213) 788-4050

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    vs.<br><br>GOOGLE LLC,<br><br>        Defendant. | Case No. 5:23-cv-03440-EKL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>**Hearing Information:**<br>Date: December 19, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Eumi K. Lee |

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 | F: (213) 788-4070 | clarksonlawfirm.com

## **TABLE OF CONTENTS**

I.  STATEMENT OF ISSUES TO BE DECIDED ................................................... 1

II.  MEMORANDUM OF POINTS AND AUTHORITIES.......................................... 1

III.  STATEMENT OF RELEVANT FACTS ........................................................ 2

IV.  LEGAL STANDARD ............................................................................. 3

V.  ARGUMENT ...................................................................................... 4

    **A.** Ms. Leovy's Allegations State a Claim for Direct Copyright Infringement in Accordance with Rule 8 ....................................................................... 5

        1.  Ms. Leovy Satisfies Rule 8 by Identifying Precisely Google's Infringement of Her Best-Selling Novel ................................................................. 5

        2.  Google's Challenge to Purportedly "Irrelevant" Allegations Fails Under Rule 8 ......................................................................... 7

    B.  Ms. Leovy Properly Pleads Her Entitlement to Recover Google's Profits Attributable to its Infringement as Authorized by the Copyright Act ........................... 8

    C.  Ms. Leovy Properly Pleads Her Entitlement to Injunctive Relief as Authorized by the Copyright Act .................................................................................. 10

        1.  Preemptory Denial of Injunctive Relief is Unwarranted Where Google's Copyright Infringement is Ongoing ............................................... 11

        2.  *eBay* Factors Weigh in Favor of an Injunction .............................. 14

    D.  Ms. Leovy Does Not Seek Nominal, Treble, or Punitive Damages ............... 16

VI.  CONCLUSION .................................................................................. 16

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**TABLE OF AUTHORITIES**

*Apple Inc. v. Psystar Corp.,*

    673 F. Supp. 2d 943 (N.D. Cal. 2009) ............................................................. 12

*Archer & White Sales, Inc. v. Henry Schein, Inc.,*

    2016 U.S. Dist. LEXIS 169245 (E.D. Tex. Dec. 7, 2016) ........................... 11, 16

*Ashcroft v. Iqbal,*

    556 U.S. 662 (2009) ........................................................................................ 3

*Auster Oil & Gas, Inc. v. Stream,*

    764 F.2d 381 (5th Cir. 1985) ............................................................................ 4

*Beastie Boys v. Monster Energy Co.,*

    87 F. Supp 3d 672 (S.D.N.Y. 2015) ............................................................... 13

*Bell Atl. Corp. v. Twombly,*

    550 U.S. 544 (2007) ........................................................................................ 3

*Becton v. Cytek Biosciences, Inc.,*

    2020 U.S. Dist. LEXIS 66423 (N.D. Cal. Apr. 15, 2020) ................................ 6

*Bender v. LG Elecs. U.S.A., Inc.,*

    2010 U.S. Dist. LEXIS 33075 (N.D. Cal. Mar. 11, 2010) ................................ 6

*B.K. v. Snyder,*

    922 F.3d 957 (9th Cir. 2019) ...................................................................... 11, 12

*Blain v. Liberty Mut. Fire Ins. Co.,*

    2023 U.S. Dist. LEXIS 40205 (S.D. Cal. Mar. 9, 2023) ................................ 14

*Carter v. Pallante,*

    256 F.Supp.3d 791 (N.D. Ill. 2017) ................................................................ 6

*City of Los Angeles v. Wells Fargo & Co.,*

    22 F.Supp.3d 1047 (C.D. Cal. 2014) ............................................................ 3, 7

*Design Sys. v. Pounce Consulting, Inc.,*

    2019 U.S. Dist. LEXIS 68125 (N.D. Cal. Apr. 1, 2019) ................................ 15

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Disney Enters v. VidAngel, Inc.*,

    224 F. Supp. 3d 957 (C.D. Cal. 2016) ............................................................... 13

*Doe v. Meta Platforms, Inc.*,

    2023 U.S. Dist. LEXIS 158683 (N.D. Cal. Sep. 7, 2023)................................... 3

*eBay Inc. v. MercExchange, L.L.C.*,

    547 U.S. 388 (2006) ........................................................................................... 11

*E. & J. Gallo Winery v. EnCana Energy Servs.*,

    2004 U.S. Dist. LEXIS 29384 (E.D. Cal. Oct. 13, 2004) ................................... 7

*Facebook, Inc. v. Power Ventures, Inc.*,

    2009 U.S. Dist. LEXIS 42367 (N.D. Cal. May 11, 2009) ................................... 6

*Fermata Intern. Melodies, Inc. v. Champions Golf Club, Inc.*,

    712 F. Supp. 1257 (S.D. Tex. 1989) ................................................................. 10

*Garrick v. Freeman Garrick*,

    2024 U.S. Dist. LEXIS 130934 (N.D. Cal. June 24, 2024) ................................. 7

*Gilligan v. Jamco Dev. Corp.*,

    108 F.3d 246 (9th Cir. 1997).............................................................................. 4

*Hodgers-Durgin v. De La Vina*,

    199 F.3d 1037 (9th Cir. 1999)........................................................................... 10

*Howard v. City of Vallejo*,

    2013 U.S. Dist. LEXIS 161926 (E.D. Cal. Nov. 13, 2013) ............................... 10

*Hubbard v. Google LLC*,

    2023 U.S. Dist. LEXIS 203166 (N.D. Cal. Nov. 13, 2023)............................... 14

*In re Google RTB Consumer Priv. Litig.*,

    606 F. Supp. 3d 935 (N.D. Cal. 2022) ......................................................... 3, 12

*In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*,

    94 F.R.D. 105 (D. Nev. 1982)............................................................................. 6

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Int'l Med. Devices, Inc. v. Cornell,*

    2024 U.S. Dist. LEXIS 56675 (C.D. Cal. Mar. 28, 2024) ................................................ 10

*LaDuke v. Nelson*

    762 F.2d 1318 (9th Cir. 1985)................................................................................ 10

*L.A. v. Lyons,*

    461 U.S. 95 (1983) ................................................................................................. 10

*Leiber v. Bertelsmann AG (In re Napster, Inc. Copyright Litig.),*

    2005 U.S. Dist. LEXIS 11498 (N.D. Cal. May 31, 2005) .................................... 8

*Lemon v. Kurtzman,*

    411 U.S. 192 (1973) ............................................................................................... 13

*McDonald v. K-2 Indus.,*

    108 F.Supp.3d 135 (W.D. N.Y. 2015) ................................................................ 6

*Moonbug Ent. Ltd. v. Babybus Fujian Network Tech. Co.,* Ltd.,

    2024 U.S. Dist. LEXIS 139833 (N.D. Cal. Aug. 6, 2024)..................................... 8

*Mueller v. Puritan's Pride, Inc.,*

    2021 U.S. Dist. LEXIS 226103 (N.D. Cal. Nov. 23, 2021)................................... 11

*O'Shea v. Littleton,*

    414 U.S. 488 (1974) ......................................................................................... 14, 15

*Oxygenator Water Techs., Inc. v. Tennant Co.,*

    2020 U.S. Dist. LEXIS 141610 (D.Minn. Aug. 7, 2020) ................................... 11

*Parsons v. Ryan*,

    754 F.3d 657 (9th Cir. 2014).................................................................................. 12

*Perfect 10, Inc. v. Amazon, Inc.,*

    508 F.3d 1146 (9th Cir. 2007)................................................................................ 13

*Perfect 10, Inc. v. Cybernet Ventures, Inc.,*

    167 F.Supp.2d 1114 (C.D. Cal. 2001) ............................................................... 6

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

*Perfect 10, Inc. v. Giganews, Inc.*,

    847 F.3d 657 (9th Cir. 2017).................................................................. 6, 7

*Philips v. Ford Motor Co.*,

    726 F. 608 (9th Cir. 2018)...................................................................... 14

*Promedev, LLC v. Wilson*,

    2023 U.S. Dist. LEXIS 35441 (W.D. Wash. Mar. 2, 2023) ................. 9

*Risby v. Hawley*,

    2024 U.S. Dist. LEXIS 10181 (N.D. Cal. Jan. 19, 2024) .................... 16

*Sadowski v. Package Depo*, LLC,

    2024 U.S. Dist. LEXIS 26990 (C.D. Cal. Jan. 22, 2024) .................... 10

*Schneider v. YouTube, LLC*,

    674 F. Supp. 3d 704 (N.D. Cal. 2023) ................................................. 8

*Sears Roebuck & Co. v. Williams Express, Inc.*,

    2011 U.S. Dist. LEXIS 88228 (D. Alaska June 8, 2011)..................... 10

*Shade v. Gorman*,

    2009 U.S. Dist. LEXIS 8554 (N.D. Cal. 2009)..................................... 12

*Sheldon v. Metro-Goldwyn Pictures Corp.*,

    309 U.S. 390 (Mar. 25, 1940) .............................................................. 9

*Signify N. Am. Corp. v. Robe Lighting*,

    2021 U.S. Dist. LEXIS 193704 (S.D. Fla. Mar. 16, 2021) ................. 11

*Silicon Valley Textiles, Inc. v. Sofari Collections Ltd.*,

    2023 U.S. Dist. LEXIS 211433 (N.D. Cal. Nov. 28, 2023)................. 15

*Software Research v. Dynatrace, LLC*,

    316 F.Supp 3d 1112 (N.D. Cal. 2018) ................................................ 11

*Sonner v. Premier Nutrition Corp.*,

    971 F.3d 834 (9th Cir. 2020)................................................................. 14

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

*Sony Music Ent., Inc. v. Clark-Rainbolt,*

    2024 U.S. Dist. LEXIS 54798 (N.D. Tex. Mar. 27, 2024)............................................ 10, 13

*Soo Park v. Thompson,*

    851 F.3d 910 (9th Cir. 2017)........................................................................................ 7

*Taylor Corp. v. Four Seasons Greetings, LLC,*

    315 F.3d 1039 (8th Cir. 2003)................................................................................ 12, 16

*Taylor v. Meirick,*

    712 F.2d 1112 (7th Cir. 1983)...................................................................................... 9

*Thunder Studios, Inc. v. Kazal,*

    2018 U.S. Dist. LEXIS 226079 (C.D. Cal. Mar. 22, 2018) .......................................... 6

*Tilghman v. Proctor,*

    125 U.S. 136 (1988).................................................................................................... 9

*Triad Sys. Corp. v. Southeastern Express Co.*

    64 F.3d 1330 (9th Cir. 1995)..................................................................................... 13

*United States v. Baxter Int'l, Inc.,*

    345 F.3d 866 (11th Cir. 2003)...................................................................................... 7

*Y.Y.G.M. SA v. Redbubble, Inc.,*

    75 F.4th 995 (9th Cir. 2023) ..................................................................................... 12

**Rules & Statutes:**

17 U.S.C. § 504(c)(1)........................................................................................................ 5

17 U.S.C. § 504(b) ................................................................................................... 5, 8, 10

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 3

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 3

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

1    **I.    STATEMENT OF ISSUES TO BE DECIDED**

2    Whether New York Time's best-selling author Jill Leovy has stated her single class action

3    claim for direct copyright infringement in accordance with Federal Rule of Civil Procedure 8 and

4    has otherwise sufficiently alleged entitlement to damages and injunctive relief under the Copyright

5    Act, remedies the Act expressly authorizes.

6    **II.    MEMORANDUM OF POINTS AND AUTHORITIES**

7    By now it is common knowledge that Google had been secretly pilfering the internet for

8    copyrighted works to build the large language models that are now driving its AI Products, including

9    the copyrighted work of Plaintiff Jill Leovy, a NY Times best-selling author and former longtime

10   reporter with the LA Times, and copyrighted works of all the creators Ms. Leovy seeks to represent

11   in this putative class action.. It is also common knowledge that Google intends to continue infringing

12   while it and similarly situated AI companies like OpenAI and Microsoft seek to defend their

13   infringement in legal proceedings now pending across the country.

14   None of the substantive copyright issues raised by these actions can be decided conclusively

15   on the pleadings alone, and Google knows it. Google therefore does not dispute that Ms. Leovy's

16   factual allegations satisfy each substantive element of her claim for direct copyright infringement.

17   Instead, Google seeks a disfavored, non-merits, and outright dismissal under Rule 8 quibbling with

18   the purportedly "too long" complaint, and contending it is not "simple, concise, and direct." But at

19   30 pages and consisting of a single legal claim there can be no serious debate the amended complaint

20   satisfies Rule 8 in this regard.

21   Google's other primary Rule 8 challenge is that Ms. Leovy did not list every AI product

22   other than Bard/Gemini that Google might have developed using her best-selling book after Google

23   infringed it by embedding it into the AI training dataset that is specifically identified in the

24   complaint. But the law does not require Plaintiff to do so, that is what discovery is for. The act of

25   infringement itself is identified and with specificity.

26   Google's challenge to two of the core remedies Ms. Leovy seeks fares no better. Google

27   asks the Court to conclusively determine that there could be no facts on which Ms. Leovy could

28   secure disgorgement of profits tied to Google's copyright infringement or permanent injunctive

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

relief to stop it. It fails, however, to cite a single copyright case where a court has ever granted such extraordinary relief on a motion to dismiss before any discovery or adjudication on the merits. This lack of authority makes sense, as all the damages Ms. Leovy pleads are expressly authorized by Congress in the Copyright Act.. Injunctive relief is also proper and necessary to prevent the ongoing irreparable harm from Google's continued infringement, for which past damages cannot be adequate.

Finally, Plaintiff clarifies she does not seek nominal, treble, or punitive damages, which were listed only in the "prayer of relief." Google's motion should therefore be denied in its entirety.

### III.   STATEMENT OF RELEVANT FACTS

In its quest for AI market dominance, Google has infringed on millions of copyrighted works to build and power its artificial intelligence products, taking part in what has been deemed the largest theft of intellectual property in history. SAC ¶ 13. Plaintiff Jill Leovy is a New York Times best-selling author and former longtime reporter with the LA Times. *Id.* ¶ 14 Her award-winning book, *Ghettoside: A True Story of Murder in America* reflects novel insights gleaned from her decades-long and dangerous work embedded in a crime unit. *Id.* ¶ 15. Like many authors, Ms. Leovy depends on and naturally expects and is entitled to compensation from the sale of her lifelong work. She owns the registered copyright to her book, which reflects insights that were not available anywhere else. *Id., SAC Ex. A.* Without notice, consent, or compensation, Google took this copyrighted work in its entirety (and countless others) and embedded it into the large language model now fueling its core AI product, Bard, now known as Gemini.  *Id.* (lack of compensation, ¶¶ 37-42 (Google's training dataset includes Ms. Leovy's copyrighted book). *Id.*

Rightfully so, Ms. Leovy, and many other artists, creators, and writers are outraged by Google's infringement—creations that they poured their expertise and originality into are being illegally copied and used to train AI products. *Id.* ¶¶ 16-17, 68. The Author's Guild has thus taken the strong stance that the "leaders of AI," including Google, must take steps to "mitigate the damage to [creators]" and to "compensate writers fairly to the past and ongoing use of [their] works" because Google's (and other AI entities') infringement is threatening creators' livelihoods. *Id.* ¶¶ 68-69. The FTC has also warned companies like Google that "[m]achine learning is no excuse to break the law"

and that "[t]he data you use to improve your algorithms must be lawfully collected." *Id.* ¶¶ 5 (FTC warning), 48 (Author's Guild CEO Statement), 69 (Author's Guild Letter). Nonetheless, Google has and continues to reproduce Ms. Leovy's and putative class members' copyrighted works to profit by the billions and is otherwise committed to its rampant pattern of infringement. *Id.* ¶¶ 10, 47 (continuous unlawful activity), 59-62 (profits). Without these infringed works, Google's AI Products could not exist. *Id.* ¶¶ 13, 113.

Originally in this case, other plaintiffs – both minors and adults – joined Ms. Leovy, but sought recovery for different claims arising out of Google's conversion of their personal information, confidential conversations, and other private discussions that they did not authorize to be used for training of the AI Products. However, in response to this Court's directive to "crystallize the theory of this case," Ms. Leovy elected to distill her claims into a single, straightforward theory for Direct Copyright Infringement. *See,* SAC (pleading a single claim for "Direct Copyright Infringement"). In so doing, Ms. Leovy excised one-hundred and seven pages, eleven causes of action and three different proposed classes from the First Amended Complaint. The only remaining claim arises under a single federal statute, the Copyright Act, for which Ms. Leovy seeks relief individually and on behalf of countless other authors and creators from whom Google misappropriates copyrighted works in violation of federal law.

## IV.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) is improper where a complaint pleads "enough facts to state a claim . . . that is plausible on its face." *In re Google RTB Consumer Priv. Litig.,* 606 F. Supp. 3d 935, 942 (N.D. Cal. 2022) (internal quotations omitted). The Court "accepts the plaintiff's allegations as true," drawing all reasonable inferences in their favor. *Doe v. Meta Platforms, Inc.,* 2023 U.S. Dist. LEXIS 158683, at *7 (N.D. Cal. Sep. 7, 2023). Entitlement to relief is predicated upon "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Under Rule 8(a)(2), a complaint is sufficiently pled if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a) is a

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

"liberal pleading standard," where plaintiffs need only put defendants on fair notice of their potential liability. *City of Los Angeles v. Wells Fargo & Co.,* 22 F.Supp 3d 1047, 1062 (C.D. Cal. 2014). As explained by the Ninth Circuit, "the Rule 8 standard contains 'a powerful presumption against rejecting pleadings'" *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997); *citing to, Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 386 (5th Cir. 1985).

## V.   **ARGUMENT**

Google's motion fails for several reasons. ***First***, consistent with Rule 8, Ms. Leovy has pled facts sufficient to support her copyright claim. Google complains that Ms. Leovy does not specify every AI Product that might have been built using, and run powered on, her copyrighted work. However, the complaint alleges the act of infringement precisely - Google's taking and embedding of Ms. Leovy's copyrighted work into its large language model that Google has acknowledged publicly, drives at least the AI Product specifically identified in the complaint, Bard now known as Gemini. Google's demand that Ms. Leovy name all "products" it might have built illegally using her copyrighted work is a red-herring. This is because the "act" of copyright infringement is defined, specifically, and Google is on notice within the meaning of Rule 8 of exactly what Ms. Leovy, in her succinct 30-page complaint, together with millions of others around the world, are asking Google to answer for: infringing copyrighted materials to build the large language model powering Bard/Gemini and potentially other AI products. As to *all* the specific products for which Google might be profiting as a result of the specified infringement, only Google knows that, and Rule 8 does not require pleading "all" potentially relevant facts much less those within a defendant's exclusive control. Separately, while Google may wish not to read Ms. Leovy's facts regarding the public's reaction to its mass theft, these allegations are no basis on which to dismiss the complaint under Rule 8. At the appropriate stage, facts pertaining to the public interest will be critically relevant to the equitable relief Ms. Leovy seeks on behalf of countless others like her impacted by Google's continued wrongdoing.

***Second***, the disgorgement of profits ultimately attributable to the well-pled claim for copyright infringement, together with the injunctive relief Ms. Leovy seeks, are remedies expressly authorized under the Copyright Act, which further provides Ms. Leovy may elect remedies "at any

4

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

time before final judgment is rendered." 17 U.S.C. § 504(c)(1). What Google misclassifies as "double recovery" or a "freestanding entitlement" to profits is thus instead a lawful and authorized exercise of Ms. Leovy's right to plead all available alternative remedies at this stage. Rule 8(a)(3) (allowing to plead alternative remedies); 17 U.S.C. § 504(b) (allowing recovery of actual damages and infringer's profits). Google's substantive arguments under the factors for injunctive relief outlined in the Supreme Court's decision in *eBay, Inc v. MercExchange, L.L.C.,* 547 U.S. 388 (the "eBay factors") are for another day, as Courts have explicitly held the *eBay* factors are not *pleading* requirements. Regardless, Ms. Leovy alleges facts sufficient to demonstrate she will be able to meet the *eBay* factors on a full evidentiary record, when those factors are meant to be applied, after establishing Google's liability for copyright infringement and before a permanent injunction would issue. Google's related challenges to the precise nature of injunctive relief are likewise premature, under established Ninth Circuit precedent.

### A.   Ms. Leovy's Allegations State a Claim for Direct Copyright Infringement in Accordance with Rule 8.

#### 1.   Ms. Leovy Satisfies Rule 8 by Identifying Precisely Google's Infringement of Her Best-Selling Novel.

Google's first Rule 8 argument fails because Ms. Leovy explains in detail how Google infringed on her work in connection with "training" Bard/Gemini. SAC ¶¶ 27, 37-48 (*see, e.g.,* at ¶ 41-42: "the dataset Google used also contains data from b-ok.org" (also known as "Z Library"), and that "the books that illegally appeared on Z Library, like Plaintiff Leovy's book in its entirety, were not legally authorized to be available for distribution or copying"). Therefore, *the act of infringement* – Google's illegal use and reproduction of Ms. Leovy's specifically identified and registered copyrighted work – is sufficiently defined for Rule 8 purposes. It is true Ms. Leovy does not know *how many times* Google may have illegally infringed her best-selling novel in the training and build process outlined in the complaint, or products other than Bard/Gemini that depend on her copyrighted work, but those questions pertain primarily to damages not liability. These facts, within the exclusive control of Google, are therefore no basis on which to dismiss a complaint that otherwise sufficiently explains at least one act of copyright infringement.  The law is clear on this

5

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

point. *See*, *Thunder Studios, Inc. v. Kazal*, 2018 U.S. Dist. LEXIS 226079, *7 (C.D. Cal. Mar. 22, 2018)("that the list [of instances of infringement] might not be exhaustive does not render [plaintiff's] allegations insufficient; *Carter v. Pallante*, 256 F.Supp.3d 791, 798 (N.D. Ill. 2017)(copyright claims "need not be pleaded with heightened specificity"); *McDonald v. K-2 Indus.*, 108 F.Supp.3d 135, 139 (W.D. N.Y. 2015) (same); *Facebook, Inc. v. Power Ventures, Inc.*, 2009 U.S. Dist. LEXIS 42367, *10 (N.D. Cal. May 11, 2009) (same); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F.Supp.2d 1114, 1120 (C.D. Cal. 2001) (same).

The cases on which Google relies do not compel a different result. None stand for the proposition that plaintiffs must specify anything more than the act of copyright infringement, and the precise work infringed, as Ms. Leovy has.  For example, in *Becton* and *Santa Barbara*, neither the act of infringement nor precise infringed work was specified. *Becton v. Cytek Biosciences Inc.*, 2020 U.S. Dist. LEXIS 66423, at *16 (N.D. Cal. Apr. 15, 2020) (holding that plaintiff failed to specify "what parts of any of [plaintiff's] manual(s)" or "software" were copied, what portions of its software"); *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982) (plaintiff's amended complaint against "well over 200 defendants" had "no specific allegations or any factual basis given as to any specific instances of infringement" making it difficult for the court to even decipher "which defendants [were] being sued under the various claims").

*Bender* is also inapposite. In *Bender*, a court reviewed sufficiency of *patent* infringement claims, not copyright claims, where a *product* is the infringement, and not copying or other form of reproduction of one's work at issue in a copyright case like this. Further, the plaintiff in *Bender* did not identify **any** specific act of infringement. It was in that context that the court observed that "at a minimum, a [complaint must contain a] ***brief description of what the patent at issue does***, and an allegation that ***certain named and specifically identified products or product components also do what the patent does***, thereby raising a plausible claim that the named products are infringing." *Bender v. LG Elecs., U.S.A., Inc.*, 2010 U.S. Dist. LEXIS 33075, at *18 (N.D. Cal. Mar. 11, 2010) (emphasis added).

Google's reliance on *Perfect 10, Inc. v. Giganews, Inc.* is also misplaced.  In *Perfect 10*, the

6

Ninth Circuit was reviewing an appeal from a summary judgment, not addressing copyright pleading requirements. Further, Google's cited quote, that an infringement suit "is a specific lawsuit by a specific plaintiff against a specific defendant about specific copyright images [. . .]" was addressing *causation*, because plaintiff did not demonstrate *on summary judgment* a causal link between the infringing activities and a financial benefit to defendant." 847 F.3d 657, 673 (9th Cir. 2017); Mot., at 13. Here, Google does not challenge a causal link, we are not at summary judgment, and Ms. Leovy properly alleges the financial benefit to Google resulting from its infringement of her specifically identified work. SAC ¶¶ 59-62.

Finally, Google overlooks a bedrock legal proposition, applied in the Ninth Circuit, allowing plaintiffs even greater leniency in their pleadings where the "facts are peculiarly within the possession and control of the defendant." *Soo Park v. Thompson,* 851 F.3d 910, 928 (9th Cir. 2017); *Garrick v. Freeman Garrick*, 2024 U.S. Dist. LEXIS 130934, at *8 (N.D. Cal. June 24, 2024) (same, quoting *Soo Park*); *see also E. & J. Gallo Winery v. EnCana Energy Servs.,* 2004 U.S. Dist. LEXIS 29384, at *20 (E.D. Cal. Oct. 13, 2004) ("where a lack of specificity in the pleading relates to facts controlled by the opponent and not available to the pleader, greater leniency is granted"). It would be unreasonable to place a heightened burden on Ms. Leovy, in a non-fraud, non-Rule 9 context no less, and expect her to know which other AI Products Google has built using the dataset at issue or other dataset which included Ms. Leovy's book. *United States v. Baxter, Int'l, Inc*., 345 F.3d 866, 882 (11th Cir. 2003) ([Like Rule 9] Rule 8 "typically allow the pleader an extra modicum of leeway where the information supporting the complainant's case is under the exclusive control of the defendant.") (superseded by statute on other grounds).

## 2. Google's Challenge to Purportedly "Irrelevant" Allegations Fails Under Rule 8.

Google's argument that so-called "irrelevant" allegations separately compel dismissal under Rule 8 also fails. *See, City of Los Angeles v. Wells Fargo & Co.,* 22 F. Supp. 3d 1047, 1062 (C.D. Cal. 2014) (holding that plaintiffs only need to put defendant on fair notice of potential liability, which is "all that is required under the liberal pleading standard of Rule 8(a)"). Google does not articulate any valid reason why Plaintiff's SAC consisting of roughly 30 pages is not stated in a

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

"simple, concise, and direct" manner. (Mot. 12). Instead, Google repeatedly cites a fundamentally different case (*Cousart*) and references "vestigial allegations" removed from this case, as a springboard to attack Ms. Leovy's counsel. None of Google's personal attacks have merit, but they will not be further addressed or dignified with a response, because none of them constitute a basis on which to dismiss Ms. Leovy's properly pled claim, the issue actually before the court. More fundamentally, the allegations devoted to the public outrage of Google's infringement, Google's detrimental effects on creators, competitors, and the broader public are all **directly relevant** to Ms. Leovy's request for equitable relief, including her future request for a permanent injunction.

Finally, Google's passing note that copyright claims are "poor candidates for class-action treatment" with a brief reference to *Schneider* is not only irrelevant to its motion to dismiss, but misleading. Google omits that Judge Donato in *Schneider* also said: "***This is not to say that certification of a copyright infringement class is per se impossible. The Court certainly does not hold that here.***" *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023); *see also Leiber v. Bertelsmann AG (In re Napster, Inc. Copyright Litig.),* 2005 U.S. Dist. LEXIS 11498, (N.D. Cal. May 31, 2005) (certifying copyright class action).

### B. Ms. Leovy Properly Pleads Her Entitlement to Recover Google's Profits Attributable to its Infringement as Authorized by the Copyright Act.

Google takes the untenable position, contrary to the law, that "the Copyright Act does not authorize '[n]on-restitutionary disgorgement of all profits that were derived, in whole or in part, from Defendant's conduct." Mot. at 8, SAC, at 29-30. However, the Copyright Act entitles authors to recover "actual damages and any additional profits of the infringer." 17 U.S.C.S. § 504(a)(1). Earlier this month, the Ninth Circuit reiterated, "[t]he purpose of 17 U.S.C. § 504(b) is to compensate fully a copyright owner for the misappropriated value of its property and to avoid unjust enrichment from defendants who would otherwise benefit from their unlawful use of another's work." *Moonbug Ent. Ltd. v. Babybus Fujian Network Tech. Co.,* Ltd., 2024 U.S. Dist. LEXIS 139833 (N.D. Cal. Aug. 6, 2024).

Google makes no attempt to distinguish this case from the long line of precedent supporting the recovery of profits as a means to ensure that infringers do not unjustly benefit from their use of

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

copyrighted material. Google fails to cite a single case disposing of disgorgement of profits as a potential remedy for copyright infringement on a motion to dismiss.  There are, however, courts that have explicitly declined to dismiss this remedy, expressly authorized by Congress, at the pleading stage. *See, Promedev, LLC v. Wilson,* 2023 U.S. Dist. LEXIS 35441, *24-25 (W.D. Wash. Mar. 2, 2023) (noting disgorgement of profits is "an available remedy for copyright infringement" under the Copyright Act and thus declining to strike it "[a]t this early phase of litigation").

Google's arguments that there is "no freestanding entitlement to non-restitutionary disgorgement of all profits" and a prohibition against "double counting" are also unpersuasive at the motion to dismiss stage. Mot., at 8; *Taylor v. Meirick,* 712 F.2d 1112, 1120 (7th Cir. 1983) (Notably, *Taylor* was decided on an appeal following a final judgment, not at the motion to dismiss stage nor on any pleadings motion). That's because Ms. Leovy may elect between actual damages and disgorgement of profits damages or, alternatively, statutory damages, at any time before judgment is rendered, as per the Copyright Act. Ms. Leovy's decision to properly plead all available damages is no basis to dismiss any one of them right now. SAC, ¶ 117, pp. 29-30; 17 U.S.C.S § 504(c)(1).

Google has profited from the AI products that were trained on Ms. Leovy's and other copyright holders' infringed works. *See*, SAC ¶ 58. Ms. Leovy thus properly seeks her share of Google's ill-gotten gains—as plaintiffs have done in copyright cases for over a *hundred years*. *See, e.g., Sheldon v. Metro-Goldwyn Pictures Corp.,* 309 U.S. 390, 400 (Mar. 25, 1940) (holding that: "[i]n passing the Copyright Act [in 1909], the apparent intention of Congress was to assimilate the remedy with respect to the recovery of profits to that already recognized in patent cases."); *see also Moonbug,* 2024 U.S. Dist. LEXIS 139833 (holding disgorgement of profits is a proper remedy)*; Tilghman v. Proctor,* 125 U.S. 136, 146 (1888) (holding that plaintiffs in trademark actions are entitled to "the fruits of the advantage which [defendant] derived from the use of [plaintiff's] invention, over what [defendant] would have had in using other means then open to the public."). At the appropriate stage, under the Copyright Act, Ms. Leovy need only present proof "of the infringer's gross revenue," and then the burden will shift to Google (should Ms. Leovy prevail on liability) "to prove [its] deductible expenses and the elements of profit attributable to factors other

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

1  than the copyrighted work." 17 U.S.C. § 504(b). But both of these inquiries are premature right

2  now.

3  **C. Ms. Leovy Properly Pleads Her Entitlement to Injunctive Relief as**

4  **Authorized by the Copyright Act**.

5  The injunctive relief Ms. Leovy seeks is also expressly authorized by the Copyright Act:

6  "[A]ny court having jurisdiction of a civil action arising under this title may . . . grant temporary

7  and final injunctions on such terms as it day deem reasonable to prevent or restrain infringement"

8  17 U.S.C.S. § 502(a). It is therefore no surprise courts regularly award injunctive relief for copyright

9  infringement. *See, Int'l Med. Devices, Inc. v. Cornell,* 2024 U.S. Dist. LEXIS 56675, at *10 (C.D.

10  Cal. Mar. 28, 2024) (granting permanent injunction to plaintiffs who were successful on copyright

11  and trademark claims); *Sadowski v. Package Depo,* LLC, 2024 U.S. Dist. LEXIS 26990, at *9 (C.D.

12  Cal. Jan. 22, 2024) (awarding injunction because defendant has failed to stop its continued

13  infringing use of plaintiff's work, and monetary damages are inadequate to eliminate the problem);

14  *Sony Music Ent., Inc. v. Clark-Rainbolt,* 2024 U.S. Dist. LEXIS 54798, at *14 (N.D. Tex. Mar. 27,

15  2024) (granting permanent injunction to prevent defendant from copying/performing or otherwise

16  exploiting the works without paying certain revenues to plaintiffs) (quotation omitted); *Fermata*

17  *Intern. Melodies, Inc. v. Champions Golf Club, Inc.,* 712 F. Supp. 1257, 1262 (S.D. Tex. 1989)

18  (collecting cases) ("[c]ourts have traditionally granted permanent injunctions[] if liability is

19  established and a continuing threat to the copyright exists."); *see also* 17 U.S.C.S. § 502 (a court

20  may grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or

21  restrain infringement of a copyright").

22  Google acknowledges the availability of injunctive relief, but improperly conflates

23  requirements of *proof* to obtain it with the requirements to *plead* it. Mot., at 9-10. Its position is

24  contrary to the law: "claim[s] for injunctive relief must be resolved on an evidentiary record and not

25  at the pleading stage." *Howard v. City of Vallejo,* 2013 U.S. Dist. LEXIS 161926, *6-7 (E.D. Cal.

26  Nov. 13, 2013) (*citing L.A. v. Lyons*, 461 U.S. 95 (1983); *Hodgers-Durgin v, De La Vina*, 199 F.3d

27  1037, 1040-41 (9th Cir. 1999); and *LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985)). *See also*

28  *Sears Roebuck & Co. v. Williams Express, Inc.,* 2011 U.S. Dist. LEXIS 88228 (D. Alaska June 8,

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

2011), at *20-22 ("Plaintiff does not need to demonstrate that it is entitled to a permanent injunction in its pleading").

Google relies heavily on *eBay v. MercExchange,* but its 4-part test for injunctive relief applies not at the pleading stage, but instead when the court is "considering whether to award permanent injunctive relief to a prevailing plaintiff." *See, eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 390 (2006). Ms. Leovy is therefore entitled to the opportunity to meet the *eBay* requirements after discovery has closed and Google's liability is determined. As courts have explained, they "cannot find as a matter of law on a motion to dismiss that [Plaintiff] cannot satisfy the *eBay* criteria." *Software Research, Inc. v. Dynatrace LLC,* 316 F. Supp. 3d 1112, 1138 (N.D. Cal. 2018). The Supreme Court's decision in *eBay* simply "***does not***, as Defendant argues***, address pleading requirements at the motion to dismiss stage.***" *Signify N. Am. Corp. v. Robe Lighting,* 2021 U.S. Dist. LEXIS 193704, at *7 (S.D. Fla. Mar. 16, 2021 (declining to dismiss claim for injunctive relief for patent infringement) (emphasis added). Other courts are in accord. *See, Archer & White Sales, Inc. v. Henry Schein, Inc.,* 2016 U.S. Dist. LEXIS 169245, at *16 (E.D. Tex. Dec. 7, 2016) ("the [*eBay* factors] *are not pleading requirements*—rather they are factors that are to be considered . . . before an injunction should *issue.*") (emphasis added) (overruled on other grounds not relevant here); *see also Oxygenator Water Techs., Inc. v. Tennant Co.,* 2020 U.S. Dist. LEXIS 141610, at *18 (D. Minn. Aug. 7, 2020) (declining to dismiss a claim for injunctive relief based on *eBay* because "a claim for permanent injunction should not be stricken at the pleading stage when the underlying claim is not dismissed").

### 1. Preemptory Denial of Injunctive Relief is Unwarranted Where Google's Copyright Infringement is Ongoing.

Google's arguments attacking injunctive relief, and its scope are premature. *See, Mueller v. Puritan's Pride, Inc.,* 2021 U.S. Dist. LEXIS 226103, at *25 (N.D. Cal. Nov. 23, 2021) (finding defendant's "concerns about the scope of an injunction" are premature at the motion to dismiss stage); *B.K. Snyder,* 922 F.3d 957, 972 (holding that plaintiffs "do not need to specify the precise injunctive relief they will ultimately seek at the class certification stage"). The Ninth Circuit requires plaintiffs to "describe[] the general contours of an injunction" and that the relief sought can be given

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

"greater substance and specificity at an appropriate stage in the litigation through fact-finding, negotiations, and expert testimony." *Parsons v. Ryan*, 754 F.3d 657, 689 n. 35 (9th Cir. 2014); *see also B.K. v. Snyder,* 922 F.3d 957, 972 (9th Cir. 2019) (holding that plaintiffs are not required to "specify the precise injunctive relief they will ultimately seek at the class certification stage."). This concept is especially important in copyright context, where preemptive dismissal of injunctive relief would eviscerate plaintiff's ability to prevent future infringement. For that reason, preemptive dismissals of injunctive relief are disfavored, because a prevailing plaintiff "is entitled to effective relief; and any doubt in respect of the extent thereof must be resolved in its favor as the innocent producer and against the [infringer], which has shown by its conduct that it is not to be trusted." *See, e.g., Y.Y.G.M. SA v. Redbubble, Inc.* 75 F.4th 995. (9th Cir. 2023) (citation omitted); *Shade v. Gorman,* 2009 U.S. Dist. LEXIS 8554 (N.D. Cal. 2009) (denying defendant's attempt to dismiss plaintiff's claims for injunctive relief as premature, where defendant argued that plaintiff failed to support allegations of irreparable injury and lack of adequate legal remedy with sufficient facts).

Here, Ms. Leovy has pled "enough facts" to "plausibl[y]" state a claim for which she may obtain injunctive relief. *In re Google RTB Consumer Priv. Litig.,* 606 F. Supp. 3d 935, 942 (N.D. Cal. 2022). Specifically, Ms. Leovy has plead that Google's infringement is continuing, and that there is a threat of future infringement that monetary damages would not prevent. *See, Apple Inc. v. Psystar Corp.,* 673 F. Supp. 2d 943, 950 (N.D. Cal. 2009); SAC ¶ 54 ("now that Google has essentially claimed ownership over everything online, there is reason to believe that Google will violate the copyright interests of millions more"). Accepting these factual allegations as true, without an injunction Ms. Leovy faces ongoing future harm as the infringement continues even were she to recover damages for past harm. *See, Shade v. Gorman,* 2009 U.S. Dist. LEXIS 8554, at *6 (N.D. Cal. Jan. 28, 2009) (rejecting similar arguments that the injunctive relief was "overbroad" and purportedly "inconsistent with the purpose of the Copyright Act" as premature). Monetary compensation alone is an insufficient remedy for future infringement, as denial of a request for injunctive relief "would amount to a forced license to use the creative work of another." *Wakefield v. Olenicoff,* 2015 U.S. Dist. LEXIS 43274, at *24 (C.D. Cal. Mar. 30, 2015) (citation omitted); *see also Taylor Corp. v. Four Seasons Greetings, LLC,* 403 F.3d 958, 968 (8th Cir. 2005) ("[Plaintiff]

12

1  certainly has the right to control the use of its copyrighted materials, and irreparable harm

2  inescapably flows from the denial of that right").

3         Google's arguments as to Ms. Leovy's scope of an injunction (that the relief purportedly

4  entails "extensive changes" that "go far beyond" remedies for infringement) are not only premature,

5  but also inconsistent with the law: The U.S. Supreme Court has held that in "shaping equity decrees,

6  the trial court is vested with broad discretionary power." *Lemon v. Kurtzman,* 411 U.S. 192, 200

7  (1973). Thus, the relief Ms. Leovy seeks, consistent with what courts have granted in past copyright

8  actions, is just and proper. For example, barring use contingent on compensation is an accepted

9  equitable remedy. *See, Sony Music Ent., Inc. v. Clark-Rainbolt,* 2024 U.S. Dist. LEXIS 54798, at

10  *14 (N.D. Tex. Mar. 27, 2024) (granting permanent injunction under an "alternative request for

11  damages in the event of future infringement," where defendant would compensate the plaintiff with

12  "50% of all revenues connected to the [infringing work]"). Injunctions fashioned to prevent

13  infringement of yet-unregistered works are also common. *See, Perfect 10, Inc. v. Amazon, Inc.,* 508

14  F.3d 1146, 1154 n.1 (9th Cir. 2007) (rejecting the argument against including unregistered works in

15  an injunction and affirming the district court's authority to issue such an order); *see also Beastie*

16  *Boys v. Monster Energy Co.,* 87 F. Supp 3d 672, 681 (S.D.N.Y. 2015) (injunctions which extend

17  beyond specific acts of infringement are appropriate where "transgressions are []likely to recur").

18         Google's premature contention that injunctive relief should be denied because the relief Ms.

19  Leovy seeks will require "extensive changes to Google's business" will also fail on the merits at the

20  appropriate time. Courts are not sympathetic to arguments, like Google's, that following the law

21  would be too much of a hardship. *See, Disney Enters v. VidAngel, Inc*., 224 F. Supp. 3d 957, 978

22  (C.D. Cal. 2016) (affirmed on appeal)*, (citing to Triad Sys. Corp. v. Southeastern Express Co*. (9th

23  Cir. 1995) 64 F.3d 1330, 1338) (defendant's "unimaginable financial hardship," is not enough, as

24  "[defendant] cannot complain of the harm that will befall it when properly forced to desist from its

25  infringing activity.")

26        The cases on which Google relies do not compel a different result. All of them are *non-*

27  *copyright* cases dismissing claims for injunctive/equitable relief because in those cases plaintiffs'

28  allegations contradicted their right to an injunctive relief, or they waived such right based on

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED
COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

inapplicable procedural nuances. Neither scenario applies here. *See*, Google's proffered authority, Mot., at 9-10; *O'Shea v. Littleton,* 414 U.S. 488 (1974) (dismissing injunctive relief in illegal bond-setting where future/ongoing harm was implausible given that the plaintiffs were no longer in custody); *Sonner v. Premier Nutrition Corp.,* 971 F.3d 834 (9th Cir. 2020) (in false advertising case, dismissing *restitution* for past harm where plaintiff had adequate remedy at law, price premium, but chose not to pursue such remedy); *Philips v. Ford Motor Co.,* 726 F.App'x 608 (9th Cir. 2018) (appellants "did not challenge" and therefore "waived any argument that they alleged sufficient facts to plausibly establish the inadequacy of their legal remedies" in  a consumer protection claim); *Hubbard v. Google LLC,* 2023 U.S. Dist. LEXIS 203166 (N.D. Cal. Nov. 13, 2023) (state privacy statutes, where the court denied leave to amend to add equitable relief claims in an action already dismissed for preemption and "[w]ith respect to these allegations, this [would be] effectively a new case); *Blain v. Liberty Mut. Fire Ins. Co.,* 2023 U.S. Dist. LEXIS 40205 (S.D. Cal. Mar. 9, 2023) (in a breach of contract case, where plaintiff's injury was tied to COVID-19 stay-at-home orders that were no longer in place).  Unlike these cases, Ms. Leovy's allegations do not negate her right to seek injunctive relief as expressly authorized by the Copyright Act, nor are there any conceivable waiver arguments.

### 2. *eBay* Factors Weigh in Favor of an Injunction.

Even if the Court were to accept Google's invitation to apply the *eBay* factors as *pleading* requirements, an invitation unaccompanied by  a single case that has done so at the pleading stage, and against a backdrop of cases explicitly declining to do so (*see infra,* at 11), facts supporting all factors are pled: (1) Ms. Leovy suffered an irreparable injury (SAC ¶¶ 10, 47, 54); (2) Ms. Leovy has inadequate remedies at law (SAC ¶¶ 47, 57); (3) remedy in equity is warranted, given the balance of hardships (SAC ¶¶ 11, 12); and (4) public interest would not be disserved (SAC ¶¶ 64-80). *See, eBay,* 547 U.S. 388, 390.

**Irreparable Harm.** Ms. Leovy alleges that future harm will befall her absent a permanent injunction – an allegation which, when proved, will satisfy her entitlement to injunctive relief. *Y.Y.G.M,* 75 F.4th 995, 1007 (finding that "the district court abused its discretion by discounting the relevant of future harm"). Ms. Leovy has alleged that Google will continue to surreptitiously feed

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050  F: (213) 788-4070 | clarksonlawfirm.com

1   its AI products copyrighted works without licensure. *See, e.g.,* SAC ¶ 10 ("Google has since invited

2   the world to engage in "dialogue". . . **while continuing to steal and infringe**"); ¶ 47, fig. 3 (noting

3   Google's current policy to continue scraping all "publicly available" information, including

4   information protected by copyright); ¶ 54 ("[n]ow that Google has essentially claimed ownership

5   rights over anything online, there is reason to believe that Google will violate the copyright interests

6   of millions more"), Google has made its intentions clear: it will continue to train its AI products on

7   copyrighted works, despite being on notice that authors like Ms. Leovy do not consent.

8       **No Adequate Remedy.** Ms. Leovy also sufficiently alleges no adequate remedy at law:

9   Google is on notice of its infringement and yet it continues to infringe. SAC, ¶ 47 (Google's July 1,

10   2023 Privacy Policy update "reflected its intent to continue exploiting for commercial gain

11   copyrighted works"). "[G]iven [Google's] knowledge of its violations and continued use of

12   Plaintiff's [protected works], there is no adequate remedy at law to address the ongoing damage and

13   irreparable harm." Cadence *Design Sys. v. Pounce Consulting, Inc.,* 2019 U.S. Dist. LEXIS 68125,

14   at *30 (N.D. Cal. Apr. 1, 2019). Google's proffered case, *O'Shea v. Littleton,* 414 U.S. 488, 502

15   (1974), is inapposite because the court dismissed claims for injunctive relief when "the complaint

16   failed to satisfy the threshold requirement imposed by Art. III," because the injury itself was

17   "necessarily conjectural." Article III standing is not in dispute here.

18       **Balance of Hardships & Public Interests.** Nothing Google argues would compel this Court

19   to conclusively determine these factors against Ms. Leovy as a matter of law on the pleadings. Facts

20   alleged make plain the public interests at issue. *See,* SAC ¶ ¶ 11-12 (other companies are able to

21   curate data sets and/or obtain consent, Google could have availed itself of this option); ¶ 56 ("content

22   creators will be dissuaded from investing in the considerable costs of producing unique content in

23   electronic formats") ¶¶ 64-72 (creators' interests are harmed as their content is stolen); ¶¶  73-75

24   (the average internet user is harmed by Google misappropriating all online content); ¶¶ 77-80

25   (online news and media businesses have been harmed, and have taken steps to prohibit Google from

26   collecting data on their websites).  Any balance of hardships can also be overcome by the well-

27   established interest in ensuring proper enforcement of federally enacted IP laws. *See, Silicon Valley*

28   *Textiles, Inc. v. Sofari Collections Ltd.,* 2023 U.S. Dist. LEXIS 211433, at *13 (N.D. Cal. Nov. 28,

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

2023) (*citing to Apple,* 673 F. Supp. 2d 943, 950) ("Defendants cannot 'claim any legitimate hardships as a result of being enjoined from committing unlawful activities' whereas [p]laintiff would suffer significant hardships if [d]efendants were permitted to continue unlawfully infringing on their Copyrighted Design."); *Taylor Corp. v. Four Seasons Greetings, LLC,* 315 F.3d 1039, 1042 (8th Cir. 2003) ("The public interest is served in protecting the holders of valid copyrights from infringing activity").

Regardless, and to reiterate, none of these determinations need be made now, as the *eBay* factors "are not pleading requirements." *Archer & White Sales, Inc.,* 2016 U.S. Dist. LEXIS 169245, at *16. *See infra,* at 12 (cases collected).

**D.  Ms. Leovy Does Not Seek Nominal, Treble, or Punitive Damages.**

Finally, Google seeks to dismiss certain damages appearing only in the complaint's "prayer for relief," namely, punitive, treble, and nominal damages. *See*, Def.'s Mot., at 6-8. Ms. Leovy clarifies that she is not seeking these damages none of which appears anywhere in the body of the complaint.

**VI.    CONCLUSION**

For all of these reasons, Ms. Leovy requests that the Court deny Google's Motion: (1) Ms. Leovy has satisfied Rule 8; (2) Ms. Leovy's sole cause of action properly seeks disgorgement and injunctive relief as authorized by the Copyright Act; and (3) Ms. Leovy does not seek treble, nominal, or punitive damages. If the Court is inclined to grant any portion, Ms. Leovy requests leave to amend. *Risby v. Hawley,* 2024 U.S. Dist. LEXIS 10181, at *2 (N.D. Cal. Jan. 19, 2024) ("a court should grant leave to amend unless amendment would be futile").

DATED: August 22, 2024                              **CLARKSON LAW FIRM, P.C.**

                                                             */s/Ryan Clarkson*
                                                             Ryan Clarkson, Esq.
                                                             Yana Hart, Esq.
                                                             Tracey Cowan, Esq.
                                                             Tiara Avaness, Esq.

                                                             *Counsel for Plaintiff and the Proposed Class*

PLAINTIFF'S OPPOSITION TO DEFENDANT GOOGLE LLC'S MOTION TO DISMISS SECOND AMENDED COMPLAINT