DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 5:23-cv-03440-EKL<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Date: December 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Eumi K. Lee |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ii

ARGUMENT ........................................................................................................................................2

    I.    Plaintiff Fails To Allege A Basis For Recovering Punitive Damages, Treble Damages, Nominal Damages, Or Disgorgement. ......................................................2

        A.    Plaintiff's Requests for Punitive, Treble, and Nominal Damages Should Be Dismissed Because It Is Undisputed She Cannot Recover Them. ...........................................................................................................2

        B.    Plaintiff's Request For Non-Restitutionary Disgorgement Should Be Dismissed. ........................................................................................................2

    II.    Plaintiff Fails To Allege Entitlement To Injunctive Relief. ....................................3

    III.    Plaintiff's SAC Violates Rule 8's Plain Statement Requirement. ..........................7

CONCLUSION ...................................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Becton v. Cytek Biosciences Inc.*,
    2020 WL 1877707 (N.D. Cal. Apr. 15, 2020) ................................................................... 9

*Cloudera, Inc. v. Databricks, Inc.*,
    2021 WL 3856697 (N.D. Cal. Aug. 30, 2021) ................................................................. 8

*Cousart v. OpenAI LP*,
    2024 WL 3282522 (N.D. Cal. May 24, 2024) ........................................................... 9, 10

*eBay Inc. v. MercExchange, L.L.C.*,
    547 U.S. 388 (2006) ........................................................................................................ 4

*Garcia v. Williams Scotsman, Inc.*,
    2024 WL 3811267 (C.D. Cal. Aug. 13, 2024) ................................................................ 4

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) .......................................................................... 2

*Howard v. City of Vallejo*,
    2013 WL 6070494 (E.D. Cal. Nov. 13, 2013) ................................................................ 4

*Hubbard v. Google LLC*,
    2024 WL 3302066 (N.D. Cal. July 1, 2024) ................................................................... 4

*M & C Innovations, LLC v. Igloo Prods. Corp.*,
    2018 WL 4620713 (S.D. Tex. July 31, 2018) ................................................................. 4

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ..................................................................................... 7, 10

*Menzel v. Scholastic, Inc.*,
    2018 WL 1400386 (N.D. Cal. Mar. 19, 2018) ................................................................ 9

*MGM Studios, Inc. v. Grokster, Ltd.*,
    518 F. Supp. 2d 1197 (C.D. Cal. 2007) .......................................................................... 5

*O'Shea v. Littleton*,
    414 U.S. 488 (1974) .................................................................................................... 4, 5

*On Davis v. The Gap, Inc.*,
    246 F.3d 152 (2d Cir. 2001) ........................................................................................... 3

*Oxygenator Water Techs., Inc. v. Tennant Co.*,
    2020 WL 4572062 (D. Minn. Aug. 7, 2020) .................................................................. 4

*Park v. Thompson*,
    851 F.3d 910 (9th Cir. 2017) .......................................................................................... 8

*Perfect 10, Inc. v. Google, Inc.*,
    653 F.3d 976 (9th Cir. 2011) .................................................................................. 5, 6, 7

*Prescott v. TC Heartland, LLC*,
   2024 WL 3463826 (N.D. Cal. July 18, 2024) .................................................................. 4

*Rearden LLC v. TWDC Enters. 18 Corp.*,
   2024 WL 1250161 (N.D. Cal. Mar. 21, 2024) ................................................................. 9

*Romani v. General Motors LLC*,
   2024 WL 3995333 (N.D. Cal. Aug. 28, 2024) ................................................................. 4

*Sears, Roebuck & Co. v. Williams Express, Inc.*,
   2011 U.S. Dist. LEXIS 88228 (D. Alaska June 8, 2011) ................................................ 4

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ........................................................................................... 4

*Sony Music Ent., Inc. v. Clark-Rainbolt*,
   2024 WL 1319735 (N.D. Tex. Mar. 27, 2024) ................................................................ 5

*Suski v. Marden-Kane, Inc.*,
   2022 WL 3974259 (N.D. Cal. Aug. 31, 2022) ................................................................. 2

*TD Bank N.A. v. Hill*,
   928 F.3d 259 (3d Cir. 2019) ............................................................................................ 5

*Y.Y.G.M. SA v. Redbubble, Inc.*,
   75 F.4th 995 (9th Cir. 2023) ........................................................................................ 5, 6

**STATUTES**

15 U.S.C. § 1116 ........................................................................................................................ 6

17 U.S.C.
   § 502 ................................................................................................................................ 3
   § 503 ................................................................................................................................ 3
   § 504 ................................................................................................................................ 3

**RULES**

Fed. R. Civ. P. 8 ......................................................................................................................... 7

**OTHER AUTHORITIES**

P. Samuelson, *How to Think About Remedies in the Generative AI Copyright Cases*, Vol. 67 No. 7, Communications of the ACM, at 27-30 (2024),
   https://dl.acm.org/doi/full/10.1145/3654699 .................................................................. 7

1   It is clear from Plaintiff's Opposition Brief that she hoped her Second Amended Complaint ("SAC") would strip away the irrelevant allegations and invalid claims in prior complaints and comply with the Court's order that she "streamline[] and crystallize" her pleading. ECF No. 46 at 1. It is also clear that Plaintiff was unsuccessful in her efforts. Although the SAC expressly requests punitive damages, treble damages, and nominal damages, remedies that are unavailable as a matter of law for her sole remaining copyright claim, Plaintiff now concedes (or "clarifies") that she is not actually seeking that relief. Opp'n 16. This so-called clarification exemplifies the problem—the SAC remains highly unclear about which of her allegations properly remain part of the case. Opp'n 16.

The disgorgement remedy Plaintiff is still pressing seems left over from her prior complaints and their much different (non-copyright) claims. Plaintiff pretends that it is no different than the "profits" remedy authorized by the Copyright Act, but ignores the differences between what she requests and what the statute actually authorizes. The request for disgorgement cannot stand. Likewise, as in her prior complaints, Plaintiff continues to demand sweeping, unprecedented injunctive relief. But in the process of abandoning all but one of her prior claims, Plaintiff failed to add allegations to her copyright claim showing the basic requisites for injunctive relief, i.e., irreparable harm and lack of an adequate remedy at law. Plaintiff's post-hoc hunt for such allegations in her SAC cannot be squared with what she actually pleaded. The claim for injunctive relief must be dismissed as well.

Similar vestiges of Plaintiff's prior complaints pervade the SAC, rendering it noncompliant with Rule 8. The pleading remains laden with irrelevancies—anti-artificial intelligence polemics, statements from random third parties, and vestiges from previously dismissed parties and claims—all while failing to provide a plain statement about principal issues in dispute, such as which of Google's "AI Products" Plaintiff contends infringe her work. Google therefore again asks that the Court dismiss the SAC and direct her to provide the short and plain statement Rule 8 contemplates.

# ARGUMENT

## I. Plaintiff Fails To Allege A Basis For Recovering Punitive Damages, Treble Damages, Nominal Damages, Or Disgorgement.

### A. Plaintiff's Requests for Punitive, Treble, and Nominal Damages Should Be Dismissed Because It Is Undisputed She Cannot Recover Them.

Despite her express prayers for punitive, treble, and nominal damages in her Second Amended Complaint, SAC 29-30, Plaintiff now concedes that she cannot obtain such relief here, *see* Opp'n 16 ("Ms. Leovy clarifies that she is not seeking these damages…"). Because it is undisputed that punitive, treble, and nominal damages are unavailable as a matter of law for Plaintiff's claim, those requests for relief should be dismissed with prejudice. *See, e.g.*, *Suski v. Marden-Kane, Inc.*, 2022 WL 3974259, at *8 (N.D. Cal. Aug. 31, 2022) (dismissing requested relief where dismissal was unopposed); *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1100 (N.D. Cal. 2017) (finding waiver and dismissing claims as to which plaintiff failed to oppose defendant's motion to dismiss).

Plaintiff's suggestion that Google should have known that she was not seeking these forms of relief because they were not mentioned "in the body of the complaint," Opp'n 16,[1] encapsulates the ongoing problem endemic to each of Plaintiff's pleadings: Neither Google nor the Court should be forced to guess at which parts of Plaintiff's complaint she intends to press and which she does not.

### B. Plaintiff's Request For Non-Restitutionary Disgorgement Should Be Dismissed.

Pretending that her Second Amended Complaint is a model of clarity, Plaintiff acts as if her freestanding request for "[n]on-restitutionary disgorgement of all profits that were derived, in

---

[1] Plaintiff ignores that the body of her complaint in fact included open-ended requests for relief that could encompass her subsequent express requests for punitive, treble, and nominal damages. SAC ¶ 118 ("Plaintiff Leovy and Class Members are entitled to statutory damages, actual damages, disgorgement of profits, injunctive and declaratory relief, and *other remedies*." (emphasis added)); *see also id.* ¶ 101 (alleging that questions common to the putative class include "[w]hether Plaintiff and Class members are entitled to actual damages, *enhanced damages*, statutory damages, restitution, disgorgement, and *other monetary remedies* provided by equity and law" (emphasis added)).

1  whole or in part, from Defendant's conduct" (SAC 29-30) is equivalent to the profits remedy

2  permitted by Section 504 of the Copyright Act. *See* Opp'n 8-10. But that is inconsistent with what

3  she has pleaded.

4        To begin with, Plaintiff separately pleads entitlement to "compensatory damages" (SAC

5  29). The compensatory damages permitted under the Copyright Act already include both the

6  "actual damages suffered by [plaintiff] as a result of the infringement, and any profits of the

7  infringer that are attributable to the infringement and are not taken into account in computing the

8  actual damages." 17 U.S.C. § 504(b); *see also On Davis v. The Gap, Inc.*, 246 F.3d 152, 159 (2d

9  Cir. 2001) ("§ 504 imposes two categories of compensatory damages"—*viz.*, "the infringer's

10  profits and the copyright owner's 'actual damages'"). Unless it is purely superfluous, then, the

11  request for "[n]on-restitutionary disgorgement" must mean something additional and different than

12  the "profits" that are allowed by 504(b) and already included within the request for "compensatory

13  damages."

14        As written, the request for "[n]onrestitutionary disgorgement" is different from what

15  § 504(b) authorizes. *See* Mot. 8. Section 504 does not authorize an award of "all profits that were

16  derived, in whole or in part, from Defendant's conduct." SAC 29-30. Rather, it limits any award of

17  "profits" to those "attributable to the infringement and [] not taken into account in computing the

18  actual damages." *Id.*

19        Plaintiff concedes that any recovery of profits must comply with § 504(b). *See* Opp'n 9-10.

20  To the extent the request for "[n]on-restitutionary disgorgement" is different from what § 504(b)

21  allows, as it appears on its face, it should be dismissed. To the extent it is the same, as Plaintiff

22  now argues, then it is duplicative of the request for compensatory damages and should still be

23  dismissed as superfluous.

24  **II.  Plaintiff Fails To Allege Entitlement To Injunctive Relief.**

25        Much like her requests for various improper monetary remedies, which were vestiges left

26  over from prior complaints asserting different claims, Plaintiff's sweeping demands for injunctive

27  relief were retained without any effort to ensure that her sole remaining claim could support those

28  demands. To be sure, courts "may" issue injunctions in copyright cases, 17 U.S.C. §§ 502, 503,

REPLY IN SUPPORT OF GOOGLE'S          -3-        CASE NO.: 5:23-CV-03440-EKL
MOTION TO DISMISS SECOND AMENDED COMPLAINT

1  but injunctions are far from "automatic," *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 392

2  (2006). And at the pleading stage, requests for injunctive relief must be supported by allegations

3  that establish the basic requisites for entitlement to equitable relief. *See O'Shea v. Littleton*, 414

4  U.S. 488, 502 (1974); *see also Sonner v. Premier Nutrition Corp.,* 971 F.3d 834, 844 (9th Cir.

5  2020). Plaintiff fails to grapple with these controlling authorities or to point to any allegations in

6  her SAC that show her entitlement to any injunctive relief, much less the unprecedented relief she

7  requests, including imposition of so-called "Accountability Protocols." *See* Mot. 11-12.

8        Citing two unpublished decisions from other districts that predate the Ninth Circuit's

9  decision in *Sonner*, Plaintiff asserts that requests for injunctive relief can never be dismissed. *See*

10  Opp'n 10-11 (citing *Howard v. City of Vallejo*, 2013 WL 6070494, at *7 (E.D. Cal. Nov. 13,

11  2013), and *Sears, Roebuck & Co. v. Williams Express, Inc.*, 2011 U.S. Dist. LEXIS 88228, at *20-

12  22 (D. Alaska June 8, 2011)). Neither case is still good law, if it ever was. Post-*Sonner*, courts

13  have regularly dismissed requests for injunctive and other equitable relief. *E.g.*, *Romani v. General*

14  *Motors LLC*, 2024 WL 3995333, at *4 (N.D. Cal. Aug. 28, 2024) (dismissing request for

15  injunctive relief); *Prescott v. TC Heartland, LLC*, 2024 WL 3463826, at *7 (N.D. Cal. July 18,

16  2024) (dismissing one form of requested injunctive relief); *Garcia v. Williams Scotsman, Inc.*,

17  2024 WL 3811267, at *9 (C.D. Cal. Aug. 13, 2024) (dismissing requests for restitution and

18  disgorgement); *Hubbard v. Google LLC*, 2024 WL 3302066, at *4 (N.D. Cal. July 1, 2024)

19  (dismissing request for equitable and injunctive relief). Indeed, even Plaintiff's authority

20  acknowledges that courts may dismiss requests for injunctive relief "when a complaint does not

21  contain factual allegations that 'raise[ ] any indication that … a permanent injunction might

22  eventually be appropriate.'" *Oxygenator Water Techs., Inc. v. Tennant Co.*, 2020 WL 4572062, at

23  *6 (D. Minn. Aug. 7, 2020) (quoting *M & C Innovations, LLC v. Igloo Prods. Corp.*, 2018 WL

24  4620713, at *6 (S.D. Tex. July 31, 2018)).

25        Plaintiff tries in vain to distinguish contrary authority on the basis that those cases involved

26  plaintiffs whose "allegations contradicted their right to an injunctive relief." Opp'n 13. But the

27  same must be said of Plaintiff, as she too has pleaded herself out of injunctive relief. Her

28  complaint is filled with allegations about the importance of monetary relief, *see* Mot. 10-11; SAC

1  ¶¶ 17, 29, 58 ("deserved royalties," "fair compensation," "lost profits," and "monetary

2  incentive[s]"), but she makes no attempt to explain in her complaint or her opposition why these

3  forms of legal relief are inadequate. Indeed, Plaintiff's Opposition fails to acknowledge that her

4  requested injunctive relief would last only until she is "fairly compensated," which proves that

5  monetary remedies are sufficient to remedy any harms. SAC ¶ 100; Mot. 11. She cites a single

6  case for the proposition that "barring use contingent on compensation is an accepted equitable

7  remedy," Opp'n 13, but that case involved compensation for "*future*" uses, *Sony Music Ent., Inc.

8  v. Clark-Rainbolt*, 2024 WL 1319735, at *4 (N.D. Tex. Mar. 27, 2024) (emphasis added), whereas

9  Plaintiff's request includes seeking to enjoin use of her work until she is "compensated" for *past*

10 use, SAC ¶ 100. Given the availability of monetary relief, its alleged importance to her, the tying

11 of injunctive relief to the payment of compensation for alleged past use, and the lack of any

12 allegations in the SAC as to why non-monetary relief is needed, Plaintiff's claim falls into the

13 category that she admits requires dismissal of her claim for injunctive relief.

14     Attacking a strawman, Plaintiff disputes whether *eBay*'s "4-part test" applies at the

15 pleading stage. *See* Opp'n 11. Google has not argued for that here. *See* Mot. 9-12. What it argues

16 for is what the law requires: that a plaintiff plead facts demonstrating "the likelihood of substantial

17 and immediate irreparable injury, and the inadequacy of remedies at law"—"the basic requisites of

18 the issuance of equitable relief." *O'Shea*, 414 U.S. at 502. Plaintiff has failed to do so.

19     ***Irreparable Harm.*** Plaintiff asserts that an allegation that infringement will occur in the

20 "future" establishes irreparable harm. Opp'n 12 (citing *Y.Y.G.M. SA v. Redbubble, Inc.*, 75 F.4th

21 995 (9th Cir. 2023)). Not so. It is blackletter law that even proven infringement does not give rise

22 to a presumption of irreparable harm. *See Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 980 (9th

23 Cir. 2011). It follows that potential future infringement does not establish irreparable harm either:

24 "the prospect that infringement will continue merely precipitates the question whether any future

25 infringement would irreparably injure the copyright owner." *TD Bank N.A. v. Hill*, 928 F.3d 259,

26 280 (3d Cir. 2019) (vacating injunction); *see also MGM Studios, Inc. v. Grokster, Ltd.*, 518 F.

27 Supp. 2d 1197, 1214-15 (C.D. Cal. 2007) (concluding that "irreparable harm" from "future

28 infringement … cannot be presumed").

1    In any event, Plaintiff has not alleged that Google will infringe her copyright in the future. *See* Mot. 10. The only allegations she highlights in her Opposition are generic and not specific to her work. *See* Opp'n 15 (arguing that Google intends to scrape "all 'publicly available' information" and "'anything online'"). Citing Google's Privacy Policy, Plaintiff contends that Google will "continue scraping all 'publicly available' information, including information protected by copyright." *Id.* (citing SAC ¶ 47). That mischaracterizes the Privacy Policy, which simply discloses that Google "may" collect public information online. SAC ¶ 47. Regardless, Plaintiff offers no reason to think Google would continue to scrape copies of *her work*, when it has allegedly already done so.

What is more, the sole authority she cites, *Y.Y.G.M.*, does not support her argument. First, *Y.Y.G.M.* held only that "future harm" was "relevan[t]" to whether an injunction should issue and that the district court therefore erred in failing to consider it. *See* 75 F.4th at 1007 ("We remand for the district court to reconsider … how the existence of future harm affects irreparable harm and the other factors governing injunctive relief"). Second, *Y.Y.G.M.* involved a trademark infringement claim for which there is a statutory "'rebuttable presumption of irreparable harm.'" *Id.* at 1005 (citing 15 U.S.C. § 1116(a)). There is no such presumption for copyright infringement claims like Plaintiff's. Mot. 9; *Perfect 10*, 653 F.3d at 981 (Supreme Court's *eBay* decision overruled prior Ninth Circuit authority recognizing a "presumption of irreparable harm" in copyright cases). In short, Plaintiff has not pleaded and may be unable to plead facts demonstrating irreparable harm.

*Adequate Remedy at Law.* Plaintiff contends that she lacks an adequate remedy at law because Google is allegedly "on notice of its infringement and yet it continues to infringe." Opp'n 15 (citing SAC ¶ 47). Her only support for the assertion that Google is "on notice" (*id.*) is Google's own Privacy Policy, which nowhere suggests that Google believes its activities to be infringing or why monetary relief would be inadequate if it did. Again, there is nothing pleaded to support this required element for injunctive relief.

Finally, it should be repeated that Plaintiff does not pray for injunctive relief in the abstract, but rather injunctive relief that is unprecedented in its invasiveness and breadth. While

1  she claims the request is "consistent with what courts have granted in past copyright actions,"

2  Opp'n 13, she cannot muster a single case imposing anything like her "Accountability Protocols,"

3  SAC ¶ 100, or offer any explanation of how there is a "sufficient causal connection" between the

4  conduct she seeks to enjoin and her supposedly irreparable harm, *see Perfect 10*, 653 F.3d at 982.

5  As one prominent copyright scholar has noted, the relief Plaintiff requests in the SAC and prior

6  complaints find no basis in the law. *See* P. Samuelson, *How to Think About Remedies in the*

7  *Generative AI Copyright Cases*, Vol. 67 No. 7, Communications of the ACM, at 27-30 (2024),

8  https://dl.acm.org/doi/full/10.1145/3654699 (discussing Plaintiff's "Accountability Protocols" and

9  other requests for relief included in the original complaint; "All I can say about this request for

10 relief is 'good luck with that.' It should be up to legislatures to establish regulatory regimes of

11 th[is] sort").

12        Accordingly, Google respectfully requests that the Court dismiss Plaintiff's claim for

13 injunctive relief.

14 **III.    Plaintiff's SAC Violates Rule 8's Plain Statement Requirement.**

15        In the Opposition, Plaintiff does not deny that, apart from Bard, the SAC fails to identify

16 any of Google's "AI Products" that supposedly infringed her copyright. As Google explained,

17 vague references to Google "Products" do not permit Google to investigate or answer Plaintiff's

18 claim and would seemingly sweep into this case any Google product that uses AI in any way. Mot.

19 12-13. Unsurprisingly, Plaintiff does not suggest that the SAC's references to "AI Products"

20 provide remotely "enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178,

21 1180-81 (9th Cir. 1996). Instead, she offers a series of arguments for why that pleading failure

22 ought to be excused, but none cures the fundamental problem here: that her allegations fail to set

23 out "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

24 Civ. P. 8(a)(2).

25        Plaintiff first argues that, having failed to identify the allegedly infringing "Products," the

26 SAC nonetheless satisfies Rule 8 because it alleges an act of infringement "with specificity."

27 Opp'n 1, 4-5. As support for this assertion, she cites a handful of paragraphs in the SAC, and

28 allegations concerning "b-ok.org" in particular, that purportedly indicate Google created a dataset

REPLY IN SUPPORT OF GOOGLE'S                                -7-                        CASE NO.: 5:23-cv-03440-EKL
MOTION TO DISMISS SECOND AMENDED COMPLAINT

that includes some unspecified data from websites where Plaintiff's book was posted. *See* Opp'n 5 (citing SAC ¶¶ 27, 37-48). However, by her own allegations, Plaintiff's theory of infringement is not based on the creation of a particular dataset, but on the training of Google "Products." *See* SAC ¶ 114 ("By training its Products on the protected works of millions of authors, Defendant engaged in unauthorized use, distribution, and reproduction of the copyrighted materials."). Insofar as she now suggests that Google's Products are somehow incidental to her claim (*see* Opp'n 5-6), Plaintiff cannot use her Opposition to rewrite her SAC.[2] Nor can she merely shrug and suggest discovery will cure her pleading deficiencies. *See* Opp'n 1 ("that is what discovery is for").

Beyond that, Plaintiff simply throws her hands up in the air. She admits that—not only does she not know which other "Products," if any, are implicated by her copyright claim—but also that she could not possibly know. *See* Opp. at 5 ("It is true Ms. Leovy does not know … products other than Bard/Gemini that depend on her copyrighted work…"); *id.* at 4 ("only Google knows that"); *id.* at 7 ("It would be unreasonable to … expect her to know which other AI Products Google has built using the dataset at issue or other dataset which included [her] book."). To try to excuse this failing, the Opposition points to Ninth Circuit precedent (Opp'n 7) that permits a party to plead "facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant," *Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). But that is of no help to Plaintiff. She has not made allegations against any other specific AI Products, even on information and belief, because the Ninth Circuit's opinion in *Soo Park* does not dispense with Rule 11 or give plaintiffs carte blanche to assert claims based on conjecture. *See Cloudera, Inc. v. Databricks, Inc.*, 2021 WL 3856697, at *6 (N.D. Cal. Aug. 30, 2021) ("Although courts may consider whether 'facts are peculiarly within the possession and control of the defendant, such latitude does not mean that conclusory allegations are permitted.'" (quoting

---

[2] Under Plaintiff's view, so long as a plaintiff points to a Google-created dataset that may contain their work, they can assert copyright infringement claims as to any "Products" that may in the future be discovered to have trained on that dataset (or some "other dataset" (Opp'n 7)), without actually identifying either the product or dataset or alleging any connection to the plaintiff's work. Plaintiff cites no authority in support of that position.

REPLY IN SUPPORT OF GOOGLE'S
MOTION TO DISMISS SECOND AMENDED COMPLAINT
-8-
CASE NO.: 5:23-cv-03440-EKL

*Becton v. Cytek Biosciences Inc.*, 2020 WL 1877707, at *4 n.10 (N.D. Cal. Apr. 15, 2020)); *Menzel v. Scholastic, Inc.*, 2018 WL 1400386, at *3 (N.D. Cal. Mar. 19, 2018) (explaining plaintiff's "protests that he cannot allege more information to support his claims because how Scholastic has used his photographs is peculiarly within the possession and control of Scholastic … does not excuse the requirement that the plaintiff allege something more than bare conclusion"); *cf. Rearden LLC v. TWDC Enters. 18 Corp.*, 2024 WL 1250161, at *3 (N.D. Cal. Mar. 21, 2024) (rejecting legal sufficiency of conclusory allegation that a file containing plaintiff's infringing source code was used "to animate The Hulk in at least one of *Avengers: Infinity War* and *Avengers: Endgame*"). That Plaintiff lacks any good faith basis to allege, even on information and belief, that any other AI Product was trained using her book shows the problem: Her complaint should not encompass products she has no basis to accuse, and her deliberate attempt to circumvent that limitation with a reference to an unknown and unknowable set of "other AI Products" does not satisfy Rule 8.

The SAC's Rule 8 problems, however, extend well beyond this. As Google pointed out (Mot. 13-15), Plaintiff's complaint is also laden with irrelevancies—including rhetoric, third-party statements, and vestiges of prior claims—that she makes no real effort to defend. The Opposition simply ignores the SAC's anti-AI rhetoric and hyperbole. *See* Mot. 4-5, 15 (pointing out, for example, Plaintiff's prophecies of a "destabilized future" and "worsening poverty"). As to the various statements from third parties scattered throughout the SAC (*see* Mot. 14-15), Plaintiff argues that allegations of "public outrage" are "directly relevant to Ms. Leovy's request for equitable relief." Opp'n 4, 8. She does not, however, explain ***how*** statements of random internet users, which have nothing to do with Google (*e.g.*, SAC ¶¶ 70-71), or even with copyright issues generally (*e.g.*, SAC ¶ 5 & n.3), are nevertheless "critically relevant" (Opp'n 4) to assessing the injunctive relief Plaintiff seeks in this case. Unsurprisingly, she does not point to a single case that evaluated whether an injunction was in the public interest by surveying a plaintiff's cherry-picked comments from internet users. And that makes sense: whether Plaintiff is entitled to the relief she seeks plainly has nothing to do with what "Cody" from "British Columbia" (SAC ¶ 67) posted online. *See Cousart v. OpenAI LP*, 2024 WL 3282522, at *1 (N.D. Cal. May 24, 2024).

1  (dismissing for noncompliance with Rule 8 a complaint that "contains swaths of unnecessary and
2  distracting allegations," including "how various political leaders and European governments have
3  reacted to recent advancements in AI technology," and "rhetoric and policy grievances that are not
4  suitable for resolution by federal courts," including "AI's risk to humanity"). As Judge Chhabria
5  explained in dismissing the *Cousart* complaint, Plaintiff and her counsel "need to understand that
6  they are in a court of law, not a town hall meeting." *Id.*

7  More problematic still, the SAC is rife with allegations that relate only to now-abandoned
8  claims and parties. *See* Mot. 13-14. Plaintiff does not dispute this. Indeed, she does not offer any
9  substantive response, but rather dismisses Google's arguments as "personal attacks" on her
10 counsel. Opp'n 8 (indicating Google's concerns about "vestigial allegations" "will not be further
11 addressed or dignified with a response"). But once again, Plaintiff cannot substitute umbrage for
12 substance. In failing to address the arguments set out in Google's motion concerning these
13 irrelevant allegations, she concedes that the allegations have no place in her complaint.

14 In sum, Plaintiff's Opposition only confirms that the SAC "mixes allegations of relevant
15 facts, irrelevant facts, political argument, and legal argument in a confusing way" and should be
16 dismissed as violative of Rule 8. *McHenry*, 84 F.3d at 1174, 1179-80. Neither Google nor the
17 Court should be required to puzzle through her complaint to try to figure out what is relevant and
18 how it all is supposed to fit together.

19 **CONCLUSION**

20 For these reasons, the Court should dismiss with prejudice Plaintiff's requests for punitive,
21 treble, and nominal damages, and non-restitutionary disgorgement, and dismiss Plaintiff's requests
22 for injunctive relief and the SAC in its entirety for failure to comply with Rule 8.

| | |
|---|---|
| Dated: September 12, 2024 | Respectfully submitted,<br><br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: */s/ David H. Kramer*<br>    David H. Kramer<br>    dkramer@wsgr.com<br>    Maura L. Rees<br>    mrees@wsgr.com<br>    Eric P. Tuttle<br>    eric.tuttle@wsgr.com<br><br>*Counsel for Defendant* GOOGLE LLC |