**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Yana Hart (SBN 306499)
yhart@clarksonlawfirm.com
Tiara Avaness (SBN 343928)
tavaness@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050

**CLARKSON LAW FIRM, P.C.**
Tracey Cowan (SBN 250053)
tcowan@clarksonlawfirm.com
95 3rd St., 2nd Floor
San Francisco, CA 94103
Tel: (213) 788-4050

*Counsel for Plaintiff and the Proposed Class*

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
David H. Kramer (SBN 168452)
dkramer@wsgr.com
Maura L. Rees (SBN 191698)
mrees@wsgr.com
650 Page Mill Road
Palo Alto, CA 94304-1050
Tel: (650) 493-9300

**WILSON SONSINI GOODRICH & ROSATI**
Professional Corporation
Eric P. Tuttle (SBN 248440)
eric.tuttle@wsgr.com
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500

*Counsel for Defendant*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 5:23-cv-03440-EKL<br><br>**CLASS ACTION**<br><br>**RULE 26(f) JOINT CASE MANAGEMENT STATEMENT**<br><br>Complaint Filed: July 11, 2023<br>FAC Filed:  January 5, 2024<br>SAC Filed:  June 27, 2024 |

Plaintiff Jill Leovy ("Plaintiff" or "Ms. Leovy") and Defendant Google LLC ("Defendant" or "Google") (collectively, the "Parties") submit this Joint Case Management Statement pursuant to Fed. R. Civ. P. 26(f), Civil Local Rule 16-9, and the Standing Order for Judge Eumi K. Lee.

**1. Jurisdiction and Service**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C § 1331, because this case arises under the Copyright Act, 17 U.S.C. § 501. No issues exist regarding personal jurisdiction or venue. No Parties remain to be served.

**2. Facts**

**Plaintiff's Position:** To build its AI Products, Google took copyrighted works from authors, creators, and artists around the nation without notice, consent, or compensation, copying and otherwise using them in violation of the federal Copyright Act. (Second Amended Complaint ("SAC"), ¶¶ 2-6, 23-34) Google's AI Product Bard, now known as Gemini, and likely other valuable Google AI Products were built and run on these copyrighted works and could not exist without them. *Id.* ¶13. Ms. Leovy is a New York Times best-selling author, former longtime reporter for the LA Times, and one of the victims of Google's mass theft/infringement of copyrighted works. *Id.* ¶ 15. In her case, Google illegally took and reproduced her award-winning non-fiction book *Ghettoside: A True Story of Murder in America*, reflecting novel insights not available anywhere else gleamed from her decades-long and dangerous work embedded in a homicide crime unit. *Id.* ¶ 16. She filed this action individually and on behalf of all other similarly situated copyrighted authors and creators ("Users" or "Class Members").

Google raises below express or implied consent as a defense, but it is a matter of public record that no one consented to its massive infringement of intellectually property. Similar claims are currently being pursued by authors, cartoonists, illustrators, journalists, and other affected creators across the nation against companies like Google, OpenAI, and Microsoft, which each exploited copyrighted works in secret while competing for dominance in the new AI economy. Google's failure to license these valuable works in disregard of copyright law has outraged the public (¶¶ 8, 9, 52, 64-71, 73-76), and for good reason: the AI Products compete with and ultimately are expected

1  to eliminate the livelihoods of the very creators from whom Google stole, and without whose works
2  profitable products like Gemini could not exist. *Id.*, ¶¶ 24-27, 37-46.

3    For that and other reasons, Google's argument that their surreptitious theft and infringement
4  of millions of works constitutes "fair use" will also fail. "Groundbreaking technology," as Google
5  puts it, is no excuse to violate the law, as the FTC has explicitly warned companies like Google:
6  "machine learning is no excuse to break the law" and "[t]he data . . . use[d] . . . must be lawfully
7  collected." *Id.*, ¶ 5. "Fair use" also has never sanctioned infringement of entire works for commercial
8  purposes that detrimentally affects creators and copyright holders.  Defendant's unauthorized use
9  also does not fall within any protected purposes under 17 U.S.C. 107.

10    Finally, Google relies on *Schneider* below to diminish the prospect of class certification for
11  Ms. Leovy's claim, but the Court there was careful to note that certification in a copyright case is
12  not foreclosed or otherwise per se "impossible." *Schneider v. YouTube, LLC,* 674 F. Supp. 3d 704,
13  717 (N.D. Cal. 2023). Google's position also overlooks multiple certified copyright cases within
14  the Ninth Circuit alone. *Risto v. Screen Actors Guild-American Fed'n of TV & Radio Artists*, 2020
15  U.S. Dist. LEXIS 168372, *15 (C.D. Cal. Sep. 14, 2020) (certified class of "[a]ll non-featured
16  musicians and non-featured vocalists, their agents, successors in interest, assigns, heirs, executors,
17  trustees, and administrators, entitled to royalties under the Copyright Act (17 U.S.C. § 114 (g)(2)(B-
18  C) after July 22, 2013"); *Leiber v. Bertelsmann AG (In re Napster, Inc. Copyright Litig.)*, 2005 U.S.
19  Dist. LEXIS 11498, *44 (N.D. Cal. May 31, 2005) (certified class of "[a]ll music publisher-
20  principals of The Harry Fox Agency that owned or controlled at least one copyrighted musical work
21  at the time that it was made available without their permission through the Napster service on or
22  after October 30, 2000.")

23    **Defendant's Position:** Generative AI is an important and groundbreaking technology that
24  promises to revolutionize a wide range of endeavors. Plaintiff's complaint challenges the process
25  of training AI models, which involves exposing the models to enormous amounts of data so that
26  they can learn to generate their own information. Plaintiff does not allege that the output of any
27  Google product has displayed, distributed, or otherwise infringed her copyright. And Plaintiff's
28  claim for copyright infringement based on training is meritless.

That claim raises questions of express and implied license and fair use. Facts regarding copyright ownership, registration, use, timing, and the existence and availability of damages will also require exploration. Importantly, no class can be certified here. Many courts have recognized that copyright claims are "poor candidates for class-action treatment." *Schneider v. YouTube LLC*, 2023 WL 3605981, at *6 (N.D. Cal. May 22, 2023) (denying certification of copyright class). Those concerns are magnified here, where Plaintiff, asserting a single copyrighted work, seeks to represent a sprawling class of all U.S. copyright owners whose works were allegedly used in training Google's AI products.

Rather than a statement on the status of the case, Plaintiff has chosen to submit extensive legal argument. Plaintiff's arguments are as meritless as they are misplaced, and Defendant will refute them in the proper setting.

### 3. Legal Issues

**Plaintiff's Position:** Ms. Leovy asserts the claims on behalf of herself and a class of similarly situated persons for violation of the Copyright Act. Ms. Leovy seeks to certify the classes under Rule 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, regarding, but not limited to, the following legal issues:

a) Whether Ms. Leovy owned copyright in her book that Google illegally used to build AI Products;

b) Whether Defendant's conduct constitutes an infringement of the copyrights held by Ms. Leovy and the Class in their respective works;

c) Whether Defendant's reproduction of the copyrighted works constitutes copyright infringement;

d) Whether Defendant's copying and/or reproduction of the copyrighted works constitutes fair use;

e) Whether Defendant's violation of Class' and Ms. Leovy's exclusive rights under copyright law entitles them to damages, including statutory damages, and the amount of statutory damages;

f) Whether Defendant acted willfully with respect to the copyright infringements.

At the appropriate time, the parties will brief their respective positions as to the requirements under Rule 23.

**Defendant's Position:** Defendant identifies the following legal issues in addition to those raised by Plaintiff above. As raised in the motion to dismiss, the Parties dispute: (a) whether Plaintiff has adequately alleged entitlement to injunctive relief or to disgorgement; and (b) whether the Complaint complies with Rule 8's requirement of a "short and plain" statement.

Further contested legal issues that are likely to be raised include: (a) whether a class can be certified under Rule 23; (b) whether Plaintiff can demonstrate registration, ownership, and validity of the alleged copyright; (c) whether the allegedly infringed material consists of creative expression or uncopyrightable facts; (d) whether there is substantial similarity between Plaintiff's copyrighted work and the accused infringement; (e) whether Plaintiff's agreements with Defendant and others authorize the alleged actions; (f) whether doctrines such as fair use or de minimis copying apply to the copyright claim; and (g) whether this case should be consolidated with the related case, *Zhang, et al. v. Google LLC, et al.*, No. 5:24-cv-02531-EKL.

**4.   Motions**

   **(a)   Prior and Pending Motions**

*Motions to Dismiss*. Defendant filed a motion to dismiss the original complaint, which was rendered moot by Ms. Leovy's filing of an amended complaint (ECF No. 28). On February 9, 2024, Defendant moved to dismiss the First Amended Complaint. *See* ECF Nos. 33, 34. The Court granted that motion under Rule 8, but permitted plaintiffs leave to amend. ECF No. 46 at 1. After Ms. Leovy filed a Second Amended Complaint asserting a claim for direct copyright infringement, Defendant filed another motion to dismiss (ECF No. 55), which Ms. Leovy timely opposed (ECF No. 61), and which is set for hearing on December 18, 2024.

*Related Case Motions*. Defendant moved to relate this case to *Zhang v. Google*. *See* ECF Nos. 42, 49. The Court related the cases on July 23, 2024. ECF No. 51*; see also* ECF Nos. 53-54, 56, 59 (reconsideration denied).

**(b)     Anticipated Motions**

At a later time, the Parties anticipate briefing Ms. Leovy's motion for class certification. The Parties reserve their rights to file motions for summary judgment, and *Daubert* motions (as desired). Closer to trial, the Parties anticipate filing pre-trial motions as appropriate or necessary depending on the progression of this litigation.

Defendant may move to consolidate this case with the related case, *Zhang v. Google*.

**Plaintiff's Position on Consolidation:** Ms. Leovy intends to oppose Defendant's motion to consolidate because the two cases involve different data sets, different AI products, and different language models. To the extent any discovery overlaps, the parties will work collaboratively to avoid unnecessary duplication and to realize other efficiencies in the interest of judicial economy, and revisit the prospect of consolidation as the cases take further shape.

**Defendant's Position on Consolidation:** From the operative pleadings, the putative class in *Leovy* subsumes the putative class in *Zhang*. That is, the *Zhang* Plaintiffs, as well as members of the putative class in *Zhang*, are also members of the putative class in *Leovy*. Plaintiff cannot plausibly dispute that the complaint in *Leovy* covers the allegations and the putative class in *Zhang*. Consolidation in these circumstances is routine to promote efficiency and avoid duplication.

**5.     Amendment of Pleadings**

Consistent with the Court's Standing Order, the Parties propose 60 days after the initial case management conference as the deadline to move to amend pleadings or add parties without leave of court. Beyond that, Ms. Leovy reserves the right to seek leave to amend the complaint, or add parties or claims, in the event that discovery leads to evidence necessitating amendment or motions to add parties or claims. Defendant believes that, if the cases are consolidated, it may make sense to have a consolidated complaint. The Parties do not anticipate any motions regarding transferring venue/remand.

**6.     Evidence Preservation**

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information ("ESI Guidelines") and have taken responsible and necessary steps to comply with their obligations to preserve evidence relevant to the issues reasonably evident in this action.

The Parties have begun conferring on several issues regarding preservation, and intend to meet and confer further regarding electronic discovery issues pursuant to Fed. R. Civ. P. 26(f) regarding what reasonable and proportionate steps are to be taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures**

Pursuant to the Court's Order of May 14, 2024 (ECF No. 40), the Parties intend to serve their initial disclosures by no later than one week prior to the initial case management conference.

**8. Discovery**

    **(a) Status and Scope of Discovery**

No discovery has taken place to date. The Parties intend to begin discovery shortly and intend to take written discovery, depositions, third party discovery, and expert discovery. The Parties are conferring on a stipulated ESI protocol and protective order governing the confidentiality of materials in this action. The Parties do not anticipate that discovery will be bifurcated.

    **(b) Discovery Modifications**

The Parties believe that the default limitations on discovery set out in the Federal Rules should apply and that the Parties should work together to reach agreement on a mutual expansion if one becomes necessary. The Parties further believe that discovery should be coordinated in the two related cases, even if they are not consolidated.

    **(c) Discovery Plan**

The Parties met and conferred and have agreed to submit a supplement with their proposed schedule, to include proposed cut-off dates for both fact and expert discovery, at least two weeks in advance of the initial case management conference in this case once that conference has been set.

    **(d) Discovery Disputes**

The Parties have not yet identified any discovery disputes.

**9. Class Actions**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiff's Position:** Ms. Leovy brings this action as a class action pursuant to Federal Rules of Civil Procedure 23, subdivisions (b)(2), (b)(3), and (c)(4) on behalf of herself and all others

1  similarly situated included in the putative class. Ms. Leovy intends to move for class certification by the date approved by the Court. The parties will submit a proposed schedule addendum to this statement, no later than two weeks prior to the scheduled initial case management conference.

**Defendant's Position:** Defendant intends to oppose class certification.

**10.  Related Cases**

On July 23, 2024, this case was related to the following matter before the Northern District of California: Case No. 24-cv-02531-EJD, *Zhang v. Google LLC*. The Parties are unaware of any other related cases at this time. Defendant may bring a motion on whether the related cases should be consolidated, which Ms. Leovy expects to oppose. *See* p. 5 above (Anticipated Motions, Plaintiff's Position).

**11.  Relief**

**Plaintiff's Position:** Ms. Leovy seeks the following relief:

1. Compensatory/Statutory damages: Ms. Leovy seeks remedies authorized by 17 U.S.C. § 504 (allowing recovery of actual damages and infringer's profits, or alternatively, statutory damages).

2. Injunctive relief;

3. Reasonable attorneys' fees, costs, and expenses; pre-/post-judgment interest; and

4. any further relief the Court deems just and proper.

Defendant notes it will seek prevailing party attorney's fees under 17 U.S.C. § 505, but that would be unsuccessful. This case raises an important issue of great public concern in the new AI economy and these copyright questions are reasonably being litigated in good faith in courts across the nation. *See King v. IM Glob.*, No. CV 15-09646 SJO (AGRx), 2017 U.S. Dist. LEXIS 112651, *10 (C.D. Cal. Jan. 25, 2017) (denying defendant prevailing attorney's fees where the award "would not further the purposes of the Copyright Act" because plaintiff's claims were not frivolous or objectively unreasonable.)

**Defendant's Position:** Defendant denies that Plaintiff is entitled to any relief. Certain requests for relief are the subject of a pending motion to dismiss. Defendant expects to seek prevailing party attorneys' fees for Plaintiff's copyright claim pursuant to 17 U.S.C. § 505.

### 12. Settlement and ADR

The Parties intend to participate in private mediation; the Parties are continuing to confer as to when it would be most beneficial to hold a mediation.

### 13. Other References

The Parties do not believe this case is presently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. Narrowing of Issues

By agreement of the Parties, Ms. Leovy voluntarily dismissed two of the original defendants without prejudice (Alphabet Inc. and Google DeepMind). Following the Court's ruling on a prior motion to dismiss, additional plaintiffs and claims were dropped from this case, leaving only a single claim for direct copyright infringement. The Parties do not believe there are any other issues that can be narrowed at this time. However, the Parties agree that a ruling on class certification would be most consequential to this case.

### 15. Scheduling

The Parties met and conferred and have agreed to submit a supplement with their proposed schedule no later than two weeks prior to the scheduled initial case management conference.

### 16. Trial Estimate:

Ms. Leovy has demanded a jury trial on all matters so triable.

**Plaintiff's Position:** Plaintiff currently estimates approximately seven (7) to ten (10) days for trial.

**Defendant's Position:** Defendant believes it is premature to determine the length of the trial.

### 17. Disclosure of Non-Party Interested Entities or Persons

**Plaintiff's Position:** Ms. Leovy and her Counsel are not aware of any other persons or entities (other than the parties, the class members, and the disclosed interested entities by Google) to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Defendant's Position:** Defendant has filed the Corporate Disclosure Statement and Certification of Interested Entities or Persons required by Civil L.R. 3-15 (ECF No. 16). Pursuant

to Federal Rule of Civil Procedure 7.1, Defendant Google LLC discloses the following: Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Pursuant to Civ. L.R. 3-15, the undersigned counsel for Defendant certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Google LLC
2. XXVI Holdings Inc., Holding Company of Google LLC
3. Alphabet Inc., Holding Company of XXVI Holdings Inc.

**18. Professional Conduct**

The Parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Summary of Parties, Claims, and Procedural History**

Per ECF No. 60, the Parties have included a short statement of the case to date:

**(a) Parties**

  i. Plaintiff:    Jill Leovy, an individual, on behalf of herself and a proposed class

  ii. Defendant:  Google LLC

**(b) Claims**

The sole count in this case is Direct Copyright Infringement under 17 U.S.C. § 101 *et seq.*; and U.S. Const. Art. I, Section 8.

**(c) Procedural History**

| | |
|---|---|
| Original Complaint filed | July 11, 2023 |
| Motion to Dismiss filed | October 17, 2023 |
| Stipulation re timing of First Amended Complaint | November 3, 2023 |

| First Amended Complaint filed | January 5, 2024 |
|---|---|
| Motion to Dismiss First Amended Complaint filed | February 9, 2024 |
| Order granting Motion to Dismiss with leave to amend | June 6, 2024 |
| Second Amended Complaint filed | June 27, 2024 |
| Motion to Dismiss Second Amended Complaint filed | July 29, 2024 |
| Hearing on the Motion to Dismiss | December 18, 2024 |
| Initial Scheduling Conference | **To be determined** |

DATED: September 16, 2024　　　　　**CLARKSON LAW FIRM, P.C.**

By: */s/ Yana Hart*
　　Ryan J. Clarkson, Esq.
　　Yana Hart, Esq.
　　Tiara Avaness, Esq.

*Counsel for Plaintiff and the Proposed Class*

DATED: September 16, 2024　　　　　**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**

By: */s/ David H. Kramer*
　　David H. Kramer, Esq.
　　Maura L. Rees, Esq.
　　Eric P. Tuttle, Esq.

*Counsel for Defendant*

**ATTESTATION OF FILER**

Pursuant to Civil Local Rule 5-1(i)(3), the undersigned filer hereby attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content, and have authorized the filing.

Dated:  September 16, 2024            **CLARKSON LAW FIRM, P.C.**

   /s/ Yana Hart
By: Yana Hart, Esq.

*Counsel for Plaintiff and the Proposed Class*