DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 5:23-cv-03440-EKL<br><br>**DEFENDANTS GOOGLE LLC AND ALPHABET INC.'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE**<br><br>Date: December 18, 2024<br>Time: 10:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Eumi K. Lee |
| JINGNA ZHANG, an individual; SARAH ANDERSEN, an individual; HOPE LARSON, an individual; and JESSICA FINK, an individual,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | CASE NO.: 5:24-cv-02531-EKL |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

NOTICE OF MOTION AND MOTION ........................................................................................... 1

STATEMENT OF REQUESTED RELIEF AND OF ISSUES TO BE DECIDED ....................... 1

MEMORANDUM OF POINTS AND AUTHORITIES .................................................................. 1

BACKGROUND .................................................................................................................................. 3

LEGAL STANDARD .......................................................................................................................... 6

ARGUMENT ........................................................................................................................................ 7

    I.       The Actions Share Common Questions Because The Proposed Classes Overlap. ................................................................................................................................. 7

    II.      Consolidation Now Would Achieve Substantial Benefits While Prejudicing No One. ............................................................................................................................... 10

CONCLUSION .................................................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

### **CASES**

*Alvarez v. YRC Inc.*,
 2016 WL 11751961 (C.D. Cal. Nov. 4, 2016) .................................................................. 10

*Authors Guild v. Google, Inc.*,
 804 F.3d 202 (2d Cir. 2015) ............................................................................................... 2

*Authors Guild v. Google, Inc.*,
 954 F. Supp. 2d 282 (S.D.N.Y. 2013) ............................................................................... 2

*Bagheri v. Dermtech, Inc.*,
 2024 WL 189025 (S.D. Cal. Jan. 17, 2024) ...................................................................... 7

*Bernal v. Netflix, Inc.*,
 2011 WL 13157369 (N.D. Cal. Aug. 12, 2011) .............................................................. 12

*Brown v. Accellion, Inc.*,
 2022 WL 767279 (N.D. Cal. Mar. 14, 2022) .................................................................. 12

*Campbell v. Acuff-Rose Music, Inc.*,
 510 U.S. 569 (1994) ........................................................................................................... 2

*Campbell v. City of Los Angeles*,
 903 F.3d 1090 (9th Cir. 2018) ........................................................................................... 6

*Cousart v. OpenAI LP*,
 2024 WL 3282522 (N.D. Cal. May 24, 2024) .................................................................. 5

*Cousin v. Sharp HealthCare*,
 2023 WL 1421556 (S.D. Cal. Jan. 31, 2023) .................................................................... 7

*Crowl v. Cupertino Elec., Inc.*,
 2023 WL 8461175 (N.D. Cal. Dec. 6, 2023) .................................................................... 7

*DivX, LLC v. Hulu, LLC*,
 2021 WL 6499935 (C.D. Cal. Oct. 6, 2021) ................................................................... 10

*Dorrough v. GEO Grp., Inc.*,
 2017 WL 31412 (W.D. Okla. Jan. 3, 2017) ...................................................................... 9

*Dusky v. Bellasaire Invs.*,
 2007 WL 4403985 (C.D. Cal. Dec. 4, 2007) ............................................................... 9, 11

*Felix v. Symantec Corp.*,
 2018 WL 4029053 (N.D. Cal. Aug. 23, 2018) .................................................................. 9

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
 297 F.R.D. 64 (S.D.N.Y. 2013) ......................................................................................... 2

*Henshaw v. Home Depot U.S.A., Inc.*,
 2011 WL 13225065 (C.D. Cal. July 19, 2011) ........................................................... 7, 11

*Huene v. United States*,
    743 F.2d 703 (9th Cir. 1984) ............................................................................................... 6

*In re Adams Apple*,
    829 F.2d 1484 (9th Cir. 1987) ............................................................................................. 6

*Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*,
    2007 WL 902554 (N.D. Cal. Mar. 22, 2007) ...................................................................... 6

*Lambrix v. Tesla, Inc.*,
    2023 WL 4534942 (N.D. Cal. June 23, 2023) ................................................................... 12

*Levine v. Andreessen*,
    2010 WL 11639935 (N.D. Cal. Nov. 1, 2010) .................................................................. 10

*Perfect 10, Inc. v. Amazon.com, Inc.*,
    508 F.3d 1146 (9th Cir. 2007) ........................................................................................... 12

*Ramirez v. HB USA Holdings, Inc.*,
    2021 WL 840353 (C.D. Cal. Jan. 15, 2021) ..................................................... 1, 3, 7, 10, 12

*Schneider v. YouTube, LLC*,
    674 F. Supp. 3d 704 (N.D. Cal. 2023) ............................................................................ 2, 9

*Thomas Inv. Partners, Ltd. v. United States*,
    444 F. App'x 190 (9th Cir. 2011) ........................................................................................ 6

*Willis v. InMarket Media, LLC*,
    2024 WL 4351608 (N.D. Cal. June 11, 2024) .................................................................... 7

**STATUTES**

17 U.S.C. § 411 ................................................................................................................................ 5

**RULES**

Fed. R. Civ. P. 42 .................................................................................................................... 1, 6, 7

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on December 18, 2024, at 10 a.m., Defendants Google LLC ("Google") and Alphabet Inc. ("Alphabet") (collectively, "Defendants") will move this Court pursuant to Federal Rules of Civil Procedure 42 for an order consolidating *Leovy v. Google LLC*, No. 5:23-cv-03440-EKL, and *Zhang v. Google LLC*, No. 5:24-cv-02531-EKL.

## STATEMENT OF REQUESTED RELIEF AND OF ISSUES TO BE DECIDED

In response to the Court's direction that it "would like to consider consolidation," ECF No. 64 at 2, and pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendants respectfully request that the Court consolidate the *Leovy* and *Zhang* actions for all purposes.

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court should consolidate the *Leovy* and *Zhang* actions. Courts consolidate actions when they "involve a common question of law or fact," Fed. R. Civ. P. 42(a), and consolidation would "serve[] the interests of efficiency and judicial economy." *Ramirez v. HB USA Holdings, Inc.*, 2021 WL 840353, at *2 (C.D. Cal. Jan. 15, 2021). That standard is easily met here.

Both actions arise out of recent technological breakthroughs in generative artificial intelligence (AI) models. These models are capable of creating new, original text, images, music, videos, and code, and serving as a companion that can help research, summarize, and synthesize information or brainstorm ideas. Just this week, two Nobel Prize Committees recognized the work of three Google-affiliated AI scientists that has already changed the world and promises to do more. In awarding the Nobel Prize in Physics to a former Google Vice President and Engineering Fellow for his earlier foundational work, the Committee for Physics recognized the transformational potential of AI to "tackle many of the challenges our society face[s]" and to "enable breakthroughs toward building a sustainable society." https://www.nobelprize.org/uploads/2024/09/advanced-physicsprize2024.pdf. To develop their transformational capabilities, generative AI models must be trained—generally through exposure to enormous amounts of data—so that they can learn how to use words, sounds, and images as the building blocks of creativity.

Both the *Leovy* and *Zhang* actions challenge Google's training process, alleging that the transformative use of copyrighted works to teach generative AI models is copyright infringement. In *Leovy*, the Plaintiff contends that Google used "everything on the internet" to train its generative AI models, and purports to sue on behalf of copyright holders everywhere. *Leovy*, No. 5:23-cv-03440-EKL, ECF No. 47 ("*Leovy* SAC") ¶¶ 8, 90. The *Zhang* Plaintiffs, a subset of copyright holders that the *Leovy* Plaintiff claims to represent, have sued separately contending that Google improperly used their images to train image-generating AI models. They too claim copyright infringement on behalf of a sprawling class of copyright holders.

Defendants, for their part, think the use of these works to train generative AI models allows for "the creation of new information, new aesthetics, new insights and understandings," *Authors Guild v. Google, Inc.*, 954 F. Supp. 2d 282, 291 (S.D.N.Y. 2013), precisely the sort of "transformative works" that "'lie at the heart of the fair use doctrine's guarantee of breathing space within the confines of copyright,'" *Authors Guild v. Google, Inc.*, 804 F.3d 202, 214 (2d Cir. 2015) (quoting *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994)). Further, as courts across the country have stressed, "'copyright claims are poor candidates for class-action treatment'" because each claim "turns 'upon facts which are particular to that single claim of infringement'" and each claim is "subject to defenses that require their own individualized inquiries." *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) (quoting *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 65 (S.D.N.Y. 2013)).

But regardless of the merits of the two cases or their class allegations, given the obvious overlap between them, they will necessarily involve overlapping discovery and motions practice. Judge Martínez-Olguín recognized as much when, at Google's request and with Leovy's support, she deemed the cases related, *Leovy*, ECF No. 51, concluding they "concern substantially the same parties, property, transaction, or event" and proceeding separately would risk "an unduly burdensome duplication of labor and expense or conflicting results." Civil L.R. 3-12. But relating the cases was only a first step. Where, as here, two putative class actions "involve common questions of fact and law, allege the same or similar claims on behalf of the same or similar putative classes, and involve the same Defendant … [c]onsolidation … serves the interests of efficiency

and judicial economy, as it will reduce case and discovery duplication, expedite pretrial proceedings, prevent class member confusion, and minimize the expenditure of time and money for all parties." *Ramirez*, 2021 WL 840353, at *2.

There can be no dispute that the *Leovy* allegations and putative class entirely subsume those in *Zhang*. Accordingly, the two cases should be consolidated.

## BACKGROUND

**The *Leovy* Action.** The original complaint in *Leovy*, filed against Alphabet Inc., Google LLC, and Google DeepMind, alleged that Google trained its generative AI models on copyrighted materials and thereby engaged in direct and vicarious copyright infringement, along with other torts. *See Leovy*, ECF No. 1 ("Leovy Compl."). The original complaint defined the Google "Products" at issue to include, among other things, "Imagen," a "text-to-image generative AI" that allegedly "was trained on the LAION-400M dataset"; and "Gemini," a "multimodal machine-learning model" allegedly trained on images and other data. *Id.* ¶¶ 63, 67, 70. It also alleged that Google "used LAION-5B training data, which integrates Plaintiff [Leovy's] photograph, and depiction of the copyrighted book." *Id.* ¶ 355.

Plaintiff Leovy's operative second amended complaint continues to allege that Plaintiff Leovy is the holder of a registered copyright in a nonfiction book. *Leovy* SAC ¶¶ 15, 104-119. Leovy claims that Google copied her book and "everything on the internet"—"text, images, music, video content, and other forms of creative expression"—and then used those works "to develop and 'train' its AI technology." *Leovy* SAC ¶¶ 8, 55, 83-84. She asserts a single claim for direct copyright infringement. *Leovy* SAC ¶¶ 104-119. In addition, she seeks to represent an expansive class of "[a]ll persons in the United States who own a United States copyright in any work that was used as training data for Defendant's Products." *Leovy* SAC ¶ 90. The Second Amended Complaint does not define what AI "Products" are accused or otherwise limit the type of copyrighted work or generative AI model at issue. But Leovy does allege that accused Products include (but are not limited to) "Gemini." *See, e.g.*, *id.* ¶ 116 ("Defendant made copies and engaged in an unauthorized use of Plaintiff Leovy and Class Members' work for training and development of Gemini (as well as other AI Products)."). And the Second Amended Complaint continues to

allege infringement of copyrighted images as well as text. It explains that "Gemini is able to respond to users not only with text-based answers, but also via *image-based* answers." *Id.* ¶ 23 (emphasis added). And it alleges that "Defendant's blatant copying and unlawful appropriation of copyrighted works of others – *images*, books, song, etc. – infringed on Class Members' exclusive rights." *Id.* ¶ 109 (emphasis added); *see also id.* ¶ 2 ("Google secretly harvested a massive quantity of pirated and copyrighted works, including a trove of books, articles, *images, photographs*, and millions of other protected works." (emphasis added)), *id.* ¶¶ 83-84 ("Defendant's unauthorized theft, reproduction, and use" of "text, *images*, music, video content, and other forms of creative expression" all "constitutes infringement" (emphasis added)).

**The *Zhang* Action.** The *Zhang* Plaintiffs are four visual artists who claim to hold copyrights in various images. *Zhang*, No. 5:24-cv-02531-EKL, ECF No. 1 ("*Zhang* Compl.") ¶¶ 11-16. They allege that a third-party non-profit, LAION, compiled images from the public internet (including certain images of theirs) into a "LAION-400M dataset" that could be used to train image-generating AI models. According to plaintiffs, Google subsequently copied images in this dataset to train certain image-generating AI models (dubbed by the plaintiffs as the "Google-LAION Models"), including "Imagen" and "so-called 'multimodal' models that are trained on training images as well as text, such as Google Gemini." *Zhang* Compl. ¶¶ 53-54. These allegations effectively reprise specific allegations from Leovy's original complaint that were made more generalized and vaguer in the subsequent pleadings. *Compare id.*, *with Leovy* ECF No. 1 ¶¶ 63, 67, 70 (accusing "Imagen," a "text-to-image generative AI" that allegedly "was trained on the LAION-400M dataset"). The *Zhang* Plaintiffs assert a claim for direct infringement against Google and a claim for vicarious infringement against Google's corporate parent, Alphabet. *Zhang* Compl. ¶¶ 50-61.[1] The *Zhang* Plaintiffs seek to represent a class of "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that Google used as a training

---

[1] While Leovy asserted a claim for vicarious copyright infringement against Alphabet in her original complaint, she agreed to dismiss that claim without prejudice. *See Leovy*, No. 5:23-cv-03440-EKL, ECF No. 1 ¶¶ 368-376 (alleging a claim for vicarious infringement); *Leovy* ECF No. 63 at 8 ("By agreement of the Parties, Ms. Leovy voluntarily dismissed [Alphabet] without prejudice.").

image for the Google–LAION Models" after April 26, 2021. *Zhang* Compl. ¶ 63. The *Zhang* Plaintiffs acknowledge that, if certified, the putative class in *Leovy* would "encompass the proposed class in *Zhang*." *Leovy*, ECF No. 56 at 3.

**Procedural History.** In the first-filed *Leovy* action, the original complaint asserted a menagerie of statutory and common law claims on behalf of several plaintiffs. Google moved to dismiss, and plaintiffs opted to file an amended complaint. *Leovy*, ECF No. 28. Google moved to dismiss the amended complaint. *See Leovy*, ECF Nos. 33, 34. Judge Martínez-Olguín granted that motion on Rule 8 grounds but permitted plaintiffs leave to amend. *Leovy*, ECF No. 46 at 1 (citing *Cousart v. OpenAI LP*, 2024 WL 3282522, at *1 (N.D. Cal. May 24, 2024)). The second amended complaint narrowed the case to a single plaintiff, Leovy, and a single claim, direct copyright infringement against Google. Google moved to dismiss the second amended complaint because, like its predecessor, it remained rife with improper allegations, including demands for legally-unavailable relief and vestigial allegations unrelated to the sole remaining claim. *See Leovy*, ECF No. 55.

In the later-filed *Zhang* action, the original complaint, which asserts claims for direct and vicarious copyright infringement, remains the operative pleading. Defendants moved to dismiss the direct infringement claim in part and the vicarious infringement claim in its entirety. *Zhang*, ECF No. 24. Defendants' motion explains that the complaint fails to identify all of the copyrighted works at issue, fails to plausibly allege the pre-suit registration of some works as required by 17 U.S.C. § 411(a), fails to plausibly allege that Google's AI models are infringing derivative works, and attempts to hold Alphabet vicariously liable for Google's conduct based on nothing more than the fact that Alphabet is Google's corporate parent. *Id.* at 6-15.

With Leovy's concurrence, Google moved to relate the *Leovy* and *Zhang* actions, *see Leovy*, ECF Nos. 42, 49, and Judge Martínez-Olguín related the cases on July 23, 2024, *Leovy*, ECF No. 51. The *Zhang* Plaintiffs moved for reconsideration, contending that the cases were unrelated because they involved different plaintiffs asserting infringement of different kinds of copyrighted works based on the training of different types of generative AI models and therefore discovery would not overlap. *Leovy*, ECF Nos. 53, 56 at 1. Judge Martínez-Olguín denied the

1  motion and confirmed her decision to relate the cases. *Leovy*, ECF No. 59. In doing so, Judge
2  Martínez-Olguín noted that the *Zhang* Plaintiffs' reconsideration arguments did not show a lack
3  of relatedness and at most "may" go to the question of consolidation; but the court did not
4  otherwise engage on the issue of consolidation. *See id.* ("While the *Zhang* plaintiffs' arguments
5  may present reasons why the actions should not be consolidated, the *J.L.* and *Zhang* cases are
6  nonetheless related.").

7  The *Leovy* and *Zhang* actions were subsequently reassigned to this Court. *Leovy*, ECF No.
8  60. Both actions remain at the pleadings stage, with no answer from Defendants filed, no case
9  management conferences held, no case schedule set, and no discovery yet taken. The motions to
10 dismiss are set for hearing together on December 18, 2024. *Leovy*, ECF No. 64. The initial case
11 management conferences for both actions are set for February 5, 2025. *Id.*

12 In response to the parties' joint case management statements, in which Google raised that
13 it believed the cases should be consolidated, the Court stated that it "would like to consider
14 consolidation of the two actions or, in the alternative, coordination of discovery" and ordered the
15 parties to brief the issue. *Leovy*, ECF No. 64 at 2.

## LEGAL STANDARD

17 "If actions before the court involve a common question of law or fact, the court may: (1)
18 join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3)
19 issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "[T]he main
20 question for a court in deciding whether to consolidate is whether there is a common question of
21 law or fact." *Indiana State Dist. Council of Laborers & Hod Carriers Pension Fund v. Gecht*, 2007
22 WL 902554, at *1 (N.D. Cal. Mar. 22, 2007). This threshold commonality requirement is
23 "relatively loose." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112 (9th Cir. 2018). If there
24 is a common question, courts weigh "'the saving of time and effort consolidation would produce'"
25 against "'any inconvenience, delay, or expense that it would cause.'" *Thomas Inv. Partners, Ltd.*
26 *v. United States*, 444 F. App'x 190, 193 (9th Cir. 2011) (quoting *Huene v. United States*, 743 F.2d
27 703, 704 (9th Cir. 1984)). Whether to consolidate actions "is within the broad discretion of the
28 district court." *In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987).

# ARGUMENT

## I.  The Actions Share Common Questions Because The Proposed Classes Overlap.

There can be no serious dispute that the *Leovy* and *Zhang* actions satisfy the modest threshold of commonality required for consolidation. In relating the cases, Judge Martínez-Olguín already concluded that the cases "concern substantially the same parties, property, transaction, or event." Civil L.R. 3-12; *Leovy*, ECF No. 51 (relating cases). Even if that were not enough to establish that the actions involve at least one "common question of law or fact," Fed. R. Civ. P. 42(a), the actions plainly share common questions because the allegations and putative class in *Leovy* subsume those in *Zhang*. Where, as here, the putative classes overlap, "the same discovery and class certification issues will be relevant to both actions," *Crowl v. Cupertino Elec., Inc.*, 2023 WL 8461175, at *1 (N.D. Cal. Dec. 6, 2023), and courts routinely consolidate the actions, *see id.*; *Willis v. InMarket Media, LLC*, 2024 WL 4351608, at *1 (N.D. Cal. June 11, 2024) ("overlapping claims, classes, and defendant"); *Bagheri v. Dermtech, Inc.*, 2024 WL 189025, at *3 (S.D. Cal. Jan. 17, 2024) ("overlapping proposed classes"); *Crowl*, 2023 WL 8461175, at *1 ("substantially similar classes"); *Cousin v. Sharp HealthCare*, 2023 WL 1421556, at *1 (S.D. Cal. Jan. 31, 2023) ("overlapping classes"); *Ramirez*, 2021 WL 840353, at *2 ("similar putative classes"); *Henshaw v. Home Depot U.S.A., Inc.*, 2011 WL 13225065, at *2 (C.D. Cal. July 19, 2011) (granting consolidation where there was "substantial overlap between the proposed class definitions in the two actions").

As pleaded, the *Leovy* action completely subsumes the *Zhang* action. Ms. Leovy seeks to put at issue any copyrighted work used to train any of Google's generative AI models, including the copyrighted "images" and image-generating models at issue in *Zhang*. *See, e.g.*, *Leovy* SAC ¶ 109 ("Defendant's blatant copying and unlawful appropriation of copyrighted works of others – *images*, books, song, etc. – infringed on Class Members' exclusive rights.") (emphasis added); *Leovy* SAC ¶ 90 (putative class covers owners of "any work" of any type used to train any of Google's AI "Products").[2] As the class definitions make clear, there is no member of the putative

---

[2] *See also Leovy* SAC ¶ 2 ("Google secretly harvested a massive quantity of pirated and copyrighted works, including a trove of books, articles, *images*, photographs, and millions of other

(continued...)

class in *Zhang* that is not a member of the putative class in *Leovy*, including the *Zhang* named plaintiffs:

| *Leovy* | *Zhang* |
|---|---|
| "All persons in the United States who own a United States copyright in any work that was used as training data for Defendant's Products." *Leovy* SAC ¶ 90. | "All persons or entities domiciled in the United States that own a United States copyright in any work that Google used as a training image for the Google–LAION Models." *Zhang* Compl. ¶ 63. |

Indeed, the *Zhang* Plaintiffs admit that the *Leovy* class would, if certified, "encompass" their proposed class. *See Leovy*, ECF No. 56 at 3. Almost by definition, the overlap necessitates consolidation, as virtually every issue in *Zhang* is, or could be, at issue in *Leovy*.

The actions also overlap because they will call for discovery into the training of the same Google AI models. Problematically, Ms. Leovy accuses Google of infringement through training its "Products," without defining the set of products at issue, and all types of copyrighted works. *Leovy* SAC ¶ 90; *see also Leovy*, ECF No. 63 at 1 ("Google's AI Product Bard, now known as Gemini, and likely other valuable Google AI Products were built and run on these copyrighted works…."). When Google pressed Leovy's counsel about the sweeping scope of their case, they declined to narrow it, and specifically declined to exclude use of images and training of AI models at issue in *Zhang*. Notably, the complaints in both cases explicitly charge Google with infringement through training of its Gemini model, trained on both text *and* images. *See Leovy* SAC ¶ 23; *Zhang* Compl. ¶ 54; *see also Leovy* ECF No. 56 at 4 (*Zhang* Plaintiffs acknowledging that the Gemini model is "mentioned in both actions").

Despite the undisputable overlap and obvious efficiencies to be gained from consolidation, the Plaintiffs in both actions oppose it. Although Leovy's counsel did not dispute in the meet and confer process that her operative complaint is broad enough to encompass the Google AI models

---

protected works." (emphasis added)), *id.* ¶¶ 83-84 ("Defendant's unauthorized theft, reproduction, and use" of "text, *images*, music, video content, and other forms of creative expression" all "constitutes infringement" (emphasis added)).

at issue in *Zhang* and the *Zhang* plaintiffs as class members, counsel suggested that in the future the focus of the case or the proposed class might be narrowed to reduce the overlap with *Zhang*. But that gets the analysis exactly backwards. A consolidation decision is based on the candidate cases as they exist and are pleaded at the time consolidation is considered. Courts address the possibility that things will change in the future by noting that a consolidation decision can be revisited, and the cases bifurcated, if subsequent developments merit it. *See, e.g.*, *Dusky v. Bellasaire Invs.*, 2007 WL 4403985, at *2 (C.D. Cal. Dec. 4, 2007) (noting that "if it later appears (as certain parties have asserted) that a consolidated trial will result in unfair prejudice, the Court is mindful of its ability to order bifurcate[d] trials under Federal Rule of Civil Procedure 42(b)"); *Dorrough v. GEO Grp., Inc.*, 2017 WL 31412, at *1 (W.D. Okla. Jan. 3, 2017) ("Should it later appear that separate trials are warranted, bifurcation will be ordered …."). Thus, the inchoate possibility Leovy points to is not a reason to deny consolidation, but merely a reason to leave open the possibility of revisiting the decision later should the cases become distinct and separable.

The *Zhang* Plaintiffs, meanwhile, try to highlight potential differences in the way the two cases might be litigated. They argue that Leovy's claim based on use of a book could differ from their claims based on use of images. *See Leovy*, ECF No. 56 at 3-4. But that simply ignores the broad scope of the case that Leovy has pleaded and says she is pursuing. And while any single plaintiff's copyright claim will require myriad "individualized inquiries," *Schneider*, 674 F. Supp. 3d at 717, such claim-specific issues are no bar to consolidation because cases need not be "identical for purposes of consolidation," *Felix v. Symantec Corp.*, 2018 WL 4029053, at *2 (N.D. Cal. Aug. 23, 2018).

There is no dispute that, because the *Leovy* putative class encompasses the *Zhang* putative class, the cases will require overlapping discovery and briefing as to the certification and claims of the *classes*. And even if, contrary to the allegations in the pleadings, the reaffirmations of Leovy's counsel, and the scope of discovery outlined in the Rule 26(f) reports from both cases, the *Leovy* action were to focus exclusively on text and the *Zhang* action were to focus exclusively on images, the actions would still call for overlapping discovery into Google's Gemini, which both

DEFENDANTS' MOTION TO CONSOLIDATE -9- CASE NO.: 5:23-CV-03440-EKL
CASE NO.: 5:24-CV-02531-EKL

sets of plaintiffs claim was trained on both text *and* images. Because of these overlaps, the actions share at least one common question and should be consolidated.

## II. Consolidation Now Would Achieve Substantial Benefits While Prejudicing No One.

Courts universally recognize that, where class actions overlap, consolidation "will reduce case and discovery duplication, expedite pretrial proceedings, prevent class member confusion, and minimize the expenditure of time and money for all parties." *Ramirez*, 2021 WL 840353, at *2; *Alvarez v. YRC Inc.*, 2016 WL 11751961, at *5 (C.D. Cal. Nov. 4, 2016) (the "possibility" that one class may "subsume" another supports consolidation "to avoid confusion on the part of the class members and duplicative proceedings"). Consolidating the cases now, when both are at the same early stage of proceedings, would maximize the efficiencies and best conserve judicial and party resources. *See DivX, LLC v. Hulu, LLC*, 2021 WL 6499935, at *3 (C.D. Cal. Oct. 6, 2021) (consolidation warranted "given the early stages of both cases"); *Levine v. Andreessen*, 2010 WL 11639935, at *1 (N.D. Cal. Nov. 1, 2010) (fact that actions were at "similarly early stages of litigation" favored consolidation).

Consolidation would streamline discovery and minimize discovery disputes. Given the overlapping nature of the actions, it is certain that discovery will overlap. For example, some of the Defendants' witnesses will possess information relevant to both actions. Discovery from these overlapping witnesses should happen once, in a coordinated fashion.

The parties' initial disclosures confirm this overlap. Despite the *Zhang* Plaintiffs' repeated protests that they will focus "exclusively" on images, *Leovy*, ECF No. 56 at 4, their initial disclosures identify almost two dozen Google employees and executives as possessing relevant information not only about image-generating models but also about "AI models" and "AI training" generally. Declaration of Paul J. Sampson, Exhibit A at 3-10. Underscoring the point, they list "[u]nknown executives and employees of Google" as possessing relevant information about "AI models at Google," "AI systems," "Google's internal policies and practices," and "AI research" generally:

> Unknown executives and employees of Google[:] Details regarding the development, training, and deployment of AI models at Google, including image generation models like Imagen. Information about the use of large datasets,

      including potentially copyrighted materials, for training AI systems, and Google's internal policies and practices concerning intellectual property compliance. Insights into decision-making processes, governance, and strategic initiatives related to AI research, ethical considerations, and the commercialization of generative AI technologies.

*Id.* at 10; *see also Zhang*, ECF No. 45 at 5-6 (stating an intent to seek discovery into Google's "generative AI models" without limitation to image-based models). Consolidation would avoid any need for deposing the same witness twice or two different witnesses about the same information. Duplicative depositions would waste the time of the witnesses and distract employees from their job duties at a critical juncture for the rapidly developing AI market. They would also incur needless costs and attorneys' fees for Defendants and the putative classes. And to the extent that discovery disputes arise, consolidation would also ensure that the disputes are presented to the Court in a streamlined and efficient manner and resolved in a consistent fashion.

      Consolidation would also facilitate the streamlining of class certification proceedings. Given the overlap between the putative classes, the arguments for and against class certification will likely share many similarities. *See Henshaw*, 2011 WL 13225065, at *2 (opining that where there is "substantial overlap" in the putative classes, "consideration of the motions for class certification in each case will raise similar legal and factual questions regarding whether the requirements of [Rule 23] are satisfied"). It would conserve the resources of the parties and the Court if certification of overlapping putative classes were briefed together or in parallel. Proceeding on separate tracks would entail duplicative briefing and hearings.

      Consolidation would avoid substantial prejudice to Defendants. If the cases are not consolidated, Defendants will be forced to repeat the discovery process. And they will be forced to litigate against two different sets of counsel pressing the same cause of action on behalf of the same putative class in potentially different ways—with the potential for differences in the phrasing of discovery requests or different approaches to scope of discovery into electronically stored information or different approaches to the case schedule. *See Dusky*, 2007 WL 4403985, at *3 (granting consolidation because, "without coordination, it is likely that the Plaintiffs (represented by different counsel) will pursue different strategies that may lead to unwarranted differences in outcome"). Indeed, the plaintiffs in the cases have so far proposed two fundamentally different

1  and irreconcilable ESI Orders to govern these related cases (neither of which bears any
2  resemblance to the Court's model). These realities necessarily impose an undue burden, and also
3  run the risk of conflicting demands, inconsistent rulings, and a one-way ratchet where Defendants
4  must litigate everything twice while the Plaintiffs can pick their preferred outcome.

5  Finally, consolidation does not present any risk of delay or prejudice to Plaintiffs. It would
6  not affect any case deadlines because no scheduling order has been entered in either case.[3]
7  Moreover, both actions are at the same early stage of proceedings before the pleadings have closed,
8  before any case schedule has been set, and before discovery has started in earnest. *See Ramirez*,
9  2021 WL 840353, at *2 (granting consolidation and noting that "factors that counsel against
10 consolidation, such as differing trial dates or stages of discovery, are not present here"); *Brown v.*
11 *Accellion, Inc.*, 2022 WL 767279, at *3 (N.D. Cal. Mar. 14, 2022) (consolidated warranted where
12 cases were at "the same procedural stage"); *Bernal v. Netflix, Inc.*, 2011 WL 13157369, at *1 (N.D.
13 Cal. Aug. 12, 2011) (consolidation appropriate where "actions are in the same procedural stage").

## CONCLUSION

Because the putative class in *Leovy* subsumes the entirety of the *Zhang* class, Google respectfully requests that the Court consolidate the *Leovy* and *Zhang* actions for all purposes.

---

[3] The vicarious copyright infringement claim against Alphabet in the *Zhang* case is of no consequence to the consolidation question. For one thing, the claim should not survive Defendants' motion to dismiss because the *Zhang* complaint lacks plausible factual allegations to support it. *See Zhang*, ECF No. 24 at 13-15; *id.*, ECF No. 33 at 11-14. Regardless, proof of any vicarious infringement claim against Alphabet would first require proof of direct infringement by Google. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1169 (9th Cir. 2007). Accordingly, the claim would be dependent upon the same infringement-through-training theory advanced in both *Leovy* and *Zhang*. Finally, courts consolidate cases even when they do not present the identical causes of action. *See, e.g.*, *Lambrix v. Tesla, Inc.*, 2023 WL 4534942, at *1 (N.D. Cal. June 23, 2023) (consolidating actions despite omission of certain claims from one lawsuit); *Bernal*, 2011 WL 13157369, at *1 (same).

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated:  October 9, 2024 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br><br>By: */s/ David H. Kramer*<br>        David H. Kramer<br>        dkramer@wsgr.com<br>        Maura L. Rees<br>        mrees@wsgr.com<br>        Eric P. Tuttle<br>        eric.tuttle@wsgr.com<br><br>*Counsel for Defendants* |