DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC and ALPHABET INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | CASE NO.: 5:23-cv-03440-EKL<br><br>**STATUS REPORT RE DEFENDANTS' PROPOSAL ON THE CONDUCT OF CONSOLIDATED CASES**<br><br>Judge: Hon. Eumi K. Lee<br><br>Complaint Filed: July 11, 2023<br>FAC Filed: January 5, 2024<br>SAC Filed: June 27, 2024 |
| JINGNA ZHANG, an individual; SARAH ANDERSEN, an individual; HOPE LARSON, an individual; and JESSICA FINK, an individual,<br><br>Individual and Representative Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | CASE NO.: 5:24-cv-02531-EKL<br><br>**CONSOLIDATED CASE**<br><br>Judge: Hon. Eumi K. Lee<br><br>Complaint Filed: April 26, 2024 |

## I.      Background

Pursuant to this Court's Order (*Leovy* ECF No. 64; *Zhang* ECF No. 46), Defendants Google LLC and Alphabet Inc. (collectively, "Google") moved, over Plaintiffs' objections, to consolidate the *Leovy* and *Zhang* actions on October 9, 2024. *See Leovy* ECF No. 70; *Zhang* ECF No. 49. Just hours before their opposition was due, Plaintiffs reversed course and stipulated that the two actions "shall be consolidated for all purposes under Federal Rule of Civil Procedure 42(a)."[1] *Leovy* ECF No. 72 at 2; *Zhang* ECF No. 51 at 2. The parties agreed to meet and confer "to address the conduct of the consolidated case going forward," and stated that they would "submit an additional proposal or additional proposals to the Court" by November 4. *Id.* The parties have met and conferred but have been unable to reach agreement.

## II.     Parties' Dispute

The core dispute between the parties is that Plaintiffs seek to file a consolidated complaint that may materially depart from their prior pleadings, and which they say may introduce new parties, new claims, and new allegations. Plaintiffs contend they can do so freely. But that misapprehends the law. The time for Plaintiffs to amend as of right has long since passed. In the 18 months since the case was filed, Leovy has already amended her complaint *twice*. And the *Zhang* Plaintiffs opted to oppose Google's motion to dismiss, rather than amend their complaint, several months ago. *See* Fed. R. Civ. P. 15(a)(1)(B) (amendment as a matter of course expires "21 days after service of a motion under Rule 12(b)"). Accordingly, if Plaintiffs wish to make substantive amendments to their pleadings, rather than merely consolidating them into a single complaint for administrative ease, they must seek Google's "written consent" or obtain "leave" to amend from the Court. Fed. R. Civ. P. 15(a)(2); *see also, e.g.*, *In re Wells Fargo Loan Processor Overtime Pay Litig.*, 2008 WL 2397424, at *3 (N.D. Cal. June 10, 2008) ("Nowhere does the court's order permit plaintiffs to amend a complaint without leave of court.

---

[1] Plaintiffs have made a practice of forcing Google to prepare and file motions that they then moot through capitulation. After apprising Leovy of her original complaint's deficiencies, Google was forced to file a motion to dismiss the complaint, which Leovy then mooted by amendment. Both groups of Plaintiffs opposed consolidation, forcing Google to prepare and file another motion, before they agreed to it. Now, Plaintiffs *may* seek to moot Google's fully-briefed and long-pending motions to dismiss, and potentially force Google to file still another motion.

| STATUS REPORT RE DEFENDANTS' PROPOSAL ON THE CONDUCT OF CONSOLIDATED CASES | -1- | CASE NO.: 5:23-CV-03440-EKL<br>CASE NO.: 5:24-CV-02531-EKL |

The order permits *filing* of a complaint that consolidates the allegations of the extant complaints, no more and no less."); *CDM Holding Grp., LLC v. Tidal Commerce Inc.*, 2024 WL 891788, at *1 (C.D. Cal. Feb. 15, 2024) ("[A]n order consolidating cases and directing the filing of a consolidated complaint does not permit adding new claims absent leave to do so."); *Ramirez v. HB USA Holdings, Inc.*, 2021 WL 840353, at *3 (C.D. Cal. Jan. 15, 2021) (granting plaintiffs' "request to file a consolidated amended complaint," but stating that "Plaintiffs … may not introduce new or different claims in the consolidated complaint without seeking leave to amend").

Google proposed that Plaintiffs provide an advance copy of their proposed consolidated complaint to allow Google to determine whether it consented to any substantive changes (*i.e.*, *amendments*). If not, Plaintiffs would be free to seek leave of Court to amend. Such a meet and confer procedure is routinely employed for motions to amend. *See, e.g.*, *Hong Kong uCloudlink Network Tech. Ltd. v. Simo Holdings Inc.*, 2019 WL 1767329, at *2 (N.D. Cal. Apr. 22, 2019) (ordering parties to "meet and confer" on proposed amendments, "and, if no agreement is reached, then the parties should agree upon a reasonable briefing and hearing schedule on a motion for leave to amend"); *Gonzalez v. Google, Inc.*, 2024 WL 3331649, at *3 (N.D. Cal. July 8, 2024) (explaining the court "ordered Plaintiffs to provide Google with a proposed Fourth Amended Complaint … and ordered the parties to meet and confer prior to the filing of a motion for leave to amend"). Plaintiffs rejected Google's proposal, insisting they can make whatever amendments they desire, without consent from Google or the Court. That is improper.

As matters stand, motions to dismiss the operative complaints in the two constituent cases are fully briefed and set to be heard on December 18, 2024. Plaintiffs have not committed to correcting the pleading deficiencies that Google raised in those motions, but say they might address some.

### III.     Google's Proposal

Given the parties' dispute regarding a potential consolidated complaint, Google proposes the following, which is reflected in the attached proposed order.

1    Within 45 days of the Court's ruling on Plaintiffs' proposal concerning interim class
2 counsel, Plaintiffs shall provide Google with a proposed Consolidated Complaint. Within 14
3 days, Google shall inform Plaintiffs whether it consents to the proposal. If it does consent,
4 Plaintiffs shall promptly file the Consolidated Complaint. If Google does not consent, Plaintiffs
5 will file a motion for leave to file it.

6    As for Google's pending motions to dismiss, Plaintiffs, again, have yet to say whether
7 their consolidated complaint will attempt to address the pleading deficiencies Google has
8 identified, even though Plaintiffs have known about them for months. If Plaintiffs confirm they
9 will endeavor to do so, Google would agree that its motions are moot. But without that
10 representation, Google believes that the parties, and the interests of efficiency, would best be
11 served by moving forward with the motions and hearing as scheduled. Indeed, in another
12 generative AI case, the same counsel representing the *Zhang* plaintiffs here advocated for that
13 procedure. In *In re OpenAI ChatGPT Litig.*, the parties stipulated to consolidating multiple cases
14 when separate motions to dismiss were pending. *See* No. 3:23-cv-03223, ECF No. 60, at 3 (N.D.
15 Cal. Oct. 26, 2023). In that case, *Zhang*'s counsel here specifically asked Judge Martínez-Olguín
16 to rule on the pending motions before the filing of any consolidated complaint, in the interest of
17 "conserving judicial resources." *Id.*; *see also id.*, ECF No. 77 at 6:12–13. Judge Martínez-Olguín
18 took up the substance of the motions, dismissed part of Plaintiffs' complaints, and ordered that
19 any amended complaint consolidate the remaining claims but that "[n]o additional parties or
20 claims may be added without leave of Court or stipulation of Defendants." *Id.*, ECF No. 104 at
21 12-13; *see also id.*, ECF No. 107 at 3 (granting stipulation with modification). In the attached
22 proposed order, Google calls for Plaintiffs to inform Google of their intentions by no later than
23 November 22, so that the parties can then inform the Court (three weeks before the scheduled
24 hearing) as to whether the pending motions should proceed.

25
26
27
28

|   |   |
|---|---|
| 1 | Respectfully submitted, |
| 2 | Dated: November 4, 2024 |

Dated:  November 4, 2024

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
　　David H. Kramer
　　dkramer@wsgr.com
　　Maura L. Rees
　　mrees@wsgr.com
　　Eric P. Tuttle
　　eric.tuttle@wsgr.com

*Counsel for Defendants*