| | |
|---|---|
| **CLARKSON LAW FIRM, P.C.**<br>Ryan J. Clarkson (SBN 257074)<br>rclarkson@clarksonlawfirm.com<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel.: (213) 788-4050 | **JOSEPH SAVERI LAW FIRM, LLP**<br>Joseph R. Saveri (SBN 130064)<br>jsaveri@saverilawfirm.com<br>601 California Street, Suite 1505<br>San Francisco, California 94108<br>Telephone: (415) 500-6800 |
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley E. Weaver (SBN 191305)<br>lweaver@bfalaw.com<br>1330 Broadway, Suite 630<br>Oakland, CA 94612<br>Tel.: (415) 445-4003 | **LOCKRIDGE GRINDAL NAUEN PLLP**<br>Brian D. Clark (admitted *pro hac vice*)<br>bdclark@locklaw.com<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900 |
| *Counsel for Plaintiff Jill Leovy and the Proposed Class*<br>*[Additional counsel on signature page]* | *Counsel for Plaintiffs Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink and the Proposed Class*<br>*[Additional counsel on signature page]* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| JILL LEOVY, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No.: 5:23-cv-03440-EKL-SVK<br><br>**PLAINTIFFS' STATUS REPORT**<br><br>Judge: Hon. Eumi K. Lee<br><br>Complaint Filed: July 11, 2023<br>FAC Filed: January 5, 2024<br>SAC Filed: June 27, 2024 |
| JINGNA ZHANG, SARAH ANDERSEN, HOPE LARSON, and JESSICA FINK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC and ALPHABET INC.,<br><br>Defendants. | Case No. 5:24-cv-02531-EKL<br><br>**CONSOLIDATED CASE**<br><br>Judge: Hon. Eumi K. Lee<br><br>Complaint Filed: April 26, 2024 |

Plaintiffs submit this status report pursuant to the Joint Stipulation and Order Consolidating Cases. Dkt. No. 73, ¶ 10 ("[T]he parties will meet and confer to address the conduct of the case going forward and will, within 10 days of this joint stipulation, submit an additional proposal or additional proposals to the Court."). Plaintiffs have conferred with Google on two occasions over Zoom, as well as additional communications through email and telephone conversations, and have been unable to resolve this issue.

## I.  Relevant Procedural History

On October 9, 2024, Defendants moved to consolidate the *Leovy* Action and the *Zhang* Action (*Leovy* Dkt. 70, *Zhang* Dkt. 49). Following Defendants' motion, Plaintiffs met and conferred in good faith with Defendants. During that process, the Parties reached consensus that consolidation of the Actions would advance the just and efficient progress of the litigation, reduce case duplication, conserve the time and resources of the Court and the parties. Dkt. 72, ¶ 14. This is despite that the cases were on separate tracks and that all parties had invested resources into the independent litigation of the claims. On October 25, 2024, the parties submitted their Joint Stipulation and Proposed Order Consolidating Cases ("Consolidation Order 1") consolidating the Actions. On October 28, 2024, Consolidation Order 1 was So Ordered by the Court. Dkt. 73.

Following this stipulation, Google reversed course. After obtaining Plaintiffs' consent to consolidation, Google is forcing impasse over this issue: Google will not consent that Plaintiffs should file a consolidated complaint without Google first reviewing a draft to determine whether or not, in Google's view, Plaintiffs must file a motion for leave to amend or allow Google to iterate on the contents of Plaintiffs' complaint prior to filing. Google's position prevents the parties from agreeing on briefing schedules, including deadlines for filing a controlling complaint; briefing on Google's anticipated motion to dismiss; and negotiating attendant discovery protocols, among other downstream issues. Indeed, Google has rejected outright Plaintiffs' proposals for alternative briefing schedules, as well as the two stipulations that Plaintiffs provided to Google.  In the last conference earlier today, Google claimed that it did not withhold agreement on a briefing schedule as to whether the complaint is consolidated or amended. Google's filing this evening argues the opposite.

## II. Plaintiffs' Proposal

Plaintiffs conceded to consolidation based on the parties' mutual agreement that proceeding on two tracks would be inefficient, may lead to conflicting rulings, and would drain Court and party resources. The parties expressly agreed that consolidation would eliminate separate tracks of litigation. A central premise is that one pleading would control the action. At no point prior to submitting the stipulation on consolidation did Google raise an opposition to a consolidated complaint or raise any issues about its potential scope. Because new counsel and new plaintiffs will be parties to the consolidated action, it was incumbent on Google to raise this issue.

Since the Court entered the stipulation on consolidation, the parties have formally met and conferred twice: once on November 1, 2024 and a second time on November 4, 2024. On November 1, Google's counsel stated, for the first time, that it would not agree to the filing of a consolidated amended complaint—which would effectively consolidate the actions—unless Google was permitted to review the complaint and agree to its filing. Plaintiffs have also conferred with Google over email and by telephone, with no resolution.

Google's alternative to its "preview" position is that it will consent to the filing of a consolidated complaint, but only if it does not "add parties, claims, or factual allegations that were not previously part of the" current *Leovy* and *Zhang* complaints. But consolidated complaints routinely add proposed class representatives and frame the case after review and analysis of various allegations, and also address new developments since the filing of original complaints. Here, two parallel cases litigated by independent counsel and different plaintiffs have agreed to work together after more than a year of litigation. Consolidating those claims and cases will of course requirement amendment. None of the seven cases Google cites in its brief control here, as they largely concern cases consolidated that were in different procedural postures, including with a trial date set (*e.g.*, *CDM* (one case ready for trial), *Wells Fargo* (one case had already been certified as a consolidated action, with notice sent and an opt out period expired, the other had not). And none of them involve a party obtaining a concession to consolidate, only to contest the scope of filing a consolidated complaint afterward, as Google does here.

Google's "preview" position is not reasonable or workable. Not only does the request seek to unwind the core premise of the parties' prior agreement, it is also impractical. If Google still opposes some or all of the consolidated complaint after conferring, there is no end point to determine when Google can decide that Plaintiffs may file their complaint. Google's view of an "amendment" is not a controlling legal standard. Google can, and presumably will, challenge the consolidated complaint in its motion to dismiss.[1]

Based on the parties' prior agreement, Plaintiffs propose the following regarding the conduct of the consolidated action, premised on the standard order issued in consolidated actions.

1.   The *Leovy* and *Zhang* actions, having been consolidated, shall be maintained under Master File Case No. 5:23-cv-03440-EKL (the "Consolidated Action");

2.   All filings related to the Consolidated Action shall be filed under Master File Case No. 5:23-cv-03440-EKL and shall bear the following case caption:

**UNITED STATES DISTRICT COURT**
**NORTHER DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| *In re: Google AI Copyright Infringement Litigation*, | Master File Case No. 5:23-cv-03440-EKL<br>Consolidated with Case No. 5:24-cv-02531-EKL |
|---|---|

3.   No further filings shall be made in Case No. 5:24-cv-02531-EKL, which shall be administratively closed;

4.   By November 21, 2024, Plaintiffs' counsel shall file their stipulation for the appointment of interim lead counsel, or if they are unable to reach an agreement, their respective motions for interim appointment;

5.   Plaintiffs shall file a Consolidated Complaint by no later than forty-five (45) days after the Court issues a ruling on Plaintiffs' counsels' request(s) for appointment of interim-class counsel;

---

[1] Google's citations to other cases are inapposite, particularly where *Leovy* counsel was not a party to other stipulations in other actions, and particularly so where Google did not raise these considerations when demanding consolidation.

6. Defendants' responsive pleadings shall be due twenty-one (21) days after the Consolidated Complaint is filed;

7. Defendants' pending motions to dismiss (*Leovy* Dkt. 55; *Zhang* Dkt. 24), shall be denied as moot; and

8. The December 18, 2024 motion hearing date is hereby vacated and converted to a case management conference.

Plaintiffs submit a proposed order herewith.

Dated: November 4, 2024

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan Creutz (SBN 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
ecreutz@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile:   (612)339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com

echang@locklaw.com

*Attorneys for Plaintiffs and the Proposed Class in the Zhang Action*

Dated: November 4, 2024

By: */s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (*pro hac vice forthcoming*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, New York 10603
Tel.: (415) 445-4006
gmullens@bfalaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
Tiara Avaness (SBN 343928)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone:   213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Tel. (213) 788-4050
tcowan@clarksonlawfirm.com

*Attorneys for Plaintiff and the Proposed Class in the Leovy Action*

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: November 4, 2024                                  */s/ Lesley E. Weaver*
                                                         Lesley E. Weaver