| | |
|---|---|
| **CLARKSON LAW FIRM, P.C.**<br>Ryan J. Clarkson (SBN 257074)<br>rclarkson@clarksonlawfirm.com<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Tel.: (213) 788-4050 | **JOSEPH SAVERI LAW FIRM, LLP**<br>Joseph R. Saveri (SBN 130064)<br>jsaveri@saverilawfirm.com<br>601 California Street, Suite 1505<br>San Francisco, California 94108<br>Telephone: (415) 500-6800 |
| **BLEICHMAR FONTI & AULD LLP**<br>Lesley E. Weaver (SBN 191305)<br>lweaver@bfalaw.com<br>1330 Broadway, Suite 630<br>Oakland, CA 94612<br>Tel.: (415) 445-4003 | **LOCKRIDGE GRINDAL NAUEN PLLP**<br>Brian D. Clark (admitted *pro hac vice*)<br>bdclark@locklaw.com<br>100 Washington Avenue South, Suite 2200<br>Minneapolis, MN 55401<br>Telephone: (612) 339-6900 |
| *Counsel for Plaintiff Jill Leovy and the Proposed Class*<br>*[Additional counsel on signature page]* | *Counsel for Plaintiffs Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink and the Proposed Class*<br>*[Additional counsel on signature page]* |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re: Google AI Copyright Infringement Litigation*<br><br>This document applies to: *All Actions*. | Master File Case No. 5:23-cv-03440-EKL<br>Consolidated with Case No. 5:24-cv-02531-EKL<br><br>**PLAINTIFFS' STATUS REPORT REGARDING INTERIM LEAD COUNSEL PROPOSAL**<br><br>Judge: Hon. Eumi K. Lee |

Pursuant to the Court's Order Regarding Consolidation Plan, (Dkt. No. 77 at 2), Plaintiffs' counsel jointly seek approval of a proposed leadership structure to streamline consolidation and litigation efforts.

## I. INTRODUCTION

In the interest of advancing this litigation, Plaintiffs' counsel have negotiated a resolution to the pending consolidation and leadership issues. Plaintiffs jointly propose that Lesley Weaver of Bleichmar Fonti & Auld LLP ("BFA") and Joseph Saveri of the Joseph Saveri Law Firm, LLP ("JSLF") should serve as interim co-lead counsel. Ryan Clarkson of the Clarkson Law Firm, P.C. ("Clarkson") and Brian Clark of Lockridge Grindal Nauen PLLP ("LGN") support this Co-Lead structure, with their two firms acting as partners. The proposed designated lead attorneys from each firm—Ms. Weaver (BFA), Mr. Saveri (JSLF), Mr. Clarkson (Clarkson), and Mr. Clark (LGN)—are leaders in the field of complex class action litigation and, consistent with Rule 23(g) are "best able to represent the interests of the class" here, particularly given the effort, resources, experience and abilities that each brings to this action. Resolving leadership will enable Plaintiffs to speak with one voice when conferring with Defendant and will unlock many efficiencies moving forward.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. Current Allegations

This Consolidated Action is comprised of two related class action lawsuits: *Leovy v. Google LLC*, Case No. 5:23-cv-03440-EKL ("*Leovy*") and *Zhang v. Google LLC*, Case No. 5:24-cv-02531-EKL ("*Zhang*"). The named plaintiff in *Leovy* is a New York Times bestselling author whose copyrighted work was taken, copied, and used by Google in its entirety, without her consent or permission, to train the large language model on which Google's Gemini (previously known as Bard) depends.[1] The named plaintiffs in *Zhang* are visual artists whose copyrighted works were taken, copied, and used by Google, without their consent or permission, to train Google's text-to-image diffusion model Imagen (and its subsequent iterations). Together, *Leovy* and *Zhang* plaintiffs bring copyright infringement claims against Google and Alphabet (together, "Defendants") on behalf of all

---

[1] Plaintiffs may add additional Named Plaintiffs and are seeking a firm date to confer with Defendant's counsel consistent with this and other issues once leadership is resolved.

persons in the United States who own a registered United States copyright in any work that was used to train a Google generative AI product, such as Gemini or Imagen.

### B. Relevant Procedural Background

#### 1. *Leovy* is filed in July 2023

On July 11, 2023, Plaintiff Jill Leovy and others filed a Class Action Complaint against Google (*Leovy* Dkt. 1). On January 5, 2024, Ms. Leovy filed a First Amended Complaint, (*Leovy* Dkt. 28), and on February 9, 2024, Google moved to dismiss. (*Leovy* Dkt. 33).

#### 2. *Zhang* is filed in April 2024

On April 26, 2024, Plaintiffs Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink filed a Class Action Complaint against Google and Alphabet. (*Zhang* Dkt. 1).

#### 3. Relation of *Leovy* and *Zhang* in July 2024

After dismissal of the *Leovy* Plaintiffs' First Amended Complaint without prejudice, (*Leovy* Dkt. 46), and the filing of Ms. Leovy's Second Amended Complaint, (*Leovy* Dkt. 47), Google renewed its administration motion to consider whether *Leovy* and *Zhang* should be related on July 11, 2024, (*Leovy* Dkt. 49). The motion was granted, and the matters were related on July 23, 2024. (*Leovy* Dkt. 51; *Zhang* Dkt. 28).

#### 4. Consolidation in October 2024

On October 9, 2024, Google moved to consolidate *Leovy* and *Zhang*. (*Leovy* Dkt. 70; *Zhang* Dkt. 49.) The *Leovy* and *Zhang* plaintiffs agreed to consolidation, which the Court then ordered on October 28, 2024. (*Leovy* Dkt. 73; *Zhang* Dkt. 52.) After the parties met and conferred, each side submitted a plan for the filing of a consolidated amended complaint (*Leovy* Dkts. 75, 76); the Court ordered, among other things, that by November 19, 2024, Plaintiffs' counsel shall file a proposal for the appointment of interim lead counsel, not to exceed ten pages (*Zhang* Dkt. 77, at 2).

## III. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3); *see also Levitte v. Google, Inc.*, Nos. C 08-03369 et al., 2009 WL 482252, at *2

(N.D. Cal. Feb. 25, 2009). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, coordinating for class certification, and negotiating settlement." Manual for Complex Litig., § 21.11 (4th ed. 2004) (cited by Judge Tigar in *Azpeitia v. Tesoro Ref. & Mktg. Co. LLC*, No. 17-CV-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017)).

Rule 23(g)(1)(A) requires that courts consider four factors in appointing class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." The Court also looks to these factors in designating interim class counsel. *See Parkinson v. Hyundai Motor Am.*, Nos. CV-06-345-AHS(MLGX) et al., 2006 WL 2289801, at *2 (C.D. Cal. Aug. 7, 2006) ("Rule 23(g) provides criteria to consider when appointing class counsel, without distinguishing interim counsel. Presumably, the same factors apply[.]"); *In re Lenovo Adware Litig.*, No. 15-md-02624, 2015 WL 10890657, at *1 n.1 (N.D. Cal. July 27, 2015) ("[T]he factors in [Rule 23(g)(1)(A)] are those a court must consider in appointing lead counsel, rather than interim lead counsel. However, courts have held that these same factors apply in . . . the selection of interim lead counsel."). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

**B.     Interim Co-Lead Counsel Should Be Appointed to Lead the Consolidated Action**

As provided below, each Rule 23(g) factor supports the appointment of Interim Co-Lead Counsel to prosecute the Consolidated Action.

**1.     Interim Co-Lead Counsel Have Investigated and Advanced the Consolidated Cases**

Interim Co-Lead Counsel have all devoted substantial resources—both in time and money—to investigating the allegations of the consolidated cases, including (i) reviewing relevant studies and research papers related to the operation of Google's Imagen and Gemini and the datasets Google used to build and train the large language models on which those AI products depend; (ii) analyzing

applicable case law surrounding copyright-AI litigation and tracking related developments; (iii) keeping abreast of regulatory investigations into the use of AI by Google and the U.S. Copyright Office's guidance on AI; and (iv) consulting experts with specialized knowledge in the fields of AI, copyright and intellectual property. *See* Weaver Decl. ¶¶ 3-5; Saveri Decl. ¶ 14; Clarkson Decl. ¶¶ 5-6; Clark Decl. ¶¶ 5-7. These thorough and detailed pre-filing investigations led to the development of detailed factual and legal claims asserted here against Defendants.

Interim Co-Lead Counsel all have done extensive work identifying, investigating, and prosecuting the potential claims alleged in the consolidated cases, and have vetted more than 45 potential plaintiffs for inclusion in the case. They have done so independently and as a team. *See* Weaver Decl. ¶¶ 3-5; Saveri Decl. ¶¶ 14-15; Clarkson Decl. ¶ 5; Clark Decl. ¶¶ 5-6. These factors weigh strongly in favor of their appointment. *See Azpeitia*, 2017 WL 4071368, at *3 (appointing firm that performed extensive work identifying and investigating potential claims as interim lead counsel, and other firms representing Plaintiffs to an informal litigation committee "with the hours expended litigating the action to be distributed evenly between the firms.").

      **2.**      **Interim Co-Lead Counsel Have the Class Action Experience and Knowledge Required to Effectively Prosecute the Consolidated Action**

      ***a.***      ***Lesley Weaver of Bleichmar Fonti & Auld LLP***

Lesley Weaver is a trailblazer in the plaintiffs' class action bar, an experienced, soup-to-nuts litigator. The Court can rely on Ms. Weaver and her firm to commit the time, resources and focus on this case. As one of two Co-Lead counsel personally appointed by Judge Vince Chhabria in the Northern District of California to lead the high-profile MDL against Facebook arising out of the Cambridge Analytica scandal, she and her team steered the case to a $725 million settlement, the largest amount paid in any private privacy class action to date, and yielded at least two landmark decisions of national import after five years of tenacious litigation.[2] In 2018, Judge Charles Breyer in the Northern District of California appointed Ms. Weaver to the Steering Committee in the *In re Volkswagen "Clean Diesel"* matter, where she participated in settlement discussions resulting in the

---

[2] *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899 (N.D. Cal. 2023); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767 (N.D. Cal. 2019).

first tranche $10 billion settlement. In 2015, Ms. Weaver tried to verdict one of just two privacy actions to go to trial in the U.S., delivering opening and closing statements in a case that won 100% economic damages and fifteen times punitive damages. She has won multiple awards, including being honored as one of ten Elite Women of the Plaintiffs' Bar in 2023. Ms. Weaver is dedicated to improving diversity and participation in the profession. A longtime advocate for expanding opportunities for all lawyers, she is one of the original drafters of the Duke MDL Diversity Guidelines. Ms. Weaver also recently participated, by invitation, in Duke Law's 2024 MDL training module program for judicial officers and counsel.[3]

### b.   Joseph Saveri of The Joseph Saveri Law Firm, LLP

Based in San Francisco, California, JSLF is recognized as the law firm spearheading the litigation against the AI industry, and specifically in cases seeking to vindicate the intellectual property rights of plaintiffs whose materials have been used to train generative AI models. *See* Saveri Decl. ¶ 3. JSLF, together with Matthew Butterick were the first lawyers to challenge the unauthorized use of generative AI companies of copyrighted material in large language and other training models. Best Lawyers/U.S. News & World Report named JSLF among the Best Law Firms from 2013-2018 and the California Daily Journal selected JSLF as one of the "Top Boutiques in California." JSLF attorneys also serve in leadership positions in the American Bar Association's Antitrust Section and the California Lawyer's Association section on Antitrust, Unfair Competition and Privacy Law. Over the last eight years, JSLF has produced settlements totaling over $1 billion in antitrust class action cases. *See* Saveri Decl. ¶ 2, Exhibit 1 (JSLF Firm Resume).

In addition to its expertise in the relevant substantive law, JSLF is a national leader in the fields of class actions and other complex litigation. JSLF has extensive knowledge of the applicable law in this case, both with regard to federal class actions under Rule 23(b)(3) and with regard to the applicable federal and state copyright statutes and the common law. *See* Fed. R. Civ. P. 23(g)(1)(A)(iii). In addition, JSLF has particular expertise in electronic discovery issues which predate the 2005 amendments to the Federal Rules of Civil Procedure. The firm has made important

---

[3] *Duke Law School's Mass-Tort MDL Certificate Course,* DUKE LAW, BOLCH JUDICIAL INSTITUTE, https://judicialstudies.duke.edu/programs/mass-tort-mdl-certificate/.

contributions to the development of efficient and proportional practices and procedures. Saveri Decl. ¶ 7. JSLF attorneys have taken the primary role in class certification issues, summary judgment, expert "hot tub" proceedings, trial and appeals. In addition, while other firms may boast a higher head count, few can say they have as many attorneys devoted to generative AI litigation.

JSLF is led by Joseph R. Saveri, its founder. Mr. Saveri has 35 years of experience in class action and other complex litigation, including cases in this District. Saveri Decl. ¶ 6. Mr. Saveri is one of the most accomplished and respected attorneys in the country. Mr. Saveri is recognized for his work in AI litigation in particular—he was included in Lawdragon's inaugural list of Leading AI & Legal Tech Advisors and named by the California Daily Journal as one of the Top Artificial Intelligence Lawyers in California in 2024. As a result of his advocacy in AI-related cases, Mr. Saveri has also been featured in 2024 by the Daily Journal as a Top Intellectual Property Lawyer. Mr. Saveri is rated an AV preeminent by LexisNexis Martindale-Hubbell and was ranked "Band 1" attorney by Chambers USA in its "Antitrust: Mostly Plaintiff" category for 2018 and 2019. *Id.*

    c. **Ryan Clarkson of The Clarkson Law Firm, P.C.**

Mr. Clarkson is the founder and managing partner of Clarkson, a 32-lawyer public interest law firm headquartered in Malibu, California. Clarkson Decl., Ex. 1. Shaped by humble beginnings growing up in a suburban Detroit factory town and motivated by his desire to obtain justice for the underprivileged and underserved, Mr. Clarkson has been at the forefront of complex class actions related to artificial intelligence, data privacy, and consumer protection. Clarkson Decl. ¶¶ 9-11. Mr. Clarkson has been appointed lead counsel in high profile cases like *In re Samsung Customer Data Security Breach Litigation*, No. 1:23-MD 03055-CPO-EAP (D.N.J. 2023) and *Hasson v. Comcast Cable Communications, LLC*, 2:23-cv-05039-JMY (E.D. Pa. 2023) both affecting tens of millions of consumers. Mr. Clarkson's work against Big Tech has received broad coverage in the news media, and he is regularly invited to speak at U.S. and global class action conferences regarding AI and the impact on copyright holders and the public at large. Clarkson Decl. ¶ 9.

    d. **Brian Clark of Lockridge Grindal Nauen PLLP**

Brian D. Clark is a partner at Lockridge Grindal Nauen PLLP, which has specialized in class actions and complex federal civil litigation for over 40 years. Clark Decl. ¶¶ 1, 3, 7. Mr. Clark and

his team represent artists and authors suing companies for misusing their work to train generative artificial intelligence systems in numerous cases, including *Andersen et al. v. Stability AI*, No. 3:23-cv-00201 (N.D. Cal.) and *Nazemian et al. v. NVIDIA Corp.*, No. 5-24-cv-01454 (N.D. Cal.). Mr. Clark recently served as lead trial counsel for the direct purchaser class in the *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08737 (N.D. Ill.), a case that recovered $284 million for the class. He also served as co-lead counsel in *In re: Peanut Farmers Antitrust Litigation*, No. 2:19-cv-00463 (E.D. Va.), a case that was settled within 18 months of filing the complaint and on the eve of trial for $102.75 million and received the Outstanding Antitrust Litigation Achievement award from the American Antitrust Institute. Mr. Clark is also a recognized e-discovery expert in the plaintiffs' bar and serves as the current President and Founder of the Complex Litigation E-Discovery Forum, a plaintiffs' attorney e-discovery group with hundreds of members.

### 3. Interim Co-Lead Counsel Regularly Take Cases to Trial

Interim Co-Lead Counsel have extensive experience trying complex cases and are willing and able to take this litigation to trial, if necessary. *See* Weaver Decl. ¶¶ 7-13, 21-24; Saveri Decl. ¶¶ 2-10; Clarkson Decl. ¶¶ 9-13; Clark Decl. ¶ 4. Additional information about Interim Co-Lead Counsel's trial experience can be found in their respective firm resumes.

### 4. Interim Co-Lead Counsel Will Commit Ample Resources to Prosecute the Consolidated Action Efficiently

Interim Co-Lead Counsel have the resources needed to prosecute this action in the best interests of the proposed class. *See* Fed. R. Civ. P. 23(g)(1)(A)(iv). Together, the firms are ably staffed with attorneys and support, employing more than 150 lawyers in 17 offices across the United States.

Interim Co-Lead Counsel routinely advance the costs of litigation and are not using litigation funders for this case. They have repeatedly demonstrated the ability and willingness to dedicate substantial resources to pursuing class claims and will do so again here.

At the same time, Interim Co-Lead Counsel are committed to litigating the case efficiently and economically, and they will use their experience and background in similar cases to streamline the litigation for the benefit of the plaintiff classes. Interim Co-Lead Counsel are well-versed in using case management strategies to efficiently focus litigation, including appropriate staffing of all

litigation tasks to those lead attorneys and firm(s) best suited to the particular task(s) at hand, regular meetings to ensure that assigned work tasks are being attended to, well-executed, and completed with efficiency, and implementation of strict time-keeping and expense billing protocols to ensure that all professional time associated with this consolidated action is of the highest quality, effectiveness, and exceptionalism. A proposed time and expense protocol is attached as Exhibit 1 to the Proposed Order submitted herewith.

### 5. Interim Co-Lead Counsel are Committed to Diversity and Inclusion

While not a factor identified by Fed. R. Civ. P. 23(g), diversity among proposed leadership has and should be considered by the Court. *See, e.g.*, *In re Stubhub Refund Litigation*, No. 20-md-02951-HSG, 2020 WL 8669823, at *1 (N.D. Cal. Nov. 18, 2020) (noting with approval co-lead counsel's "careful attention to creating a diverse team"). Diversity in leadership will be better suited to represent the diverse class proposed in this case. Here, one of the two proposed attorneys to lead the case is a woman. Additionally, Ms. Weaver is a member of the LGBTQi+ community.

### 6. Interim Co-Lead Counsel Have the Ability to Work Cooperatively

Interim Co-Lead Counsel have the ability and willingness to work cooperatively with other law firms, including other plaintiffs' lawyers that have filed (or may file) similar actions, and counsel for Google. Interim Co-Lead Counsel understands that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one. As evidenced by this joint proposal, Interim Co-Lead Counsel have already demonstrated a willingness and ability to work cooperatively in litigating this consolidated action.

The proposed leadership structure is ideally suited to the particular circumstances of these cases, which will require a team of dedicated lawyers and sufficient resources to pursue litigation against a sophisticated defendant, one of the largest companies in the world and a leader in the AI space.

Interim Co-Lead Counsel are well established, reputable, and have established that they are capable of working together collaboratively and efficiently, handling the challenges of this litigation and committing the necessary resources to represent the plaintiff classes.

## IV. CONCLUSION

Plaintiffs respectfully request that (1) the Court appoint Bleichmar Fonti & Auld LLP and The Joseph Saveri Law Firm, LLP as Interim Co-Lead Counsel; and (2) the Court appoint Ms. Weaver (BFA), Mr. Saveri (JSLF), Mr. Clarkson (Clarkson), and Mr. Clark (LGN) as the designated lead attorneys from each firm.

Dated: November 19, 2024

By: */s/ Joseph R. Saveri*
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan Creutz (SBN 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
ecreutz@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

*Attorneys for Plaintiffs and the Proposed Class in the Zhang Action*

Dated: November 19, 2024

By: */s/ Brian D. Clark*
Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com

echang@locklaw.com

*Attorneys for Plaintiffs and the Proposed Class in the Zhang Action*

Dated: November 19, 2024

By: /s/ *Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, New York 10603
Tel.: (415) 445-4006
gmullens@bfalaw.com

*Attorneys for Plaintiff and the Proposed Class in the Leovy Action*

Dated: November 19, 2024

By: /s/ *Ryan J. Clarkson*
Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
Tiara Avaness (SBN 343928)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone:   213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Tel. (213) 788-4050
tcowan@clarksonlawfirm.com

*Attorneys for Plaintiff and the Proposed Class in the Leovy Action*

### **ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: November 19, 2024                                /s/ *Lesley E. Weaver*
                                                              Lesley E. Weaver