| | |
|---|---|
| David H. Kramer, SBN 168452<br>Email: dkramer@wsgr.com<br>Maura L. Rees, SBN 191698<br>Email: mrees@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Telephone: (650) 493-9300<br><br>Eric P. Tuttle, SBN 248440<br>Email: eric.tuttle@wsgr.com<br>WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation<br>701 Fifth Avenue, Suite 5100<br>Seattle, WA 98104-7036<br>Telephone: (206) 883-2500<br><br>*Counsel for Defendants*<br>GOOGLE LLC AND ALPHABET INC. | Ryan J. Clarkson, SBN 257074<br>Email: rclarkson@clarksonlawfirm.com<br>Yana Hart, SBN 306499<br>Email: yhart@clarksonlawfirm.com<br>Mark I. Richards, SBN 321252<br>Email: mrichards@clarksonlawfirm.com<br>Tiara Avaness, SBN 343928<br>Email: tavaness@clarksonlawfirm.com<br>CLARKSON LAW FIRM, P.C.<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>Telephone: (213) 788-4050<br><br>Joseph R. Saveri, SBN 130064<br>Email: jsaveri@saverilawfirm.com<br>JOSEPH SAVERI LAW FIRM, LLP<br>601 California Street, Suite 1505<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br><br>*Counsel for Plaintiffs*<br>JILL LEOVY, JINGNA ZHANG, SARAH ANDERSEN, HOPE LARSON, JESSICA FINK, AND THE PROPOSED CLASS<br><br>[Additional counsel on signature page] |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation*, | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  December 18, 2024<br>Time:  1:30 PM<br>Place: Videoconference<br>Judge: Hon. Eumi K. Lee |

Plaintiffs Jill Leovy, Jingna Zhang, Sarah Andersen, Hope Larson, and Jessica Fink (collectively "Plaintiffs") and Defendants Google LLC ("Google") and Alphabet Inc.[1] (collectively "Defendants") submit this Joint Case Management Statement pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Court's Order Regarding Consolidation Plan (ECF No. 77), and the Standing Order for Judge Eumi K. Lee.

**1. Jurisdiction and Service**

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, because this case arises under the Copyright Act, 17 U.S.C. § 501. No issues exist regarding personal jurisdiction or venue. No Parties remain to be served.

**2. Facts**

**Plaintiffs' Position:** Plaintiffs' Consolidated Complaint will allege that Google copied and reproduced Plaintiffs' copyrighted works, without license or authorization, to train its generative AI model ("Models")—including but not limited to Gemini and Imagen—in violation of the Copyright Act, 17. U.S.C. § 501. Creative and expressive works are foundational to the AI training process of products like Imagen and Gemini. Imagen was built using a variety of text and image datasets, including one or more datasets released by LAION. Gemini was built on text and images collected from across the web, including Google's own Infiniset Dataset and C4 Dataset. The C4 dataset is the Common Crawl's web crawl corpus, comprised of over 750GB of English language text-enough space to store millions of books. The registered works of Plaintiffs, as well as members of the putative class, were swept into the C4 and LAION datasets used to build and train Imagen and Gemini.

The creation and utilization of these datasets required willful mass copyright infringement by Google. For example, C4 comprises copyrighted works scraped from subscription-based and piracy websites. Further, use of the LAION-400M dataset, which Google says it used to train

---

[1] Alphabet Inc. was voluntarily dismissed in the *Leovy* action (*Leovy* ECF No. 13), and it is Defendants' position that Alphabet Inc. should be dismissed in the *Zhang* action, for the reasons Defendants set out in their motion to dismiss (*Zhang* ECF No. 24). Plaintiffs disagree with Defendants' position for the reasons stated in the *Zhang* opposition to Defendants' motion to dismiss.

1  Imagen, would have required Google to make local copies of the images embedded within it.
2  Plaintiffs were never compensated for or licensed Google's use of their works and Google's
3  Models directly compete with the market for Plaintiffs' works. Plaintiffs have been injured by the
4  misconduct of both Defendants.

5  Google argues below that express or implied license are affirmative defenses to its
6  ingestion of registered copyrighted material to train its AI products. Google does not cite evidence
7  in support of this or point to any licenses it possesses to defend these claims. Google's "fair use"
8  defense will also fail. Defendants' unauthorized use also does not fall within any protected
9  purposes under 17 U.S.C. 107.

10 **Defendants' Position:** Generative AI is an important and groundbreaking technology that
11 promises to revolutionize a wide range of endeavors. Plaintiffs' operative complaints challenge
12 the process of training AI models, which involves exposing the models to enormous amounts of
13 data so that they can learn to generate their own information. Plaintiffs are four visual artists and
14 a nonfiction book author who assert a claim against Google for directly infringing their copyrights
15 during Google's training of generative AI models. Plaintiffs do not allege that the output of any
16 Google product has infringed their copyrights. And Plaintiffs' claim for copyright infringement
17 based on training is meritless.

18 That claim raises questions of express and implied license and fair use. Facts regarding
19 copyright ownership, registration, use, timing, and the existence and availability of damages will
20 also require exploration. Importantly, no class can be certified here. Courts regularly recognize
21 that copyright claims are poor candidates for class-action treatment. *Schneider v. YouTube LLC*,
22 674 F. Supp. 3d 704, 717 (N.D. Cal. 2023) ("Every copyright claim turns upon facts which are
23 particular to that single claim of infringement …. Every copyright claim is also subject to defenses
24 that require their own individualized inquiries."); *Football Association Premier League Ltd. v.*
25 *YouTube, Inc.*, 297 F.R.D. 64, 64, 65 (S.D.N.Y. 2013) ("Generally speaking, copyright claims are
26 poor candidates for class-action treatment."); *Kihn v. Bill Graham Archives LLC*, No. 20-17397,
27 2022 WL 18935, at *2 (9th Cir. Jan. 3, 2022) (no class action in copyright action because
28 "individual issues of license and consent" alone "predominate"). Those concerns are magnified

here, where Plaintiffs seek to represent a sprawling and ill-defined set of U.S. copyright owners whose works were allegedly used in training Google's AI products. For these reasons and others, Defendants deny Plaintiffs' claims, will assert affirmative defenses, and intend to oppose certification of the proposed class.

## 3.   Legal Issues

**Plaintiffs' Position:** The legal and factual issue at the core of this case is whether Defendants' taking, copying, and use of Plaintiffs' registered works without license or authorization to train Gemini, Imagen, and its Models violate Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. § 501, *et seq.*

Defendants assert that they will rely on a fair use defense, an assertion undermined by Google's own actions. By willfully and indiscriminately copying and utilizing a vast amount of copyrighted works without license, authorization, or providing compensation to the copyright owners, Google has rendered any fair use defense untenable. The sheer number of Google's infringements also negates the fair use defense.

There are numerous other questions of law or fact common to the class, including whether Defendant Alphabet had the right and ability to supervise Google's infringing activity and whether it benefitted, and continues to benefit, from Google's misconduct. Such common issues predominate over any question affecting individual class members. *See* Section 9, *infra.*

**Defendants' Position:** In addition to the legal issues raised by Plaintiffs above, further contested legal issues that are likely to be raised include: (a) whether a class can be certified under Rule 23; (b) whether Plaintiffs can demonstrate registration, ownership, and validity of the alleged copyrights; (c) whether the allegedly infringed material consists of creative expression or uncopyrightable elements; (d) whether there is substantial similarity between Plaintiffs' copyrighted works and the accused infringement; (e) whether Plaintiffs' agreements with

Defendants and others authorize the alleged actions; and (f) whether doctrines such as fair use or de minimis use apply to the copyright claim.[2]

**4.** **Motions**

    **a)** **Prior and Pending Motions**

*Motions to Dismiss*. In the *Leovy* action, Defendant Google filed a motion to dismiss the original complaint, which was rendered moot by Leovy's filing of an amended complaint (*Leovy* ECF No. 28). On February 9, 2024, Defendant Google moved to dismiss the First Amended Complaint. *See Leovy* ECF Nos. 33, 34. The Court granted that motion under Rule 8, but permitted Leovy leave to amend. *Leovy* ECF No. 46 at 1. After Leovy filed a Second Amended Complaint asserting a claim for direct copyright infringement, Defendant Google filed another motion to dismiss (*Leovy* ECF No. 55), which Leovy timely opposed (*Leovy* ECF No. 61), and which was set for hearing on December 18, 2024.

In the *Zhang* action, Defendants filed a motion to dismiss (*Zhang* ECF No. 24), which the *Zhang* Plaintiffs timely opposed (*Zhang* ECF No. 26) and which was likewise set for hearing on December 18, 2024.

In both actions, Defendants filed a motion to consolidate. The *Leovy* and *Zhang* Plaintiffs initially said they would oppose this motion but later agreed to a stipulated motion to consolidate

---

[2] **Defendants' Position:** In Defendants' motions to dismiss the operative complaints (*Leovy* ECF No. 55; *Zhang* ECF No. 24), they raised additional legal issues, including: (a) whether Leovy adequately alleged entitlement to injunctive relief or to disgorgement; (b) whether the *Leovy* Complaint complied with Rule 8's requirement of a "short and plain" statement; (c) whether the *Zhang* Plaintiffs may assert copyright infringement claims as to images they had not identified in the Complaint; (d) whether the *Zhang* Plaintiffs have valid copyright registrations covering the allegedly infringed images; (e) whether the *Zhang* Complaint adequately alleged that Defendants' generative AI models are infringing derivative works; and (f) whether the *Zhang* Complaint adequately alleged that Alphabet is vicariously liable for the alleged infringing activity of its corporate subsidiary, Google. This Court ordered Plaintiffs to "make substantial good-faith efforts to address" these issues in their consolidated complaint. ECF No. 77. Plaintiffs have not yet committed to correcting the pleading deficiencies that Defendants raised in their motions.

  **Plaintiffs' Position:** Plaintiffs disagree with Google's assertion regarding supposed pleading deficiencies in complaints which will be superseded shortly. Plaintiffs will make a good-faith effort to address any issues raised by Google in the Parties' pending conferences on December 6 and December 13, 2024 in compliance with the Court's instructions. ECF No. 77.

(*Leovy* ECF No. 72 & *Zhang* ECF No. 51). Following consolidation, this Court set a schedule for the filing of a consolidated amended complaint and terminated Defendants' motions to dismiss the operative complaints as moot. *See* ECF No. 77.

On November 19, 2024, Plaintiffs filed a status report updating the Court on Plaintiffs' efforts to resolve leadership questions and advance the litigation (ECF No. 80). The Court ordered that any response to the request be filed by December 6, 2024 (ECF No. 81).

  **b)**  **Anticipated Motions**

**Plaintiffs' Position:**

Under Plaintiffs' proposed schedule, Plaintiffs will file their motion for class certification after the close of expert discovery, consistent with the Court's standing order as it pertains to the timing of motions for class certification. Plaintiffs reserve the right to file a motion for summary judgement, Daubert motions, discovery motions, and any other motion necessary and appropriate in this litigation.

**Defendants' Position:** Defendants do not yet know what the proposed consolidated complaint will look like, but anticipate that they may move to dismiss that complaint and/or strike portions of it. Under Defendants' proposed schedule, Plaintiffs must file their motion for class certification five months after the initial case management conference, while under Plaintiffs' proposal, class certification will not be briefed until March 9, 2026, more than two and a half years after Plaintiffs' first complaint was filed. Defendants reserve their rights to file motions for summary judgment and *Daubert* motions (as desired), as well as discovery motions.

**5.**  **Amendment of Pleadings**

The Court has ordered Plaintiffs to file a consolidated amended complaint by December 20, 2024 (ECF No. 77).

**Plaintiffs' Position:** Plaintiffs propose October 29, 2025 as the deadline for amended pleadings, two weeks after the close of fact discovery.

**Defendants' Position:** Defendants propose December 20, 2024 as the deadline to move to amend pleadings or to add parties without leave of court.

**6.   Evidence Preservation**

The Parties have reviewed this Court's Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Rule 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues evident in the case and on a Proposed ESI Order. The Parties are aware of their obligations and have taken reasonable steps to preserve potentially relevant evidence. The Parties will continue to meet and confer concerning ESI.

**7.   Disclosures**

The parties to the *Zhang* action served their initial disclosures on September 24, 2024. The Parties intend to serve supplemental initial disclosures, to address the claims and defenses raised by the consolidated complaint, no later than January 10, 2025. The Parties will supplement initial disclosures as necessary, consistent with Rule 26(e).

**8.   Discovery**

   **(a)   Status and Scope of Discovery**

The Parties conducted Rule 26(f) conferences on October 5, 2023 in the *Leovy* action and on September 10, 2024 in the *Zhang* action, but the Parties have not taken discovery to date. Discovery will cover the substantive claims and defenses as well as class certification issues.

Defendants shared a proposed protective order and a proposed ESI protocol with Leovy on August 8, 2024 and with the *Zhang* Plaintiffs on September 23, 2024. The Parties exchanged multiple drafts of each document. Most recently, Plaintiffs shared a proposed consolidated ESI protocol with Defendants on November 27, 2024 and a proposed consolidated protective order on December 2, 2024, and Defendants provided comments and proposed edits to both drafts on December 4, 2024. The Parties continue to confer on a stipulated ESI protocol and protective order to govern electronic discovery and the confidentiality of materials in this action. If the Parties are unable to reach agreement on these documents in the near future, they anticipate bringing their disputes to the Court for prompt resolution so that these issues do not unnecessarily delay discovery.

**Plaintiffs' Position:** Plaintiffs anticipate conducting discovery, including requesting documents and eliciting testimony from Defendants regarding, among other things: the development and training of Defendants' Models, including Gemini and Imagen; the training data for Defendants' Models and other products and services that integrate or otherwise use the Models; Defendants' copying of the LAION-400 and subsequent LAION-datasets; Defendants' creation and copying of the C4 dataset; Defendants' general awareness of, and policies about, using copyrighted materials and/or pirated libraries in training data; sources of funding for the development of Defendants' Models; financial market and profitability of Defendants' Models; licensing deals and negotiations for training data; knowledge of, and participation within, the AI training data market; Defendants' protocols for weighting, filtering, or modifying Models; and any style lists, showcases, or mechanisms that allow for searching and manipulation of outputs using Plaintiffs' names. Plaintiffs reserve all rights to update, add, or amend this list as additional information becomes available.

*Subjects of Discovery from Defendants:* The following is a non-exhaustive list of subjects regarding which Plaintiffs have sought or plan to seek discovery. Plaintiffs reserve all rights to expand upon these subject areas as the case proceeds:

- The interactions between class members (including Plaintiffs) and Defendants, including but not limited to requests and/or demands from the owners of works used to train Defendants' Models regarding Defendants' use of those works.
- Defendants' conduct that caused their Models to ingest, copy, reproduce, and/or distribute Plaintiffs' and the Class's works, including but not limited to Defendants' knowledge regarding those actions and their consequences.
- The planning for, and the creation, operation, modification, distribution, and maintenance of Defendants' Models, including but not limited to source code.
- Defendants' efforts to obtain licenses or other permissions to use works used to train their Models.
- Defendants' organizational structure and corporate documents.

- Contracts, licenses, or other agreements between Defendants and any of Defendants' subsidiaries, affiliates, or joint ventures, and any Plaintiffs or third parties that relate to Defendants' Models.
- Information regarding all material used to train Defendants' Models, including the materials themselves.
- Facts related to affirmative defenses raised by Defendant.
- Defendants' policies and practices regarding any use of copyrighted material.
- Defendants' interactions with government or regulatory entities regarding Defendants' Models, including document submissions, requests for information, or documents, testimony, and correspondence.
- Defendants' participation and/or involvement in other lawsuits, private administrative proceedings, or regulatory proceedings regarding their Models.

**Defendants' Position:** Defendants believe it is premature to discuss the full scope of discovery before Plaintiffs have filed their consolidated amended complaint or even disclosed to Defendants anything about what they intend to plead. Defendants do not agree that the discovery Plaintiffs imagine would be reasonable or proportionate given the current scope of their claims, and it underscores the pressing need for a determination on class certification "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Plaintiffs have refused repeated requests to identify the discovery they actually need for class certification purposes. Only in the highly unlikely event that a class is certified could the sweeping discovery Plaintiffs seek be plausible, and even then Plaintiffs' requests would be far too broad.

**(b)    Discovery Modifications**

**Plaintiffs' Position:** Given the complexity of the legal and factual issues in this case, Plaintiffs anticipate that expanding the discovery limits outlined in the Federal Rules of Civil Procedure will be necessary. Plaintiffs have conferred with Defendants regarding the potential need to increase the number of depositions and interrogatories and believe it is premature to impose any limitations at this stage.

Plaintiffs seek to establish protocols for depositions and for the inspection of training data and source code. Plaintiffs also seek an expert discovery protocol. Defendants cherry pick positions they view to favor them taken by one group of Plaintiffs to the earlier prior to consolidation and agreement on leadership, but it was Defendants who sought consolidation. Plaintiffs are now presenting consolidated positions and propose that the parties move forward in their negotiations.

**Defendants' Position:** Defendants believe, and the *Leovy* Plaintiff previously agreed (*see Leovy* ECF No. 63 at 7), that the default limitations on discovery set out in the Federal Rules should apply and that the Parties should work together to reach agreement on a mutual expansion if one becomes necessary. Plaintiffs' suggestion that they be absolved of "any limitations at this stage" is inconsistent with the Federal Rules of Civil Procedure and unworkable.

**(c)   Discovery Plan**

The Court has not set a deadline for the close of fact discovery. The Parties met and conferred and have proposed cut-off dates for both fact and expert discovery in their competing proposed schedules, which the Parties are filing separately. The Parties have proposed the same or similar dates for certain deadlines, including that fact discovery should be completed by October 17, 2025, that expert discovery should be completed by February 17, 2026, and that *Daubert* and summary judgment motions should be filed in the spring of 2026.

The Parties' primary disagreements regarding the discovery plan are two-fold: (1) Plaintiffs have proposed a series of interim discovery deadlines, to which Defendants object; and (2) Defendants propose that class certification briefing should occur prior to the close of fact discovery, "[a]t an early practicable time." Fed. R. Civ. P. 23(c)(1)(A).

**(d)   Discovery Disputes**

The Parties have not identified any discovery disputes and are prepared to meet and confer on any discovery disputes that may arise.

**9.   Class Actions**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Position:** Upon information and belief, Plaintiffs believe and allege that class members number in the millions. Plaintiffs do not know the exact size of the class since that information is within the exclusive control of the Defendants. Plaintiffs allege all class members have been similarly injured by Defendants' conduct. Plaintiffs believe there are numerous questions of law or fact common to the class, and that those issues predominate over any question affecting only individual class members. These common legal and factual issues include the following:

- Whether Defendants violated the copyrights of Plaintiffs and the class when Google copied and ingested copies of Plaintiffs' copyrighted works and used them to train Defendants' Models.
- Whether this Court should enjoin Defendants from engaging in the unlawful conduct alleged herein, and the appropriate scope of that injunction.
- Whether any affirmative defense (including fair use) excuses Defendants' conduct.
- The amount of damages.

**Defendants' Position:** Plaintiffs will be unable to establish a basis for class certification under Rule 23 because, among other reasons, many of the supposedly common questions they identify above are rife with individualized issues. Accordingly, Defendants will oppose class certification.

## 10. Related Cases

The *Leovy* and *Zhang* actions were related on July 23, 2024, and consolidated on October 28, 2024. The Parties are unaware of any other related cases at this time.

## 11. Relief

**Plaintiffs' Position:** Plaintiffs seek statutory and other damages, including actual damages and disgorgement of profits, under 17 U.S.C. § 504 for Defendants' violations of the copyrights of Plaintiffs and the class and an award of reasonable attorneys' fees and costs, under 17 U.S.C. § 505 or other applicable statutes. Plaintiffs further seek destruction or other reasonable disposition of all copies or reproductions Defendants made or used in violation of the exclusive rights of Plaintiffs and the class, pursuant to 17 U.S.C. § 503(b). Plaintiffs seek a permanent injunction

restraining Defendants from the conduct at issue in this action pursuant to 17 U.S.C. § 502 and Fed. R. Civ. P. 23(b)(2). Plaintiffs seek pre- and post-judgment interest on damages awarded to Plaintiffs.

**Defendants' Position:** Defendants deny that Plaintiffs are entitled to any relief. Defendants expect to seek prevailing party attorneys' fees for Plaintiffs' copyright claim pursuant to 17 U.S.C. § 505.

### 12. Settlement and ADR

The Parties intend to participate in private mediation.

**Plaintiffs' Position:** Plaintiffs are willing to participate in a private mediation, as long as Defendants will provide the discovery necessary to engage in a productive discussion.

**Defendants' Position:** Defendants believe mediation would be most productive after Plaintiffs have at least filed their motion for class certification and perhaps after that motion is resolved.

### 13. Other References

The Parties do not believe this case is presently suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. Narrowing of Issues

**Plaintiffs' Position:** Plaintiffs have resolved leadership issues and proposed a resolution to the Court. The Parties to date have been unable to narrow issues by agreement or by motion. The Parties are prepared to meet and confer about this issue should the circumstances of the case change. Plaintiffs will file the Consolidated Amended Complaint on December 20, 2024, and will confer with Defendants to narrow any remaining issues shortly thereafter.

**Defendants' Position:** In the *Leovy* action, Plaintiff Leovy voluntarily dismissed two of the original defendants without prejudice (Alphabet Inc. and Google DeepMind). Following the Court's ruling on a prior motion to dismiss, additional plaintiffs and claims were dropped from the *Leovy* action. Defendants believe that the *Zhang* plaintiffs should voluntarily dismiss their claims against Alphabet Inc., for the reasons Defendants set out in their motion to dismiss (*Zhang* ECF No. 24).

Defendants and the *Leovy* Plaintiff previously agreed that a ruling on class certification would be most consequential to this case. (*Leovy* ECF No. 63 at 9.) Defendants maintain that view.

**15.  Scheduling**

    **(a)  Expedited Trial Procedures**

The Parties agree that this case is not appropriate for the Expedited Trial Procedure of General Order 64.

    **(b)  Case Schedule**

The Parties met and conferred and have been unable to come to full agreement on a case schedule. While the Parties have reached agreement on several case deadlines, disputes remain over (a) Plaintiffs' inclusion of certain ESI-related case deadlines and (b) the sequencing of Plaintiffs' class certification motion relative to the rest of the schedule. The Parties' respective scheduling proposals, along with their positions in support, are being filed separately.

**16.  Trial Estimate:**

Plaintiffs have demanded a jury trial on all matters so triable.

**Plaintiffs' Position:** Plaintiffs estimate approximately 10 to 14 days for trial.

**Defendants' Position:** Defendants believe it is premature to determine the length of the trial in the absence of an operative complaint, disclosure of the number of plaintiffs or claims, and before class certification is resolved.

**17.  Disclosure of Non-Party Interested Entities or Persons**

**Plaintiffs' Position:** The *Zhang* Plaintiffs filed a Certification of Interested Entities or Persons on April 26, 2024 (*Zhang* ECF No. 5). *Leovy* Plaintiffs attested that Ms. Leovy and her Counsel are unaware of any other persons or entities (other than the parties, the class members, and the disclosed interested entities by Google) to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. (*Leovy* ECF No. 63).

**Defendants' Position:** Defendants have filed the Corporate Disclosure Statement and Certification of Interested Entities or Persons required by Civil L.R. 3-15 (*Leovy* ECF No. 16; *Zhang* ECF No. 14). Pursuant to Federal Rule of Civil Procedure 7.1, Defendants Alphabet Inc.

and Google LLC disclose the following: Google LLC is a subsidiary of XXVI Holdings Inc., which is a subsidiary of Alphabet Inc., a publicly traded company; no publicly traded company holds more than 10% of Alphabet Inc.'s stock. Pursuant to Civ. L.R. 3-15, the undersigned counsel for Defendants certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

    1.    Google LLC

    2.    XXVI Holdings Inc., Holding Company of Google LLC

    3.    Alphabet Inc., Holding Company of XXVI Holdings Inc.

**18.** **Professional Conduct**

The Parties' counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.** **Other Matters**

The Parties are not presently aware of other matters that may facilitate the resolution of these cases.

Respectfully submitted,

Dated: December 4, 2024

By: /s/*Eric P. Tuttle*
David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.

Dated: December 4, 2024

By: /s/*Joseph R. Saveri*
Joseph R. Saveri (SBN 130064)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan Creutz (SBN 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, California 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
ecreutz@saverilawfirm.com

Matthew Butterick (SBN 250953)
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612)339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (*admitted pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, New York 10603

Telephone: (415) 445-4006
gmullens@bfalaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
Tiara Avaness (SBN 343928)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
tcowan@clarksonlawfirm.com

*Counsel for Plaintiffs*
JILL LEOVY, JINGNA ZHANG, SARAH ANDERSEN, HOPE LARSON, JESSICA FINK, AND THE PROPOSED CLASS

### SIGNATURE ATTESTATION

I, Yana Hart, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: ___*/s/ Yana Hart*___
       Yana Hart