DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation*, | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANTS' PROPOSED CASE SCHEDULE**<br><br>Date:     December 18, 2024<br>Time:    1:30 PM<br>Place:   Videoconference<br>Judge:  Hon. Eumi K. Lee |

1    Defendants Google LLC and Alphabet Inc. (collectively "Defendants") herewith submit their proposed case schedule to accompany the Case Management Statement that the parties have filed jointly (ECF No. 83).[1] Two points bear particular attention:

*First*, per Federal Rule of Civil Procedure 23(c)(1)(A), Defendants propose that the Court and Parties should address the key issue of class certification at "[a]n early practicable time." Defendants respectfully propose a schedule calling for early briefing on class certification.

a. Courts are encouraged to address class certification "at a sufficiently early stage" to allow the parties to efficiently "shape [the] litigation in accordance with the parameters of the putative class." *Blough v. Shea Homes, Inc.*, No. 2:12-cv-01493-RSM, 2014 WL 1400990, at *2 (W.D. Wash. Apr. 10, 2014). Early resolution avoids potentially irrelevant discovery. "[C]lass certification decisions are generally made before the close of merits discovery," *Sali v. Corona Reg. Med. Ctr.*, 909 F.3d 996, 1005 (9th Cir. 2018) (citation omitted), to "avoid wasting resources on discovery that turns out to be irrelevant," *In re Rail Freight Fuel Surcharge Antitr. Litig.*, 258 F.R.D. 167, 176 (D.D.C. 2009) (ordering a case schedule that "allow[s] for briefing of the certification issue before the conclusion of discovery" to avoid unnecessary expenditures if the court "denies class certification or narrows the nature of the class").

b. Defendants have repeatedly asked Plaintiffs about the anticipated scope of their consolidated complaint and the discovery Plaintiffs believe they would need to file a class certification motion. Plaintiffs have refused to answer. Nevertheless, Defendants believe that their proposed schedule, which requires Plaintiffs to file their motion within five months of the case management conference, provides ample time for discovery relevant to certification, consistent

---

[1] Defendants regret that the parties were unable to submit their scheduling proposals together with the Joint Case Management Statement. Plaintiffs refused to include Defendants' position on the schedule in or with the Case Management Statement on the ground that they were unprepared to include a response to it. More than a week ago, Defendants (1) provided Plaintiffs with a draft Case Management Statement and proposed schedule, and (2) orally provided their explanations for their proposed schedule during the parties' meet and confer. Plaintiffs sent their markup of the Case Management Statement on Tuesday afternoon, and Defendants provided further edits (including this brief explanation in support of Defendants' proposed schedule) a little over 24 hours later, more than eight hours before the joint filing was due. Plaintiffs waited more than six hours before announcing that they would not agree to include Defendants' position on the schedule.

with schedules set by other courts in similar cases. *See, e.g.*, *Bartz v. Anthropic PBC*, Case No. 3:24-cv-05417-WHA (N.D. Cal.) (Alsup. J.), ECF No. 49 (requiring filing of class certification motion mid-discovery, less than five months after initial case management conference). Defendants' proposed deadline for class certification motions would come about 22 months after the first complaint in these consolidated cases was filed (and almost 13 months after the *Zhang* complaint was filed). *Cf.* ECF No. 54 ("This litigation has been pending for nearly sixteen months. The Court expects the parties to litigate this action expeditiously.").

c. Plaintiffs' proposed schedule, which calls for summary judgment briefing around the same time as class certification, not only forces Defendants through a costly and potentially unnecessary discovery campaign, but risks unfair prejudice to Defendants because of "one-way intervention," where potential class members strategically delay opting in hoping to receive and benefit from a favorable summary judgment ruling. *Villa v. San Francisco Forty-Niners, Ltd.*, 104 F. Supp. 3d 1017, 1021 (N.D. Cal. 2015).

*Second*, Defendants believe Plaintiffs' proposed schedule would unnecessarily micromanage the case imposing numerous deadlines that are not contemplated by the rules or the Court's Orders and that carry a high potential for unnecessary disputes. Plaintiffs' proposal also introduces premature ESI complexities (*e.g.*, deadlines for proposing "custodian cellphone information" and various deadlines relating to "Structured Data databases") that should be addressed within the context of an ESI protocol to be submitted to and approved by the Court. Notably, Plaintiffs' counsel have made similar proposals for extensive interim deadlines in other generative AI cases that have not been adopted. *See O'Nan v. Databricks, Inc.*, No. 3:24-cv-01451, ECF No. 47 at 17-17 (Saveri firm's similar proposal); *id.*, ECF No. 53 (July 15, 2024 Order: "The Court adopts … Defendant's Proposed Schedule"); *Makkai v. Databricks, Inc.*, No. 3:24-cv-02653, ECF No. 45 at 17-19 (Saveri firm's similar proposal); *id.*, ECF No. 52 (adopting defendant's proposed schedule); *Nazemian v. NVIDIA Corp.*, Case No. 4:24-cv-01454-JST, ECF No. 62 at 16-19 (Saveri firm's similar proposal); *id.*, ECF No. 71 at 2-3 (Saveri firm subsequently stipulating to, and the court adopting, a schedule without interim deadlines). In no other generative AI case of which we are aware has a court adopted a series of interim ESI deadlines such as that

proposed by Plaintiffs here.

For these reasons, Defendants respectfully request that the Court adopt the following schedule, which prioritizes early class certification to facilitate the timely and just resolution of this matter:

| Event | Proposed Date |
| --- | --- |
| CASE MANAGEMENT CONFERENCE | December 18, 2024 |
| LAST DAY FOR PLAINTIFFS TO FILE A CONSOLIDATED COMPLAINT; LAST DAY TO MOVE TO AMEND PLEADINGS | December 20, 2024 |
| DEADLINE TO SUBMIT INITIAL DISCLOSURES | January 10, 2025 |
| LAST DAY FOR DEFENDANTS TO MOVE TO DISMISS OR OTHERWISE RESPOND TO CONSOLIDATED AMENDED COMPLAINT | January 17, 2025 |
| LAST DAY FOR PLAINTIFFS TO OPPOSE MOTION TO DISMISS | February 7, 2025 |
| LAST DAY FOR DEFENDANTS TO FILE REPLY IN SUPPORT OF MOTION TO DISMISS | February 21, 2025 |
| DEADLINE TO FILE CLASS CERTIFICATION MOTION | May 19, 2025 |
| LAST DAY FOR DEFENDANTS TO FILE OPPOSITION TO CLASS CERTIFICATION | June 16, 2025 |
| LAST DAY TO FILE REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION | July 7, 2025 |
| HEARING ON MOTION FOR CLASS CERTIFICATION | August 6, 2025 |
| FINAL CASE MANAGEMENT CONFERENCE | August 27, 2025 |
| DEADLINE TO COMPLETE ADR | October 3, 2025 |
| DEADLINE TO COMPLETE FACT DISCOVERY | October 17, 2025 |

| Event | Proposed Date |
|---|---|
| LAST DAY TO PRODUCE OPENING EXPERT REPORTS | November 12, 2025 |
| LAST DAY TO PRODUCE REBUTTAL EXPERT REPORTS | December 23, 2025 |
| LAST DAY TO PRODUCE REPLY EXPERT REPORTS | January 27, 2026 |
| DEADLINE TO COMPLETE EXPERT DEPOSITIONS AND DOCUMENT PRODUCTIONS | February 17, 2026 |
| LAST DAY TO FILE MOTIONS FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS[*] | March 4, 2026 |
| LAST DAY TO FILE OPPOSITIONS TO MOTIONS FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS | March 25, 2026 |
| LAST DAY TO FILE REPLIES IN SUPPORT OF MOTIONS FOR SUMMARY JUDGMENT AND *DAUBERT* MOTIONS | April 8, 2026 |
| HEARING ON SUMMARY JUDGMENT AND *DAUBERT* MOTIONS | May 6, 2026 |
| LAST DAY TO FILE JOINT PRETRIAL CONFERENCE STATEMENT | July 15, 2026 |
| FINAL PRETRIAL CONFERENCE | July 29, 2026 |
| TRIAL | August 17, 2026 |

---

[*] Consistent with Section IX of the Court's Standing Order for Civil Cases, in the event the Parties intend to file cross-motions for summary judgment, Defendants will meet and confer with Plaintiffs to coordinate a briefing schedule for the cross-motions before the first brief is filed.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated:  December 5, 2024 | By: /s/ David H. Kramer |

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.