```
 1              IN THE UNITED STATES DISTRICT COURT

 2           FOR THE NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN JOSE DIVISION

 4
     IN RE GOOGLE GENERATIVE AI        )   CV-23-3440-EKL
 5   COPYRIGHT LITIGATION              )
                                       )   SAN JOSE, CALIFORNIA
 6                                     )
                                       )   DECEMBER 18, 2024
 7                                     )
                                       )   PAGES 1-37
 8                                     )
                                       )
 9                                     )
     _____  )
10
                    TRANSCRIPT OF PROCEEDINGS
11           BEFORE THE HONORABLE EUMI K. LEE
                 UNITED STATES DISTRICT JUDGE
12

13   A P P E A R A N C E S:

14   FOR THE PLAINTIFF:     BY:  JOSEPH R. SAVERI
                            JOSEPH SAVERI LAW FIRM, LLP
15                          601 CALIFORNIA STREET, SUITE 1505
                            SAN FRANCISCO, CA 94108
16

17   FOR THE PLAINTIFF:     BY:  RYAN J. CLARKSON
                                 YANA HART
18                          CLARKSON LAW FIRM, P.C.
                            22525 PACIFIC COAST HIGHWAY
19                          MALIBU, CA 90265

20

21               APPEARANCES CONTINUED ON THE NEXT PAGE

22

23   OFFICIAL COURT REPORTER:    SUMMER FISHER, CSR, CRR
                                 CERTIFICATE NUMBER 13185
24

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
               TRANSCRIPT PRODUCED WITH COMPUTER
```

2

1     <u>APPEARANCES CONTINUED:</u>

2     FOR THE PLAINTIFF:     **BY:  LESLEY ELIZABETH WEAVER**
                           BLEICHMAR FONTI & AULD LLP

3                                1330 BROADWAY, SUITE 630
                               OAKLAND, CA 94612

4

5     FOR THE PLAINTIFF:     **BY:  LAURA MATSON**
                           LOCKRIDGE GRINDAL NAUEN P.L.L.P.

6                            100 WASHINGTON AVE S
                           SUITE 2200

7                            MINNEAPOLIS, MN 55401

8     FOR THE DEFENDANT:     **BY:  DAVID H. KRAMER**
                           WILSON SONSINI GOODRICH & ROSATI

9                            650 PAGE MILL ROAD
                           PALO ALTO, CA 94304

10

11     FOR THE DEFENDANT:     **BY:  ERIC PRESTON TUTTLE**
                           WILSON SONSINI GOODRICH & ROSATI, P.C.

12                            701 FIFTH AVENUE, SUITE 5100
                           SEATTLE, WA 98104

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1              SAN JOSE, CALIFORNIA                    DECEMBER 18, 2024

2                          P R O C E E D I N G S

3         (COURT CONVENED AT 2:03 P.M.)

4              THE CLERK:  OUR NEXT CASE WILL BE 5-23-CV-3440-EKL.

5     IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION.

6              COUNSEL, EVERYONE WHO IS APPEARING TODAY, YOU CAN BRING

7     YOUR AUDIO AND VIDEO BACK UP AND STATE YOUR APPEARANCES ON THE

8     RECORD, STARTING WITH COUNSEL FOR THE PLAINTIFFS.

9              MR. SAVIERI:  GOOD AFTERNOON, YOUR HONOR.

10        JOSEPH SAVIERI ON BEHALF OF THE PLAINTIFFS.

11             THE COURT:  GOOD AFTERNOON.

12             MS. WEAVER:  GOOD AFTERNOON, YOUR HONOR.

13        LESLEY WEAVER OF BLEICHMAR FONTI, ALSO ON BEHALF OF THE

14    PLAINTIFFS.

15             MR. CLARKSON  GOOD MORNING, YOUR HONOR.

16        RYAN CLARKSON OF CLARKSON LAW FIRM APPEARING ON BEHALF OF

17    PLAINTIFFS.

18             MS. HART:  GOOD AFTERNOON, YOUR HONOR.

19        YANA HART APPEARING ALSO ON BEHALF OF PLAINTIFFS.

20             MS. MATSON:  GOOD AFTERNOON, YOUR HONOR.

21        LAURA MATSON OF LOCKRIDGE GRINDAL NAUEN, ALSO APPEARING ON

22    BEHALF OF THE PLAINTIFFS.

23             MR. TUTTLE:  ERIC TUTTLE, WILSON SONSINI, ON BEHALF

24    OF DEFENDANTS.  AND WITH ME IS DAVE KRAMER OF SAME FIRM, ALSO

25    ON BEHALF OF DEFENDANTS.
```

```
 1              THE COURT:  ALL RIGHT.  GOOD AFTERNOON, EVERYBODY.

 2         ALL RIGHT.  WELL WE HAVE QUITE A FEW THINGS TO TALK ABOUT

 3    TODAY.  I DID WANT TO TALK ABOUT THE PENDING MOTION FOR INTERIM

 4    LEAD COUNSEL AS WELL AS ANY ADR EFFORTS IN MAKING THAT

 5    REFERRAL, AS NECESSARY.

 6         LET ME BEGIN WITH SCHEDULING.  ONE MOMENT, I HAVE MULTIPLE

 7    PIECES OF PAPER IN YOUR CASE AND JUST GETTING EVERYTHING

 8    ORGANIZED IN TERMS OF BOTH THE PROPOSED SCHEDULES AS WELL AS

 9    THE COURT'S PROPOSED SCHEDULE.

10         SO LET'S BEGIN.  THERE IS A LOT OF THE SCHEDULE WHICH THE

11    PARTIES HAD ANY COMMON, AND THEN THERE'S CERTAIN DIVERSION

12    POINTS.  SO WE ARE GOING TO WALK THROUGH THE SCHEDULE AND I'M

13    GOING TO RAISE QUESTIONS ALONG THE WAY WHICH I HAD FOR YOU ALL.

14         SO THE COURT ALREADY SET THE DEADLINE TO FILE A

15    CONSOLIDATED AMENDED COMPLAINT FOR TWO DAYS FROM NOW.  I

16    HAVEN'T CHECKED THE DOCKET IN THE LAST COUPLE OF DAYS, I DON'T

17    BELIEVE THAT IT'S UP, IS IT?

18              MR. SAVIERI:  YOUR HONOR, JOSEPH SAVIERI.

19         IF YOU ARE ASKING WHETHER WE HAVE FILED IT YET, WE

20    HAVEN'T.  WE ARE TRACKING TO HAVE THAT FILED ON THE DATE THAT'S

21    IN OUR SCHEDULE.  WE ARE NOT THERE YET, AND WE ARE TRACKING

22    DILIGENTLY TO IT.

23              THE COURT:  GREAT.  JUST MAKING SURE THAT WE ARE ON

24    TRACK FOR THAT DEADLINE AND THAT I HADN'T MISSED IT IF IT WAS

25    ALREADY SUBMITTED.
```

1        ALL RIGHT.  SO THE DEADLINE TO SUBMIT INITIAL DISCLOSURES

2   OF JANUARY 10TH, 2025, THE COURT IS ADOPTING.  AND ALREADY SET

3   WAS THE DEADLINES FOR THE DEFENDANT'S ANSWER OR MOVE TO DISMISS

4   THE CONSOLIDATED AMENDED COMPLAINT OF JANUARY 17, 2025.

5        SO THEN WAS A SERIES OF DISCOVERY-RELATED DEADLINES

6   PROPOSED BY PLAINTIFF IN AND AROUND THE JANUARY 17 TO THE

7   FEBRUARY 6TH TIMELINE.  SO THE COURT GENERALLY DOESN'T PUT MORE

8   SPECIFIC DISCOVERY DEADLINES OTHER THAN THE CLOSE OF FACT

9   DISCLOSURE AND OTHER THINGS WITHIN ITS RULE 16 ORDER, AND ALSO

10  BECAUSE IN SAN JOSE, DISCOVERY TO BEGIN WITH, IS REFERRED TO

11  THE MAGISTRATE JUDGES.

12       IN THIS CASE -- I'M TRYING TO REMEMBER WHO YOUR MAGISTRATE

13  JUDGE IS.  LET ME PULL UP THE DOCKET WHILE WE ARE TALKING

14  BECAUSE THERE ARE A LOT OF MOVING PARTS TO THIS.  AND SO IN

15  THAT CASE, IT'S JUDGE VAN KEULEN, AND SO IN THAT CASE, SHE'S

16  GOING TO BE HELPING FACILITATE SOME OF THOSE DEADLINES IF

17  THERE'S STICKING POINTS, BUT I'M HOPEFUL THAT THERE WILL NOT

18  BE, BUT WE WILL SEE.

19       SO PLAINTIFFS FILING THE OPPOSITION TO THE MOTION TO

20  DISMISS ON FEBRUARY 27, 2025.  THEN UNDER PLAINTIFF'S SCHEDULE,

21  THERE'S ANOTHER SERIES OF DEADLINES, IN TERMS OF DATA

22  PRODUCTION AND SO FORTH.

23       I MEAN, HOW HAVE EFFORTS BEEN SO FAR BETWEEN THE PARITIES

24  OF MEETING AND CONFERRING, WHETHER IT'S DISCOVERY OR OTHERWISE?

25       MR. SAVIERI?

1          MR. SAVIERI:  YOUR HONOR, I THINK IT'S GENERALLY BEEN

2     OKAY.  PRETTY GOOD, RIGHT.  I MEAN, WE'VE HAD EXTENSIVE

3     DISCUSSIONS ABOUT THE ESI PROTOCOL AND ISSUES IN THE PROTECTIVE

4     ORDER REGARDING THOSE ISSUES, THEY ARE COMPLEX IN THIS CASE, SO

5     WE HAVE MADE A LOT OF PROGRESS.  WE ARE NOT THERE, ULTIMATELY

6     THERE MAY BE SOME ISSUES, BUT AT LEAST WITH RESPECT TO THAT, I

7     THINK WE ARE WORKING DILIGENTLY.

8          I THINK ONE OF THE THINGS WE SEE OR WE UNDERSTAND IS THIS

9     IS A COMPLEX CASE AND SO THAT'S WHY A LOT OF THOSE DISCOVERY

10    DEADLINES WHICH MIGHT NOT ORDINARILY BE BUILT INTO THE SCHEDULE

11    ARE THINGS THAT WE HAVE CALLED OUT, BUT WE HAVE NO REASON TO

12    BELIEVE THAT THIS IS GOING TO BE ANYTHING OTHER THAN A CASE

13    THAT'S HANDLED BY LAWYERS WHO ARE EXPERIENCED IN COMPLEX CASES

14    LIKE THIS.  I MEAN, THERE ARE THERE ARE PROS IN THIS CASE, SO I

15    THINK IT'S GOING FINE.

16         THE ONLY BUMPINESS, CANDIDLY YOUR HONOR, IS THAT WHEN WE

17    HAD TO FILE THE CASE MANAGEMENT CONFERENCE STATEMENTS, YOU

18    KNOW, WE HAD SOME LAST MINUTE KIND OF CHANGES, AND THAT

19    PRESENTED SOME DIFFICULTIES, BECAUSE WE HAD PEOPLE WORKING UP

20    UNTIL MIDNIGHT DEALING WITH CHANGES, YOUR HONOR.  OTHER THAN

21    THAT, YOUR HONOR, YOU KNOW, I THINK IT'S BEEN GOING OKAY.

22         MS. WEAVER MAY HAVE SOMETHING TO ADD TO THAT BUT I THINK

23    IT'S A GENERALLY FAIR KIND OF SUMMARY OF WHERE WE ARE.

24          THE COURT:  MS. WEAVER?

25          MS. WEAVER:  THANK YOU.  GOOD AFTERNOON, YOUR HONOR.

1          IT IS EARLY DAYS YET, BUT I WILL SAY HAVING HAD THE

2     BENEFIT OF BEING BEFORE JUDGE VAN KEULEN IN ANOTHER GOOGLE

3     MATTER, SHE REALLY IS CAPABLE OF DISPOSING OF ISSUES VERY

4     QUICKLY --

5               THE COURT:  YES.

6               MS. WEAVER:  -- AND I DON'T THINK ANYBODY CAN DISPUTE

7     THAT.

8          A LOT OF OUR INTERIM DATES HERE ARE BEING DRIVEN, BECAUSE

9     WE HAVE FOUND IN CASES LIKE THIS, FOCUSING ON NAMED PLAINTIFF

10    DATA IS A REALLY EASY WAY TO BE EFFICIENT AND ADDRESS BURDEN

11    ARGUMENTS THAT THE DEFENDANT WILL IMPOSE.

12         IT'S A LOT OF DATA AND IT'S A LOT OF INFORMATION, AND SO

13    OFTEN NAMED PLAINTIFF DATA IS A GREAT PROXY FOR FIGURING OUT

14    WHAT WE NEED, AND I KNOW JUDGE VAN KEULEN WILL BE VERY ENGAGED

15    IN THAT.

16         SO NOT KNOWING WHAT AND TO WHAT EXTENT YOUR HONOR WANTS TO

17    REFER MATTERS TO HER, I UNDERSTAND.  YOU KNOW, I THINK WE WERE

18    JUST TRYING TO GIVE A FLAVOR AT THE BEGINNING OF THE CASE AT

19    THE MILESTONE THAT THE PLAINTIFFS THINK WILL BE IMPORTANT, AND

20    I THINK JUDGE VAN KEULEN IS VERY CAPABLE OF HANDLING ALL OF

21    THAT.

22               THE COURT:  OKAY.

23          MR. TUTTLE?

24               MR. TUTTLE:  YES, YOUR HONOR.

25          I THINK I HAD SOME MORE CONCERNS WITH THE WAY THE MEET AND

1    CONFERS WERE GOING EARLIER ON, BUT I WOULD SAY OVER THE LAST

2    FEW WEEKS SINCE WE'VE HAD CONSOLIDATION AND SO FORTH, THEY HAVE

3    BEEN VERY PRODUCTIVE.

4        AND I AGREE THAT IT LOOKS LIKE WE ARE HEADING TOWARDS

5    AGREEMENT ON THE THINGS LIKE A PROTECTIVE ORDER AND ANY ESI

6    PROTOCOL THAT WE SHOULD BE ABLE TO REACH IN THE PRETTY NEAR

7    FUTURE.

8        AND THEN A LOT OF THE ISSUES THAT ARE RELATED TO THESE

9    INTERIM DEADLINES THAT WERE PROPOSED ARE ONES THAT ARE GOING TO

10   BE WORKED OUT BY THE PARTIES, IN THE CONTEXT OF EITHER THE ESI

11   PROTOCOL IN GENERAL OR IN MEETING AND CONFERRING ON BEHALF OF

12   THE DISCOVERY REQUESTS IN FRONT OF US AND THE SPECIFIC

13   OBJECTIONS AND THE FACTS THAT WE ARE DEALING WITH.

14       SO I ANTICIPATE WE ARE GOING TO BE ABLE TO WORK THROUGH A

15   LOT OF THIS, IN ANY EVENT.

16           THE COURT:  OKAY.

17       NO, I MEAN I THINK THE DATES ARE ACTUALLY HELPFUL, IN

18   TERMS OF YOU ALL IN YOUR OWN PROGRESSION.  I'M NOT INCLINED TO

19   ADOPT THEM FOR THE REASONS WHICH I HAVE STATED, AND ALSO

20   BECAUSE AS I MENTIONED IN SAN JOSE, DISCOVERY AFTER THE

21   SCHEDULING ORDER IS ISSUED, GOES TO JUDGES VAN KEULEN.  AND AS

22   YOU ALL MENTIONED, SHE'S MORE THAN CAPABLE AND IS AMAZING IN

23   TERMS OF HER BACKGROUND BOTH IN INTELLECTUAL PROPERTY

24   LITIGATION AND SO FORTH.  AND SO I DON'T WANT TO STEP ON HER

25   TOES, BUT PRESUMING THERE ARE GOING TO BE ISSUES OR WHETHER OR

1    NOT THERE ARE ISSUES AND SO FORTH.

2         IT'S GOOD FOR ME TO KNOW, BOTH IN TERMS OF THE INTERIM

3    CLASS COUNSEL DISCUSSIONS, LEAD COUNSEL DISCUSSIONS WE ARE

4    GOING TO BE HAVING, AND ALSO JUST IN TERMS OF SETTING DATES, TO

5    HEAR THAT PARTIES AND COUNSEL HAVE BEEN MEETING AND CONFERRING

6    IN GOOD FAITH AND THINGS SEEM TO BE GOING WELL IN RECENT WEEKS.

7         ALL RIGHT.  CONTINUING WITH THE DEADLINES, PLAINTIFF HAD

8    THIS IN THEIR PROPOSAL, AND I INTEND BASED OFF THE STANDING

9    ORDER TO ASK PARTIES IN THIS CASE TO FILE AN AMENDED DISCOVERY

10   CASE MANAGEMENT STATEMENT.

11        THIS IS MORE FOR ME JUST TO BE UPDATED SO TOO MANY MONTHS

12   DON'T PASS BY AND SO I KNOW HOW THINGS ARE GOING ACROSS THE

13   BOARD IN TERMS OF THE CASE.

14        SO WE WON'T HAVE A CASE MANAGEMENT CONFERENCE SCHEDULED AT

15   THAT POINT BUT IT'S FOR ME TO -- MS. WEAVER, ARE YOU WITH US?

16             MS. WEAVER:  I AM.  I SEEM TO BE HAVING A PROBLEM

17   WITH MY CAMERA, YOUR HONOR, SO I WILL TRY TO USE THE ONE ON MY

18   LAPTOP.  I APOLOGIZE.

19             THE COURT:  NO WORRIES, I JUST WANT TO MAKE SURE THAT

20   YOU CAN HEAR ME.

21             MS. WEAVER:  THANK YOU.

22             THE COURT:  SO WE WILL GO AHEAD AND -- SO I WILL SET

23   THAT MAY 1ST, 2025 DATE.  THERE WON'T BE A HEARING ATTACHED TO

24   IT BUT YOU WILL FILE A JOINT CASE MANAGEMENT STATEMENT.

25             CONTINUING FORTH, LET'S TALK ABOUT THE DEADLINE TO FILE

```
1          THE CLASS CERT MOTION AND WHEN TO HAVE THAT HEARING.

2              GOOGLE HAD SUGGESTED MAY 19TH, 2025, WHICH I UNDERSTAND

3       THE URGE TO WANT TO HAVE IT SOONER, I MEAN THERE'S SORT OF A

4       BALANCE WE ARE TRYING TO REACH BETWEEN -- BUT THAT SEEMS A BIT

5       EARLY, MAYBE A FEW MONTHS EARLY AT LEAST, BUT I WANTED TO HEAR

6       FROM PARTIES BEFORE WE ISSUED THE ORDER.

7              MR. KRAMER:  SURE, YOUR HONOR.  THIS IS DAVE KRAMER

8       FROM WILSON SONSINI FOR THE DEFENDANTS.  IT WAS OUR PROPOSAL

9       AND I CAN EXPLAIN WHERE WE ARE COMING FROM ON THIS.

10             THE ISSUE IS, CANDIDLY, THE DEFENDANTS DON'T BELIEVE THERE

11      IS A VIABLE CLASS TO BE HAD IN THIS CASE.  AND THE SOONER THAT

12      THAT ISSUE CAN BE PRESENTED AND ADDRESSED BY THE COURT, THE

13      SOONER WE CAN ADDRESS WHAT WE ARE CONCERNED ABOUT IN TERMS OF A

14      DELUGE OF DISCOVERY.

15             A CASE BROUGHT BY THE INDIVIDUAL PLAINTIFFS ONLY JUST

16      ISN'T WORTH VERY MUCH.  A CASE THAT'S BROUGHT ON BEHALF OF

17      MILLIONS AND MILLIONS OF COPYRIGHT HOLDERS WOULD BE WORTH MORE.

18      THE DISCOVERY THAT THE PLAINTIFFS HAVE PROPOSED, WELL

19      EFFECTIVELY THEY HAVE SAID FOR NOW WE DON'T WANT ANY LIMITS ON

20      DEPOSITIONS, WE DON'T WANT ANY LIMITS ON INTERROGATORIES, WE

21      WANT DEFENDANTS TO COME UP WITH DOZENS OF CUSTODIANS AND WE

22      WANT PETABYTE OR EVEN EXABYTE OF DATA TO BE PRODUCED.

23             ALL OF THAT WOULD BE TOUGH IN A CLASS CASE, BUT IT WOULD

24      BE ABSURDLY DISPROPORTIONATE IN A CASE INVOLVING A HANDFUL OF

25      INDIVIDUAL PLAINTIFFS ASSERTING COPYRIGHT CLAIMS WHERE THEY
```

1    HAVE NO ACTUAL DAMAGES AND STATUTORY DAMAGES SHOULD BE LIMITED.

2        SO IT'S OUR GOAL IN PRESENTING CLASS CERTIFICATION TO THE

3    COURT AT A RELATIVELY EARLY DATE, TO HELP SET THE TONE FOR

4    DISCOVERY AS THE CASE PROCEEDS.  AND WE THINK THAT JUDGE ALSUP

5    HAS DONE SOMETHING SIMILAR IN THE BARTZ V. ANTHROPIC LITIGATION

6    WHERE HE SAID FIVE MONTHS AFTER THE CMC, WE SHOULD HAVE CLASS

7    CERTIFICATION CONDUCTED.

8        THAT'S ESSENTIALLY WHAT WE WERE TRACKING TO, LOOKING AT

9    OTHER CASES IN WHICH THE COURT HAS CONSIDERED THE QUESTION OF

10    THE TIMING OF CLASS CERTIFICATION AND SAID THIS IS WHAT WE

11    OUGHT TO DO.

12        I CAN CERTAINLY ELABORATE ON WHY WE DON'T BELIEVE A CLASS

13    COULD BE CERTIFIED IN THIS CASE, BUT I'M HAPPY TO SAVE THAT FOR

14    ANOTHER TIME, I JUST POINT OUT THAT MOST COURTS HAVE SAID THAT

15    COPYRIGHT CASES ARE ALMOST UNIQUELY ILL SUITED FOR CLASS ACTION

16    TREATMENT.

17        THE COURT:  NO, I HAVE REVIEWED THAT IN THE

18    STATEMENT.  REGARDING BARTZ, WE HAVE A COUPLE OF GENERATIVE AI

19    CASES FLOATING AROUND GENERALLY, INCLUDING ON MY OWN DOCKET, SO

20    I HAVE BEEN SORT OF MONITORING THE DOCKETS.  WITH BARTZ, JUDGE

21    ALSUP HAD SORT OF PUT IT AS A PLACE HOLDER, HE EXPRESSED AN

22    OPENNESS TO THAT NEED BE TO BE PUSHED.

23        MR. KRAMER:  CERTAINLY, YOUR HONOR.  HE DID,

24    YOUR HONOR.

25        AND WE ARE CERTAINLY OPEN TO HAVING IT AS A PLACE HOLDER.

```
 1        WE HAVE BEEN ASKING THE PLAINTIFFS WHAT DISCOVERY THEY NEED FOR

 2     PURPOSES OF A MOTION FOR CLASS CERTIFICATION.  WE ASKED THAT

 3     FIVE WEEKS AGO AND WE DIDN'T GET A RESPONSE TO THAT, BUT WE ARE

 4     AMENABLE TO PRIORITIZING THAT DISCOVERY AND ENSURING THEY GET

 5     WHAT THEY NEED SO THAT THEY CAN FILE WHATEVER MOTION THEY WANT.

 6        I DON'T HONESTLY KNOW WHAT THE PLAINTIFFS WOULD SEEK OR

 7     HOW THEY WOULD GO ABOUT SEEKING TO CERTIFY A CLASS IN THIS

 8     CASE, BUT WE STAND READY TO PRIORITIZE THAT AND PUSH THAT TO

 9     MAKE SURE THAT WE CAN MEET WHATEVER DEADLINE FOR CLASS

10     CERTIFICATION THE COURT ULTIMATE ADOPTS.

11           THE COURT:  OKAY.  LET ME HEAR FROM EITHER MS. WEAVER

12     OR MR. SAVIERI, BECAUSE MY CONCERN ON THE OTHER SIDE IS

13     MARCH 9TH, THAT'S TOO FAR OUT.

14           MR. SAVIERI:  SO YOUR HONOR, JOSEPH SAVIERI.

15        SO A COUPLE THINGS ABOUT CLASS CERTIFICATION, I WOULD SAY.

16        CERTAINLY IT IS OUR VIEW THAT GIVEN CASES LIKE COMCAST,

17     WHICH REQUIRE A REVIEW OF THE EVIDENCE IN THE CASE, THAT -- AND

18     WE HAVE THE BURDEN -- THAT WE NEED TO DEVELOP THE FACTUAL

19     RECORD NECESSARY TO MAKE THE CLASS CERTIFICATION MOTION.

20        AND CERTAINLY WITH THE SUPREME COURT IN COMCAST SAYING

21     THAT WHEN THE COURT ADDRESSES THE RULE 23 ISSUES, THAT THERE

22     NEEDS TO BE CONSIDERATION OF THE MERITS, THAT THE RECORD NEEDS

23     TO BE DEVELOPED.  AND TO HAVE AN EARLY CLASS CERTIFICATION

24     MOTION, I THINK WITHOUT THE BENEFIT OF HAVING THE NECESSARY

25     DISCOVERY, RUNS THE RISK THAT AT THE TIME WE FILED THE CLASS
```

1    CERTIFICATION MOTION, WE WILL BE SAYING SOMETHING LIKE, WE

2    HAVEN'T HAD THE OPPORTUNITY TO DO THE DISCOVERY.  AND THAT IS

3    WHY I THINK THE CLASS CERTIFICATION MOTIONS OCCUR FAR LATER

4    THAN THEY USED TO ALSO.

5            THE COURT:  SO I MEAN, I UNDERSTAND THE PRINCIPLES

6    BEHIND IT AND THE CONCERNS RAISED WITHIN COMCAST, BUT ONE OF

7    THE TWO CASES WHICH WAS CONSOLIDATED, BY MY RECOLLECTION, WAS A

8    2023 CASE, THIS ONE, THIS CASE NUMBER, THIS CASE HAS BEEN

9    KICKING AROUND FOR A BIT.

10        SO LET'S GO BACK TO BEYOND GENERAL PRINCIPLES, BE A LITTLE

11    BIT MORE SPECIFIC.

12            MR. SAVIERI:  SO I WANTED TO GET -- EXCUSE ME,

13    YOUR HONOR.

14        AND SO A COUPLE POINTS.  LET ME FIRST TALK ABOUT THE

15    SCHEDULING ISSUE.  IN THE CASE THAT WAS FILED FIRST, AND WE

16    ACTUALLY FILED THE LATER CASE, THERE WAS NO DISCOVERY THAT'S

17    REALLY BEEN TAKEN IN ANY OF THOSE CASES AND SO A LOT OF THAT

18    DELAY WAS ABOUT PLEADINGS ISSUES AND THEN THE ISSUES THAT HAVE

19    TO DO WITH CONSOLIDATION, COORDINATION, ASSIGNMENT OF THE CASE

20    TO VARIOUS JUDGES.

21        SO YOU KNOW, THAT TIME -- A LOT OF TIME HAS ELAPSED BUT

22    NOTHING IS REALLY ADVANCED, AND I REALLY THINK IT'S NOT -- I

23    MEAN, I THINK THE REASON IS BECAUSE WE HAVE BEEN -- IT'S TAKEN

24    A WHILE TO END UP HERE, WE HAVEN'T HAD THE OPPORTUNITY TO BEGIN

25    THE DISCOVERY, WHICH WE ARE READY TO BEGIN RIGHT NOW.

1              THE COURT:  GREAT.

2         SO WHAT DISCOVERY DO YOU NEED?  BECAUSE I WAS GOING TO

3    PROPOSE BASICALLY A NINE MONTH TIME PERIOD FOR DISCOVERY, AND

4    HAVING CLASS CERT CLOSER TO THAT TIME PERIOD.

5              MR. SAVIERI:  I'M SORRY, YOUR HONOR.

6         SO I THINK THERE ARE PROBABLY THREE BUCKETS OF DISCOVERY.

7    THIS IS A CASE ABOUT THESE GENERATIVE AI PRODUCTS AND

8    GENERATIVE AI MODELS.  SO WHAT'S IMPORTANT AND KEY TO THAT IS A

9    DISCOVERY OF NOT ONLY WHAT TRAINING DATA WAS USED FOR THE MODEL

10   BUT ALSO THE SOURCE CODE.

11        THAT'S ONE OF THE REASONS YOU SEE IN THE PROPOSED

12   STATEMENT THAT WE HAD SOME PRETTY GRANULAR INTERIM DATES ABOUT

13   WHEN WE COULD LOOK AT THE COURSE CODE AND TRAINING DATA AND

14   MAKE SURE THAT WE GET THAT.

15        NOW WE ALSO KNOW THAT THE -- JUST SPEAKING ABOUT THE

16   SOURCE CODE THAT -- BASED ON THE PROTECTIVE ORDERS THAT WE ARE

17   TALKING ABOUT -- THAT DEPENDING ON HOW WE LAND ON THAT, THOSE

18   REVIEWS OF THE SOURCE CODE WILL HAVE TO BE IN PERSON, AND IT

19   WON'T BE DONE BY TRADITIONAL MEANS OF EXCHANGING DOCUMENTS.

20        SO -- AND WE KNOW THIS FROM OTHER CASES THAT WHAT WE HAVE

21   DONE AND WILL DO IN THIS CASE IS WE WILL HAVE OUR EXPERTS

22   REVIEW THAT MATERIAL, AND WE HAVE TO REVIEW IT IN PERSON,

23   USUALLY AT A LAWYER'S OFFICE.  AND THAT PROCESS IS ITERATIVE

24   AND TIME CONSUMING.

25        SO THAT'S -- THERE ARE TWO ANSWERS THERE, ONE IS WHAT WE

1    ARE INTERESTED AND WHAT WE NEED TO GET AND WHY WE NEED TIME TO

2    DO THAT.

3              IN ADDITION TO THAT, YOUR HONOR, WE NEED TO -- WITH

4    RESPECT TO DOCUMENT AND OTHER DISCOVERY, I THINK THERE ARE TWO

5    PARTS OF THIS.  ONE IS WHAT MS. WEAVER REFERRED TO, THERE ARE

6    PLAINTIFFS' DISCOVERY WHICH WE WILL HAVE TO ADDRESS.

7              THE COURT:  I'M SORRY, REPEAT THAT.

8              MR. SAVIERI:  PLAINTIFF'S DISCOVERY IS THAT WILL BE

9    DOCUMENTS --

10             THE COURT:  THE SOURCE CODE IS -- YOU MEAN DISCOVERY

11   WHICH YOU ARE PROPOUNDING OR DISCOVERY WHICH YOU ARE --

12             MR. SAVIERI:  WE ANTICIPATE FROM OTHER CASES, HAVING

13   TO PRODUCE, IN RESPONSE TO THE REQUEST BY -- AND THESE ARE

14   CLASS REPRESENTATIVES, BUT THAT DISCOVERY, IN OUR EXPERIENCE,

15   HAS BEEN TIME CONSUMING, AND IT INVOLVES NOT ONLY LOOKING AT

16   THE WORKS, BUT ON COMMUNICATION REGARDING THAT.  THAT WILL TAKE

17   SOME TIME.

18             MEANWHILE, WE WILL HAVE TO DO DOCUMENT DISCOVERY WHICH

19   WILL INCLUDE CUSTODIAL E-MAIL DISCOVERY, WHICH IS COMMON IN

20   OTHER CASES.

21             NOW THE TRAINING DATA IN THIS CASE IS GOING TO BE A

22   VERY -- IS GOING TO BE TIME CONSUMING, IT WILL BE SPECIFICALLY

23   TRYING TO IDENTIFY WHAT TRAINING DATA WAS USED, HOW IT WAS

24   ACQUIRED AND FROM WHOM, AND THEN ONCE GOOGLE HAD IT, HOW IT WAS

25   USED IN THE MODELS.  HOW IT WAS PROCESSED, AND --

1          THE COURT:  SO A LOT OF THAT -- SO HAVING SEEN

2     ACTUALLY QUITE A BIT OF THIS ALREADY IN OTHER CASES, A LOT OF

3     THIS IS GOING TO BE THROUGH THE EXPERT DISCOVERY, THE

4     ENGINEERS, THE OTHER PEOPLE WHO ARE GOING TO BE -- THEY ARE

5     GOING TO BE THROUGH DEPOSITIONS AND OTHERWISE, IN TERMS OF THAT

6     TECHNOLOGICAL -- HOW THE AI MODELS ARE WORKING AND SO FORTH.

7          SO THEN YOU HAVE THESE OTHER TWO BUCKETS, YOUR BUCKET 2

8     AND 3 WHICH SEEM LIKE BREAD AND BUTTER DISCOVERY, RIGHT.  SO

9     THE WORKS, COMMUNICATIONS ABOUT THOSE WORKS, DOCUMENT

10    DISCOVERY.  THOSE SEEM PRETTY -- SO I MEAN, I'M NOT HEARING

11    ANYTHING WHICH REALLY SPEAKS AGAINST SORT OF A NINE MONTH TIME

12    PERIOD, IN TERMS OF A CLASS CERT MOTION.

13          SO BASICALLY NOT TO BE A SPLIT THE BABY SORT OF TIME

14    PERIOD WITH THIS, BUT IN TERMS OF THE CLASS CERT MOTION, I'M

15    HEARING FROM GOOGLE, MAY, I'M HEARING APRIL FROM PLAINTIFFS,

16    WHICH I'M SAYING THAT SEEMS A BIT FAR OUT THERE.  SO FINDING A

17    SWEET SPOT IN BETWEEN THEN FOR THE CLASS SORT MOTION IS WHAT

18    I'M TRYING TO FIND, MAKING SURE THAT THERE IS SUFFICIENT

19    DISCOVERY, FOR ALL THE REASONS YOU STATED AND I AGREE WITH.

20          MR. SAVIERI:  YEAH, AND I -- I WILL JUST SAY ONE

21    THING AND THEN I WILL PASS THE MICROPHONE.

22          THIS CASE, THE DATABASES THAT WE ARE TALKING ABOUT HERE

23    APPEAR TO BE FAR LARGER THAN THE OTHER TRAINING DATABASES IN

24    THE OTHER CASES.  THE 400M DATABASE, WHICH WE UNDERSTAND GOOGLE

25    USES, MEANS THAT THERE ARE 400 MILLION IMAGE TEXT PAIRS.

1           THE 5B DATABASE, THAT'S 5B, THAT MEANS 5 BILLION IMAGE

2    TEXT PAIRS, WHICH IS DAUNTING, AND SO IT TAKES SOME MORE.

3           I JUST WANT TO BE VERY CLEAR THAT THE TECHNOLOGICAL REVIEW

4    AND THE EFFORT WE ARE GOING TO BE DOING HERE IS NO EASY FETE,

5    IT'S GOING TO TAKE --

6           THE COURT:  OKAY.  THAT'S HELPFUL.

7           MR. SAVIERI:  AND JUDGE, YOU KNOW, I GUESS I WILL SAY

8    ONE MORE THING.

9           ALL OF THESE CLASS CERTIFICATION DEADLINES DEPEND ON US

10   HAVING THE ACCESS TO THE INFORMATION WE NEED AND NOT GETTING

11   JAMMED AT THE END.

12          SO WHATEVER SCHEDULE THE COURT SETS, IT'S VERY IMPORTANT

13   FOR US TO GET STARTED ON THE DISCOVERY, AND WE KIND OF MAKE OUR

14   INTERIM MILESTONES FOR THE SCHEDULE TO WORK.

15          THE COURT:  ALL RIGHT.  MS. WEAVER, LET ME HEAR FROM

16   YOU.

17          MS. WEAVER:  THANK YOU, YOUR HONOR.

18          JUST TO SUPPORT WHAT MR. SAVIERI IS SAYING, WE DID PROPOSE

19   PHASE ONE AND PHASE TWO DATA PRODUCTIONS ON PAGES 3 AND 4 OF

20   OUR SCHEDULE.  AND IT MIGHT BE THAT HAVING US CHECK IN WHEN WE

21   ARE DONE WITH PHASE 1, WHICH IS SAMPLING.  AND WE THOUGHT WE

22   WERE AGGRESSIVE BY PROPOSING FEBRUARY 14, 2025, THAT'S THE

23   BOTTOM OF PAGE 3 OF DOCKET NUMBER 84.  AND THEN ON PHASE 2, WE

24   HAD JUST TWO MONTHS LATER, DEADLINE FOR PRODUCTION OF MODEL

25   DATA AND STRUCTURE DATA.

```
 1          WE COULD GET OUR ARMS AROUND THAT AND CHECK IN WITH

 2     YOUR HONOR.  TO BE HONEST, WE ON THE PLAINTIFFS SIDE LOVE

 3     MOVING CASES AND THEN WE GET REALLY NERVOUS THAT WE ARE NOT

 4     GOING TO GET WHAT WE NEED AND EVERYTHING IS GOING TO BE

 5     BACKLOADED.  AND ESPECIALLY A CASE LIKE THIS WITH THE ASYMMETRY

 6     OF INFORMATION, IT'S REALLY -- WE GET NERVOUS.

 7          AND THE OTHER THING THAT I THINK IS AN IMPORTANT

 8     CROSSCHECK IS THAT WHAT MR. SAVIERI WAS REFERRING TO AT ONE

 9     POINT, THE NAMED PLAINTIFF'S DATA ITSELF, MEANING WHAT GOOGLE

10     POSSESSES ABOUT OUR PLAINTIFF CLIENTS, THE NAMED PROPOSED CLASS

11     REP, IS ALSO A GOOD PROXY AND WHAT I FOUND -- WE HAVE FOUND

12     BEING BEFORE JUDGE VAN KEULEN, IT'S A REALLY NICE CROSSCHECK

13     BECAUSE WE CAN SEE IF THERE'S SOMETHING IN THE NAMED PLAINTIFF

14     DATA THAT WE DIDN'T KNOW EXISTS AND SAYING OH, WE NEED TO

15     SAMPLE HOW THIS IS PRESERVED, HOW IT'S MAINTAINED, ET CETERA.

16          THE OTHER THING, AS YOU KNOW, YOU FEAR BETTER THAN I AT

17     THIS POINT, WE CAME INTO THIS CASE NOT TOO LONG AGO,

18     YOUR HONOR, BUT YOU KNOW, THIS IS A VERY MUCH A DEVELOPING

19     TECHNOLOGICAL FIELD AND WE DO WANT TO RESPOND QUICKLY BECAUSE

20     WE UNDERSTAND THE IMPORT OF WHAT'S HAPPENING.

21          SO I WANT TO SAY THAT WE APPRECIATE THE REQUEST FOR AN

22     EARLY DEADLINE, AND I WONDERED IF THE COUNTERPROPOSAL COULD BE

23     THAT YOU COULD ENTER THESE INTERIM DATA PRODUCTION DEADLINES IN

24     CONNECTION WITH JUDGE VAN KEULEN AND THEN WE CAN REVISIT.

25          I THINK WHAT WE ARE GOING TO FIND IS THAT CLASS AND MERITS
```

1    DISCOVERY IS INEXPLICABLY INTERTWINED.  ONCE WE ARE LEARNING

2    ABOUT HOW THE SYSTEMS OPERATE, OUR ARGUMENT WILL BE THAT IT

3    OPERATED THE SAME FOR EVERYBODY.  AND GOOGLE IS GOING TO TRY TO

4    ARGUE SOMETHING DIFFERENT, SO IT'S GOING TO BE VERY DIFFICULT

5    FOR US TO MOVE FOR CLASS CERTIFICATION WITHOUT UNDERSTANDING

6    HOW THE SYSTEMS WORK.

7            THE COURT:  OKAY.  LET ME HEAR FROM EITHER -- I THINK

8    IT'S MR. KRAMER.

9            MR. KRAMER:  YES, YOUR HONOR.  THANK YOU.

10      SO I'M NOT SURE THAT THERE IS A CONFLUENCE OF DISCOVERY

11   FOR CLASS CERTIFICATION AND MERITS PURPOSES HERE.  THE REASON

12   WHY A CLASS CAN'T BE CERTIFIED IN A COPYRIGHT INFRINGEMENT

13   LITIGATION IS ALL OF THE INDIVIDUALIZED ISSUES ASSOCIATED WITH

14   WHO OWNS THE WORK, IS THE WORK REGISTERED, WHEN WAS THE WORK

15   REGISTERED, WAS THE WORK LICENSED EXPRESSLY OR IMPLIEDLY, WHAT

16   KIND OF INJURY HAS THE PLAINTIFF SUFFERED, IF ANY, WHAT

17   REMEDIES ARE THEY ENTITLED TO.  AND THE INDIVIDUAL PLAINTIFFS

18   HERE ARE ALL VERY DIFFERENTLY SITUATED WITH RESPECT TO THESE

19   ISSUES.

20      I SHOULD POINT OUT THAT GOOGLE IS DIFFERENT THAN MOST

21   OTHER GENERATIVE AI COMPANIES IN ONE IMPORTANT RESPECT, FOR

22   CLASSIFICATION PURPOSES.  GOOGLE HAS MILLIONS OF CONTENT

23   LICENSES THAT AUTHORIZE GOOGLE TO USE CONTENT FOR PURPOSES OF

24   DEVELOPING ITS PRODUCTS AND SERVICES.

25      SO FOR EXAMPLE, WHEN A USER IN THE UNITED STATES TYPICALLY

1    UPLOADS CONTENT TO YOUTUBE, YOUTUBE AND GOOGLE GET A LICENSE TO

2    USE THAT CONTENT TO DEVELOP PRODUCTS AND SERVICES FOR GOOGLE.

3         THE INDIVIDUALIZED NATURE OF LICENSE AGREEMENTS, BECAUSE

4    THEY COME FROM ALL OVER THE WORLD, THEY ARE UNDER DIFFERENT

5    LAWS, UNDER DIFFERENT TERMS FOR DIFFERENT PERIODS OF TIME,

6    COVERING DIFFERENT CONTENT, THE INDIVIDUALIZED NATURE OF THOSE

7    FACT AND LAW ISSUES INHERENT IN A LICENSING QUESTION, BY

8    THEMSELVES ARE SUFFICIENT TO DEFEAT CLASS CERTIFICATION,

9    ACCORDING TO THE NINTH CIRCUIT IN KIN, AND ACCORDING TO THIS

10   COURT'S RECENT DECISION IN SCHNEIDER V. YOUTUBE.

11        AGAIN, THERE ARE LOTS OF OTHER REASONS WHY A CLASS CAN'T

12   BE CERTIFIED HERE BEYOND LICENSES, BUT JUST ON THAT BASIS

13   ALONE, WE SHOULD BE ABLE TO AVOID FIVE BILLION PARAMETERS OF

14   THE DISCOVERY, AND I DON'T UNDERSTAND WHY SOURCE CODE IS

15   RELEVANT AT ALL TO THE QUESTION.

16        SO THIS PROCESS THAT THE PLAINTIFFS MAY BE ENVISIONING

17   THAT MIGHT BE APPROPRIATE IN SOME OTHER CASE SEEMS VERY

18   INAPPROPRIATE AND VERY BURDENSOME, NEEDLESSLY IN THIS CASE

19   WHERE WE THINK NO CLASS CAN PROCEED.

20        IN TERMS OF WHAT THE PLAINTIFFS ACTUALLY NEED, AS I SAID,

21   WE HAVE ASKED, WHAT DO YOU NEED FOR CLASS CERTIFICATION, WE ARE

22   HAPPY TO PRIORITIZE THAT.  I DON'T THINK SOURCE CODE IS ON THAT

23   LIST.  I'M NOT SURE THAT TRAINING DATA FOR EVERY MODEL THAT

24   GOOGLE HAS TRAINED IN ITS EXISTENCE OUGHT TO BE ON THAT LIST

25   EITHER.

1          SO I'M NOT SURE HOW BURDENSOME IT WOULD BE, I ACTUALLY

2     THINK IT'S A FAIRLY STRAIGHTFORWARD PROCESS TO DETERMINE

3     WHETHER A CLASS CAN OR CANNOT PROCEED HERE.  WE ARE PERFECTLY

4     WILLING TO GIVE THE PLAINTIFFS MORE TIME, WHAT WE DID NOT LIKE

5     AND WHAT IS A REAL PROBLEM FOR US, FROM A CASE MANAGEMENT

6     STANDPOINT, IS PUSHING THIS TO THE END OF FACT DISCOVERY AND

7     HAVING IT COINCIDE WITH SUMMARY JUDGEMENT MOTIONS.

8          WE SHOULD KNOW WHETHER A CLASS IS OR ISN'T GOING TO

9     PROCEED BOTH FOR PURPOSES OF DISCOVERY LIMITATIONS AND FOR

10    PURPOSES OF POTENTIAL MEDIATION, RELATIVELY EARLY IN THE

11    PROCESS.

12         RULE 23 SPEAKS TO EARLY PRACTICABLE TIME.  WE ARE FINE

13    WITH GIVING THE PLAINTIFFS A REASONABLE TIME, BUT WHAT THEY

14    HAVE PROPOSED IS -- I THINK THE COURT WAS TALKING ABOUT

15    SPLITTING THE BABY, WE ARE OPEN TO SOME MIDTERM APPROACH TO

16    CLASS CERTIFICATION.

17              THE COURT:  OKAY.

18         ALL RIGHT.  SO I AM INCLINED TO GO WITH MY MIDTERM

19    PROPOSAL SOMEWHERE IN BETWEEN THERE.  I DO THINK IT MAKES SENSE

20    TO REALLY FOCUS ON DISCOVERY IN TERMS OF WHAT IS NEEDED FOR THE

21    CLASS CERT TO BEGIN WITH AND THOSE EFFORTS.

22         RELATEDLY, WHEN IT COMES TO THE CLASS CERT MOTION, PERHAPS

23    PARTIES CAN CONSIDER STIPULATING TO CERTAIN FACTS FOR PURPOSES

24    OF THE MOTION, AND OTHER THINGS IN TERMS OF TRYING TO

25    STREAMLINE SOME OF THIS, BECAUSE THERE'S GOING TO BE -- THE

1    CLASS CERT QUESTIONS WHICH ARE BEING RAISED ARE ONES WHICH ARE

2    GOING TO BE IMPORTANT TO ADDRESS AT THAT TIME AND PRIOR, I

3    AGREE, BEFORE THE DISPOSITIVE MOTION ITSELF, OBVIOUSLY.  AND

4    RIGHT NOW THEY ARE A LITTLE BIT TOO CLOSE.

5         AND I RECOGNIZE THAT BEING SAID, MS. WEAVER, BECAUSE I SEE

6    THE LOOK ON YOUR FACE, THAT IT'S POSSIBLE FOR THE COURT TO HEAR

7    BOTH CLOSER TO THE SAME TIME AND ISSUE ORDERS IN SEQUENCE,

8    RIGHT, TO ENSURE THAT GOOGLE'S CONCERNS ARE ADDRESSED.  BUT I

9    APPRECIATE BOTH SIDES' ARGUMENTS AND DISCUSSIONS REGARDING THE

10   CLASS CERT MOTION.

11        LET ME TURN TO SOME OF THE OTHER ISSUES I HAD RAISED, AND

12   RETURN BACK TO -- WELL, GOING THROUGH THE REST OF THE SCHEDULE,

13   PARTIES WERE IN AGREEMENT WITH WHEN THE DEADLINE TO COMPLETE

14   ADR, THE DEADLINE FOR CLOSING FACT DISCOVERY, ALL THE WAY

15   THROUGH THE REST, INCLUDING THE CLOSE OF EXPERT DISCOVERY, THE

16   FILING OF THE MOTION, SUMMARY JUDGEMENT MOTION, THE DEADLINES

17   WERE VERY CLOSE, WITH THE PLAINTIFF'S PROPOSAL BEING APRIL 8TH

18   AND GOOGLE'S PROPOSAL BEING MARCH 4TH, SO VERY CLOSE IN TIME.

19        SO THE HEARING FOR SUMMARY JUDGEMENT, THE COURT IS

20   INCLINED TOWARDS THAT MAY 6, 2026 DEADLINE, THAT WILL PROBABLY

21   WORK FOR THE SCHEDULE.

22        AND THEN REGARDING TRIAL, NORMALLY WITH CLASS ACTIONS, I

23   WAIT UNTIL THE CLASS CERT MOTION IS RULED.  SO WE WILL HAVE A

24   TRIAL CONFERENCE AFTER THE CLASS CERT MOTION.  SO WE WILL DEAL

25   WITH THAT AS I FIGURE OUT THE CLASS CERT DATES.

1        ANY QUESTIONS ABOUT -- ANY OTHER COMMENTS OR QUESTIONS

2   REGARDING SCHEDULE?  I WILL ISSUE A SEPARATE SCHEDULING ORDER.

3            MR. SAVIERI:  EXCUSE ME, YOUR HONOR, JOSEPH SAVIERI.

4        SO IF I UNDERSTOOD WHAT YOU SAID, YOU WERE GOING TO SET

5   THE HEARING ON THE DATE FOR THE SUMMARY JUDGEMENT DAUBERT ON

6   MAY 26, 2026; DID I GET THAT RIGHT?

7            THE COURT:  YES.

8            MR. SAVIERI:  AND THEN ARE THE OTHER DATES THAT LEAD

9   UP TO THAT GOING TO BE SET IN THE SEQUENCE?  ARE THEY GOING TO

10  BE ADJUSTED OR ARE WE GOING TO DO THE STANDARD RULE 56 LOCAL

11  RULE SEQUENCE?  BECAUSE WE WOULD LIKE TO PUT A LITTLE MORE TIME

12  IN IT.

13           THE COURT:  AND THE DATES WHICH I'M LOOKING AT WOULD

14  BUILD IN MORE TIME.

15           MR. SAVIERI:  THANK YOU.

16           THE COURT:  SO THE MAY 6, 2026 -- I'M NOT SURE IF YOU

17  SAID 2025 OR 2026, BUT IT WAS 2026.

18           MR. SAVIERI:  I MEANT TO SAY 2026, JUDGE, I DON'T

19  KNOW WHAT CAME OUT OF MY MOUTH, I THINK IT WAS 2026.

20           THE COURT:  BECAUSE OTHERWISE WE HAVE TURNED THE

21  SCHEDULE ALL UPSIDE DOWN.

22           MR. SAVIERI:  YOUR HONOR, I'M SORRY, I REALLY HOPE I

23  SAID 2026, THAT'S WHAT I MEANT.

24           THE COURT:  BY THE COURT'S STANDING ORDER, THE CLOSE

25  OF BRIEFING NEEDS TO BE FOUR WEEKS BEFORE THEN, SO THE REPLY

1    WOULD BE ON THE APRIL 8TH DATE, AND THEN I WOULD ADJUST

2    ACCORDINGLY FROM THERE.

3             MR. TUTTLE:  YOUR HONOR, THE OTHER ISSUE THAT I

4    DIDN'T THINK WE COVERED WAS THE DEADLINE TO AMEND PLEADINGS.

5        OURS HAD BEEN LUMPED IN WITH THE DATE TWO DAYS FROM NOW TO

6    FILE THE CONSOLIDATED COMPLAINT, AND I WILL SPEAK TO OUR

7    THINKING ON THAT IN JUST A MINUTE.  THE PLAINTIFFS I THINK HAD

8    PROPOSED A DATE SOME WEEKS AFTER THE CLOSE OF FACT DISCOVERY.

9    AND I KNOW THE COURT'S STATEMENT IN THE STANDING ORDER IS

10   GENERALLY WITHIN 60 DAYS OF THE INITIAL CASE MANAGEMENT

11   CONFERENCE, WHICH WOULD BE SOME TIME I THINK IN FEBRUARY.

12       I THINK THE REASON WE HAD PROPOSED DECEMBER 20TH IS THAT

13   WE WILL BE ON THAT DATE, I THINK EFFECTIVELY ON THE FIFTH

14   COMPLAINT IN THIS COMBINED PROCEEDING, RIGHT.  THERE WAS AN

15   ORIGINAL, A FIRST AMENDED AND SECOND AMENDED, AND THEN THERE

16   WILL BE THIS CONSOLIDATED COMPLAINT.  AND OUR THINKING WAS WE

17   ARE 17 MONTHS INTO THE COMBINED CASE AND IT IS TIME TO GET THE

18   COMPLAINT LOCKED DOWN, AND OF COURSE THE COMPLAINT CAN ALWAYS

19   BE AMENDED WITH LEAVE, RIGHT, RULE 16 THEREAFTER, SAME WITH THE

20   ANSWER, RIGHT, BUT WE ARE APPROACHING THE TIME FOR THE -- SORT

21   OF THE FREE STANDARD, THE LIBERAL STANDARD UNDER RULE 15 TO

22   COME TO AN END, THAT'S WHY WE PROPOSED DECEMBER 20TH.  I MEAN,

23   OBVIOUSLY THERE'S FLEXIBILITY THERE, BUT WE DON'T THINK IT CAN

24   BE AFTER THE CLOSE OF FACT DISCOVERY.

25             MR. SAVIERI:  YOUR HONOR, THIS IS JOSEPH SAVIERI

1    AGAIN.

2        LOOK, THE REASON WE HAD THE DATE THAT WE INSERTED WAS

3    REALLY ABOUT SEQUENCING, THAT WE THINK BEFORE THE PLEADINGS --

4    WE HAVE THE LAST CHANCE TO RESOLVE THE PLEAS WOULD BE AFTER

5    SOME DISCOVERY.  I THINK IT'S A LITTLE BIT UNFAIR, PARTICULARLY

6    GIVEN WHEN WE FILED OUR CASE, TO ASSERT THAT WE ARE ON OUR

7    FIFTH COMPLAINT.  WE ARE ON OUR FIRST.  WE HAVEN'T AMENDED, WE

8    HAVE CONSOLIDATED.

9        AS A PRACTICAL MATTER, I THINK WHAT HAS HAPPENED IN SOME

10   CASES IS THAT AS A RESULT OF THE DISCOVERY WE'VE TAKEN AND WE

11   ACTUALLY HAVE AN OPPORTUNITY TO LOOK AT WHAT DATA WAS USED FOR

12   TRAINING DATA, WHAT WAS DONE WITH IT, THERE MAY BE ADDITIONAL

13   CLAIMS.  AND WE JUST WANT TO HAVE AN OPPORTUNITY TO MODIFY THE

14   PLEADINGS BASED ON WHAT WE FIND AND WHAT WE DEVELOP.  THAT'S

15   THE LOGIC OF IT.

16       NOW FOLKS MAY DISAGREE ABOUT WHETHER THAT'S LOGICAL OR NOT

17   BUT I JUST WANTED TO EXPLAIN WHAT THE THINKING WAS.

18           THE COURT:  OKAY.  THANK YOU FOR SHARING THE THINKING

19   ON THAT.

20       I AM INCLINED TO SET IT FOR THE DECEMBER -- THERE'S BEEN A

21   LOT -- MUCH TIME HAS PASSED, IN TERMS OF, I KNOW, THE FIRST

22   CASE, AND I'M NOT FORECLOSING LEAVE, OBVIOUSLY, AND IF NEW

23   FACTS COME UP DURING DISCOVERY AND GIVEN WHAT YOU JUST SAID AND

24   THERE HAD BEEN NO DISCOVERY PREVIOUSLY, THAT MIGHT CONSTITUTE

25   GOOD CAUSE.

1    SO I'M NOT FORECLOSING YOUR ARGUMENT IN ANY WAY BUT I AM

2    TEMPTED TO PUT A DEADLINE IN AT THIS POINT AND HAVE IT BE THE

3    SAME DATE AS THE AMENDED CONSOLIDATED COMPLAINT.

4        MR. SAVIERI:  I UNDERSTAND, YOUR HONOR.  I JUST

5    WANTED YOU TO UNDERSTAND THE THINKING.

6        THE COURT:  ABSOLUTELY.

7        MS. WEAVER:  AND YOUR HONOR, IF I MAY.

8        THERE IS AN ISSUE WITH THE EXPERT DISCLOSURES, AND IT IS A

9    COMPLEXITY IN THESE CASES.  IF CLASS CERT AND SUMMARY JUDGEMENT

10   ARE NOT ALIGNED, THEN YOU HAVE TO HAVE MORE THAN ONE ROUND OF

11   EXPERT DISCOVERY.

12       AND AS YOU CAN SEE AT PAGE 5, WE HAD PROPOSED EXPERT

13   REPORTS AND RESPONSES AND REPLIES AND A CLOSE OF EXPERT

14   DISCOVERY, THEN CLASS CERT AND SUMMARY JUDGEMENT.  THE

15   DEFENDANT'S PROPOSAL DOESN'T ALLOW FOR ANY EXPERT DEADLINES AT

16   ALL.  IF YOU LOOK AT PAGE 3 OF THEIRS, THAT'S DOCKET 85.

17       AND AS YOUR HONOR NOTED, THE DISCOVERY ENGAGEMENT HERE IS

18   GOING TO BE SUBSTANTIAL AND SO WE NEED TO BUILD THAT IN, NOT

19   ONLY FOR JUST THE PURPOSES OF DISCOVERY ITSELF, WHICH WILL BE

20   CONDUCTED IN NO SMALL PART BY THE EXPERTS, BUT THEN WE NEED TO

21   TIME TO ANALYZE AND ENGAGE IN DISCOVERY.

22       SO IF YOU ARE INCLINED TO DO CLASS CERTIFICATION AHEAD OF

23   SUMMARY JUDGEMENT, WE WILL NEED TWO EXPERT DISCLOSURE

24   SCHEDULES.

25       THE COURT:  OKAY.

1          MR. TUTTLE:  I WAS JUST GOING TO SAY, I THINK THE

2    REASON WE DID NOT PROPOSE A SEPARATE EXPERT DISCOVERY SCHEDULE

3    IN CONNECTION WITH CLASS CERT IS OUR THOUGHT, AND THIS IS WHAT

4    WE HAVE SEEN IN OTHER CASES WHEN CLASS CERT IS BEFORE THE END

5    OF DISCOVERY, IS WE PROPOSE THAT EXPERTS, IF THEY ARE NEEDED,

6    RIGHT, THEN THEY ARE DISCLOSED WITH THE CLASS CERT MOTION IN A

7    DECLARATION AND THEN DEPOSITIONS TAKE PLACE BETWEEN THAT AND

8    THE OPPOSITION AND THEN THERE IS AN EXPERT REPORT, IF NEEDED

9    WITH THE OPPOSITION, AND SAME, DEPOSITIONS AND THEN THERE IS A

10   REPLY BRIEF.  SO WE THOUGHT IT WOULD TAKE PLACE NATURALLY IN

11   THE DISCLOSURE OF THE CLASS CERT BRIEFING, BUT WE ARE OPEN TO

12   WHATEVER SOLUTION THE COURT THINKS BEST.

13          AND EVEN AT THE END OF DISCOVERY, I THINK WE AGREED ON AN

14   EXPERT -- A DEADLINE TO CLOSE EXPERT DISCOVERY AND A DEADLINE

15   TO CLOSE FACT DISCOVERY.  THERE WAS SOME DIFFERENCES IN THE

16   REPORT DEADLINES THERE.  WE DID AGREE ON A THREE REPORT

17   SEQUENCE, OPENING, REBUTTAL AND REPLY, WHICH PEOPLE DON'T

18   ALWAYS DO, BUT I THINK HAS ADVANTAGES.

19          AND WE JUST WANTED TO MAKE SURE -- I THINK THE PLAINTIFFS

20   WERE EMPHASIZING THE NEED TO HAVE ENOUGH TIME TO DO THE OPENING

21   REPORT, WHICH I UNDERSTAND, ALTHOUGH THE OPENING CAN, A LOT OF

22   TIMES, SIGNIFICANTLY TAKE PLACE WHILE FACT DISCOVERY IS

23   ONGOING.  YOU NEED SOME TIME BETWEEN THE CLOSE AND OPENING

24   REPORT, BUT YOU CAN DO A LOT WHILE FACT DISCOVERY IS ONGOING.

25          WE JUST WANTED TO MAKE SURE THERE WAS ENOUGH TIME AT THE

1    END FOR DEPOSITIONS, AND AT LEAST SOME TIME FOR THE REPLY

2    REPORT, WHICH CANNOT BE DONE AND REALLY EVEN STARTED UNTIL YOU

3    HAVE THE REBUTTAL REPORT.

4        SO I THINK IN MY VIEW, THEIR SCHEDULE SQUEEZES THE END TOO

5    MUCH BECAUSE THERE'S NOT ENOUGH TIME FOR REPLIES AND

6    DEPOSITIONS.  I THINK THEIR VIEW IS PROBABLY OUR SCHEDULE

7    SQUEEZED THE OPENING REPORT TOO MUCH.  I'M SURE WE CAN WORK

8    SOMETHING OUT, BUT THAT WAS THE CONCERN, I THINK, WITH THE

9    DIFFERENCES IN THE REPORT TIMING.

10        MR. SAVIERI:  YOUR HONOR, JOSEPH SAVIERI AGAIN.

11        I THINK WHAT MR. TUTTLE JUST SAID IS A BAD IDEA.  I MEAN I

12    THINK IT KIND OF REVEALS WHY OUR SCHEDULE, PUTTING CLASS

13    CERTIFICATION WITH THE OTHER DISPOSITIVE -- THE OTHER IMPORTANT

14    MOTIONS AT THE END MAKES THE MOST SENSE, BECAUSE NOW PICKING UP

15    ON WHAT MS. WEAVER SAID, IS WE ARE GOING TO END UP HAVING

16    ESSENTIALLY TWO ROUNDS OF EXPERTS, AND IT JUST BUILDS A LOT OF

17    DELAY, IT BUILDS A LOT OF EXPENSE, AND FOR NO PARTICULAR

18    PURPOSE.  AND SO THAT'S ONE OF THE REASONS WE PROPOSED WHAT WE

19    DID.

20        I WOULD REALLY -- I WOULD REALLY SUGGEST THAT IT ALSO

21    MAKES A LOT OF SENSE TO HAVE THE EXPERT WORK, WHATEVER THAT IS,

22    THE BACK AND FORTH DONE AND IN THE CAN BEFORE THE FIRST CLASS

23    CERTIFICATION MOTION IS FILED, BECAUSE OTHERWISE WHILE WE ARE

24    WORKING ON THE BRIEFING, AS MR. TUTTLE SUGGESTED, WE ARE ALSO

25    GOING TO BE TAKING THE DEPOSITIONS.  AND THAT IS CONFUSING,

1    TAKES A LOT OF --

2            THE COURT:  I WAS THINKING THAT THAT WOULD PROBABLY

3    BE WHAT -- I HAD ASSUMED THAT'S WHAT GOOGLE HAD IN MIND WITH

4    THE PROPOSED SCHEDULE.  NOT HAVING THE TWO ROUNDS OF BRIEFING

5    AND UNDERSTANDING MS. WEAVER'S CONCERN, THAT MAKES SENSE TO ME.

6    I HAD ASSUMED IT WOULD BE HAPPENING SIMULTANEOUSLY WITH THE

7    CLASS CERT, BUT THEN THAT MEANT THE CLASS CERT BRIEFING WOULD

8    HAVE TO BE EXTENDED, WHICH IS ONE OF THE REASONS I WAS GOING TO

9    PROPOSE AN, OKAY EVERYTHING GETS WRAPPED UP BY THIS DATE BUT

10    YOU ALL CAN MEET AND CONFER AND FIGURE OUT THE EXACT BRIEFING

11    YOU WANT TO FILL IN WITH THAT, BECAUSE WHEN I HAVE SEEN EXPERT

12    DISCOVERY HAPPEN CONCURRENTLY WITH THE CLASS CERT MOTIONS,

13    THERE NEEDS TO BE ENOUGH TIME.

14            MR. SAVIERI:  AND YOUR HONOR, I GUESS WHAT I WOULD

15    SAY ABOUT THAT IS THAT, YOU KNOW PERHAPS THERE'S BEEN TWO

16    SCHOOLS OF THOUGHT ABOUT HOW YOU SEQUENCE THE MERITS EXPERTS

17    WITH THE CLASS CERTIFICATION.

18        I THINK WHAT YOU HAVE DESCRIBED WHICH IS AN EXPERT

19    DISCOVERY SCHEDULE WHICH INCLUDES THE REPORTS AND DEPOSITIONS

20    ALONG THE WAY, CERTAINLY WAS I THINK A TRADITIONAL WAY OF DOING

21    IT.

22        I THINK THAT -- TO ANSWER ANOTHER PART OF YOUR QUESTION, I

23    THINK MORE RECENTLY, AND CANDIDLY IN MOST OF MY CASES THESE

24    DAYS, THE EXPERT DISCOVERY IS ENTIRELY DONE BEFORE THE CLASS

25    CERTIFICATION MOTION HAS BEEN FILED.  AND THE REASONS THAT

1    COURTS AND LAWYERS HAVE DONE THAT ARE THE REASONS THAT I

2    SUGGEST, BECAUSE IT'S MORE EFFICIENT, IT ACTUALLY MAKES THE

3    CASE GET TO TRIAL MORE QUICKLY AND IT ELIMINATES DUPLICATION

4    AND EXPENSE.

5        CERTAINLY WHAT MR. TUTTLE HAS DESCRIBED HAS BEEN DONE IN

6    OTHER CASES, I JUST THINK WE KNOW BETTER NOW AND WHAT WE BUILT

7    INTO OUR SCHEDULE IS CONSISTENT WITH THAT.

8        CERTAINLY WHAT MR. TUTTLE SUGGESTED IS NOT WRONG OR

9    UNPRECEDENTED, I MEAN I JUST THINK GIVEN EXPERIENCE IN THESE

10    CASES, IT'S JUST NOT THE BEST WAY TO DO IT.

11        THE COURT:  OKAY.

12        ANYTHING FURTHER ABOUT THE SCHEDULE?  I WILL TAKE INTO

13    ACCOUNT WHAT'S BEING DISCUSSED AND THE ISSUES COUNSEL HAS

14    RAISED AND I'M GOING TO ISSUE AN ORDER.

15        BUT ANYTHING ELSE ABOUT THE SCHEDULE BEFORE I TURN TO THE

16    REQUEST TO APPOINT INTERIM LEAD COUNSEL?

17        MR. TUTTLE:  NOTHING FROM DEFENDANTS, YOUR HONOR.

18    THANK YOU.

19        MS. WEAVER:  NO, YOUR HONOR.  THANK YOU.

20        THE COURT:  ACTUALLY MAYBE I HAVE ANOTHER QUESTION

21    ABOUT THE SCHEDULE.

22        REMIND ME, TURNING TO ADR, PARTIES HAD AGREED TO THE

23    OCTOBER DATE AND YOU WERE PLANNING DO PRIVATE MEDIATION,

24    CORRECT?

25        MR. TUTTLE:  YES.

1           THE COURT:  ALL RIGHT.  SO THE COURT WILL REFER THE

2      PARTIES TO PRIVATE MEDIATION, AND WE WILL ALSO JUST -- YOU WILL

3      SEE IN THE SCHEDULE, I WILL ASK THE PARTIES TO FILE A STATUS

4      REPORT WITHIN SEVEN DAYS AFTER WHATEVER SESSION YOU HAVE, SO

5      JUST UPDATING THE NAME OF THE MEDIATOR, THE FACT THAT IT

6      OCCURRED AND WHETHER OR NOT THERE'S ANYTHING THAT THE COURT CAN

7      DO IN TERMS OF FACILITATING SETTLEMENT.

8           OKAY.  LET'S TURN TO THE REQUEST TO APPOINT INTERIM LEAD

9      COUNSEL.  I THINK YOU ALL ANSWERED THE THREE QUESTIONS I HAD

10     FOR YOU.  THE FIRST THING WAS HOW CONVERSATIONS WERE GOING

11     BETWEEN COUNSEL, SO THAT'S HELPFUL.

12          THE QUESTION I HAD, I WAS CURIOUS, ARE THERE ANY OTHER

13     CLAIMS AGAINST GOOGLE AT THIS TIME INVOLVING SIMILAR CLAIMS?  I

14     GUESS I'M JUST WONDERING IF THERE'S GOING TO BE MORE MOTIONS.

15          MR. KRAMER:  THERE ARE NOT, YOUR HONOR.

16          I BELIEVE THERE IS ONE OTHER CASE THAT HAS SOME

17     THEORETICAL IMPLICATIONS IN THE GENERATIVE AI SPACE, BUT I

18     GUESS I WOULD POINT OUT THAT UNLIKE OTHER GENERATIVE AI

19     COMPANIES, GOOGLE IS NOT CURRENTLY BEING SUED FOR THE OUTPUT OF

20     ITS GENERATIVE AI SERVICES.  I CAN SPECULATE AS TO WHY THAT IS,

21     BUT THERE ARE NOT CASES INVOLVING USERS USING GOOGLE'S

22     GENERATIVE AI SERVICES TO REPRODUCE COPYRIGHTED MATERIAL AS

23     THERE MIGHT BE IN OTHER CASES.

24          THE COURT:  I NOTICED THAT, I THOUGHT THAT WAS

25     INTERESTING.  WE DON'T NEED TO SPECULATE TODAY, WE HAVE OTHER

1      MATTERS, I HAVE A 2:30 AND A 3:00 CALENDAR.

2              MR. SAVIERI:  YOUR HONOR, WE ARE NOT AWARE OF ANY

3      OTHER CASES.

4              THE COURT:  AND GOOGLE HADN'T TAKEN ANY TYPE OF

5      POSITION, I DIDN'T SEE AN OPPOSITION OR A CONCURRENCE IN TERMS

6      OF THE REQUEST.

7          ANYTHING FROM GOOGLE REGARDING PLAINTIFF'S REQUEST TO

8      APPOINT INTERIM LEAD COUNSEL?

9              MR. KRAMER:  NO, YOUR HONOR.

10             THE COURT:  OKAY.  SO THE COURT IS INCLINED TO GRANT

11     PLAINTIFF'S REQUEST APPOINTING BOTH MR. SAVIERI AND MS. WEAVER

12     AS INTERIM LEAD COUNSELS, AND WILL BE ISSUING AN ORDER SHORTLY.

13             MR. SAVIERI:  THANK YOU, YOUR HONOR.

14             THE COURT:  ANYTHING ELSE, WE HAVE SPENT SOME TIME

15     TOGETHER THIS AFTERNOON BUT ANYTHING ELSE?

16             MS. WEAVER:  YOUR HONOR, THIS IS MS. WEAVER.

17         I JUST WANTED TO MAKE ONE COMMENT ABOUT THE CASE SCHEDULE

18     AND THE COURT'S FAIR PERCEPTION THAT THE CASE HAS BEEN

19     LANGUISHING FOR A BIT.

20         I DO THINK THAT INITIALLY GOOGLE BROUGHT ITS MOTION TO

21     CONSOLIDATE, THERE WERE TEAMS OF LAWYERS WHO DIDN'T WANT TO DO

22     IT, YOUR HONOR ISSUED AN ORDER AND EVERYBODY SAT DOWN AND CAME

23     TOGETHER AND DECIDED OKAY, LET'S MOVE THIS ALONG.

24         AND SO WE NOW HAVE REALLY ONE CORE CAUSE OF ACTION, OUR

25     COMPLAINT IS NOT GOING TO LOOK VERY DIFFERENT.  WE HAVE MET AND

1    CONFERRED.  WHAT YOUR HONOR DID WAS VERY INTERESTING, IT'S LIKE

2    THE SDNY RULE THAT YOU CONFER BEFORE YOU FILE A MOTION.  I

3    UNDERSTAND WHY YOUR HONOR DID IT.

4         THE COURT:  I NORMALLY DON'T DO THAT.

5         MS. WEAVER:  AND IT MADE SOME SENSE.

6    SO WE HAVE BEEN VERY FORTHRIGHT.  YOU ARE GOING TO SEE A

7    COMPLAINT THAT WILL LOOK A LOT LIKE THE ONE THAT YOU HAVE SEEN.

8    I BELIEVE WITHOUT -- DON'T HOLD ME TO THIS, YOUR HONOR, BUT I

9    THINK THE CURRENT DRAFT IS ABOUT 35 PAGES.

10        AND WE WANT TO GET IN AND WE WANT TO CONDUCT DISCOVERY AND

11   WE WANT TO MOVE THE CASE.  SO WE ALL -- PEOPLE PUT THEIR SWORDS

12   AND PENS ASIDE AND WE ALL CAME TOGETHER.

13        AND I THINK THIS IS A REALLY GOOD TEAM, I THINK THERE WAS

14   A LOT OF GRACE DEMONSTRATED BY MR. CLARKSON AND THE LONGRIDGE

15   TEAM, KIND OF ALLOWING OTHER PEOPLE TO STEP FORWARD AND I THINK

16   WE ARE GOING TO BE A GREAT TEAM.  SO I HOPE THAT WE WILL ALL

17   WORK TOGETHER AS EFFICIENTLY AS WE CAN.

18        THE COURT:  MS. WEAVER, THAT'S WONDERFUL TO HEAR, AND

19   THANK YOU FOR THE UPDATE REGARDING ALL OF THAT.

20        AND I WOULD SAY TO ALL PLAINTIFF'S COUNSEL TO COME

21   TOGETHER ON OBVIOUSLY A VERY CUTTING EDGE SORT OF MAKING

22   DECISIONS AND REQUESTING INTERIM COUNSEL, I TOOK NOTE OF THAT

23   AND APPRECIATE THAT.

24        AND SIMILARLY, WE CAME QUITE DIRECTIVE IN OUR ORDERS, IN

25   THE ORDERS WHICH WE ISSUED, BUT IT SEEMS LIKE IT WAS FOR THE

1    BEST.  I APPRECIATE BOTH PLAINTIFFS AND DEFENDANT MAKING

2    EFFORTS TO COME TOGETHER WITH ALL OF THIS IN THE LAST -- IN THE

3    RECENT WEEKS.

4         MS. WEAVER:  I HAVE ONE HOUSEKEEPING REQUEST THAT I

5    HAVE NOT ACTUALLY CONFERRED WITH OPPOSING COUNSEL ABOUT, AND IT

6    IS THIS:  MR. SAVIERI REFERENCED THIS MIDNIGHT FILING DEADLINE

7    FOR JOINT LETTERS, AND I HAVE SEEN IN MY PRACTICE, A TURN FOR

8    THE WORSE ACROSS THE BOARD WHERE PEOPLE ARE -- BECAUSE OF THE

9    MIDNIGHT FILING, PEOPLE ARE UP VERY, VERY LATE AND CHANGES ARE

10   BEING MADE LATE AND CLIENTS ARE BEING CONTACTED LATE, AND IT'S

11   NOT ANYBODY'S BEST WORK AND IT IS REALLY, I WOULD SAY, IT

12   REALLY DETERIORATES THE PRACTICE OF LAW, IT IS DRAINING ON

13   EVERYBODY.

14        AND IF YOUR HONOR WOULD CONSIDER -- I WISH THAT WE COULD

15   AGREE.  I ONLY HAVE ONE CASE WHERE WE AND OPPOSING COUNSEL HAVE

16   AGREED TO EXCHANGE AT 2:00 P.M. SIMULTANEOUSLY AND FILE AT

17   5:00, BUT THE ONES WHERE THEY DON'T, I MEAN IT'S TERRIBLE, IT'S

18   TERRIBLE FOR THE ASSOCIATES, IT'S TERRIBLE FOR THE PARTNERS AND

19   IT'S REALLY NOT GOOD FOR THE WORK PRODUCT.

20        SO IF YOUR HONOR WOULD CONSIDER SETTING A 5:00 P.M. FILING

21   DEADLINE ON THESE JOINT LETTERS -- AND I'M SORRY DAVE OR ERIC,

22   I DIDN'T BOUNCE THIS OFF OF YOU, AND MAYBE YOU WANT TO OPPOSE,

23   BUT I REALLY THINK IT WOULD GO A LONG WAY FOR THE CIVILITY AND

24   FUNCTIONING OF THE CASE.

25        MR. TUTTLE:  WE HAVEN'T HAD A CHANCE TO DISCUSS THIS,

1    OF COURSE.  I THINK YOUR HONOR, IN THE ONE INSTANCE THAT

2    OPPOSING COUNSEL IS REFERRING TO, WE HAD EXCHANGED OUR PORTION

3    AT 3-SOMETHING IN THE AFTERNOON, AND WE HEARD BACK AROUND SEVEN

4    HOURS LATER THAT THEY DIDN'T WANT TO FILE IT.

5        SO I KNOW WE WERE UP LATE THAT NIGHT, AND I DON'T LIKE

6    BEING UP THAT LATE EITHER, AND I DON'T ANTICIPATE THAT WE ARE

7    GOING TO FREQUENTLY HAVE MIDNIGHT FILINGS, OR IN THIS CASE, A

8    LITTLE BIT AFTER THAT.  I DON'T KNOW THAT WE NEED A 5:00 P.M.

9    DEADLINE ACROSS THE BOARD, I KNOW SOME COUNSEL ARE NOT IN

10   PACIFIC TIME ZONE.  BUT I THINK WHAT I WOULD SUGGEST IS THAT WE

11   TALK ABOUT THIS AND SEE IF WE CAN COME UP WITH A FRAMEWORK THAT

12   WE WILL ADHERE TO.

13       I HAVEN'T -- I HAVE LOTS OF CASES IN THIS DISTRICT AND

14   OTHER DISTRICTS WITH THE MIDNIGHT FILING AND IT IS NOT

15   GENERALLY -- IT HAS NOT BEEN A PROBLEM FOR US TO GET FILINGS

16   DONE, EVEN JOINT FILED.

17           THE COURT:  SO LET'S DO THIS, I'M GOING TO TAKE THE

18   REQUEST UNDER SUBMISSION -- BASICALLY UNDER SUBMISSION.  I'M

19   NOT GOING TO INCLUDE IT IN THE SCHEDULING ORDER FOR NOW, I DO

20   WANT PARTIES TO MEET AND CONFER ABOUT THIS.  IN STATE COURT,

21   BECAUSE IT BECAME -- AND HOW SHORT THE REPLY TIME PERIOD WAS, I

22   ACTUALLY ADOPTED SOMETHING VERY SIMILAR TO WHAT MS. WEAVER IS

23   SUGGESTING.

24       AT MINIMUM, I AM ALWAYS VERY OPEN TO PUTTING FIRM

25   DEADLINES ON, OKAY YOUR OPENING BRIEF FOR SUMMARY JUDGEMENT IS

1    DUE BY 5:00 P.M., OR MOTION BY MOTION, BUT IF YOU ALL CAN REACH

2    AN AGREEMENT, AND I'M NOT FORECLOSING MS. WEAVER'S SUGGESTION

3    IN THIS CASE GENERALLY, BUT WHY DON'T YOU ALL TALK ABOUT IT

4    SINCE THIS HASN'T BEEN DISCUSSED AND I HEAR SOME RELUCTANCE

5    FROM GOOGLE'S COUNSEL.

6        I THINK I ENDED UP DOCKETING 6:00 OR SOMETHING IN STATE

7    COURT, I CAN'T REMEMBER, BECAUSE IT BECAME QUITE ABUSIVE, BOTH

8    FOR COUNSEL AND FOR THE COURT AT TIMES WITH MIDNIGHT EX PARTE

9    FILINGS.

10       SO I AM NOT FORECLOSING THAT, MS. WEAVER, I APPRECIATE YOU

11   RAISING IT ACTUALLY.

12       ALL RIGHT.  ANYTHING -- SO WE'LL TAKE NOTE OF THAT AND

13   CONSIDER THAT FOR THE FUTURE, ESPECIALLY IF THERE'S ANY

14   ABUSES -- I'M NOT SAYING THERE WAS, MR. TUTTLE, ANY ABUSES IN

15   THIS CIRCUMSTANCE.

16            MR. TUTTLE:  UNDERSTOOD.

17            THE COURT:  ALL RIGHT.  ANYTHING ELSE?

18            MR. SAVIERI:  JUDGE LEE, IT WAS NIGHT TO MEET YOU,

19   AND HAVE A GOOD HOLIDAY.

20            THE COURT:  THANK YOU.  I HAVE MET SOME OF YOU BEFORE

21   BUT I HAVE NOT MET OTHERS, SI IT WAS NICE MEETING EVERYBODY.

22       AND YES, HAVE A WONDERFUL HOLIDAY AND WE WILL SEE YOU IN

23   2026 WITH A CONSOLIDATED COMPLAINT IN HAND.

24       THANK YOU.

25       (THE PROCEEDINGS WERE CONCLUDED AT 2:54 P.M.)

1

2

3                        **CERTIFICATE OF REPORTER**

4

5

6

7              I, THE UNDERSIGNED OFFICIAL COURT REPORTER OF THE

8    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF

9    CALIFORNIA, 280 SOUTH FIRST STREET, SAN JOSE, CALIFORNIA, DO

10   HEREBY CERTIFY:

11             THAT THE FOREGOING TRANSCRIPT, CERTIFICATE

12   INCLUSIVE, IS A CORRECT TRANSCRIPT FROM THE RECORD OF

13   PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

14

15

16

17

18

19

20

21

22   _____
     SUMMER A. FISHER, CSR, CRR
23   CERTIFICATE NUMBER 13185

24
     DATE:  12/26/24
25