DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF MATERIALS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge: Hon. Eumi K. Lee |

In considering Defendants Google LLC and Alphabet Inc.'s (collectively, "Defendants") motion to dismiss, Defendants hereby request that the Court take judicial notice of, and/or order incorporated by reference, the documents listed below:

1. A certified Certificate of Registration for U.S. Copyright No. TX 9-082-399, titled "Adulthood is a Myth: A 'Sarah's Scribbles' 2021 Wall Calendar." This document is attached hereto as **Exhibit 1** to the Declaration of Qifan Huang in Support of Defendants' Request for Judicial Notice ("Huang Declaration").

2. A certified Certificate of Registration for U.S. Copyright No. TX 8-207-926, titled "Adulthood Is a Myth: A Sarah's Scribbles Collection." This document is attached hereto as **Exhibit 2** to the Huang Declaration.

3. A certified Certificate of Registration for U.S. Copyright No. TX 8-564-573, titled "Herding Cats: A Sarah's Scribbles Collection." This document is attached hereto as **Exhibit 3** to the Huang Declaration.

4. A post from Plaintiff Sarah Andersen's X (formerly, Twitter) account, posted on December 23, 2015. Attached hereto as **Exhibit 4** to the Huang Declaration, this document is publicly available online at https://x.com/SarahCAndersen/status/679691764836515844.

5. A post from Plaintiff Sarah Andersen's X account, posted on February 3, 2016. Attached hereto as **Exhibit 5** to the Huang Declaration, this document is publicly available online at https://x.com/SarahCAndersen/status/694905848053809153.

6. A post from Plaintiff Sarah Andersen's X account, posted on October 24, 2020. Attached hereto as **Exhibit 6** to the Huang Declaration, this document is publicly available online at https://x.com/SarahCAndersen/status/1320010279103627265.

7. Alphabet Inc.'s Form 10-K, dated January 30, 2024. Attached hereto as **Exhibit 7** to the Huang Declaration, this document is publicly available online at https://www.sec.gov/Archives/edgar/data/1652044/000165204424000022/goog-20231231.htm#i4b6997819c884b839f301ffc0d7fb828_307.

As set forth below, the Court may take judicial notice of these documents under Fed. R. Evid. 201, and may properly consider them on Defendants' motion to dismiss.

## DISCUSSION

### I. The Court Should Consider Certificates of Registration And Alphabet's 10-K SEC Filing Because They Are Judicially Noticeable And Because They Were Incorporated By Reference In The Complaint

On a motion to dismiss, the Court may consider materials that are judicially noticeable. *See, e.g.*, *In re Google Location History Litig.*, 428 F. Supp. 3d 185, 189 (N.D. Cal. 2019). Separately, under the incorporation-by-reference doctrine, on a motion to dismiss "a court may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The doctrine extends to situations where a plaintiff's claim "depends on the contents of a document," even when "the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). **Exhibits 1–3**, certified Certificates of Registration for Plaintiffs' works at issue, and **Exhibit 7**, Alphabet Inc.'s 10-K filed with the Securities and Exchange Commission, may be considered on both grounds.

***Judicial Notice.*** Certified records from the U.S. Copyright Office, such as certificates of registration, are judicially noticeable. *See, e.g.*, *Oroamerica Inc. v. D & W Jewelry Co.*, 10 F. App'x 516, 517 n.4 (9th Cir. 2001) (taking judicial notice of certificate of registration); *Jim Marshall Photography, LLC v. John Varvatos of California*, 2013 WL 3339048, at *3 n.5 (N.D. Cal. June 28, 2013) (same); *Vigil v. Walt Disney Co.*, 1995 WL 621832, at *1 (N.D. Cal. Oct. 16, 1995) (same). Exhibits 1 to 3 are certified Certificates of Registration obtained from the U.S. Copyright Office and bear the Copyright Office's certification. Additionally, filings with the Securities and Exchange Commission are judicially noticeable because they are "matters of public record not subject to reasonable dispute." *SEC v. Prakash*, 718 F. Supp. 3d 1098, 1105 (N.D. Cal. 2024); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (noting that

SEC filings are subject to judicial notice). Exhibit 7 is Alphabet Inc.'s Form 10-K, dated January 30, 2024, filed with the SEC.

Defendants thus respectfully request that the Court take judicial notice of these documents and consider them in connection with Defendants' motion to dismiss.

***Incorporation by Reference.*** Exhibits A and B to the Complaint expressly refer to the copyright registrations for the works at issue, including their copyright registration numbers. *See* ECF No. 91-1 at 8-9, 11; ECF No. 91-2 at 4-5, 7. Plaintiffs allege that Defendants infringed upon the copyrights covered by these registrations. *See* ECF No. 91, Consolidated Amended Compl. ("CAC") ¶¶ 30-31; ECF No. 91-2 at 4-5, 7. Certificates of registration bear on registration—an essential requirement for filing a copyright infringement suit. *See Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 302 (2019); 17 U.S.C. § 411. Moreover, the CAC itself also attached what appear to be printouts from the Copyright Office's public records (ECF No. 91-2), which give limited information about what is included in the actual registration certificates. Because the certificates of registration "form[] the basis" of Plaintiffs' claims, *Thumbtack, Inc. v. Liaison, Inc.*, 2024 WL 235172, at *1 n.1 (N.D. Cal. Jan. 22, 2024), the Certificates of Registration attached hereto as Exhibits 1 to 3 are also incorporated by reference.

Additionally, the Complaint expressly and repeatedly quotes from and cites Alphabet Inc.'s January 30, 2024 Form 10-K to support Plaintiffs' claim for vicarious copyright infringement against Alphabet. CAC ¶ 107 & nn. 13-14. Because Plaintiffs' Complaint "explicitly and repeatedly refers to excerpts of [Alphabet's 10-K] to support their claims," *Sanders v. Realreal, Inc.*, 2021 WL 1222625, at *5 (N.D. Cal. Mar. 31, 2021), it has been incorporated by reference.

## II. The Court Should Judicially Notice Plaintiff Sarah Andersen's X Posts

"In general, websites and their contents may be judicially noticed." *Hirlinger v. WP Co.*, 2024 WL 2941630, at *2 (N.D. Cal. June 10, 2024) (collecting cases). **Exhibits 4–6**, posts on the social media website X, are judicially noticeable, because they appear on "publicly accessible websites whose accuracy and authenticity is not subject to dispute." *Google Location History Litig.*, 428 F. Supp. 3d at 189.

Courts within this District routinely take judicial notice of social media posts by parties, including posts from X, formerly known as Twitter. *See, e.g.*, *Veronica Foods Co. v. Ecklin*, 2017 WL 2806706, at *4 (N.D. Cal. June 29, 2017); *Shankar v. Zymergen Inc.*, 2022 WL 17259057, at *1 (N.D. Cal. Nov. 29, 2022); *Unsworth v. Musk*, 2019 WL 5550060, at *4 (N.D. Cal. Oct. 28, 2019); *Rock the Vote v. Trump*, 2020 WL 6342927, at *3 (N.D. Cal. Oct. 29, 2020). Here, Defendants respectfully request that this Court take judicial notice of three posts on X from Plaintiff Sarah Andersen's official, verified X account. *See* Exs. 4–6. Defendants seek judicial notice of these materials as demonstrating that Plaintiff Sarah Andersen publicly shared the content of these posts on X on the date reflected in those posts. *See, e.g.*, *Unsworth*, 2019 WL 5550060, at *4; *Rock the Vote*, 2020 WL 6342927, at *3. As demonstrated in the concurrently-filed motion to dismiss, these indisputable posts bear on a pure question of law—whether the posting of the material on X constitutes "publication" under the Copyright Act.

* * *

For these reasons, Defendants respectfully request that the Court consider the above-referenced documents in connection with Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Complaint.

Respectfully submitted,

Dated: January 17, 2025

By: /s/ Maura L. Rees

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.