Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 797-2617
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Evan A. Creutz (State Bar. No. 349728)
Elissa A. Buchanan (State Bar No. 249996)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:   (415) 500-6800
Facsimile:    (415) 395-9940
Email:         jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                ecreutz@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION

## I. INTRODUCTION

A court's review of documents beyond the pleadings when considering the sufficiency of a complaint is limited to materials subject to judicial notice or documents on which a plaintiff relies that are incorporated within the complaint. Here, in support of their motion to dismiss, Defendants Google LLC ("Google") and Alphabet Inc. ("Alphabet") (together, "Defendants") move the Court to consider several documents–such as posts from social media and even their own Form 10-K–which fail to satisfy either the legal standard for judicial notice or the incorporation by reference doctrine. Defendants seek to use these documents to dispute Plaintiffs' well-pleaded allegations and to ask the Court to resolve fact disputes, if any, conclusively in their favor. This is plainly improper at the pleading stage, when Plaintiffs are entitled to the benefit of all reasonable inferences. Defendants' Request for Judicial Notice ("RJN"), ECF No. 96, should be denied.

## II. ARGUMENT

When considering a Rule 12(b)(6) motion, a court generally "may not consider any material beyond the pleadings[.]" *Pirani v. Netflix, Inc.*, 710 F. Supp. 3d 756, 765 (N.D. Cal. 2024) (quoting *United States v. Corinthian Colls.*, 655 F. 3d 984, 998 (9th Cir. 2011)). Only two exceptions to this rule exist: (1) judicial notice under Federal Rule of Evidence 201, and (2) incorporation of the material by reference in the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

A court can take judicial notice of a fact under Rule 201 if that fact is "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). Regardless, "a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999. The issue of whether a certain type of document is generally susceptible to judicial notice is distinct from whether the document can be judicially noticed as to the facts included within the document. *See id.* at 1000. The Ninth Circuit has warned that "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine . . . can lead to unintended and harmful results" where "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 998.

Incorporation-by-reference occurs when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claims." *Al-Ahmed v. Twitter*, 603 F. Supp. 3d 857, 866 (N.D. Cal. 2022) (quoting *United States. v. Ritchie*, 342 F. 3d 903, 908 (9th Cir. 2003)). Courts should use caution when drawing inferences from an incorporated document. *Khoja*, 899 F.3d at 1003.

### A. Defendants' Request for Judicial Notice of Alphabet's Form 10-K and Andersen's Social Media Posts is Improper Because These Materials Are Subject to Reasonable Dispute, and Defendants Seek to Use Their Content Improperly to Advance Factual Disputes at the Pleading Stage.

Defendants request that the Court take judicial notice of Alphabet's Form 10-K filed with the United States Securities and Exchange Commission ("SEC") on January 30, 2024,[1] and three of Plaintiff Sarah Andersen's ("Plaintiff Andersen") X posts.[2] RJN at 2-3. None of these documents are appropriate for judicial notice.

### 1. Defendants cannot use Alphabet's Form 10-K to rebut Plaintiffs' sufficiently pleaded allegations.

Defendants claim that Alphabet's Form 10-K is judicially noticeable because it is a "matter[] of public record not subject to reasonable dispute." RJN at 2-3 (quoting *SEC v. Prakash*, 718 F. Supp. 3d 1098, 1105 (N.D. Cal. 2024)). Defendants, however, seek to use the Form 10-K to dispute Plaintiffs' sufficiently pleaded allegation that "Alphabet exercises substantial control over Google LLC's operations[.]" Consolidated Amended Complaint ("CAC"), ECF No. 91 at ¶ 106; *see also* MTD at 3 (using Huang Decl. Ex. 7 to claim that Alphabet "is a stock holding company with no operations of its own"). Because Defendants seek to use the SEC document to rebut Plaintiffs' allegations regarding Alphabet's role and oversight over Google's operations and AI development strategy and, therefore, "rel[y] on the *truth* of the contents of the SEC filings to prove the substance of" their argument, the Court should decline to take judicial notice of Exhibit 7. *See Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015) (emphasis in original).

---

[1] Declaration of Qifan Huang ("Huang Decl."), ECF No. 97 at Ex. 7.
[2] *Id.* at Exs. 4-6.

### 2. Plaintiff Andersen's Social Media Posts Cannot Be Subject to Judicial Notice Because Their Authenticity Has Not Been Established, and the Date of Publication for Andersen's Works is Disputed.

Defendants argue in their MTD that Plaintiff Andersen cannot seek copyright protection over three of her registered works because they were posted on X and, therefore, "published" before their registration. MTD at 8-9. In support of this argument, Defendants request that the Court take judicial notice of posts purportedly made by Plaintiff Andersen on X. Huang Decl. Exs. 4-6. Defendants argue that these posts are judicially noticeable because they appear on publicly accessible websites whose accuracy and authenticity are not subject to dispute. That is incorrect; neither the accuracy nor authenticity of these specific posts has been established. Further, at the motion to dismiss stage, Plaintiffs are entitled to all reasonable inferences in their favor. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007).

Despite Defendants' claims to the contrary, "[a] document is not judicially noticeable simply because it appears on a publicly available website." *Nelson v. F. Hoffmann-LaRoche, Inc.*, 642 F. Supp. 3d 1115, 1126-27 (N.D. Cal. 2022); *see also Rollins*, 338 F. Supp. 3d at 1032 (N.D. Cal. 2018) ("[T]his Court rejects the notion that a document is judicially noticeable simply because it appears on a publicly available website, regardless of who maintains the website."). Instead, the Court "may only take notice as to the existence of the web pages and the facts contained therein, not as to the (disputed) inferences that Defendant seeks to draw from them." *Murj, Inc. v. Rhythm Mgmt. Grp., Inc.*, 2022 WL 3589574, at *3 (N.D. Cal. Aug. 22, 2022) (quotation omitted). Here, Defendants ask the Court to take judicial notice of Plaintiff Andersen's X posts to draw an inference that her works were "published" in a manner that impacts her copyrights—a purported fact that is disputed at this stage of the litigation. Defendants' request is, therefore, improper.

What Defendants seek is no different from the request at issue in *Murj*, which involved a contract dispute wherein one party sought judicial notice of archived versions of a website and several Twitter posts at the pleading stage to show that the confidential information at issue was disclosed at the time of the breach. *Id.* at *2-3. The court denied the request, explaining that "the

1  Court may not draw any inferences from these images and texts or 'adjudicate factual disputes that
2  are implicated by any such inferences.'" *Id.* The court in *Muri* recognized that in seeking judicial
3  notice, the defendant essentially "ask[ed the Court to . . . adjudicate disputed facts involving the
4  scope of disclosure and to determine the components, features, and interface display of the Murj
5  Platform[,]" an impermissible request at the motion to dismiss stage. Defendants likewise ask the
6  Court to adjudicate disputed facts as to whether Plaintiff Andersen's posts constituted publication
7  under the Copyright Act. *See* MTD at 8.

8         Although Defendants argue that "[c]ourts within this District routinely take judicial notice
9  of social media posts by parties, including posts from X," *see* RJN at 4, the courts in Defendants'
10 cited cases only noticed the proffered X posts for their existence, not for the truth of their contents
11 or the fact inferences advanced by the party seeking judicial notice. *See, e.g.*, *Rock the Vote v.
12 Trump*, 2020 WL 6342927, at *3, n.1 (N.D. Cal. Oct. 29, 2020) ("The Court takes judicial notice
13 of the existence of the tweets[.]"). Therefore, the Court should deny Defendants' RJN as to
14 Exhibits 4-6. Even if their existence were noticed, the "truth" of the advanced fact inference,
15 "publication" under the Copyright Act, cannot be conclusively determined against Plaintiffs at the
16 pleading stage. *See United States v. Wager*, 19 F. App'x 542, 543 n.1 (9th Cir.
17 2001) (taking judicial notice of an FDIC manual but noting that "the legal conclusions [the
18 defendant] infers from it are inappropriate for judicial notice because they include disputed facts").

19     **B. Incorporation by Reference of Alphabet's 10-K Report Is Improper Because
20         Plaintiffs' Allegations Do Not Rely on the Disputed Exhibit.**

21        Defendants also seek to incorporate by reference the exhibits attached to the Huang Decl.
22 This argument, too, is meritless. A defendant may seek to incorporate a document into the
23 complaint "if the plaintiff refers extensively to the document or the document forms the basis of
24 the plaintiff's claim." *United States v. Ritchie*, 342 F. 3d 903, 907 (9th Cir. 2003). "[T]he mere
25 mention of the existence of a document is insufficient to incorporate the contents of a document."
26 *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). "A more difficult question is
27 whether a document can ever 'form[] the basis of the plaintiff's claim' if the complaint does not
28 mention the document at all." *Khoja*, 899 F.3d at 1002 (quoting *Ritchie*, 342 F. 3d at 907).

PLAINTIFFS' OPPOSITION TO DEFENDANTS'    4    MASTER FILE CASE NO.: 5:23-cv-03440-EKL
REQUEST FOR JUDICIAL NOTICE AND
CONSIDERATION

Plaintiffs' well-pleaded allegations regarding Alphabet's oversight and control over Google does not rely *heavily* on Alphabet's Form 10-K. *Compare Khoja*, 899 F.3d at 1003 (finding incorporation was improper where a document was quoted once in a two-sentence footnote), *with* CAC ¶ 107 (referring to Alphabet's 2023 10-K only twice in a single paragraph in a seven-paragraph section discussing Alphabet's control and oversight). The documents at issue fail to meet the threshold requirements for incorporation.

### III.   CONCLUSION

For the reasons set forth above, the Court should deny Defendants' Request for Judicial Notice and Incorporation by Reference as to Alphabet's 10-K Report and Andersen's social media posts. In the alternative, the Court should limit its notice of Exhibits 4-7 solely for their existence and not for the truth of the matters asserted therein.

Respectfully submitted,

Dated: February 7, 2025          By:          */s/Joseph R. Saveri*

        Joseph R. Saveri (State Bar No. 130064)
        Cadio Zirpoli (State Bar No. 179108)
        Christopher K.L. Young (State Bar No. 318371)
        Evan A. Creutz (State Bar. No. 349728)
        Elissa A. Buchanan (State Bar No. 249996)
        **JOSEPH SAVERI LAW FIRM, LLP**
        601 California Street, Suite 1505
        San Francisco, California 94108
        Telephone: (415) 500-6800
        Facsimile: (415) 395-9940
        jsaveri@saverilawfirm.com
        czirpoli@saverilawfirm.com
        cyoung@saverilawfirm.com
        eabuchanan@saverilawfirm.com
        ecreutz@saverilawfirm.com

        Matthew Butterick (SBN 250953)
        1920 Hillhurst Avenue, #406
        Los Angeles, CA 90027
        Telephone: (323) 968-2632
        Facsimile: (415) 395-9940
        mb@butterricklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612)339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
echang@locklaw.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (*admitted pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, New York 10603
Telephone: (415) 445-4006
gmullens@bfalaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
Tiara Avaness (SBN 343928)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
tcowan@clarksonlawfirm.com

*Counsel for Plaintiffs Jill Leovy, Jingna Zhang, Sarah Andersen, Hope Larson, Jessica Fink, and the Proposed Class*