Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 797-2617
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan A. Creutz (SBN 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              ecreutz@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

|  |  |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL<br>Consolidated Case No. 5:24-cv-02531-EKL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Date:    April 23, 2025<br>Time:    10:00 a.m.<br>Courtroom: 7<br>Judge:   Hon. Eumi K. Lee |

# TABLE OF CONTENTS

**Page**

I.    STATEMENT OF ISSUES TO BE DECIDED ..........................................................1

II.   INTRODUCTION ...........................................................................................1

III.  FACTUAL BACKGROUND ..............................................................................3

IV.   ARGUMENT ..................................................................................................3

      A.    Plaintiffs' Class Allegations Are Sufficient.................................................5

      B.    Defendants' Premature Rule 12(f) Motion to Strike Class Allegations Is
            Improper and Overbroad ...........................................................................6

            1.    Defendants' Rule 12(f) Motion to Strike Class Allegations Is
                  Premature. ......................................................................................6

            2.    Class Definition Issues Can be Addressed on Amendment, and Do Not
                  Warrant What Amounts to a Dismissal with Prejudice. .........................9

            3.    Defendants' Pleadings Stage Rule 12(f) Motion to Strike Class
                  Allegations, Which Complains of "Individualized Issues," Is Not the
                  Proper Vehicle for Challenging Class Certification. .........................12

      C.    Defendants' Request to Stay Fact Discovery Should Be Denied ................14

V.    CONCLUSION.............................................................................................17

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*In re 2TheMart.com, Inc. Sec. Litig.*,
114 F. Supp. 2d 955 (C.D. Cal. 2000)..................................................................4

*Adv. Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*,
2004 WL 2075445 (N.D. Cal. Sep. 15, 2004)........................................................1

*Ahmed v. HSBC Bank USA, N.A.*,
2018 WL 501413 (C.D. Cal. Jan. 5, 2018) ..........................................................15

*Andersen v. Stability AI Ltd.*,
700 F. Supp. 3d 853 (N.D. Cal. 2023) ..................................................................1

*Angulo v. Providence Health & Servs. – Wash.*,
2024 WL 3744258 (W.D. Wash. Aug. 9, 2024) .....................................................8

*Baas v. Dollar Tree Stores, Inc.*,
2007 WL 2462150 (N.D. Cal. Aug. 29, 2007)........................................................7

*Baton v. Ledger SAS*,
740 F. Supp. 3d 847 (N.D. Cal. 2024) ..................................................................4

*Blair v. Assurance IQ LLC*,
2023 WL 6622415 (W.D. Wash. Oct. 11, 2023) ............................................16, 17

*Blankenship v. Hearst Corp.*,
519 F.2d 418 (9th Cir. 1975)...............................................................................14

*Boddie v. Signature Flight Support Corp.*,
2019 WL 3554383 (N.D. Cal. Aug. 5, 2019)..........................................................8

*Brazil v. Dell Inc.*,
585 F. Supp. 2d 1158 (N.D. Cal. 2008) ...............................................................11

*Brown v. DIRECTV, LLC*,
2014 WL 12599363 (C.D. Cal. May 27, 2014) ......................................................6

*Carey v. J.A.K.'s Puppies, Inc.*,
2024 WL 5374932 (C.D. Cal. June 6, 2024).........................................................17

*Chen-Oster v. Goldman, Sachs & Co.*,
285 F.R.D. 294 (S.D.N.Y. 2012) .........................................................................15

*Clerkin v. MyLife.com, Inc.*,
2011 WL 3809912 (N.D. Cal. Aug. 29, 2011)........................................................1

*Coopers & Lybrand v. Livesay*,
437 U.S. 463 (1978) ..............................................................................................5

*Covillo v. Specialty's Café*,
   2011 WL 6748514 (N.D. Cal. Dec. 22, 2011) ............................................................4, 6

*Cruz v. Sky Chefs, Inc.*,
   2013 WL 1892337 (N.D. Cal. May 6, 2013) ...................................................................8

*Davidson v. O'Reilly Auto Enters., LLC*,
   968 F.3d 955 (9th Cir. 2020).........................................................................................5

*Dixon v. Monterey Fin. Servs.*,
   2016 WL 4426908 (N.D. Cal. Aug. 22, 2016) ..............................................................11

*Donaca v. Metro. Life Ins. Co.*,
   2014 WL 12597152 (C.D. Cal. Jan. 22, 2014) ...............................................................9

*Doninger v. Pac. Nw. Bell, Inc.*,
   564 F.2d 1304 (9th Cir. 1977).........................................................................................6

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
   297 F.R.D. 64 (S.D.N.Y. May 15, 2013) ........................................................................8

*Gallardo v. AT & T Nobility, LLC*,
   937 F. Supp. 2d 1128 (N.D. Cal. 2013) ..........................................................................1

*Gamez v. Toyota Motor Sales, U.S.A., Inc.*,
   2024 WL 1971880 (E. D. Cal. May 3, 2024).......................................................9, 10, 13

*Gardiner v. Walmart Inc.*,
   2021 WL 2520103 (N.D. Cal. Mar. 5, 2021) ...................................................................7

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982).........................................................................................................5

*Gitson v. Trader Joe's Co.*,
   63 F. Supp. 3d 1114 (N.D. Cal. 2014) .............................................................................4

*Gray v. First Winthrop Corp.*,
   133 F.R.D. 39 (N.D. Cal. 1990).....................................................................................17

*Gutierrez v. C&H Sugar, Inc.*,
   2023 WL 7927771 (N.D. Cal. Nov. 15, 2023)..................................................................1

*Harris v. LSP Products Group, Inc.*,
   2021 WL 2682045 (E.D. Cal. June 30, 2021)...................................................................4

*Herrick v. Shutterstock, Inc.*,
   2024 WL 1348754 (S.D.N.Y. Mar. 29, 2024) .....................................................7, 10, 12

*Hibbs-Rines v. Seagate Techs., LLC*,
   2009 WL 513496 (N.D. Cal. Mar. 2, 2009)......................................................................4

*Hughes v. Circle K Stores, Inc.*,
   740 F. Supp. 3d 721 (C.D. Ill. 2024)..............................................................................11

*Huynh v. Jabil Inc.*,
  2023 WL 1802417 (N.D. Cal. Feb. 7, 2023)...........................................................1, 6

*Iniguez v. The CBE Grp.*,
  969 F. Supp. 2d 1241 (E.D. Cal. 2013)......................................................................6

*In re iPad Unlimited Data Plan Litig.*,
  2012 WL 2428248 (N.D. Cal. June 26, 2012) ...........................................................4

*Juarez v. Citibank, N.A.*,
  2016 WL 4547914 (N.D. Cal. Sept. 1, 2016) ............................................................9

*Kamar v. RadioShack Corp.*,
  375 F. App'x 734 (9th Cir. 2010) ..............................................................................8

*Kazemi v. Payless Shoesource Inc.*,
  2010 WL 963225 (N.D. Cal. Mar. 16, 2010) ............................................................7

*Keck v. Alibaba.com, Inc.*,
  2018 WL 4181955 (N.D. Cal. Aug. 30, 2018) ..........................................................7

*Kevari v. Scottrade, Inc.*,
  2018 WL 6136822 (C.D. Cal. Aug. 31, 2018) .........................................................11

*Kihn v. Bill Graham Archives LLC*,
  2022 WL 18935 (9th Cir. Jan. 3, 2022) ..............................................................8, 14

*King v. Nat'l Gen. Ins. Co.*,
  2021 WL 2400899 (N.D. Cal. June 11, 2021) .......................................................4, 6

*Kohler v. Big 5 Corp.*,
  2012 WL 1511748 (C.D. Cal. Apr. 30, 2012) .........................................................12

*Lautemann v. Bird Rides, Inc.*,
  2019 WL 3037934 (C.D. Cal. May 31, 2019) .........................................................11

*Lightbourne v. Printroom Inc.*,
  2014 WL 12597108 (C.D. Cal. Sep. 8, 2014).............................................................7

*McEwan v. OSP Grp., L.P.*,
  2016 WL 1241530 (S.D. Cal. 2016) ........................................................................15

*Messner v. Northshore Univ. HealthSystem*,
  669 F.3d 802 (7th Cir. 2012)......................................................................................8

*Miholich v. Senior Life Ins. Co.*,
  2022 WL 410945 (S.D. Cal. Feb. 10, 2022) ..............................................................9

*Moser v. Health Ins. Innovations, Inc.*,
  2018 WL 325112 (S.D. Cal. 2018) ............................................................................9

*Munoz v. PHH Corp.*,
  2016 WL 10077139 (E.D. Cal. Feb. 11, 2016) ........................................................15

*Myers v. MedQuist, Inc.*,
  2006 WL 3741210 (D.N.J. 2006)...............................................................................6

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022)......................................................................................8

*Panacci v. A1 Solar Power, Inc.*,
  2015 WL 3750112 (N.D. Cal. June 15, 2015) ........................................................11

*Parducci v. Overland Sols., Inc.*,
  399 F. Supp. 3d 969 (N.D. Cal. 2019) .......................................................................4

*Ragsdale v. Leadpoint, Inc.*,
  2024 WL 4406984 (C.D. Cal. Aug. 5, 2024) .............................................................8

*In re Rail Freight Fuel Surcharge Antitrust Litig.*,
  258 F.R.D. 167 (D.D.C. 2009)..................................................................................17

*Rennick v. NPAS Sols., LLC*,
  2020 WL 244170 (C.D. Cal. Jan. 16, 2020) ..............................................................9

*Rice-Sherman v. Big Heart Pet Brands, Inc.*,
  2020 WL 1245130 (N.D. Cal. Mar. 16, 2020)............................................................2

*Risby v. Hawley*,
  2024 WL 217827 (N.D. Cal. Jan. 19, 2024) ............................................................17

*Roberts v. Wyndham Int'l, Inc.*,
  2012 WL 6001459 (N.D. Cal. Nov. 30, 2012)....................................................13, 14

*Ruiz Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016)....................................................................................8

*Salaiz v. eHealthIns. Servs., Inc.*,
  2023 WL 2622138 (N.D. Cal. Mar. 22, 2023)..........................................................11

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. 2009) .......................................................................9

*Schneider v. YouTube, LLC*,
  674 F. Supp. 3d 704 (N.D. Cal. 2023) ................................................................9, 13

*Simpson v. Ramada Worldwide, Inc.*,
  2012 WL 5988644 (N.D. Cal. Nov. 29, 2012)..........................................................13

*Simpson v. Vantage Hosp. Grp., Inc.*,
  2012 WL 6025772 (N.D. Cal. Dec. 4, 2012) ............................................................13

*Skellerup Indus. Ltd. v. City of Los Angeles*,
  163 F.R.D. 598 (C.D. Cal. 1995) .............................................................................14

*Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*,
  2014 WL 1048710 (N.D. Cal. Mar. 14, 2014)............................................................4

*Thorpe v. Abbott Lab'ys., Inc.*,
534 F. Supp. 2d 1120 (N.D. Cal. 2008) ................................................................6

*Tinnin v. Sutter Valley Med. Found.*,
647 F. Supp. 3d 864 (E.D. Cal. 2022) ............................................................9, 10

*True Health Chiropractic, Inc. v. McKesson Corp.*,
2015 WL 273188 (N.D. Cal. Jan. 20, 2015) ..........................................14, 15, 16

*Vaccaro v. Altais*,
2023 WL 7003211 (C.D. Cal. Oct. 23, 2023) .......................................................9

*Valentine v. Crocs, Inc.*,
2024 WL 1636716 (N.D. Cal. Apr. 15, 2024) .....................................................15

*Van Lith v. iHeartmedia + Ent., Inc.*,
2016 WL 4000356 (E.D. Cal. July 25, 2016) ......................................................11

*Vinole v. Countrywide Home Loans, Inc.*,
571 F.3d 935 (9th Cir. 2009)..........................................................................4, 6

*In re Wal-Mart Stores, Inc. Wage & Hour Litig.*,
505 F. Supp. 2d 609 (N.D. Cal. 2007) ..............................................................6, 7

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011) ...........................................................................................15

*Whittaker v. Freeway Ins. Servs. Am., LLC*,
2023 WL 167040 (D. Ariz. Jan. 12, 2023) ...........................................................9

*Whittlestone, Inc. v. Handi-Craft Co.*,
618 F.3d 970 (9th Cir. 2010).................................................................................5

*Wisdom v. Easton Diamond Sports, LLC*,
824 F. App'x 537 (9th Cir. 2020) ...........................................................1, 5, 6, 12

*Yastrab v. Apple Inc.*,
2015 WL 1307163 (N.D. Cal. Mar. 23, 2015) ....................................................12

*Youssofi v. Allied Interstate LLC*,
2016 WL 29625 (S.D. Cal. Jan. 4, 2016) ............................................................12

**RULES**

Fed. R. Civ. P. 12 .........................................................................................................3

Fed. R. Civ. P. 23 .................................................................................................5, 7, 16

**OTHER AUTHORITIES**

1 McLaughlin on Class Actions (11th ed. 2014)
§ 3:10..................................................................................................................16

## I.     STATEMENT OF ISSUES TO BE DECIDED

Whether Defendants Google LLC and Alphabet Inc. (together, "Defendants") have established that class certification in this case is impossible, as a matter of law, and thus warrants an outright denial of class certification before Plaintiffs have any opportunity to develop a factual record.

## II.     INTRODUCTION

Defendants ask this Court, at the pleading stage, to strike class allegations with prejudice before Plaintiffs have *any* opportunity to develop a factual record to support their properly pleaded class allegations. Defendants even go as far as to argue that striking class allegations is "routine." Quite the opposite. "[W]hile courts entertain [Rule 12(f) motions to strike class allegations], it is rare that the class allegations are stricken at the pleading stage." *Gallardo v. AT & T Nobility, LLC*, 937 F. Supp. 2d 1128, 1139 (N.D. Cal. 2013) (second alteration in original) (quoting *Clerkin v. MyLife.com, Inc.*, 2011 WL 3809912, at *3 n.4 (N.D. Cal. Aug. 29, 2011)); *see also Adv. Microtherm, Inc. v. Norman Wright Mech. Equip. Corp.*, 2004 WL 2075445, at *12 (N.D. Cal. Sep. 15, 2004) (explaining that the party seeking to strike class allegations "bears a heavy burden to persuade this Court to grant this disfavored motion"). Indeed, Judge Orrick has denied a similar motion to strike class allegations in another case involving the widespread theft of copyrighted works for use as training data for Generative AI Models. *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 878 (N.D. Cal. 2023).

Striking class allegations "on the pleadings, on the grounds that common questions either did not exist, or did not predominate over questions affecting individual class members. . . . [is] premature, and thus an abuse of discretion." *Wisdom v. Easton Diamond Sports, LLC*, 824 F. App'x 537, 538 (9th Cir. 2020). Consistent with Ninth Circuit precedent, courts in this District conclude that striking class allegations is appropriate only where it is clear from the face of the pleading that there is "no possibility that a class action can be maintained on the facts alleged or that certifying a class would be improper as a matter of law." *Gutierrez v. C&H Sugar, Inc.*, 2023 WL 7927771, at *7 (N.D. Cal. Nov. 15, 2023); *see also Huynh v. Jabil Inc.*, 2023 WL 1802417, at *7 (N.D. Cal. Feb. 7, 2023) ("[S]triking class allegations at the pleading stage is only appropriate where the defendant presents an argument that completely precludes certification of *any* class, not just the class currently defined in the complaint.") (emphasis added) (quoting *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 WL 1245130, at *15

(N.D. Cal. Mar. 16, 2020)). And it is plain from the face of the Consolidated Class Action Complaint, ECF No. 91 ("CAC"), that Plaintiffs have sufficiently alleged plausible class allegations. There is no authority that supports striking class allegations at the pleadings stage merely because a defendant *argues* that individualized issues will predominate—as Defendants do here. For that reason alone, Defendants' motion should be denied.

Defendants fail to cite a single copyright class action where the courts have granted a motion to strike at the pleadings stage outright. Rather, Defendants ask the Court to rely on counsel's arguments that licensing or other agreements *could* exist for certain works. These facts are nowhere in the CAC. Even if licensing or other agreements existed or were valid (which are also disputed facts), this would not justify striking all class allegations at the pleading stage. It is far from clear that a class could *never* be certified. Defendants have not shown that class certification would be impossible from the face of the CAC, as they need to in order to prevail.

Defendants' argument for a bifurcation of discovery is even further afield from a pleadings challenge. Indeed, it seems to be an admission that discovery should proceed. Bifurcation is impractical here because class and merits issues are intertwined. Given the "rigorous analysis" required for class certification, bifurcation often leads to discovery disputes, as defendants tend to withhold overlapping evidence. Defendants' own motion concedes that class certification will require the review of licensing agreements Defendants claim exist. Licensing agreements for training data, whether actual or attempted, would plainly be relevant to the issue of fair use, and specifically, the effect of Defendants' widescale theft of training data on the nascent or existing market for the licensing of copyrighted works as training data. Further, Defendants' training data and information about Defendants' AI systems and products, and how training is conducted, are at the heart of this litigation and central to class certification while also overlapping with merits discovery. Thus, Defendants' request to stay merit discovery should be denied upon this motion to strike and deferred until Defendants comply with their disclosure obligations.[1]

---

[1] The motion is also improper because Defendants were on notice that Plaintiffs would amend the class definition and did not confer with Plaintiffs about striking the allegations, prior to bringing it.

III.    **FACTUAL BACKGROUND**

Prior to the consolidation of *Leovy* and *Zhang*, ECF No. 73, Defendants did not challenge Plaintiffs' class definition. *Zhang*, ECF No. 24; *Leovy*, ECF Nos. 20, 33, 55. In connection with the December 18, 2024 case management conference, Defendants asserted that Plaintiffs' class had certification issues based on an *anticipated* affirmative defense about licenses with certain websites. ECF No. 93 ("CMC Tr.") at 19:10–20:10; ECF No. 83 at 2–3. But Defendants did not raise the issue in the parties' multiple conferences although Plaintiffs advised counsel that the definition would be amended. Plaintiffs included the following class definition in their CAC:

> All persons or entities who: (1) are domiciled in the United States; (2) own a valid copyright registration for one or more works under the Copyright Act; (3) whose exclusive rights under 17 U.S.C. § 106 in their registered works were infringed upon, under 17 U.S.C. § 501, by Google without license or authorization in order to train Google's Generative AI Models during the Class Period; and (4) held such copyright registration prior to Google's unauthorized use.

CAC ¶ 164. Upon receiving the CAC, Defendants did not seek to meet and confer with Plaintiffs on the class definition and instead filed a motion to strike, ECF No. 98 (the "Motion"). In an attempt to resolve these concerns without unnecessary motion practice, Plaintiffs met and conferred with Defendants and proposed an amendment to the class definition as follows:

> All persons or entities domiciled in the United States who owned a United States copyright in any work used by Google to train Google's Generative AI Models during the Class Period.

Declaration of Gregory Mullens ("Mullens Decl."), ¶ 4. This definition mirrors the language used in the *Leovy* and *Zhang* class definitions and updates them for consolidation. Despite that this is an easy fix, and despite Plaintiffs' concession to do so at the pleading stage—which is not required— Defendants refused to accept two different solutions to the fail-safe class issue. *Id.* ¶¶ 5, 7–8. They also refused to withdraw their request to bifurcate discovery and strike class allegations despite the fact that Defendants could have raised bifurcation or striking class allegations before Plaintiffs filed the CAC.

IV.    **ARGUMENT**

Under Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). While motions to strike are frowned upon generally, motions to strike class allegations have been met with even more

criticism—in the Northern District of California, motions to strike are not only highly disfavored but also procedurally improper. *E.g.*, *King v. Nat'l Gen. Ins. Co.*, 2021 WL 2400899, at *15 (N.D. Cal. June 11, 2021) (noting an "overwhelmingly negative view of such motions in this district"); *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 1048710, at *3 (N.D. Cal. Mar. 14, 2014) (denying motion to strike class allegations on the basis that Rule 12(f) is not the proper vehicle to dismiss class allegations and noting "Defendants' procedural misstep"). Rule 23 states the proper procedures for adjudicating class issues—as courts have held, "'a motion for class certification is a more appropriate vehicle' for arguments about class propriety." *Covillo v. Specialty's Café*, 2011 WL 6748514, at *6 (N.D. Cal. Dec. 22, 2011) (quoting *Hibbs-Rines v. Seagate Techs.*, *LLC*, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009)).

When a court considers a motion to strike, it "must view the pleadings in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A court must deny the motion to strike if there is any doubt whether the allegations sought to be struck might be relevant in the action. *Id.* at 965–66. At this stage, Plaintiffs need only show that the class allegations are plausible. *Gitson v. Trader Joe's Co*., 63 F. Supp. 3d 1114, 1116 (N.D. Cal. 2014). In the rare instances when courts have permitted such motions, it is because "any questions of law are clear and not in dispute, and . . . under **no set of circumstances** could the claim or defense [have] succeed[ed]." *Parducci v. Overland Sols., Inc.*, 399 F. Supp. 3d 969, 976 (N.D. Cal. 2019) (emphasis added) (quoting *In re iPad Unlimited Data Plan Litig.*, 2012 WL 2428248, at *2 (N.D. Cal. June 26, 2012)). Defendants' cases in favor of striking facially defective class allegations do not apply here. *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 882–83 (N.D. Cal. 2024) dismissed state subclass allegations because a product-based subclass was unrelated to plaintiff's data breach claims, while *Harris v. LSP Products Group, Inc.*, 2021 WL 2682045, at *15 (E.D. Cal. June 30, 2021), dismissed common law claims on behalf of a nationwide class without prejudice where the plaintiff failed to specify which states' laws applied.

The Ninth Circuit has upheld "the unremarkable proposition that often the pleadings alone will not resolve the question of class certification, and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc*., 571 F.3d 935, 941–42 (9th Cir. 2009) (distinguishing permissive

preemptive motions to deny class certification from denials of Rule 12 motions to strike class allegations prior to discovery or motions for class certification). While "a district court has discretion to limit pre-certification discovery, it abuses this discretion if it unreasonably deprives the plaintiff of an opportunity to develop his claims through discovery." *Wisdom*, 824 F. App'x at 538 (citing *Davidson v. O'Reilly Auto Enters., LLC*, 968 F.3d 955, 963 (9th Cir. 2020)); *see also Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010) ("Were we to read Rule 12(f) in a manner that allowed litigants to use it as a means to dismiss some or all of a pleading . . . , we would be creating redundancies within the Federal Rules of Civil Procedure, because a Rule 12(b)(6) motion . . . already serves such a purpose."). For good reason—"the class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978)).

## A.    Plaintiffs' Class Allegations Are Sufficient

Plaintiffs set forth sufficient class allegations for pleading purposes. Plaintiffs allege each element of Rule 23(a) as well as predominating common questions under Rule 23(b)(3). Plaintiffs' CAC alleges a common course of conduct that has violated their and class members' exclusive rights under the Copyright Act, namely, that Google infringed class members' copyrighted works on a massive scale by using their works without authorization to train its Generative AI Models. CAC ¶¶ 2, 11. Class members are sufficiently numerous—the numbers of copyrighted works used by Google number at least in the tens of thousands, if not millions. *Id.* ¶¶ 1–2, 121–30, 138–50, 166; Fed. R. Civ. P. 23(a)(1). Plaintiffs' claims are also typical—they allege that their works, and class members', were used as fuel for Google's Generative AI Models in violation of the Copyright Act. CAC ¶¶ 121–30, 138–50, 167; Fed. R. Civ. P. 23(a)(3). Plaintiffs are also adequate class representatives and have experienced the same harms as class members. CAC ¶ 168; Fed. R. Civ. P. 23(a)(4). Further, common questions predominate, such as whether Defendants' use of class members' copyrighted works violated class members' exclusive rights, or whether Defendants' conduct was willful. CAC ¶¶ 129–31, 151–57, 169; Fed. R. Civ. P. 23(a)(2), 23(b)(1)(b).

The strength of these allegations alone compels the Motion's denial. *See Wisdom*, 824 F. App'x at 538. As other courts in this District have observed, in order to prevail on a motion to strike class allegations at the pleading stage, a defendant must "present[] an argument that completely precludes certification of *any* class, not just the class currently defined in the complaint." *Huynh*, 2023 WL 1802417, at \*7 (emphasis added). And there are no such omissions in the CAC indicating that no class can be certified at the proper juncture (nor have Defendants identified any).

## B.    Defendants' Premature Rule 12(f) Motion to Strike Class Allegations Is Improper and Overbroad

### 1.    Defendants' Rule 12(f) Motion to Strike Class Allegations Is Premature.

Motions to strike class allegations are "rarely" granted at the pleadings stage because "the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case." *Brown v. DIRECTV, LLC*, 2014 WL 12599363, at \*2 (C.D. Cal. May 27, 2014) (quoting *Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1248 (E.D. Cal. 2013)). The "shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (quoting *Myers v. MedQuist, Inc.*, 2006 WL 3741210, at \*4 (D.N.J. 2006)). The Ninth Circuit has cautioned district courts against granting motions to strike class allegations where doing so would "unreasonably deprive[] the plaintiff of an opportunity to develop his claims through discovery." *Wisdom*, 824 F. App'x at 537 (reversing the district court's order striking class allegations on the pleadings because "[a]t this early stage, it was premature for the lower court to conclude that individual questions predominate"). "[T]he **better and more advisable practice** . . . is to afford the litigants an opportunity to present evidence as to whether a class action [is] maintainable." *Vinole*, 571 F.3d at 942 (emphasis added) (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)).

Courts in this District too take an "overwhelmingly negative view" of motions like the one here, and deny them as premature, especially before discovery has been taken. *King*, 2021 WL 2400899, at \*15; *see also Covillo*, 2011 WL 6748514, at \*6 (finding that motions to strike class allegations are disfavored because class certification is appropriately addressed at the class certification stage); *Thorpe v. Abbott Lab'ys., Inc.*, 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008) (similar); *Baas v. Dollar Tree*

1    *Stores, Inc.*, 2007 WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007) (denying to strike class allegations

2    because "discovery has not yet commenced and Plaintiffs have not yet moved to certify their class

3    pursuant to Rule 23"); *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, at *3 (N.D. Cal. Mar. 16,

4    2010) (declining to strike class allegations because "[t]his is not the rare case where the pleadings

5    indicate that the class requirements cannot possibly be met"); *In re Wal-Mart Stores*, 505 F. Supp. 2d

6    at 615–16 (denying motion to dismiss or strike class allegations prior to appropriate discovery, despite

7    "suspicious" class definition in the pleadings).

8         Copyright cases are no different. In that context, a plaintiff's claims do not need "to be factually

9    identical to the claims of the proposed class members and the [typicality] requirement may be satisfied

10   by showing that the claims arise from the same course of conduct and are based on the same legal

11   theory." *Keck v. Alibaba.com, Inc.*, 2018 WL 4181955, at *3 (N.D. Cal. Aug. 30, 2018) (denying

12   motion to strike class allegations at the pleading stage in a copyright case); *Herrick v. Shutterstock,*

13   *Inc.*, 2024 WL 1348754, at *8–10 (S.D.N.Y. Mar. 29, 2024) (denying motion to strike class allegations

14   at the pleading stage while noting that the class definition may raise fail-safe concerns); *Lightbourne*

15   *v. Printroom Inc.*, 2014 WL 12597108, at *8 (C.D. Cal. Sep. 8, 2014) (denying a motion to strike and

16   noting that, while defendant "might be correct that the issue of consent is not susceptible to common

17   proof, Plaintiff might also rebut this contention"). As *Keck* explains: "[D]iscovery may reveal that . . .

18   Defendants had a practice—for example, [permitting copyright violations]—that may expose them to

19   liability. Accordingly, the Court finds that it is premature to address at the pleading stage whether

20   Plaintiff can satisfy the typicality requirement" or the other requirements under Rules 23(a) and

21   23(b)(3). 2018 WL 4181955, at *3.

22        Here, as mentioned above, Plaintiffs have made on the face of their CAC each of the elements

23   of Rule 23. And further, common questions predominate, such as whether Defendants' use of class

24   members' copyrighted works was willful. *Id.* ¶¶ 129–31, 151–57, 169. These allegations set forth on

25   the face of the CAC are sufficient to sustain class treatment on the pleadings.

26        Nonetheless, Defendants argue that Plaintiffs' well-pled class allegations should be stricken,

27   going so far as to claim that striking class allegations at the pleadings stage is "routine." Motion at 8;

28   *but see Gardiner v. Walmart Inc.*, 2021 WL 2520103, at *10 (N.D. Cal. Mar. 5, 2021) (collecting cases

1  determining that "motions to strike are not the proper vehicle for seeking dismissal of class

2  allegations"). As an initial matter, there are a wealth of cases stating the opposite—that the granting of

3  motions to strike class allegations before discovery has commenced is "rare." *See, e.g.*, *Cruz v. Sky*

4  *Chefs, Inc.*, 2013 WL 1892337, at *6 (N.D. Cal. May 6, 2013) (collecting cases).

5         On the merits, the Motion still fails. Defendants introduce disputed facts in support of their

6  affirmative defenses, for which Defendants carry the burden of proof, and argue that licensing issues

7  may later prevent Plaintiffs from certifying their class. Motion at 5–7, 12–13. Courts have held that not

8  only should these extrinsic facts not be considered, but that "[t]his is sufficient reason to deny

9  Defendants' motion." *Boddie v. Signature Flight Support Corp.*, 2019 WL 3554383, at *3 (N.D. Cal.

10 Aug. 5, 2019); *see also Ragsdale v. Leadpoint, Inc.*, 2024 WL 4406984, at *1–2 (C.D. Cal. Aug. 5,

11 2024) (rejecting motion to strike class allegations where "Defendant advance[d] arguments that assume

12 facts outside the pleadings about the composition of the putative class"). In any event, at this stage, the

13 Court cannot make a legal determination as to the validity and application of Defendants' purported

14 licensing agreements, and Defendants have yet to produce *any* discovery in support of its licensing and

15 consent arguments.

16        Defendants' cases provide no basis to strike Plaintiffs' class allegations. Indeed, the great

17 majority of these cases were decided under Rule 23, after a full development of the factual record. *See,*

18 *e.g.*, *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir.

19 2022) (considering the "fail safe" class issue at class certification and noting, even then, that

20 "ultimately, the problem of a potentially 'over-inclusive' class 'can and often should be solved by

21 refining the class definition **rather than by flatly denying class certification** on that basis'" (emphasis

22 added) (quoting *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012))); *Ruiz*

23 *Torres v. Mercer Canyons Inc.*, 835 F.3d 1125 (9th Cir. 2016) (review of class certification decision);

24 *Kamar v. RadioShack Corp.*, 375 F. App'x 734 (9th Cir. 2010) (same); *Kihn v. Bill Graham Archives*

25 *LLC*, 2022 WL 18935, at *1–3 (9th Cir. Jan. 3, 2022) (same); *Angulo v. Providence Health & Servs. –*

26 *Wash.*, 2024 WL 3744258, at *7–8 (W.D. Wash. Aug. 9, 2024) (granting cross motion to strike *at class*

27 *certification* stage); *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 68–69

28 (S.D.N.Y. May 15, 2013) (denying plaintiffs' motion to certify class after discovery was conducted in

a copyright case); *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704, 728 (N.D. Cal. 2023) (same).

Defendants also cite *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978 (N.D. Cal. 2009), but that case arose in a very different context. *Sanders* is a case where class allegations failed because the claims at issue (fraudulent concealment and warranty claims) required individual reliance, which precluded class treatment. *Id.* at 991. But here, there is no question of reliance, and there are no individualized questions raised in Plaintiffs' CAC.

### 2.    Class Definition Issues Can be Addressed on Amendment, and Do Not Warrant What Amounts to a Dismissal with Prejudice.

#### i)    Even in the event of a fail-safe class, the Motion is premature and disfavored.

Even in situations where class definitions potentially implicate fail-safe classes, the prevailing weight of authority holds that "the procedural mechanism of a motion to strike is not the appropriate means for addressing a fail-safe problem." *Tinnin v. Sutter Valley Med. Found.*, 647 F. Supp. 3d 864, 874–75 (E.D. Cal. 2022) (collecting cases); *see also Gamez v. Toyota Motor Sales, U.S.A., Inc.*, 2024 WL 1971880, at *5–6 (E. D. Cal. May 3, 2024) (similar); *Vaccaro v. Altais*, 2023 WL 7003211, at *7 (C.D. Cal. Oct. 23, 2023) ("The argument that Plaintiff's class definition is impermissibly fail-safe is better suited for a motion to certify class."); *Whittaker v. Freeway Ins. Servs. Am., LLC*, 2023 WL 167040, at *6 (D. Ariz. Jan. 12, 2023) (similar); *Juarez v. Citibank, N.A.*, 2016 WL 4547914, at *5 (N.D. Cal. Sept. 1, 2016) (denying defendant's motion to strike class definition as "fail-safe" as premature at the pleading stage); *Miholich v. Senior Life Ins. Co.*, 2022 WL 410945, at *6 (S.D. Cal. Feb. 10, 2022) (same); *Moser v. Health Ins. Innovations, Inc.*, 2018 WL 325112, at *11 (S.D. Cal. 2018) (same); *Rennick v. NPAS Sols., LLC*, 2020 WL 244170, at *3 (C.D. Cal. Jan. 16, 2020) (same); *Donaca v. Metro. Life Ins. Co.*, 2014 WL 12597152, at *4 (C.D. Cal. Jan. 22, 2014) (same). The Court should likewise do so here.

Generally, issues regarding infirmities in class definitions, including so-called "fail-safe" class definitions, are more appropriately adjudicated on a Rule 23 motion based upon a fully developed factual record. *Gamez* is instructive. There, the court denied a motion to strike the fail-safe class definition because plaintiffs could "modify the class definition at a later stage in the proceedings" and "defendant does not explain why every redefinition would necessarily result in a fail-safe class, nor

why a motion to strike is the proper procedural vehicle by which to advance such an argument." 2024 WL 1971880, at *6. The same is true here—discovery has only just commenced, no documents have been produced, no depositions have been taken, Defendants have not filed an answer, and Plaintiffs have not filed a motion for class certification. Under settled legal principles, a potential "fail-safe" issue in a class definition, at the pleading stage, is no basis on which to grant the extraordinary relief Defendants seek: a conclusive determination that no class could ever be certified in this case. *See Tinnin*, 647 F. Supp. 3d at 874 (denying the defendant's motion to strike plaintiff's class definition as fail-safe despite "understand[ing] Defendant's concern in this regard" because "the procedural mechanism of a motion to strike is not the appropriate means for addressing a fail-safe problem") (collecting cases).

ii)  <u>Plaintiffs' proposed modifications cure any fail-safe issues.</u>

In the event of a fail-safe issue, modification of the class definition is preferable to striking class allegations. *See Herrick*, 2024 WL 1348754, at *8–10 (rejecting defendant's motion to strike where defendant argued the class definition was "fail-safe" because it relied on the absence of authorization or valid license). In *Herrick*, the plaintiff conceded that the proposed definition "*may* raise fail-safe concerns," but the court determined that modification of the class definition is preferable to striking class allegations. *Id.* at *9. The court denied the motion to strike and allowed the *Herrick* plaintiffs to proceed. *Id.* at *8–10.

Although Plaintiffs do not believe that notice in this case based on their proposed class definition is impossible (*i.e.*, that the definition will trigger the fail-safe issues), Plaintiffs proposed to Defendants an alternative class definition that alleviates all potential "fail-safe" problems. Plaintiffs proposed a class definition consisting of:

> All persons or entities domiciled in the United States who owned a United States copyright in any work used by Google to train Google's Generative AI Models during the Class Period.

Mullens Decl. ¶ 4.

This definition closely resembles the prior definitions proposed in *Leovy* and *Zhang,* which Defendants did not previously seek to strike. Plaintiffs' alternative proposed class definition does not suffer from fail-safe issues because membership in the proposed class does not require a finding of

1  Defendants' liability. Rather, class membership can be readily determined by objective criteria,

2  including: (1) whether the potential class member is domiciled in the United States, (2) whether the

3  potential class member owns a copyrighted work, and (3) whether Defendants used one or more of the

4  class member's copyrighted works to train its Generative AI Models during the Class Period. *See, e.g.*,

5  *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *8 (N.D. Cal. June 15, 2015) (rejecting a motion

6  to strike class allegations on fail-safe grounds because class membership was determinable by objective

7  criteria, including individual's presence on do-not-call list and receipt of phone calls); *Hughes v. Circle

8  K Stores, Inc.*, 740 F. Supp. 3d 721, 726–27 (C.D. Ill. 2024) (similar).

9      Importantly, not only can membership in Plaintiffs' proposed class be established by objective

10  criteria, but this class definition does not suffer from the defects that have culminated in courts granting

11  motions to strike class allegations in the cases Defendants cite. For example, it does not incorporate

12  statutory provisions or affirmative defenses like consent. *E.g.*, *Salaiz v. eHealthIns. Servs., Inc.*, 2023

13  WL 2622138, at *5–6 (N.D. Cal. Mar. 22, 2023) (striking with leave to amend where class definition

14  was tied to consent to receive calls); *Dixon v. Monterey Fin. Servs.*, 2016 WL 4426908, at *1–2 (N.D.

15  Cal. Aug. 22, 2016) (striking class definition because consent element rendered it fail-safe; agreeing

16  that alternate class definition proposed in plaintiff's opposition, which removed the consent element,

17  is not fail-safe; and granting leave to amend to address remaining issues); *Van Lith v. iHeartmedia +

18  Ent., Inc.*, 2016 WL 4000356, at *4–5 (E.D. Cal. July 25, 2016) (striking with leave to amend where

19  class definition was explicitly tied to a Labor Code provision); *Brazil v. Dell Inc.*, 585 F. Supp. 2d

20  1158, 1167 (N.D. Cal. 2008) (striking with leave to amend where the class was defined by products for

21  which defendant had "falsely advertised" price, upgrades, or rebates). Nor does this definition raise

22  dozens of complex factual issues for each class member. *E.g.*, *Kevari v. Scottrade, Inc.*, 2018 WL

23  6136822, at *7–10 (C.D. Cal. Aug. 31, 2018) (striking class allegations in employment discrimination

24  case that would require inquiry into actions of individual managers and employees, and disputed

25  employment decisions, at branches across the country—and where four subclasses failed to identify

26  the purported discriminating employer, positions at issue, or applicable time period, and there was no

27  viably pled cause of action that could support a nationwide class, among other issues); *Lautemann v.

28  Bird Rides, Inc.*, 2019 WL 3037934, at *6–7 (C.D. Cal. May 31, 2019) (striking class allegations where

trespass claims turned on whether class member had a possessory interest, there was an entry, the nature of it, the location of the property, etc.; and where nuisance claims turned on who created condition causing the nuisance, whether it interfered with class member's use or enjoyment of the property, the nature and extent of any such interference, etc.).

Plaintiffs have asked Defendants whether they would acquiesce to allowing Plaintiffs to amend to modify the class definition in the interests of judicial efficiency. Defendants refused. Notwithstanding Defendants' obstinance in permitting Plaintiffs to modify their class definition, the Court should deny Defendants' motion as in *Herrick*, and allow Plaintiffs to proceed given the alternative definition proposed by Plaintiffs, as opposed to imposing the "drastic and extreme remedy" of granting a motion to strike. *Kohler v. Big 5 Corp.*, 2012 WL 1511748, at *2 (C.D. Cal. Apr. 30, 2012); *see also Youssofi v. Allied Interstate LLC*, 2016 WL 29625, at *1 (S.D. Cal. Jan. 4, 2016) (similar).

### 3.   Defendants' Pleadings Stage Rule 12(f) Motion to Strike Class Allegations, Which Complains of "Individualized Issues," Is Not the Proper Vehicle for Challenging Class Certification.

Defendants also complain about "[f]undamental [p]roblems" with Plaintiffs' case and assert that "inherently individualized issues" will prevent a class from ever being certified, as further support for its motion to strike. Motion at 1–2, 14–15. According to Defendants, "[n]o matter how Plaintiffs purport to define their class," individualized issues will predominate such that any class is "doomed to fail." *Id*. at 2. But Rule 12(f) motions are not the appropriate vehicle through which to seek an early class determination based on mere arguments or beliefs about predominance concerns, something that Defendants are attempting to do here. *See Wisdom*, 824 F. App'x at 538 (reversing the district court's decision to strike the plaintiff's "class allegations on the pleadings, on the grounds that common questions either did not exist, or did not predominate over questions affecting individual class members" because the "determination was premature, and thus an abuse of discretion"); *see also Yastrab v. Apple Inc.*, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) (defendants' motion to strike class allegations based on Rule 23 requirements was better suited in response to a motion for class certification). In fact, Defendants' contentions about the purported individualized issues in this case, offered as a basis to grant its motion to strike, are exactly the sort of defense assertions about the

predominance of "individualized issues" that courts reject when considering and denying motions to strike class allegations at the pleading stage.

Defendants hinge their position on dicta from the *Schneider* class certification decision for the proposition that class certification is difficult in copyright cases due to individual issues. Motion at 15. But even there, the court cautioned against taking its statements too strongly: "This is not to say that certification of a copyright infringement class is per se impossible. The Court certainly does not hold that here." *Schneider*, 674 F. Supp. 3d at 717. Defendants have cited no copyright cases where, at the pleading stage, courts have stricken class allegations outright.

Other courts likewise deny motions to strike class allegations based on purported affirmative defenses which *may* create individualized issues. For instance, in *Roberts v. Wyndham Int'l, Inc.*, 2012 WL 6001459 (N.D. Cal. Nov. 30, 2012), the court rejected defendants' motion to strike based on their contention that "individual fact questions dominate," among other issues. *Id*. at *6. The Court noted that, while defendant made "several assertions about how unlikely it is that Plaintiff will be able to pass muster" in "showing that common questions dominate the individual fact determinations that may be required," the "Defendants' papers highlight that they really seek an early class certification determination, rather than merely striking class allegations." *Id.* at *7. The motion to strike was therefore deemed premature and denied. *Id.*; *see also Simpson v. Ramada Worldwide, Inc.*, 2012 WL 5988644, at *3 (N.D. Cal. Nov. 29, 2012) (denying motion to strike as premature where defendant argued plaintiff would not be able to show that common questions predominated over individualized issues); *Simpson v. Vantage Hosp. Grp., Inc.*, 2012 WL 6025772, at *7 (N.D. Cal. Dec. 4, 2012) (rejecting motion to dismiss or strike class allegations based on class certification requirements as premature).

Similarly, in *Gamez*, the court was confronted with a pleadings stage motion to strike where the defendant claimed a class definition was "overly broad" and "would require individualized inquiries into whether each class member could bring implied or express warranty claims." 2024 WL 1971880, at *5. The court denied the motion to strike, viewing the striking of class allegations as a "drastic remedy" and finding that discovery would help clarify the issues. *Id.* at *6.

Defendants' reliance on *Kihn* is also unavailing. *Kihn* concerned unique facts, and the court struggled with the plaintiffs' limitation of their class definition to "non-studio performances" to address defendant's licensing rights to in-studio recordings, because plaintiffs "did not specify which other performances would now be excluded." *Kihn v. Bill Graham Archives LLC*, 2022 WL 18935, at *2. Ultimately, plaintiffs confused the issue because defendants were known for recording live performances, which were recorded at "non studio" venues. *Id*. Plaintiffs' proposed class definition (described *supra*) does not pose such issues. Nevertheless, setting aside these distinguishing features of *Kihn*, it does support Plaintiffs' position that Defendants' fail-safe concerns are properly addressed by courts at the class certification stage. *Id*. at *2–3.

Thus, Rule 12(f) motions to strike are an improper vehicle through which to challenge class certification—which Defendants expressly do here. Just like the defendants in *Roberts*, *Ramada Worldwide*, and *Gamez*, Defendants' filing of a motion to strike class allegations based on predominance concerns, at the pleadings stage, is tantamount to seeking an "early class certification determination" before the case has even begun. *Roberts*, 2012 WL 6001459, at *7. Defendants' motion is procedurally improper and must be denied.

## C.    Defendants' Request to Stay Fact Discovery Should Be Denied

"A party seeking a stay of discovery carries a heavy burden of making a 'strong showing' why discovery should be denied." *Skellerup Indus. Ltd. v. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995) (quoting *Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975)). There is no basis to disrupt the Court's current schedule based on Defendants' argument, that discovery will be burdensome, where Defendants have yet to produce a single document. Motion at 16. Even if so, discovery tends to be burdensome in every class action, especially class actions involving Big Tech; and yet, that is not a reason to stay or bifurcate discovery. *See True Health Chiropractic, Inc. v. McKesson Corp.*, 2015 WL 273188, at *2 (N.D. Cal. Jan. 20, 2015) (separating merits and class discovery "raise[s] a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two.").

Defendants' request ignores the Supreme Court's landmark decision in *Wal-Mart Stores, Inc. v. Dukes*, requiring trial courts to engage in a "rigorous analysis" of Rule 23(a) requirements at class

certification, which often "entail[s] some overlap with the merits of the plaintiff's underlying claim" because the "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." 564 U.S. 338, 351 (2011). *See McEwan v. OSP Grp., L.P.*, 2016 WL 1241530, at *3 (S.D. Cal. 2016) (applying *Dukes* in ordering discovery of certain information, where defendant argued production was premature because it was not relevant to class certification). "In light of *Dukes* and the 'rigorous analysis' requirement for class certification, many courts 'are reluctant to bifurcate class-related discovery from discovery on the merits.'" *Ahmed v. HSBC Bank USA, N.A*., 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018) (quoting *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 299–300 (S.D.N.Y. 2012)) (collecting cases). This is so "because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." *Id*.; *see Munoz v. PHH Corp.*, 2016 WL 10077139, at *4 (E.D. Cal. Feb. 11, 2016) ("Courts have repeatedly acknowledged that there is no clear-cut division between discovery that relates to class certification and discovery that relates to the merits."). Defendants' single cited case in support of their bifurcation request, *Valentine v. Crocs, Inc*., did not even bifurcate or phase discovery (which Defendants admit), and the basis for denying plaintiffs' request to compel additional documents in *Valentine* distinctly differs from the case here—where Defendants have not produced any documents at all. 2024 WL 1636716, at *4–5 (N.D. Cal. Apr. 15, 2024) (defendant had already produced documents and data, and plaintiffs did not explain why those documents were insufficient).

At the case management conference, Plaintiffs had proposed specific deadlines/phasing of discovery, with strict dates for compliance with such phasing, and yet Defendants refused—for an obvious reason: Defendants want to control the evidence they wish to produce. Bifurcation or stay of the merits discovery will only cause further delay and motion practice on every piece of information that Defendants will self-determine as unnecessary for class certification.

Among the matters the court may consider in deciding whether to bifurcate are: (1) the overlap between the two categories of discovery, (2) whether bifurcation will promote Rule 23's requirement that class certification be decided at "an early practicable time," (3) judicial economy, and (4) "any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *True Health*

*Chiropractic*, 2015 WL 273188, at *1 (citing 1 McLaughlin on Class Actions § 3:10 (11th ed. 2014)). Considering these factors, there is no basis at this juncture to bifurcate discovery, as Defendants request.

First, as it pertains to Factor 1, Defendants' motion demonstrates the overlap between class and merit discovery. For example, Defendants contend that their affirmative defenses on the merits may affect or narrow the class definition. If so, during class discovery, Plaintiffs will need to understand the factual and evidentiary basis of Defendants' affirmative defenses, together with training data, information concerning Defendants' systems and products, and other similar information that is needed for both merits and class certification. It is hard to imagine how Plaintiffs could assess purported licensing agreements without training data—which contains the various works on which Google had infringed. Defendants' papers do not meaningfully explain the difference between merit and class discovery in this case either, which makes sense because "the line between 'class certification discovery' on the one hand, and 'pure merits' discovery on the other, can be difficult to discern." *Id.* at *2. Here, without any discovery, blindly bifurcating discovery "could raise a slew of issues as to what discovery relates to the class, as opposed to the named plaintiffs, thereby causing additional litigation regarding the distinction between the two." *Id*. This factor weighs against bifurcation.

Factors 2 and 3 also weigh against bifurcating discovery. Courts caution against "forcing an artificial and ultimately wasteful division between 'certification discovery' and 'merits discovery.'" *Blair v. Assurance IQ LLC*, 2023 WL 6622415, at *7 (W.D. Wash. Oct. 11, 2023) (quoting Fed. R. Civ. P. 23(c)(1)(A) advisory committee's note to 2003 amendment). They recognize that bifurcation "would delay rather than advance the class certification determination and would not promote Rule 23(c)(1)(A)'s requirement that certification occur '[a]t an early practicable time[.]'" *Id.* (alterations in original). Class certification is scheduled for August 2025, which amounts to an "early practicable time," and the end of fact discovery is only a few months later in October 2025. The Court has already set forth a workable and expeditious litigation schedule. Bifurcating discovery with the current schedule would necessarily result in disputes over whether documents are to be produced during the merits or class discovery phases, and inevitably will lead to delays, evidentiary gaps, and the waste of the parties' and the court's resources in addressing unnecessary motion practice. *Carey v. J.A.K.'s*

*Puppies, Inc.*, 2024 WL 5374932, at \*3–4 (C.D. Cal. June 6, 2024) (denying bifurcation because "[j]udicial economy would best be served by expeditious resolution of the case, without the extended discovery disputes that may result from bifurcation"). As one court noted, "[b]ifurcated discovery fails to promote judicial economy when it requires 'ongoing supervision of discovery.' If bifurcated, this Court would likely have to resolve various needless disputes that would arise concerning the classification of each document as 'merits' or 'certification' discovery." *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 258 F.R.D. 167, 174 (D.D.C. 2009) (citation omitted) (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 41 (N.D. Cal. 1990)).

Finally, Factor 4 weights against bifurcation. The case has just begun, and Plaintiffs have a right to obtain discovery on their claims. Mere assertions made by Defense counsel about the burdens of conducting fact discovery, without more, and raised improperly in a motion to strike class allegations, is insufficient to overcome the prejudice that Plaintiffs would suffer should their right to discovery be limited at this juncture. Plaintiffs would suffer prejudice resulting from evidentiary gaps, the inability to obtain the necessary discovery, and ultimately, delayed proceedings. Importantly, this case does not involve a situation where the copyright infringement claim will be dismissed prior to summary judgment—and as such, merit discovery is inevitable, the staying of which "will needlessly duplicate at least two lengthy steps in this litigation: discovery and dispositive motions practice." *Blair*, 2023 WL 6622415, at \*8.

## V.    **CONCLUSION**

Defendants' motion should be denied because it is premature, and such a drastic measure would essentially prevent Plaintiffs from developing the necessary factual record in this case. Defendants have not established that Plaintiffs cannot re-define the class allegations at a later stage, nor that, as a matter of law, it will be impossible to certify Plaintiffs' proposed class. Therefore, Plaintiffs request that the Court deny Defendants' premature motion to strike class allegations and request to bifurcate discovery. If the Court is inclined to grant Defendants' motion to strike, Plaintiffs request leave to amend, which they are prepared to do expeditiously. *Risby v. Hawley*, 2024 WL 217827, at \*1 (N.D. Cal. Jan. 19, 2024) ("[A] court should grant leave to amend unless amendment would be futile.").

Dated: February 7, 2025

By: _____/s/ Lesley E. Weaver_____
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 797-2617
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

By: _____/s/ Joseph R. Saveri_____
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan A. Creutz (SBN 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:      (415) 500-6800
Facsimile:      (415) 395-9940
Email:          jsaveri@saverilawfirm.com
                czirpoli@saverilawfirm.com
                cyoung@saverilawfirm.com
                eabuchanan@saverilawfirm.com
                ecreutz@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

Matthew Butterick (SBN 250953)
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone:      (323) 968-2632
Facsimile:      (415) 395-9940
Email:          mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Eura Chang (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:      (612) 339-6900
Facsimile:      (612) 339-0981
Email:          bdclark@locklaw.com
                lmmatson@locklaw.com
                aswagner@locklaw.com
                echang@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
Tiara Avaness (SBN 343928)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone:      213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Tel. (213) 788-4050
tcowan@clarksonlawfirm.com

Boston, MA 02110
Telephone:      (617) 456-7701
Email:          sjteti@locklaw.com

*Additional Counsel for Individual and Representative Plaintiffs and the Proposed Class*

1

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

2

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained

3

from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

4

Executed this 7th day of February, 2025, at Oakland, California.

5

6

*/s/ Lesley E. Weaver*
Lesley E. Weaver

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28