```
 1  DAVID H. KRAMER, SBN 168452
    Email: dkramer@wsgr.com
 2  MAURA L. REES, SBN 191698
    Email: mrees@wsgr.com
 3  WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
 4  650 Page Mill Road
    Palo Alto, CA 94304-1050
 5  Telephone: (650) 493-9300

 6  ERIC P. TUTTLE, SBN 248440
    Email: eric.tuttle@wsgr.com
 7  WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
 8  701 Fifth Avenue, Suite 5100
    Seattle, WA 98104-7036
 9  Telephone: (206) 883-2500

10  Counsel for Defendants
    GOOGLE LLC AND ALPHABET INC.
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF MATERIALS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED COMPLAINT**<br><br>Judge: Hon. Eumi K. Lee |

**REPLY**

Plaintiffs do not dispute that the Court may and should take judicial notice of certified copyright registration documents from the U.S. Copyright Office. ECF No. 97 ("Huang Decl."), Exs. 1-3. Because those documents are suitable for judicial notice, ECF No. 96 ("Request for Judicial Notice") at 2-3, and because the request is unopposed, Defendants respectfully request that the Court take judicial notice of those exhibits.

As to the remaining exhibits for which Defendants request judicial notice, Plaintiffs do not dispute their authenticity or accuracy—nor could they, given that they are publicly-accessible web pages (Huang Decl., Exs. 4-6), and a public filing kept by the Securities and Exchange Commission (Huang Decl., Ex. 7). Contrary to what Plaintiffs contend, introduction of these exhibits does not create factual disputes because the only disputes related to these exhibits—such as whether posts on social media platforms like X are considered publication under the Copyright Act, or whether previously published material are covered by compilation registrations—are purely legal. There is and can be no dispute about what the materials say. Judicial notice of these exhibits is therefore proper.

**I.   The Court Should Judicially Notice Plaintiff Sarah Andersen's X Posts.**

"In general, websites and their contents may be judicially noticed." *Hirlinger v. WP Co.*, 2024 WL 2941630, at *2 (N.D. Cal. June 10, 2024) (collecting cases). Materials such as Andersen's posts on the social media website X (Huang Decl., Exs. 4-6) are judicially noticeable because "they are capable of accurate and ready determination, their contents are easily verifiable, and they can be accessed by anyone who" visits the URLs included in the exhibits. *Hirlinger*, 2024 WL 2941630, at *2 (cleaned up).

Defendants sought judicial notice of Andersen's X posts to demonstrate the indisputable fact "that Plaintiff Sarah Andersen publicly shared the content of these posts on X on the date reflected in those posts." Request for Judicial Notice at 4. And Plaintiffs do not dispute that fact.[1]

---

[1] Plaintiffs rely on *Murj, Inc. v. Rhythm Mgmt. Grp., Inc.*, where the defendant argued that it did not breach a contract with a software company by using confidential information obtained pursuant to the contract, because the alleged confidential information was already publicly disclosed. 2022

(continued...)

Instead, they claim that it was improper for Defendants to use the fact "to draw an inference that [Andersen's] works were 'published'" by virtue of being posted on X. Opp. 3. But Defendants do not seek that "inference." They ask the Court to address a pure question of law—whether the undisputed (and undisputable) posting of the material on X constitutes "publication" under the Copyright Act. As Defendants show in their briefing, the nature of social media and X's terms of service, establish publication as a matter of law, under relevant legal authority and the Copyright Office Compendium. *See* ECF No. 109 at 4-5; United States Copyright Office, *Compendium of U.S. Copyright Office Practices* (3d ed. Jan. 28, 2021) § 1906.1 ("[p]ublication occurs when copies of a photograph are offered to clients, including but not limited to … ***websites with a license permitting further distribution or display of the photograph***") (emphasis added); *Brunson v. Cook*, 2023 WL 2668498, at *11-14 (M.D. Tenn. Mar. 28, 2023). Defendants are not seeking judicial notice of the legal consequence that flows from the indisputable fact of Andersen's postings on X, only the fact of the postings themselves.

## II. The Court Should Consider Alphabet's Form 10-K Because It Is Judicially Noticeable and Because It Was Incorporated By Reference In the Complaint.

Plaintiffs also resist, despite their citing and quoting it in their Complaint, the Court's consideration of Alphabet Inc.'s January 30, 2024 Form 10-K. Huang Decl., Ex. 7. Again, their arguments are without merit.

***Judicial Notice.*** Plaintiffs cannot and do not challenge the authenticity or accuracy of Alphabet's filing with the Securities and Exchange Commission, which is plainly a "matter[] of public record not subject to reasonable dispute." *SEC v. Prakash*, 718 F. Supp. 3d 1098, 1105 (N.D. Cal. 2024); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (noting that SEC filings are subject to judicial notice). Plaintiffs instead accuse Defendants of using the 10-K to raise factual "disputes" with respect to the allegations in the Complaint. Opp. 2. But Plaintiffs

---

WL 3589574, at *2-3 (N.D. Cal. Aug. 22, 2022). But unlike in *Murj*, Plaintiffs here do not identify any contested facts such as "what information was disclosed (if any), the significance of any such information, and the role that information has relative [to] creating [defendant's competing software]." *Murj, Inc. v. Rhythm Mgmt. Grp., Inc.*, No. 5:21-cv-00072-EJD (N.D. Cal. Jan. 21, 2022), ECF No. 51 at 4.

identify nothing from the 10-K that is in dispute. While Plaintiffs note that Defendants cite the 10-K as demonstrating that Alphabet "is a stock holding company with no operations of its own," Mot. 3, they do not actually dispute this proposition. Plaintiffs nowhere contend that Alphabet has any operations of its own. Even in opposing judicial notice of the 10-K, Plaintiffs note that their vicarious infringement claim concerns "Alphabet's role and oversight over *Google's* operations." Opp. 2 (emphasis added). There simply is no factual dispute about the 10-K.

***Incorporation by Reference.*** Plaintiffs acknowledge that incorporation is proper if a "plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." Opp. 4 (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). And they do not dispute that their Complaint refers to and relies upon Alphabet's 10-K. CAC ¶ 107 & nn.13-14. The most Plaintiffs can muster is that their Complaint does not rely "*heavily*" on it. Opp. 5. But that assertion rings hollow when the 10-K is important enough to Plaintiffs' claim that they ***quote it*** in their opposition to Defendants' motion to dismiss. *See* ECF No. 103 at 15 (quoting CAC ¶ 107, which is quoting Alphabet's 10-K). While the "mere mention of the existence of a document [in a complaint] is insufficient to incorporate the contents of a document," Plaintiffs here have done far more than simply mention the 10-K in passing. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see also*, *e.g.*, *Cross v. RLI Ins. Co.*, 717 F. Supp. 3d 869, 872 n.2 (N.D. Cal. 2024) (incorporation proper when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"). Accordingly, the Court should consider the 10-K on which Plaintiffs chose to rely in the CAC as incorporated by reference.

* * *

Defendants respectfully request that the Court consider Exhibits 1-7 to the Request for Judicial Notice in connection with Defendants' Motion to Dismiss.

Respectfully submitted,

Dated: February 21, 2025

By: */s/ Maura L. Rees*
David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.