| | |
|---|---|
| 1 | DAVID H. KRAMER, SBN 168452 |
| | Email: dkramer@wsgr.com |
| 2 | MAURA L. REES, SBN 191698 |
| | Email: mrees@wsgr.com |
| 3 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 4 | 650 Page Mill Road |
| | Palo Alto, CA 94304-1050 |
| 5 | Telephone: (650) 493-9300 |
| 6 | ERIC P. TUTTLE, SBN 248440 |
| | Email: eric.tuttle@wsgr.com |
| 7 | WILSON SONSINI GOODRICH & ROSATI |
| | Professional Corporation |
| 8 | 701 Fifth Avenue, Suite 5100 |
| | Seattle, WA 98104-7036 |
| 9 | Telephone: (206) 883-2500 |
| 10 | *Counsel for Defendants* |
| | GOOGLE LLC AND ALPHABET INC. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation*, | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DECLARATION OF PAUL J. SAMPSON IN SUPPORT OF DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Judge:   Hon. Eumi K. Lee |

I, Paul J. Sampson, declare as follows:

1. I am an attorney duly licensed to practice before this Court. I am Of Counsel at the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel for Defendants Google LLC ("Google") and Alphabet Inc. (together with Google, "Defendants") in this matter. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2. On January 17, 2025, Defendants filed a Motion to Strike Class Allegations, ECF No. 98 ("Motion" or "Mot."). Defendants explained in the Motion that, despite this Court's December 6, 2024 order directing Plaintiffs to "disclose all new parties, new claims, and new allegations not included in" their previous complaints, ECF No. 77 at 2, "Plaintiffs did not disclose any intention to modify their proposed class definition," Mot. 4. Rather, "in response to Google's specific questions on the subject, Plaintiffs' counsel stated that Plaintiffs expected the class definition to closely mirror the definition used in the *Leovy* complaint." *Id.* at 4-5.

3. Plaintiffs filed their Opposition to Defendants' Motion to Strike Class Allegations, ECF No. 105 ("Opposition"), on February 7, 2025. In support of the Opposition, Plaintiffs concurrently filed the Declaration of Gregory S. Mullens in Support of Plaintiffs' Opposition to Defendants' Motion to Strike Class Allegations, ECF No. 106 ("Mullens Declaration"). The Mullens Declaration states that, following a meet and confer on December 6, 2024, "counsel for Defendants called Plaintiffs' counsel to ask whether Plaintiffs would be amending their class definition," and that "Plaintiffs' counsel confirmed that the class definition would be amended to reflect consolidation of the *Leovy* and *Zhang* matters." *Id.* ¶ 3.

4. That is incorrect, or at least incomplete and misleading. During the December 6, 2024 meet-and-confer call, in which I participated, Plaintiffs did not disclose that they intended to amend the class definition. In fact, Plaintiffs did not mention the class definition at all during the meet-and-confer call at which they had been ordered to disclose all new parties, new claims, and new allegations not included in the *Leovy* or *Zhang* complaints.

5. A few minutes after the December 6, 2024 meet and confer ended, I called Laura Matson, Plaintiffs' counsel at Lockridge Grindal Nauen PLLP. During that separate call, I

1. specifically asked Ms. Matson if Plaintiffs would be amending their class definition. Ms. Matson stated that Plaintiffs expected the class definition would look like the definition Plaintiffs had used in the previous *Leovy* complaint. Mr. Mullens was not on this call.

6. The Parties subsequently exchanged emails in furtherance of their meet-and-confer efforts. On December 13, 2024, the Parties met and conferred again, "this time to discuss Google's anticipated bases for moving to dismiss the consolidated amended complaint" as directed by the Court. ECF No. 77 at 2. At no point before or during this meet-and-confer call did Plaintiffs disclose any intention to significantly alter their proposed class definition or to propose a fail-safe class. Defendants still had no idea that Plaintiffs were contemplating such changes.

7. The issue of Plaintiffs' planned new definition did not come up at the December 18, 2024 Case Management Conference in this matter because Plaintiffs had never mentioned the new definition to Defendants.

8. Defendants first learned of Plaintiffs' substantially revised, fail-safe class definition when Plaintiffs filed and served their Consolidated Amended Complaint on December 20, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 21, 2025, at Salt Lake City, Utah.

By: */s/ Paul J. Sampson*
Paul J. Sampson
psampson@wsgr.com

**SIGNATURE ATTESTATION**

I, Eric P. Tuttle, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ Eric P. Tuttle*
    Eric P. Tuttle