UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Google Generative AI Copyright Litigation. | Case No. 23-cv-03440-EKL (SVK)<br><br>**ORDER RE PROTECTIVE ORDER AND ESI ORDER**<br><br>Re: Dkt. No. 113 |

Before the Court is the Parties' Joint Submission regarding a proposed Protective Order (Dkt. 113-3) and a proposed ESI Order (Dkt. 113-1). First, the Court commends the Parties for their meet and confer efforts to date. In AI cases in particular, the Protective Order and ESI Order present a multitude of issues that require hard work and substantial compromise to move forward with the litigation, and the Court appreciates the Parties' efforts in this regard. As for the disputes presented, having considered the Parties' arguments and respective proposals and well as the relevant statutes and case law, the Court determines these issues may be resolved without oral argument. Civ. L.R. 7-1(b).

The Court rules on the Protective Order issues below. **No later than April 9, 2025**, the Parties are to submit a clean Protective Order, reflecting the rulings below, for this Court's signature. The Court's rulings on the ESI issues are set forth in Attachment A. There is one open issue for which the Court directs further meet and confer efforts by the Parties. *See* Attachment A at pp. 3-4. **No later than April 9, 2025**, the Parties are to submit either a clean ESI Order for the Court's signature reflecting the Court's rulings and their agreement on the open issue or a short joint statement as directed in Attachment A.

### PROTECTIVE ORDER RULINGS

**Section 2.17: Definition of Source Code**

The definition of source code as provided in this District's Model Order and proposed by Defendants includes "associated" materials only to the extent that they "*define or otherwise*

*describe <u>in detail</u>* the algorithms or structure of software or hardware designs." (Emphasis added.) Plaintiffs propose a narrower definition along with inclusive and exclusive examples, the latter of which are described as "[a] document that merely quotes or cites filenames . . . without reproducing any lines of source code is not a Source Code Document . . . ." Plaintiffs also specifically exclude "training data" and "README files."[1] To a certain extent, the proposed definitions are not incompatible: Defendants seek to include associated materials that reflect detailed descriptions of algorithms, software structures or hardware designs, and Plaintiffs seek to exclude materials that merely quote or cite file names, etc. With these parameters in mind, along with the well-known need to adequately protect source code without undue restrictions on discovery, the Court **MODIFIES** the Parties' proposed language as follows:

> Source code includes computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs. A document that merely quotes or cites filenames, line numbers, directory names, module names, class names, parameter names, variable names, function names, method names, and/or procedure names (e.g., for notetaking or identification purposes) without reproducing any lines of source code is not a Source Code Document.

**Section 12.6: Export control**

The Court does not find that Defendants' proposed language, as a blanket provision, is proportional to the needs of the litigation as it is highly likely to lead to over-designation. Therefore, the Court **ADOPTS** Plaintiffs' proposal of omitting this section, without prejudice to

////
////
////
////

---

[1] The Parties have agreed to a definition of "training data" and are continuing to meet and confer as to the proper means of discovery. Dkt. 113-2 at 3-4. README files are not defined, and in the Court's experience can vary greatly in level of detail.

1  Defendants raising a particular need as to specific documents subject to the arduous restrictions
2  relating to controlled technical data.
3  **SO ORDERED.**
4  Dated: April 3, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge