Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan A. Creutz (State Bar. No. 349728)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:    (415) 500-6800
Facsimile:    (415) 395-9940
Email:        jsaveri@saverilawfirm.com
              czirpoli@saverilawfirm.com
              cyoung@saverilawfirm.com
              eabuchanan@saverilawfirm.com
              ecreutz@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel on Signature Page]*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

*In re Google Generative AI Copyright Litigation*

Master File Case No. 5:23-cv-03440-EKL-SVK
Consolidated Case No. 5:24-cv-02531-EKL-SVK

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR RELIEF FROM JOINT STATEMENT FILING REQUIREMENT RELATED TO THE PARTIES' DISCOVERY DISPUTE OVER PLAINTIFFS' RULE 30(B)(6) DEPOSITION REQUEST**

Referral:    Hon. Susan van Keulen, U.S.M.J.

## I.    INTRODUCTION

Pursuant to Civil Local Rule 7-11 pertaining to motions for administrative relief and the Hon. Susan van Keulen's Standing Order for Civil Cases, Plaintiffs respectfully seek relief from the joint filing requirement for discovery disputes so Plaintiffs can place their request for a shortened and scoped Rule 30(b)(6) deposition in front of the Court without further delay by Google. Good cause exists for permitting Plaintiffs to file their portion of the joint statement ("Plaintiffs' Proposed Statement"), attached hereto as Exhibit 1 to the Declaration of Gregory S. Mullens ("Mullens Decl."). Google has refused to engage in a briefing process with a quick turnaround, stating that there is "no urgency," and further refused to engage in a mutual, simultaneous exchange which it has agreed to for another discovery dispute. Instead, Google has demanded an extended, multi-sequenced briefing process which unduly delays Plaintiffs' ability to present this dispute to the Court and—in light of the tight schedule in this case—unfairly prejudices Plaintiffs by denying them timely access to information critical to their motion for class certification. Given Defendants' insistence on drawing out what should be a straightforward joint filing, good cause exists for permitting Plaintiffs to file its portion of the joint statement, to which Google will have the opportunity to respond.

## II.    RELEVANT BACKGROUND

Plaintiffs served initial requests for production of documents on January 17, 2025, which included their request for production of training data for Google's generative AI models. On January 28, 2025, Plaintiffs served a Notice of Deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), which, among other things, sought testimony on Defendants' AI training data, including *inter alia* how data and datasets were accessed, processed, and curated for Google's generative AI models; Google's knowledge of copyrighted material in training data; internal approval policies for dataset usage; and the dataset origins, modifications and specifications. *See* Exhibit A to Plaintiffs' Proposed Statement. On February 24, 2025, Google responded to Plaintiffs' Notice of Rule 30(b)(6) deposition and objected on the bases of burden and overbreadth, including as to the topics related to training data. *See* Exhibit B to Plaintiffs' Proposed Statement.

Since February 28, 2025, the Parties have conducted over a dozen meet and confers on Plaintiffs' discovery requests, including three meet and confers devoted to Plaintiffs' Rule 30(b)(6) deposition notice.

During these meet and confers, Plaintiffs have compromised to move discovery forward by identifying twelve categories of documents for prioritized production, including production of training data, and deferring negotiation on certain requests. Defendants have yet to produce any training data or a single priority document.

Defendants have proposed producing only "exemplary data" used in "relevant" generative AI models. Because Defendants have refused to share any substantive information regarding the size or makeup of both the requested training data and proposed exemplary data productions, Plaintiffs have been unable to meaningfully consider Defendants' offer to produce only a subset of training data. In an effort to efficiently obtain information necessary to evaluate Defendants' proposal and further negotiate production of training data, Plaintiffs again proposed a compromise, offering to defer discussion of most of the noticed 30(b)(6) topics, and to instead proceed within two weeks with a targeted 90-minute 30(b)(6) deposition on training data to facilitate the Parties' negotiation on production of training data. *See* Mullens Decl. ¶ 5; Exhibit C to Plaintiffs' Proposed Statement.

On March 21, 2025, Defendants sent Plaintiffs a letter stating their refusal to prepare a witness for 30(b)(6) deposition. On March 25, 2025, Plaintiffs responded with correspondence detailing Defendants' deficient discovery responses, including as to Plaintiffs' proposed 30(b)(6) deposition, and asking Google to reconsider its refusal to engage in cooperative discovery. Mullens Decl. ¶ 7. With no change in position offered by Google, on March 31, 2025, Plaintiffs proposed a schedule for briefing the Parties' positions regarding the training data 30(b)(6) deposition, proposing a simultaneous exchange of positions on April 2 at 5 p.m. PT, with a subsequent exchange of revisions on April 4, 2025 at 3 p.m., with a joint filing on 5 p.m. *See id.* ¶ 8. Defendants refused to agree to a mutual exchange, insisting instead upon five business days **or more** to respond to Plaintiffs' brief, stating that there is "no urgency." *Id.* ¶ 9. Plaintiffs again proposed an equitable mutual exchange procedure on April 2, 2025, asking Google to identify a date on which they would agree to exchange positions. *Id.* ¶ 10. Defendants again refused, demanding five business days to respond to Plaintiffs' position, and an additional two business days to respond to Plaintiffs' revisions. *Id.* ¶ 11. Plaintiffs again encouraged Defendants to agree to a schedule for jointly exchanging positions on the 30(b)(6) deposition and, for a third time, Defendants refused. *Id.* ¶¶ 11–12. As such, Plaintiffs now ask the Court to grant their request for relief from the joint statement filing requirement.

### III.    ARGUMENT

Defendants have sought an unreasonably protracted schedule for the Parties to brief the discrete topic of a targeted 30(b)(6) deposition—a topic on which the Parties have already met and conferred and corresponded numerous times, the resolution of which dispute is critical for the Parties to progress in negotiating production of Google's training data. Given time constraints, Plaintiffs cannot accommodate Defendants' unreasonable and inequitable demands to delay the submission of this ripe discovery dispute to the Court. Accordingly, Plaintiffs request leave to file their portion of the joint statement, attached hereto as Exhibit 1 to the Mullens Declaration.

Google's attempt to draw out the schedule for preparation of a joint statement is neither efficient nor necessary. The Parties have been meeting and conferring for weeks with respect to the 30(b)(6) deposition sought by Plaintiffs—the Parties are well-familiar with each other's positions. There is no need for a party to take five or more days to draft their portion of a joint letter statement. Indeed, other Magistrate Judges in this district expect a letter brief to be completed and submitted within five days of the issue becoming ripe. *See, e.g.*, General Standing Order of Judge Robert M. Illman, ¶ 4(a) ("Within five (5) business days of the meet and confer session, the parties shall file a joint letter."); Standing Order for Magistrate Judge Sallie Kim at 5 ("After meeting and conferring as set forth above, the parties shall draft and file a jointly signed letter within five (5) business days[.]"); Standing Order for Magistrate Judge Donna M. Ryu ¶ 14 ("If disagreements remain, the parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court."); Standing Order for Magistrate Judge Virginia K. DeMarchi at 3 ( ". . . the parties shall jointly submit a letter to the Court no later than 5 court days after the conference of lead counsel, unless the disputing parties agree to extend that deadline."). Google has proceeded under a mutual exchange and swift filing schedule in this and other matters in this district, and has provided no explanation as to why for this dispute it needs five days or more merely to prepare their section of a joint statement.

Defendants will not suffer any prejudice from the Court excusing Plaintiffs from its joint statement filing requirement. They will still have an opportunity to respond. But Defendants should not be encouraged to draw out what should be a simple and speedy presentation of ripe discovery disputes to the Court. *See* Fed. R. Civ. P. 1.

1    **IV.    CONCLUSION**

2          For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' request to

3    file their proposed discovery dispute statement, that the statement be deemed filed on April 7, 2025, and

4    that Defendants shall file their response within three (3) days from the date of entry of the Court's Order

5    granting Plaintiffs' requested relief.

6

7    Dated: April 7, 2025

8

9    By:    _____/s/ Lesley E. Weaver_____          By:    _____/s/ Joseph R. Saveri_____
     Lesley E. Weaver (SBN 191305)                    Joseph R. Saveri (State Bar No. 130064)

10   Anne K. Davis (SBN 267909)                        Cadio Zirpoli (State Bar No. 179108)
     Joshua D. Samra (SBN 313050)                      Christopher K.L. Young (State Bar No. 318371)

11   **BLEICHMAR FONTI & AULD LLP**                    Elissa A. Buchanan (State Bar No. 249996)
     1330 Broadway, Suite 630                          Evan A. Creutz (State Bar. No. 349728)

12   Oakland, CA 94612                                 **JOSEPH SAVERI LAW FIRM, LLP**
     Tel. (415) 445-4003                               601 California Street, Suite 1505

13   lweaver@bfalaw.com                                San Francisco, CA 94108
     adavis@bfalaw.com                                 Telephone:      (415) 500-6800

14   jsamra@bfalaw.com                                 Facsimile:      (415) 395-9940
                                                       Email:          jsaveri@saverilawfirm.com

15   Gregory S. Mullens (admitted *pro hac vice*)                      czirpoli@saverilawfirm.com

16   **BLEICHMAR FONTI & AULD LLP**                                    cyoung@saverilawfirm.com
     75 Virginia Road, 2nd Floor                                       eabuchanan@saverilawfirm.com

17   White Plains, NY 10603                                            ecreutz@saverilawfirm.com
     Tel. (415) 445-4006

18   gmullens@bfalaw.com

19

20                              *Plaintiffs' Interim Co-Lead Counsel*

21   Matthew Butterick (State Bar No. 250953)          Ryan J. Clarkson (SBN 257074)
     **BUTTERICK LAW**                                 Yana Hart (SBN 306499)

22   1920 Hillhurst Avenue, #406                       Tiara Avaness (SBN 343928)
     Los Angeles, CA 90027                             Mark I. Richards (SBN 321252)

23   Telephone:     (323) 968-2632                     **CLARKSON LAW FIRM, P.C.**
     Facsimile:     (415) 395-9940                     22525 Pacific Coast Highway

24   Email:         mb@butericklaw.com                 Malibu, CA 90265
                                                       Telephone:     213-788-4050

25   Brian D. Clark (admitted *pro hac vice*)          rclarkson@clarksonlawfirm.com
     Laura M. Matson (admitted *pro hac vice*)         yhart@clarksonlawfirm.com

26   Arielle S. Wagner (admitted *pro hac vice*)       tavaness@clarksonlawfirm.com
     **LOCKRIDGE GRINDAL NAUEN PLLP**                  mrichards@clarksonlawfirm.com

27   100 Washington Avenue South, Suite 2200
     Minneapolis, MN 55401                             Tracey Cowan (SBN 250053)

28   Telephone:     (612) 339-6900                     **CLARKSON LAW FIRM, P.C.**

Facsimile:      (612) 339-0981           95 Third Street, Second Floor
Email:          bdclark@locklaw.com      San Francisco, CA 94103
                lmmatson@locklaw.com     Tel. (213) 788-4050
                aswagner@locklaw.com     tcowan@clarksonlawfirm.com

*Additional Counsel for Individual and Representative Plaintiffs and the Proposed Class*

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of April, 2025, at Oakland, California.

/s/ Lesley E. Weaver
Lesley E. Weaver