DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

PAUL J. SAMPSON, *pro hac vice*
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT RE DISCOVERY DISPUTE RAISED AT ECF No. 120-2**<br><br>Referral: Hon. Susan van Keulen, U.S.M.J. |

1  Pursuant to Judge Van Keulen's April 8, 2025 order, ECF No. 121, Defendants' respond to the discovery dispute raised by Plaintiffs at ECF No. 120-2 as follows:

Shortly after serving their first discovery requests, Plaintiffs demanded a Rule 30(b)(6) deposition of Defendant Google that covers essentially every issue in the case. If the goal were a truly productive deposition, Plaintiffs would seek one after Google produced its documents and would afford Google sufficient time to identify and prepare appropriate witnesses on specific topics. Instead, on the pretense that Plaintiffs can meaningfully cover 10 sweeping topics in 90 minutes, Plaintiffs insist the deposition must take place immediately, without sufficient time for witness preparation or document review. Google cannot adequately prepare, and Plaintiffs cannot legitimately question, a witness on "Google's doctrinal positions on fair use," one of the "subtopics" at issue in this motion. *See* Ex. 1 at 2. Likewise, Google cannot be expected to present corporate testimony on the vague and overbroad topic of its "Data Usage Policies And Licensing." *Id.*

This deposition will not help Plaintiffs find facts; it will only help them to play a game of gotcha, hoping to catch a witness unprepared, take testimony out of context, and foment future discovery disputes. Moreover, like many of Plaintiffs' early discovery demands, their pursuit of this deposition disregards Judge Lee's direction that they "really focus on discovery in terms of what is needed for the class cert to begin with." ECF No. 93 at 21:19-21. Plaintiffs' motion to compel this burdensome, wasteful and premature deposition should be denied.

**Procedural Background.** This is a putative class action charging Google with copyright infringement arising from the training of a number of generative AI text and image models developed by disparate groups across the company. As this Court and others have recognized, "AI cases in particular … present a multitude of issues that require hard work and substantial compromise to move forward with the litigation." ECF No. 117 at 1; *In re OpenAI, Inc., Copyright Infringement Litig.*, 2025 WL 1037221, at *1 (J.P.M.L. Apr. 3, 2025) (AI cases can involve "complex[] and voluminous discovery regarding how defendants trained and designed their [AI models]"). In the best of circumstances, discovery will be complicated and costly. But the burdens will be made much worse if Plaintiffs do not engage in a thoughtful and cooperative process.

1    At Google's urging, and potentially to obviate some of the most burdensome (and disproportionate) discovery, Judge Lee ordered early briefing on class certification and directed the parties to prioritize discovery relevant to that issue. *See* ECF No. 93 at 21:19-21. Plaintiffs thereafter amended their complaint to substitute in an improper fail-safe class definition. Google moved to strike Plaintiffs' class allegations or stay non-class-related discovery. ECF No. 98. That motion, and a separate motion to dismiss, are set for hearing before Judge Lee next week.

Despite Judge Lee's direction and Google's pending motions, Plaintiffs have pursued extremely burdensome merits discovery (e.g., 260 Requests for Admission and 128 Requests for Production, including requests for all "Training Data" for all of Google's generative AI models and "[a]ll Documents and Communications related to the 'millions of content licenses that authorize Google to use content [to] develop its products and services'") that would be disproportionate in any case, but is especially so now. Google nevertheless has met and conferred with Plaintiffs numerous times to ensure they have what they claim to need for class certification and more.

Due to the enormous size of training data sets and the risks and burdens associated with producing them, Google proposed that Plaintiffs select exemplary training data for review, with appropriate stipulations to address concerns flowing from this reasonably-narrowed initial approach. Google committed to facilitate Plaintiffs' informed selection of exemplary training data through an efficient, collaborative process that is well underway. Far from "refus[ing] to provide any meaningful information," ECF No. 120-2 at 3-4, Google agreed on March 26 that it would make a substantial production of documents *identified by Plaintiffs* as "high-priority" beginning April 11, with rolling productions to follow. Google has honored that agreement, producing over 1,000 documents on April 11 including extensive technical information relating to the generative AI models at issue in this case, and will be producing additional documents describing training data in depth this week. Google has also repeatedly offered to engage with Plaintiffs about training data and answer Plaintiffs' reasonable questions through counsel following their review of the materials. With the uncertain status of their class case coming before Judge Lee, Plaintiffs instead rushed this motion forward, omitting the important context.

**Plaintiffs' Deposition Notice.** Plaintiffs' motion is addressed to a corporate deposition notice they issued just after their first set of written discovery demands. When Google raised objections, Plaintiffs proposed a 90-minute deposition on a single topic—"Training Data"—encompassing the format, size, contents, and custodial issues of Google's data, ostensibly to help them select exemplary datasets for class certification. Hoping this might be a productive path forward, Google asked Plaintiffs to explain what testimony they were looking for. Plaintiffs responded by demanding testimony on 10 "subtopics" for the same 90-minute window. The subtopics encompass nearly the entire case, including legal, policy, and technical issues such as "Google's doctrinal positions on fair use," its licenses, the source and curation of datasets, and the "technical architecture" of its AI systems. While Plaintiffs cannot meaningfully explore all 10 topics in 90 minutes, Google still must spend enormous time preparing a witness on their full scope because Plaintiffs could choose to ask detailed questions on any of them. And the deposition, under Plaintiffs' proposal, would not count against their deposition limit.

In a March 20 meet and confer and in a March 21 letter, Google again objected, proposed continuing its expedited production of high-priority documents and offered to answer targeted questions to assist Plaintiffs in selecting representative training data for class certification.

**Argument.** Plaintiffs' deposition demand is patently unreasonable. A 90-minute deposition to cover 10 expansive topics is not practical, "targeted" or "proportional." ECF No. 120-2 at 6; it is fanciful. Each topic encompasses enough material to require days of witness preparation. But Plaintiffs could at best spend nine minutes on each—far less time than needed to meaningfully cover the topics or justify the burdens of witness preparation. Moreover, several topics have no bearing on Plaintiffs' claimed purpose—understanding "the scope and content of training data," *id.*—and instead concern areas irrelevant to class certification or even proper Rule 30(b)(6) inquiry. That is, Plaintiffs have made no effort to propose targeted topics to assist their understanding of training data.

The request is also premature. While it is reasonable for Plaintiffs to seek an "understanding" of Google's training data, ECF No. 120-2 at 5, this deposition is not the vehicle to obtain it. Plaintiffs' kitchen sink "subtopics" suggest they do not even know what they are

looking for. And the answers they would receive from witnesses forced to testify on such wide-ranging topics with little time or direction to prepare are likely to be high-level and incomplete—inviting further disputes over the adequacy of the witnesses. Indeed, that may be the point of the demand.

Perhaps most problematic is Plaintiffs' failure to adequately describe their subtopics. Although Plaintiffs' motion attaches a chart briefly listing them, they do not individually address or explain the subtopics and did not include for the Court the somewhat more detailed descriptions they provided Google, which highlight their impropriety. Plaintiffs' "Fair Use" subtopic, for example, seeks testimony on "Google's doctrinal positions on fair use as applied to AI training methodologies, comparing historical arguments with current positions regarding copyrighted materials in AI datasets, and examining policies for identifying and excluding specific categories of works based on fair use considerations." Ex. 1 at 2. That subtopic, like many others, has nothing to do with facilitating discovery by helping Plaintiffs understand and request Google's training data. Indeed, that topic would be improper in any context given that Plaintiffs are seeking Google's legal contentions. *3M Co. v. Kanbar*, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (inquiries seeking "legal conclusions … should not form the basis for 30(b)(6) deposition topics"); *Tradeshift, Inc. v. BuyerQuest, Inc.*, 2021 WL 2222811, at *2 (N.D. Cal. June 2, 2021) (topic "improperly call[ed] for legal contentions from a lay witness"). Further, Rule 30(b)(6) requires topics to be described with "reasonable particularity." Fed. R. Civ. P. 30(b)(6). Plaintiffs' proposed subtopics, like the "[t]echnical architecture of Google's AI systems" or Google's "Data Usage Policies And Licensing," fail that test too, being so vague and expansive that no witness could reasonably prepare to address them. *E.g.*, Ex. 1 at 2.

Rather than engage in a costly and unproductive deposition now, Google has offered a practical alternative: produce high-priority documents on an expedited basis and continue working cooperatively to provide information about training data informally. This approach will allow Plaintiffs to review the high-priority documents, consult with their experts, and formulate focused follow-up requests. If, after that process, a truly targeted Rule 30(b)(6) deposition is needed for Plaintiffs to understand and select from Google's training data, the Parties can likely agree on one.

1  But proceeding now with an unfocused, overbroad "preliminary" deposition while document
2  production is ongoing, will waste time, impose undue burdens, and generate unnecessary disputes.
3        For these reasons, Plaintiffs' motion should be denied. If, for any reason, the Court permits
4  a deposition of Google now, it should serve as their lone corporate deposition for purposes of class
5  certification, and it should count against the deposition total they are allowed under the rules and
6  the scheduling order; they are not entitled to serial and unlimited depositions of Google. *See*
7  *Ramirez v. Bank of Am., N.A.*, 2024 WL 3012490, at *1 (N.D. Cal. June 13, 2024). Plaintiffs also
8  should not be permitted to seek to reopen the deposition on the basis of subsequently produced
9  documents when they made "a tactical decision" to demand an "early" deposition before document
10 production is close to complete. *See Bookhamer v. Sunbeam Prods. Inc.*, 2012 WL 5188302, at *3
11 (N.D. Cal. Oct. 19, 2012).

Respectfully submitted,

Dated: April 14, 2025

By: */s/ Paul J. Sampson*
Paul J. Sampson, *pro hac vice*
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.