UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Master File Case No. 23-cv-03440-EKL<br><br>**ORDER GRANTING MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. No. 98 |

In this putative class action, Plaintiffs claim that Defendants Google LLC and Alphabet Inc. (together, "Google") "infringed millions of registered copyrighted works" to "build and train its generative artificial intelligence models." Consol. Am. Compl. ¶ 1, ECF No. 91 ("Compl."). Before the Court is Google's motion to strike class allegations from the complaint. Mot. to Strike Class Allegations, ECF No. 98 ("Mot."). Having carefully reviewed the parties' briefs, the Court finds this matter suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the motion to strike with leave to amend.

**I.   PROCEDURAL HISTORY[1]**

This consolidated action originated as two separate putative class actions: *Leovy v. Google LLC*, Case No. 23-cv-03440, and *Zhang v. Google LLC*, Case No. 24-cv-02531. After the cases were reassigned to this Court, the Court granted the parties' stipulation to consolidate the cases for all trial and pretrial proceedings. Joint Stip. & Order Consolidating Cases, ECF No. 73. The Court granted Plaintiffs leave to file a consolidated amended complaint and ordered the parties to meet and confer regarding Plaintiffs' anticipated amendments. *See* Order Re: Consolidation Plan

---

[1] The Court assumes the parties' familiarity with the facts of the case. This Order references only those facts relevant to the Court's ruling.

1  at 2, ECF No. 77 ("Plaintiffs shall disclose all new parties, new claims, and new allegations not
2  included in either the *Leovy* second amended complaint or the *Zhang* complaint."). The purpose
3  of the meet-and-confer process was to streamline further motion practice on the pleadings, and to
4  account for issues that Google had previously raised in its motions to dismiss the complaints in the
5  *Leovy* and *Zhang* actions prior to consolidation. *See id*. ("In finalizing the consolidated amended
6  complaint, Plaintiffs shall make substantial good-faith efforts to address the issues Google raised
7  at the conference and in prior motions to dismiss.").

On December 20, 2024, Plaintiffs filed the consolidated amended complaint. Relevant here, the complaint proposes a new class definition composed of:

> All persons or entities who: (1) are domiciled in the United States; (2) own a valid copyright registration for one or more works under the Copyright Act; (3) whose exclusive rights under 17 U.S.C. § 106 in their registered works were infringed upon, under 17 U.S.C. § 501, by Google without license or authorization in order to train Google's Generative AI Models during the Class Period; and (4) held such copyright registration prior to Google's unauthorized use.

Compl. ¶ 164. This definition departs from the class definitions proposed in the operative *Leovy* and *Zhang* complaints by adding several criteria for membership in the class. The *Leovy* complaint proposed a class of "[a]ll persons in the United States who own a United States copyright in any work that was used as training data for Defendant's Products." Second Am. Compl. ¶ 90, *Leovy v. Google LLC*, No. 23-cv-03440, ECF No. 47. Similarly, the *Zhang* complaint proposed a class of "[a]ll persons or entities domiciled in the United States that own a United States copyright in any work that Google used as a training image for the Google-LAION Models during the Class Period." Compl. ¶ 63, *Zhang v. Google*, No. 24-cv-02531, ECF No. 1.

On January 17, 2025, Google filed a motion to strike the class allegations and, in the alternative, to stay discovery "unrelated to class certification." *See* Mot. at 25. Google contends that Plaintiffs failed to disclose the amendments to the class definition through the Court-ordered, meet-and-confer process. *Id*. at 4-5, 15-16. Google also contends that the new definition creates an improper fail-safe class – *i.e.*, to determine who is a member of the proposed class, the Court would need to determine upfront who has a valid copyright infringement claim against Google. *Id*. at 9-13.

United States District Court
Northern District of California

On January 30, 2025, Plaintiffs proposed a stipulation under which Plaintiffs would amend the class definition to more closely resemble the proposed definitions in the *Leovy* and *Zhang* complaints, and in exchange, Google would withdraw its motion to strike. *See* Mullens Decl. Ex. A, ECF No. 106-1. Under this stipulation, the class definition would be amended to: "All persons or entities domiciled in the United States who owned a United States copyright in any work used by Google to train Google's Generative AI Models during the Class Period." *Id*. at 1. Google rejected this stipulation. Mullens Decl. ¶ 5, ECF No. 106. On February 6, 2025, Plaintiffs offered another stipulation that proposed the same amended class definition, but did not require Google to withdraw its motion to strike. Mullens Decl. Ex. B, ECF No. 106-2. Google rejected this stipulation as well. Mullens Decl. ¶ 8.

## II.     LEGAL STANDARD

Under Rule 12(f), a party may move to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a motion to strike is to avoid wasteful litigation of "spurious issues." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Therefore, a "motion to strike should only be granted if the matter sought to be stricken clearly has no possible bearing on the subject matter of the litigation." *Baton v. Ledger SAS*, 740 F. Supp. 3d 847, 872 (N.D. Cal. 2024).

A decision to grant a motion to strike class allegations at the pleading stage is the "functional equivalent of denying a motion to certify a case as a class action" before discovery commences. *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017) (per curiam) (quoting *In re Bemis Co.*, 279 F.3d 419, 421 (7th Cir. 2002)). The Ninth Circuit has recognized that "often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted." *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009). Thus, in general, "the better and more advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence as to whether a class action [i]s maintainable." *Id.* (quoting *Doninger v. Pac. Nw. Bell, Inc.*, 564 F.2d 1304, 1313 (9th Cir. 1977)). But when the problem with the class allegations is "facially evident, it makes sense to address the issue early on." *Baton*, 740 F. Supp. 3d at 883.

## III. DISCUSSION

### A. Fail-Safe Class Definition

Google argues that Plaintiffs have defined an improper "fail-safe" class. *See* Mot. at 9-13. A proper class is defined by objective criteria. For example, in a false advertising case, the class might be defined as all persons who purchased a certain product during a certain time period. *See Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123-24 (9th Cir. 2017). By contrast, a fail-safe class "is defined in a way that precludes membership unless the liability of the defendant is established." *Kamar v. RadioShack Corp.*, 375 F. App'x 734, 736 (9th Cir. 2010). To continue with the false advertising scenario, an example of a fail-safe class would be all persons who bought a product that the defendant "falsely advertised." *See Brazil v. Dell, Inc.*, 585 F. Supp. 2d 1158, 1167 (N.D. Cal. 2008). This example illustrates a fundamental problem with a fail-safe class: To determine class membership, "it would be necessary for the court to reach a legal determination that [the defendant] had falsely advertised." *Id.* This approach is unmanageable and improper because courts may not "engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013); *see also Kamar*, 375 F. App'x at 736.

Here, Google is correct that the class definition is fail-safe because "Plaintiffs have tied class membership to the *prima facie* elements of their [copyright] infringement claims." Mot. at 11. Specifically, the class is defined to include only those persons who "own a valid copyright registration" for one or more works that "were infringed upon" by Google "without license or authorization." Compl. ¶ 164. Therefore, the Court cannot determine who is a member of the class without deciding the merits of each potential class member's claim, including whether the potential class member has a valid copyright registration, whether Google infringed the class member's work(s), and whether Google has a valid defense based on fair use or license (among other possible defenses). Plaintiffs do not meaningfully dispute that they have proposed an improper fail-safe class definition. *See* Opp. at 10, ECF No. 105. Indeed, Plaintiffs proposed stipulations to amend the class definition to cure these issues. *See* Mullens Decl. Exs. A & B.

1    Because Plaintiffs' fail-safe class definition is defective as a matter of law, it is appropriate

2    to strike it at the pleading stage. *See Olean Wholesale Grocery Coop., v. Bumble Bee Foods LLC*,

3    31 F.4th 651, 669 n.14 (9th Cir. 2022) (en banc) (holding that a fail-safe class is impermissible).[2]

4    Courts frequently strike fail-safe class definitions. *See, e.g.*, *Salaiz v. eHealthInsurance Servs.,*

5    *Inc.*, No. 22-cv-04835-BLF, 2023 WL 2622138, at *2, *5 (N.D. Cal. Mar. 22, 2023); *Dixon v.*

6    *Montreal Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 WL 3456680, at *4-5 (N.D. Cal. June

7    24, 2016); *Winters v. Loan Depot LLC*, No. CV-20-01290-PHX-SPL, 2022 WL 22865378, at *7-8

8    (D. Ariz. Mar. 17, 2022).

9    However, a class "may be redefined" to resolve the fail-safe issue. *Olney v. Job.com, Inc.*,

10   No. 12-cv-01724-LJO, 2013 WL 5476813, at *11 (E.D. Cal. Sept. 30, 2013). Here, the issue can

11   be resolved by adopting the class definition that Plaintiffs proposed in their stipulations. The new

12   class definition would include: "All persons or entities domiciled in the United States who owned

13   a United States copyright in any work used by Google to train Google's Generative AI Models

14   during the Class Period." Redefining the class in this manner is appropriate because class

15   membership can be determined according to objective criteria – that is, ownership of a

16   copyrighted work that was used by Google to train its generative AI models. Membership in

17   Plaintiffs' new class definition would not require an upfront determination by the Court that each

18   potential class member will prevail on the merits of an infringement claim. *See Kamar*, 375

19   F. App'x at 736.

20   Google does not dispute that Plaintiffs' new class definition would cure the fail-safe issues

21   that it identified. Instead, Google argues that the Court should not grant leave to amend because

22   Plaintiffs failed to show good cause, and because the new class cannot be certified as

---

[2] Plaintiffs cite *Tinnin v. Sutter Medical Foundation* for the proposition that "the procedural mechanism of a motion to strike is not the appropriate means for addressing a fail-safe problem." 647 F. Supp. 3d 864, 874 (E.D. Cal. 2022). The court's conclusion in *Tinnin* was based on the premise that "the Ninth Circuit has not expressly forbidden fail safe classes." *Id*. However, the Ninth Circuit recently clarified in an en banc opinion that fail-safe classes are improper. *Olean Wholesale*, 31 F.4th at 669 n.14. Accordingly, the Court does not conclude that a motion to strike is a categorically improper mechanism for challenging a fail-safe class definition. However, the Court agrees with *Tinnin*'s ultimate holding that fail-safe class definitions should be cured, where possible, by redefining the class. *See Tinnin*, 647 F. Supp. 3d at 874-75.

1   individualized issues will predominate over common ones. *See* Reply at 6-9. The Court addresses
2   these arguments in turn.

3   As to the timeliness of amendment, Google is correct that the deadline to amend the
4   complaint was December 20, 2024. Case Mgmt. & Sched. Order at 2, ECF No. 88. But Plaintiffs
5   are not asking the Court to modify the case schedule. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule
6   may be modified only for good cause and with the judge's consent."). Rather, in response to a
7   Rule 12 motion, Plaintiffs are asking the Court not to strike their class allegations with prejudice
8   because the fail-safe issues can be cured by amendment. Courts typically grant leave to amend
9   fail-safe class definitions if amendment could cure the fail-safe issue. Indeed, in most of the cases
10  cited by Google, courts granted leave to amend.[3] *See also Lopez v. Smith*, 203 F.3d at 1127. And,
11  importantly, this is not the type of amendment that injects new issues, claims, or parties into the
12  litigation. Instead, Plaintiffs are seeking to revert to a class definition that is substantially the
13  same as the ones in the prior *Leovy* and *Zhang* complaints, which Google did not challenge.

14  As to Google's argument that the new class could never be certified, this argument is
15  raised prematurely. Google argues that copyright "claims are not suitable for class-action
16  treatment because their individualized nature presents 'overwhelming problems with commonality
17  and predominance that in themselves bar certification.'" Mot. at 15 (quoting *Schneider v.*
18  *YouTube, LLC*, 674 F. Supp. 3d 704, 718 (N.D. Cal. 2023)). But the cases Google cites for this
19  proposition are all class certification decisions – and they do not hold that class certification is
20  *impossible* in a copyright case. *See Schneider*, 674 F. Supp. 3d at 717 ("This is not to say that
21  certification of a copyright infringement class is per se impossible."); *see also Kihn v. Bill Graham*
22  *Archives LLC*, No. 20-17397, 2022 WL 18935, at *1 (9th Cir. Jan. 3, 2022) (reversing class
23  certification order); *Football Ass'n Premier League v. YouTube, Inc.*, 297 F.R.D. 64, 65 (S.D.N.Y.
24  2013) (denying class certification of indirect infringement claims). These cases underscore that

---

[3] *See, e.g., Baton*, 740 F. Supp. 3d at 866, 883; *Goodrich v. Cross River Bank*, No. 21-cv-09296-MMC, 2022 WL 2954933, at *3 (N.D. Cal. July 26, 2022); *Dixon v. Monterey Fin. Servs.*, No. 15-cv-03298-MMC, 2016 WL 4426908, at *2 (N.D. Cal. Aug. 22, 2016) (granting leave to amend the class definition for a *second time*, and rejecting as premature argument that amendment would be futile because the class could not be certified); *Brazil*, 585 F. Supp. 2d at 1167; *Dodd-Owens v. Kyphon, Inc.*, No. C 06-3988 JF (HRL), 2007 WL 420191, at *4 (N.D. Cal. Feb. 5, 2007).

1  issues of commonality and predominance are more appropriately addressed after Plaintiffs have
2  had some discovery to determine whether "they will be able to prove their case through common
3  proof." *Lytle v. Nutramax Laboratories, Inc.*, 114 F.4th 1011, 1024 (9th Cir. 2024); *see also*
4  *Blagman v. Apple Inc*., No. 12 Civ. 5453(ALC)(JCF), 2013 WL 2181709, at *7-8 (S.D.N.Y. May
5  20, 2013) (denying as premature a motion to strike class allegations in a copyright case).[4] Google
6  can renew its arguments in opposition to Plaintiffs' forthcoming motion for class certification.

7  Accordingly, the Court GRANTS Google's motion to strike the class definition with leave
8  to amend consistent with the discussion above.

9      **B.**    **Bifurcation of Discovery**

10  Google argues that, if the Court grants leave to amend the class definition, the Court
11  "should stay discovery unrelated to class certification until that issue is decided, absent a showing
12  of good cause." Mot. at 17. In effect, Google is asking the Court to bifurcate discovery into class
13  and merits stages. "The decision to bifurcate discovery in putative class actions prior to
14  certification is committed to the discretion of the trial court." *True Health Chiropractic Inc v.*
15  *McKesson Corp.,* No. 13-cv-02219-JST, 2015 WL 273188, at *1 (N.D. Cal. Jan. 20, 2015) (citing
16  *Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006)).

17  Google's request to stay non-class discovery is based on its view that a class cannot be
18  certified in this action, and on Plaintiffs' alleged overreaching in discovery. *See* Mot. at 7, 17.
19  Google's conviction that it will prevail at class certification is not a sound basis for the Court to
20  partition or preemptively limit discovery. However, the Court understands Google's concern
21  regarding overbroad and aimless discovery. In all cases, discovery is subject to reasonable
22  limitations, and this case is no different. Google's concerns can be adequately resolved through

---

[4] Google argues that certain aspects of the named Plaintiffs' claims reveal that individualized issues will predominate. Mot. at 6-7. For example, Google argues that "[d]iscovery and summary judgment briefing will show" that all three of the copyrighted works asserted by Plaintiff Mike Lemos were licensed by Google, thus barring his claims. *Id*. at 6. Google also argues that one of the works asserted by Plaintiff Steve Almond was previously published, and that this issue and others "will need to be investigated." *Id*. at 6-7. These arguments confirm that discovery is needed to probe whether individualized issues will predominate in this case, and that striking the class allegations without leave to amend would be premature. Plaintiffs should account for Google's arguments when preparing their class certification motion.

1   the normal means for resolving discovery disputes.  To the extent the parties disagree on discovery
2   matters, they shall engage in substantial, good faith meet-and-confer efforts to resolve their
3   disputes without judicial intervention.  If these efforts fail, the parties shall promptly present their
4   disputes to Judge van Keulen, consistent with Judge van Keulen's standing orders.

5         The Court takes no position on the reasonableness of Plaintiffs' discovery requests, but
6   reminds the parties of the Court's prior instructions regarding discovery.  At the case management
7   conference, the Court instructed Plaintiffs to focus their initial discovery efforts on information
8   that is necessary for class certification.  12/18/24 Tr. 21:19-21, ECF No. 93.  The Court set an
9   August 8, 2025 deadline for Plaintiffs to move for class certification, reflecting a compromise
10  between the approaches proposed by the parties.  This deadline provides Plaintiffs enough time for
11  discovery to support their motion for class certification if discovery is focused and if the parties
12  are diligent and reasonable.  Given that Plaintiffs will have eight months for discovery prior to
13  filing their class certification motion, and considering that the original complaint was filed 20
14  months ago, the Court will not extend the class certification deadlines absent good cause.  The
15  Court will not find good cause for an extension if the record reflects Plaintiffs' failure to prioritize
16  and diligently advance discovery on issues relevant to class certification.

### C. Admonishment

Based on the record before the Court, it appears that Plaintiffs did not fully comply with the Court's Order to "disclose all . . . new allegations not included in either the *Leovy* second amended complaint or the *Zhang* complaint" prior to filing the consolidated amended complaint. *See* Order Re: Consolidation Plan at 2.  Google attests that Plaintiffs did not disclose "any intention to significantly alter their proposed class definition or to propose a fail-safe class," and that Google "had no idea that Plaintiffs were contemplating such changes."  Sampson Decl. ¶¶ 6-7, ECF No. 112.  Plaintiffs attest that they informed Google "that the class definition would be amended to reflect consolidation of the *Leovy* and *Zhang* matters."  Mullens Decl. ¶ 3.  However, Plaintiffs' counsel does not represent that any specific amendments were disclosed – and in any event, the problematic amendments to the class definition were not necessitated by consolidation of the two actions.  Thus, it appears that Plaintiffs' insufficient disclosure

1  contributed in part to unnecessary motion practice.  The Court admonishes Plaintiffs' counsel to
2  scrupulously follow all Court orders, including the Court's instruction "to cooperate in good faith,
3  and to communicate frequently and transparently, to avoid wasting party and judicial resources."
4  Order Re: Consolidation Plan at 2.

Google was well within its rights to challenge Plaintiffs' improper class definition by filing a motion to strike.  However, Plaintiffs offered a reasonable stipulation to cure the fail-safe class definition.  Plaintiffs' belated gesture does not excuse their inadequate disclosures during the meet-and-confer process.  But the proposed stipulations do suggest that, had Google raised the fail-safe class issue with Plaintiffs prior to filing the motion to strike, motion practice might have been avoided or narrowed in scope.

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Google's motion to strike Plaintiffs' fail-safe class definition, with leave to amend.  Plaintiffs shall amend the class definition as discussed in this Order within 14 days of the Court's order on Google's pending motion to dismiss.

**IT IS SO ORDERED.**

Dated: April 21, 2025

Eumi K. Lee
United States District Judge