DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.

LESLEY E. WEAVER. SBN 191305
Email: lweaver@bfalaw.com
ANNE K. DAVIS, SBN 267909
Email: adavis@bfalaw.com
JOSHUA D. SAMRA, SBN 313050
Email: jsamra@bfalaw.com
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003

GREGORY MULLENS (admitted *pro hac vice*)
Email: gmullens@bfalaw.com
BLEICHMAR FONTI & AULD LLP
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4006

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class [Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**JOINT MID-DISCOVERY CASE MANAGEMENT STATEMENT** |

The Parties submit this Joint Mid-Discovery Case Management Statement pursuant to the Court's Standing Order and the Case Management & Scheduling Order. The Court ordered the Parties to address "the status of the case and any other matters that warrant the Court's attention," as well as "the schedule for the class certification opposition and reply briefs" and "expert discovery and *Daubert* motions related to class certification issues." ECF No. 88 at 2.

**I.       Status of Discovery**

      **A.       *Plaintiffs' Position***

            **1.       Plaintiffs' Discovery**

The Parties commenced discovery in mid-January 2025, shortly after the filing of the Consolidated Amended Complaint on December 20, 2024. Plaintiffs have served 64 requests for production, 6 interrogatories, 260 requests for admission, and one Rule 30(b)6) deposition notice generally seeking early discovery on training data. Each of Plaintiffs' targeted discovery requests focus on class certification. On February 28, 2025, Plaintiffs further narrowed their initial discovery requests to get discovery moving and meet Court ordered deadlines. Plaintiffs have met and conferred 44 times with Defendants, 36 since the Consolidated Complaint was filed. Plaintiffs have disclosed experts consistent with Paragraph 7.4 of the Protective Order to facilitate expert analysis of documents Defendants designate as "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential – Source Code." Plaintiffs have produced 5,515 documents, almost three times more than Defendants.

Despite these extensive and good faith efforts, Defendants have produced very little discovery. They have produced only 1,939 documents. Roughly half are publicly available documents. Much of the remainder fails to comply with the ESI Protocol. Not one custodial document—not a single email—has been produced. Defendants have proposed only twelve custodians and will not agree to a single additional custodian proposed by Plaintiffs.

Defendants have not yet produced training data. ***For the first time today,*** Defendants shared approximate total training data size information for Bard (and underlying models LaMDA and PaLM 2), Gemini, and Imagen. No other information was provided, including as to the size of core datasets comprising the training data, information that is necessary to agree on a production

protocol and craft downstream discovery. Defendants refuse to provide a date by which any of that information will be provided. While Plaintiffs served a 30(b)(6) deposition notice on January 28, 2025—often such depositions can kick start discovery—and subsequently narrowed the deposition topic to focus only on training data, Defendants will not agree on a single topic. Plaintiffs were hopeful that discovery might start in earnest following the hearing on the motion to dismiss; since then, Defendants have not produced a single document or made any concessions on discovery. Accordingly, several discovery disputes may need Court intervention.

**Plaintiffs' Priority Discovery Requests:** In February 2025, immediately after receiving Defendants' responses and objections to Plaintiffs' mid-January discovery requests, Plaintiffs initiated a series of meet and confers and agreed, at Defendants' request, to prioritize discovery such that the Parties could meet the August 8, 2025 class certification deadline. The Parties conducted a dozen meet and confers in February and March on Plaintiffs' priority items including discovery related to models and training data. To date, Defendants have refused to provide a date by which they will substantially complete production of Plaintiffs' narrowed list of priority requests or produce any training data for inspection.

**Training Data**: This is foundational evidence for Plaintiffs' anticipated class certification motion, which Plaintiffs have prioritized. Defendants initially refused to provide any documents or information related to models or training data—not even the size of the datasets or their contents—until there was a protective order entered (which was entered on April 4, 2025). Only two weeks ago did Defendants begin to provide basic data regarding the contents of some training data. ***Only today***, for the first time, did Defendants share general information regarding the size of training data of certain models, but nothing else. Defendants also refuse to provide any substantive response to Plaintiff Andersen's interrogatories requesting information on the corpus of documents which comprise the training datasets used to train the generative AI models. This has all prevented Plaintiffs from even considering Defendants' purported compromises to accept only training data for "exemplary" models or stipulate to critical facts concerning training data.

To facilitate the discussion and Plaintiffs' analysis of Defendants' training data, Plaintiffs sent Defendants a draft training data protocol on March 6, 2025. Despite follow up requests from

Plaintiffs, Defendants first responded over a month later. The Parties met and conferred multiple times, after which Defendants largely rejected Plaintiffs' good faith counterproposal, still refused to provide information concerning the sizes or costs of hosting the datasets, and still insisted that Plaintiffs pay Defendants to host Defendants' data on Defendants' own systems.

**30(b)(6) Deposition on Training Data & RFAs**: To begin to understand Defendants' training data, Plaintiffs propounded an initial Rule 30(b)(6) with a focus on training data and, after resistance from Defendants, Plaintiffs offered a narrowed deposition only on the topic of training data. Defendants objected and that dispute has been pending before Magistrate Judge Susan van Keulen since April 7. To avoid discovery motions and keep the case progressing toward class certification, Plaintiffs served requests for admission on March 31. Like the other discovery propounded by Plaintiffs, the RFAs are tailored to issues central to class certification, namely, typicality under Rule 23(a). Defendants sought an extension to respond to which Plaintiffs agreed. Defendants have yet to respond to Plaintiffs' RFAs.

**Custodians**: Defendants proposed only 12 custodians, notwithstanding the size and complexity of the case. Plaintiffs initially proposed an additional 50 custodians and Defendants refused to add a single additional custodian. After meeting and conferring, Plaintiffs conveyed their intent to declare impasse on April 11. Afterward, on April 14, Defendants produced organizational chart-like documents that Plaintiffs had originally requested in January. These documents substantiated Plaintiffs' proposal for additional custodians. To reach a compromise, Plaintiffs narrowed their request to 46 additional custodians. The parties will likely need Court intervention here.

**Experts**: Plaintiffs have disclosed their experts to Defendants under Para. 7.4 of the Protective Order. Thus far, no objections have been raised. Defendants have not disclosed any experts.

In sum, Defendants have only produced 1,939 documents, half of which contain publicly available information. Plaintiffs' have already identified hundreds of documents that are deficient in some manner—including partial pages or missing metadata. Defendants only started producing useable discovery on April 11, 2025. Plaintiffs have met and conferred exhaustively and are preparing motions to compel on several of the topics identified above. Defendants have even injected delay into the process for presenting disputes to the Court: Plaintiffs proposed a reasonable

1  process with two mutual exchange deadlines for presenting disputes on which the parties had
2  reached impasse. Defendants refused and have insisted upon a sequenced exchange of drafts that
3  would delay the presentation of live disputes by nearly two full weeks.

4      Accordingly, Plaintiffs propose that Defendants commit to substantial completion of
5  production of documents and training data by May 15, 2025, and report to Plaintiffs and the Court
6  when the productions are substantially completed. Because Defendants have not produced relevant
7  discovery and refused to provide essential information regarding training data, Plaintiffs believe
8  that good cause exists to modify the case schedule.  In a conference between the Parties today,
9  Defendants refused (as before) to agree to any substantial completion deadline. Defendants
10 purported openness to a merits discovery extension on the backend does not address the substantial
11 completion problem facing Plaintiffs right now.

12     **2.    Google's Discovery Requests & Plaintiffs' Productions**

13     Since February 17, 2025, Plaintiffs have produced 5,515 documents. These include
14 copyright registration documents, agreements, and communications between Plaintiffs and co-
15 authors, co-owners, publishers, and other third parties regarding licensing and copyright
16 ownership, which are paradigmatic core discovery in copyright actions. As explained to Google
17 and in response to Google's motion to compel, to date, Plaintiffs have produced all agreements
18 identified in Plaintiffs' responses to Defendants' interrogatories that Plaintiffs were able to locate
19 following a targeted and prioritized search (at Defendants' request), and prior to resolving the
20 Parties' search terms negotiations. Plaintiffs have substantially completed this priority production
21 and are not withholding any document pertaining to the licensing of the Works in Suit.

22     Plaintiffs have requested information related to licensing from their publishers and have
23 received varying responses. Where Plaintiffs have received agreements and communications,
24 Plaintiffs have produced them. Google has issued non-party subpoenas to Plaintiffs' publishers for
25 those documents that are outside Plaintiffs' possession, custody, or control. Plaintiffs are
26 producing such documents consistent with their obligations under the Federal Rules.

27     Though the parties have not finalized their agreed-upon search terms, Plaintiffs have started
28 to make rolling productions based on the search terms agreed upon so far; Defendants have not.

After the Parties finalize their ESI search terms negotiations, Plaintiffs will produce any additional documents that are identified through the search term process on a rolling basis.

### B. *Defendants' Position*

At the Case Management Conference on December 18, 2024, the Court set a schedule with Plaintiffs' motion for class certification due on August 8, 2025, prior to the close of fact discovery (which has long been open in these cases). ECF No. 88 at 3. The Court emphasized that "[t]he presumptive limits on discovery set forth in the Federal Rules of Civil Procedure shall apply," ECF No. 88 at 1, and directed the Parties "to really focus on discovery in terms of what is needed for the class cert to begin with." CMC Tr. 21:19-22:3. In a subsequent order granting Google's motion to strike fail-safe class allegations, the Court reiterated its prior instruction to Plaintiffs to "focus their initial discovery efforts on information that is necessary for class certification" and cautioned that it would not extend deadlines absent good cause, which it "will not find … if the record reflects Plaintiffs' failure to prioritize and diligently advance discovery on issues relevant to class certification." ECF No. 128 at 8.

Defendants have heeded the Court's direction and have focused their discovery efforts to date on topics relevant to class certification, including the myriad individualized issues inherent in the copyright infringement claims asserted by the named Plaintiffs alone. While Plaintiffs have been slow to produce responsive documents and information, Google expects to obtain the information it needs to oppose class certification on the current schedule.

Plaintiffs to date have not heeded the Court's direction. They have served and continue to press highly burdensome discovery demands that sweep far beyond that which reasonably bears on class certification. *See* ECF No. 98 at 7 (motion to stay non-class discovery citing examples). Google continues to work with Plaintiffs to seek negotiated solutions that prioritize class certification issues. The Parties have had productive discussions around compromises and the information that is most important to Plaintiffs. Defendants believe Plaintiffs can obtain the information they reasonably need to file a class certification motion on the current schedule if they focus on information relevant to those issues. That is consistent with what the Parties indicated at the hearing on Google's motion to dismiss just last week.

For the first time this week, and in some cases just yesterday, Plaintiffs purported to raise a host of new issues in ways that mischaracterize the record. None of these issues has merit, or suggests any reason Plaintiffs cannot file a class certification motion on the current schedule, as addressed in more detail below.

**Plaintiffs' Discovery:** Plaintiffs continue to press for massive discovery far in excess of what is needed for class certification. For example, on March 31, 2025, Plaintiffs served interrogatories demanding detailed explanations about every training data set that Google has ever even considered using for any generative AI model it has ever worked on, and 260 requests for admission, many of which are far afield from class certification (*e.g.*, seeking admissions on DMCA claims that Plaintiffs previously dropped from their complaints). Plaintiffs also demanded the documents of 62 custodians be searched for responsive ESI, using search terms sweeping in nearly five million documents for just the 12 custodians they were tested on.

To date, Google and Plaintiffs have met and conferred over narrower sets of "high-priority" materials Plaintiffs contend are necessary for class certification. Following those discussions, Google has so far produced over 1,900 documents (over 15,000 pages) and anticipates producing more in the coming weeks, even before conducting custodial searches. Google has also engaged with Plaintiffs on other ways to streamline discovery for class certification. For example, Google has proposed making available exemplary sets of training data, coupled with stipulations for purposes of class certification, rather than produce *all* training data for every generative AI product and model at Google, as Plaintiffs demanded.

Plaintiffs have repeatedly asserted that the current schedule does not allow sufficient time to postpone merits discovery given that the deadline for fact discovery follows the deadline for class certification by only a couple of months. To address this concern, Google proposed an extension for merits discovery. To date, Plaintiffs have not responded to this proposal.

Google briefly addresses certain of the issues Plaintiffs raise in their position statement above, none of which threatens the current class certification schedule:

- *Training data:* Plaintiffs rejected Google's proposal for secure onsite review of highly sensitive training data—a standard practice in similar cases. Plaintiffs demanded the data be hosted on a rival's cloud platform at Google's expense. Google has offered, as

a compromise, to host the data on its own cloud platform, at a substantial discount to Plaintiffs, consistent with normal discovery cost principles requiring the requesting party to bear the costs of discovery storage and analysis. The parties continue to meet and confer regarding exemplary training datasets to be made available to Plaintiffs. Google has produced and will continue to produce documents describing the data used to train various models, and has answered and will continue to answer Plaintiffs' questions about the training data to facilitate this process.

- *Rule 30(b)(6) deposition motion:* To date, Plaintiffs have filed one motion to compel—to require a 90-minute, but sweeping, Rule 30(b)(6) deposition within two weeks on 10 topics including "Google's history of fair use claims." ECF No. 120-2. Google opposed the motion because the breadth of topics would require extensive but wasteful preparation, would foster gamesmanship rather than efficient discovery, and would be inconsistent with the Court's repeated direction to focus discovery narrowly on class certification. ECF No. 127 at 2. That motion is pending.

- *Custodians*: Google proposed 12 custodians; Plaintiffs countered with 50 more (for a total of 62 that would require a gargantuan document collection and review). Two days ago, Plaintiffs reduced their demand by four custodians. The parties continue to meet and confer. To date, Plaintiffs have not provided any explanation why their additional custodians are necessary for class certification. The parties are also negotiating search terms applicable to each sides' respective ESI data, after which they will begin producing responsive custodial documents.

**Google's Discovery:** While pursuing expansive discovery themselves, Plaintiffs have resisted responding to targeted requests. Google seeks information regarding copyright ownership, registration, and licensing demonstrating the individualized nature of those inquiries.

Plaintiffs have yet to provide much of the information Google seeks. In particular, Plaintiffs have failed to produce documents that Google needs to assess the licenses that Plaintiffs and third parties granted to Google for the Works in Suit. Plaintiffs Barer, Hubbard, Leovy, and McLennan represented back on February 18 that they were "actively working" with their publishers to obtain licensing-related information and would supplement their responses, but they have thus far failed to do so. Plaintiff Leovy, for instance, who commenced this lawsuit in July 2023, has produced only fifteen documents thus far, and has still not produced her agreement with her publisher related to the work she is suing over. And Plaintiffs have larded up their productions to date with about half their total documents comprised of "junk" newsletters and advertising emails (including over 400 emails from Michaels craft stores). Further, although Plaintiffs note that they have produced documents identified in their interrogatory responses, numerous of those responses are themselves

deficient and fail to provide any substantive information about the ownership, authorship, and licensing of the Works in Suit. Nevertheless, Google expects it will obtain the information it needs to oppose class certification on the current schedule, including through motion practice if necessary.

## II. Class Certification Briefing Schedule

In response to the Court's order directing the parties to address "the schedule for the class certification opposition and reply briefs" and "expert discovery and *Daubert* motions related to class certification issues," ECF No. 88 at 2, the Parties set forth their respective positions:

### A. *Plaintiffs' Position*

Despite Plaintiffs' efforts, as outlined in Section I (A) (1) above, Defendants continue to impede Plaintiffs' ability to secure the necessary discovery to file their class certification motion. After the April 23 hearing, Plaintiffs expected that priority documents and usable information on training data size would be immediately forthcoming and meaningful responses to Plaintiffs' 2nd Set of RFPs and Interrogatories, due on April 30, would be provided. Instead, Defendants have produced nothing since the hearing (or even since April 18), still refuse to provide a date certain for when the "priority" productions will be complete, continue objecting to Plaintiffs' discovery requests because they *believe* a class is not certifiable, and persist with withholding fundamental information regarding training data needed for class certification. A substantial completion deadline, and Defendants' continued opposition to such a deadline, presents a major obstacle to the progression of fundamental discovery. A substantial completion deadline is necessary. *Valentine v. Crocs, Inc.*, 2023 WL 7461852, at *2 (N.D. Cal. Nov. 10, 2023) (setting substantial completion deadline to facilitate class certification deadline where "no ESI production [i.e., emails or custodial discovery] had yet occurred"). That the long-awaited information on training data size provided just today, 3 months after it was requested, was still deficient proves this point.

To that end, Plaintiffs propose a class certification briefing schedule keyed to a substantial completion deadline. Although Plaintiffs maintain that five months from substantial completion to class certification is more appropriate, Plaintiffs believe that four months is a reasonable compromise. Plaintiffs' schedule, provided below, would allow the Parties to fully brief class

certification and maintain the Court ordered hearing date of December 10, 2025. ECF No. 88 at 3.

| Event | Deadline |
|---|---|
| Substantial Completion Deadline | May 15, 2025 |
| Last day to move for class certification (25 pages for brief); last day to disclose expert declaration(s)/report(s) in support of motion for class certification. ECF No. 88 at 3. | Sept. 15, 2025 |
| Last day to depose experts offered in support of motion for class certification | Oct. 8, 2025 |
| Last day to file opposition to motion for class certification, including up to 5 additional pages with any *Daubert* motions regarding experts offered in support of motion for class certification (30 pages total for brief); last day to disclose expert declaration(s)/report(s) in opposition to motion for class certification | Oct. 15, 2025 |
| Last day to depose experts offered in opposition to motion for class certification[1] | Oct. 29, 2025 |
| Last day to file reply in support of motion for class certification, including up to 5 additional pages opposing Google's *Daubert* motions (if any) and up to 5 additional pages with any *Daubert* motions regarding experts offered in opposition to motion for class certification (25 pages total) | Nov. 5, 2025 |
| Last day to file 5-page opposition to Plaintiff's *Daubert* motions (if any) | Nov. 12, 2025 |
| Hearing on motion for class certification | Dec. 10, 2025 |

### B. *Defendants' Position*

Plaintiffs' class certification motion is due August 8, 2025, with a hearing deadline of December 10, 2025. ECF No. 88 at 3. Plaintiffs' complaints of supposed "delay" by Google are belied by the fact that, at the hearing on Google's motion to dismiss before this Court just eight days ago, Plaintiffs' counsel repeatedly stated their willingness and ability to file the motion on the current schedule. *See, e.g.*, Apr. 23, 2025 Hr'g Tr. at 20:21-22 ("[W]e want to file our class cert motion in August."); 25:7-10 ("I think we can do that by the time we're moving for class cert in August … *because of discovery that we have received* … . (emphasis added)"); 48:7-8 ("[W]e hope and intend to" file the class certification motion in August). At that hearing, Plaintiffs raised none of these issues despite an invitation to do so. *Id.* at 53:21 ("[I]s there anything else we should

---

[1] Plaintiffs are willing to limit our time to depose Defendants' experts to two weeks, provided that Defendants ensure that their experts are available during this window.

touch base about?"). Nor have Plaintiffs raised these issues before Magistrate Judge van Keulen, perhaps because they recognize that their demands are unreasonable.

In sum, Plaintiffs have offered no reason—let alone good cause—for imposing arbitrary "substantial completion" deadlines or postponing the current schedule for class certification, including because discovery has been open since September 2023 in the first of these consolidated cases. Defendants propose the following briefing schedule, which is similar to Plaintiffs' except that (1) Plaintiffs file their motion on the date ordered by the Court; (2) Defendants have five weeks instead of four to depose Plaintiffs' experts, prepare expert reports (if needed), and file their opposition and *Daubert* motions; and (3) Plaintiffs have four weeks instead of three for expert discovery, *Daubert* motions, and their reply brief. Both proposals set the hearing more than a month after the close of briefing, but Defendants' proposal allows the hearing to occur before Thanksgiving.

| Event | Deadline |
|---|---|
| Last day to move for class certification (25 pages for brief); last day to disclose expert declaration(s)/report(s) in support of class certification motion | Aug. 8, 2025 |
| Last day to depose experts offered in support of class certification motion | Sept. 5, 2025 |
| Last day to file opposition to class certification motion, including up to 5 additional pages with any *Daubert* motions regarding experts offered in support of class certification motion (30 pages total); last day to disclose expert declaration(s)/report(s) in opposition to class certification motion | Sept. 12, 2025 |
| Last day to depose experts offered in opposition to class certification motion | Oct. 3, 2025 |
| Last day to file reply in support of class certification motion, including up to 5 additional pages opposing Google's *Daubert* motions (if any) and up to 5 additional pages with any *Daubert* motions regarding experts offered in opposition to class certification motion (25 pages total) | Oct. 10, 2025 |
| Last day to file 5-page opposition to Plaintiffs' *Daubert* motions (if any) | Oct. 17, 2025 |
| Hearing on class certification motion | Nov. 19, 2025 |

III. **Additional Case Management Conferences (Joint)**

At this time, the Parties agree that there are no additional issues requiring immediate attention beyond what is already scheduled. The Parties may file additional joint letter briefs to address discovery issues.

|   |   |   |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: May 1, 2025 | By: */s/ David H. Kramer* |

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8541

*Counsel for Defendants*
GOOGLE LLC AND ALPHABET INC.

Dated: May 1, 2025         By: */s/ Lesley E. Weaver*

LESLEY E. WEAVER, SBN 191305
Email: lweaver@bfalaw.com
ANNE K. DAVIS, SBN 267909
Email: adavis@bfalaw.com
JOSHUA A. SAMRA, SBN 313050
Email: jsamra@bfalaw.com
**BLEICHMAR FONTI & AULD LLP**
1130 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003

GREGORY MULLENS (admitted *pro hac vice*)
Email: gmullens@bfalaw.com
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4003

JOSEPH R. SAVERI, SBN 130064
Email: jsaveri@saverilawfirm.com

| | |
|---|---|
| 1 | CADIO ZIRPOLI, SBN 179108 |
| | Email: czirpoli@saverilawfirm.com |
| 2 | CHRISTOPHER K.L. YOUNG, SBN 318371 |
| | Email: cyoung@saverilawfirm.com |
| 3 | ELISSA A. BUCHANAN, SBN 249996 |
| | Email: eabuchanan@saverilawfirm.com |
| 4 | EVAN A. CREUTZ, SBN 349728 |
| | Email: ecreutz@saverilawfirm.com |
| 5 | **JOSEPH SAVERI LAW FIRM, LLP** |
| | 601 California Street, Suite 1505 |
| 6 | San Francisco, CA 94108 |
| | Telephone: (415) 500-6800 |

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

MATTHEW BUTTERICK, SBN 250953
Email: mb@butterricklaw.com
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632

STEPHEN J. TETI (admitted *pro hac vice*)
Email: sjteti@locklaw.com
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin St., Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701

BRIAN D. CLARK (admitted *pro hac vice*)
Email: bdclark@locklaw.com
LAURA M. MATSON (admitted *pro hac vice*)
Email: lmmatson@locklaw.com
ARIELLE S. WAGNER (admitted *pro hac vice*)
Email: aswagner@locklaw.com
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

RYAN J. CLARKSON, SBN 257074
Email: rclarkson@clarksonlawfirm.com
YANA HART, SBN 306499
Email: yhart@clarksonlawfirm.com
TIARA AVANESS, SBN 343928
Email: tavaness@clarksonlawfirm.com
MARK I. RICHARDS, SBN 321252
Email: mrichards@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050

*Additional Counsel for Plaintiffs and the Proposed Class*

**SIGNATURE ATTESTATION**

I, David H. Kramer, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ David H. Kramer*
David H. Kramer