June 9, 2025

**Via Electronic Filing**

The Honorable Susan van Keulen
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South First Street
San Jose, CA 95113

**Re:** ***In re Google Generative AI Copyright Litigation***
**Master File Case No. 5:23-cv-03440-EKL-SVK**
**Consolidated Case No. 5:24-cv-02531-EKL-SVK**

Pursuant to this Court's Civil and Discovery Referral Matters Standing Order, Plaintiffs and Defendants Google LLC and Alphabet Inc. (together, "Google") respectfully submit this joint statement regarding the process for submitting joint statements concerning discovery disputes. Fact discovery closes in 130 days, on October 17, 2025. The parties conferred in good faith on multiple occasions but were unable to reach a compromise regarding a mutually agreeable process for the submission of joint statements concerning discovery disputes.

**Plaintiffs' Position:**

**Introduction.** Plaintiffs are mindful of the Court's guidance that procedural disagreements about discovery submissions should be resolved through cooperation between counsel. *See* Dkt. No. 135 at fn. 1. In adherence to this directive, the Parties have engaged in more than 60 videoconferences and still more email and letter exchanges to address and resolve issues in this case. Despite these efforts, targeted discovery of Google has hardly begun. Custodial production by Google began *just two weeks ago*. Plaintiffs, in contrast, have produced thousands of pages of custodial documents over months; one Plaintiff has already been deposed, and another Plaintiff's deposition is scheduled for next week. Most concerning is the Parties' inability to resolve the issue of how training data and source code—which in other AI cases has driven discovery, including class discovery—will be made available by Google. All these issues and others need to be addressed in short order if the Court's August deadline for Plaintiffs to move for class certification is to be resolved.

This motion addresses how the Parties will get there. A glaring, and anomalous, issue in this case is that briefing discovery disputes is taking weeks, with no firm exchange dates or end to revisions. Google admits in its submission below that the process is protracted and delayed, although they lay blame entirely on Plaintiffs. Google, however, does not deny that they are wielding the dispute briefing process not as a means of addressing impasse, but instead as merely another tool to extend negotiations. Regardless, there is no reason fully briefing discovery disputes should take two or more weeks when it should be accomplished in days. Plaintiffs propose a solution—a scheduled series of exchanges of briefs within five days of reaching impasse on an issue. Plaintiffs also propose firm deadlines long before midnight—2 P.M. Pacific Time—so that young lawyers and staff professionals need not work until midnight when it is not necessary to do so. Indeed, under Google's present regime, lawyers and staff from both sides routinely stayed up

long after-hours for discovery briefs that do not get filed that night. Numerous courts in this district employ exactly such protocols.

Plaintiffs first proposed this, or some similar regime, last year. Google opposed. Plaintiffs have repeatedly raised the need for order and predictability in addressing discovery disputes after each protracted briefing period, but Google always opposes. Google lays blame for extended briefing at Plaintiffs' feet but does not, and cannot, tell the Court that the current regime is working in terms of resolving issues. Accordingly, Plaintiffs respectfully request that the Court set limitations on the briefing cycle and rules for the exchanges of such briefs.

**Argument.** Joint statements can be an invaluable tool for addressing discovery disputes in lieu of formal briefing, permitting the efficient presentation issues without the unnecessary complexity of motion practice. However, if the meet and confer process results in delay rather than further compromise, it is a hindrance. Indeed, it is not a substitute for meeting and conferring, which Google seems to think it is, but a means for disposition of an irreconcilable dispute. Plaintiffs' request seeks to impose evenhanded limitations on the process by providing predictability and ensuring the joint statement process achieves its intended purpose of ***prompt*** dispute resolution consistent with Rule 1 of the Federal Rules of Civil Procedure.

In the spirit of compromise, Plaintiffs have agreed to follow Defendants' proposed process for the last six months. Under this regime, the moving party provides its portion of the joint statement; the other side provides its portion within one business day; and the moving party can file or make revisions. If revisions are made, the other side has a business day to respond. However, there is no end to the revision process. Further, the staggered-only exchange process, without any

simultaneous ones or a date certain filing deadline, builds in unnecessary lost time.[1] Further, unlike the Federal Rules of Civil Procedure, which prohibit new issues from being raised on reply—subject to being stricken either by motion or *sua sponte*—the joint statement process offers no comparable safeguard, creating a self-perpetuating cycle of drafts with no clear endpoint. The result in this case has been an endless spiral of new arguments responding to new arguments.

Plaintiffs' proposed solution, which Defendants have rejected, is following a clearly defined process with a certain end-date that aligns with district-wide practices and supports the Court's case management objectives:

1. Following the final meet and confer, the joint statement concerning the discovery dispute is to be submitted to the court within five (5) court days.
2. The party seeking discovery or requesting relief (the moving party) shall, within two (2) court days of the final meet and confer, proffer via email to the opposing party its portion of the joint statement.
3. The opposing party shall then have two (2) court days to provide its portion of the joint statement.
4. The Parties mutually exchange any revisions to their respective portions of the letter the following day, after which the joint submission shall be promptly filed. Absent other agreement, the Parties shall exchange their respective revised drafts with any additional changes to their respective portions of the letter by 3 p.m. PT on the fifth court day following the final meet and confer, with final filing at 5 p.m. PT.

Defendants' approach to joint statements concerning discovery disputes presents practical

[1] Plaintiffs decline to address the inflammatory rhetoric and accusations in Defendants' portion of this joint statement. Plaintiffs note only that the procedural guardrails they propose would apply equally to both parties, belying any suggestion of gamesmanship.

challenges for the timely resolution of those disputes. Their framework allows four court days to respond to initial statements, with each side receiving an additional court day for subsequent revisions, but includes no limit on revision rounds or a deadline to submit the dispute. This open-ended approach reintroduces the very procedural complexities and delays that the Court's joint statement practice seeks to avoid, resulting in what effectively becomes an extended briefing structure without the schedule discipline imposed by the Federal Rules.

The Parties' recent experience with a discovery dispute regarding Plaintiffs' email addresses exemplifies this problem. Following Defendants' approach, the process extended to 17 days before the joint letter was finally submitted. While Defendants viewed this as a workable process because one of the disputed issues was eventually resolved during this 17-day period, they cannot explain why it could not have been resolved in 5 days. That is, the added length is not improving the conferring process; it is simply making it take longer and cost more. Such extended drafting fundamentally conflicts with the primary purpose of joint letter briefs—to efficiently present disputes to the Court after parties have reached an impasse, not as a substitute for good faith meeting and conferring.

This protracted timeline also undermines the very purpose of the meet and confer requirement and effectively transforms what should be a streamlined filing process into an extended negotiation. In contrast, a definitive timeline for submitting joint discovery letters directly advances Judge Lee's express directive to "promptly present their disputes to this Court…" *See* Order re Def.'s Mot. to Strike, Dkt. No. 128.

A five-day filing timeline is standard practice across this District, as confirmed by multiple standing orders from magistrate judges. *See* General Standing Order of Judge Robert M. Illman, ¶ 4(a) ("Within five (5) business days of the meet and confer session, the parties shall file a joint letter."); Standing Order for Magistrate Judge Sallie Kim at 5 ("After meeting and conferring as

set forth above, the parties shall draft and file a jointly signed letter within five (5) business days[.]"); Standing Order for Magistrate Judge Donna M. Ryu ¶ 14 ("If disagreements remain, the parties shall file a joint letter no later than five business days after the meet and confer session, unless otherwise directed by the court."); Standing Order for Magistrate Judge Virginia K. DeMarchi at 3 (". . . the parties shall jointly submit a letter to the Court no later than 5 court days after the conference of lead counsel, unless the disputing parties agree to extend that deadline.").

Google is aware of and proficient at complying with these end-date-timeline rules. *See, e.g.*, *Calhoun v. Google LLC*, No. 20-cv-05146-LHK (SVK), 2021 U.S. Dist. LEXIS 232917, at *4 (N.D. Cal. Dec. 4, 2021) (requiring Google and the plaintiff to submit joint statement regarding discovery dispute within two business days after court ordered meet and confer); *Google LLC v. Sonos, Inc.*, No. 20-cv-06754-WHA (DMR), Dkt. No. 381 (N.D. Cal. Oct. 13, 2022) (Google and the defendant submitting joint letter brief one business day after final conferral regarding discovery dispute); *In re Social Media Adolescent Addiction/Pers. Injury Prods. Liab. Litig.*, No. 4:22-md-03047-YGR (PHK), Dkt. No. 824 (N.D. Cal. May 8, 2024) (Google and the plaintiffs submitting joint letter brief five business days after parties' final conferral regarding discovery dispute); *AdTrader, Inc. v. Google LLC*, No. 5:17-cv-07082-BLF (VDK), Dkt. No. 297 (N.D. Cal. Aug. 3, 2020) (Google and the plaintiff submitting joint letter brief five business days after final conferral regarding discovery dispute). Google has provided no valid justification for why it cannot adhere to a five-business-day joint statement process for discovery disputes in this case.

**Conclusion.** Plaintiffs request that the Court implement their proposed joint statement submission procedure, or in the alternative, order a procedure that provides definitive deadlines, most crucially a deadline for filing the joint statement with the Court, and ensures the timely resolution of discovery disputes.

**Defendants' Position:** The presentation of discovery disputes through joint letters is intended to prompt discussion and compromise while crystallizing actual disputes. The parties disagree on the briefing process to best serve those ends. Defendants' protocol, which the parties have successfully employed to date on multiple motions, is used in courts around the country. *See, e.g.*, M.J. Chu Civil Chambers Rule VI(a)(iv) (S.D. Cal.) (in preparing joint discovery letters, "the parties must provide one another with a reasonable amount of time to contribute"); M.J. Gilbert Case Procedures, Discovery Motions (N.D. Ill.) (setting no time limit for joint motion and noting that, "[a]lthough it may take a little more time on the front end to prepare a joint motion, it streamlines the process and tends to expedite resolution of the dispute overall"). It affords non-movants a reasonable time to prepare their position and ensures the parties continue to engage with one another during briefing, while enabling prompt presentation of issues they cannot resolve themselves. Plaintiffs' proposal, by contrast, imposes rigid and one-sided deadlines that constrain the responding party, curtail productive dialogue, and encourage procedural gamesmanship.

**Defendants' Approach Is Structured, Efficient, and Proven to Work.** Defendants propose a structured but flexible briefing process: The moving party delivers its draft position after impasse; the responding party has four court days to prepare its response; the moving party may then file the joint submission immediately, unless it wishes to revise its portion; if either party makes revisions thereafter, each side is allotted one court day to respond. Once the moving party has no further changes, it may file the joint letter. This framework enables submission of disputes within a timeframe equal to or even faster than Plaintiffs' proposed five-court-day model. It also encourages continued dialogue and the narrowing or elimination of disputes, produces more targeted and useful briefing for the Court where the issues are fully developed, preserves fairness, and accommodates the need for client involvement on potentially complex and important matters.

The presentation of disputes thus far in this case demonstrates the wisdom of Defendants'

approach. For example, Defendants filed a joint brief over Plaintiffs' refusal to identify their Google accounts. *See* ECF No. 134. Defendants' original portion of the joint brief was directed to that dispute and one other issue. After Defendants served their brief, Plaintiffs took four court days to provide their response. Plaintiffs made concessions on the second issue prompting additional negotiations and ultimately a resolution without Court intervention. The joint briefing process extended beyond five days, but not because of delays or inefficiency—rather, because the process fostered engagement that ultimately mooted a dispute. This same process has worked efficiently in other recent discovery letters without any undue delay.[2]

**Plaintiffs' Proposal Encourages Gamesmanship and Discourages Cooperation.** Plaintiffs' framework gives the moving party as much time as it chooses to prepare its portion, then requires the responding party to answer within two court days—regardless of scope or complexity. This imbalance is unfair to parties like Defendants from whom endless discovery is demanded. High-volume, high-stakes discovery disputes often involve nuanced technical issues requiring client input. The responding party must have sufficient time to gather facts necessary to address arguments. Two court days is not enough. Further, that sort of compressed briefing deadline allows moving parties to weaponize the process by forcing rapid briefing on long dormant issues, risks incomplete or inaccurate responses, and reduces the quality of submissions.

Plaintiffs also improperly seek to impose a five-court-day filing deadline that—while superficially resembling some judges' standing orders—is not always realistic for complex disputes. More importantly, it is at odds with what those orders actually contemplate. The examples Plaintiffs cite do call for a joint brief to be filed within five business days of a "final

[2] Plaintiffs' assertion that "targeted discovery of Google has hardly begun" is false. Google has produced thousands of technical documents identified by Plaintiffs as "high priority," and custodial productions are underway and scheduled to be completed well in advance of the class certification motion deadline.

meet and confer." But they do not dictate or endorse the asymmetric drafting sequence Plaintiffs propose, under which a movant can review the other side's response to its initial position and then revamp its briefing without providing a reciprocal opportunity to reply. To the contrary, the orders mandate that each side be given adequate opportunity to respond to what the other has to say. *See, e.g.*, Standing Order for Magistrate Judge Virginia K. DeMarchi at 4 ("The Court expects the parties to cooperate in the preparation of the joint discovery dispute letter so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission of the letter."); Standing Order for Magistrate Judge Donna M. Ryu ¶ 14 (same).

Under Plaintiffs' proposal, after the non-movant provides a responsive brief, each side has one day to make "final revisions" for a "mutual exchange" at 3 p.m. for filing on the fifth court day. But the non-movant has already addressed the moving party's initial arguments and has no reason—or ability—to make "final revisions" as there is nothing to respond to. The moving party, by contrast, gets a day to consider the non-movant's response and make potentially significant changes or offer brand new arguments, knowing the non-movant will have no opportunity to respond. That is not "evenhanded"; it heavily favors the movant in a process that is supposed to be joint.

Plaintiffs' conduct highlights the unfairness. In their recent motion demanding vast libraries of irrelevant source code (ECF No. 140), Plaintiffs largely rewrote their portion after the parties had already exchanged drafts twice, sent it on a Friday night at 10:00 pm, and demanded Defendants provide any additional edits by noon the next Monday. Similarly, in this very submission, Plaintiffs did not provide their revisions "the following day" after receiving Google's portion, as their protocol would require; rather, they took 48 hours to send a heavily revised draft. If the one-sided process Plaintiffs urge had been in place, Defendants would not have been entitled to respond to Plaintiffs' extensive revisions, and the Joint Statement would have been filed with

Defendant's portion responding to arguments different than the ones Plaintiffs are actually now making. Plaintiffs' gamesmanship would have been rewarded, and the Court would have received no response to Plaintiffs' new arguments.

Another problem with Plaintiffs' proposal is that the artificial filing deadline discourages the dialogue that a joint briefing process is intended to foster. Had the parties followed Plaintiffs' five-day rule with respect to Defendants' prior motion on account identification (ECF No. 134), they would have needlessly brought an issue to the Court that, with modest further back-and-forth, they were able to resolve on their own.

**Plaintiffs Mischaracterize the Existing Process and the Risk of Delay.** Plaintiffs' claim that Google is "wielding the dispute briefing process" to "extend negotiations" is baseless. Plaintiffs have had many months for discovery already, which opened in the first of the now consolidated cases in September 2023, and in the second in October 2024. Defendants, over Plaintiffs' objections, sought and obtained an early class certification process with focused discovery. Defendants have never refused to meet, have made all manner of concessions to help the discovery process along, and timely exchanged briefs where disputes have arisen. In fact, each instance in which Defendants' approach has been followed has resulted either in partial resolution and narrowing of disputes (*see* ECF No. 139) or in timely briefing (*see* ECF Nos. 120 & 127 (allowing Google five business days to respond to Plaintiffs' 30(b)(6) motion); ECF No. 140 (source code); ECF No. __ (custodians)).

By contrast, the record reflects that ***Plaintiffs*** have driven delays and have not "diligently advance[d] discovery" as Judge Lee admonished them to. ECF No. 128 at 8. For example, in ruling on Defendants' motion to compel Plaintiffs to disclose their Google account information, this Court noted that ***Plaintiffs'*** position—that Google identify "from hundreds of services" those with relevant licensing terms before Plaintiffs would "'evaluate the request'"—"***appears to be a path***

***to delay***." ECF No. 139 at 2 (emphasis added). Plaintiffs served a facially improper 30(b)(6) deposition notice in January, refused to meaningfully narrow it following meet and confers and the exchange of letters, waited 10 days after Google's last correspondence on the matter before declaring impasse and then waited an additional eight days to send over a motion to compel. *See* ECF No. 120 (Plaintiffs' motion); ECF No. 135 (order denying motion because 30(b)(6) topics were "unreasonable in length and scope" and not "focused on class certification"). On the issue of how many different custodians Google will collect documents from, Google in early March offered a dozen and, after negotiation and significant gaps of time during which Google waited on Plaintiffs to provide their position, made its final position clear on May 2, 2025. Plaintiffs waited 25 more days before sending their half of a joint letter brief on custodians on May 27—nearly three months after Google made its proposal on the matter. Thus, only now have Plaintiffs begun briefing their unreasonable and unfocused demand for nearly ***fifty*** more custodians. *See* ECF No. __ at __. Even in this submission, Plaintiffs, without explanation, took an extra day to provide substantial revisions after receiving Google's portion.

Plaintiffs are incorrect that the briefing schedule is "taking weeks" (it is not), and to the extent there have been "cycles" or an "endless spiral" of arguments on Plaintiffs' many motions, that was Plaintiffs' choice. They were free to submit the joint statement immediately after receiving Google's responsive portion. Instead, they have chosen—repeatedly and dramatically—to revise their positions, necessitating an opportunity for Google to respond.

**Conclusion.** Defendants' proposed protocol ensures a structured, efficient, and fair process for bringing disputes to the Court. It aligns with this Court's Standing Order, respects both parties' needs, and facilitates resolution without judicial involvement. It also permits submission of a dispute in as few as four court days—faster than Plaintiffs' model. For these reasons, Defendants respectfully request that the Court endorse the process employed to date and described herein.

Dated: June 9, 2025

Respectfully submitted,

By: */s/ Yana Hart*
Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: 213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
tcowan@clarksonlawfirm.com

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan A. Creutz (SBN 349728)
Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
ecreutz@saverilawfirm.com
acera@saverilawfirm.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 797-2617

lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4006
gmullens@bfalaw.com

Matthew Butterick (SBN 250953)
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@buttericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowo@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Counsel for Individual and Representative Plaintiffs*
*and the Proposed Class*

Dated: June 9, 2025

Respectfully submitted,

By: */s/ Paul Sampson*

Paul Sampson
**WILSON SONSINI GOODRICH & ROSAI, PC**
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 360-4314
Fax: (801) 360-4314
psampson@wsgr.com

Eric P. Tuttle
**WILSON SONSINI GOODRICH & ROSATI, PC**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Fax: (206) 883-2699
eric.tuttle@wsgr.com

David H. Kramer
Maura L. Rees
Qifan Huang
**WILSON SONSINI GOODRICH & ROSATI, PC**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Fax: (650) 565-5100
dkramer@wsgr.com
mrees@wsgr.com
qhuang@wsgr.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: June 9, 2025

*/s/ Yana Hart*
Yana Hart