UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Case No. 5:23-cv-03440-EKL (SVK)<br><br>**ORDER FOLLOWING DISCOVERY HEARING**<br><br>Re: Dkt. Nos. 158, 159, 163 |

Before the Court are three discovery disputes:

1. Google LLC and Alphabet Inc. (together, "Google")'s objection to Plaintiffs' designated expert Dr. Emily Wenger (Dkt. 158);

2. The Parties' dispute over cost-sharing for Google's AI training data (Dkt. 159); and

3. Google's request to compel further response to Interrogatory nos. 1 & 2 and to compel Plaintiffs to search the files of certain designated third parties for responsive documents (Dkt. 163).

On July 1, 2025, the Court issued tentative rulings and guidance that included requests for additional information to assist the Parties and the Court in preparing for the hearing (Dkt. 165). The Court held an omnibus in-person hearing on July 10, 2025 at which the Court issued its rulings and reasoning in support thereof. This Order summarizes those rulings for the convenience of the Parties and the Court.

**1. Google's objection to Plaintiffs' designated expert Dr. Emily Wenger (Dkt. 158).**

The Court directed Plaintiffs to file a supplemental declaration of Dr. Wenger that provided additional and more detailed information about her on-going working relationship with Google competitor, Meta. Dkt. 165. Plaintiffs provided this information. Dkt. 168-3. Plaintiffs were also offered to provide declarations about Dr. Wenger's unique expertise that overcomes

Google's objection (Dkt. 165) but did not do so.

Based on the declaration, Dr. Wenger's ongoing "relationship" with Meta is sufficiently cabined such that it does not represent a conflict requiring disqualification. Specifically, Dr. Wenger is not compensated by Meta, and she participates in these calls voluntarily for one hour per week to "see through [her] research projects pertaining to the security of post-quantum cryptosystems, a niche field that is *distinct* from what is at issue at this case." Dkt. 168-3 at 2 (emphasis added). These calls also enable Dr. Wenger to more effectively advise her Ph.D. student who is working with this team.

The Court **DENIES** Google's request without prejudice. Should parameters of Dr. Wenger's involvement with Meta change—frequency, duration, scope or purpose of the calls—Plaintiffs must immediately disclose the relevant facts to Google and failure to do so may result in disqualification, the exclusion of any expert report or evidence associated with Dr. Wenger, or any other remedy the Court deems appropriate.

**2. Parties' dispute regarding cost sharing (Dkt. 159)**

In the Tentative Order, the Court denied this request. Dkt. 165. The Court allowed Google to proffer additional facts in support of its proposal (*id.*), but it did not do so. For the same reasons as the Court expressed in the Tentative Order (*id.*), the Court **DENIES** Google's request without prejudice to a renewed request based upon a showing of discovery abuse.

**3. Google's request to compel further response to Interrogatory nos. 1 & 2 and to compel Plaintiffs to search the files of certain designated third parties for responsive documents (Dkt. 163)**

<u>Interrogatory no. 1</u>: In response to the Court's directions in the Tentative Order, the Parties met and conferred and have agreed upon supplementation of Plaintiffs' responses which shall be due **no later than July 24, 2025**. Any issues arising out of the supplemental responses are to be addressed through rigorous meet and confer as directed in the Tentative Order.

<u>Interrogatory no. 2</u>: For the reasons discussed at the hearing, Plaintiffs are **ORDERED** to provide a clear statement of each Plaintiff as to the basis for their claims of ownership of the

2

<u>Works in Suit and the facts supporting their bases.</u>  For example, if Plaintiffs point to registration statements as evidence of ownership, they must supplement the registration with the facts upon which they rely that they are the owners, such as being the creator of the Work-in-suit or having purchased the right, etc.  The Court **ORDERS** Plaintiffs to provide this information by **July 24, 2025**<u>. Any issues arising out of the supplemental responses are to be addressed through rigorous meet and confer as directed in the Tentative Order.</u>

<u>Search of Third-Party Documents</u>:  Google provided the additional information requested in the Tentative Order regarding the Plaintiffs' literary agents and one Plaintiff's assistant.  As discussed at the hearing, Plaintiffs have control over these third parties as to, but only as to, Plaintiffs' own records and files.  The Parties have reached agreement on the relevant pending Requests for Production pursuant to which Plaintiffs will endeavor to obtain responsive documents from the third-parties.  Accordingly Plaintiffs will commence a rolling production **no later than July 29, 2025**.

**CONCLUSION**

In the issues resolved by the Court today, there was very little that the Parties could not have achieved on their own through diligent meet and confer efforts conducted with the acknowledgement that all discovery disputes require compromise.  Nevertheless, at the conclusion of today's hearing, the Parties alluded to a number of additional discovery disputes "ready to file." The Parties are admonished – again - as to the requirements of a robust meet and confer procedure and the non-infinite access to additional judicial resources for discovery disputes.

**SO ORDERED.**

Dated: July 10, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge

3