1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Case No.  23-cv-03440-EKL (SVK)

IN RE GOOGLE GENERATIVE AI
COPYRIGHT LITIGATION

**ORDER IN RE RELEVANT TIME
PERIOD FOR DOCUMENT SEARCH
AND PRODUCTION**

Re: Dkt. No. 179

Before the Court is the Parties' Joint Submission regarding the relevant time period for Google's search and production of custodial documents.  Plaintiffs request a period of nine-plus years, running from 2017 to present while Google proposes a five year period starting in July, 2020, which captures three years prior to the filing of the initial complaint in July 2023 (*see* Dkt. 1).  The disputed time period is from July 2017 to July 2020.  Having considered the Parties' arguments, the relevant litigation history and applicable statutory and case guidance, including the proffered supplemental authority, the Court **DENIES** Plaintiffs' request for the following reasons.

First, Plaintiffs claim that the expansive time period is "imperative" but offer only general references to the inception of Google's AI program as support.  As all counsel involved in this case are well aware, AI has been around for decades.  A technology company publishing articles touting its AI awareness and investments, without any reference to facts relating to the claims in this case, is simply not sufficient grounds for relevant, proportional discovery.  Significantly, the Court's careful search of both the initial and operative complaints in this action, (Dkts. 1 and 92, respectively), confirm Google's assessment that there are no factual allegations from the years 2017, 2018 or 2019.  Indeed, although there is a reference to the creation of the C4 dataset in 2020, most of the factual allegations point to activity in 2022-2023.  Dkt. 92, ¶¶ 1 n. 2-3, 123, 131

n. 34, 139.  Although Plaintiffs argue strenuously for the expansive time period as one of "foundational decisions" regarding Google's AI development, there simply are no facts in the record to support the relevance or proportionality of search period of more than nine years.

Second, common sense dictates that time parameters for ESI searches are to be negotiated and agreed upon at the earliest possible date, along with custodians and search terms, understanding that facts may come to light that warrant adjustment as discovery progresses. Defendant asserts that during ESI negotiations in September 2024, it objected to discovery prior to 2020.  Dkt. 179 at 8.  Defendant restated its position in its formal objections in February of this year, expressly limiting its search to the July 2020 start date.  *Id.*  Even allowing sufficient time for the robust meet and confer this Court requires, Plaintiffs failed to raise this broad, general objection to a search parameter for five months after receiving formal objections, and at least two months after custodial production is underway.  As a consequence, Plaintiffs' request is, on this record, untimely and not proportional to the needs of the case.

Accordingly, Plaintiffs' request that Google search for documents reaching back to January 1, 2017 is **DENIED**.  The relevant search period begins on July 11, 2020.

        **SO ORDERED.**

Dated: July 28, 2025

SUSAN VAN KEULEN
United States Magistrate Judge