UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Master File Case No. 23-cv-03440-EKL<br><br>**ORDER AMENDING CASE SCHEDULE**<br><br>Re: Dkt. Nos. 173, 194 |

The parties in this case have helped themselves to more judicial resources than necessary, given the experienced counsel representing each side. Lawyers should vigorously advocate on their client's behalf. But lawyers should also be problem-solvers. Unfortunately, a good deal of the problem-solving work in this case has been shifted to the Court. The latest example of this trend is the parties' inability to compromise on a reasonable extension of the case schedule. *See* Mot. to Extend, ECF No. 173. The Court did not need six briefs to decide whether to amend the case schedule, but that is what the Court received. *See* ECF Nos. 173, 182, 189, 193, 195-1, 196. Having reviewed all these papers, the Court GRANTS the motion in part, albeit reluctantly.[1]

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause inquiry "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Good cause will be shown if a scheduling order's deadline 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Lamberth v. Clark Cnty. Sch. Dist.*, 698 F. App'x

---

[1] Google's objection to new evidence in Plaintiffs' reply is sustained as to points one, three, and four, but overruled as to point two (the status of Plaintiffs' BigQuery access). *See* Obj. at 1-2, ECF No. 193. Plaintiffs' motion for leave to respond to Google's objection is granted. *See* ECF No. 194.

387, 389 (9th Cir. 2017) (quoting *Johnson*, 975 F.2d at 609).  But "[i]f that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609; *see also id*. ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.").

The primary motivation for Plaintiffs' motion to amend the case schedule is the fast-approaching August 8 deadline to move for class certification, which Plaintiffs wish to extend by three months.  *See* Reply, ECF No. 189.  In many respects, Plaintiffs have not acted diligently to meet this deadline.  At the December 18, 2024 case management conference, the Court instructed Plaintiffs to focus their initial discovery efforts on information that is necessary for class certification.  12/18/24 Hr'g Tr. 21:19-21, ECF No. 93.  The Court set the August deadline as a compromise between the approaches proposed by the parties.  If Plaintiffs had focused their efforts, there was enough time to complete class certification discovery in the past eight months.[2]

Unfortunately, Plaintiffs have wasted time on distractions.  First, Plaintiffs improperly amended the class definition to create a fail-safe class, triggering avoidable litigation.  *See* Order Granting Mot. to Strike Class Allegations at 8, ECF No. 128.  In its April 21 order on that issue, the Court warned Plaintiffs that it would "not find good cause for an extension [of class certification deadlines] if the record reflects Plaintiffs' failure to prioritize and diligently advance discovery on issues relevant to class certification." *Id*. at 8.  Second, since April, Plaintiffs have wasted time seeking overbroad discovery, failing to prioritize issues relevant to class certification. *See, e.g.*, Order Re: 30(b)(6) Dep. at 2, ECF No. 135 (denying overbroad Rule 30(b)(6) deposition); Order In Re: Relevant Time Period at 1-2, ECF No. 192 (denying unsupported request to expand the relevant time period by three years).  Remarkably, Plaintiffs now say they would use an extension in part to "negotiate or litigate additional [discovery] disputes" – including disputes over "privilege claims, 30(b)(1) witnesses, production, [and] corporate witness preparedness." Reply at 1.  More discovery litigation is not good cause for an extension of class certification deadlines.

---

[2] The Court notes that the plaintiffs in *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-WHA, moved for class certification less than six months after the initial case management conference.

1   However, the Court finds good cause for a 45-day extension of Plaintiffs' deadline to move
2  for class certification. This extension provides Plaintiffs additional time to review discovery that
3  Google has produced in the past six weeks, including training data and custodial productions. *See*
4  Reply at 2, 4. It appears that Plaintiffs first accessed Google's training data for the generative AI
5  models at issue in early July, Mot. at 5, and Plaintiffs report some lingering issues, *see* Reply at 4.
6  Review of the training data, at least, is plausibly relevant to class certification, and the current
7  schedule does not afford Plaintiffs sufficient time to review that material, given its recent
8  production. However, the Court does not accept Plaintiffs' representation that a three-month
9  extension is needed. Plaintiffs' request for three months includes time to litigate discovery issues
10 unrelated to class certification, which the Court does not approve. And Plaintiffs could have used
11 the time available to prioritize training data, instead of engaging in discovery skirmishes on
12 ancillary issues. The amended class certification schedule is reflected below.

13  It is unclear why compromise seems to be so difficult in this case. *See* Order Re: Disc.
14 Disputes at 1-2, ECF No. 148 (reflecting failure to compromise); Order Following Disc. Hr'g at 3,
15 ECF No. 172 (same). One potential issue is that Plaintiffs have lacked focus, which is essential to
16 a putative class action of this magnitude. Another potential issue is that Google has been
17 somewhat intransigent in discovery, perhaps due to its view that a class will never be certified.
18 *See* Opp. at 8, ECF No. 182 (referring to class proceedings as a "mirage"). The Court welcomes
19 creative proposals as to how the Court might align incentives and encourage compromise going
20 forward. The Court is not keen to issue a middle-ground ruling on every dispute presented, which
21 would only incentivize both sides to take extreme positions from the outset.

22  The Court would prefer not to issue orders like this one. The parties have been told several
23 times that they need to make greater efforts to compromise, yet disputes persist and proliferate.
24 Access to the courts is a public good, and time spent on issues like this one detracts from other
25 important work – including other work in this case.

26  For the foregoing reasons, the following unexpired deadlines in the Case Management and
27 Scheduling Order, ECF No. 88, are AMENDED as shown below. By August 13, 2025, the parties
28 shall submit a proposed order to amend the other case deadlines through trial, consistent with the

3

amended class certification deadlines below.  This is not an invitation to relitigate the general structure of the case schedule or to substantially extend the close of fact discovery.  The Court will not consider competing proposals.

| Event | Deadline |
| --- | --- |
| File class certification motion and disclose supporting expert report(s) | September 22, 2025 |
| Further case management conference | October 15, 2025 |
| File opposition to class certification motion, disclose opposing expert report(s), and file *Daubert* motion(s) | October 29, 2025 |
| File reply in support of class certification motion, opposition(s) to Google's *Daubert* motion(s), and *Daubert* motion(s) as to Google's experts | December 3, 2025 |
| File opposition to Plaintiffs' *Daubert* motions | December 10, 2025 |
| Complete initial ADR session | December 17, 2025 |
| Hearing on class certification motion | January 7, 2026 |

**IT IS SO ORDERED.**

Dated: August 5, 2025

Eumi K. Lee
United States District Judge