# EXHIBIT 1

Joint Chart Regarding Certain Requests for Admission

# Exhibit 1 – Parties' Joint Chart Regarding Certain Requests for Admission

| Disputed Request | Defendants' Response | Plaintiffs' Proposed Compromise | Defendants' Proposed Compromise | [Court's Use] |
|---|---|---|---|---|
| **Request for Admission No. 263:** Admit that the content stored in Google Search's web crawl index includes content from one or more Shadow Libraries. | Google incorporates by reference its Objections to Definitions and Instructions, including its own definitions stated therein, which are applicable to this Request. Google objects to this Request on the grounds that it is unduly burdensome, vague, ambiguous, and overbroad, especially in its use of the terms "content" and "Shadow Libraries." Google lacks knowledge or information as to which domains belong to "Shadow Libraries." The burden on Google is especially great in light of the Request's minimal relevance, if any, to either Plaintiffs' motion for class certification, the claims in the Consolidated Amended Complaint, or any party's defenses. Google objects that this Request is compound to the extent that it contains multiple | Plaintiffs proposed that Google admit or deny as to just the specific shadow libraries included in the definition of "Shadow Library" provided and as to the domains of those shadow libraries known to Google. | Google proposes that it would admit that Google Search's web crawl index includes content from certain URLs associated with sites sometimes known as "Z-Library" and "LibGen." | |

| | | | | |
|---|---|---|---|---|
| | sub-parts. Google further objects that the Request is not limited in temporal scope.<br>For the reasons stated above, particularly the vagueness and ambiguity of the term "Shadow Libraries," Google is unable to admit or deny this Request. | | | |
| **Request for Admission No. 264:**<br>Admit that You knew the content stored in Google Search's web crawl index included content from one or more Shadow Libraries. | Google incorporates by reference its Objections to Definitions and Instructions, including its own definitions stated therein, which are applicable to this Request. Google objects to this Request on the grounds that it is unduly burdensome, vague, ambiguous, and overbroad, especially in its use of the terms "content" and "Shadow Libraries." Google lacks knowledge or information as to which domains belong to "Shadow Libraries." The burden on Google is especially great in light of the Request's minimal relevance, if any, to either Plaintiffs' motion for class certification, the claims in the Consolidated Amended | Plaintiffs proposed that Google admit or deny as to just the specific shadow libraries included in the definition of "Shadow Library" provided and as to the domains of those shadow libraries known to Google. | Google proposes that it would admit that Google Search's web crawl index includes content from certain URLs associated with sites sometimes known as "Z-Library" and "LibGen," and that this fact was available to Google. | |

| | | | | |
|---|---|---|---|---|
| | Complaint, or any party's defenses. Google objects that this Request is compound to the extent that it contains multiple sub-parts. Google further objects that the Request is not limited in temporal scope.<br>For the reasons stated above, particularly the vagueness and ambiguity of the term "Shadow Libraries," Google is unable to admit or deny this Request. | | | |
| **Request for Admission Nos. 275–584:**<br>Admit that the Training Data referenced in Request for Admission No. [265–274] contained at least one copy of Plaintiff [Plaintiff's] work [Asserted Work].[1] | Google incorporates by reference its Objections to Definitions and Instructions, including its own definitions stated therein, which are applicable to this Request. Google objects to this Request on the grounds that it is unduly burdensome, vague, ambiguous, and overbroad, especially in its use of the term "Training Data." The burden on Google is especially great in light of the Request's minimal | Plaintiffs request that Google admit or deny these Requests for Admission as they are written. | Google has already offered to stipulate that it will not dispute, for purposes of class certification only, that [at least a portion of Asserted Work] was part of the training data for at least one version of Bard, Gemini, or Imagen. | |

[1] These Requests for Admissions are all the same with only differences in numberings, Plaintiffs, and works. Placeholders are used to indicate the subject matter of these Requests, which are all largely similar.

| | | | | |
|---|---|---|---|---|
| | relevance, if any, to Plaintiffs' motion for class certification. Google objects to this Request, which is vexatious and appears to be designed to harass Google, in light of Google's Responses and Objections to Plaintiffs' First Set of Requests for Admission, including Google's offer to stipulate that it will not dispute, for purposes of class certification only, that [at least a portion of Asserted Work] was part of the training data for at least one version of Bard, Gemini, or Imagen. For the same reasons, Google objects to this Request on the grounds that the information sought by this Request is duplicative of Request for Admission No. [21–171],[2] to which Google has already responded. Google further objects to this Request because it would require Google to investigate detailed technical information the | | | |

[2] Google's references to its Response to Request for Admissions are separated by 5. *I.e.*, Google refers to its Response to Request for Admission Nos. 21, 26, 31, 36, 41, 46, etc.

| | | | | |
|---|---|---|---|---|
| | aggregation and/or production of which would be highly burdensome in ways that are disproportionate to the legitimate needs of the case. Google further objects that the Request is not limited in temporal scope.<br>For the reasons stated above, Google refers Plaintiffs to its Response to Request for Admission No. [21–171]. | | | |