September 5, 2025

*E-Filed*

The Honorable Susan van Keulen
United States Magistrate Judge
United States District Court
Northern District of California
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South 1st Street
San Jose, CA 95113

Re:   *In re Google Generative AI Copyright Litigation*
      Master File Case No. 5:23-cv-03440-EKL
      Consolidated Case No. 5:24-cv-02531-EKL

Pursuant to Section 7(b) of the Court's Civil and Discovery Referral Matters Standing Order, Defendant Google LLC ("Google") and Plaintiffs respectfully submit this joint letter brief concerning the dispute over (1) whether Rule 30(b)(6) testimony should be subject to a separate time limit, (2) the scope of the subject matter covered by Topic 4 of the amended notice of deposition, regarding Google's decisions regarding training data acquisition and use, and (3) the applicable standard for preparing a Rule 30(b)(6) witness. Fact discovery closes in 161 days on February 13, 2026. Counsel have met and conferred numerous times but remain at impasse. On (1), Google has offered to count each 7 hours of corporate testimony as one deposition. On (2), Plaintiffs' compromise is for Google to produce a witness to testify as to subparts (a), (c), and (d) of Topic 4, with subtopics (c) and (d) being further limited to the models at issue. Google has offered additional 30(b)(6) testimony on Topic 4 as to the process for determining what third-party content acquisition agreements/authorizations to pursue, and financial expenditures related to such agreements.

**Plaintiffs' Position:** Plaintiffs move pursuant to Federal Rules of Civil Procedure 26(b)(1) and 37(a) for an order to: (1) set a thirty (30) hour limit for Rule 30(b)(6) deposition testimony; (2) compel Google to produce an adequately prepared witness for Topic 4; and (3) clarify that Google must prepare its corporate designees to testify as to the "important or primary discussions or deliberations" regarding a noticed topic rather than merely testifying "generally" as to each noticed topic, consistent with its obligations under Rule 30(b)(6).

The Court should set a Rule 30(b)(6) deposition time limit. Given the nature and complexity of this case, certainty as to the amount of time for Rule 30(b)(6) testimony for class certification purposes is necessary. A 30 hour limit for Rule 30(b)(6) testimony, separate from the number of Rule 30(b)(1) depositions, is consistent with the time limits set by other generative AI cases in this district and outside.[1] Further, those cases only dealt with models which generate a single modality, *i.e.*, text or images, as compared to this case, which deals with multimodal models, so Plaintiffs' proposal is commensurate with the complexity of this case.

Plaintiffs respectfully request the Court to set a 30 hour time limit on Rule 30(b)(6) depositions separate from any deposition number or time limit on Rule 30(b)(1) depositions.

The Court should compel Google to produce an adequately prepared designee to testify about Topic 4. Google designated Tyler Liechty to testify regarding Topic 1, which sought testimony regarding the composition, filtering, acquisition, and processing of training data. Due to

---

[1] *See, e.g.*, Discovery Order, *Kadrey v. Meta*, No. 23-cv-03417-VC (N.D. Cal. Oct. 15, 2024), ECF No. 231 (16 hours of Rule 30(b)(6) testimony); Order on Discovery Motions, *Tremblay v. OpenAI, Inc.*, No. 23-cv-03223-AMO (N.D. Cal. January 13, 2025), ECF No. 247 (20 hours of Rule 30(b)(6) testimony); Deposition Protocol Order, *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-03143-OTW (S.D.N.Y. July 21, 2025), ECF No. 212 (25 hours of Rule 30(b)(6) testimony); Stipulated Order Entering Deposition Protocol, *Nazemian et al. v. NVIDIA Corp.*, No. 24-cv-01454-JST (N.D. Cal. June 3, 2025), ECF No. 151 (23 hours of Rule 30(b)(6) testimony).

an unexpected illness to Plaintiffs' examining counsel, the Parties agreed to postpone Mr. Liechty's deposition from July 17 to the following Friday, July 25. During the intervening weekend, Google designated Mr. Liechty to testify as to Topic 4, which sought testimony regarding (a) decisionmaking underlying the acquisition of certain datasets used to train models at issue; (b) model training; (c) commercial integration of those models into Google's products; and (d) ongoing operations, including Google's continued use of copyrighted training data. Google did not formally object to these topics until after-hours on July 23, roughly 30 hours before the scheduled start of the deposition. In its objections to Topic 4, Google indicated that Google's designee would *only* speak "generally to the process of training Google's Bard, Imagen, Gemini, GLaM, or PaLM models, including the extent to which those models were used in Bard." Plaintiffs objected but proceeded to take testimony in light of the class certification deadline, reserving all rights.

During Mr. Liechty's deposition, Google's counsel clarified that Mr. Liechty was only prepared to speak on Google's unilateral narrowing of Topic 4. *See* Ex. D, at 25:21–26:18; *c.f.* Ex. A, at 6–7. Plaintiffs, as a compromise, asked Google to produce another witness to testify to subtopics (a), (c), and (d). *See* Ex. A, at 6–7. Google refused, stating that its obligations with respect to Topic 4 were complete. Google has been unable to provide any authority to support its position despite repeated requests. Google's refusal to produce a designee prepared to offer testimony for Topic 4 subtopics (a), (c), and (d) is improper for numerous reasons:

*First*, "[t]he 30(b)(6) notice establishes the minimum about which the witness must be prepared to testify, not the maximum." *UniRAM Tech., Inc. v. Monolithic Sys. Techn., Inc.*, 2007 WL 915225, at *2 (N.D. Cal. Mar. 23, 2007). Google unilaterally narrowed the scope of the deposition itself via its objections delivered at the eleventh hour. At the deposition, Google's counsel declared on the record that Mr. Liechty's testimony on Topic 4 was being limited by

2

Google's interpretation of Topic 4, and levied numerous objections to scope as to questions clearly within the bounds of Topic 4. As but one example, Google's counsel objected to a question which asked the witness to explain "███████" which was a specific dataset identified by name in both Topics 1 and 4 of the deposition. *See* Ex. D, at 25:21–26:18. This is improper. *See N.E. Carpenters Health Benefits Fund v. First DataBank, Inc.*, 242 F.R.D. 164, 165 (D. Mass. 2007) ("[I]t is totally improper for a party to decide on its own not to permit discovery" and to do so "unilaterally.").

**Second**, Google's last-minute demand that Plaintiffs take testimony on Topic 4, when previously the witness had only been designated for Topic 1, and its late service of formal objections were prejudicial to Plaintiffs because Plaintiffs were denied a meaningful opportunity to meet and confer with respect to Google's unilateral limiting of Topic 4. Google did not have to designate Mr. Liechty on Topic 4—it chose to on the eve of his rescheduled deposition. Taken alone, the delay in serving objections is improper. *See Pongsai v. Am. Express Co.*, 2020 WL 5356711, at *3 (C.D. Cal. June 29, 2020) ("Service of such Objections, two days before the start of the deposition, is not the proper manner to challenge the relevance or proportionality of Rule 30(b)(6) deposition topics."). "If Defendant[s] w[ere] concerned with the scope of a topic, it should have advised Plaintiff[s] immediately to permit the parties to work collaboratively to resolve the dispute, and, only if good faith efforts at resolution were unsuccessful, sought a protective order." *Id.*

This objection is not merely procedural because Google unilaterally decided to limit its preparation of its designee in line with these late-served objections. Mr. Liechty was unprepared to answer questions as to the substance of Topic 4 regarding decisionmaking as to core datasets, or teams which spearheaded ███████████████████████████████ ███████. These are both core areas of evidentiary inquiry in class generative AI cases. *See Bartz*

3

*v. Anthropic PBC*, -- F. Supp. 3d --, 2025 WL 1993577 (N.D. Cal. July 17, 2025) (certifying litigation class based on willfully acquired pirate datasets in generative AI case). Further, Mr. Liechty's unpreparedness was reflected in his answers—he responded with "I don't know" 43 times, "I don't recall" once, "I don't remember" 5 times, and "I have to speculate" 5 times to Plaintiffs' questions regarding Topics 1 and 4.

***Third***, given Google's refusal to provide an adequately prepared witness, Plaintiffs argued that Mr. Liechty's deposition time be discounted. "Producing an unprepared witness is tantamount to a failure to appear." *United States v. Taylor*, 166 F.R.D. 356, 363 (M.D.N.C. 1996). Google has indicated that it did not prepare Mr. Liechty to testify as to even a meaningful portion of Topic 4. While Plaintiffs may seek additional testimony on these topics after class certification, for efficiency, Plaintiffs ask that Google adequately prepare a witness to testify as to the remaining outstanding aspects of Topic 4, which were clearly delineated in the operative deposition notice.

Google's compromise is a false one. By the text of its own admissions, setting aside Counsel's objections on the record, Google failed to present a witness as to decisionmaking, commercialization, and the ongoing operations subtopics of Topic 4. Such information is essential to common issues of liability among the class and other aspects of Rule 23 typicality. Nonetheless, Plaintiffs have proposed that designating a witness on subparts (a), (c), and (d), where subparts (c) and (d) would be narrowed to only the models at issue in this case would be sufficient. Plaintiffs respectfully request the Court to compel Google to produce an adequately prepared Rule 30(b)(6) deponent to testify about these subtopics of Topic 4.

<u>The Court should clarify that Google prepare its Rule 30(b)(6) witnesses to testify as to the important or primary discussions or deliberations regarding a noticed topic</u>. Rule 30(b)(6) imposes an "an affirmative duty to produce a representative who can answer questions that are both within

4

the scope of the matters described in the notice and are 'known or reasonably available to the corporation.'" *Detoy v. City and Cnty. of San Francisco*, 196 F.R.D. 362 (N.D. Cal. 2000) (citation omitted). However, Google decided it would only prepare its Rule 30(b)(6) designees to "generally" provide testimony as to each noticed topic.[2] Nonetheless, a witness speaking generally to a noticed topic is plainly insufficient. "A corporation has a duty under Rule 30(b)(6) to provide a witness who is knowledgeable in order to provide binding answers on behalf of the corporation." *Loc. Initiative Health Auth. for L.A. Cnty. v. OneBeacon Pro. Ins., Inc.*, 2017 WL 3579491, at *3 (C.D. Cal. July 7, 2017) (internal quotation marks and citations omitted). Preparing a witness to "generally" provide testimony is also inconsistent with Rule 30(b)(6).

Google points to an email sent on August 22 to indicate that it had agreed to prepare its Rule 30(b)(6) witnesses as to the important or primary discussions or deliberations regarding a noticed topic. The email states, in pertinent part, "That said, we do not disagree with the principle that designees should be prepared to testify about the 'important or primary' issues within a noticed topic, *as narrowed by Google's designations*." (emphasis added). Plaintiffs understood that Google agreed with the principle, but did not itself commit to doing so with its Rule 30(b)(6) witnesses or in accord with Plaintiffs' scope. Further, in its responses and objections to Tulsee Doshi's Rule 30(b)(6) deposition served today on September 5, Google continues to designate "generally" and not as to the important or primary discussions or deliberations of a noticed topic.

---

[2] *See, e.g.*, Ex. B, at 7 ("to speak *generally* to the process of identifying, acquiring, filtering, and processing training data used to train Google's Bard, Imagen, Gemini, GLaM, or PaLM models") (emphasis added); Ex. B, at 9 ("to speak *generally* to" creating a recitation checker and whether Plaintiffs' works were used to create a recitation checker) (emphasis added); Ex. B, at 11 ("to speak *generally* to agreements and authorizations") (emphasis added); Ex. B, at 13 ("to speak *generally* to the process of determining what content acquisition agreements Google will seek to enter with third party companies") (emphasis added); Ex. B, at 16 ("to speak *generally* to non-privileged analyses") (emphasis added).

**Google's Position:** Plaintiffs' attempt to manufacture a Rule 30(b)(6) dispute is unsupported. There is no basis for a standalone 30(b)(6) time bank separate from the 10-deposition limit Judge Lee already set. Google properly prepared and presented a witness on Topic 4 notwithstanding Plaintiffs' overbroad notice, and has offered targeted additional testimony to resolve any gaps. Finally, there is no live dispute over 30(b)(6) preparation standards: Google already agreed that designees will be prepared on the "important or primary" issues within a noticed topic.

*1. No Separate Time Limit for Rule 30(b)(6) Is Warranted.* The scheduling order provides that "[t]he presumptive limits on discovery" in the FRCP "shall apply … unless otherwise ordered." ECF No. 88 at 1. Plaintiffs asked to expand those limits and lost. ECF No. 83 at 8. They have not shown good cause to modify the Scheduling Order now. *See* Fed. R. Civ. P. 16(b)(4); Fed. R. Civ. P. 26(b)(1). Under Rule 30(a)(2)(A)(i), Plaintiffs are limited to ten depositions total. The Rule draws no distinction between Rule 30(b)(1) and 30(b)(6); both are "depositions … under this rule" and count equally toward the cap.[3]

Courts in this District routinely apply a straightforward counting rule: each seven hours of 30(b)(6) testimony counts as one deposition toward Rule 30's limit. *See, e.g.*, *Calhoun v. Google LLC*, No, 4:20-cv-05146, Dkt. 288-3 at 45 (N.D. Cal. Aug. 25, 2021) (van Keulen, J.) ("each seven hours [of 30(b)(6) counts] as one deposition")). Other judges' standing orders align. *See* Judge Alsup Standing Order 33(b) ("one half-day or more in a FRCP 30(b)(6) deposition shall count as a single deposition for purposes of the deposition limit"); Judge Donato Standing Order ¶ 16(b).

Plaintiffs' invocation of deposition protocols from other generative AI matters does not justify a bespoke 30-hour bucket here—particularly at the class-certification stage. Even the

---

[3] For individuals noticed under both 30(b)(1) and 30(b)(6), Google has offered a practical accommodation: a dual examination completed within seven hours in a single day shall count as one deposition—not as two depositions, consistent with the federal rules and local practice.

protocols they cite (all merits-phase cases) did not permit more than 25 hours of 30(b)(6) testimony. Google's proposal hews to Judge Lee's Scheduling Order and the federal rules.

***2. Plaintiffs Have Not Justified Any Compulsion on Topic 4.*** Judge Lee's "presumptive limits" directive should have caused Plaintiffs to focus discovery. Instead, they have "wasted time seeking overbroad discovery," ECF No. 197 at 2; issued a 30(b)(6) notice that was "unreasonable in length and scope," ECF No. 135 at 1-2; and failed to expand the discovery period, ECF No. 192. Last month, Judge Lee warned it would be "[r]emarkabl[e]" for Plaintiffs to bring—if granted more time—a motion on "corporate witness preparedness," cautioning that "[m]ore discovery litigation is not good cause for an extension of class certification deadlines." ECF No. 197 at 2.

Plaintiffs are not listening. Their July 17, 2025 30(b)(6) notice added Topic 4, demanding testimony on "Google's end-to-end process for developing and deploying its Generative AI Models," plus four subtopics, each with numerous subparts. The breadth is sweeping: among other things, Topic 4 seeks testimony on the "decision-making process related to data acquisition," "financial expenditures on data acquisition, vendor relationships, and data identification," "valuation of data from sources," "[c]ommercial integration into AI-Powered Products and revenue generation," and the vague catch-all "[o]ngoing operations." Ex. A at 607. That framing seeks testimony on every detail of model development and deployment ever.

<u>Background.</u> Plaintiffs' initial 30(b)(6) notice (served on January 28, 2025) contained 11 vague, overbroad topics. After the Court denied their motion to compel (ECF No. 135), Plaintiffs served an amended notice on May 12. Amended Topic 1 (containing many sub-topics) sought testimony on "[t]he identity, acquisition, filtering, processing and composition" of training data, listing subtopics such as "the contents of the dataset[s]," "[t]he provenance and acquisition of Training Data, including common methods of downloading, curating, or processing of web-based

7

data … acquisition of datasets available on the internet (e.g., the LAION datasets); or acquisition of Training Data from Google's own common data sources," and "[c]ommon methods of processing or converting" and "filtering or moderating" training datasets. Google objected to scope and designated a witness to speak "generally to the process of identifying, acquiring, filtering, and processing training data" for the 6 model families at issue spanning dozens of different models. The parties met and conferred and agreed to proceed with the deposition on this topic as narrowed by Google's responses and objections. The deposition was set for July 17.

As Google proceeded to identify and prepare a witness on the designated topic, Plaintiffs informed Google on June 25 that they would issue a "Second Amended" notice that would add topics such as training processes and licensed data acquisition. Google asked for the notice promptly so it could assess using the same designee for at least some of the additional topics. Plaintiffs said they would send the notice by the end of that week, but did not do so. Meanwhile, Google extensively prepared its designee, Tyler Liechty, for Topic 1—over 30 hours of preparation across three weeks, including interviews with more than 20 employees. On July 15, less than 48 hours before the deposition (and after Google had flown Mr. Liechty in from London), Plaintiffs postponed due to a sudden illness of deposing counsel. The parties rescheduled for July 25.

On July 17—the original deposition date—Plaintiffs served a Second Amended notice with new Topic 4. Within 48 hours, Google confirmed it would designate Mr. Liechty on Topic 4 to speak generally to the process of identifying, acquiring, filtering, and processing training data used to train, and the process of training, Google's models, including models used with Bard. Plaintiffs formally noticed Mr. Liechty on July 22; Google served its formal responses and objections the next day. The deposition took place on July 25, with deposing counsel raising many questions plainly outside the scope of the designation. In meet and confers thereafter, Plaintiffs asserted in

8

general terms that Mr. Liechty was ill-prepared, but did not identify concrete, designated-scope gaps.[4] Nevertheless, to resolve any concern, Google offered additional testimony on Topic 4 as to (1) the process for determining what third-party content acquisition agreements to pursue, and (2) financial expenditures related to such agreements. Plaintiffs refused this compromise.

*Argument.* "A deposition topic lacking all metes and bounds is facially overbroad and unduly burdensome." *Willy v. Sherwin-Williams Co.*, 2022 WL 1553703, at *3 (D. Or. May 17, 2022). Rule 26(b)(1) requires proportionality, not a roving inquiry into everything a large company does. And while Rule 30(b)(6) designees must be prepared and knowledgeable, "they need not be subjected to a memory contest." *Batiste v. City of Richmond*, 2023 WL 2951538, at *2 (N.D. Cal. Apr. 14, 2023). Plaintiffs' Topic 4—"Google's end-to-end process for developing and deploying" its generative AI models—sweeps in practically every aspect of model development, deployment, and downstream use. No witness (or set of witnesses) could reasonably address every question within the ambit of such an omnibus topic. Topic 4 is improper for several reasons.

First, the subtopics Plaintiffs now emphasize are duplicative of Amended Topic 1, which Mr. Liechty already testified on. For example, Topic 4(a) seeks testimony on the "decision-making process related to data acquisition … and data identification," and "procurement filtering and processing of []datasets." Ex. A at 6-7. Amended Topic 1 already noticed the "identity, acquisition, filtering, processing and composition" of training data. Re-costuming the same substance under Topic 4's global "end-to-end" label does not make it new; it makes it duplicative and improper. Mr. Liechty was also designated on and prepared to discuss the process of how models are trained.

---

[4] Plaintiffs fault Mr. Liechty for saying "I don't know" too often. That reflects not Mr. Liechty's supposed unpreparedness, but Plaintiffs' selective misrepresentation and poor questioning, *e.g.*, "do you know if Meta used Books3," whether Mr. Liechty could tell what hyperlinked files say or do just by looking at the links or the file names, what others "means by [a] phrase" in emails, which days he prepared for the deposition, or Google DeepMind's physical address.

Plaintiffs chose to ask minimal questions on that topic, but are not entitled to a second bite.

Second, Topic 4 includes vague, unbounded subtopics. Plaintiffs' "[o]ngoing operations" subtopic 4(d) is a catch-all discussed repeatedly in meet and confers, yet Plaintiffs never clarified what specifically it covers, or why it is relevant to class certification. As written, subpart (d) effectively invites questioning on every activity across every product surface and update cycle—despite the Court's temporal limitation on the discovery time period. *See* ECF No. 192.

Third, timing and prejudice confirm further testimony is unwarranted. Plaintiffs served their Second Amended notice adding Topic 4 on the original deposition date, after Google had substantially prepared for Amended Topic 1 and the designee had traveled internationally. Within 48 hours, Google designated Mr. Liechty and presented him for a full day of testimony on the agreed scope of Topic 1 and an overlapping portion of Topic 4. There is no basis to "discount" Mr. Liechty's 6.75 hours of corporate testimony. Courts reserve that remedy for non-appearance or comparable misconduct, not good-faith scope designations. *See Batiste*, 2023 WL 2951538, at *2.

Finally, any residual, class-certification-focused need is already addressed by Google's targeted compromise: an additional designee as to Topic 4 on (1) the process by which Google determines what content acquisition agreements to pursue, and (2) financial expenditures related to those agreements—as limited by Court orders on the models at issue and relevant timeframe, and without duplicating Amended Topic 1. Plaintiffs are entitled to no more.

***3. There Is No Live Dispute on the 30(b)(6) Preparation Standard.*** Plaintiffs complain about the word "generally" in Google's responses to 30(b)(6) topics. Google used "generally" because Plaintiffs' topics are impermissibly broad. Despite Plaintiffs' false claim, Google made clear on August 22, before Plaintiffs declared impasse, that it agrees its witnesses have been and will be prepared on "important or primary" issues within a designated topic. There is no dispute.

10

Dated: September 5, 2025                    Respectfully submitted,

By:       /s/ Joseph R. Saveri
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan A. Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 797-2617
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Matthew Butterick (SBN 250953)
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632

Facsimile: (415) 395-9940
mb@buttericklaw.com

Brian D. Clark (admitted pro hac vice)
Laura M. Matson (admitted pro hac vice)
Arielle S. Wagner (admitted pro hac vice)
Consuela Abotsi-Kowu (admitted pro hac vice)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowo@locklaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
Tiara Avaness (SBN 343928)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone:    213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com
tavaness@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Tel. (213) 788-4050
tcowan@clarksonlawfirm.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: September 5, 2025

Respectfully submitted,

By:     */s/ Paul J. Sampson*
Paul J. Sampson
**WILSON SONSINI GOODRICH & ROSATI, PC**
15 West South Temple
Gateway Tower West, Suite 1700
Salt Lake City, UT 84101
Telephone: (801) 360-4314
Fax: (801) 360-4314
Email: psampson@wsgr.com

Eric P. Tuttle
Madison Welsh
**WILSON SONSINI GOODRICH & ROSATI, PC**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Fax: (206) 883-2699
Email: eric.tuttle@wsgr.com
Email: mjwelsh@wsgr.com

David H. Kramer
Maura L. Rees
Qifan Huang
Kelly M. Knoll
**WILSON SONSINI GOODRICH & ROSATI**, PC
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Fax: (650) 565-5100
Email: dkramer@wsgr.com
Email: mrees@wsgr.com
Email: qhuan@wsgr.com
Email: kknoll@wsgr.com

Jeremy Paul Auster
**WILSON SONSINI GOODRICH ROSATI, P.C.**
1301 6th Avenue
New York, NY 10019
212-453-2862
Email: jauster@wsgr.com

*Counsel for Defendants Google LLC and Alphabet Inc.*

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: September 5, 2025 /s/ *Joseph R. Saveri*
Joseph R. Saveri