UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Case No. 23-cv-03440-EKL (SVK)<br><br>**SUMMARY ORDER RE DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 204, 206, 208 |

Before the Court are three discovery disputes: two presented in Joint Statements, relating to certain Requests for Admission ("RFAs") and 30(b)(6) Deposition Topics propounded by Plaintiffs on Defendant Google LLC ("Google"), and one presented as a Motion to Enforce this Court's prior discovery orders on an expedited basis.[1] *See* Dkts. 204, 206, 208 (respectively). These matters came on for hearing on September 11, 2025. After considering the Parties' submissions, arguments and proposed compromises, as well as the record in this matter and the relevant law, the Court stated its reasoning and rulings on the record. For the convenience of the Court and the Parties, the Court summarizes its rulings herein.[2]

**I.   PLAINTIFFS' MOTION TO ENFORCE DISCOVERY ORDER (DKT. 208)**

This dispute raised four issues identified by Plaintiffs with regard to Google's production of data pursuant to this Court's prior discovery order. Dkt. 208 at 4-5; *see* Dkt. 155. The Court **ORDERS** as follows with regard to each issue:

   (i) **No later than September 12, 2025**, unless otherwise agreed to by Plaintiffs, the Parties shall arrange a conference between the expert who lacks access to the data

---

[1] As stated at the hearing, although the Court accepted the Motion in the instant case and permitted Google to file a responding statement due to the impending class certification deadline, Plaintiffs are admonished that this matter is a discovery dispute and should have been filed as a joint statement in accordance with the undersigned's Standing Order.

[2] In the event the Court's ruling on the record differs from this Order, this Order controls.

and Google technician(s) who can work to restore such access. Attorneys may attend the conference but shall not participate. Google shall take all necessary steps to restore the expert's access to the data.

(ii) – (iii) **No later than September 15, 2025**, unless otherwise agreed to by Plaintiffs, the Parties shall arrange a conference between Plaintiffs expert(s) and the appropriate Google technician(s) who can confirm, describe, or otherwise streamline Plaintiffs' verification of the changes Google made to the data as described at pages 3-4 of Dkt. 214 (Google's response to Plaintiff's motion).

(iv) Google's time to respond to Plaintiffs' data "take-out" requests is hereby **shortened to 3 business days**.

The Court **DENIES WITHOUT PREJUDICE** Plaintiffs' request to appoint a special master.

## II.   REQUESTS FOR ADMISSION (DKT. 204)

Considering the requirements of relevance and proportionality under Rule 26 as well as the needs of class certification, which Judge Lee has ordered to be the focus of discovery at this stage, the Court **ORDERS**:

- Requests for Admission 263-264:  The Court adopts Google's proposed compromise because it conforms to the requested admission. Accordingly, Google shall admit that "Google Search's web crawl index includes content from certain URLs associated with sites sometimes known as 'Z-Library' and 'LibGen.'"

- Requests for Admission 275-584:  Google shall file its proposed stipulation, that it "will not dispute, for purposes of class certification only, that [at least a portion of Asserted Work] was part of the training data for at least one version of Bard, Gemini, or Imagen." Beyond this stipulation, the RFAs are **DENIED without prejudice** to Plaintiffs renewing their requests, if needed, after class certification.

## III.   30(b)(6) DEPOSITION TOPICS (DKT. 206)

Considering relevance and proportionality under Rule 26, including Google's objection that some parts of Topic 4 overlap with other topics or testimony already given, as well as the needs of class certification, on which discovery at this stage has been focused, the Court hereby

2

**ORDERS**:

- Plaintiffs shall be entitled to take an additional 15 hours of 30(b)(6) deposition testimony.
- <u>Topic 4(a)</u>:  The Court finds this topic overbroad, vague and ambiguous and narrows it as follows:
    - Google shall add to their 30(b)(6) designee scheduled for deposition the week of September 15: the decision-making process related to data acquisition, including determining what content acquisition agreements Defendants will enter into with third-party companies.
    - Google shall add to their 30(b)(6) designee scheduled for deposition the week of October 1:  financial expenditures related to the agreements referenced above.
- <u>Topic 4(c)</u>:  Google shall designate a witness to testify as to revenue generated by the AI models at issue in this case.  The Parties shall meet and confer to resolve whether and to what extent Google's designee must testify as to non-monetary compensation attributable to the AI models.
- <u>Topic 4(d)</u>:  For the purposes of class certification, Google shall designate a witness to answer whether any of the 19 data sets (or their "descendants," described on the record as one of the 19 data sets with only minor modifications) produced to Plaintiffs are still in use by Google.  In ordering Google to respond to this question, the Court admonished Plaintiffs that it is neither opening the door to a "who, what, where, when" line of questioning as to continued use nor expanding the agreed upon parameters for relevant discovery beyond this question.

**SO ORDERED.**

Dated: September 12, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

3