DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant* GOOGLE LLC

LESLEY E. WEAVER. SBN 191305
Email: lweaver@bfalaw.com
ANNE K. DAVIS, SBN 267909
Email: adavis@bfalaw.com
JOSHUA D. SAMRA, SBN 313050
Email: jsamra@bfalaw.com
BLEICHMAR FONTI & AULD LLP
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003

GREGORY MULLENS (admitted *pro hac vice*)
Email: gmullens@bfalaw.com
BLEICHMAR FONTI & AULD LLP
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4006

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class [Additional Counsel on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**FURTHER JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Eumi K. Lee |

The Parties, having met and conferred, submit this Further Joint Case Management Statement pursuant to Civil Local Rule 16-10(d), the Court's Case Management Order (Dkt. 88), and § VI of the Standing Order for Civil Cases Before Judge Eumi K. Lee.

## I.   MOTIONS

**Plaintiffs' Position:**[1]

**Prior and Pending Motions:** Since the Parties' last joint case management statement, Plaintiffs filed two motions to amend the case schedule. *See* Dkt. Nos. 173 & 223. The Court granted those motions in part. Plaintiffs have been forced to file several discovery motions in this litigation, necessitated by Google's untenable discovery positions and conduct and have sought relief from case deadlines as a result. Google's attempt to address merits arguments in this joint case management statement are inappropriate, premature, and incorrect. Plaintiffs' motion will provide overwhelming evidence, common to the class, that those at the highest levels at Alphabet, knowingly and intentionally directed Google to train its AI models broadly on copyrighted materials, in particular books and images, despite their knowledge that the copyright law prohibits use without permission. Google never obtained permission.  Google did so after evaluating and admitting its ability to negotiate license agreements that would permit Google to use copyrighted material, but chose not to do so because Google decided it did not want to take the time and bear the expense lawful adherence to copyright law required. Google made these choices in part to avoid fines and paying damages to copyright holders. The evidence of Google's business practices, the engineering, knowledge, intent, causation and damages is not only capable of common proof but will be shown by overwhelmingly common evidence. Common questions of law and fact predominate. Google cannot and has not identified a single license that permits Google to train their models on copyrighted materials or otherwise use the material for its generative AI models and products based on them; this was precisely why Google insiders engaged in numerous discussions about whether or not to use the data, which it then did. Plaintiffs' experts will demonstrate a simple,

---

[1] This list excludes motions filed prior to May 1, 2025, the date of the Parties' last joint Case Management Statement (Dkt. No. 133), as well as motions for pro hac vice admission, motions to seal, administrative motions, and joint discovery letter briefs.

FURTHER JOINT CASE MANAGEMENT STATEMENT   -1-   MASTER FILE CASE NO.: 5:23-CV-03440-EKL

clear methodology for identifying class members, relying in part on the technologies Google itself uses for analogous purposes. Similar techniques have been relied on by other courts.

Facing a grave risk of widespread liability, Google seeks to manufacture sideshow discovery issues. Google's counsel has on multiple occasions threatened Plaintiffs' counsel with sanctions for failure to identify email addresses that Google has greater ability to identify than the Plaintiffs themselves. Contrary to Google's assertions and addressed in greater detail below, Plaintiffs have diligently complied with the Court's orders regarding Plaintiff discovery.

**Anticipated Motions:** Pursuant to the current schedule, Plaintiffs will file their motion for class certification on October 14, 2025. The Parties will also soon file a joint letter brief concerning Google's belated clawback of critical documents. Plaintiffs reserve the right to file a motion for summary judgment, Daubert motions, discovery-related motions, pre-trial motions and other motions as the case progresses.

Plaintiffs address Google's mischaracterization of discovery disputes below.

**Google's Position:**

Since the last case management conference, the Court has issued several rulings narrowing Plaintiffs' claims and streamlining the case. Most notably, the Court granted in part Google's motion to dismiss, dismissing Alphabet Inc. with prejudice and striking allegations tied to numerous generative AI models for which Plaintiffs failed to plead facts and denying Plaintiffs leave to further amend. ECF No. 216. Earlier, the Court granted Google's motion to strike Plaintiffs' fail-safe class allegations. ECF No. 128.

With respect to discovery, the Court has repeatedly denied or substantially narrowed Plaintiffs' numerous motions to compel as overbroad and aimless. *See, e.g.*, ECF Nos. 135 (Plaintiffs' 30(b)(6) topics found to be "vague," "unreasonable in length and scope," and untethered "to issues of class certification in any meaningful way"), 192 (rejecting "untimely" and "not proportional" demand to expand relevant time period for discovery by three years), 221 (rejecting demand for special master and finding additional 30(b)(6) topic "overbroad, vague and ambiguous"); *see also* ECF No. 197 at 2 (finding Plaintiffs "wasted time on distractions," "seeking overbroad discovery [and] failing to prioritize issues relevant to class certification"). Plaintiffs

indicate below an intent to bring several additional motions far afield from the issues that matter. Google is working to avoid these motions through detailed written exchanges and regular, face-to-face meet-and-confers—proposing reasonable compromises consistent with its approach throughout this litigation. If those efforts are unsuccessful, Google expects the Court will again agree Plaintiffs' motions are unmeritorious.

Google has filed and won two targeted motions to compel requiring Plaintiffs to (1) disclose email addresses used with any Google accounts and (2) collect and produce documents from their agents. *See* ECF Nos. 139 ("May 22 Order") & 172 ("July 10 Order"). But Plaintiffs have failed to comply with the Court's Orders. Plaintiffs did not identify and disclose nearly all of the email addresses they used in connection with Google user accounts, as required by the May 22 Order, and then dissembled about their non-compliance. Plaintiffs likewise have not complied with the July 10 Order, having failed to produce any documents from more than half of the agents the Order covers.

Plaintiffs' discovery failings offer just a glimpse of what litigation of this matter as a class action would entail. Only with the benefit of the Court's Orders and its own investigative efforts has Google learned of the myriad licenses that the named Plaintiffs granted to Google, directly and indirectly, to use their works; learned of authorship, ownership, and registration problems with Plaintiffs' prima facie claims; learned of facts bolstering Google's fair use and statute of limitations defenses; and learned of facts showing the absence of any damages as well as Plaintiffs' failure to mitigate any supposed injury. These issues are inherently individualized, and the obstacles Google has encountered in seeking information from just these named Plaintiffs underscores the impossibility of litigating these issues for the millions of putative class members Plaintiffs propose to represent. Class certification remains legally and practically unfeasible.

After seeking and receiving two extensions, Plaintiffs must file their motion for class certification on October 14, 2025; Google's opposition and *Daubert* motions are due November 19, 2025; replies are due December 29, 2025; and the hearing is set for February 4, 2026. *See* ECF No. 231. Consistent with the Court's schedule, summary judgment and expert motions will follow, with trial set for January 19, 2027. *See* ECF No. 199.

## II. STATUS OF DISCOVERY

**Plaintiffs' Position:**

### 1. Plaintiffs' Targeted Discovery of Google Relating to Class Certification

Google's characterization of Plaintiffs' discovery is neither correct nor constructive. Plaintiffs have served 75 requests for production, 19 interrogatories, and 586 requests for admission, with negotiations over Google's responses focused on obtaining discovery necessary for class certification. As of October 1, 2025, Plaintiffs have taken approximately 19.5 hours of testimony related to their continuing 30(b)(6) deposition of Google (out of the Court-allotted 22 hours), with another 30(b)(6) designee to give testimony on October 3, 2025; and taken testimony from seven fact witnesses, with another fact witness scheduled for testimony on October 6, 2025. Even after July 29, 2025, the date the Court ordered for substantial completion of custodial documents (ECF No. 155), Google made additional document productions consisting of 3,602 documents amounting to 45,588 pages. These productions, including documents produced well after the Court-imposed deadline, have identified materials that have not yet been produced.

To resolve disputes, Plaintiffs have met and conferred dozens of times with Google, approximately 30 times since the last case management conference. Plaintiffs have been forced to bring nine separate discovery motions; on eight, Plaintiffs secured the core relief they sought.

Negotiations over privilege logs continue. Google has produced three privilege logs to date, consisting of over 4,200 documents withheld in part or in full for privilege. Plaintiffs are continuing to review these logs, including Google's amendments to them (which it served in response to challenges raised by Plaintiffs). Given deficiencies in Google's logs and the overbreadth of Google's privilege assertions, Plaintiffs anticipate challenging Defendant's claim of privilege over numerous entries. Plaintiffs are also challenging Google's assertions of privilege over several documents which Google has clawed back on the basis of privilege. Plaintiffs anticipate filing a joint letter brief over the parties' disputes over Google's claims of privilege over clawed-back documents by next week.

The following matters will be promptly raised if the Parties cannot reach resolution:

**Training Data Disputes**: As detailed in Plaintiffs' prior submissions to Magistrate Judge van Keulen and this Court, Google has made limited exemplar training data available to Plaintiffs in a Google-designed and provisioned review environment that has been plagued with insufficient resources and technical issues, significantly hampering Plaintiffs' and their experts' work. Based on newly obtained evidence, Plaintiffs have asked Google to promptly make additional training data available, but Google has refused. Plaintiffs anticipate filing a joint letter brief over Google's refusal to provide the additional training data requested next week.

**Production Deficiencies**: The Parties exchanged correspondence regarding Google's document production deficiencies in May. Following that correspondence, Google served a reproduction that cured certain deficiencies but did not resolve all of the issues raised. Google's subsequent productions continue to have significant issues. These issues include, *inter alia*, anonymization and/or redaction of comments in produced materials, provision of incorrect metadata (including producing documents dated as "12/31/9999"), failing to provide metadata (including author and custodian information), and production of documents with partial or cutoff pages. The Parties will continue to meet and confer on production deficiency disputes.

**30(b)(6) Deposition Dispute**: The parties are conferring regarding the adequacy of Google's preparation of its Rule 30(b)(6) designee, David Price, who was deposed on September 16 on the topic of "the decision-making process related to data acquisition, including determining what content acquisition agreements Defendants will enter into with third-party companies," pursuant to Judge van Keulen's September 12, 2025 order, and "the agreements and authorizations under which Google may have the right to obtain and/or reproduce data in connection with, inter alia, training its Bard, Imagen, Gemini, GLaM, or PaLM models the representative agreements that Google entered into." Following an unsuccessful meet and confer on September 29, where Google demanded further document identification and topic narrowing beyond Judge van Keulen's order (Dkt. 221), Plaintiffs provided Google with a narrow universe of documents it seeks testimony on and additional topic limitations to attempt compromise. Given the relevance to class certification, Plaintiffs have requested Google's expedited response by no later than Friday, October 3, to enable prompt presentation to Judge van Keulen if no compromise is reached. Putting aside any dispute

1  over time unnecessarily spent by Plaintiffs on an unprepared corporate designee, Plaintiffs have
2  taken approximately 20 hours of 30(b)(6) testimony thus far.

3  **"Launch" Approval Documents Dispute**:  Two recent depositions of Google witnesses
4  revealed that it has withheld core class discovery that should have been produced six months ago,
5  exposing serious deficiencies in the process by which Google collected documents for production
6  in this matter. On September 5, 2025 a Google witness, Tris Warkentin, testified that Google has a
7  robust ticketing system, referred to as "Launch," that documented the review and approval of
8  product launches, including LLMs and generative-AI related products. (Warkentin Tr. 130:8-140:1;
9  135:7-15). Launch "track[ed] a certain approval at a certain point in time," including the approval
10 of datasets, and further documented the individual making the approval, whether they be from
11 "engineering, "product management," "legal," "comms," "marketing," or "executive leadership."
12 (Tr. 131-20 to132:9). On September 18, 2025, another Google witness, Orhan Firat, provided
13 corroborating testimony about Google's Launch approval system. The Launch tickets are clearly
14 relevant to class certification because they will show Google's common treatment of and conduct
15 related to the core issue in this case – namely, uniform usage and treatment of class members'
16 copyrighted works, including from pirate sources and/or shadow libraries, in the development of
17 Google's generative AI models and related products. These documents would have also identified
18 relevant custodians and deponents. After Plaintiffs informed Google they would be filing a joint
19 letter brief, Google represented it would investigate and provide an update by September 26, 2025.
20 Google has failed to respond. Plaintiffs intend to file on this issue.

21 **2. Plaintiffs' Productions to Google.**

22 Plaintiffs have diligently complied with their discovery obligations and fulsomely
23 responded to Google's discovery requests. Since May 1, 2025, Plaintiffs have produced an
24 additional 19,748 documents, for a total of 25,263 documents produced. Documents produced
25 include copyright registration documents, agreements, and communications between Plaintiffs and
26 co-authors, co-owners, publishers, and other third parties regarding licensing and copyright
27 ownership, which are paradigmatic core discovery in copyright actions. Pursuant to agreement
28 between the Parties, Plaintiffs have produced records from certain agents.

1    On May 16, 2025, Plaintiffs served amended responses and objections to Google's first set of interrogatories and provided amended responses and objections to interrogatories one and two on July 24, 2025. On June 20, 2025, Plaintiffs served responses and objections to Google's second set of interrogatories. Responses and objections to Google's third set of requests for admission are due on October 9, 2025.

Google misrepresents Plaintiffs' discovery efforts and compliance with Judge van Keulen's orders. Plaintiffs have fully complied. As to agents, Plaintiffs have, as agreed to, reached out to the agents identified by the Parties and Court and provided Google the responsive documents provided by those agents. As to production of emails related to Google user accounts, Plaintiffs have conducted a reasonable investigation and disclosed the email addresses.

What Google characterizes as Plaintiff McLennan and Plaintiff Lemos' violation of the Court's discovery order amounts to imperfect memories. As to McClennan, Google has attacked her for failing to recall an inactive Blogger account and a single post made 25 years ago that included the cover of her work-in-suit buried within a collage of other unrelated photos. McLennan disputes that she licensed her work-in-suit to Google, but Google has attempted to use McLennan's lack of perfect recollection during discovery to prevent her from asserting that dispute, and has threatened sanctions against McLennan to prevent her from making these arguments. Google has refused to provide a response to Plaintiffs' questions regarding any prejudice Google has suffered and how the Parties can cure the dispute regarding McClennan's long abandoned account, suggesting this dispute is manufactured for the sole purpose of supporting Google's class certification arguments and is not a genuine concern about Plaintiffs' discovery compliance. As to Plaintiff Lemos: Google rushed to depose him at the start of discovery knowing his (and all Parties') discovery productions were just commencing. After his deposition, Google threatened sanctions because of his supposed failure to produce certain documents but then backed off after realizing that indeed his deposition was taken early and Plaintiffs were still working on his productions.

**Google's Position:**

Fact discovery, which technically opened in October 2023, but started in earnest in September 2024 with initial disclosures, has already been extended, and closes in February 2026.

By October 6, 2025, Plaintiffs will have completed eight Rule 30(b)(1) depositions. As to Rule 30(b)(6) depositions, Plaintiffs have already taken over 19.5 hours of Rule 30(b)(6) testimony—more than the 15 additional hours Judge van Keulen authorized Plaintiffs to take (*see* ECF No. 221 at 3). An additional Rule 30(b)(6) deposition will take place on October 3. By October 6, Plaintiffs will have conducted their full allotment of depositions under the federal rules and this Court's Order. ECF No. 88 at 1. Google has deposed six witnesses to date (all named Plaintiffs), with one more scheduled in the next week.

Google has amply satisfied its discovery obligations. It: (1) searched for and produced approximately 4,000 non-custodial "high priority" documents, including more than 100 model and data cards that contain detailed descriptions of the training processes and data used for dozens of models; (2) reviewed hundreds of thousands of documents from 25 custodians under a significant Court-ordered time crunch (*see* ECF No. 155), and produced all responsive, non-privileged materials, totaling more than 700,000 pages[2]; (3) responded to 75 requests for production, 586 requests for admission, and 13 interrogatories, and will respond this month to six more interrogatories that Plaintiffs recently served; and (4) stood up and hosts a secure review environment providing 19 large training datasets (totaling approximately 1.5 petabytes of data), installed dozens of requested software libraries, converted formats to ease analysis, and provided ongoing engineer-to-expert support. Plaintiffs' tales of supposedly "insufficient resources and technical issues" have been presented to Magistrate Van Keulen and rejected, with the Court adopting Google's targeted compromises and denying Plaintiffs' maximalist demands. *See* ECF No. 221.

Plaintiffs have not matched Google's discovery diligence. In addition to necessitating and then violating the two Court Orders, Plaintiffs failed to conduct a reasonable search for

---

[2] Plaintiffs complain about "additional document productions" after the deadline for substantial completion of *custodial* documents (*supra* at 4). Unlike Plaintiffs, Google met the July 29 deadline; after that date, Google produced a total of just 116 custodial documents, which were identified in the course of further privilege review, as Google prepared its privilege log. By comparison, Plaintiffs have produced 1,483 custodial documents since that date, with no explanation for why they were produced after the Court-imposed deadline for custodial productions. The 3,602 documents Plaintiffs cite were almost entirely non-custodial documents and were not implicated by the July 29 deadline at all.

documents. Plaintiff Connie McLennan, for example, failed to produce any documents related to a blog she created on Google's Blogger service where she posted and thereby licensed Google to use the image over which she is suing. Plaintiff Mike Lemos similarly failed to produce Google blogs on which he uploaded and licensed the works in suit, and failed to produce documents showing uploads and licensing of his works through Google Photos. Google first requested these and other dispositive documents ten months ago, but would not even know of their existence but for individual depositions and its own costly investigation.

### III.   SETTLEMENT & ADR

**Plaintiffs' Position**: The deadline for completing initial ADR sessions is December 17, 2025, approximately six weeks before the hearing on Plaintiffs' motion for class certification. Plaintiffs broached the topic of private resolution, but the Parties agree that mediation would be most productive after Plaintiffs' class certification motion is resolved.

**Google's Position:** The deadline for completing initial ADR sessions is December 17, 2025, approximately six weeks *before* the hearing on Plaintiffs' motion for class certification. Google believes mediation would be most productive *after* Plaintiffs' class certification motion is resolved.

### IV.   BIFURCATION & SEPARATE TRIAL OF ISSUES

**Joint Position:** The Parties do not believe there are any issues requiring bifurcation or separate trials at this time.

### V.   TRIAL

**Plaintiffs' Position:** Plaintiffs have requested a trial by jury on all claims. Plaintiffs anticipate submitting their trial plan in conjunction with their motion for class certification, on October 14, 2025. Informed by this Court's order denying Google's Motion to Dismiss, recent consumer civil trials, and the number of models at issue in this action, Plaintiffs anticipate approximately 21 days for trial.

**Google's Position:** Google is prepared to proceed on the current schedule. Plaintiffs have demanded a jury trial though not all issues they raise are triable to a jury. It is premature to determine the length of the trial before class certification is resolved and the parties know what

case they will be trying. With fact discovery closing in February 2026, expert discovery in June 2026, and summary judgment to follow, Google expects (barring further delays) to be trial-ready by the current January 2027 trial date.

Respectfully submitted,

Dated: October 1, 2025         By: */s/ David H. Kramer*
David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI Professional Corporation**
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8541

*Counsel for Defendant* GOOGLE LLC

Dated: October 1, 2025         By: */s/ Joseph R. Saveri*
JOSEPH R. SAVERI, SBN 130064
Email: jsaveri@saverilawfirm.com
CADIO ZIRPOLI, SBN 179108
Email: czirpoli@saverilawfirm.com
CHRISTOPHER K.L. YOUNG, SBN 318371
Email: cyoung@saverilawfirm.com
ELISSA A. BUCHANAN, SBN 249996
Email: eabuchanan@saverilawfirm.com
EVAN A. CREUTZ, SBN 349728
Email: ecreutz@saverilawfirm.com
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505

|   |   |
|---|---|
| 1 | San Francisco, CA 94108 |
| 2 | Telephone: (415) 500-6800 |

LESLEY E. WEAVER, SBN 191305
Email: lweaver@bfalaw.com
ANNE K. DAVIS, SBN 267909
Email: adavis@bfalaw.com
JOSHUA A. SAMRA, SBN 313050
Email: jsamra@bfalaw.com
**BLEICHMAR FONTI & AULD LLP**
1130 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003

GREGORY MULLENS (admitted *pro hac vice*)
Email: gmullens@bfalaw.com
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4003

*Interim Co-Lead Counsel for Plaintiffs and the Proposed Class*

MATTHEW BUTTERICK, SBN 250953
Email: mb@buttericklaw.com
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632

STEPHEN J. TETI (admitted *pro hac vice*)
Email: sjteti@locklaw.com
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin St., Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701

BRIAN D. CLARK (admitted *pro hac vice*)
Email: bdclark@locklaw.com
LAURA M. MATSON (admitted *pro hac vice*)
Email: lmmatson@locklaw.com
ARIELLE S. WAGNER (admitted *pro hac vice*)
Email: aswagner@locklaw.com
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

RYAN J. CLARKSON, SBN 257074
Email: rclarkson@clarksonlawfirm.com
YANA HART, SBN 306499
Email: yhart@clarksonlawfirm.com
TIARA AVANESS, SBN 343928
Email: tavaness@clarksonlawfirm.com
MARK I. RICHARDS, SBN 321252

Email: mrichards@clarksonlawfirm.com
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050

*Additional Counsel for Plaintiffs and the Proposed Class*

# SIGNATURE ATTESTATION

I, Joseph R. Saveri, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ Joseph R. Saveri*

Joseph R. Saveri