# EXHIBIT 4

## Supplemental Declaration of Meredith "Merry" McCarron

**UNSEALED DOCUMENT (ECF NO. 187-3)**

| | |
|---|---|
| Lesley E. Weaver (SBN 191305) | Joseph R. Saveri (SBN 130064) |
| Anne K. Davis (SBN 267909) | Cadio Zirpoli (SBN 179108) |
| Joshua D. Samra (SBN 313050) | Christopher K.L. Young (SBN 318371) |
| **BLEICHMAR FONTI & AULD LLP** | Elissa A. Buchanan (SBN 249996) |
| 1330 Broadway, Suite 630 | Evan A. Creutz (SBN 349728) |
| Oakland, CA 94612 | Aaron Cera (SBN 351163) |
| Tel. (415) 445-4003 | **JOSEPH SAVERI LAW FIRM, LLP** |
| lweaver@bfalaw.com | 601 California Street, Suite 1505 |
| adavis@bfalaw.com | San Francisco, CA 94108 |
| jsamra@bfalaw.com | Telephone: (415) 500-6800 |
| | Facsimile: (415) 395-9940 |
| Gregory S. Mullens (admitted *pro hac vice*) | Email: jsaveri@saverilawfirm.com |
| **BLEICHMAR FONTI & AULD LLP** | czirpoli@saverilawfirm.com |
| 75 Virginia Road, 2nd Floor | cyoung@saverilawfirm.com |
| White Plains, NY 10603 | eabuchanan@saverilawfirm.com |
| Tel. (415) 445-4006 | ecreutz@saverilawfirm.com |
| gmullens@bfalaw.com | acera@saverilawfirm.com |

*Plaintiffs' Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL-SVK<br>Consolidated Case No. 5:24-cv-02531-EKL-SVK<br><br>**SUPPLEMENTAL DECLARATION OF MEREDITH "MERRY" McCARRON IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND CASE SCHEDULE** |

I, Meredith "Merry" McCarron, hereby declare under penalty of perjury as follows:

1. I previously submitted a declaration in support of Plaintiffs' Motion to Amend Case Schedule, dated July 11, 2025 (ECF No. 174-1), which discusses my expert qualifications.

2. As stated in my previous declaration, my extensive professional experience in this domain, especially my regular engagement with cloud computing platforms, has positioned me well to recognize that Google has failed to provision Plaintiffs with sufficient computing resources in a timely fashion, and continues to do so.

3. In my experience, the data management environments in litigation are typically overseen by neutral third parties. Having the defense control access and functionality is highly irregular and introduces delays, as they are neither incentivized nor equipped to provide the level of customer support necessary for efficient problem resolution.

**A.   Continuing Issues**

4. The environment provided by Google continues to have deficiencies. At least one member of my team and I have been locked out of accessing the training data due to bugs with the remote environment that were only addressed by resetting the environment, causing loss of data and hours of valuable time.

5. Additionally, the BigQuery database remains functionally inaccessible, as I have only been granted partial permissions. This issue has been raised repeatedly with Google, with no resolution.

6. The deficiencies have been significant enough to prevent me and my team from effectively using our working environment.

7. As stated in my previous declaration, Google's environment also periodically reboots. Google states that processes lasting over 16 hours are not supported by their provisioned environment. In order to process terabytes of data, it is common for even a simple process to have to run all day and even overnight.

8. Due to the environment rebooting, as my team and I have been working, our code has been breaking in the middle of the night, causing us to lose important data processing time because the code must be restarted the next morning. This effectively leads to days of delay in our ability to complete our work.

9. The basic functionality of the programs that are installed in the Google environment continues to be poor. Basic functionality that was missing previously has not been rectified. For example, the "multiprocessing" library, often used by data scientists to perform distributed computing, that was inaccessible continues to yield a "permission denied" error.

**B.   Newly Emerging Issues**

10. Initially, the remote environment was provisioned with just 16 GB of RAM, which was woefully insufficient for analyzing the kind of large data files that are in Google's training data—for example, just one file in the Imagen training data is 17 GB. It was not until July 15th that the RAM was upgraded to 88 GB, and not until July 24th that the RAM was upgraded to 176 GB, allowing my team and I to work simultaneously.

11. Google has not been timely in its response to our technical issues. We have waited over a week for promised upgrades and Google has not yet met with us to discuss several of the technical issues raised in my previous declaration, most notably the lack of access to BigQuery, but also including errors in the mounting of the raw data training files.

12. The file location of the raw data files is continuously changing and is not consistent even across users. This breaks the custom code that we have written, which relies on the filepaths being static as expected in a stable system.

**C.   Insufficient Metadata Issues**

13. I understand that Google has stated to the court that metadata, notably containing reference URLs, was included in the training data made available to Plaintiffs. This is untrue. It is possible that such metadata is available in the BigQuery environment that Plaintiffs do not have access to, but I am unable to validate that.

14. To the extent that metadata is available, it is only available for one type of image training data—LAION—and is identical to metadata already freely available online, not metadata maintained and provided by Google themselves.

15. To the extent that URLs are available in the data, it is exclusively in the form of arbitrarily included lines in otherwise undifferentiated "walls" of text, within files that are concatenations of hundreds or thousands of works.

**D.   Time Needed To Complete Analysis and Author Expert Reports**

16.   Assuming the issues above are resolved, and based upon my experience, I estimate it will take at least three months for my team to (1) complete review of the priority datasets, (2) analyze the datasets for the presence of named plaintiffs' works, (3) analyze the metadata and URL data contained with the priority datasets (to divine the origin of the data), (4) conduct a comparative analysis of the named plaintiffs' works found in the training data with a reference dataset (to provide a framework for identifying class works), and (5) author expert reports.

*****

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 25th day of July, 2025, at Philadelphia, Pennsylvania.

>  */s/ Merry McCarron*
>  Meredith "Merry" McCarron

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of July, 2025, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver