Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan A. Creutz (SBN 349728)
Aaron Cera (SBN 351163)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone:     (415) 500-6800
Facsimile:     (415) 395-9940
Email:         jsaveri@saverilawfirm.com
               czirpoli@saverilawfirm.com
               cyoung@saverilawfirm.com
               eabuchanan@saverilawfirm.com
               ecreutz@saverilawfirm.com
               acera@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL-SVK<br>Consolidated Case No. 5:24-cv-02531-EKL-SVK<br><br>**DECLARATION OF STEPHEN J. TETI IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND CASE SCHEDULE** |

**UNSEALED DOCUMENT (ECF NO. 224-3)**

I, Stephen J. Teti, hereby declare as follows:

1. I am admitted *pro hac vice* before this Court and a Partner with Lockridge Grindal Nauen PLLP, Counsel for Plaintiffs in this matter. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto. I submit this Declaration in support of Plaintiffs' Motion under Fed. R. Civ. P. 16, Civil Local Rule 16-10, and this Court's inherent authority, to Amend the Case Schedule. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. Plaintiffs did not gain access to Google's training data during the week of June 23, 2025, although the Court had ordered that. ECF No. 155. Google failed to timely provision user credentials or provide adequate instructions to set up the Google-provided Chromebooks required to access the remote environment. Plaintiffs and their experts did not gain access to the training data environment until July 3, 2025.

3. Google did not make its technical personnel available for conferral with Plaintiffs' experts until July 29, 2025.

4. Throughout July, Plaintiffs conferred with Google because Plaintiffs' experts could not analyze the data Google produced in its environment without enabling certain analytical tools.

5. On a July 29, 2025 call with Google's engineers—the first time Plaintiffs' experts were allowed to confer with Google's technical support, and only after a court order—Plaintiffs learned for the first time from Google's technical engineers that Google did not use Google's BigQuery database tables in their chosen environment. Google's engineers advised that Plaintiffs instead must access training data via TensorFlow, and that Google would need to convert relevant tables to TFRecord format. MK Analytics was not provided with access to TensorFlow until August 9. *See* Declaration of Meredith "Merry" McCarron ("McCarron Decl."), dated September 12, 2025, attached hereto as **Exhibit 1**.

6. On August 13, 2025, Plaintiffs' experts, MK Analytics, notified me that 31 datasets that Google had converted to TFRecord were either corrupted or inaccessible. I notified Google that same day of the problem. Google responded on August 15, 2025, acknowledged that there were "hundreds of thousands" of file locations, and sought "clarification." After Plaintiffs responded to the best of their ability

on August 18, on August 21, 2025, Google provided a substantive response to my email of August 13, 2025.

7. On Saturday, August 30, 2025, Google revealed to Plaintiffs for the first time that critical metadata, including URL information from which the data was crawled, was not provided in the training datasets converted to TFRecord. I responded to Google's email the next day, August 31, 2025, requesting additional information.

8. On Tuesday, September 2, 2025, I received an email from Google's counsel, Ms. Knoll, informing us that the metadata error affected a total of 49 datasets (or "files" as referred to by Google), including the 31 datasets referenced above. *See* McCarron Decl. ¶ 21. Ms. Knoll indicated that Google expected to complete conversions by the next day.

9. During a meet and confer on September 3, 2025, Google's counsel disclosed for the first time that Google had discovered errors in its conversion of the training data during the week of August 19, 2025, but had not informed Plaintiffs of these issues until August 30, 2025.

10. During the same September 3, 2025 conference, Google's counsel admitted that Google had unilaterally added to and modified some of the training data in the review environment without informing Plaintiffs first, while Plaintiffs' experts were actively conducting confidential analysis.

11. During the same September 3, 2025 conference, Google also disclosed for the first time that additional metadata fields such as DocIDs may also have been altered or omitted as a result of the conversion. When Plaintiffs' counsel asked Google's counsel during the September 3, 2025 conference about what other metadata beyond URLs and DocIDs may have been affected and for which models, Google was unable to answer.

12. With no knowledge that the datasets were incomplete, Plaintiffs' experts had been working in the Google environment, attempting to understand recurring issues.

13. Recently, when Plaintiffs asked Google to restore one of our expert's access to the training data environment, Google responded that "[r]esets to the system can only be performed during work hours, and for security reasons require two Google personnel to be available."

14. On September 9, 2025, Google provided to Plaintiffs two "takeout" files (gemini_v1_books_parsed_concat.pkl and lamda_books_parsed_concat.pkl) representing portions of the

1  training data identified by Plaintiffs' experts for analysis outside of the training data review environment. Plaintiffs identified these files for export from the training data review environment on August 28, 2025, triggering a five-business day deadline for their delivery pursuant to an agreed-upon provision of the training data protocol and the Parties' prior course of conduct for Plaintiffs' requested takeouts.

15. That same day, Google informed Plaintiffs that it would not produce a third takeout file (lamda_c4_docjoins_parsed_concat.pkl), which Plaintiffs had identified to Google on August 29, 2025, because Google considered the size of the takeout file to be too large, at 600 GBs.

16. I understand that the training data environment contains petabytes of data, such that a 600 GB takeout represents a tiny fraction of the data as a whole, and consists of a subset of data relevant to Plaintiffs' class certification motion. *See* McCarron Decl. ¶ 14.

17. The protocol governing access to Google's training data was submitted to the Court on June 20, 2024. ECF No. 159-1. Plaintiffs have been operating pursuant to its terms since that date. No express size limitations are reflected in the protocol governing training data, nor did Google raise any size limitations as to the amount of takeout data Plaintiffs are entitled to request, until September 9, 2025.

18. Google withdrew its objections to Plaintiffs' takeout requests on September 11, 2025, approximately one hour before a scheduled discovery hearing before Magistrate Judge van Keulen. Judge van Keulen ordered that the time for Google to comply with Plaintiffs' takeout requests be narrowed from five to three business days. *See* ECF No. 221. Google produced the previously-disputed takeout on September 12, 2025.

19. On September 12, 2025, Google disclosed for the first time that there is a file-number limit for takeouts. This has postponed production of another set of Plaintiffs' takeout requests.

20. Plaintiffs met and conferred with counsel for Google several times about the subject matter of this Motion, including most recently on September 12, 2025. Google would not agree to more than a three-week extension, which proposal would not also extend any deadlines following after the class certification hearing.

21. Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Ayyub Ibrahim, dated September 12, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 12th day of September, 2025, at Mansfield, Massachusetts.

*/s/ Stephen J. Teti*
Stephen J. Teti

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 12th day of September, 2025, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver