October 9, 2025

**Via Electronic Filing**

The Honorable Susan van Keulen
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South First Street
San Jose, CA 95113

**Re:**  *In re Google Generative AI Copyright Litigation*
  **Master File Case No. 5:23-cv-03440-EKL-SVK**
  **Consolidated Case No. 5:24-cv-02531-EKL-SVK**

Pursuant to this Court's Civil and Discovery Referral Matters Standing Order, Defendant Google LLC and Plaintiffs respectfully submit this joint statement regarding their dispute over Plaintiffs' compliance with the Court's May 22, 2025 Order requiring them to disclose the email addresses that they have "used in connection with any Google user account" (or documents sufficient to show them). ECF No. 139 at 1. The parties conferred in good faith and have reached an impasse. Google moves for an Order for sanctions pursuant to Local Civil Rule 37-4 and Fed. R. Civ. P. 37(b). 127 days remain until the close of fact discovery.

**Google's Position**: Plaintiffs violated this Court's May 22, 2025 Order granting Google's Motion to Compel and obligating them to produce "the email addresses that Plaintiffs have used in connection with any Google user account" (or documents sufficient to show them). ECF No. 139 ("Order") at 1. Those addresses enable Google to investigate whether and where Plaintiffs uploaded their works to Google's services pursuant to licenses that authorize Google to use that content to develop and operate new services.

A month after the Order issued, and in supposed satisfaction, Plaintiffs sent Google a list of 21 email addresses covering nine of the ten Plaintiffs. But whatever Plaintiffs did to search for their addresses, it was not remotely sufficient. Through its own investigation, Google has identified *30* additional addresses that Plaintiffs admit belong to them, but never disclosed. And Plaintiffs have identified *17 more* addresses since their original disclosure (most of which were unknown to Google), including ten used by Plaintiff Zhang that were first disclosed on September 24, 2025.

Most glaringly, Plaintiffs failed to disclose addresses that were unearthed through simple questions at their depositions. At her August 13 deposition, Plaintiff McLennan for the first time identified an email address she used on Google. Ex. A at 276:3-10. Hoping to excuse this violation, McLennan testified that she never "uploaded or used that email account in any form to do anything with respect to [her] Work-in-Suit." *Id.* at 273:21-274:21, 335:4-11. McLennan's counsel doubled down, insisting "the dormant account contained no" responsive documents and thus Google "suffered no prejudice." But McLennan's testimony and her attorney's assurances were false.

Google's subsequent investigation has revealed that McLennan used her undisclosed address to create a blog on Google's Blogger service, where she posted a copy of her lone Work in Suit, thus licensing the image to Google for use in "developing new technologies and services."[1] McLennan's Blogger post and license to Google is dispositive of her claim. But because she failed to disclose her additional address as the Order required, and falsely testified about it, Google was deprived of the opportunity to question her about the license. Given this prejudice, the Court should

---

[1] *See* Google Terms, https://policies.google.com/terms?hl=en-US (users license "content" to Google, including "blog posts you upload through Blogger," for the purpose of "developing new technologies and services" and "operating and improving [Google's] services").

1

preclude McLennan from offering any evidence to dispute that she licensed her work to Google.[2]

As the other Plaintiffs trickle out more addresses, Google must divert attention to investigating accounts and potential licenses that should have been disclosed months ago. Notably, among the **35** undisclosed addresses that Zhang recently confirmed belong to her, her counsel admits one was used in connection with her Work in Suit, though Plaintiffs have not explained how (or when their long overdue document production is "forthcoming"). Regardless, Plaintiffs clearly failed to take the Order seriously. Plaintiffs insist, without elaboration, that they "conducted a reasonable investigation," and blame "ordinary memory gaps" for failing to disclose dozens of addresses. But the Order was not a memory test; "to comply with the Court's order," Plaintiffs were obligated "to make ***all reasonable efforts*** to produce documents that are in [their] possession, custody or control." *United States v. Montgomery Gloval Advisors V LLC*, 2005 WL 2249092, at *3 (N.D. Cal. Aug. 1, 2005) (emphasis added); *accord Coleman v. Newsom*, 131 F.4th 948, 961 (9th Cir. 2025) (same). At a minimum, that should have involved searching Plaintiffs' devices, online accounts, and ESI. Given Plaintiffs' feeble efforts, there is still no telling what else they failed to disclose. Google asks that the Court require Plaintiffs and their counsel to detail precisely how they supposedly complied with the Order.

### A. McLennan Failed to Disclose Her Email in Response to the Court's Order.

On June 20, Plaintiffs sent Google a list of 21 "email addresses responsive to Defendants' RFP 1," including one used by McLennan, and then represented that "[t]o their recollection" these were "all of" the addresses that Plaintiffs "have used in connection with any Google user account."

On August 13, Google deposed McLennan, and asked whether the address disclosed on June 20 was the "only email you've used to create user accounts with Google?" Ex. A at 273:9-20. McLennan then revealed a new address she used to create a "second Gmail account." *Id.* at 276:3-10. She offered several excuses for her prior failure to disclose it. She claimed "I have been

---

[2] The Local Rules require standalone sanctions motions, but Google is mindful of the Court's statement at the September 11 discovery hearing that "a discovery dispute" that "follows … my prior orders" "should [] just come in as a … joint dispute in the normal course" "per the standing order." Sept. 11 Hearing Tr. at 4:9-17. Should the Court prefer that Google file this sanctions request as a standalone motion, Google is prepared promptly to do so.

2

asked about other email accounts, but my mind went to other platforms." *Id.* at 275:2-23. She also said she created the second address "[s]everal years ago" and had "not used that for anything other than a login," so "it didn't occur to me." *Id.* at 274:3-275:6. Apart from Gmail, she said she never used the address to "access any Google services," *id.* at 276:3-10, and never "uploaded or used that email account in any form to do anything with respect to [her] Work-in-Suit," *id.* at 335:4-11.

McLennan's counsel later piled on, insisting Google "suffered no prejudice from the timing of this disclosure" because "the dormant account contained no documents responsive to this litigation," so "Google received everything needed for [McLennan's] deposition examination." But McLennan and her counsel were dissembling.

Following the deposition, Google investigated McLennan's newly disclosed address. It learned, as McLennan and her counsel could have easily discovered, that she used the address to create a blog on Google's Blogger service in 2007, and in 2010 she published a blog post of book covers she has illustrated, including her sole Work in Suit—the cover image for *The Rainforest Grew All Around*. In posting that work to Blogger, **where it still resides and can be accessed**, McLennan licensed Google to use it. Yet McLennan did not produce (or apparently search for) her blog or this blog post. As for the claim that the account is "dormant," records show McLennan used it at least as recently as January 2024 and repeatedly in 2023.

### B. McLennan Should Be Sanctioned for Her Violation of the Order.

Pursuant to Rule 37 and its inherent power, this Court has substantial discretion to impose sanctions, including evidentiary preclusion sanctions, "[i]f a party … fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b); *see also, e.g.*, *Choudhuri v. Wells Fargo Bank, N.A.*, 2017 WL 5598685 (N.D. Cal. Nov. 21, 2017) (Westmore, M.J.) (imposing 37(b) preclusion sanctions). Preclusion is warranted unless "the party in violation of the court's order [can] show that its conduct was 'substantially justified or harmless.'" *In re Namvar*, 2014 WL 5810367, at *4 (C.D. Cal. Nov. 6, 2014). McLennan's violation was neither justified nor harmless.

There is no credible justification for McLennan's failure to disclose her second Gmail address until her deposition, particularly given her ability to readily recall the address when asked

3

a straightforward question. Ex. A at 276:3-10.[3] McLennan's violation was not harmless; it prevented Google from questioning her about her blog and license, a "significant issue for class certification" (and the merits). Order at 1. While a "[f]ailure to produce documents as ordered … is considered sufficient prejudice" by itself, *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), here the prejudice is compounded because McLennan's violation and false testimony prevented Google from exploring these issues at her deposition. *See Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 WL 3895118, at *3 (N.D. Cal. Aug. 29, 2011) (withheld information "could very well bear on … commonality").

To address McLennan's violation, Google asks the Court to preclude her from offering any evidence to dispute that she posted her work to Blogger and thereby licensed it to Google pursuant to Google's Terms. Because the post speaks for itself—it is a Blogger post by McLennan of her Work—a "stipulation as to the blog post" is no real compromise. Nor would a "limited second deposition" "remediate" the prejudice, as Plaintiffs claim. Google was deprived of the ability at McLennan's deposition to confront her with evidence of the post in response to her false testimony, since she denied any such thing existed and failed to produce her blog or post. That prejudice will not be cured by a second deposition, where McLennan will be prepared on this issue and attempt to rehabilitate her false testimony and minimize her Blogger use (as Plaintiffs attempt herein).

### C. Plaintiffs Must Explain Their Widespread Failure to Comply with the Order.

The other Plaintiffs and/or their counsel should be ordered to account for their failure to include ***47 email addresses*** in their June 20 disclosure. Plaintiff Zhang, for example, cannot claim a good-faith effort to comply with the Order when she failed to disclose ***35*** addresses until September 24, at least one of which she used for a project related to her Work in Suit. All but three of those addresses end in "@gmail.com," and should have been easily identified. Plaintiffs suggest that Zhang "exceed[ed] the Order's requirements" because she belatedly identified addresses

---

[3] McLennan's excuses are infirm. She testified that she was "asked about other email accounts, but my mind went to other platforms." Ex. A at 275:2-23. But the Order concerned "Google user account[s]," not other platforms. Order at 1. Her claim that "I have not used that for anything other than a login somewhere," Ex. A at 274:3-275:6, is no justification because it ***is demonstrably false***.

4

"whether or not used in conjunction with the works in suit." But the Order contains no such limitation; it requires the identification of emails "used in connection with *any Google user account*." For that same reason, Plaintiffs' claim that Sarah Andersen "complied with the Court's Order by producing her *primary* Gmail account" is unavailing (emphasis added); there is no basis for her failure to identify two undisclosed addresses until she was asked at her July 9, 2025 deposition, even if they were only used for "hacking-prevention measures." Google also identified undisclosed addresses for Plaintiffs Barer and Hubbard, which Plaintiffs do not address.

Plaintiffs are wrong that Google has not shown "real prejudice." Google is prejudiced by having to divert resources to investigating accounts, on the eve of class certification, that should have been disclosed long ago. Given Plaintiffs' failure to comply with the Order, there is no telling what other addresses and information Google has not received (and prejudice it has suffered). Plaintiffs' frivolous claim that their email addresses are "equally accessible to Google" is false. Google was able to guess at some (but hardly all) possible undisclosed addresses, but it did not know that any address belonged to a Plaintiff until they confirmed it. And, again, Google does not know what other addresses Plaintiffs have still not disclosed. That is why it asked and the Court ordered *Plaintiffs* to identify their email addresses. There is no need to "[a]ssum[e] *arguendo* [that] Plaintiffs did have the burden to produce" their emails, as they inexplicably write—that is exactly the burden the Order imposed on them, and they failed to comply. Plaintiffs frame this as an issue of "recall," but merely asking Plaintiffs what they recall does not remotely qualify as making "all reasonable efforts" to comply with the Order, and the *47* undisclosed addresses make clear they did not conduct a reasonable search, and shows the need for more than Plaintiffs' unelaborated say-so.

If Google had failed in such a simple, Court-ordered task without justification, it is not hard to imagine the draconian relief Plaintiffs would seek. But all Google asks for now, given Plaintiffs' violation, is that they and their counsel submit declarations detailing how they tried (and failed) to comply, and showing that a diligent investigation has been completed and all addresses disclosed.

5

**Plaintiffs' Position:** The Court should reject Google's request for issue sanctions and discovery on discovery. Google attempts to construct a story of noncompliance warranting issue sanctions and discovery about discovery based on the ordinary memory gaps of some individual plaintiffs despite reasonable investigation, identified when plaintiffs' recollections were refreshed at deposition and best efforts were compared to Google's internal system records.

To support its position, Google relies on inapposite case law. Unlike in *United States v. Montgomery Global Advisors V LLC*, where readily identifiable Section 1256 transaction files were produced a year late after a motion to reopen, and two hearings were continued while the parties conferred over the noncompliance, here discovery is ongoing. 2005 WL 2249092, at *1-2 (N.D. Cal. Aug. 1, 2005). Plaintiffs promptly supplemented their productions upon recall and have produced all responsive emails plus additional addresses and information in good faith. The *Montgomery* documents were discrete and known to exist. *Id.* By contrast, here the discovery sought are user email accounts, and nothing remains to be produced. Google refuses to engage in cooperative discovery despite the Court's admonitions. *See* ECF 197 at 3. Discovery is an iterative process, and Plaintiffs have done what the rules contemplate. They are not vast query-able databases of records, and should not be penalized for that in the face of speculative prejudice.

The Court should rely on Fed. R. Civ. P. 26(b)(2)(C) to limit the discovery sought by Google because it is unreasonably cumulative, duplicative, and is in Google's systems. There is no need to compel production of discovery already in Google's possession. *See Neal v. City of Bainbridge Island*, 2023 WL 2214245, at *4 (W.D. Wash. Feb. 24, 2023) (court will not compel production of documents already in the requesting party's possession or equally accessible to the parties) (citing cases). Here, Google admits it has the email addresses and related Google service information. *See Francis v. Bryant*, 2006 WL 947771, at *4 (E.D. Cal. Apr. 12, 2006), *on reconsideration*, 2006 WL 1627917 (E.D. Cal. June 7, 2006) (finding where requesting party has indicated access to the discovery sought, "[t]he Court will not order [party] to produce documents that are equally accessible to both parties."). Assuming *arguendo* Plaintiffs had the burden to produce unrecalled emails (despite the practical limits of memory), and could not locate after a

6

reasonable and diligent search, that initial failure does not merit Google's requested remedy because Google cannot point to any real prejudice suffered nor articulate a future prejudice. *See supra* at 4-5; Fed. R. Civ. P. 37(c)(1). Google conflates a witness's on the spot recollection under the pressure of deposition questioning with knowledge during a reasonable inquiry and collection. A post hoc acknowledgment that an address is owned does not prove that Plaintiffs previously remembered, possessed, or could locate it despite a diligent search. Google's argument of noncompliance is based on timing issues. This is not evidence of any material deficiency in complying with the Court's Order. Plaintiffs' counsel informed Plaintiffs of their obligation to disclose all email addresses used with Google products and services and conducted a reasonable investigation pertaining to that obligation. Where Plaintiffs identified additional addresses, they supplemented their discovery as required by Rule 26(e). Where Google identified additional addresses, Plaintiffs promptly investigated and provided additional information. Google can perform the four enumerated purposes ordered. *See* ECF 139.

Google's demand for declarations detailing Plaintiffs' internal search process is improper discovery about discovery not warranted by the discovery issues Google raises. *See also Store SPE v. Fitness Int'l*, 2020 WL 11884709, at *2 (C.D. Cal. Dec. 16, 2020) (finding "[d]iscovery about discovery is not clearly relevant to the claims or defenses of any party" and "often calls into play attorney client privilege and attorney work product"). Google's motion should be denied.

**Plaintiff McLennan complied with the Court's Order.** Google attempts to weaponize Plaintiff McLennan's imperfect recollection to preclude her from litigating her claims. Google does not ask for an order to prevent Plaintiff McLennan from disputing that she published the 2010 blog post at issue. Rather, Google tries to leverage that blog post to preclude her from contesting that posting a collage including the image of her work-in-suit to a blog hosted on Google's Blogger property in 2010 granted it a license for use of that image in training its AI models a decade or more later. Google is free to make its argument that Blogger's terms of service grant it that license. Plaintiffs attempted to engage with Google as to additional discovery it needs regarding Plaintiff McLennan, but Google insists only issue sanctions will do.

The cases on which Google relies do not support its demand for such severe sanctions in this situation. The legal standard cited is correct, though *Namvar* —dealing as it does with an expert report filed on the eve of trial, more than a year after the deadline for rebuttal reports— sheds no light on the situation at hand. *In re Namvar*, 2014 WL 5810367, at *4 (C.D. Cal. Nov. 6, 2014). And the *Choudhuri* court imposed preclusion sanctions after the *pro se* plaintiff first flatly refused to produce any documents, then continued to delay and refuse to fully produce the requested materials despite repeated court orders and deadline extensions. *Choudhuri v. Wells Fargo Bank, N.A.*, 2017 WL 5598685 (N.D. Cal. Nov. 21, 2017). Google's other citations are similarly disconnected from the facts at hand. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990) (finding sufficient prejudice after plaintiff had repeatedly refused to comply with court orders to produce documents, to the point of being found in contempt and sanctioned for failure to pay earlier monetary sanctions the court had issued for plaintiff's refusal to produce); *Guifu Li v. A Perfect Day Franchise, Inc.*, 2011 WL 3895118, at *3 (N.D. Cal. Aug. 29, 2011) (information on corporate structure and ownership withheld by defendant's refusal to produce a 30(b)(6) witness was information plaintiffs had no possibility of discovering for themselves).

Plaintiff's failure to recall her second Gmail address ("Gmail No. 2") and a single blog post from 2010 is harmless and justified. Google asked McLennan about Gmail No. 2 that she had inadvertently failed to disclose. McLennan Dep. 274:1-4, 13-15; 275:7-9, 18-23. McLennan explained that she had not used Gmail No. 2 for anything other than a login somewhere, and that she could not recall the last time she used it, but it had been a long time. *Id.* at 274:1-4, 13-15. McLennan testified she created Gmail No. 2 to have a second Gmail account but did not use it to access anything other than that Gmail. *Id.* at 276: 6-10.

After Google accused McLennan of perjury and her counsel of bad-faith conduct, Plaintiffs' counsel continued to investigate the matter. Plaintiffs' counsel learned from Plaintiff McLennan that she does not recall using Gmail No. 2 with http://connies-weekly-painting.blogspot.com, nor does she recall publishing the image Google contends she posted. This lapse in memory is understandable given that the post that Google criticizes McLennan for was

8

made in 2010, and Plaintiff McLennan had redirected the Blogger account at http://connies-weekly-painting.blogspot.com to her other Blogger address at some point in or around 2012 (which Plaintiffs had already disclosed to Google).

Google's requested sanction is disproportionate to any actual prejudice. There are lesser means by which the supposed harm could be remedied. Google could seek a limited second deposition of McLennan focused specifically on the post in question, or more efficiently, the parties could discuss a stipulation as to the blog post. Google's claim that the prejudice will not be cured by a second deposition because "McLennan will be prepared…to rehabilitate her false testimony…" is contradictory. If McLennan deliberately concealed the blog post, she would have anticipated Google's discovery of it and been prepared to address it. McLennan does not recall using Gmail No. 2—as her testimony and counsel's investigation reflect—so no deliberate concealment occurred, and what Google claims as "prejudice" is just a lost opportunity for a "gotcha" moment. The facts at hand do not warrant sanctions.

Google's unwillingness to consider straightforward lesser solutions—either of which would fully remediate the purported prejudice Google suffered—demonstrates that its motion is not driven by genuine prejudice but by a strategic desire to eliminate Plaintiff McLennan's claims entirely. She has engaged in vigorous discovery compliance throughout the entirety of this litigation—sitting for a 6 hour 21 minute deposition, responding to 9 interrogatories, 349 requests for admission, and producing 817 documents. Given the scope and importance of the issues in this litigation, it is critical that Google not be permitted to advantage itself of Plaintiff McLennan's imperfect recall. The same is true for Plaintiffs Barer and Hubbard.

**Plaintiffs Zhang and Andersen have complied with the Order by its plain language.** *See* ECF 139. This is not an "extraordinary situation[] that implicate[s] truly significant interests" that justify this Court's intervention. *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985); ECF 197 at 3 ("Access to the courts is a public good, and time spent on issues like this detracts from other important work – including work in this case."). Rather, it is a gratuitous motion designed to harass Plaintiffs. Plaintiff Zhang timely produced the required email

9

addresses. Google later identified additional email addresses *from its own records*, which indicates the discovery sought is equally accessible to Google. *Pershing Pac. W., LLC v. MarineMax, Inc.*, 2013 WL 941617, at *4 (S.D. Cal. Mar. 11, 2013), *on reconsideration in part*, 2013 WL 1628938 (S.D. Cal. Apr. 16, 2013) (denying discovery request because it "seeks information that is equally accessible to" requesting party). Plaintiff promptly investigated and confirmed those belonging to her and provided information exceeding the Order's requirements by identifying all additional Gmail addresses whether or not used in conjunction with another Google service in a good faith effort to resolve the issue cooperatively. For the single Zhang email Google identified (but Plaintiff did not recall) used in connection with a work-in-suit, Plaintiffs promptly initiated a forensic collection and production is forthcoming if necessary. No other email accounts are called for. The only Google service implicated by any of these accounts is Google's Gmail service. She did not use any of the email accounts to upload her works-in-suit to another Google service. What is more, the Order does not set a deadline for perfected compliance. Fact discovery does not close until February 13, 2026. Google's opposition to class certification is not due for forty-one days, and it has not noticed Plaintiff Zhang's deposition. Google cannot cogently articulate any prejudice suffered as to Zhang that has relevance to any claim or defense because it has not suffered any. *Vitasek v. GEO Inc.*, 2025 WL 1548679, at *6 (D. Ariz. May 30, 2025) (denying Rule 37 sanctions in part because "[d]elay alone has been held to be insufficient prejudice"); Fed. R. Civ. P. 26(b)(1).

  As for Plaintiff Andersen, she complied with the Court's Order by producing her primary Gmail account, which she uses for work. During deposition Plaintiff Andersen recalled two additional Gmail addresses only after Google's questioning. As she testified, those accounts exist solely as hacking-prevention measures and, importantly, *automatically forward all communications to her primary account*. Thus, if either was used to upload a work-in-suit to a Google service, the primary account provides the relevant information in compliance with the enumerated purposes. *See* ECF 139. Indeed, Plaintiffs were surprised when Google raised Plaintiff Andersen's purported email address issue in the brief, because Plaintiffs' counsel's July 16, 2025 email, stating this position and requesting contrary authority, went unanswered.

Respectfully submitted,

Dated: October 9, 2025         By: */s/ David H. Kramer*
David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8541

*Counsel for Defendant* GOOGLE LLC

Dated: October 9, 2025         By: */s/ Joseph R. Saveri*
Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan A. Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alex Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com

11

acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4006
gmullens@bfalaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: 213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
tcowan@clarksonlawfirm.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900

12

Facsimile: (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowo@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**SIGNATURE ATTESTATION**

I, David H. Kramer, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ David H. Kramer*
David H. Kramer