**October 9, 2025**

<u>**Via Electronic Filing**</u>

The Honorable Susan van Keulen
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South First Street
San Jose, CA 95113

**Re:**   *In re Google Generative AI Copyright Litigation*
          **Master File Case No. 5:23-cv-03440-EKL-SVK**
          **Consolidated Case No. 5:24-cv-02531-EKL-SVK**

Pursuant to this Court's Civil and Discovery Referral Matters Standing Order, Defendant Google LLC ("Google") and Plaintiffs respectfully submit this joint statement regarding Defendant's clawbacks and privilege assertions. The Parties met and conferred four times, on September 12, September 16, September 22, and October 1, 2025, but remain at impasse as outlined below. Attached as **Exhibit A** are the challenged entries on Google's Clawback Privilege Log and descriptions of Plaintiffs' challenges. Fact discovery closes in 127 days on February 13, 2026.

**Plaintiffs' Position:** This dispute concerns Google's improper attempts to clawback sixteen (16) documents, in whole and in part, on the basis of purported attorney-client privilege. The at-issue documents are technical memoranda and other materials that relate to, among other things, whether copyrighted material can be used to train Google's AI models. Plaintiffs selected these challenges from the over forty-five documents that Google has clawed-back to date given their importance to the claims and defenses in this case—including that Google willfully infringed on Plaintiffs' and the class's copyrighted works.[1] While Google contests allegations that it acted willfully, it improperly withholds any evidence going to its consideration of whether its conduct in training its AI models violates copyright law. *See Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992). Moreover, Google has not met its burden to establish privilege because its assertions are overbroad. In addition, for two of the sixteen documents, Google waived attorney-client privilege by failing to diligently claw the privileged portions back after Plaintiffs had entered them into the record. Accordingly, Plaintiffs respectfully request that the Court order these documents produced or in the alternative, that it review these documents *in camera* given Plaintiffs' reasonable challenges. *See In re Grand Jury Subpoena*, 31 F.3d 826, 830 (9th Cir. 1994).

***Google Improperly Withholds Evidence That Bears on Its Willfulness Defense:*** While Google has stated it will not assert an advice-of-counsel defense, it contests allegations that it acted willfully in infringing copyrighted works and its counsel has indicated that it may raise other affirmative defenses that turn on its state of mind in its forthcoming Answer. *See Friedman v. Live Nation Merch., Inc.*, 833 F.3d 1180, 1186 (9th Cir. 2016) ("A determination of willfulness requires an assessment of a defendant's state of mind."). Yet, Google is withholding evidence that bears directly on Google's state-of-mind defenses. For example, in GOOG-AIC-000792731.C, Google

---

[1] Google's characterization of this brief as "meritless makework" ignores the importance of these documents and downplays its sweeping assertion of privilege.

1

redacts answers to the question of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮."[2]  Similarly, for GOOG-AIC-000793256.C, Google redacts discussion and recommendations about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Google also asserts privilege over portions of a presentation concerning ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" *See* GOOG-AIC-000792412.C; GOOG-AIC-000792428.C; GOOG-AIC-000792444.C.[3] These questions concern Google's policy regarding training its AI models, not privileged legal advice. *See Epic Games, Inc. v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024) ("Privilege does not descend like a giant fog bank over every document that is in some way connected with an effort to achieve legal compliance.").

Google's redactions to these clawed-back documents are representative of Google's broad attempts to shield from production evidence that would bear on its willfulness. Google has withheld hundreds of documents on similar bases.[4] And its counsel has repeatedly instructed witnesses not to answer questions regarding their understanding of Google's copyright compliance where their understanding is "based on legal advice." *E.g.*, Dai Dep. Tr. at 260:11-262:19; 264:17-265:6; 267:21-268:14. Because Google asserts privilege over materials relevant to the very defenses it asserts, Google improperly uses privilege as both a "sword and a shield," comparable to situations where a party improperly asserts an advice of counsel defense in that manner. *Chevron*, 974 F.2d at 1162-63; *Arista Recs. LLC v. Lime Grp. LLC*, 2011 WL 1642434, at *2

---

[2] Google argues that this document was inconsistently marked and in fact, no additional material was clawed back. Regardless, Plaintiffs challenge the redacted portions of this document.

[3] Google's inconsistent redactions to this presentation further demonstrate that its privilege claim is improper and overbroad. *Compare* GOOG-AIC-000792444.C at 449.C; *to* GOOG-AIC-000792428.C at 437.C *and* GOOG-AIC-000792412.C at 421.C.

[4] Plaintiffs are continuing to review and raise challenges to Google's assertions of privilege over the more than 4,000 documents included on these logs.

(S.D.N.Y. Apr. 20, 2011) ("[A] party may not assert that it believed its conduct was lawful, and simultaneously claim privilege to block inquiry into the basis for the party's state of mind or belief."). Google's authority is inapt because unlike the parties in those actions, here, Google's privilege claim, as currently applied, is so broad that it shields evidence of willfulness. *See, e.g.*, *Stone Brewing Co., LLC v. MillerCoors LLC*, 2023 WL 6450199, at *4 (S.D. Cal. Sept. 28, 2023) (waiver where there is no "independent source" for defendant's belief); *U.S. v. Anthony*, 2023 WL 2716581, at *2 (N.D. Cal. Mar. 29, 2023) (no waiver where defendant sought to withdraw guilty plea based on "psychological condition" when it was made, not on advice of counsel counsel).[5]

Where, as here, "a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron*, 974 F.2d at 1162; s*ee also Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (advice-of-counsel defense precluded on claim of willful infringement where party had previously asserted privilege over the communications); *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 468 (N.D. Cal. 2006) ("Of paramount importance is whether allowing the privilege to protect against disclosure of the information would be manifestly unfair to the opposing party."). The Court should order Google to either confirm that it will not raise any defenses related to Google's mental state, including purported belief in the lawfulness of its conduct, or produce in full all purportedly privileged documents related to its knowledge of, or belief in, the lawfulness of its conduct. Anything less will prejudice Plaintiffs' ability to find the facts relevant to Google's purported defenses, including whether those defenses are limited through an evidentiary exception.

***Documents Over Which Google Waived A Claim of Privilege:*** Google waived its privilege claim over all redactions to GOOG-AIC-000116921 and to the clawed back portion of GOOG-

---

[5] Google's claim that Plaintiffs made "knowingly false registrations" with the copyright office is baseless and unrelated to the merits of this brief. These accusations should not be considered.

3

AIC-000793042.C by failing to "swift[ly]" claw these documents back after Plaintiffs relied on them. *Brown v. Google LLC*, 2022 WL 12039375, at *4-5 (N.D. Cal. Oct. 20, 2022) (Google's failure to diligently clawback a document cited in court filings resulted in waiver); *see also AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 866-67 (N.D. Cal. 2019) (same); *Sikorsky Aircraft Corp. v. U.S.*, 106 Fed. Cl. 571, 584-86 (Fed. Cl. 2012) (collecting cases). Plaintiffs introduced and used GOOG-AIC-000116921 as an exhibit in the 30(b)(6) deposition of Tyler Liechty on July 25. *See* Liechty Dep. Tr. 154:13-174:9. Forty-six days later, on September 9, Google clawed back significant portions of this document during the 30(b)(6) deposition of Tulsee Doshi. *See* Doshi Dep. Tr. 178:1-180:4. Similarly, Plaintiffs first placed Google on notice of GOOG-AIC-000793042.C on May 11, when they cited to it extensively in a letter regarding their request for access to Google's source code. Plaintiffs further notified Google on July 2, when they entered the document as an exhibit in the 30(b)(6) deposition of Brian Carver. *See* Carver Dep. Tr. 106:6-119:17. On September 2, 114 days after first notifying Google of this document and 62 days after using this document in Mr. Craver's deposition, Google clawed back part of this document.[6]

Because Google clawed these documents back more than 21 days after their use Federal Rule of Evidence 502(b) governs. ECF No. 119 at § 15(d). Under Rule 502(b), "a party must begin taking steps to rectify an inadvertent production after they are put on actual or constructive notice" of the document. *Xu v. FibroGen, Inc.*, 2023 WL 3475722, at *3 (N.D. Cal. May 15, 2023); *see also Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *6 (S.D. Cal. Jan. 13, 2010) (a party "on notice that its document production was defective ... should have taken prompt and diligent steps" to address the issue). Google had ample notice (over 100 days for -000793042.C and 46 days for -000116921), yet it failed to diligently claw back the documents. It

---

[6] The clawed-back portion is located at -00793047.C. Plaintiffs challenge Google's privilege assertion for all redactions to this document because they relate to business, not legal advice.

4

has thus waived its right to clawback these documents.

**_Google Has Failed to Establish Privilege Over the Clawed-Back Documents:_** For all clawed-back documents at issue, Google has failed to establish that "the primary purpose" of these redacted and withheld documents "is to secure legal advice." *U.S. v. Chevron Corp.*, 1996 WL 264769, at *3 (N.D. Cal. Mar. 13, 1996); *Griffth v. Davis*, 161 F.R.D. 687, 697 (C.D. Cal. 1995) (Privilege does not attach to "any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice."). For instance, Google seeks to redact portions of GOOG-AIC-000793053.C—a data card for Gemini v1. This document and similar data cards are technical records prepared by Google's technical staff contemporaneously with, or subsequent to, the creation or modification of datasets. *See, e.g.*, GOOG-AIC-000793040.C (redactions made to discussion about ▓▓▓▓▓▓▓▓▓▓); GOOG-AIC-000793089.C (discussing ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓). While the records may serve a dual purpose, their primary function is not the procurement of legal advice. *See MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *2 (N.D. Cal. Oct. 10, 2013). Google's overbroad privilege assertions over these technical documents do not satisfy its burden. *See In re OpenAI, Inc. Copyright Infringement Litig.*, 2025 WL 2799890, at *2-6 (S.D.N.Y. Oct. 1, 2025) (ordering production of clawed-back communications purportedly concerning "copyright compliance measures" and other technical documents).

Google also withholds in full memoranda and notes from non-attorneys, which, at the very least, it should produce with narrow redactions given their relevance. *See* GOOG-AIC-000792730.C; GOOG-AIC-000793040.C; GOOG-AIC-000793041.C; GOOG-AIC-000793250.C; GOOG-AIC-000793255.C; GOOG-AIC-000793357.C. Google should produce these documents with limited redactions to the specific content concerning legal advice. *See U.S. v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015) ("A blanket claim of privilege is unacceptable.").

**Google's Position:** Plaintiffs' *twelfth* motion to compel is more meritless makework. In hopes of accessing undeniably privileged materials, Plaintiffs advance a waiver argument that stretches the law far beyond its breaking point. Google has not wielded privilege as both a sword and shield and thus has not impliedly waived it. Google has also complied with the requirements of Rule 502(b), thus precluding waiver over two small, inadvertently produced fragments. Finally, Plaintiffs misstate the law in arguing other documents are not privileged because they have "dual purposes" or were written by non-attorneys. The Court should reject all of Plaintiffs' privilege challenges.

*No Implied Waiver.* Plaintiffs' claim of implied waiver is specious. Implied waiver arises only when a party puts privileged information "at issue" through some "affirmative act." *United States v. Amlani*, 169 F.3d 1189, 1195-96 (9th Cir. 1999). Nothing like that has happened here. Though Google has not yet filed its answer, it will not be asserting an advice-of-counsel defense. Plaintiffs' advice-of-counsel cases—*Chevron* and *Columbia Pictures*—accordingly do not apply. Google's mere denial of Plaintiffs' charge of "willfulness" or other unasserted "state-of-mind defenses," *supra* at 1, do not effect a waiver: "The mere denial of intent is insufficient to establish waiver of the privilege." *Genentech, Inc. v. Insmed Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006). Instead, privilege is waived only where a party affirmatively relies on privileged communications to prove its state of mind. *See, e.g., Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1327 (9th Cir. 1995) (no waiver where party justified "reasonableness" of payment "without resort to its attorneys' communications"); *Stone Brewing Co., LLC v. MillerCoors LLC*, 2023 WL 6450199, at *4 (S.D. Cal. Sept. 28, 2023) (no waiver where witness identified two "reasonable, independent sources for [his] belief in … common law rights"). There is nothing like that here.

It does not matter, for purposes of assessing waiver, that a party sought contemporaneous legal advice regarding an issue arguably relevant to its state of mind. *See, e.g., In re Geothermal Res. Int'l, Inc.*, 93 F.3d 648, 652 (9th Cir. 1996) (no waiver by filing counterclaim that turned on

6

issues of good faith, even where contemporaneous legal advice bore on such issues); *Sorensen v. Black & Decker Corp.*, 2007 WL 1976652, at *2 (S.D. Cal. Apr. 9, 2007) (attorney-client communications not "in issue" just because they "could be relevant" to a defense; no waiver where party "has not used attorney-client communications to prove this defense"). Indeed, that consultation with counsel is what the privilege is supposed to encourage and protect. *See*, *e.g.*, *Epic Games v. Apple Inc.*, 2024 WL 4947269, at *1 (N.D. Cal. Dec. 2, 2024). ("Lawyers can tell their client what is legally permissible and impermissible, and those communications are privileged."). As one court in this Circuit put it, "[i]t would stretch the implied-waiver doctrine too far to preclude [a party] from offering evidence of its state of mind just because its employees consulted attorneys at the relevant time." *DMF, Inc. v. AMP Plus, Inc.*, 2024 WL 1796396, at *11 (C.D. Cal. 2024).

     Plaintiffs identify no instance where Google has disclosed privileged communications in order to use them offensively. "In refusing to disclose [its] privileged communications, [Google] is not using the privilege as both a sword and shield. [It] is only using the privilege as a shield to protect the confidentiality of these communications." *United States v. Anthony*, 2023 WL 2716581, at *3 (N.D. Cal. Mar. 29, 2023). Plaintiffs certainly may not compel a waiver of privilege merely by themselves claiming their adversary's state of mind is relevant and forcing their adversary to defend that claim. If that were so, there would be a privilege waiver in every case where intent is an element of a claim.[7] That is not how the at-issue doctrine works. *See*, *e.g.*, *Gardner v. Major Auto. Companies, Inc.*, 2014 WL 1330961, at *7 (E.D.N.Y. Mar. 31, 2014) ("[A] party cannot effectively force its adversary to waive its privilege implicitly with a pleading that brought the

---

[7] Waiver would likewise result wherever Defendants contested Plaintiffs' state of mind. Here, for example, Google could claim a Plaintiff defrauded the copyright office through knowingly false registrations. Under Plaintiffs' theory, mere charge of fraud and Plaintiffs' denial would trigger a waiver over privileged communications relating to registrations regardless of whether Plaintiffs relied on counsel's advice to prove their state of mind.

7

adversary's knowledge and good faith into issue."). Google does not need to rely on its counsel's advice to defend Plaintiffs' meritless charge of willful infringement. Unless it chooses to do so and injects its legal advice into the case, there is no waiver.

***Google's Clawbacks Satisfy Rule 502(b).*** Plaintiffs separately claim waiver as to two inadvertently produced documents that Google clawed back: GOOG-AIC-000116921 and GOOG-AIC-000793042.C. *Supra* at 3-4. They do not dispute that the first two elements for a clawback (inadvertence and reasonable precautions) under Rule 502(b) are met. Their sole contention is that Google did not act "diligently" after discovering the inadvertent disclosures. *Supra* at 4. That is not so. Once Google learned of the very limited privileged passages in these two documents, it swiftly clawed those passages back in satisfaction of Rule 502(b).

For context, on June 18, the Court ordered production from 12 additional Google custodians in less than six weeks, noting that, "[g]iven that production is expedited, any privileged material produced qualifies to be 'clawed back' under Federal Rule of Evidence 502(b)." Dkt. 155. Amidst those accelerated efforts, Plaintiffs conducted a corporate deposition on July 25, where they introduced GOOG-AIC-000116921 among 26 exhibits. This 13-page document, hurriedly produced pursuant to the Court's June 18 Order, contains notes from four different meetings in Spring 2023. Plaintiffs asked questions about the document, but not about the passage later clawed back, the page containing that passage, or even the meeting from which the passage is derived. Google thus had no reason to focus on the passage, and did not until a September 9 deposition when Plaintiffs asked another witness about it specifically. She explained that the comments from "Tom" referenced in the passage without a last name were from Tom Lue (then-general counsel of DeepMind). Google immediately clawed back that very limited portion. *See* Doshi Dep. Tr. at 175:3-178:12. Notably, Plaintiffs never alerted Google to the inadvertently-produced, privileged passage, as they would ethically have had to do if the privilege over that passage was clear.

Separately, at a July 9 corporate deposition, Plaintiffs marked GOOG-AIC-000793042.C a dense, 11-page exhibit and questioned the witness about it—never referencing the fragment later clawed back.[8] In preparing its privilege log, Google discovered that a portion of one sentence had been inadvertently left unredacted because it bled over from the previous page. Google promptly clawed back the sentence and served a corrected, redacted version.

"Rule 502(b) does not require a producing party to engage generally in a post-production review to determine whether any privileged documents or information have been produced by mistake." *AdTrader, Inc. v. Google LLC*, 405 F. Supp. 3d 862, 866 (N.D. Cal. 2019). Waiver arises only after the party is directed to the privileged material and then fails to act with reasonable diligence in clawing it back. *See id.* at 866-67 (quotation of disputed material in filings generates inquiry notice as to material). Plaintiffs' cases apply the same principle. *See Brown v. Google LLC*, 2022 WL 12039375, at *2 (N.D. Cal. Oct. 20, 2022) (portion quoted in multiple filings); *Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571, 575 (2012) (privilege asserted over entire document used at deposition); *Xu v. FibroGen, Inc.*, 2023 WL 3475722, at *2 (N.D. Cal. May 15, 2023) (privilege asserted over entire document referenced in letters and filing); *Luna Gaming-San Diego, LLC v. Dorsey & Whitney, LLP*, 2010 WL 275083, at *6 (S.D. Cal. Jan. 13, 2010) (same). Here, once Google's attention was drawn to the two very limited passages of much larger documents, Google immediately clawed them back. That satisfies Rule 502(b) and is not a waiver.

**_Google's Redactions Are Proper._** Plaintiffs challenge redactions to several "dual purpose" documents, arguing that privilege is all or nothing for the entire document depending on whether its "primary purpose … is to secure legal advice." *Supra* at 5. Plaintiffs' argument misunderstands the law. It is perfectly proper to redact legal advice in documents that contain both business and

---

[8] Plaintiffs referenced the document in a May 11 letter but did not discuss the at-issue fragment.

legal discussion. Courts uniformly agree. In *Kadrey v. Meta*, Magistrate Judge Hixson held that a party may "assert the attorney-client privilege over isolated sentences or paragraphs within a document." No. 3:23-cv-03417-VC, Dkt. 401 at 3. Plaintiffs' cases are no different. *See*, *e.g.*, *In re OpenAI, Inc. Copyright Infringement Litig.*, 2025 WL 2799890, at *2-6 (S.D.N.Y. Oct. 1, 2025) (permitting redactions to documents containing technical discussions); *United States v. Chevron Corp.*, 1996 WL 444597, at *2 (N.D. Cal. May 30, 1996) ("That the document as a whole addresses predominantly business matters does not negate the privilege as to the portion containing requests for legal advice."). Google's surgical redactions of legal advice from these documents are proper.[9]

**<u>Withheld Documents.</u>** Finally, Plaintiffs complain that Google has withheld as privileged several documents that were authored by non-attorneys. *Supra* at 5. Privilege protects such materials when they reflect or convey legal advice, or were created for—or at the direction of—counsel. *See*, *e.g.*, *In re Google RTB Consumer Priv. Litig.*, 2023 WL 1787160, at *4 (N.D. Cal. Feb. 6, 2023) (finding documents authored by non-attorneys to be privileged). The withheld documents fall into two buckets: (1) notes from "legal sync" meetings between technical employees and in-house attorneys addressing legal questions related to technical work[10]; and (2) documents prepared at counsel's direction and shared with in-house counsel for purposes of legal advice.[11] As Google explained (and will declare, if necessary), these documents exist to seek or transmit legal advice and are properly withheld. There is no basis for Plaintiffs' privilege challenge and nothing to support their request that the Court further scrutinize the documents.

---

[9] Plaintiffs conflate documents containing separable portions of legal advice from lawyers and business discussion from nonlawyers with attorney-client communications that are made for purposes of seeking both nonlegal and legal advice. In the latter "dual purpose" situation, a primary purpose test applies to determine whether *the communication* is privileged. *Cf. In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). But there is no "primary purpose" test precluding redaction of documents that combine legal advice from lawyers with nonlegal discussion by nonlawyers.
[10] GOOG-AIC-000792730.C, GOOG-AIC-000793355.C, and GOOG-AIC-000793357.C.
[11] GOOG-AIC-000793040.C, GOOG-AIC-000793041.C, and GOOG-AIC-000793250.C.

Dated: October 9, 2025 Respectfully submitted,

By: */s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 797-2617
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Elissa A. Buchanan (SBN 249996)
Evan A. Creutz (SBN 349728)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Y. Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

Brian D. Clark (admitted *pro hac vice*)

Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
Email:  bdclark@locklaw.com
 lmmatson@locklaw.com
 aswagner@locklaw.com
 cmabotsi-kowo@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone:  (617) 456-7701
Email:  sjteti@locklaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone:  213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Tel. (213) 788-4050
tcowan@clarksonlawfirm.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated: October 9, 2025        Respectfully submitted,

By:  */s/ David H. Kramer*
David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698

12

Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
95 S State Street, Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8541

*Counsel for Defendant* GOOGLE LLC

## ATTESTATION PURSUANT TO CIVIL L.R. 5-1

The filer attests that the other signatories listed, on whose behalf the filing is also submitted, are registered CM/ECF filers and concur in the filing's content and have authorized the filing.

Dated: October 9, 2025                                    */s/ Lesley E. Weaver*
                                                          Lesley E. Weaver