DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON, admitted *pro hac vice*
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street
Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Counsel for Defendant
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 238)**<br><br>Judge: Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

## INTRODUCTION

Defendant Google LLC hereby responds pursuant to Local Rule 79-5(f) to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (the "Sealing Motion"), filed concurrently with the Parties' Joint Discovery Letter Brief Regarding Datasets (the "Joint Letter Brief") and Exhibits 1, 2, and 3 to the Joint Letter Brief. *See* ECF Nos. 237, 237-1, 237-2, 237-3. Both the Joint Letter Brief and the exhibits thereto contain sensitive confidential information concerning Google's proprietary datasets. Google respectfully requests that the Court enter an order keeping this sensitive information under seal.

## LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Documents filed in connection with a non-dispositive matter, like the documents at issue here, may be sealed where there is "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2023 WL 3468296, at *1 (N.D. Cal. Apr. 13, 2023) (explaining that the "good cause" standard applies to "discovery motions") (van Keulen, M.J.). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as confidential research, development, or commercial information. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information.").

## ARGUMENT

Google seeks to seal limited sensitive and confidential information about its proprietary datasets. Both the Joint Letter Brief and the exhibits thereto contain discussions about the

proprietary datasets, including discussions about the creation and composition of those datasets and references to their internal code names.

As the Court recognized in *Brown*, public disclosure of such information would "harm Google's competitive standing it has earned through years of innovation and careful deliberation, by revealing sensitive aspects of Google's proprietary systems, strategies, and designs to Google's competitors, allowing them to alter their own plans for product development and/or commercialization." *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022) (van Keulen, M.J.) (sealing "confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors"). Such information is especially sensitive in the generative AI space where competition is fierce and ongoing. Moreover, disclosure of highly sensitive confidential information concerning Google's proprietary datasets and deliberations related to those datasets would also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations. Courts in this District routinely find good cause to seal such information. *See, e.g.*, *Google Inc. v. Eolas Techs. Inc.*, 2016 WL 9243337, at *1-2 (N.D. Cal. Mar. 22, 2016) (sealing "sensitive business information" about "non-public business practices"); *Finjan, Inc. v. Cisco Sys. Inc.*, 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material that "reveals the identification, organization, and/or operation of Cisco's proprietary products"); *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2017 WL 11527607, at *2 (N.D. Cal. Dec. 27, 2017) (same for "proprietary business information about the architecture of [party's] technology"). Finally, courts in this District find that it is appropriate to maintain references to internal code names under seal. *See*, *e.g.*, *Rodriguez v. Google LLC*, 772 F. Supp. 3d 1093, 1111 (N.D. Cal. 2025) (sealing "references to internal code names").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court keep these confidential references to Google's sensitive commercial information under seal.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: October 10, 2025 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By:    */s/ Paul J. Sampson*<br>       Paul J. Sampson |
| | *Counsel for Defendant*<br>GOOGLE LLC |