Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan A. Creutz (State Bar. No. 349728)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Y. Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Proposed Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL-SVK<br>Consolidated Case No. 5:24-cv-02531-EKL-SVK<br><br>**DECLARATION OF JOSEPH R. SAVERI AND LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Judge: Hon. Eumi K. Lee |

**REDACTED**

I, Joseph R. Saveri, and I, Lesley E. Weaver, declare and state as follows:

1. Joseph R. Saveri is a partner at the law firm of Joseph Saveri Law Firm, LLP ("JSLF") and Lesley E. Weaver is a partner at the law firm of Bleichmar Fonti & Auld LLP ("BFA"). We are Co-Lead Counsel for Plaintiffs in the above-captioned matter.

2. We submit this declaration in support of Plaintiffs' Motion for Class Certification. We have personal knowledge of the facts set forth herein and, if called as a witness, we could and would testify competently to them.

3. In moving for class certification, we also move the Court to appoint Joseph R. Saveri of JSLF and Lesley E. Weaver of BFA as Co-Lead Counsel, and Brian Clark of Lockridge Grindal Nauen PLLP ("LGN") and Ryan Clarkson of the Clarkson Law Firm, P.C. ("CLF") as Class Counsel with us.[1] The proposed designated lead attorneys from each firm—Ms. Weaver (BFA) and Mr. Saveri (JSLF)—are leaders in the field of complex class action litigation and, consistent with Rule 23(g), are "best able to represent the interests of the class" here, particularly given the effort, resources, experience, and abilities that each brings to this action. Resolving leadership will enable Plaintiffs to speak with one voice when conferring with Defendant and will unlock many efficiencies moving forward.

## SUMMARY OF THE ACTION

4. Plaintiffs filed their consolidated amended class action complaint on behalf of themselves and other legal or beneficial owners of copyrighted works against Defendant Google LLC on December 20, 2024, alleging Copyright Infringement in violation of the Copyright Act, 17 U.S.C. § 501. ECF Nos. 91, 92.

5. Plaintiffs filed their second amended consolidated class action complaint ("SACC") on September 25, 2025. ECF No. 234. Google's Answer to Plaintiffs' SACC is due October 16, 2025.

---

[1] On November 7, 2024, the Court ordered Plaintiffs' counsel to file a proposal for the appointment of interim lead counsel. ECF No. 77. Plaintiffs filed their proposal for appointment of interim lead counsel on November 19, 2024. ECF No. 80. At the February 18, 2025 case management conference, the Court stated it was inclined to grant Plaintiffs' request appointing Mr. Saveri and Ms. Weaver as Lead Counsel. ECF No. 93 at 32:10-12. The order has not yet been entered.

6.  As alleged in Plaintiffs' complaint, Google infringed on Plaintiffs' rights under 17 U.S.C. § 106, by illegally stealing and using millions of copyrighted books and images to build its AI Models LaMDA, PaLM, ULM ("PaLM 2"), GLaM, Imagen, and Gemini (the "at-issue models")

7.  Since discovery commenced in January 2025, mindful of the Court's directives, Plaintiffs have propounded targeted discovery focused on class certification: 75 requests for production, 19 interrogatories, and 586 requests for admission, and sought examination of exemplar training datasets.

8.  As of October 14, 2025, Plaintiffs have taken 22 hours of testimony related to their continuing 30(b)(6) deposition of Google focused on issues pertaining to class certification with ongoing meet and confers as to the preparedness of certain designees; and taken testimony from eight fact witnesses.

9.  The parties have served responses and objections. The parties have met and conferred regularly, approximately 74 times since January 2025, regarding discovery, Plaintiffs' requests to analyze relevant training datasets and the constraints imposed by Google's training data review platform, and its assertions of privilege over more than 4,000 documents.

10. Plaintiffs have diligently complied with their discovery obligations and fulsomely responded to Google's discovery requests. On February 18, 2025, Plaintiffs served responses and objections to Google's first set of interrogatories. On May 16, 2025, Plaintiffs served amended responses and objections to Google's first set of interrogatories and provided amended responses and objections to interrogatories one and two on July 24, 2025. On June 20, 2025, Plaintiffs served responses and objections to Google's second set of interrogatories. On February 18, 2025, Plaintiffs served responses and objections to Google's first set of requests for admissions. On August 15, 2025, Plaintiffs served responses and objections to Google's third set of requests for admissions. On October 9, 2025, Plaintiffs served responses and objections to Google's third set of requests for admissions.

11. Plaintiffs have reviewed and analyzed over 32 thousand class certification focused documents received from Google in response to production requests, as well as tens of thousands of documents in Plaintiffs' possession for responses to production requests, resulting in the production of 25,857 documents.

12. With the assistance of retained technical experts, Plaintiffs have analyzed exemplar training datasets made available for analysis in a Google-provisioned review environment (s*ee* Ex. 1 to the Declaration of Gregory Mullens (Expert Class Certification Report of Meredith McCarron)), and have sought access to additional training datasets identified as relevant through ongoing discovery. *See* ECF No. 237.

13. The parties have negotiated case management protocols pertaining to discovery of Electronically Stored Information and a Protective Order.

## **THE PLAINTIFFS ARE TYPICAL OF THE CLASS AND WILL FAIRLY AND ADEQUATELY REPRESENT THE CLASS**

14. The Plaintiffs are typical of the proposed class, and their adequacy is more than demonstrated by their involvement in prosecuting the class claims thus far.

15. The Plaintiffs are not adverse to each other or to other proposed class members. They are all similarly interested in obtaining valuable relief from Google.

16. Each of the named Plaintiffs has reviewed pleadings, responded to written discovery, produced documents and ESI, have worked with counsel, and have kept themselves apprised of the litigation, and plaintiffs Almond, Anderson, Barer, Larson, Leovy, and McLennan have testified at several-hours-long depositions. *See, e.g.*, Almond Tr. 8:6-11, 20:18-22:5; Anderson Tr. 295:22-296:12; Barer Tr. 13:5-25, 24:25-25:22, 26:12-18, 75:6-22, 187:11-17; Larson Tr. 295:1-18; Leovy Tr. 41:23-42:23, 44:9-15, 57:3-19, 94:17-20, 115:3-18, 136:7-21; McLennan Tr. 45:25-46:14, 49:6-15, 85:21-24, 137:11-17. Prior to bringing this Motion, Google has declined to notice the deposition of Jessica Fink and Jingna Zhang.

17. Each Plaintiff is motivated to act, has acted, and will continue to act on behalf of the unnamed members of the proposed class. *See, e.g.*, Almond Tr. 340:17-341:16, 344:15-21, 345:21-25, 346:1-19, 346:20-23, 346:25-347:4, 347:16-19; Anderson Tr. 295:22-296:12; Larson Tr. 295:1-18; Leovy Tr. 28:21-28:3, 30:5-14; McLennan Tr. 45:14-16. As shown in the records of the U.S. Copyright Office, discovery responses, and documents produced in the litigation as set forth in ¶ 18, the Plaintiffs are all legal or beneficial owners of a registered copyright in a book or image work. *See, e.g.*, Andersen Tr. 91:17-22;

Barer Tr. 27:21-23, 137:22-25; Larson Tr. 79:21-25; Leovy Tr. 58:5-17; McLennan Tr. 50:20-51:8, 137:22-138:9.

18. Plaintiffs' Works-In-Suit and their registered copyrights are as follows:

| Plaintiff | Work-In-Suit | Bates Number of Copyright Registration |
|---|---|---|
| Steve Almond | *All the Secrets of the World* | GOOG-PLAINTIFFS-0000450 – 0000452 |
| | | GOOG-PLAINTIFFS-0000447 – 0000449 |
| | *Candyfreak: A Journey Through the Chocolate Underbelly of America* | GOOG-PLAINTIFFS-0000454 – 0000454 |
| | *The Evil B.B. Chow and Other Stories* | GOOG-PLAINTIFFS-0000453 – 0000453 |
| | *Rock and Roll Will Save Your Life: A Book by and for the Fanatics Among Us* | GOOG-PLAINTIFFS-0000441 – 0000443 |
| | *Truth Is the Arrow, Mercy Is the Bow: A DIY Manual for the Construction of Stories* | GOOG-PLAINTIFFS-0000444 – 0000446 |
| | *Which Brings Me to You: A Novel in Confessions* | GOOG-PLAINTIFFS-0000473 – 0000474 |
| Sarah Andersen | *Adulthood is a Myth: A "Sarah's Scribbles" 2021 Wall Calendar* | GOOG-PLAINTIFFS-0000182 – 0000185 |
| | *Adulthood Is a Myth: A Sarah's Scribbles Collection* | GOOG-PLAINTIFFS-0000189 – 0000191 |
| | *Big Mushy Happy Lump: A Sarah's Scribbles Collection* | GOOG-PLAINTIFFS-0000186 – 0000188 |
| | *Herding Cats: A Sarah's Scribbles Collection* | GOOG-PLAINTIFFS-0000139 – 0000142 |
| | *Oddball: A Sarah's Scribbles Collection* | GOOG-PLAINTIFFS-0000143 – 0000145 |
| Burl Barer | *Mom Said Kill* | GOOG-PLAINTIFFS-0000253 – 0000255 |
| | *Broken Doll* | BARER-GOOG-0035578 – 0035580 |
| | *Murder in the Family* | GOOG-PLAINTIFFS-0000256 – 0000258 |
| | *Body Count* | GOOG-PLAINTIFFS-0000250 – 0000252 |
| | *Fatal Beauty* | GOOG-PLAINTIFFS-0000247 – 0000249 |
| | *Head Shot* | GOOG-PLAINTIFFS-0000262 – 0000264 |
| Jessica Fink | *Chester 5000 XYV, Book 2: Isabelle & George HC* | GOOG-PLAINTIFFS-0000009 – 0000011 |
| | | GOOG-PLAINTIFFS-0000019 – 0000022 |
| Hope Larson | *All Summer Long* | GOOG-PLAINTIFFS-0000092 – 0000095 |
| Jill Leovy | *Ghettoside: A True Story of Murder In America* | GOOG-PLAINTIFFS-0000305 – 0000308 |
| Connie McLennan | *The Rainforest Grew All Around* | GOOG-PLAINTIFFS-0000276 – 0000278 |
| Jingna Zhang | *Anouk* | GOOG-PLAINTIFFS-0000237 – 0000240 |
| | | GOOG-PLAINTIFFS-0000244 – 0000246 |
| | *Motherland Chronicles* | GOOG-PLAINTIFFS-0000230 – 0000233 |

19. As set forth in the SACC, Plaintiffs Works-In-Suit have been located in the following Shadow Libraries and third-party dataset LAION. SACC ¶ 137.

| Plaintiff | Work In Suit | Source |
|---|---|---|
| Steve Almond | *All the Secrets of the World* | Z-library OceanofPDF. SACC ¶ 21 |
| | *Candyfreak: A Journey Through the Chocolate Underbelly of America* | Z-library, PDF Drive, and OceanofPDF. SACC ¶ 22 |
| | *The Evil B.B. Chow and Other Stories* | Z-library and OceanofPDF. SACC ¶ 23 |
| | *Rock and Roll Will Save Your Life: A Book by and for the Fanatics Among Us* | Z-library, PDF Drive, and OceanofPDF. SACC ¶ 24 |
| | *Truth Is the Arrow, Mercy Is the Bow: A DIY Manual for the Construction of Stories* | Z-library and OceanofPDF. SACC ¶ 25 |
| | *Which Brings Me to You: A Novel in Confessions* | Z-library and OceanofPDF. SACC ¶ 26 |
| Sarah Andersen | *Adulthood is a Myth: A "Sarah's Scribbles" 2021 Wall Calendar* | LAION-400M Dataset. SACC ¶ 31. |
| | *Adulthood Is a Myth: A Sarah's Scribbles Collection* | |
| | *Big Mushy Happy Lump: A Sarah's Scribbles Collection* | |
| | *Herding Cats: A Sarah's Scribbles Collection* | |
| | *Oddball: A Sarah's Scribbles Collection* | |
| Burl Barer | *Mom Said Kill* | Z-Library. SACC ¶ 41. |
| | *Broken Doll* | Z-Library and PDFDrive. SACC ¶ 39. |
| | *Murder in the Family* | Z-Library and OceanofPDF. SACC ¶ 44. |
| | *Body Count* | Z-Library and PDFDrive. SACC ¶ 43. |
| | *Fatal Beauty* | Z-Library. SACC ¶ 40. |
| | *Head Shot* | Z-Library and OceanofPDF. SACC ¶ 42. |
| Jessica Fink | *Chester 5000 XYV, Book 2: Isabelle & George HC* | LAION-400M Dataset. SACC ¶ 50. |
| Hope Larson | *All Summer Long* | Scribd. SACC ¶ 71. |
| Jill Leovy | *Ghettoside: A True Story of Murder In America* | Z-library, PDF Drive, OceanofPDF, and Scribd. SACC ¶ 85. |
| Connie McLennan | *The Rainforest Grew All Around* | Z-library and Scribd. SACC ¶ 91. |
| Jingna Zhang | *Anouk* | LAION-400M Dataset. SACC ¶ 100. |
| | *Motherland Chronicles* | |

20. Based on analyses of the limited, exemplar training data produced by Google to date, Plaintiffs' experts attest in their accompanying expert reports that the following Works-In-Suit have been identified in exemplar training datasets which Google used to develop its GLaM, LaMDA, PaLM ULM (PaLM 2), Imagen, and Gemini base models and their descendants. *See* Ex. 1 to the Mullens Decl. at Part VIII.

| Plaintiff | Work in Suit Located in Training Data |
|---|---|
| ████ | ████ |

### DECLARATIONS AND EXHIBITS IN SUPPORT OF ADEQUACY OF CLASS COUNSEL

21. Since the outset of this litigation, the undersigned attorneys, our firms, and co-counsel firms have spent thousands of hours and millions of dollars investigating and prosecuting this case. This includes analyzing complex, cutting-edge issues pertaining to generative artificial intelligence; engaging with multiple testifying experts; understanding the contours of developing technologies; preparing for and deposing lay and corporate-designee witnesses; defending depositions of the Named Plaintiffs; negotiating and conferring with opposing counsel on a multitude of issues, ranging from discovery to briefing to procedure; litigating discovery matters before Magistrate Judge Susan van Keulen; drafting and preparing legal briefs; and preparing for hearings, conferences and presentations to the court.

22. **Joseph R. Saveri:** I, Joseph R. Saveri, am an attorney duly licensed to practice in the State of California. I am the founder and managing partner of JSLF, counsel of record for Plaintiffs in the above-captioned consolidated action, *In re Google Generative AI Copyright Litigation* pending in the United States District Court for the Northern District of California. I submit this Declaration in support of the proposed leadership plan consisting of JSLF serving as Interim Co-Lead Class Counsel. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to them. I make this Declaration pursuant to 28 U.S.C. § 1746.

23. I and the lawyers of JSLF broke ground with respect to litigation involving generative Artificial Intelligence ("AI") products, large language and other models, and copyright law. I initiated the first case in this area, *Doe 1 et al. v. GitHub, Inc., et al.*, No. 22-cv-06823 (N.D. Cal.) and have prosecuted numerous other cases in the field. Consequently, I and the lawyers of JSLF have been widely recognized as leaders in this area of litigation and the law.[2]

24. I am a 1987 graduate of the University of Virginia School of Law. I was admitted to the California Bar in 1987. Upon my graduation from law school, I worked as an associate attorney at the law firm then known as McCutchen, Doyle, Brown & Emerson in San Francisco, where my practice focused on complex business litigation, including antitrust and securities litigation. In 1992, I joined the law firm of Lieff, Cabraser & Heimann. During my tenure there, I handled antitrust, securities, employment, and consumer class actions. I handled many groundbreaking and precedent-setting cases and served as court-appointed lead counsel or co-lead counsel in many of them. I established the firm's Antitrust and Intellectual Property Practice Group, which received numerous awards during my tenure. I served as the Managing Partner of the firm, overseeing the firm's growth from a 20-lawyer firm in San Francisco to a 60-lawyer firm with over 100 employees and offices in San Francisco, New York, Nashville, and Boston.

25. I have practiced law for over thirty-five years, focusing on complex litigation, including class actions, antitrust, intellectual property, and emerging technology litigation. I have served as lead or co-lead counsel in dozens of multidistrict and class action cases and have been recognized nationally for my work in these areas. My experience includes significant leadership roles in cases involving novel legal

---

[2] *See, e.g.*, *The Battle Over Books3 Could Change AI Forever,* Wired Magazine (Sept. 4, 2023) https://www.wired.com/story/battle-over-books3.

issues and large, complex cases. I have handled and managed all phases of civil litigation, including class certification, discovery, summary judgment, trial, appeals, and settlement. I have tried numerous cases to verdict.

26. I am recognized as a leader in the field of generative AI litigation. I was included in Lawdragon's inaugural list of Leading AI & Tech Advisors and named by the California *Daily Journal* as one of the Top Artificial Intelligence Lawyers in California in 2024. I was also featured as a Top Intellectual Property Lawyer by the *Daily Journal* in 2024, and this year Law360 recognized me as one of its "Titans of the Plaintiffs Bar." I am rated AV Preeminent by Martindale-Hubbell and have been ranked a "Band 1" attorney by Chambers USA in its "Antitrust: Mostly Plaintiff" and "Antitrust: Plaintiff" categories for many years.

27. JSLF is a law firm with offices in San Francisco, California, and New York, New York. A description of the law firm, biographical information of JSLF's lawyers, the accolades and honors earned by JSLF, and a description of JSLF's practice and cases can be found at www.saverilawfirm.com. Attached as **Exhibit A** is a true and correct copy of a firm profile maintained by JSLF, describing the firm's activities, areas of expertise, and accolades.

28. I am leading JSLF's team on this case with JSLF partner Christopher K.L. Young. Mr. Young has specialized in complex civil and class-action litigation in both federal and state courts, and has worked on cases in various industries. Mr. Young's qualifications are exemplified by his invaluable work on the *Capacitors* trial. As a then-leading associate, Mr. Young played a vital role in coordinating the massive price-fixing litigation as JSLF litigated summary judgment, and tried the case in 2020 for two weeks (before the COVID-19 virus caused a mistrial), before the case was tried again in November and December of 2021. Mr. Young has also played a central role in each of the other generative AI cases in which JSLF is involved.

29. JSLF conducted significant and independent investigation of this case prior to filing the initial Complaint. JSLF, under my direction and in collaboration with co-counsel Matthew Butterick and Lockridge Grindal Nauen PLLP, was the first to investigate and research Google's alleged unlawful conduct involving the training of AI language models on copyrighted works. Together they filed the first

lawsuit challenging Google's practices in this area. Since the inception of this litigation, my firm and I have devoted substantial resources to investigating the allegations, including: 1) reviewing relevant studies and research papers related to the operation of Google's models and the datasets on which they were trained; 2) analyzing and developing the body of case law surrounding copyright and AI litigation; 3) monitoring regulatory investigations and guidance from the U.S. Copyright Office regarding AI; and 4) consulting with AI and intellectual property law experts. These efforts have led to the development of detailed factual and legal claims against Google. And they have advanced the litigation efficiently and effectively.

30. Although the firm is now just over twelve years old, it has handled some of the nation's most important and complex cases. These cases include those seeking to vindicate the intellectual property rights of plaintiffs whose materials have been used to train generative AI models, including the AI products at issue here. *E.g.*, *Doe 1 et al. v. GitHub, Inc. et al*, No. 22-cv-06823 (N.D. Cal.); *Andersen v. Stability AI Ltd.*, No. 23-cv-00201 (N.D. Cal.); *In re OpenAI ChatGPT Litig.*, No. 22-cv-03223 (N.D. Cal.) (consolidated in to *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-md-03143 (S.D.N.Y.). Other cases of note include:

- *In Re Mosaic LLM Litig.*, No. 3:24-cv-01451-CRB (N.D. Cal.) (involving artificial intelligence products)
- *In re Capacitors Antitrust Litig.*, No. 17-md-02801-JD (N.D. Cal.)
- *In re Restasis Antitrust Litig.*, MDL No. 02819 (NG) (LB) (E.D.N.Y)
- *In re High-Tech Emp. Antitrust Litig.*, No. 5:11-cv-02509 (N.D. Cal.)
- *In re Cipro Cases I and II*, JCCP Nos. 4154 and 4220 (San Diego County Sup. Ct.)
- *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 1:21-cv-00305 (E.D. Ill.)
- *In Re: Visa Debit Card Antitrust Litig.*, No. 1:24-cv-07435-JGK (S.D.N.Y.)
- *Jones v. Varsity Brands, LLC*, No. 2:20-cv-02892-SHL (W.D. Tenn.)
- *Le v. Zuffa, LLC D/B/A/ Ultimate Fighting Championship*, No. 2:15-cv-01045-RFB (D. Nev.)

Through these and other cases, my firm and I have obtained over $5 billion in recoveries for our clients.

31. **Lesley E. Weaver**: I, Lesley E. Weaver, am counsel of record for Plaintiffs in the above-captioned consolidated action, *In re Google Generative AI Copyright Litigation* pending in the United States District Court for the Northern District of California. I submit this Declaration in support of the proposed leadership plan for Interim Co-Lead Class Counsel. I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could and would testify competently to them. I make this Declaration pursuant to 28 U.S.C. § 1746.

32. I have practiced law almost as long as Mr. Saveri, graduating from the University of Virginia in 1997, a mere decade after him. While I began litigating securities class actions at the firm now known as Robbins Geller, I expanded my practice to antitrust and consumer matters as well. In general, I have focused on cases of significant public import. In 2024, I was recognized by Chambers USA – Antitrust: Mainly Plaintiff (Band 1); Lawdragon – 500 Leading Litigators in America; Leading Plaintiff Consumer Lawyers; 500 Leading Plaintiff Financial Lawyers; Thomson Reuters – Super Lawyer; National Trial Lawyers – Top 100 Civil Plaintiff Trial Lawyers; and have been honored as a SuperLawyer and other such awards for over a decade. In 2023, I was honored as one of ten Elite Women of the Plaintiffs' Bar in 2023, and in 2018, I was chosen as a California Lawyer of the Year. I am dedicated to improving meritocratic promotion, recognition, and participation in the profession. A longtime advocate for expanding opportunities for all lawyers, I am one of the original drafters of the Duke MDL Diversity Guidelines. I also recently participated, by invitation, in Duke Law's 2024 MDL training module program for judicial officers and counsel.[3]

33. I lead my firm's consumer and antitrust practice and am the partner-in-charge of our California office. Our close-knit team in California has led exceedingly difficult cases to successful outcomes in the last nine years. As one of two Co-Lead counsel appointed by Judge Vince Chhabria in the Northern District of California to lead the high-profile MDL against Facebook arising out of the Cambridge Analytica scandal, I and my team steered the case to a $725 million settlement, the largest amount paid in any private privacy class action to date, and yielded at least two landmark decisions of national importance

---

[3] *Duke Law School's Mass-Tort MDL Certificate Course,* DUKE LAW, BOLCH JUDICIAL INSTITUTE, https://judicialstudies.duke.edu/programs/mass-tort-mdl-certificate/.

Master File Case No. 5:23-cv-3440-EKL-SVK                    -10-
DECLARATION OF JOSEPH R. SAVERI AND LESLEY E. WEAVER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

after five years of tenacious litigation.[4] This was a result of the group effort of committed BFA lawyers who prevailed in a grueling, scorched earth case. The full resume of my firm, team, and myself are attached as **Exhibit B**.

34. This litigation led to other significant matters that have enhanced our team's facility with complex, technical issues. For example, I serve on the executive committee for plaintiffs *In re Google RTB Consumer Privacy Litig* which challenged whether Google's promise that it would not sell or share users' data was true. That matter was litigated aggressively by Google for nearly four years. On September 2, 2025, we announced injunctive relief that no regulator worldwide had yet achieved: Google developed a control as a result of our litigation that will allow users to opt out of having their personal information shared in Google's real time bidding auction.

35. My team and I also serve as Co-Lead Counsel in *In re Wells Fargo & Co. Consolidated Derivative Shareholder Litig.*, an action against the Wells Fargo Board for breach of their fiduciary duties for their failure to prevent discrimination in lending and hiring by the bank against non-white employees and applicant lenders. On September 20, 2024, in a decision noted by legal scholars including Allison Frankel, Judge Thompson upheld plaintiffs' notoriously difficult *Caremark* claims. That is, Judge Thompson found that Wells Fargo's board must respond to plaintiffs' claims that the board should be liable for failing to execute their fiduciary duties to prevent the Company from discriminating in lending and hiring. Yesterday, on October 13, 2025, we announced the settlement of the litigation, resulting in a $100 million fund to assist mortgage applicants who were the subject of our lawsuit with downpayment and closing costs. This is a significant result for that yields real results for real people.

36. I have also served on executive committees of other significant matters, including *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.*, which recovered more than $17 billion for consumers and the environment; *In re Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litig.*, which resulted in a settlement of $307.5 million; and *In re ZF-TRW Airbag Control Units Products Liability Litig.* In 2015, I tried one of the first data

---

[4] *See In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 655 F. Supp. 3d 899 (N.D. Cal. 2023); *In re Facebook, Inc., Consumer Priv. User Profile Litig.*, 402 F. Supp. 3d 767 (N.D. Cal. 2019).

privacy cases in the country, delivering open and closing statements and earning a jury verdict of 100% of economic damages and 15 times punitives.

37. I am leading BFA's team on this case with BFA Partner Anne K. Davis and Of Counsel Gregory S. Mullens. Ms. Davis has extensive experience in complex civil and class-action litigation in both federal and state courts, representing both plaintiffs and defendants. Ms. Davis was a key member of the teams that litigated *In re: Facebook, Inc. Consumer Privacy User Profile Litigation* and *In re Google RTB Consumer Privacy Litigation*, which resulted in the availability to users of a never-before-available control over the data disclosed by Google in its advertising auction. Mr. Mullens has over a decade of experience litigating complex matters in the public and private sectors, in state and federal court. He is an accomplished trial attorney with over forty trials under his belt, including acting as first-chair on ten jury trials to verdict.

38. JSLF and BFA possess the ability to independently finance this litigation through trial. JSLF and BFA are fully committed to dedicating the resources necessary to prosecute this action on behalf of the class. Both firms are ably staffed with attorneys, investigators, paralegals, and professional staff, including in-house e-discovery and trial technology professionals. We routinely advance the costs of litigation and are not using litigation funds for this case. We have spent significant time and out-of-pocket costs advancing this litigation and will continue to do so as needed.

39. JSLF and BFA both have a reputation for dealing cooperatively with co-counsel, defense counsel, and courts, which will minimize conflict and avoid unnecessary cost and expense. JSLF and BFA have worked closely and cooperatively thus far in this litigation, and will continue to do so. In order to most efficiently progress the litigation, it is important to establish mutual respect and cooperation between plaintiffs' counsel and counsel for the defendants.

40. The full resume of LGN is attached as **Exhibit C**.

41. The full resume of CLF is attached as **Exhibit D**.

42. Based on the experience of JSLF and BFA, the work performed to date, and the resources and commitment of both firms, we submit that the proposed leadership structure comprised of JSLF and BFA as co-lead class counsel with LGN and CLF as class counsel will best serve the interests of the class and efficiently advance this important litigation.

*****

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge.

Executed this 14th day of October, 2025, at San Francisco, California.

**JOSEPH SAVERI LAW FIRM, LLP**

*/s/ Joseph R. Saveri*
Joseph R. Saveri

Executed this 14th day of October, 2025, at Oakland, California.

**BLEICHMAR FONTI & AULD LLP**

*/s/ Lesley E. Weaver*
Lesley E. Weaver

### ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of October, 2025, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver