DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

PAUL J. SAMPSON, admitted *pro hac vice*
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street
Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510

*Counsel for Defendant*
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S ANSWER TO PLAINTIFFS' SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Judge: Hon. Eumi K. Lee<br>Magistrate Judge: Susan van Keulen<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Google LLC ("Google") hereby answers Plaintiffs' Second Amended Consolidated Class Action Complaint (ECF No. 234) ("SAC").

To the extent the paragraphs of the SAC are grouped under headings and subheadings, Google responds generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions and pejorative inferences to which no response is required. To the extent a response is necessary, Google denies each and every heading and subheading in the SAC and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Further, Google objects that, rather than a short and plain statement of Plaintiffs' allegations and claims required by Fed. R. Civ. P. 8, the SAC is an overlong narrative with lengthy Paragraph after lengthy Paragraph of advocacy. The complex rhetoric and built-in assumptions in the SAC make straightforward responses often impossible.

Except as expressly admitted herein, Google denies any and all allegations as set forth in the SAC. Google expressly reserves the right to amend and/or supplement its Answer as may be necessary. Google further answers the numbered Paragraphs in the Complaint as follows:

## I.     INTRODUCTION

1.     Google admits that Gemini is a multimodal model family that includes Gemini 1.0, Gemini 1.0 Pro, Gemini 1.0 Ultra, Gemini 1.0 Nano, Gemini 1.5 Pro, Gemini 1.5 Flash, Gemini 1.5 Flash-8B, and Gemini 2.0. Google further admits that it has developed several text-to-image diffusion models that have been publicly described with the name "Imagen." Google denies the remaining allegations in Paragraph 1.

2.     Google admits that the LaMDA models referenced in *LaMDA: Language Models for Dialog Applications* were "pre-trained on a dataset of 1.56T words." Google denies the remaining allegations in Paragraph 2.

3.     Google admits that, as of December 20, 2024, the following identified products utilize at least one version of a Gemini model: Search, Cloud, Gmail, Docs, Workspace, Ads, Slides, Chrome, YouTube, Photos, Sheets, Meet, Pixel, Maps, AI Studio, Vids, and Vertex AI. Google denies the remaining allegations in Paragraph 3.

4.      Google denies the allegations in Paragraph 4.

5.      Google admits that the language quoted in Paragraph 5 appears in a March 31, 2023 statement of FTC Commissioner Alvaro M. Bedoya. Google denies the remaining allegations in Paragraph 5.

6.      Google admits that Google has, since the statement described in Paragraph 5, copied materials to build and train its AI products, including Imagen and Gemini. Google denies the remaining allegations in Paragraph 6.

7.      Google denies the allegations in Paragraph 7.

8.      Google admits that Google collects subscription fees for certain generative AI models. Google further admits that certain Google products and services incorporate functionality utilizing certain generative AI models. Google denies the remaining allegations in Paragraph 8.

9.      Google admits that in July 2024, Sundar Pichai, CEO Alphabet and Google, said, "Year to date, our AI Infrastructure and Generative AI Solutions for Cloud customers have already generated billions in revenues, and are being used by more than 2 million developers." Google denies the remaining allegations in Paragraph 9.

10.     Google admits that during an October 29, 2024 earnings call, Pichai stated that "[o]ur commitment to innovation, as well as our long term focus and investment in AI, are paying off and driving success for the company and for our customers." Google denies the remaining allegations in Paragraph 10.

11.     Paragraph 11 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations of Paragraph 11.

12.     Paragraph 12 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations of Paragraph 12.

13.     Paragraph 13 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations of Paragraph 13.

14.     Paragraph 14 is a legal conclusion to which no response is required. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief.

1    **II.    JURISDICTION AND VENUE**

2        15.    Google admits that the Complaint asserts a claim under the Copyright Act, which

3    gives rise to subject-matter jurisdiction under 28 U.S.C. § 1331. Google does not contest

4    personal jurisdiction or venue in this District. Google denies the remaining allegations in

5    Paragraph 15.

6        16.    Google does not contest assignment to the San Jose division.

7    **III.    PARTIES**

8        17.    Google lacks knowledge or information sufficient to form a belief about the truth

9    of the allegations in Paragraph 17.

10        18.    Google denies that it took, used, copied, and/or reproduced Plaintiff Almond's

11    purported works set forth in Exhibit A without license or authorization. Google lacks knowledge

12    or information sufficient to form a belief about the truth of the remaining allegations in

13    Paragraph 18.

14        19.    Google lacks knowledge or information sufficient to form a belief about the truth

15    of the allegations in Paragraph 19.

16        20.    Google denies the allegations in Paragraph 20.

17        21.    Google lacks knowledge or information sufficient to form a belief about the truth

18    of the allegations in Paragraph 21.

19        22.    Google lacks knowledge or information sufficient to form a belief about the truth

20    of the allegations in Paragraph 22.

21        23.    Google lacks knowledge or information sufficient to form a belief about the truth

22    of the allegations in Paragraph 23.

23        24.    Google lacks knowledge or information sufficient to form a belief about the truth

24    of the allegations in Paragraph 24.

25        25.    Google lacks knowledge or information sufficient to form a belief about the truth

26    of the allegations in Paragraph 25.

27        26.    Google lacks knowledge or information sufficient to form a belief about the truth

28    of the allegations in Paragraph 26.

1    27.    Google denies the allegations in Paragraph 27.

2    28.    Google denies the allegations in Paragraph 28.

3    29.    Google denies the allegations in Paragraph 29.

4    30.    Google denies that Plaintiff Sarah Andersen is domiciled in Oregon. Google lacks

5    knowledge or information sufficient to form a belief about the truth of the remaining allegations

6    in Paragraph 30.

7    31.    Google denies that Plaintiff Andersen has valid registrations for each of her

8    purported works set forth in Exhibit A. Google denies that it took, used, copied, and/or

9    reproduced Andersen's purported works set forth in Exhibit A without license or authorization.

10    Google lacks knowledge or information sufficient to form a belief about the truth of the

11    remaining allegations in Paragraph 31.

12    32.    Google denies the allegations in Paragraph 32.

13    33.    Google denies the allegations in Paragraph 33.

14    34.    Google denies the allegations in Paragraph 34.

15    35.    Google lacks knowledge or information sufficient to form a belief about the truth

16    of the allegations in Paragraph 35.

17    36.    Google denies that it took, used, copied, and/or reproduced Plaintiff Barer's

18    purported works set forth in Exhibit A without license or authorization. Google lacks knowledge

19    or information sufficient to form a belief about the truth of the remaining allegations in

20    Paragraph 36.

21    37.    Google lacks knowledge or information sufficient to form a belief about the truth

22    of the allegations in Paragraph 37.

23    38.    Google denies the allegations in Paragraph 38.

24    39.    Google lacks knowledge or information sufficient to form a belief about the truth

25    of the allegations in Paragraph 39.

26    40.    Google lacks knowledge or information sufficient to form a belief about the truth

27    of the allegations in Paragraph 40.

28

1    41.    Google lacks knowledge or information sufficient to form a belief about the truth
2    of the allegations in Paragraph 41.

3    42.    Google lacks knowledge or information sufficient to form a belief about the truth
4    of the allegations in Paragraph 42.

5    43.    Google lacks knowledge or information sufficient to form a belief about the truth
6    of the allegations in Paragraph 43.

7    44.    Google lacks knowledge or information sufficient to form a belief about the truth
8    of the allegations in Paragraph 44.

9    45.    Google denies the allegations in Paragraph 45.

10    46.    Google denies the allegations in Paragraph 46.

11    47.    Google denies the allegations in Paragraph 47.

12    48.    Google lacks knowledge or information sufficient to form a belief about the truth
13    of the allegations in Paragraph 48.

14    49.    Google denies that it took, used, copied, and/or reproduced Plaintiff Fink's
15    purported work set forth in Exhibit A without license or authorization. Google lacks knowledge
16    or information sufficient to form a belief about the truth of the remaining allegations in
17    Paragraph 49.

18    50.    Google lacks knowledge or information sufficient to form a belief about the truth
19    of the allegations in Paragraph 50.

20    51.    Google denies the allegations in Paragraph 51.

21    52.    Google denies the allegations in Paragraph 52.

22    53.    Google denies the allegations in Paragraph 53.

23    54.    Google lacks knowledge or information sufficient to form a belief about the truth
24    of the allegations in Paragraph 54.

25    55.    Google denies that it took, used, copied, and/or reproduced Plaintiff Hubbard's
26    purported works set forth in Exhibit A without license or authorization. Google lacks knowledge
27    or information sufficient to form a belief about the truth of the remaining allegations in
28    Paragraph 55.

56.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.    Google denies the allegations in Paragraph 57.

58.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64.    Google denies the allegations in Paragraph 64.

65.    Google denies the allegations in Paragraph 65.

66.    Google denies the allegations in Paragraph 66.

67.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68.    Google denies that Plaintiff Larson is the legal or beneficial owner of her purported work set forth in Exhibit A. Google denies that Google took, used, copied, and/or reproduced Larson 's purported work set forth in Exhibit A without license or authorization. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68.

69.    Google admits that, as of the date of the filing of this answer, a document titled "All Summer Long" appears at https://www.scribd.com/document/753880651/OceanofPDF-com-All-Summer-Long-the-Eagle-Rock-Trilogy-Hope-Larson. Google otherwise lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     Google denies the allegations in Paragraph 70.

71.     Google admits that, as of the date of the filing of this answer, a document titled "All Summer Long" appears at https://www.scribd.com/document/753880651/OceanofPDF-com-All-Summer-Long-the-Eagle-Rock-Trilogy-Hope-Larson. Google otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.     Google denies the allegations in Paragraph 72.

73.     Google denies the allegations in Paragraph 73.

74.     Google denies the allegations in Paragraph 74.

75.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.     Google denies that it took, used, copied, and/or reproduced Plaintiff Lemos's purported works set forth in Exhibit A without license or authorization. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 76.

77.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77.

78.     Google denies the allegations in Paragraph 78.

79.     Google denies the allegations in Paragraph 79.

80.     Google denies the allegations in Paragraph 80.

81.     Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 81.

82.     Google denies that it took, used, copied, and/or reproduced Plaintiff Leovy's purported work set forth in Exhibit A without license or authorization. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 82.

83.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83.

84.    Google denies the allegations in Paragraph 84.

85.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.    Google denies the allegations in Paragraph 86.

87.    Google denies the allegations in Paragraph 87.

88.    Google denies the allegations in Paragraph 88.

89.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.    Google denies that it took, used, copied, and/or reproduced Plaintiff McLennan's purported work set forth in Exhibit A without license or authorization. Google lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90.

91.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.    Google denies the allegations in Paragraph 92.

93.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95.    Google denies the allegations in Paragraph 95.

96.    Google denies the allegations in Paragraph 96.

97.    Google denies the allegations in Paragraph 97.

98.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 98.

99.    Google denies that it took, used, copied, and/or reproduced Plaintiff Zhang's purported works set forth in Exhibit A without license or authorization. Google lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 99.

100.    Google lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101.    Google denies the allegations in Paragraph 101.

102.    Google denies the allegations in Paragraph 102.

103.    Google denies the allegations in Paragraph 103.

104.    Google admits that Google LLC's principal place of business is 1600 Amphitheatre Parkway, Mountain View, CA 94043. Google further admits that Google LLC is a subsidiary of Alphabet Inc. Google further admits that Google LLC develops and deploys generative AI models and products powered by generative AI models. Google further admits that Google developed generative AI models or products, including Bard, Gemini, Imagen, PaLM, GLaM, and LaMDA. Google further admits that Google offers products and services, including Google Search, Google Cloud, Gmail, Google Docs, Google Ads, Google Slides, Chrome, YouTube, Google Photos, Google Sheets, Google Meet, Google Pixel, Google Maps, Google AI Studio, Google Vids, Google Workspace, and Vertex AI. Google denies the remaining allegations in Paragraph 104.

105.    Google denies the allegations in Paragraph 105.

106.    Google admits that Sundar Pichai serves as CEO of both Alphabet Inc. and Google LLC. Google admits that Alphabet Inc.'s 2023 10-K states that "We are expanding our investment in AI across the entire company. This includes generative AI and continuing to integrate AI capabilities into our products and services." Google further admits that Alphabet Inc.'s 2023 10-K states that "Reflecting DeepMind's increasing collaboration with Google Services, Google Cloud, and Other Bets, beginning in the first quarter of 2023 DeepMind is reported as part of Alphabet-level activities instead of within Other Bets." Google denies the remaining allegations in Paragraph 106.

107.    Google admits that, in the April 2024 document titled, "Alphabet Announces First Quarter 2024 Results," Sundar Pichai stated that "we are well underway with our Gemini era and

there's great momentum across the company. Our leadership in AI research and infrastructure, and our global product footprint, position us well for the next wave of AI innovation." Google denies the remaining allegations in Paragraph 107.

108.    Google denies the allegations in Paragraph 108.

109.    Google admits that Alphabet Inc. and Google LLC share certain executives. Google denies the remaining allegations in Paragraph 109.

110.    Google denies the allegations in Paragraph 110.

111.    Google denies the allegations in Paragraph 111.

**IV.    FACTUAL ALLEGATIONS**

112.    Google denies the allegations in Paragraph 112.

113.    Google admits that, as of December 20, 2024, several Google products and services utilized generative AI models, including Search, Cloud, Gmail, Docs, Workspace, Ads, Slides, Chrome, YouTube, Photos, Sheets, Meet, Pixel, Maps, AI Studio, Vids, and Vertex AI. Google denies the remaining allegations in Paragraph 113.

114.    Google admits that the "Generative AI Models" identified in the complaint include large language models ("LLMs"), text-to-image diffusion models ("T2I models"), and multimodal large language models ("MLLMs"). Google denies the remaining allegations in paragraph 114.

115.    Google admits that LLMs accept user text prompts as input text and generative responsive text as output. Google further admits that the size and quality of the datasets used for training an LLM affects the LLM's performance in responding to user prompts. Google denies the remaining allegations in paragraph 115.

116.    Google denies the allegations in Paragraph 116.

117.    Google admits that text-to-image diffusion models use text prompts to create image outputs through machine-learning techniques and processes involving diffusion. Google denies the remaining allegations in paragraph 117.

118.    Google admits that multimodal large language models may be able to accept input and generate output in multiple formats. Google further admits that some MLLMs may be

1   trained on datasets that include a variety of text, image, audio, and video data. Google denies the

2   remaining allegations in paragraph 118.

3       119.    Google admits that it obtains revenue from subscription fees for access to certain

4   Generative AI Models. Google denies the remaining allegations in Paragraph 119.

5       120.    Google admits that Bard was launched in March 2023. The cited source, *10

6   helpful ways to use Bard* (Aug. 10, 2023), https://blog.google/products/gemini/how-to-use-

7   google-bard/, speaks for itself. Google denies the remaining allegations in paragraph 120.

8       121.    Google admits that Google developed one or more versions of Bard using a

9   version of LaMDA. Google denies the remaining allegations in Paragraph 121.

10      122.    Google admits that Google created the Infiniset dataset as described in the paper

11  *LaMDA: Language Models for Dialog Applications*, available at

12  https://arxiv.org/abs/2201.08239. Google further admits that, according to that paper, the

13  composition of the data in the Infiniset dataset described in that paper is "50% dialogs data from

14  public forums; 12.5% C4 data; 12.5% code documents from sites related to programming like

15  Q&A sites, tutorials, etc; 12.5% Wikipedia (English); 6.25% English web documents; and 6.25%

16  Non-English web documents." Google admits that the version of LaMDA described in that paper

17  was trained on the Infiniset dataset described in that paper. Google further admits that it created

18  the "Colossal Clean Crawled Corpus," otherwise known as the C4 dataset, as described in the

19  paper *Exploring the Limits of Transfer Learning with a Unified Text-to-Text Transformer*,

20  available at https://arxiv.org/abs/1910.10683. Google denies the remaining allegations in

21  Paragraph 122.

22      123.    Google lacks knowledge or information sufficient to form a belief about the truth

23  of the allegations in Paragraph 123.

24      124.    Google admits that the copyright symbol appears within C4. Google denies the

25  remaining allegations in Paragraph 124.

26      125.    Google lacks knowledge or information sufficient to form a belief about the truth

27  of the allegations in Paragraph 125.

28

1    126.    Google lacks knowledge or information sufficient to form a belief about the truth
2  of the allegations in Paragraph 126.

3    127.    Google admits that a subset of data contained in Infiniset was among the data
4  available to be used for training one or more models that were used at one point with Bard.
5  Google denies the remaining allegations in Paragraph 127.

6    128.    Google denies the allegations in Paragraph 128.

7    129.    Google admits that Google used datasets containing copyrighted works to train
8  Gemini. Google denies the remaining allegations in Paragraph 129.

9    130.    Google denies the allegations in Paragraph 130.

10    131.    Google admits that Google used a portion of the images referenced in the
11  LAION-400M dataset to train the Imagen research model described in "Photorealistic Text-to-
12  Image Diffusion Models with Deep Language Understanding," which was published in May
13  2022. Construing Imagen 2 to refer to the model Google announced in December 2023, and
14  Imagen 3 to refer to the model Google released in May 2024, Google denies the remaining
15  allegations in Paragraph 131.

16    132.    Google admits that, in November 2022, Google made a version of a model called
17  Imagen available to users through Google's AI Test Kitchen. Google denies that this model was
18  the same model described in the paper published in May 2022. Google further admits that the
19  Verge article entitled, "Google's AI-powered search experience can now generate images," and
20  cited in Paragraph 133 reported that Google "announced it will be adding Imagen—in a very
21  limited form—to its AI Test Kitchen app as a way to collect early feedback on the technology."
22  Google denies the remaining allegations in Paragraph 132.

23    133.    Google admits that, in May 2023, Google made a version of a model called
24  Imagen available through Vertex AI. Google denies that this model was the same model
25  described in the paper published in May 2022. Google further admits that a May 10, 2023 blog
26  post entitled, *Google Cloud advances generative AI at I/O: new foundation models, embeddings,*
27  *and tuning tools in Vertex AI*, https://cloud.google.com/blog/products/ai-machine-
28  learning/google-cloud-launches-new-ai-models-opens-generative-ai-studio, stated that "Imagen,

our text-to-image foundation model, lets organizations generate and customize studio-grade images at scale for any business need." Google denies the remaining allegations in Paragraph 133.

134.    Google admits that, in October 2023, Google made a version of a model called Imagen available through the Search Generative Experience. Google denies that this model was the same model described in the paper published in May 2022. Google further admits that the cited article, "Google's AI-powered search experience can now generate images," https://www.theverge.com/2023/10/12/23913337/google-ai-powered-search-sge-images-written-drafts, stated that "If you're opted in to SGE through Google's Search Labs program, you can just type your query into the Google search bar. After you do, SGE can create a few images based on your prompt that you can pick from. The tool is powered by the Imagen family of AI models, Google spokesperson Craig Ewer tells The Verge." Google denies the remaining allegations in Paragraph 134.

135.    Google admits that Google announced Imagen 2 in December 2023, at https://deepmind.google/technologies/imagen-2/. Google further admits that Google's announcement stated that "From the outset, we invested in training data safety for Imagen 2, and added technical guardrails to limit problematic outputs like violent, offensive, or sexually explicit content." Google denies the remaining allegations in Paragraph 135.

136.    Google denies the allegations in Paragraph 136.

137.    Google admits that LAION is an acronym for "Large-scale Artificial Intelligence Open Network." Google lacks information sufficient to form a belief about the truth of the remaining allegations in Paragraph 137.

138.    Google lacks information sufficient to form a belief about the truth of the allegations in Paragraph 138.

139.    Google lacks information sufficient to form a belief about the truth of the allegations in Paragraph 139.

140.    Google admits that copies of the actual images referenced in the LAION-400M dataset records are not included with the dataset and that use of the referenced images for

1    training a model would require obtaining copies of the images. Google lacks information

2    sufficient to form a belief about the truth of the remaining allegations in Paragraph 140.

3         141.    Google denies the allegations in Paragraph 141.

4         142.    Google lacks information sufficient to form a belief about the truth of the

5    allegations that Plaintiffs Jingna Zhang, Sarah Andersen, Jessica Fink, Mike Lemos, and Connie

6    McLennan, own one or more copyrighted works found within LAION-400M. Google denies the

7    remaining allegations in Paragraph 142.

8         143.    Google admits that Google hired Romain Beaumont. Google denies that it hired

9    Beaumont to influence the creation of future LAION image datasets. Google lacks information

10    sufficient to form a belief about the truth of the remaining allegations in Paragraph 143.

11         144.    Google admits that in Google's December 2023 announcement of Imagen 2,

12    Google stated that "We trained a specialized image aesthetics model based on human preferences

13    for qualities like good lighting, framing, exposure, sharpness, and more. Each image was given

14    an aesthetics score which helped condition Imagen 2 to give more weight to images in its

15    training dataset that align with qualities humans prefer." Google lacks information sufficient to

16    form a belief about the truth of the remaining allegations in Paragraph 144.

17         145.    Google lacks information sufficient to form a belief about the truth of the

18    allegations in Paragraph 145.

19         146.    Google lacks information sufficient to form a belief about the truth of the

20    allegations in Paragraph 146.

21         147.    Google denies the allegations in Paragraph 147.

22         148.    Google admits that Google released Imagen 3 in August 2024. Google denies the

23    remaining allegations in Paragraph 148.

24         149.    Google denies the allegations in Paragraph 149.

25         150.    Google denies the allegations in Paragraph 150.

26         151.    Google admits that LAION-400M and C4 contain copyrighted works. Google

27    denies the remaining allegations in Paragraph 151.

28

152.    Google admits that on October 12, 2023, Google announced in a post titled "Shared fate: Protecting customers with generative AI indemnification," https://cloud.google.com/blog/products/ai-machine-learning/protecting-customers-with-generative-ai-indemnification, that it would provide certain indemnities related to certain generative AI tools and stated that "[i]f you are challenged on copyright grounds, we will assume responsibility for the potential legal risks involved." Google denies the remaining allegations in Paragraph 152.

153.    Google admits that public statements by Google acknowledge the importance of respecting copyright. Google denies the remaining allegations in Paragraph 153.

154.    Google admits that, as of the date of this Answer, multiple Google products and services utilize in part at least one version of a Gemini model, including Google Cloud, YouTube, and Google Ads. Google denies the remaining allegations in Paragraph 154.

155.    Google denies the allegations in Paragraph 155.

156.    Google denies the allegations in Paragraph 156.

157.    Google denies the allegations in paragraph 157.

158.    Google denies the allegations in Paragraph 158.

159.    Google denies the allegations in Paragraph 159.

160.    Google denies the allegations in Paragraph 160.

161.    Google denies the allegations in Paragraph 161.

162.    Paragraph 162 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in this paragraph and denies that there is any basis for class certification.

## V.    CLASS ALLEGATIONS

163.    Paragraph 163 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in this paragraph and denies that there is any basis for class certification.

1    164.    Paragraph 164 is a legal conclusion to which no response is required. To the

2    extent a response is required, Google denies the allegations in this paragraph and denies that

3    there is any basis for class certification.

4    165.    Paragraph 165 is a legal conclusion to which no response is required. To the

5    extent a response is required, Google denies the allegations in this paragraph and denies that

6    there is any basis for class certification.

7    166.    Paragraph 166 is a legal conclusion to which no response is required. To the

8    extent a response is required, Google denies the allegations in this paragraph and denies that

9    there is any basis for class certification.

10   167.    Paragraph 167 is a legal conclusion to which no response is required. To the

11   extent a response is required, Google denies the allegations in this paragraph and denies that

12   there is any basis for class certification.

13   168.    Paragraph 168 is a legal conclusion to which no response is required. To the

14   extent a response is required, Google denies the allegations in this paragraph and denies that

15   there is any basis for class certification.

16   169.    Paragraph 169 is a legal conclusion to which no response is required. To the

17   extent a response is required, Google denies the allegations in this paragraph and denies that

18   there is any basis for class certification.

19   170.    Paragraph 170 is a legal conclusion to which no response is required. To the

20   extent a response is required, Google denies the allegations in this paragraph and denies that

21   there is any basis for class certification.

22   **VI.    CAUSES OF ACTION**

23   **COUNT 1**

24   **Direct Copyright Infringement (17. U.S.C. § 501) Against Google LLC**

25   171.    Google reiterates its responses to the preceding paragraphs of this Answer as if

26   fully set forth herein.

27   172.    Google denies the allegations in Paragraph 172.

28

173.    Paragraph 173 is a legal conclusion to which no response is required. To the extent a response is required, Google denies the allegations in Paragraph 173.

174.    Google denies the allegations in Paragraph 174.

175.    Google denies the allegations in Paragraph 175.

176.    Google denies the allegations in Paragraph 176.

177.    Google denies the allegations in Paragraph 177.

178.    Google denies the allegations in Paragraph 178.

179.    Google denies the allegations in Paragraph 179.

180.    Google denies the allegations in Paragraph 180.

181.    Google denies the allegations in Paragraph 181.

## VII.    PRAYER FOR RELIEF

182.    Paragraph 182 is a prayer to which no response is required. To the extent a response is required, Google denies that Plaintiffs are entitled to any relief and requests such relief in favor of Google as the Court may deem appropriate.

## VIII.   JURY TRIAL DEMANDED

This paragraph is a demand as to which no response is required. To the extent a response is required, Google denies that all issues raised by Plaintiffs are triable to a jury.

## AFFIRMATIVE AND OTHER DEFENSES

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Google asserts the following affirmative and other defenses, and does so on information and belief as to the actions of others. By including a defense in this section, Google does not concede that it is an affirmative defense that must be pleaded, or that Google bears the burden of proof or persuasion on any of these defenses. Google reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable.

### FIRST DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim for copyright infringement because it lacks

1  legally sufficient allegations establishing copyright infringement, including but not limited to

2  allegations that Google engaged in volitional conduct in regard to Plaintiffs' works.

3  **SECOND DEFENSE**

4  **(License)**

5  Plaintiffs' claims are barred in whole or in part by express or implied licenses, consents,

6  or permissions that Plaintiffs or other authorized persons have granted to Google, and/or to other

7  parties who in turn have granted such licenses, consents, or permissions to Google.

8  **THIRD DEFENSE**

9  **(Fair Use)**

10  Plaintiffs' claims are barred, in whole or in part, because the acts alleged in the

11  Complaint are not an infringement of copyright, including because the alleged acts are fair use.

12  **FOURTH DEFENSE**

13  **(Registration)**

14  Plaintiffs' claims are barred, in whole or in part, because the copyright registrations

15  purporting to cover some or all of the works in dispute are invalid and/or do not cover the

16  material alleged to have been infringed.

17  **FIFTH DEFENSE**

18  **(Copyright Misuse)**

19  Plaintiffs' claims are barred, in whole or in part, by the doctrine of copyright misuse.

20  **SIXTH DEFENSE**

21  **(Unclean Hands)**

22  Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

23  **SEVENTH DEFENSE**

24  **(Estoppel)**

25  Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

26  **NINTH DEFENSE**

27  **(Failure to Mitigate)**

28  Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to mitigate

1  their damages, if any.

2  **TENTH DEFENSE**

3  **(Statute of Limitations)**

4      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations,

5  which requires Plaintiffs to have brought their claims within three years of accrual. *See* 17 U.S.C.

6  § 507(b).

7  **ELEVENTH DEFENSE**

8  **(Contractual Limitations)**

9      Plaintiffs' claims are barred, in whole or in part, by contractual limitations periods, which

10  require Plaintiffs to have brought their claims within one year of accrual.

11  **TWELFTH DEFENSE**

12  **(De Minimis Use)**

13      Plaintiffs' claims are barred, in whole or in part, because the acts alleged in the

14  Complaint are not infringing to the extent they constitute de minimis use of the underlying

15  copyrighted material.

16  **THIRTEENTH DEFENSE**

17  **(Copyright Validity)**

18      Plaintiffs' claims are barred, in whole or in part, because of the invalidity of their

19  copyrights, including due to the doctrine of merger, the doctrine of scènes à faire, or the

20  idea/expression dichotomy.

21  **FOURTEENTH DEFENSE**

22  **(Digital Millennium Copyright Act)**

23      Plaintiffs' claims are barred, in whole or in part, because Google is protected by one or

24  more of the Digital Millennium Copyright Act's safe harbors as set out in 17 U.S.C. § 512 *et seq*.

25  **FIFTEENTH DEFENSE**

26  **(Collateral Estoppel)**

27      Plaintiffs' claims are barred, in whole or in part, by the doctrine of collateral estoppel,

28  which bars Plaintiffs from relitigating an issue of fact or law decided against them in other cases,

1  including but not limited to other lawsuits where plaintiffs assert their works were infringed in

2  the process of developing other generative artificial intelligence models and services.

3  

**SIXTEENTH DEFENSE**

4  **(Lack of Copyright Notice)**

5      Plaintiffs' claims are barred, in whole or in part, because their works were distributed

6  without an effective copyright notice.

7  

**SEVENTEENTH DEFENSE**

8  **(Lack of Standing)**

9      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to

10  pursue them.

11  

**EIGHTEENTH DEFENSE**

12  **(Putative Class Members)**

13      Google alleges that this lawsuit cannot proceed as a class action. Should the Court

14  determine otherwise, Google may have numerous defenses and counterclaims against individual

15  members of any alleged class, and accordingly Google reserves its right to assert those defenses

16  and counterclaims in a timely fashion.

17  

**PRAYER FOR RELIEF**

18      WHEREFORE, Google respectfully requests the following relief:

19      1.    A judgment in favor of Google denying Plaintiffs all relief requested in their

20  Complaint in this action and dismissing Plaintiffs' Complaint with prejudice;

21      2.    That Google be awarded its costs of suit, including reasonable attorney's fees; and

22      3.    That the Court award Google such other and further relief as the Court deems just

23  and proper.

24  

**DEMAND FOR JURY TRIAL**

25      Google demands a trial by jury on all issues so triable.

26

27

28

1    Dated:  October 16, 2025                WILSON SONSINI GOODRICH & ROSATI
                                              Professional Corporation
2

3

4                                            By:  _____ */s/ Eric P. Tuttle* _____
                                                 David H. Kramer, SBN 168452
5                                                Email: dkramer@wsgr.com
                                                 Maura L. Rees, SBN 191698
6                                                Email: mrees@wsgr.com
                                                 **WILSON SONSINI GOODRICH & ROSATI**
7                                                **Professional Corporation**
                                                 650 Page Mill Road
8                                                Palo Alto, CA 94304-1050
                                                 Telephone:  (650) 493-9300
9
                                                 Eric P. Tuttle, SBN 248440
10                                               Email: eric.tuttle@wsgr.com
                                                 **WILSON SONSINI GOODRICH & ROSATI**
11                                               **Professional Corporation**
                                                 701 Fifth Avenue, Suite 5100
12                                               Seattle, WA 98104-7036
                                                 Telephone:  (206) 883-2500
13
                                                 Paul J. Sampson, admitted *pro hac vice*
14                                               Email: psampson@wsgr.com
                                                 **WILSON SONSINI GOODRICH & ROSATI**
15                                               **Professional Corporation**
                                                 95 S. State Street
16                                               Suite 1000
                                                 Salt Lake City, UT 84111
17                                               Telephone: (801) 401-8510

18                                               *Counsel for Defendant*
                                                 GOOGLE LLC
19

20

21

22

23

24

25

26

27

28