UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Master File Case No. 23-cv-03440-EKL<br><br>**ORDER AUTHORIZING OMNIBUS SEALING MOTION**<br><br>Re: Dkt. Nos. 253, 254, 255, 256, 257, 264 |

On October 17, 2025, the parties filed a stipulated proposal regarding sealing procedures in connection with briefing on Plaintiffs' motion for class certification. ECF No. 264. The parties "anticipate that multiple administrative motions to seal and responses covering many documents and deposition excerpts may be required" over the course of the briefing. *Id*. The parties therefore propose "that any sealing issues relating to documents filed in connection with" the class certification briefing should "be addressed via a joint omnibus motion to seal" after briefing concludes. *Id*.

The Court finds that an omnibus motion to seal would promote judicial economy and conserve party and third-party resources. Once briefing on class certification and related *Daubert* motions concludes, the Court and the parties will have a more complete understanding of how the potentially confidential materials relate to the merits of the case. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (holding that the right to "public access will turn on whether the motion is more than tangentially related to the merits of a case"). Therefore, addressing all sealing requests through an omnibus motion to seal will assist the Court in balancing the public's interest in accessing court records with party and third-party interests in maintaining confidentiality.

However, by authorizing an omnibus motion to seal, the Court does not permit wholesale or overbroad provisional redactions. The parties' provisional redactions must be narrowly tailored to maximize public access to these proceedings. Civil L.R. 79-5(c)(3) (Sealing requests must be "narrowly tailored to seal only the sealable material."); *see Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (recognizing "a strong presumption in favor of access to court records"). The parties may not provisionally seal basic facts (or assertions) that are central to the case. Nor may the parties provisionally seal high-level characterizations of evidence. Certain provisional redactions of Plaintiffs' class certification motion are overbroad and inconsistent with these requirements.[1] Going forward, the provisional redactions must be more narrowly tailored.

Accordingly, the Court ORDERS as follows with respect to requests to seal ***party*** materials:

1. The parties may provisionally seal portions of the briefing and exhibits relating to Plaintiffs' class certification motion and any related *Daubert* motions. The provisional redactions must be narrowly tailored.

2. The parties are relieved from the requirement to file a motion to seal, or a motion to consider whether another party's material should be sealed, contemporaneously with the sealed filings. *See* Civil L.R. 79-5(b), (f). Likewise, designating parties are relieved from the requirement to file a statement in support of sealing within seven days of the sealed filing. *See* Civil L.R. 79-5(f)(3).

3. By **January 15, 2026**, the parties shall file an omnibus motion and proposed order to seal all materials at issue in the class certification and related *Daubert* briefing.

    a. The motion and proposed order shall conform to the requirements set forth in Section VII.D. of the Court's Standing Order for Civil Cases.

    b. The motion shall be accompanied by a statement in support of sealing, and

---

[1] *See* Mot. for Class Cert. at 6:3-4, 6:7-8, 6:15-16, 7:10-13, 10:4-5, 10:9-10, 10:19, 11:16, 20:8, 20:11-13, 21:16-17, 22:16-17, 24:15-17, ECF No. 253-1. The Court provides these examples as guidance. This does not reflect a comprehensive or final ruling on what materials may be sealed.

one or more supporting declarations, from each party and third-party. *See* Civil L.R. 79-5(c).

  c. Any response to the omnibus motion shall by filed by **January 22, 2026**.

4. By **January 22, 2026**, the parties shall re-file a complete set of all briefing and exhibits that reflects the final version of all party and third-party sealing requests.[2]

  a. Each document shall be highlighted to reflect *all* proposed redactions. For example, Plaintiffs should file one version of their motion for class certification that reflects all requests to seal by Google, Plaintiffs, and any third party.

  b. The record shall be highlighted as follows: Yellow for materials that Google seeks to redact; blue for materials that Plaintiffs seek to redact; and green for all third-party redaction requests.

5. By **January 23, 2026, at 3:00 p.m.**, the parties shall deliver two chambers copies of this record.

6. The parties shall meet and confer as necessary to coordinate the omnibus motion and all related filings.

The same framework shall apply to requests to seal third-party materials, with modifications to ensure that third parties have sufficient notice to request and support sealing of their materials. Accordingly, the Court ORDERS as follows with respect to requests to seal ***third-party*** materials:

1. By **October 21, 2025**, Plaintiffs shall serve a copy of this Order on each third party whose material has been provisionally sealed in connection with Plaintiffs' motion for class certification, to the extent such third party is not represented by an ECF user in this case. *See* ECF Nos. 254, 255, 256, 257.

---

[2] A filing party might provisionally seal another party's material due to a confidentiality designation under the protective order. *See* Civil L.R. 79-5(f). However, designating material as "confidential" under the protective order "is not sufficient to establish that . . . [it is] sealable." Civil L.R. 79-5(c). The Court expects all parties and third parties to carefully consider whether their provisionally sealed materials should be maintained under seal.

3

2. Any party that files a third-party's material under seal shall contemporaneously file and serve a motion to consider whether that third party's material should be sealed. *See* Civil L.R. 79-5(f).  At the same time, the filing party shall also serve a copy of this Order.  The third party's requirement to file a statement in support of sealing, *see* Civil L.R. 79-5(f)(3), is suspended until the deadline set forth above for the omnibus sealing motion.

IT IS FURTHER ORDERED that the following sealing motions are TERMINATED as moot in light of this Order:  ECF Nos. 253, 254, 255, 256, 257.  Any request to seal portions of these materials shall be incorporated into the omnibus sealing motion.

**IT IS SO ORDERED.**

Dated: October 20, 2025

Eumi K. Lee
United States District Judge