UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Case No. 23-cv-03440-EKL (SVK)<br><br>**ORDER GRANTING ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 238, 241, 244 |

Before the Court are three administrative motions related to the Parties' recent joint discovery submissions: Plaintiffs have filed two administrative motions to consider whether certain of Google's materials should be sealed, (Dkts. 238, 244), and Google has filed an administrative motion to consider whether certain of Plaintiffs' materials should be sealed, (Dkt. 241). As required by Civ. L.R. 79-5(f), the Parties have filed statements in support of sealing where necessary. *See* Dkts. 245, 260, 263. Plaintiffs have not opposed any of Google's requests. Having considered the Parties' submissions and the relevant law, the Court finds good cause to **GRANT** the motions to seal as follows:

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Parties' Joint Discovery Letter Brief Regarding Datasets<br><br>[Dkt. 238-2] | Highlighted portions at ECF pages:<br><br>3<br>5<br>11-12<br>12 fn. 7 | The redacted information contains confidential information about the proprietary datasets that Google assembled, including information about their creation and composition. This information is not generally known to the public or Google's competitors. Public disclosure of such confidential development and research information could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
|  |  | Google's operations. |
| Parties' Joint Chart [Dkt. 238-3] | The first dataset named in Plaintiff's proposed compromise (column 3), as highlighted on pages 2 and 4. | *See* basis for sealing Dkt. 238-2, above. |
| Exhibit 2 to Joint Letter Brief – Plaintiffs' Excerpts of Deposition Transcript [Dkt. 238-4] | Entire document | Although sealing of entire documents is disfavored (*see* Civ. L.R. 79-5(a) (parties must take care to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).")), here, the document is already merely an excerpt of the complete deposition. The Court agrees that the excerpts submitted predominantly if not entirely contain confidential information about the proprietary datasets that Google assembled, including information about their creation and composition, as well as references to their internal code names. This information is not generally known to the public or Google's competitors. Public disclosure of such confidential development and research information could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations. Accordingly, considering the document's submission relates to a discovery dispute only, the Court finds good cause. |
| Exhibit 3 to Joint Letter Brief – Defendant's Excerpts of Deposition Transcript [Dkt. 238-5] | Entire document | *See* basis for sealing Dkt. 238-4, above. |
| Exhibit A to Joint Letter Brief – Excerpts of Deposition Transcript of Connie McLennan [Dkt. 241-1] | Highlighted portions at timestamps: 15:05:20 15:05:39 15:05:55 – 15:06:15 15:07:12 | The Court agrees that there is at least good cause to seal Plaintiff McLennan's email addresses "to protect [her] privacy interest and to prevent exposure to harm or identity theft." *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119-LHK, 2014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014). |

| Document | Text to be Sealed | Basis for Sealing / Court Ruling |
|---|---|---|
| Parties' Joint Discovery Letter Brief Regarding Clawback Challenges<br><br>[Dkt 244-2] | Highlighted portions at ECF pages:<br><br>3<br>6 | The redacted information contains confidential information about Google's proprietary datasets, as well as training and filtering techniques relating to its large language models. This information is not generally known to the public or Google's competitors. Public disclosure of such confidential development and research information could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations. |
| Exhibit A to the Parties' Joint Discovery Letter Brief Regarding Clawback Challenges<br><br>Dkt. 244-3 | Entire Document | This entire document is Google's privilege log for the documents relevant to this dispute. It contains confidential information about legal considerations related to the training of Google's large language models. This information is not generally known to the public or Google's competitors. Public disclosure of such confidential development and research information could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations. Moreover, the public has limited interest in the privilege log as it does not relate to the merits of this dispute. |

The Clerk of Court shall maintain Dkts. 238-2–5, 241-1 and 244-2–3 under seal.

**SO ORDERED.**

Dated: November 10, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge