| | |
|---|---|
| Lesley E. Weaver (SBN 191305) | Joseph R. Saveri (State Bar No. 130064) |
| Anne K. Davis (SBN 267909) | Cadio Zirpoli (State Bar No. 179108) |
| Joshua D. Samra (SBN 313050) | Christopher K.L. Young (State Bar No. 318371) |
| **BLEICHMAR FONTI & AULD LLP** | Elissa A. Buchanan (State Bar No. 249996) |
| 1330 Broadway, Suite 630 | Evan A. Creutz (State Bar. No. 349728) |
| Oakland, CA 94612 | Aaron Cera (SBN 351163) |
| Tel. (415) 445-4003 | Louis Kessler (SBN 243703) |
| lweaver@bfalaw.com | Alexander Y. Zeng (SBN 360220) |
| adavis@bfalaw.com | **JOSEPH SAVERI LAW FIRM, LLP** |
| jsamra@bfalaw.com | 601 California Street, Suite 1505 |
| | San Francisco, CA 94108 |
| Gregory S. Mullens (admitted *pro hac vice*) | Telephone: (415) 500-6800 |
| **BLEICHMAR FONTI & AULD LLP** | Facsimile: (415) 395-9940 |
| 75 Virginia Road, 2nd Floor | jsaveri@saverilawfirm.com |
| White Plains, NY 10603 | czirpoli@saverilawfirm.com |
| Tel. (415) 445-4006 | cyoung@saverilawfirm.com |
| gmullens@bfalaw.com | ecreutz@saverilawfirm.com |
| | eabuchanan@saverilawfirm.com |
| | acera@saverilawfirm.com |
| | lkessler@saverilawfirm.com |
| | azeng@saverilawfirm.com |

*Plaintiffs' Interim Co-Lead Counsel*
[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL-SVK<br>Consolidated Case No. 5:24-cv-02531-EKL-SVK<br><br>**PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S MOTION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITES IN SUPPORT THEREOF**<br><br>Judge: Hon. Eumi K. Lee<br>Date: February 4, 2026<br>Time: 10:00 A.M.<br>Courtroom: 7, Fourth Floor |

<u>**REDACTED**</u>

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................1

II. BACKGROUND ...................................................................................................................1

III. LEGAL STANDARD ............................................................................................................2

IV. ARGUMENT .........................................................................................................................2

    A. Google Cannot Claim Undue Surprise or Prejudice ..................................................2

        1. Plaintiffs acted in good faith in narrowing the class definitions. ..................3

        2. Plaintiffs complied with the Court's orders and the Local Rules. ................6

        3. There is no prejudice where a meet and confer on the narrowed definitions would have been futile. .................................................................................7

        4. As they noted to Google, Plaintiffs timely amended their response to Google's contention interrogatory following discovery and expert analysis. .........8

    B. To the Extent Google Suffered Unfair Prejudice or Harm, It Has Been Cured ...................9

    C. The Drastic Sanction of Striking Class Allegations Is Unwarranted. ................................10

V. CONCLUSION ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abdeljalil v. Gen. Elec. Cap. Corp.*,
   306 F.R.D. 303 (S.D. Cal. 2015) ................................................................................................ 3

*Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*,
   377 F. Supp. 3d 990 (N.D. Cal. 2019) ...................................................................................... 10

*Bartz v. Anthropic PBC*,
   791 F. Supp. 3d 1038 (N.D. Cal. 2025) ..................................................................................... 5

*Berlowitz v. Nob Hill Masonic Mgmt.*,
   1996 WL 724776 (N.D. Cal. Dec. 6, 1996) ............................................................................... 6

*Briseno v. ConAgra Foods, Inc.*,
   844 F.3d 1121 (9th Cir. 2017) .................................................................................................... 5

*In re Conseco Life Ins. Co. Lifetrend Ins. Sales & Mktg. Litig.*,
   270 F.R.D. 521 (N.D. Cal. 2010) ............................................................................................... 4

*In re Convergent Techs. Sec. Litig.*,
   108 F.R.D. 328 (N.D. Cal. 1985) ............................................................................................... 9

*C.T. v. Six Flags Ent. Corp.*,
   2025 WL 3191147 (E.D. Cal. Nov. 14, 2025) ........................................................................... 7

*Davis v. AT&T Corp.*,
   2017 WL 1155350 (S.D. Cal. Mar. 28, 2017) ........................................................................... 6

*Dream Games of Ariz., Inc. v. PC Onsite*,
   561 F.3d 983 (9th Cir. 2009) ...................................................................................................... 5

*Entangled Media, LLC v. Dropbox Inc.*,
   2025 WL 3240878 (N.D. Cal. Nov. 20, 2025) ........................................................................ 10

*Ingrid & Isabel, LLC v. Baby Be Mine, LLC*,
   2014 WL 1338480 (N.D. Cal. Apr. 1, 2014) ............................................................................. 2

*Kumandan v. Google LLC*,
   2023 WL 8587625 (N.D. Cal. Dec. 11, 2023) ........................................................................... 5

*Lanard Toys Ltd. v. Novelty, Inc.*,
   375 F. App'x 705 (9th Cir. 2010) ............................................................................................... 2

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
   2012 WL 1600393 (N.D. Cal. May 7, 2012) ............................................................................. 2

*In re Lithium Ion Batteries Antitrust Litig*,
    2018 WL 4215573 (N.D. Cal. Sept. 4, 2018) ................................................................. 5

*Martinez v. Univ. of San Diego*,
    2024 WL 479970 (S.D. Cal. Feb. 7, 2024) .................................................................. 10

*Mata v. Manpower Inc.*,
    2015 WL 6602116 (N.D. Cal. Oct. 29, 2015) ............................................................... 3

*McCullough v. Office Depot, Inc.*,
    2012 WL 13447177 (C.D. Cal. June 26, 2012) ............................................................ 8

*McGhee v. N. Am. Bancard, LLC*,
    2020 WL 12739807 (S.D. Cal. July 15, 2020) ............................................................. 8

*Microsoft Corp. v. Baker*,
    582 U.S. 23 (2017) ..................................................................................................... 1, 5

*Mycoskie, LLC v. Ebuys, Inc.*,
    2017 WL 5643143 (C.D. Cal. Sept. 29, 2017) ............................................................. 2

*Nomadix, Inc. v. Second Rule LLC*,
    2009 WL 10668158 (C.D. Cal. Jan. 16, 2009) ........................................................... 10

*Ohio Sec. Ins. Co. v. Hi-Tech Aggregate, LLC*,
    2025 WL 507468 (D. Nev. Feb. 14, 2025) ................................................................. 10

*Richie v. Blue Shield of Cal.*,
    2014 WL 6982943 (N.D. Cal. Dec. 9, 2014) ............................................................... 6

*Sandoval v. Cnty. of Sonoma*,
    2015 WL 1926269 (N.D. Cal. Apr. 27, 2015) .............................................................. 3

*Scroggins v. LexisNexis Risk Sols. FL Inc.*,
    2025 WL 3216323 (E.D. Va. Mar. 30, 2025) ............................................................. 10

*In re TFT-LCD (Flat Panel) Antitrust Litig.*,
    267 F.R.D. 583 (N.D. Cal. 2010) ................................................................................. 5

*Thomas v. Baca*,
    231 F.R.D. 397 (C.D. Cal. 2005) ................................................................................. 8

*Williams v. Apple, Inc.*,
    338 F.R.D. 629 (N.D. Cal. 2021) ................................................................................. 5

*Wolf v. Hewlett Packard Co.*,
    2016 WL 7743692 (C.D. Cal. Sept. 1, 2016) .............................................................. 3

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ..................................................................................... 2

*Yue v. Storage Tech. Corp.*,
	2008 WL 11256331 (N.D. Cal. Aug. 6, 2008),
	*report and recommendation adopted*,
	2008 WL 4185835 (N.D. Cal. Sept. 5, 2008) .............................................................................. 8

*Zambrano v. City of Tustin*,
	885 F.2d 1473 (9th Cir. 1989) ................................................................................................. 10

**RULES**

Fed. R. Civ. P. 15 ............................................................................................................................. 4

Fed. R. Civ. P. 16 ............................................................................................................................. 2

Fed. R. Civ. P. 37 ............................................................................................................................. 2

**OTHER AUTHORITIES**

*Bartz v. Anthropic PBC*,
	No. 3:24-cv-05417 (N.D. Cal. Apr. 17, 2025), ECF No. 148
	(Def's Opp. to Mot. for Class Cert.) ........................................................................................... 5

Standing Order for Civil Cases Before Judge Eumi K. Lee ........................................................... 7

## I. INTRODUCTION

Google's attempt to turn ordinary class refinement into a case-ending sanction under Rules 16(f) and 37(c) should be denied. Its argument rests on the fact that Plaintiffs' Motion for Class Certification ("Class Motion"), ECF No. 249, proposes class definitions narrower than set forth in the operative complaint that were not disclosed before filing. But narrowing proposed classes at the class certification phase based on ongoing discovery is consistent with standard practice for complex litigation in this district and nationwide. Striking all class allegations for narrowing without an express conference with opposing counsel would be the "functional[] equivalent" of denying class certification; there is no support in the law for such an extraordinary sanction here. *Microsoft Corp. v. Baker*, 582 U.S. 23, 34 (2017). The class was narrowed, not expanded, Plaintiffs followed the schedule and orders of the Court, and Google has suffered no prejudice. Its motion should be denied.

## II. BACKGROUND

From the outset, Plaintiffs have alleged that they seek relief on behalf of U.S. copyright owners whose text and image works were used to train Google's generative AI models. *See* ECF No. 47 ¶ 90; *Zhang*, ECF No. 1 ¶ 63. Following consolidation of the *Leovy* and *Zhang* actions, Plaintiffs filed their Consolidated Complaint alleging a synthesized class definition. ECF No. 91. Google then filed a motion to strike the class allegations, which was subsequently granted in part. ECF Nos. 98, 128. On September 11, 2025, the Court issued an Order on Google's Motion to Dismiss, which required Plaintiffs to re-file their complaint without any modifications beyond those specifically ordered by the Court. ECF No. 216. Plaintiffs filed their Second Amended Consolidated Complaint ("SACC") on September 25, 2025, alleging a class of: "All persons or entities domiciled in the United States who owned a United States copyright in any work used by Google to train Google's Generative AI Models during the Class Period." ECF No. 234.

Magistrate Judge van Keulen has actively managed the discovery, granting in part and denying in part 14 discovery motions to date. The Court ordered documents from Google custodians be produced by no later than July 29, 2025. ECF No. 155. However, some of Google's productions remain ongoing, including up to and past the day Plaintiffs filed their Class Motion. Declaration of Gregory S. Mullens ("Mullens Decl.") at ¶3. Following their review and analysis of Google's productions and datasets, and after extensive consultations with their experts, Plaintiffs narrowed their class definitions in their Class

Motion to: (1) a "Books Class" comprised of three subclasses, the "███████████████" subclass, the "█████████████████" subclass, and the "Pirated Books" subclass; and (2) the "Images Class" (collectively, the "Refined Classes"). ECF No. 253-1 at 1.

### III.   LEGAL STANDARD

A court may impose sanctions pursuant to Rule 16(f), including striking pleadings pursuant to Rule 37(b)(2)(A)(iii), where a party fails "to obey a . . . pretrial order." Striking pleadings is "among the harshest of sanctions" available to the court and "should be [applied] sparingly." *Mycoskie, LLC v. Ebuys, Inc.*, 2017 WL 5643143, at *2 (C.D. Cal. Sept. 29, 2017). It is only appropriate "if [Google] has suffered some palpable prejudice" resulting from the alleged violation. *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393, at *10–11 (N.D. Cal. May 7, 2012) (citation omitted).

In addition, a court may impose sanctions under Fed. R. Civ. P. 37(c)(1) prohibiting a party from using late-disclosed discovery information "on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *See also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (affirming exclusion of expert report disclosed only weeks before trial). "[I]n determining whether a violation . . . is justified or harmless," courts consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (allowing testimony from late-disclosed expert). In all instances, "the sanction imposed under Rule 37 must be specifically related to the particular claim" and the sanction "must be just." *Ingrid & Isabel, LLC v. Baby Be Mine, LLC*, 2014 WL 1338480, at *7 (N.D. Cal. Apr. 1, 2014) (quotations and citations omitted).

### IV.   ARGUMENT

#### A.   Google Cannot Claim Undue Surprise or Prejudice

Google seeks sanctions striking Plaintiffs' class allegations due to Plaintiffs' alleged failure to: (1) seek leave to amend before filing their Class Motion, despite that the Court's Scheduling Order (ECF Nos. 199, 231) does not require leave to narrow a class; (2) disclose their amended class definitions in the October 1, 2025 Case Management Statement (ECF No. 235), which also did not mandate providing iterations of class definitions and did disclose the motion itself; (3) disclose their specific class definitions

on a meet and confer before filing their Class Motion, which the Parties agree would have been futile; and (4) disclose their amended class definition in their response to Google's contention interrogatory before filing their Class Motion and before such definitions were finalized. Google seeks sanctions under Rule 16(f) for the first three alleged violations and under Rule 37(c) for the last. None of these warrant sanctions.

### 1. *Plaintiffs acted in good faith in narrowing the class definitions.*

Plaintiffs' narrowing and refinement of defined classes is not a basis for striking the class allegations. Plaintiffs routinely pursue certification of more focused classes as the record develops, and courts consistently permit refinement to clarify common issues, streamline proof, and satisfy Rule 23 requirements. *See, e.g.*, *Wolf v. Hewlett Packard Co.*, 2016 WL 7743692, at *8, n.4 (C.D. Cal. Sept. 1, 2016) (considering class definition that was "narrower than the definition in the operative complaint[.]"); *Mata v. Manpower Inc.*, 2015 WL 6602116, at *6 (N.D. Cal. Oct. 29, 2015) ("While the proposed subclasses are broad, they are more specific than the classes recited in the [complaint] ... and thus ... provide Defendants with *more* notice" of the claims); *Sandoval v. Cnty. of Sonoma*, 2015 WL 1926269, at *2 (N.D. Cal. Apr. 27, 2015) (the moving party "can *narrow* the definition used in the complaint"); *Abdeljalil v. Gen. Elec. Cap. Corp.*, 306 F.R.D. 303 (S.D. Cal. 2015) (similar). This is precisely what Plaintiffs have done. The Refined Classes narrow the classes in multiple, concrete ways that conform to proof.

**There is no prejudice where the Refined Classes narrow and particularize the works at issue.** During the meet and confer regarding its motion, Google conceded that the refined definitions set forth in Plaintiffs' Class Motion are narrower than the class definition in the SACC. Mullens Decl. ¶5. The Class Motion seeks certification of a Books Class and subclasses, each of which are narrower than before, with ISBN serving as an objective identifier that can be cross-referenced and verified, making identification more administratively feasible. The Images Class similarly narrows the works at issue from "any work" to two-dimensional images, drawings, paintings, and photographs.

**The Refined Classes narrow and cure any theoretical harm.** Whereas the SACC pled "work used by Google to train" the at-issue AI models, the Refined Classes are tied to Google's methods of copying and use of material used to train the models. This is far more concrete. The Images Class and Books Subclasses include works "used by Google" to develop the at-issue models. Class Motion at 1. The Books Subclasses further specify the source of the copyrighted works at issue, whether they were copied

1  from the ▮▮▮▮▮▮▮▮▮▮▮, ▮▮▮▮▮▮▮▮▮▮▮, or from web-crawled Shadow
2  Libraries. *Id*. This further narrows and specifies the complaint's class allegations of "any work."

3    Google splits hairs by arguing that works "downloaded and/or ingested to develop"—which is
4  meant to capture the unauthorized copying and use—is somehow new and "wildly" different from
5  "train[ing]." Sanctions Mot. at 1. But the clarified definition is squarely within the SACC's allegations.
6  *E.g.*, SACC ¶2 ("For each work used in training, **first a copy is made** during data collection"); ¶6 ("Google
7  instead elected to continue **copying and downloading** the works of writers, artists, and other creators");
8  ¶116 ("Training an LLM **first requires copying** a massive set of data files. . . copies of the training dataset
9  are ingested by the model during training"); ¶120 ("to build Generative AI Models . . . Google copied the
10 Plaintiff Works multiple times: **first a copy is made during data collection**"); ¶151 ("Google's
11 unauthorized copying of Plaintiff Works in the development of its Generative AI Models, including Gemini
12 and Imagen, was willful."); ¶123 ("[Bard] was developed and trained on Google's Infiniset Dataset").
13 Consistent with these allegations, and as Google admitted, Plaintiffs have sought discovery relating to the
14 initial copying of copyrighted material (data collection and ingestion), putting Google on notice. ECF No.
15 298 at 9. The initial copying is obviously a necessary predicate to use and it is the first infringing act.

16    **Plaintiffs could not have narrowed the class definitions earlier.** Following the pleadings,
17 Plaintiffs pursued discovery that shows, among other things, that Google is ▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Class Mot. at 8
19 (describing evidence). It also shows how Google ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮. *Id.* at 8–14; ECF No. 253-18 (10/6/2025 Dai Dep. Tr.) at 150:18–153:6, 189:7–190:7,
21 245:18–247:7, 360:14–361:3. The discovery here yielded facts—unknown at the pleading stage—upon
22 which the class motion is based. *See In re Conseco Life Ins. Co. Lifetrend Ins. Sales & Mktg. Litig.*, 270
23 F.R.D. 521, 530 (N.D. Cal. 2010) (allowing plaintiffs to narrow claim at class certification based on factual
24 developments since filing the complaint); *see also* Rule 15(b)(1) (permitting amendment "when doing so
25 will aid in presenting the merits and the objecting party fails" to show resulting prejudice).

26    **Google's argument about "foreign law" being implicated is a red herring.** The Refined Classes
27 are all limited to beneficial or legal owners of registered U.S. copyrights. Thus, only rights afforded to
28 those who have registered their copyrights in the U.S. are at issue. The definition has been *simplified* by

not requiring class members to identify where they currently reside—only that they own the rights to a registered work. And excluding those who may have moved during the pendency of this action, for example, would be unfair. While this definition could feasibly expand the class numerically, it does not add any new claim or defense and Google is not challenging numerosity. Indeed, the U.S. registrations—whether the authors are foreign or domestic residents—are presumptive evidence of ownership and validity. *See Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 987 n.2 (9th Cir. 2009). Any owner-specific issues that Google wishes to contest may be done via the "claims administration process," after the class has been certified. *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1132 (9th Cir. 2017); *see also Williams v. Apple, Inc.*, 338 F.R.D. 629, 645 (N.D. Cal. 2021) ("[T]he administrative feasibility of identifying who paid for the product at issue . . . is immaterial to class certification here"). For example, in *Bartz v. Anthropic PBC*, Judge Alsup certified a similar class of "beneficial or legal copyright owners" of works "registered with the United States Copyright Office" (791 F. Supp. 3d 1038, 1065 (N.D. Cal. 2025)), despite defendant's near-identical argument that the class definition raised "individualized choice of law" and "foreign law" issues (Def's Opp. to Mot. for Class Cert. at 16–17, No. 3:24-cv-05417 (N.D. Cal. Apr. 17, 2025), ECF No. 148). Ironically, Google failed to confer about this "foreign law" theory before bringing the instant motion—had they done so, Plaintiffs would have pointed out that this theory was insufficient to defeat certification in *Bartz*. Mullens Decl. ¶6. Regardless, Google has made clear that even if this were disclosed, the Parties would still be at impasse because there is no class definition that Google will agree to. *Supra* §IV(A)(4).

Given that the Refined Classes narrowed the scope of work at issue, issue sanctions striking class allegations—which the Supreme Court views as "functionally equivalent to an order denying class certification"—is not appropriate. *Microsoft*, 582 U.S. at 34 n.7. This is particularly true given that, as set out further below (*see supra* §IV(B)), Google has suffered no prejudice from the amended definitions. *See Kumandan v. Google LLC*, 2023 WL 8587625, at *7 (N.D. Cal. Dec. 11, 2023) (considering amended class definitions where "Google identifies no prejudice," nor "additional discovery that will be required"); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 590–91 (N.D. Cal. 2010) (similar).

Google's cited authority is inapplicable here. In *In re Lithium Ion Batteries Antitrust Litig*, 2018 WL 4215573 (N.D. Cal. Sept. 4, 2018), after the court denied class certification twice, MDL plaintiffs filed

a "third class certification motion without first seeking leave from the Court or mentioning that they intended to file [the] motion in any case management or other filing." *Id.* at *2. The court thus granted defendant's motion to strike the third class certification motion, noting that plaintiffs offered no "changed circumstances" warranting the filing of another motion class certification. *Id.* at *3. Here, Plaintiffs timely filed their class certification motion consistent with the Court's scheduling order, well before the close of discovery. Similarly, in *Richie v. Blue Shield of Cal.*, plaintiffs sought to amend their claims from involving "phone, internet, and office supply expenses" to "mortgages, utilities, and related expenses." 2014 WL 6982943, at *14 (N.D. Cal. Dec. 9, 2014). The court declined this request noting that it would "require extensive additional discovery . . . and require the parties to go through another round of class certification briefing"—unlike this case, Google has not established any delay or additional discovery would be needed here. *Id.*; *see also Davis v. AT&T Corp.*, 2017 WL 1155350, at *2–4 (S.D. Cal. Mar. 28, 2017) (declining to consider "a completely different class" that would require "additional discovery"); *Berlowitz v. Nob Hill Masonic Mgmt.*, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996) (refusing to consider a class "beyond the definition provided in the complaint unless plaintiffs choose to amend it").

    2.  ***Plaintiffs complied with the Court's orders and the Local Rules.***

  Plaintiffs timely filed their Motion under the Court's schedule and Google received the notice required by Rule 23. The Class Motion was scheduled to be filed early in the discovery period. But due to Google's delay, much information was produced in the short period before the motions were due, which required an extension of the schedule. ECF Nos. 199, 231. In the days leading up to filing their Motion, Plaintiffs were taking depositions of Google's employees and analyzing data ██████████████████████████████████████████████████████. *See, e.g.*, ECF Nos. 253-17 (Barker 10/3/2025 Dep. Tr.) at 33:20–34:16; 253-18 (10/6/2025 Dai Dep. Tr.) at 360:14–361:3; 253-119 ("█████ ███████████████████████" produced on 10/10/2025). For example, Plaintiffs' expert Meredith McCarron's work focused on developing a method of identifying copyrighted works in training data, which required close examination of the limited training datasets Google provided. ECF No. 266-1 ¶¶43–132. As is routine in class litigation, Plaintiffs' definitions were tightened based on Plaintiffs' analysis of this discovery. The simple truth is Plaintiffs have never been required by any court to disclose specific,

narrowed class definitions prior to filing a contested motion for class certification, and never has a defendant so vociferously opposed such a motion.

Yet Google argues that Plaintiffs should have disclosed their revised class definitions, including that the definitions include books and images, in the October 1, 2025 CMS. But Google knew the definitions included books and images—Plaintiffs stated it would "provide overwhelming evidence . . . Google . . . [trained on] **books and images**." ECF No. 235 at 1. There is no concealment of this fact. The Named Plaintiffs are authors of various books and images that were copied and trained on by Google. SACC § III. Consistent with the SACC, Plaintiffs diligently sought discovery into Google's use of copyrighted works through the "training" and "develop[ing]" of its at-issue AI models. *See* ECF No. 216 at 2, 10. Despite this, Google claims, with no basis, that Plaintiffs actively concealed the Refined Classes "as far back as February or March 2025" (Sanctions Mot. at 8) because that is when some experts began working to identify books or images in the training dataset. It's just not so. At that time, Plaintiffs had not even received necessary discovery from Google. The Court has been apprised of the issues that impeded Plaintiffs' experts' ability to analyze exemplar training sets in Google's flawed viewing environment. ECF Nos. 173 (as of July 11, 2025, Plaintiffs had only been able to access the training data for "the last few day"); 223 (detailing further issues); 253-4 (noting "additional outages with Google's virtual training data environment" since September 12, 2025). This evidence was not available in February or March. The class definitions were finalized following review of the discovery provided by Google, shortly before Plaintiffs filed their Class Motion and four accompanying expert reports. Mullens Decl. ¶4.

        **3.**    **There is no prejudice where a meet and confer on the narrowed definitions would have been futile.**

It has been clear from the outset that Google would not stipulate to the certification of any class within the confines of the complaint or anything close to that. Google has consistently maintained that ***no*** class in this case is certifiable. *See* 12/18/2024 CMC Tr. at 11:12–14 ("Mr. Kramer: . . . I can certainly elaborate on why we don't believe a class could be certified in this case, but I'm happy to save that for another time"); *id.* at 19:10–17, 20:11–12. Given Google's position, a conference a week before filing would not have "resolve[d] or narrow[ed]" a single dispute. Standing Order for Civil Cases Before Judge Eumi K. Lee § VIII.A; *see C.T. v. Six Flags Ent. Corp.*, 2025 WL 3191147, at *2 (E.D. Cal. Nov. 14, 2025)

("[S]triking Plaintiff's motion for class certification without leave to re-file . . . plainly is not warranted" based on a failure to confer). These conferences are highly uncommon leading up to a known class certification filing date and, based on Google's prior representations, Plaintiffs' counsel genuinely believed it was unnecessary. Mullens Decl. ¶4. The Parties also exhaustively discussed Plaintiffs' anticipated class certification motion and its contours. For example, Google has limited all discovery to class certification and required Plaintiffs to state its relevance to class certification in every conference. *See* ECF Nos. 179-2 (seeking to confer on the "the relevance" of Plaintiffs' RFP "to class certification"); 206-2 (similar).

Google has not identified what a meet and confer would have remedied. Google has admitted in subsequent conferences that there is no subclass that Google would agree should be certified. Mullens Decl. ¶5. There could not have been agreement, resolution or narrowing. This is precisely why it did not occur to Plaintiffs to particularize proposed class definitions before filing the motion, which the Parties knew Google would oppose. As courts have repeatedly noted, in these circumstances, no basis for sanctions exists. *See Yue v. Storage Tech. Corp.*, 2008 WL 11256331, at *5 (N.D. Cal. Aug. 6, 2008), *report and recommendation adopted*, 2008 WL 4185835 (N.D. Cal. Sept. 5, 2008) (failure to confer "should not serve as a basis to deny a motion" and considering "whether resolution is possible"); *Thomas v. Baca*, 231 F.R.D. 397, 404 (C.D. Cal. 2005) (rejecting proposal to deny class certification motion based on a failure to confer where "informal resolution" was not possible); *cf. McCullough v. Office Depot, Inc.*, 2012 WL 13447177, at *3 (C.D. Cal. June 26, 2012) (court previously warned plaintiffs that any further failure to confer prior to filing class certification would be deemed a waiver of class allegations). Given the flurry of late discovery and expert preparation, Plaintiffs were evaluating how to define and subclass the class definitions, and how to present them to the Court, within the week leading up to filing. Mullens Decl. ¶4. It is unclear when Plaintiffs could have, practically speaking, disclosed the subclasses, or why, given that they fall within the contours of the definition in the SACC that Google opposes.

### 4. As they noted to Google, Plaintiffs timely amended their response to Google's contention interrogatory following discovery and expert analysis.

Plaintiffs timely disclosed their amended class definitions in response to Google's contention interrogatory, which seeks identification of "all facts" supporting Plaintiffs' contention that class certification is appropriate. As Plaintiffs stated in their June 20, 2025 response, discovery is still ongoing

and this interrogatory improperly seeks legal opinion and premature work product. ECF No. 299-1 at 3; *see also McGhee v. N. Am. Bancard, LLC*, 2020 WL 12739807, at *2 (S.D. Cal. July 15, 2020) (explaining that seeking information "why this case should proceed as a class action" is "premature" and seeks an improper "legal opinion"); *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 333 (N.D. Cal. 1985) (similar). Google did not confer on Plaintiffs' response until November 13, 2025, **after** Plaintiffs filed their Motion. Mullens Decl. ¶7. Although Google's contention interrogatory remains improper, Plaintiffs supplemented their response to state the narrowed classes per Google's request. *Id.* As stated above, Plaintiffs could not have supplemented their response to provide the revised definitions earlier because they were refining these definitions, based on evidence produced by Google and expert analysis, up to the time they filed their Motion. Thus, sanctions are not warranted.

### B. To the Extent Google Suffered Unfair Prejudice or Harm, It Has Been Cured

*First*, Google's claims of prejudice are unsubstantiated. It vaguely argues it "could have probed" new issues relating to these classes "in discovery and fashioned its opposition strategy accordingly," (Sanctions Mot. at 10) but these statements are contradicted by the record. The narrowed definitions conform to discovery produced by Google itself, including to Plaintiffs' training data in Google's review environment, the analysis of which was significantly delayed by limitations of that environment. ECF No. 266-1 (McCarron Expert Rpt.) ¶¶43–132 (describing work analyzing exemplar training datasets). The works at-issue and classes describing Google's conduct are entirely consistent with the allegations of the SACC. It is unclear what more Google would have done than it is already doing in opposing class certification. Plaintiffs have produced exhaustive discovery regarding their copyrighted works—they have produced 25,857 records in response to Google's discovery requests. ECF No. 253-3 ¶11. Google deposed each of Plaintiffs' experts and was provided full opportunity to take discovery regarding the class motion. Mullens Decl. ¶8. Class discovery has been similarly focused on these issues. And since Plaintiffs filed their Motion, Google has not identified any additional discovery it requires. *Id.* ¶9.

Google's claim that it could have developed the "questions about acquisition as opposed to use" is disingenuous. Sanctions Mot. at 9. As discussed above, copying Plaintiffs' works was Google's predicate act to training use. When, where, and how Google obtained the copyrighted works is core to this case. Google has focused its own discovery precisely on this issue. For example, Google asked Named Plaintiffs

to confirm whether they made their copyrighted works available on sources Google may have copied them from, such as YouTube. *See* ECF No. 163-2 at 9–14. Again, Google has not identified discovery it could not pursue because Plaintiffs did not specifically identify these subclasses prior to filing the Class Motion.

***Second***, Google has also "had the opportunity" to explore the narrowed definitions through depositions of Plaintiffs' experts, which took place after Plaintiffs filed their Motion. *Compare Entangled Media, LLC v. Dropbox Inc.*, 2025 WL 3240878, at *3 (N.D. Cal. Nov. 20, 2025) (declining to exclude legal theories where opposing party "had sufficient opportunity to ask witnesses about the theories and develop them during discovery"); *with Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1005 (N.D. Cal. 2019) (striking legal theory from plaintiff's expert rebuttal report where plaintiff was "aware of th[e] theory since the outset of th[e] litigation" but did not disclose it until the close of fact discovery); *and Scroggins v. LexisNexis Risk Sols. FL Inc.*, 2025 WL 3216323, at *18–21 (E.D. Va. Mar. 30, 2025) (excluding class definition which introduced a new legal theory on ascertainability "offered after the close of discovery"). And Google has had ample opportunity to investigate the classes, including the proposed subclasses. Had there been any such harm, Google could have cured it.

### C. The Drastic Sanction of Striking Class Allegations Is Unwarranted.

Striking Plaintiffs' class allegations is not "proportionate" to the alleged violations, nor "commensurate with principles of restraint and dignity." *Zambrano v. City of Tustin*, 885 F.2d 1473, 1480 (9th Cir. 1989); *Nomadix, Inc. v. Second Rule LLC*, 2009 WL 10668158, at *2 (C.D. Cal. Jan. 16, 2009) (considering "the severity of the sanction and prejudice to the parties"); *Ohio Sec. Ins. Co. v. Hi-Tech Aggregate, LLC*, 2025 WL 507468, at *6 (D. Nev. Feb. 14, 2025) (declining to grant "case-concluding" sanctions for late interrogatory disclosures). As set forth above, Plaintiffs did not conceal these Refined Classes from Google. *Infra* §IV(A)(2). Even still, less extreme forms of relief (*e.g.*, extended deadlines, additional pages, additional discovery) are far more tailored to the alleged violations. *See Martinez v. Univ. of San Diego*, 2024 WL 479970, at *11 (S.D. Cal. Feb. 7, 2024) (ordering additional discovery on a late-disclosed expert report). By contrast, striking all class allegations is harsh and would severely prejudice the rights of class members. The Court should decline to impose such severe measures here.

### V. CONCLUSION

For the reasons set forth herein, Google's sanctions motion should be denied in full.

Dated: December 4, 2025

Respectfully submitted,

By:   */s/ Lesley E. Weaver*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone: (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone: (415) 445-4006
gmullens@bfalaw.com

By:   */s/ Joseph R. Saveri*
Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan A. Creutz (State Bar. No. 349728)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Y. Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowo@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: 213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com

Matthew Butterick (SBN 250953)
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
mb@butericklaw.com

*Additional Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of December, 2025, at Oakland, California.

>   /s/ *Lesley E. Weaver*
>   Lesley E. Weaver