| | |
|---|---|
| Lesley E. Weaver (SBN 191305)<br>Anne K. Davis (SBN 267909)<br>Joshua D. Samra (SBN 313050)<br>**BLEICHMAR FONTI & AULD LLP**<br>1330 Broadway, Suite 630<br>Oakland, CA 94612<br>Tel. (415) 445-4003<br>lweaver@bfalaw.com<br>adavis@bfalaw.com<br>jsamra@bfalaw.com<br><br>Gregory S. Mullens (admitted *pro hac vice*)<br>**BLEICHMAR FONTI & AULD LLP**<br>75 Virginia Road, 2nd Floor<br>White Plains, NY 10603<br>Tel. (415) 445-4006<br>gmullens@bfalaw.com | Joseph R. Saveri (State Bar No. 130064)<br>Cadio Zirpoli (State Bar No. 179108)<br>Christopher K.L. Young (State Bar No. 318371)<br>Elissa A. Buchanan (State Bar No. 249996)<br>Evan A. Creutz (State Bar. No. 349728)<br>Aaron Cera (SBN 351163)<br>Louis Kessler (SBN 243703)<br>Alexander Y. Zeng (SBN 360220)<br>**JOSEPH SAVERI LAW FIRM, LLP**<br>601 California Street, Suite 1505<br>San Francisco, CA 94108<br>Telephone: (415) 500-6800<br>Facsimile: (415) 395-9940<br>jsaveri@saverilawfirm.com<br>czirpoli@saverilawfirm.com<br>cyoung@saverilawfirm.com<br>ecreutz@saverilawfirm.com<br>eabuchanan@saverilawfirm.com<br>acera@saverilawfirm.com<br>lkessler@saverilawfirm.com<br>azeng@saverilawfirm.com |

*Plaintiffs' Interim Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL-SVK<br>Consolidated Case No. 5:24-cv-02531-EKL-SVK<br><br>**DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GOOGLE LLC'S MOTION FOR SANCTIONS**<br><br>Judge:     Hon. Eumi K. Lee |

I, Gregory S. Mullens, hereby declare as follows:

1. I am admitted *pro hac vice* before this Court and Of Counsel with Bleichmar Fonti & Auld LLP, counsel for Plaintiffs in this matter. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2. I submit this declaration in support of Plaintiffs' Opposition to Google's Motion for Sanctions.

3. Since discovery commenced in earnest earlier this year, Google has produced discovery only related to class certification on a rolling basis, including productions made in the days prior to the deadline for filing Plaintiffs' Class Motion, and afterward. Google, for example, made five productions on October 8, 10, 13, and 14, 2025, consisting of 554 documents. Google has continued making productions since Plaintiffs filed their Motion. Depositions of Google employees likewise occurred in the days before the Class Motion; the latest of these depositions occurred was of Andrew Dai on October 6, 2025. And Plaintiffs' analysis of training data in Google's review environment, which analysis was significantly delayed by limitations of that environment, was also ongoing as Plaintiffs prepared their filing. This discovery was specifically tailored to class certification, based on Google's demand that it be limited to it. Plaintiffs reviewed such discovery in support of drafting their Motion and refining their class definitions.

4. Following extensive deliberations with Plaintiffs' experts and based on their review and analysis of the ongoing productions and depositions, Plaintiffs' counsel was evaluating how to define and subclass the class definitions, and how to present them to the Court, in their Class Motion within the week leading up to filing their motion on October 14, 2025. At the same time, since the start of this case, Plaintiffs have regularly conferred with Google regarding their theories for class certification. Google has repeatedly objected to responding to Plaintiffs' discovery requests based on Google's interpretation of what discovery it believes Plaintiffs "need" for class certification, and required Plaintiffs to state the relevance of their discovery requests to class certification. Google has consistently maintained that no class in this case is certifiable in this action. Given this experience and that Plaintiffs intended to narrow their class definitions to conform to proof in their Class Motion from that pled in the operative complaint, Plaintiffs believed it was not necessary to further confer with Google specifically regarding their forthcoming class motion. Such conferences are highly uncommon leading up to a known class certification filing date, particularly

1  where the parties have exhaustively discussed class certification and no resolution or agreement could likely be possible from such a conference.

5. On November 11, 2025, counsel for Google wrote to confer about its planned motion "to strike Plaintiffs' class allegations from their second amended consolidated class action complaint." The Parties met and conferred on November 13, 2025. During that conference, counsel for Google confirmed that, short of independently agreeing to strike all class allegations, there was nothing Plaintiffs could do to avoid Google's proposed motion. Counsel for Google also confirmed that it would have opposed Plaintiffs' Class Motion even if they had used the definition in the SACC and would not have agreed to any class, regardless of the definition Plaintiffs used. Further, counsel for Google conceded that the class definitions in Plaintiffs' Class Motion were narrower than the class definition in the SACC.

6. Counsel for Google never raised that it believed Plaintiffs' revised definitions introduces issues of "foreign law" during the November 13, 2025 conference, let alone that this would be a basis for which Google would seek to strike Plaintiffs' class allegations. The first time Plaintiffs learned of Google's "foreign law" argument was upon reading Google's motion for sanctions.

7. On June 20, 2025, Plaintiffs served responses and objections to Google's Interrogatory No. 9. Counsel for Google did not seek to confer with Plaintiffs about their responses and objections to this Interrogatory until the November 13, 2025 meet and confer, well after the deadline for Plaintiffs' Class Motion. During that conference, counsel for Google raised for the first time Plaintiffs' alleged failure to supplement their responses to identify the revised class definitions as a basis for seeking to strike the class allegations. Six days after that conference, on November 19, 2025, Plaintiffs provided amended responses and objections that were updated to provide the same class definitions as set out in their Class Motion. Attached as **Exhibit A** is a true and correct copy of Plaintiff Sarah Andersen's supplemental response to Google's Interrogatory No. 9.

8. Since Plaintiffs filed their Class Motion, Google has taken the depositions of each of the four experts who submitted declarations in support of Plaintiffs' Class Motion (*i.e.*, David S. Doermann, Victoria Furniss, Michael D. Smith, and Meredith McCarron).

9. In addition, since Plaintiffs filed their Class Motion, Google has not served any additional discovery requests, nor sought additional discovery information from the Named Plaintiffs. Google has yet

1 to take the depositions of two Named Plaintiffs and it has not sought to take their depositions since Plaintiffs
2 filed their Class Motion.

*****

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of December, 2025, at New York, New York.

/s/ Gregory S. Mullens
Gregory S. Mullens

Master File Case No. 5:23-cv-3440-EKL-SVK    3
DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' OPPOSITION TO GOOGLE'S MOTION FOR SANCTIONS

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatory. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 4th day of December, 2025, at Oakland, California.

> */s/ Lesley E. Weaver*
> Lesley E. Weaver