DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Counsel for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:        February 4, 2026<br>Time:        10:00 a.m.<br>Courtroom:   7<br>Judge:       Hon. Eumi K. Lee |

Plaintiffs hid new class definitions "up to the time [they] filed" their certification motion, again failing to disclose brand-new class theories in violation of the Court's orders. ECF No. 306 ("Opp.") at 8. Plaintiffs undisputedly: (1) pleaded a single class in their operative complaint filed September 25 based on this Court's Orders; (2) represented their intention to seek certification of that same class in verified discovery responses; (3) identified no change in their October 1, 2025, CMC statement; and (4) chose not to meet and confer before filing their motion. Then in their October 15 motion they abandoned the class they had just repleaded, and unveiled two new proposed classes and three new subclasses. This is the same behavior for which the Court admonished Plaintiffs the last time they hid "fail-safe" revisions to their class definition. ECF No. 128 at 8. That prior violation of the Court's order to meet and confer prompted the Court to instruct Plaintiffs to "scrupulously follow all Court orders" and to communicate "frequently and transparently" about class issues. *Id.* at 8-9. But again, Plaintiffs deliberately concealed their plans for months, and even now express no remorse or legitimate justification. Instead, they offer a stream of baseless excuses, from the claim—contradicted by their own experts—that their new class definitions were in flux until the moment they filed their twice-delayed motion, to the meaningless proclamation that they have "never been required by any court" to set out class definitions before moving to certify, to the untenable assertion that their nondisclosure is harmless because Google would have opposed class certification anyway. Opp. 6, 8. Plaintiffs' misconduct merits sanctions in the form of striking their class allegations.

### I. Plaintiffs Violated Court Orders And Their Discovery Obligations.

Plaintiffs concede that they failed to disclose their "proposed class definitions before filing the[ir] motion." Opp. 8. And they do not deny that their failure violated multiple court orders and their basic discovery obligations.

**Failure to meet and confer.** Plaintiffs chose not to meet and confer as ordered, supposedly because meet-and-confers are "highly uncommon" before class certification and any conferral would have been "futile." Opp. 7-8. But whether meet-and-confers are "highly uncommon" in other courts, *this Court* expressly required them, admonished Plaintiffs for failing to confer regarding class certification previously, and instructed Plaintiffs to "scrupulously follow" the

Court's orders. ECF No. 128 at 9. Had Plaintiffs conferred, Google would doubtless have highlighted the myriad flaws in Plaintiffs' new class definitions. Plaintiffs might have opted to proceed on the definition they pleaded or chosen to correct some of the flaws by, for example, eliminating the fail-safe exclusion of some undefined universe of licensed works or clarifying indefinite terms like "Shadow Library." ECF No. 282 at 11, 23. A conference could certainly have "resolve[d] or narrow[ed] disputed issues." Standing Order § VIII(a).

**Failure to disclose class contentions in case management statement.** Plaintiffs were also required to present "[a] description of the class or classes" in their October 1 CMC Statement, but failed to disclose their intent to make any change to the class they pleaded. Plaintiffs ask the Court to overlook this separate impropriety because they mentioned they would present "evidence" Google "train[ed] its AI models broadly on copyrighted materials, in particular books and images." ECF No. 235 at 1. That is not remotely the same thing.

**Failure to timely supplement interrogatory responses.** Plaintiffs did not correct their responses to Google's class contention interrogatory until a month *after* filing their motion to certify and only *after* Google announced its intention to seek sanctions. *See* Opp. 8-9. Plaintiffs contend their belated revision was "timely" because they were "refining" the definitions "up to the time they filed their Motion." *Id.* That is not credible. Their expert Merry McCarron testified that her "assignment" starting in *February or March* was to focus "just" on "books and images," ECF No. 299-2 at 25:13-26:9, 26:23-27:2, and other experts testified they were told of the revised class definitions in *August or September*, ECF No. 299-3 at 37:11-38:1, ECF No. 299-4 at 82:5-21, 84:8-21. While Plaintiffs say their wholesale rewrite was prompted by late-breaking discovery, the Court cannot credit that dubious claim, especially in the face of Plaintiffs' experts' sworn testimony, and in the absence of sworn testimony from Plaintiffs' counsel about precisely what information from Google necessitated their dramatic revisions and why.[1] Plaintiffs undeniably

---

[1] Google provided the datasets that Plaintiffs cite months ago. Declaration of Paul Harold, ECF No. 310 ("Harold Decl.") ¶ 2. And no discovery could have prompted changes like the expansion of the classes to works "ingested," the elimination of a class period, the reinsertion of a vague, fail-safe license exclusion, or the tying of registrations to some first publication date.

should have disclosed their new proposed definitions in response to Google's interrogatory long before filing their motion, while Google was deposing the named plaintiffs and pursuing discovery to support its class opposition. Rule 37 bars them from pursuing their undisclosed theories now.

### II. Plaintiffs' "Narrowing" Excuse Is Irrelevant And Wrong.

Plaintiffs argue their new classes merely "narrow[] and refine[]" the class pleaded in the Complaint, Opp. 3, and that they "have never been required by any court to disclose specific, narrowed class definitions prior to filing," Opp. 6-7. But *this* Court denied Plaintiffs leave to amend their complaint after striking their prior, undisclosed fail-safe class; *this* Court ordered Plaintiffs to "communicate frequently and transparently" about class issues, ECF No. 128 at 9; *this* Court required Plaintiffs to confer before filing their motion; *this* Court required a Rules-compliant CMC statement; and Plaintiffs ignored Google's interrogatory in *this* case. That is all that matters here.

Regardless, the changes are not minor, narrowing refinements. *See* ECF No. 300-1 at 8-10.[2] They would significantly alter who is in the classes (expanding the class to non-U.S. domiciliaries and removing any limit of a Class Period), what works qualify (limiting works to books and images, requiring ISBNs for books, adding timing requirements for registration, excluding certain unidentified licensed works, adding subclasses based on a book's provenance), and completely revamp the challenged conduct (from materials "used to train" to those "downloaded and/or ingested"). *Id.* None of Plaintiffs' authorities blesses such sweeping changes. *E.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 583, 591 (N.D. Cal. 2010) (allowing changes that were "minor," "require[d] no additional discovery," and "cause[d] no prejudice).

To make matters worse, some changes would dramatically *expand* the proposed classes. Most obviously, Plaintiffs purport to expand the classes to include all works "downloaded and/or ingested," whether or not they were "used to train." Plaintiffs dismiss this change as "split[ting] hairs." Opp. 4. In truth, that change would completely transform this case more than two years in and inflict precisely the prejudice that the Court foresaw when closing the pleadings to further amendment. ECF No. 216 at 22. Indeed, this Court recently rejected another late-stage attempt to

---

[2] Plaintiffs' representation that "Google conceded" the new definitions "are narrower" during the pre-motion conference (Opp. 3; ECF No. 307 ¶ 5) is a fabrication. Harold Decl. ¶ 4.

GOOGLE LLC'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS               -3-               MASTER FILE CASE NO.: 5:23-cv-03440-EKL

shift a generative AI training case into one about data acquisition. *See Concord Music Grp., Inc. v. Anthropic PBC*, 5:24-cv-03811-EKL (N.D. Cal. Oct. 8, 2025), ECF No. 468; *id.*, ECF No. 478 at 2. And as Judge van Keulen already recognized here, Plaintiffs' new focus on "ingestion" is not part of the case as pleaded and would constitute a dramatic expansion. ECF No. 280-1 at 3.[3] Plaintiffs, who were barred from further pleading amendments, cannot achieve the same end through this artifice.

### III.   Plaintiffs' Misconduct Prejudiced Google.

For over a year, the parties conducted and the Court managed discovery based on Plaintiffs' pleaded class definition: U.S.-domiciled copyright owners whose works were used "to train" Google's models. ECF No. 234 ¶ 163. Google took and defended depositions, collected documents, analyzed Plaintiffs' theories, and prepared its experts based on that proposed class and Plaintiffs' verified interrogatory responses confirming they intended to pursue that class.

Despite what Plaintiffs now claim, Opp. 9-10, their October-surprise classes substantially prejudiced Google. Plaintiffs deprived Google of the reason and opportunity to take discovery on key issues. Google had no reason to take discovery on Plaintiffs' new ingestion theory which raises individualized issues concerning the statute of limitations, license and fair use, as Google could have acquired works decades ago, with ample approvals, in crawling the internet for its search services. Google also had little reason to focus on the highly individualized issue of when a work was first published because class membership as pleaded did not turn on that fact. And Google had no opportunity to explore Plaintiffs' brand new fail-safe exclusion of unspecified works covered by unspecified "express" licenses, leaving Google to guess at which of the many applicable licenses Plaintiffs reference or what millions (or even billions) of works they cover.[4]

---

[3] Plaintiffs also expanded their classes in other ways. First, they added non-U.S. domiciled class members, raising individualized choice of law and foreign law issues. Plaintiffs contend these issues do not "defeat certification." Opp. 5. They are wrong, but regardless, Google had the right to explore them and had no reason to do so because Plaintiffs had (mis)represented that the proposed class was limited to U.S. domiciliaries. Second, they eliminated any notion of a class period, roping in decades-old conduct and class members not previously part of the case.

[4] Plaintiffs also ignore the prejudice they visited upon Google by forcing it to make available a massive volume of data that is now plainly irrelevant to the case. At great expense, Google has

(continued...)

Plaintiffs claim Google could have cured any prejudice by taking discovery in the five weeks between Plaintiffs' motion to certify and Google's opposition. Opp. 9-10. That is unserious. Expert depositions *after* Plaintiffs revealed new classes are no substitute for the extensive fact discovery taken *before* Plaintiffs disclosed their secret plans. It would have been entirely unworkable for Google to restart fact discovery on the new classes in that brief period—while it was preparing its opposition and *Daubert* motions, deposing experts, and preparing its own expert reports. The Court's directive that Plaintiffs communicate "frequently and transparently" about their class plans was intended to avoid this obvious prejudice to Google. ECF No. 128 at 9.

### IV.  The Appropriate Sanction Is To Strike The Class Allegations With Prejudice.

Plaintiffs' repeated wrongdoing, in the face of this Court's explicit warnings, warrants striking the class allegations. The more modest sanctions Plaintiffs propose are no sanction at all. *See* Opp. 10 (proposing "extended deadlines, additional pages, additional discovery"). They would reward Plaintiffs with more time to "waste[] … on distractions" and "overbroad discovery." ECF No. 197 at 2 (finding Plaintiffs "have not acted diligently to meet th[e] [class certification] deadline"). And they would compound prejudice to Google, which has already been "unduly prejudice[d]" by Plaintiffs' "delay" and the discovery in this "massive and complex" case. ECF No. 216 at 22 (denying Plaintiffs further leave to amend).[5]

### CONCLUSION

Plaintiffs' all-too-familiar misconduct comes after a direct admonishment, at a critical stage, and is patently unfair to Google. Google respectfully requests that the Court sanction Plaintiffs by striking their class allegations with prejudice.

Respectfully submitted,

Dated: December 11, 2025

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

---

maintained and made available huge inventories of video- and audio-related data, computer code and more, that were within the ambit of Plaintiffs' proposed classes right up until they filed their certification motion.

[5] Plaintiffs falsely assert that "Google has limited all discovery to class certification." Opp. 8. As instructed by the Court, Google has sought to "prioritize" such discovery, ECF No. 128 at 8, but has also provided extensive information on the merits of Plaintiffs' claims. Harold Decl. ¶ 2.

By: */s/ Maura L. Rees*
Maura L. Rees
E-mail: mrees@wsgr.com

*Counsel for Defendant*
GOOGLE LLC