1

2

3

4
<div style="text-align:center">UNITED STATES DISTRICT COURT</div>

5
<div style="text-align:center">NORTHERN DISTRICT OF CALIFORNIA</div>

6

7

Case No.  23-cv-03440-EKL (SVK)

8
IN RE GOOGLE GENERATIVE AI

9
COPYRIGHT LITIGATION

**ORDER RE DISCOVERY DISPUTE**

Re: Dkt. No. 302

10

11

12

Before the Court is the fourth discovery dispute in a line of disputes relating to Plaintiffs'

13
efforts to identify the Named Plaintiffs' and putative class members' works that were used by

14
Defendant Google LLC ("Google") in training its AI models.  Dkt. 302; *see also* Dkts. 140, 159,

15
209.  Plaintiffs first sought the provision of source code, which this Court denied.  Based on

16
Google's representations that it was the training datasets, not the source code, that would enable

17
such identification, the Court approved (with some modifications) an inspection protocol for

18
training datasets proffered by Google and agreed to by Plaintiffs.  *See* Dkts. 140, 155.  The

19
subsequent disputes related to refinement/enforcement of this protocol.  *See* Dkts. 159, 172, 208,

20
221.  Plaintiffs now seek to compel Google, by whatever means possible, to "produce evidence

21
sufficient to identify, or simply identify:  (1) all Named Plaintiffs' copyrighted works in the

22
datasets … used by Google to train the Models, and (2) all class member copyrighted works used

23
for that purpose."  Dkt. 302 at 6.  The Court finds this matter suitable for resolution without oral

24
argument.  Civil L.R. 7-1(b).  Having considered the Parties' submissions, the relevant law and the

25
record in this action, the Court **DENIES** the request.

26
The Court denies Plaintiffs' requests for the same reasons it previously denied source code

27
review:  Google then represented and now maintains that "[t]he only record and the only means of

28
determining what materials Google used to train its AI models is the training data itself."  *See* Dkt.

<div style="writing-mode:vertical-rl">United States District Court<br>Northern District of California</div>

1    302 at 7.  Plaintiffs have proffered deposition testimony and other evidence suggesting that

2    Google knows what works are acquired by its Core Data Acquisition Team ("CDA") and ingested

3    through web crawling and that Google maintains records of books ingested into certain other data

4    corpuses.  Dkt. 302 at 4-6.  But as Google points out, and as this Court has noted previously, none

5    of this information "reveal[s] what survived the steps of preprocessing, filtering, deduplication,

6    and construction of final training datasets, which are significantly different from what was

7    included in [a] source corpus."  Dkt. 302 at 9;  Dkt. 280-1 at 2-3.  Accordingly, consistent with its

8    prior decisions, the Court is persuaded that only the training datasets will reveal what putative

9    class works were ultimately used train Google's AI models.

10          Even if the Court were to order Google to "produce evidence sufficient to identify" the

11   works used in the training datasets, Google's could only do so by having an expert work backward

12   from the training datasets.  Yet this is exactly what Plaintiffs acknowledge they have already done:

13   "Plaintiffs submitted a methodology that reliably identifies Class Works in Google's training

14   data."  Dkt. 302 at 2.  Indeed, Plaintiffs' true contention appears to be that they "should not have

15   had to incur the time and expense of developing that methodology."  *Id.*  Plaintiffs' proposed

16   relief, however, would not remedy this harm.  Rather, it would have Google duplicate work that

17   Plaintiffs admit was already done.  "[A] party is not required to create a document where none

18   exists."  *Finjan, Inc. v. Juniper Network, Inc.*, No. 17-cv-05659-WHA (TSH), 2019 WL 2865942,

19   at *1 (N.D. Cal. July 3, 2019) (cleaned up).  Moreover, a defendant is generally not required to

20   engage in analysis of records where the burden of deriving the answer from those records would

21   be the same for the plaintiff.  Fed. R. Civ. P. 33(d).

22          For all of the foregoing reasons, Plaintiff's request is redundant and not proportional to the

23   needs of the case and is therefore **DENIED.**

24

25          **SO ORDERED.**

26   Dated: December 19, 2025

27

28
                                                    SUSAN VAN KEULEN
                                                    United States Magistrate Judge

2