Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Telephone (415) 797-2617
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Telephone (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan A. Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel on Signature Pages]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation*, | Master File Case No. 5:23-cv-03440-EKL<br>Consolidated Case No. 5:24-cv-02531-EKL<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO INTERVENE ON BEHALF OF JAMES GRANT (a/k/a LEE CHILD), ANDREW GRANT (a/k/a ANDREW CHILD) AND GIRLCOMIX INC.**<br><br>Judge: Hon. Eumi K. Lee<br>Date: February 4, 2026<br>Time 10:00 A.M.<br>Courtroom: 7, Fourth Floor |

**REDACTED**

Master File Case No. 5:23-cv-3440-EKL

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO INTERVENE ................................................................ 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................ 1

I. INTRODUCTION ................................................................ 1

II. RELEVANT FACTUAL BACKGROUND ................................................................ 3

    A. Girlcomix Inc. ................................................................ 3

    B. James Grant and Andrew Grant ................................................................ 3

III. ARGUMENT ................................................................ 3

    A. The Court Should Permit Intervention ................................................................ 3

        1. The Court Has Jurisdiction over Intervenors' Claims ................................................................ 5

        2. The Intervention Application is Timely ................................................................ 5

            a. This Case Is Procedurally Early and Intervenors' Did not Delay ................................................................ 5

            b. Intervention Will not Unduly Prejudice Google ................................................................ 6

    B. In the Alternative, the Court Should Permit Intervention as a Matter of Right ................................................................ 8

        1. Intervenors Retain Copyrights in Works Used by Google without Authorization to Develop the Models-at-Issue ................................................................ 9, 9

        2. Intervenors' Interests Would be Inadequately Represented by Plaintiffs if Google's Arguments Are Credited And Not Permitting Intervention Would Impede or Impair Intervenors' Ability to Protect That Interest ................................................................ 9

        3. Intervenors' Motion Is Timely ................................................................ 10

IV. CONCLUSION ................................................................ 10

Master File Case No. 5:23-cv-3440-EKL        i

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038 (N.D. Cal. 2025) ..................................2, 7, 10

*Bobbitt v. Milberg LLP*, 338 F.R.D. 607 (D. Ariz. 2021) ...........................................................8

*Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013 (9th Cir. 2022) ..........4

*Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893 (9th Cir. 2011) ...........9

*Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401 (9th Cir.1989) ..................................9

*Donnelly v. Glickman*, 159 F.3d 405 (9th Cir. 1998) ..............................................................4, 8

*In re Cmty. Bank of N. Va.*, 418 F.3d 277 (3d Cir. 2005) ...........................................................9

*Jordan v. Nationstar Mortg., LLC,* 2016 WL 7494297 (E.D. Wash. Oct. 14, 2016) .................9

*Munoz v. PHH Corp.,* 2013 WL 3935054 (E.D. Cal. July 29, 2013) ........................................10

*Nw. Forest Res. Council v. Glickman,* 82 F.3d 825 (9th Cir.1996) ............................................5

*Perry v. Schwarzenegger*, 630 F.3d 898 (9th Cir. 2011) ............................................................4

*Sherman v. Griepentrog*, 775 F. Supp. 1383 (D. Nev. 1991) ........................................5, 7, 10

*Silvers v. Sony Pictures Ent., Inc.,* 402 F.3d 881 (9th Cir. 2005) ...............................................6

*Sloan v. Gen. Motors LLC*, 2020 WL 5517244 (N.D. Cal. Sept. 14, 2020) ....................... passim

*Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326 (9th Cir. 1977) ...................................4

*Trief v. Dun & Bradstreet Corp.,* 144 F.R.D. 193 (S.D.N.Y.1992) ............................................9

*U.S. v. City of Los Angeles,* 288 F.3d 391 (9th Cir. 2002) .........................................................4

*Ubaldi v. SLM Corp.*, 2014 WL 12639952 (N.D. Cal. June 13, 2014) .......................................9

*Withers v. eHarmony, Inc.,* 2010 WL 11526733 (C.D. Cal. Jan. 25, 2010) ....................1, 5, 6, 7

**Federal Statutes**

17 U.S.C. § 501 ............................................................................................................................5

28 U.S.C. § 1331 ..........................................................................................................................5

28 U.S.C. § 1332(d)(2) ................................................................................................................5

Master File Case No. 5:23-cv-3440-EKL     ii

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

1  **Rules**
2  Fed. R. Civ. P. § 23.................................................................................................................9
3  Fed. R. Civ. P. § 24..........................................................................................................1, 4, 8
4  Fed. R. Civ. P. § 24(a).............................................................................................................9
5  Fed. R. Civ. P. § 24(a)(2).........................................................................................................8
6  Fed. R. Civ. P. § 24(b).........................................................................................................4, 9
7  Fed. R. Civ. P. § 24(b)(1)(B)....................................................................................................4
8  Fed. R. Civ. P. § 24(b)(3).........................................................................................................4

**NOTICE OF MOTION AND MOTION TO INTERVENE**

PLEASE TAKE NOTICE that on February 4, 2026, at 10:00 a.m in Courtroom 7, Fourth Floor, of the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, Room 2112, San Jose, CA 95113, Plaintiffs will respectfully move this Court for an order to permit the intervention of Intervenors James Grant, Andrew Grant and Girlcomix Inc. to serve as class representatives pursuant to Rule 24 of the Federal Rules of Civil Procedure.

Pursuant to Judge Eumi K. Lee's Standing Order, § VIII.A, Plaintiffs met and conferred with Google prior to bringing this motion, and Google declined to agree to intervention.

Plaintiffs' Motion is based on this Notice of Motion and supporting Memorandum of Points and Authorities, the Declaration of Joseph R. Saveri, all pleadings and papers in this action, and any oral argument of counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.    **INTRODUCTION**

Intervenors Girlcomix Inc., James Grant [a/k/a Lee Child], and Andrew Grant [a/k/a Andrew Child] ("Intervenors") are each Class Members in this matter, *In re Google Generative AI Copyright Litigation,* and respectfully seek to intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 24. Each has valid registrations in one or more copyrighted works; ███ ████████████████████████████████████████████████████████████ Intervenors seek to intervene to "strengthen representation of the class in the face of defendants' challenge to the adequacy of class representation." *Withers v. eHarmony, Inc.,* 2010 WL 11526733, at *2 (C.D. Cal. Jan. 25, 2010) (quoting *Bromley v. Mich. Educ. Ass'n–NEA,* 178 F.R.D. 148, 153, 156 (E.D. Mich. 1998)). Allowing intervention will serve both the interests of the class and judicial economy. *Id*.

Defendant Google, in its Opposition to Plaintiffs' Motion for Class Certification, challenged the adequacy of Plaintiff Hope Larson, the Author of *All Summer Long,* because Larson utilizes Intervenor Girlcomix Inc., a "loan-out" corporation she solely created, owned, and controlled, to license her work. Google's Opposition to Class Certification, ECF No. 289-1, at 5-6. Creating a loan-out company is a common practice among professional authors of copyrighted books, and Plaintiff Larson, like other authors who do so, retains a beneficial ownership interest in *All Summer Long*. Nonetheless, in order to

Master File Case No. 5:23-cv-3440-EKL    1

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

1  resolve any ancillary issue regarding Plaintiff Larson's loan-out corporation, which she solely owns,
2  Plaintiffs propose in the alternative that her loan-out corporation be added as Named Plaintiff. *See Bartz*
3  *v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1053-54 (N.D. Cal. 2025).
4      Separately, Plaintiffs have moved for certification of a subclass of owners of copyrighted images
5  and text whose works are found ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
6  ECF No. 253-1. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
8  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *E.g.,* SACC ¶¶ 18-26, 35-44, 81-85, 90-91. Google, nonetheless,
9  argued in its Opposition to Class Certification that because Plaintiffs' expert McCarron did not ▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ECF No. 289-1, at 24. Intervenors James Grant and Andrew Grant, however, do
12 have copyrighted works ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Should the Court credit Google's argument,
14 there will be no Plaintiff ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 ▓▓▓ They should be permitted to intervene to protect those interests.
16     The motion is timely. Intervenors' motion is made before the Court has ruled on class
17 certification and prior to any rulings on the merits. Indeed, courts have permitted intervention even after
18 classes have been certified. Further, there will be no delay to the case schedule, nor will Google suffer
19 any undue prejudice. With respect to Girlcomix, Google has already taken fulsome discovery on Plaintiff
20 Larson's loan-out, including many questions at her deposition. In any event, discovery is still open and
21 does not close for months. Google has ample time to take any additional discovery of Girlcomix it thinks
22 it may need. With respect to James and Andrew Grant, they are already prepared to provide the
23 discovery requested by Google, and to promptly sit for depositions. And authority indicates that further
24 discovery as to a few other class members is not overly burdensome or unduly prejudicial, especially
25 when there is still ample time left in discovery.
26     The Court should permit Intervenors Girlcomix Inc., James Grant, Andrew Grant to intervene in
27 this matter as representative plaintiffs in the interests of the class and judicial economy because
28 including these Intervenors as plaintiffs will obviate any further arguments regarding the adequacy of the

Master File Case No. 5:23-cv-3440-EKL    2

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.



1  named plaintiffs as class representatives. Plaintiffs conferred with Google prior to bringing this motion
2  and Google declined to agree to intervention.
3  II.    RELEVANT FACTUAL BACKGROUND
4      A.    Girlcomix Inc.
5  Plaintiff Larson is the founder, owner, and single member of Intervenor Girlcomix, Inc.
6  ("Girlcomix"), and its only employee. *See* Saveri Decl., Ex. A (Larson Dep. 79:21–25). No one besides
7  Larson has ever had an ownership interest or been an employee of Girlcomix. *See* Saveri Decl., Ex. A
8  (Larson Dep. 79:23-24, 94:8–95:12). Larson incorporated Girlcomix as a Delaware S-corporation in
9  2010 and later reincorporated in North Carolina after moving there. *See* Saveri Decl., Ex. A (Larson Tr.
10 87:6-88:25). Larson testified that she uses Girlcomix as a "loan-out company" to reduce her personal tax
11 burden and to receive income through the company from the books that she authors and sells, a common
12 practice in the industry. Saveri Decl., Ex. A (Larson Dep. 81:6–82:4).
13     B.    **James Grant and Andrew Grant**
14 Intervenors James Grant and Andrew Grant are brothers and the prolific authors of the best-
15 selling *Jack Reacher* series of action/thriller novels. James Grant uses "Lee Child" as his pen name,
16 under which he has become a world-famous author as the creator of the Jack Reacher series,. Andrew
17 Grant has authored nine novels over three different series using his given name, and has co-authored the
18 last five Jack Reacher novels with his brother using the pen name "Andrew Child." ▓▓▓▓▓
19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
21 Saveri Decl., Ex. G (Email). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Saveri Decl., ¶¶ 8, 11. James and Andrew
24 Grant hold valid copyright registrations as to each. Saveri Decl., Exs. B-F (copyright registrations).
25 Neither James nor Andrew Grant uses a loan-out corporation.
26 III.   ARGUMENT
27     A.    **The Court Should Permit Intervention**
28

Rule 24(b) provides that "on timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Under Federal Rule of Civil Procedure 24(b), a district court has discretion to permit intervention when the movant presents "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Callahan v. Brookdale Senior Living Communities, Inc.*, 42 F.4th 1013, 1022 (9th Cir. 2022) (quoting *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011).

When the prerequisites for permissive intervention are met, a district court is entitled to consider other factors in making its discretionary decision on the issue of permissive intervention, including:

> [the intervenor's] standing to raise relevant legal issues, ... whether changes have occurred in the litigation so that intervention that was once denied should be reexamined, whether the intervenors' interests are adequately represented by other parties, whether intervention will prolong or unduly delay the litigation, and whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011); *see also Callahan,*, 42 F.4th at 1022 (listing factors).

As the Ninth Circuit has explained, a "liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a practical interest in the outcome of a particular case to intervene, [courts] often prevent or simplify future litigation involving related issues; at the same time, [they] allow an additional interested party to express its views before the court." *U.S. v. City of Los Angeles,* 288 F.3d 391, 397–98 (9th Cir. 2002). Rule 24 (b)(3) provides that, "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."; *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Nonetheless, a district court's discretion to permit intervention is broad. *Spangler v. Pasadena City Bd. of Educ.,* 552 F.2d 1326, 1329 (9th Cir. 1977). "While the party seeking to intervene bears the burden of demonstrating that the requisite elements of Rule 24 are satisfied, 'a district court is required to accept as true the non-conclusory allegations made in support of an intervention motion.'" *Withers,* 2010 WL 11526733, at *1) (quoting *Sw. Ctr. for Biological Diversity*, 268 F.3d at 819).

Master File Case No. 5:23-cv-3440-EKL    4

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

### 1. The Court Has Jurisdiction over Intervenors' Claims

As an initial matter, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this case arises under the Copyright Act (17 U.S.C. § 501). The Court has federal subject-matter question jurisdiction over the Intervenors because they have the exact same federal copyright claims as the rest of the putative Class. Jurisdiction also exists under 28 U.S.C. § 1332(d)(2) because this matter is a class action in which the matter in controversy exceeds $5 million.

### 2. The Intervention Application is Timely.

In the Ninth Circuit, three criteria are considered in determining whether a motion to intervene is timely: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 836–37 (9th Cir.1996) (citing *United States v. Oregon,* 913 F.2d 576, 588 (9th Cir.1990)). Google raised the adequacy arguments that in its Opposition to Plaintiffs' Motion for Class Certification, filed on November 20, 2025. ECF No. 289-1. The Intervenors now seek to intervene to become named plaintiffs and serve alongside the other named plaintiffs as representative plaintiffs of the proposed Class in order to minimize the ancillary issues Google raises, and to address any adequacy issues that may result should the Court credit Google's arguments.

#### a. This Case Is Procedurally Early and Intervenors' Did not Delay

Although significant motion practice has occurred to date, procedurally, this case in its infancy—this case is still pre-class certification. Courts routinely permit intervention by class members when the motion is made "relatively early in the proceedings, at a time prior to the court's ruling on class certification and prior to any rulings on the merits." *Sherman v. Griepentrog*, 775 F. Supp. 1383, 1386 (D. Nev. 1991); *see also Withers,* 2010 WL 11526733, at *2 (finding the case was still at an early stage of the proceedings where "we have made no factual findings, discovery is still being conducted, and we have not addressed the underlying merits of the claims in either summary judgment or class certification proceedings."). Importantly, "courts regularly permit intervention *after* class certification." *Sloan v. Gen. Motors LLC*, 2020 WL 5517244, at *8 (N.D. Cal. Sept. 14, 2020) (emphasis added); *see also id.* (permitting intervention two months after certification order).

This Court has not yet certified a class or adjudicated on the merits. That reason is enough to

1  permit intervention. Further, Intervenors did not delay in seeking intervention. With respect to
2  Girlcomix, Google has long opposed class certification on the theory the no class could ever be certified
3  and that Google's licenses somehow permitted the use of Plaintiffs' works as fodder for developing its
4  AI models. Intervenors were therefore unaware that Google intended to challenge Plaintiff Larson's
5  adequacy until its Opposition to Class Certification, notwithstanding many opportunities to do so. Once
6  on notice Google intended to challenge Plaintiff Larson's adequacy on the grounds that Girlcomix was
7  the proper plaintiff, Girlcomix promptly moved to intervene. With respect to James and Andrew Grant,
8  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
9  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
10 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Saveri Decl., ¶ 9 & Ex. H
11 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
12 ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
13 And as this Court knows, Google's production of sample training data and Plaintiffs and their experts'
14 access to that data has been riddled with technical issues. *See generally* ECF Nos. 223-4; 239-2.
15 Intervenors James and Andrew Grant promptly moved soon after Google's opposition challenging the
16 adequacy of the representation of the subclass they suitably represent.

17                **b.    Intervention Will not Unduly Prejudice Google**

18         Intervenors' entry into the case will not unduly prejudice Google. It "cannot be said to prejudice
19 Defendant since the end result—defending against certification of a class represented by [intervenor]—
20 would have occurred regardless of when [intervenor] joined as a named plaintiff. This is especially so
21 given Defendant's arguments that allowing the claims to proceed on a class-wide basis is inappropriate
22 irrespective of the identity of the class representative." *Withers,* 2010 WL 11526733, at *2.

23         ***Girlcomix, Inc.*** The intervention of Girlcomix poses no prejudice to Google. *See e.g., Silvers v.*
24 *Sony Pictures Ent., Inc.,* 402 F.3d 881, 886 (9th Cir. 2005) ("Congress foresaw a permissible division of
25 exclusive rights; the owner of any one of those exclusive rights may sue, with other owners being
26 entitled to notice and joinder."). Plaintiffs note that Google has already obtained fulsome discovery from
27 Plaintiff Larson regarding Girlcomix, and has already conducted a full and searching examination about
28 Girlcomix at her deposition. Saveri Decl., Ex. A (excerpts from the deposition of Hope Larson regarding

1  her loan-out). In any event, discovery is still open until February 13, 2026. There is still ample time to
2  take whatever marginal discovery related to Plaintiff Larson's wholly-owned loan-out Girlcomix.

3  Judge Alsup's recent decision in *Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038 (N.D. Cal. 2025)
4  underscores why Google suffers no undue prejudice. In *Bartz*, Judge Alsup recognized the lack of
5  meaningful distinction between an author and her loan-out. "If the author controls the loan-out, she can
6  bring the suit in its name, or effect a transfer from one hand to the other hand by 'at anytime simply
7  memorializ[ing] that intent in writing.'" *Id.* at 1053 (quoting *Jules Jordan Video, Inc. v. 144942 Canada
8  Inc.,* 617 F.3d 1146, 1156 (9th Cir. 2010)). Judge Alsup concluded that "if an author's loan-out were
9  named instead of the author, or vice-versa, such a mistake would not stall our litigation." *Id*. The same is
10 true here. Google will similarly suffer no meaningful prejudice if Girlcomix is permitted to intervene.

11 ***James and Andrew Grant.*** Intervention by James and Andrew Grant also poses no undue
12 prejudice. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
13 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
15 Without access to the entire training datasets, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
16 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Saveri Decl., ¶¶ 8, 11. Further, James and
18 Andrew Grant are prepared to promptly participate in discovery. Their documents are already being
19 collected; and they will promptly conduct a review of relevant and responsive documents for production
20 in order to respond to the discovery Google has already propounded to Plaintiffs. Saveri Decl., ¶ 10.

21 Google's assertions of prejudice, raised during the parties' meet and confer, are without merit.
22 Broadly, Google merely asserts that Intervenors' motion is late. But as indicated above, courts routinely
23 permit intervention where, as here, class certification and merits issues have not been decided, and often
24 even after. *E.g.*, *Sherman*, 775 F. Supp. at 1386 (permitting intervention before class certification was
25 decided); *Withers,* 2010 WL 11526733, at *2 (same); *see also Sloan*, 2020 WL 5517244, at *8
26 (permitting intervention where "Plaintiffs filed their motion just two months after this Court's
27 certification order"). To the extent Google may oppose on the basis of additional discovery needed, this
28 too fails. As mentioned above, there are months left in fact discovery. "Moreover, Defendant[ ] [was] on

notice that they may be subject to class-wide liability from the beginning, and it is unpersuasive to claim that further discovery as to one putative class member would be unduly prejudicial." *Bobbitt v. Milberg LLP*, 338 F.R.D. 607, 627 (D. Ariz. 2021) (citing *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997)); *see also Sloan*, 2020 WL 5517244, at *9 ("Conducting two additional inspections and/or depositions … would not be overly burdensome or prejudicial."). For the same reasons, neither would the resolution of this case be delayed by permitting intervention.

### B. In the Alternative, the Court Should Permit Intervention as a Matter of Right

In the alternative, the Court should grant Intervenors' Motion as a matter of right. James and Andrew Grant have a particularly strong claim to mandatory intervention—should the Court credit Google's argument that there is no adequate representative for the piracy subclass, then there is no Plaintiff left to protect their interests.

Rule 24(a)(2) provides that on timely motion the court must permit anyone to intervene who may "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The advisory committee notes make clear that a class member "should, as a general rule, be entitled to intervene in the action," unless the current parties adequately represent him. Fed. R. Civ. P. 24 advisory committee notes to 1966 Amendment.

Courts in the Ninth Circuit apply a four-part test to determine whether intervention should be granted as a matter of right: (1) the applicant must assert a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (2) the applicant's interest must be inadequately represented by the parties to the action; (3) disposition of the action without intervention may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's motion must be timely. *Donnelly,* 159 F.3d at 409. The burden of demonstrating the existing parties *may be* inadequate is generally "minimal" and can be satisfied if the applicant demonstrates that "representation by existing parties 'may be' insufficient." *Jordan v. Nationstar Mortg., LLC,* 2016 WL 7494297, at *4 (E.D. Wash. Oct. 14, 2016) (quoting *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001)). Each element is satisfied here.

Master File Case No. 5:23-cv-3440-EKL    8

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

### 1. Intervenors Retain Copyrights in Works Used by Google without Authorization to Develop the Models-at-Issue

There is no question that Intervenors assert a protectable interest tied to the claim at issue. Intervenors are class members already as beneficial or legal owners of validly registered copyrights that were infringed by Google. "Whether an applicant for intervention as of right demonstrates sufficient interest in an action is a 'practical, threshold inquiry,' and '[n]o specific legal or equitable interest need be established.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (cleaned up, quoting *Nw. Forest Res. Council v. Glickman,* 82 F.3d 825, 837 (9th Cir.1996)). The Intervenors bring the same copyright claims which provide a significant protectable interest relating to the subject of the instant action. *Ubaldi v. SLM Corp.*, 2014 WL 12639952, at *5 (N.D. Cal. June 13, 2014) (citing *Glass v. UBS Fin. Servs., Inc.*2007 WL 474936 (N.D. Cal. 2007); *see also In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005) ("In the class action context, the [sufficient interest and affected interest prongs of Rule 24(a)] are satisfied by the very nature of Rule 23 representative litigation."). Similarly, when intervention is sought by absent class members, Rule 24(b) commonality is satisfied. *Sloan*, 2020 WL 5517244, at *8.

### 2. Intervenors' Interests Would be Inadequately Represented by Plaintiffs if Google's Arguments Are Credited And Not Permitting Intervention Would Impede or Impair Intervenors' Ability to Protect That Interest

"[A] member of a class should have the right to intervene in a class action if he can show the inadequacy of the representation of his interest by the representative parties before the court" *Diaz v. Trust Territory of Pacific Islands*, 876 F.2d 1401, 1405, fn. 1 (9th Cir.1989). "Intervention of class representatives to ensure adequate class representation is highly desirable" *Trief v. Dun & Bradstreet Corp.,* 144 F.R.D. 193 (S.D.N.Y.1992). "A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, [courts] often prevent or simplify future litigation involving related issues, at the same time, [they] allow an additional interested party to express its views before the court." *Munoz v. PHH Corp.,* 2013 WL 3935054, at *5 (E.D. Cal. July 29, 2013) (quoting *U.S. v. City of Los Angeles*, 288 F.3d at 397-98).

Intervenors each have concrete and significant interests in this litigation beyond the highly

1  practical and important interest of protecting their copyrights. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Plaintiffs disagree, of
3  course, but if the Court agrees with Google that there is no Plaintiff ▓▓▓▓▓▓▓▓▓▓
4  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
5  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.
6  And so they would seek to intervene to step forward to represent the subclass.

7  Intervenor Girlcomix, on the other hand, would slip into the shoes of Plaintiff Larson if the Court
8  agrees ownership properly resides with Girlcomix. There is no dispute that Plaintiff Larson's work *All*
9  *Summer Long* was identified in the training data. There is also no real dispute that the registration for *All*
10 *Summer Long* is otherwise valid, as indicated by Google's opposition to Plaintiffs' class certification.
11 And here is no real dispute that Plaintiff Larson wholly owns Girlcomix, and there is no conflict between
12 the two. There is no reason that the claim for the infringement of *All Summer Long* should not be
13 permitted to continue in such circumstances. As Judge Alsup aptly noted, "it would be unusual and
14 unwarranted to permit a third-party infringer to invoke [the written transfers requirement] to avoid suit
15 for copyright infringement." *Bartz*, 791 F. Supp. 3d at 1053-54. (citation omitted).

16 Should intervention be denied, Intervenors' ability to vindicate their interests would be impaired.
17 As is clear from Plaintiffs' motion for class certification, a viable case and controversy that should
18 proceed on a class basis is set forth here, and denying Intervention will result in duplicative litigation. As
19 explained by the court in *Sherman v. Griepentrog*, 775 F. Supp. at 1386, denying intervention under
20 these circumstances only guarantees that Intervenors will simply refile as class representatives, resulting
21 in redundant and duplicative litigation. This is particularly true for Intervenors James and Andrew Grant,
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, are left with no class
23 representative at all—the Grants and Google would have to relitigate this case all over.

### 3. Intervenors' Motion Is Timely

25 Intervenors' Motion is timely for the reasons set forth above. § III.A.2, *supra*.

## IV. CONCLUSION

27 For the foregoing reasons, Plaintiffs and Intervenors request the Court permit the intervention of
28 Intervenors James Grant, Andrew Grant and Girlcomix Inc. to serve as class representatives.

Dated: December 30, 2025

| | |
|---|---|
| By: */s/ Lesley Weaver* | By: */s/ Joseph R. Saveri* |
| | |
| Lesley E. Weaver (SBN 191305) | Joseph R. Saveri (SBN 130064) |
| Anne K. Davis (SBN 267909) | Cadio Zirpoli (SBN 179108) |
| Joshua D. Samra (SBN 313050) | Christopher K.L. Young (SBN 318371) |
| **BLEICHMAR FONTI & AULD LLP** | Evan A. Creutz (SBN 349728) |
| 1330 Broadway, Suite 630 | Elissa A. Buchanan (SBN 249996) |
| Oakland, CA 94612 | Aaron Cera (SBN 351163) |
| Tel. (415) 797-2617 | Louis Kessler (SBN 243703) |
| lweaver@bfalaw.com | Alex Zeng (360220) |
| adavis@bfalaw.com | **JOSEPH SAVERI LAW FIRM, LLP** |
| jsamra@bfalaw.com | 601 California Street, Suite 1505 |
| | San Francisco, CA 94108 |
| Gregory S. Mullens (admitted *pro hac vice*) | Telephone: (415) 500-6800 |
| **BLEICHMAR FONTI & AULD LLP** | Facsimile: (415) 395-9940 |
| 75 Virginia Road, 2nd Floor | jsaveri@saverilawfirm.com |
| White Plains, NY 10603 | czirpoli@saverilawfirm.com |
| Tel. (415) 445-4006 | cyoung@saverilawfirm.com |
| gmullens@bfalaw.com | ecreutz@saverilawfirm.com |
| | eabuchanan@saverilawfirm.com |
| | acera@saverilawfirm.com |
| | lkessler@saverilawfirm.com |
| | azeng@saverilawfirm.com |

*Plaintiffs' Interim Co-Lead Counsel*

| | |
|---|---|
| Matthew Butterick (SBN 250953) | Ryan J. Clarkson (SBN 257074) |
| **BUTTERICK LAW** | Yana Hart (SBN 306499) |
| 1920 Hillhurst Avenue, #406 | Mark I. Richards (SBN 321252) |
| Los Angeles, CA 90027 | Tiara Avaness (SBN 343928) |
| Telephone: (323) 968-2632 | **CLARKSON LAW FIRM, P.C.** |
| Facsimile: (415) 395-9940 | 22525 Pacific Coast Highway |
| mb@butericklaw.com | Malibu, CA 90265 |
| | Telephone: 213-788-4050 |
| Brian D. Clark (admitted *pro hac vice*) | rclarkson@clarksonlawfirm.com |
| Laura M. Matson (admitted *pro hac vice*) | yhart@clarksonlawfirm.com |
| Arielle S. Wagner (admitted *pro hac vice*) | mrichards@clarksonlawfirm.com |
| Consuela Abotsi-Kowu (admitted *pro hac vice*) | tavaness@clarksonlawfirm.com |
| **LOCKRIDGE GRINDAL NAUEN PLLP** | |
| 100 Washington Avenue South, Suite 2200 | Tracey Cowan (SBN 250053) |
| Minneapolis, MN 55401 | **CLARKSON LAW FIRM, P.C.** |
| Telephone: (612) 339-6900 | 95 Third Street, Second Floor |
| Facsimile: (612) 339-0981 | San Francisco, CA 94103 |
| bdclark@locklaw.com | Tel. (213) 788-4050 |
| lmmatson@locklaw.com | tcowan@clarksonlawfirm.com |
| aswagner@locklaw.com | |
| cmabotsi-kowo@locklaw.com | |

Master File Case No. 5:23-cv-3440-EKL    11

PLAINTIFFS' MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

1  Stephen J. Teti (admitted *pro hac vice*)
   **LOCKRIDGE GRINDAL NAUEN PLLP**
2  265 Franklin Street, Suite 1702
   Boston, MA 02110
3  Telephone: (617) 456-7701
4  sjteti@locklaw.com

5      *Additional Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Joseph R. Saveri, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 30th day of December, 2025, at San Francisco, California.

*/s/ Joseph R. Saveri*
Joseph R. Saveri