DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street
Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO INTERVENE**<br><br>Date: February 4, 2026<br>Time: 10:00 A.M.<br>Courtroom: 7, Fourth Floor<br>Judge: Hon. Eumi K. Lee<br><br>**PUBLIC VERSION** |

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

ARGUMENT .................................................................................................................................... 3

I.   Intervention Should Be Denied Because Plaintiffs Have Not Shown Good Cause Under Rule 16(b) To Amend The Scheduling Order. ............................................................ 3

II.  Proposed Intervenors Have Not Shown Intervention Is Warranted Under Rule 24. .......... 5

    A.   The Motion To Intervene Is Untimely. ................................................................... 5

    B.   Proposed Intervenors Have Not Shown The Other Elements Required For Intervention. ............................................................................................................ 8

    C.   Intervention Would Be Pointless. ........................................................................... 8

CONCLUSION ............................................................................................................................... 10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Blake v. Pallan*,
    554 F.2d 947 (9th Cir. 1977) ............................................................................................... 8

*Bohn v. Pharmavite, LLC*,
    2013 WL 12246336 (C.D. Cal. Oct. 8, 2013) ...................................................................... 4

*Briggs v. OS Rest. Servs., LLC*,
    2021 WL 7448752 (C.D. Cal. Aug. 18, 2021) .................................................................... 5

*Buffin v. City & Cnty. of San Francisco*,
    2016 WL 6025486 (N.D. Cal. Oct. 14, 2016) ..................................................................... 8

*Carol Wilson Fine Arts, Inc. v. Qian*,
    671 F. App'x 701 (9th Cir. 2016) ....................................................................................... 3

*China Agritech, Inc. v. Resh*,
    584 U.S. 732 (2018) ........................................................................................................... 9

*Donnelly v. Glickman*,
    159 F.3d 405 (9th Cir. 1998) .............................................................................................. 5

*EEOC v. Activision Blizzard, Inc.*,
    2023 WL 8908774 (9th Cir. Dec. 27, 2023) ....................................................................... 5

*In re Flash Memory Antitr. Litig.*,
    2010 WL 2332081 (N.D. Cal. June 9, 2010) ...................................................................... 9

*Harris v. Vector Mktg. Corp.*,
    2010 WL 3743532 (N.D. Cal. Sept. 17, 2010) ................................................................ 3, 4

*Hofstetter v. Chase Home Fin., LLC*,
    2011 WL 5415073 (N.D. Cal. Nov. 8, 2011) ...................................................................... 8

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) .............................................................................................. 3

*Kihn v. Bill Graham Archives LLC*,
    2022 WL 18935 (9th Cir. Jan. 3, 2022) ............................................................................ 10

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*,
    2016 WL 324015 (N.D. Cal. Jan. 27, 2016) .................................................................. 6, 7

*Lidie v. California*,
    478 F.2d 552 (9th Cir. 1973) .............................................................................................. 1

*SEC v. Beasley*,
    2024 WL 1133587 (9th Cir. Mar. 15, 2024) ....................................................................... 8

*Sherman v. Griepentrog*,
    775 F. Supp. 1383 (D. Nev. 1991) ............................................................................................. 6

*Sloan v. Gen. Motors LLC*,
    2020 WL 5517244 (N.D. Cal. Sept. 14, 2020) ............................................................................ 6

*Valentine v. Crocs, Inc.*,
    2024 WL 5340074 (N.D. Cal. Sept. 19, 2024) ........................................................................ 6, 7

*Wilson v. Frito-Lay N. Am., Inc.*,
    2017 WL 3478776 (N.D. Cal. Aug. 14, 2017) ............................................................................ 4

*Withers v. eHarmony, Inc.*,
    2010 WL 11526733 (C.D. Cal. Jan. 25, 2010) ............................................................................ 6

**STATUTES**

17 U.S.C. § 101 ................................................................................................................................. 3

17 U.S.C. § 201 ................................................................................................................................. 3

17 U.S.C. § 411 ................................................................................................................................. 9

**RULES**

Fed. R. Civ. P. 16 .................................................................................................................... 1, 3, 4

Fed. R. Civ. P. 24 ................................................................................................................. 1, 2, 5, 8

**INTRODUCTION**

This motion is the latest in a series of stunts by Plaintiffs to try to save their failing bid for class certification. Plaintiffs litigated this case for years before unveiling brand new classes and subclasses in their motion to certify. Now, after completing class briefing, and on the eve of the February 13 discovery cutoff, Plaintiffs want a do-over. They ask to add three new plaintiffs—not because of newly discovered facts, but because they are desperate to cover up some of the fatal flaws that Google exposed in their class certification motion. This "back-door attempt to begin the action anew" is gamesmanship and must be rejected. *Lidie v. California*, 478 F.2d 552, 555 (9th Cir. 1973).

The motion comes far too late. The Scheduling Order's deadline for amending pleadings and adding parties was more than a year ago. ECF 88 at 2 (December 20, *2024*). Plaintiffs do not acknowledge that deadline or even attempt to show the good cause that Rule 16 requires for extending it to add new allegations and parties. In truth, Plaintiffs cannot make that showing, or establish the "timel[iness]" required for intervention under Rule 24. Fed. R. Civ. P. 24(a), (b)(1). Their decision to wait until the close of class briefing and the end of fact discovery to attempt to address the named Plaintiffs' inadequacies is both dilatory and prejudicial, as it would necessitate additional discovery, disrupt class certification briefing, and further delay the case.

Delay and prejudice aside, intervention would be futile as the Proposed Intervenors only underscore the predominance problem Plaintiffs face on their class motion. The Grants seek to represent a subclass whose supposed membership Plaintiffs cannot reliably determine and that is not properly part of the case because Plaintiffs concealed it in violation of multiple obligations. *See* ECF 298/300-1 (Motion for Sanctions). Further, it is clear even without discovery that the Grants have an intractable statute of limitations problem. Girlcomix seeks to assert a work, *All Summer Long*, that it does not even claim to own and that lacks a valid copyright registration. Intervention should be denied.

**BACKGROUND**

**Procedural History**. Plaintiffs have long dodged scrutiny of their misguided class action efforts. They have employed artifices including manifestly fail-safe classes in the consolidated

complaint, ECF 128; refusing to supply discovery on the named plaintiffs, ECF 289-13 ¶¶ 2-8; pushing for serial delays, ECF 173, 223; dropping two named plaintiffs with indefensible claims 48 hours before filing their motion, ECF 246, 247; and twice concealing the classes they actually intended to pursue, ECF 128 at 8-9, 300-1.

This intervention motion is the latest chapter. Not until December 16, 2025, did Plaintiffs first raise adding plaintiffs. That was a year after the Scheduling Order deadline, months after they filed their class certification motion, and weeks after Google submitted its opposition brief. ECF 322-2 ("Saveri") Ex. G at 5. It was also months after the Court ordered, in September 2025, that any further pleading amendments would be "unduly burdensome on Defendants and would further delay resolution of this important matter." ECF 216 at 22. Plaintiffs did not seek leave to amend, instead styling their request as one for intervention, apparently hoping to end-run the Court's Orders.

In raising the issue, Plaintiffs said they needed to add the Grants as plaintiffs because they did not have anyone to represent their newly-contrived and inaptly named "Pirated Books" subclass (hereinafter referred to as the "Webcrawled Text Subclass"). Mot. 2; ECF 289-1 at 24 (Opposition to Class Certification). The parties conferred regarding the Grants on December 23. Later that evening, Plaintiffs wrote that they "inadvertently neglected" to raise adding still another potential plaintiff, Girlcomix, Inc., to supposedly cure Plaintiff Larson's ownership problem. Saveri Ex. G at 2. Plaintiffs did not confer regarding Girlcomix until hours before filing this motion on December 30. And only from the filed motion did Google learn that the Grants wished to assert more and different copyrights than those they had previously identified. *Compare id.* at 5, *with* Mot. 3. On January 2, Google informed Plaintiffs that their motion failed to include the required proposed pleading. *See* Fed. R. Civ. P. 24(c). Plaintiffs emailed some proposed additional allegations, but refused to provide or file anything more. ECF 338/339-2 ("Harold") Ex. A at 1-2.

**Andrew and James Grant.** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

1     **Girlcomix, Inc.** At the start of this litigation, Plaintiff Larson alleged that she is the sole owner of the work-in-suit, *All Summer Long*. But during her deposition in July 2025, she testified that she created the work "in [her] capacity as an employee of GirlComix, Inc," and that she was "acting within the scope of [her] employment" when she did so. Saveri Ex. A at 96:1-13; 103:22-104:7. These admissions establish that *All Summer Long* was a "work for hire," rendering Girlcomix the sole author and owner from the moment of the work's creation. *See Carol Wilson Fine Arts, Inc. v. Qian*, 671 F. App'x 701, 702 (9th Cir. 2016); 17 U.S.C. §§ 101(1), 201(b). As a result, Larson is not and never was an owner of *All Summer Long*. That is fatal to her bid to represent any class and to her case. Now, six months later, Girlcomix seeks to intervene on the premise that it, and not Larson, may be the "proper plaintiff" to assert a copyright in *All Summer Long*. *See* Mot. 6; *accord* Saveri Ex. G at 2. Yet Plaintiffs are still hedging and do not actually say that Girlcomix owns *All Summer Long*. *See* Harold Ex. A at 1. The absence of that allegation would defeat any infringement claim, and the shell game Plaintiffs are playing over the work highlights the individualized nature of the ownership questions that would arise across the putative classes Plaintiffs seek to certify.

**ARGUMENT**

**I.   Intervention Should Be Denied Because Plaintiffs Have Not Shown Good Cause Under Rule 16(b) To Amend The Scheduling Order.**

As a threshold matter, Plaintiffs' motion should be denied because the deadline to amend the pleadings or add parties passed over a year ago. ECF 88 at 2. Under Rule 16(b), which is applicable to proposed inventions, "[a] schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4); *Harris v. Vector Mktg. Corp.*, 2010 WL 3743532, at *1 (N.D. Cal. Sept. 17, 2010). Good cause requires "diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, "the existence or degree of prejudice to the party opposing the modification" may provide "additional reasons to deny" the motion. *Id.*

Plaintiffs have made no effort at all to show good cause or diligence. Their motion does not acknowledge Rule 16 or the Court's Scheduling Order. The only supporting declaration, from

counsel, does not even aver any facts relevant to diligence. *See* ECF 322-2. By itself, the failure to make any showing justifies denying the motion. *See Harris,* 2010 WL 3743532, at *2 (denying intervention based on Rule 16 where supporting declaration "sa[id] nothing at all about [the proposed intervenor's] diligence").

In all events, neither Plaintiffs nor Proposed Intervenors have been diligent. The supposed need for Girlcomix to intervene should have been apparent to Plaintiffs since before Larson filed suit in April 2024. Had Plaintiffs' counsel conducted any pre-suit investigation, they would have discovered that Larson is not—and was never—an owner. Failure to conduct a "reasonable pre-filing investigation" is a textbook lack of diligence. *See Wilson v. Frito-Lay N. Am., Inc.*, 2017 WL 3478776, at *3 (N.D. Cal. Aug. 14, 2017); *Bohn v. Pharmavite, LLC*, 2013 WL 12246336, at *2 (C.D. Cal. Oct. 8, 2013).

Plaintiffs again shirked their duty in discovery. Google asked Larson in January 2025 to identify all "legal and beneficial owners" of *All Summer Long* and to "[d]escribe in detail the basis for [her] claim of copyright ownership." Harold Ex. B at 3, 5. Larson initially stated only that she would produce her registration certificate. Later she amended her response to state that she was "sole author" and the "legal" and "beneficial owner" of *All Summer Long*, and that the basis for her supposed ownership was the "copyright registration[]." *Id.* at 4, 6. While Plaintiffs have not served corrected interrogatory responses, they now tacitly acknowledge that the registration and the interrogatory response are false. A reasonable investigation in response to Google's interrogatories would have revealed that and the need to replace Larson a year ago.

At minimum, Plaintiffs knew that Larson was not the owner of *All Summer Long* no later than Larson's deposition on June 3, 2025, when her testimony established it was a work for hire. Saveri Ex. A at 96:1-13; 103:22-104:7. Plaintiffs claim to have been "unaware" of the import of Larson's testimony until Google opposed class certification. Mot. 6. That is a farce. Google highlighted Larson's testimony and her ownership problems on June 27 in a joint discovery brief, ECF 163 at 2, and again on July 28 in response to Plaintiffs' interrogatory seeking Google's class contentions. Harold Ex. C at 10. Still, Plaintiffs waited months—until December 30—to seek intervention by Girlcomix. Plaintiffs were dilatory, not diligent.

Plaintiffs' request as to James and Andrew Grant is likewise far too late. Again, Plaintiffs cannot show that any named Plaintiff is a member of the Webcrawled Text Subclass that Plaintiffs unveiled for the first time in their class certification motion. *See* Mot. 2. This, too, is no surprise. Plaintiffs' counsel has had access to Google training data since June 26, 2025, and thus knew for months that there was no one to represent their secret new subclass. *See Briggs v. OS Rest. Servs., LLC*, 2021 WL 7448752, at *9 (C.D. Cal. Aug. 18, 2021) ("delay" by intervenors "can be assessed from when counsel knew or should have known of Plaintiff's alleged inadequacy as class representative"). Yet Plaintiffs still moved to certify the subclass on October 15, 2025. ECF 253-1 at 1. Had Plaintiffs been diligent, they would have disclosed the new subclass, sought leave to add it to the case, and sought intervention by an adequate representative well before their motion to certify. Instead, they concealed and then proposed a subclass knowing it was unrepresented, and tactically waited more than two months after their motion and nearly six weeks after Google's opposition to seek to add a supposed representative.

Because Plaintiffs have not shown good cause or diligence, and further extending the case schedule would prejudice Google, intervention should be denied.

**II.     Proposed Intervenors Have Not Shown Intervention Is Warranted Under Rule 24.**

Under Rule 24, intervention as of right requires a "timely" motion showing that the applicant "has a 'significant protectable interest' relating to the property or transaction that is the subject of the action," that "disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest," and that "the existing parties may not adequately represent the applicant's interest." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Permissive intervention requires a "timely" motion showing "a common question of law or fact with the main action" and "an independent basis for jurisdiction." *Id.* at 412. Proposed Intervenors cannot make these showings.

**A.     The Motion To Intervene Is Untimely.**

Timeliness is required for intervention, whether permissive or by right. Courts consider three factors when evaluating timeliness: "(1) the stage of the proceeding …; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *EEOC v. Activision Blizzard, Inc.*,

2023 WL 8908774, at *1 (9th Cir. Dec. 27, 2023). All three factors weigh heavily against intervention.

**Stage of Proceeding.** This case is in its advanced stages. Since this case was filed two-and-a-half years ago, it has developed through six rounds of complaints (ECF 1, 28, 47, 91, 234; *Zhang v. Google LLC*, No. 5:24-cv-02531 (N.D. Cal.), ECF 1 (filed April 26, 2024)), orders on multiple rounds of motions to dismiss and to strike (ECF 46, 128, 216), an answer (ECF 262), orders on numerous discovery disputes (*e.g.*, ECF 139, 148, 155, 165, 172, 192, 221, 280-1, 311), and extensive discovery, including 20 fact depositions. Fact discovery will close on February 13. ECF 199. This case is only in its "infancy," as Plaintiffs claim (Mot. 5), if, like Benjamin Button, it is aging in reverse.

On top of all that, class certification briefing is complete and the hearing is imminent. "[I]n class actions, … certification … is the significant litigation event." *Lee v. Pep Boys-Manny Moe & Jack of Cal.*, 2016 WL 324015, at *5 (N.D. Cal. Jan. 27, 2016) (citation omitted). Courts routinely deny motions to intervene or substitute filed shortly before, during, or after class certification briefing. *E.g.*, *Valentine v. Crocs, Inc.*, 2024 WL 5340074, at *3 (N.D. Cal. Sept. 19, 2024) (denying intervention motion filed one week after defendant's opposition to class certification); *Lee*, 2016 WL 324015, at *5 (denying intervention motion filed after motion to certify and before defendant's opposition). The parties have already invested substantial resources in preparing for and briefing class certification, including extensive motion papers, 13 expert declarations, and six expert depositions. "In short, the amount of time and work done to date renders [the] motion to intervene untimely." *Lee*, 2016 WL 324015, at *5.

None of the cases cited by the Proposed Intervenors justifies the tactical timing of their attempt to intervene. *See* Mot. 5. In those cases, the motion to intervene was either filed *before* any class certification motion, *see Sherman v. Griepentrog*, 775 F. Supp. 1383, 1385 (D. Nev. 1991); *Withers v. eHarmony, Inc.*, 2010 WL 11526733, at *2 (C.D. Cal. Jan. 25, 2010), or *after* a class had already been certified, *Sloan v. Gen. Motors LLC*, 2020 WL 5517244, at *8 (N.D. Cal. Sept. 14, 2020). In none did intervention require a re-start of discovery and class certification briefing. In short, the late stage of this case confirms that the motion is untimely.

**Prejudice.** Intervention now would severely prejudice Google by imposing new discovery burdens, delaying the case schedule, and disrupting class certification proceedings.

*New Discovery Burdens*. To accommodate intervention at this stage, Google would have to start a thorough investigation of the three proposed intervenors, review whatever documents or evidence they belatedly produce (though to date they have produced none), identify and subpoena relevant third parties like their agents and publishers, search its own documents for relevant evidence including licenses, and conduct depositions. Obtaining that discovery from the named Plaintiffs has been a long and arduous process, which Plaintiffs have resisted at every turn. ECF 139, 172 (granting Google's motions to compel email account and copyright ownership information and agent documents), 280-1 at 4 (noting Court's concerns with Plaintiffs' failure to provide email account information), 289-13 ¶¶ 2-8 (detailing the multi-faceted processes required to develop the record as to the named Plaintiffs).

*Delay of Case Schedule*. Plaintiffs' delay in bringing this Motion deprives Google of the opportunity to take necessary discovery by the February 13 cutoff, which is weeks, not "months" away. Mot. 2, 7. While they promise to "promptly participate in discovery," Mot. 7, there is no longer any time. As the Court recognized months ago, adding new claims now would be "unduly burdensome on Defendants and would further delay resolution of this important matter." ECF 216 at 22.

*Disruption of Class Certification Proceedings*. Perhaps most significantly, intervention now would undermine the integrity of the class certification process. Plaintiffs waited until after class briefing was complete to seek to add new representatives. If intervention were permitted, fundamental fairness would require restarting a briefing process that has already been twice delayed for Plaintiffs and has now concluded. *See Lee*, 2016 WL 324015, at *7 (finding prejudice where "an ultimate decision on class certification … would be delayed"). Google would need a full opportunity, after discovery, to show the unpleaded claims of Proposed Intervenors do not cure the myriad problems in Plaintiffs' class position, and actually create new ones. Plaintiffs are not entitled to try to continuously revise the class certification record in their favor. *Valentine*, 2024 WL 5340074, at *4-5 (rejecting as prejudicial and dilatory an intervention motion that

Intervenors admitted was prompted by concerns arising from Defendant's class certification opposition); *see Lee*, 2016 WL 324015, at *8 ("'[A]ttorneys who fail to select appropriate class representatives should not be given unwarranted do-overs.'" (citation omitted)). Intervention would unfairly reward Plaintiffs' delay at Google's and the Court's expense. Because the "motion to intervene was not timely," the Court should deny the motion and "need not reach the remaining elements of Rule 24." *SEC v. Beasley*, 2024 WL 1133587, at *2 (9th Cir. Mar. 15, 2024).

### B. Proposed Intervenors Have Not Shown The Other Elements Required For Intervention.

Plaintiffs have also failed to justify intervention. The Grants cannot intervene as of right, because they have no interest in the existing Plaintiffs' individual claims, and if they are members of a certified class, they can protect any supposed interest by opting out and filing their own action. *See Hofstetter v. Chase Home Fin., LLC*, 2011 WL 5415073, at *2-3 (N.D. Cal. Nov. 8, 2011) (denying intervention as of right to class member because his "remedy was to opt out"); *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977) ("Mere inconvenience to the [proposed intervenor] caused by requiring him to litigate separately is not the sort of adverse practical effect contemplated by Rule 24(a)(2).").

As for permissive intervention, that is committed to the Court's "discretion," Fed. R. Civ. P. 24(b), and Proposed Intervenors provide no good reason for the Court to exercise that discretion in their favor. If class treatment is denied, they will not be bound by an adverse judgment in this case. Proposed Intervenors threaten that they will "refile," bringing "redundant and duplicative litigation." Mot. 10. But that could be said by any would-be plaintiff seeking to join a case however late.

### C. Intervention Would Be Pointless.

The Court should also deny intervention because it would not aid Plaintiffs' cause. Because Plaintiffs have refused to file the pleading Rule 24(c) explicitly requires, it is far from clear that Proposed Intervenors could even state a viable claim or that their claims belong in this lawsuit. *See Buffin v. City & Cnty. of San Francisco*, 2016 WL 6025486, at *13 (N.D. Cal. Oct. 14, 2016) (denying motion to intervene for failure to attach required pleading). For example, nowhere in the

intervention papers does Girlcomix claim to own *All Summer Long* as required to state even a theoretical claim. *See* Mot.; Harold Ex. A at 1. And the Grants' proposed claims are not limited to works used for AI training; apparently they seek to assert an entirely different and broader case than the current Plaintiffs through allegations Judge van Keulen already rejected. ECF 280-1 at 3 (Plaintiffs may not expand their case from one focused on works "used … to train" to one encompassing all works that were "mere[ly] 'ingest[ed]'" or downloaded).

Even if Proposed Intervenors could state a claim, intervention would not help Plaintiffs certify a class. There are countless reasons to deny class certification having nothing to do with the inadequacy of the named Plaintiffs for an improperly concealed subclass whose membership Plaintiffs cannot reliably determine. *See* ECF 289-1 (Opposition to Class Certification); ECF 298 (Motion for Sanctions); ECF 331 (Objection to Reply Evidence; highlighting Plaintiffs' wild swings in purported class sizes); *see In re Flash Memory Antitr. Litig.*, 2010 WL 2332081, at *18 (N.D. Cal. June 9, 2010) ("new class representatives will not cure the deficiencies discussed above"). Indeed, Proposed Intervenors underscore the predominance problems that Google has already detailed.

For example, the Grants' proposed infringement claim would face a compelling statute of limitations defense. They appear to be non-U.S. residents. *See* Saveri Ex. B at 2 ("Andrew Grant; Citizenship: United Kingdom"); *id.* Ex. E at 2 (listing a London literary agency); Harold Ex. A at 1 (claiming that James Grant "resides in the United Kingdom"). And therefore—like countless other would-be members of Plaintiffs' improperly-expanded proposed classes who were never before included in a proposed class in this case—they cannot claim the benefit of *American Pipe* tolling. *See* ECF 300-1 at 9 (explaining Plaintiffs' certification motion improperly expanded classes to include "foreign-domiciled rightsholders"); *China Agritech, Inc. v. Resh*, 584 U.S. 732, 735 (2018) ("timely filing of a class action tolls the applicable statute of limitations for all persons encompassed by the class *complaint*" (emphasis added)).

The request to add Girlcomix emphasizes the individualized nature of the ownership inquiry and the need for the party-specific discovery that revealed Plaintiff Larson does not own the copyright she asserts, contrary to what she pleaded and what her registration claims. Even

assuming Girlcomix owns *All Summer Long*, its registration is invalid because it materially misrepresents Larson as owner. *See* 17 U.S.C. § 411(b) (registration invalid and no suit may be instituted if application includes "inaccurate information" that "if known, would have caused the Register of Copyrights to refuse registration"); *Ducky Ltd. v. Iviliia Millionic IT SP. Z.O.O.*, No. 24-cv-2268 (N.D. Cal. Sept. 2, 2025), ECF 47-1 at 2 ("[H]ad the Office known that Iviliia did not own any rights or interests in the [work] … the Office would have refused to register that work to Iviliia."). This one issue for one named Plaintiff has consumed months of discovery and motion practice, illustrating why ownership and registration (among many other issues) could not possibly be addressed on a classwide basis. *Cf. Kihn v. Bill Graham Archives LLC*, 2022 WL 18935, at *2 (9th Cir. Jan. 3, 2022) (plaintiffs' revision of class definition to exclude works subject to defense against named plaintiffs showed that individualized issues "would predominate for the absent class members, who have not yet had the opportunity Plaintiffs had to sift through their claims").

## CONCLUSION

The motion to intervene is untimely, unjustified, and highlights the fundamental flaws in Plaintiffs' class motion. Intervention should be denied.

Respectfully submitted,

Dated:  January 13, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ David H. Kramer*
David H. Kramer

*Counsel for Defendant*
GOOGLE LLC