1  Brandt Silverkorn, SBN 323530
bsilverkorn@edelson.com
2  EDELSON PC
150 California Street, 18th Floor
3  San Francisco, California 94111
Tel: 415.212.9300
4  Fax: 415.373.9435

5  Matthew J. Oppenheim*
matt@oandzlaw.com
6  Jeffrey M. Gould*
jeff@oandzlaw.com
7  OPPENHEIM + ZEBRAK, LLC
4530 Wisconsin Ave, NW, 5th Floor
8  Washington, DC 20016
Tel: 202.480.2999

9
*Counsel for Hachette Book Group, Inc.*
10
*Application for *pro hac vice* forthcoming
11

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL |
| | Consolidated with Case No.: 5:24-cv-02531-EKL |
| | **HACHETTE BOOK GROUP, INC.'S RESPONSE TO DEFENDANT GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER A NON-PARTY'S (*HACHETTE BOOK GROUP, INC.*) MATERIAL SHOULD BE SEALED [ECF No. 292]** |
| | Judge: Hon. Eumi K. Lee |

**INTRODUCTION**

Pursuant to Local Rule 79-5(f) and the Court's Order Authorizing Omnibus Sealing Motion, ECF No. 265 ("Omnibus Sealing Order"), non-party Hachette Book Group, Inc. ("Hachette") hereby responds to Defendant Google LLC's Administrative Motion to Consider Whether A Non-Party's (*Hachette Book Group, Inc.*) Material Should be Sealed, filed concurrently with Defendant's Opposition to Plaintiffs' Motion for Class Certification and the Declaration of Jeremy P. Auster in support thereof. *See* ECF No. 292 (the "Sealing Motion"); *see also* ECF Nos. 282, 286. The Sealing Motion identifies Exhibits 83 and 84 to the Declaration of Jeremy P. Auster as two documents produced by Hachette with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Protective Order entered by Magistrate Judge van Keulen in this case, ECF No. 119. *See* Sealing Motion at 1 (citing ECF Nos. 292-1, 292-2). Both exhibits (the "Sealed Documents") contain sensitive confidential information concerning pricing, royalty rates, and other competitive publishing terms. Hachette respectfully requests that the Court enter an order keeping these two documents under seal.

**LEGAL STANDARD**

Judicial records may be sealed if there are "compelling reasons" to protect the information therein. Courts in the Ninth Circuit seal confidential business information when its release would "harm a litigant's competitive standing." *In re Elec. Arts, Inc.*, 298 Fed.Appx. 568, 569 (9th Cir. 2008) (potential harm to competitive standing by public disclosure of pricing information in confidential licensing agreement constitutes compelling reason to seal); *see also In re Xyrem (Sodium Oxybate) Antitrust Litig.*, No. 20-MD-02966-LHK, 2021 WL 3604670, at *3 (N.D. Cal. Aug. 13, 2021) (same).

**ARGUMENT**

Hachette seeks to seal limited sensitive and confidential information contained in the Sealed Documents. The Sealed Documents encompasses Hachette's highly confidential, non-public, and

1

commercially sensitive information, which would result in serious commercial and competitive harm if disclosed publicly. Specifically, the Sealed Documents are agreements between an author and a publisher imprint of Hachette. The agreements outline the terms of the author's grant of rights to the publisher, permissible uses, royalty and other payment structures, commercial and business strategy related to the copyrighted works, and other confidential information. Consistent with the highly sensitive nature of the information contained in the Sealed Documents, Hachette produced these two author agreements with a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation under the Protective Order in this case, ECF No. 119. Hachette maintains a practice of guarding its confidential contracts from public disclosure by limiting access and disclosure to them.

Public disclosure of Hachette's highly confidential information would harm its competitive standing. For example, Hachette's competitors could use the information disclosed, which reflect pricing and royalty information, business plans, and confidential terms negotiated by parties to the agreements, to unfairly gain a competitive advantage over Hachette and thereby undercut or otherwise harm its ability to compete and conduct business. Similarly, disclosure of confidential terms would compromise Hachette's ability to effectively negotiate terms with other third parties.

These significant threats of commercial and competitive harms constitute sufficient "compelling reasons" to warrant sealing of the Sealed Documents identified above. *See*, *e.g., In re Elec. Arts, Inc.*, 298 Fed.Appx. at 569 (ordering sealing of "Licensing Agreement" which included "pricing terms, royalty rates, and guaranteed minimum payment terms"); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2021 WL 3604670, at *3 (explaining that "[t]ypes of sealable business information include 'pricing terms' and 'royalty rates'").

Preventing these harms requires maintaining sealing of the two author agreements described above. Absent sealing, Hachette's competitors would unfairly gain access to its confidential information and threaten its businesses and competitive standing. Accordingly, less restrictive measures would not adequately guard against the harms threatened by disclosure. *See, e.g., Bunsow*

2

*De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872197, at *1 (N.D. Cal. Aug. 7, 2020) ("confidential business information in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard") (quoting *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812 at *1 (N.D. Cal. June 1, 2020)); *In re Qualcomm Litig.*, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (preventing competitors from "gaining insight into the parties' business model and strategy" constitutes sufficient "compelling reasons" to seal). The request is narrowly tailored, as the two Sealed Documents are short (each eight pages), but the confidential and sensitive information predominate each agreement.

## **CONCLUSION**

For the foregoing reasons, Hachette respectfully requests that the Court keep under seal the two Sealed Documents designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Respectfully submitted,

Dated:          January 15, 2026          /s/ Brandt Silverkorn
                                          Brandt Silverkorn, SBN 323530
                                          bsilverkorn@edelson.com
                                          EDELSON PC
                                          150 California Street, 18th Floor
                                          San Francisco, California 94111
                                          Tel: 415. 212.9300
                                          Fax: 415.373.9435

                                          Matthew J. Oppenheim*
                                          matt@oandzlaw.com
                                          Jeffrey M. Gould*
                                          jeff@oandzlaw.com
                                          OPPENHEIM + ZEBRAK, LLC
                                          4530 Wisconsin Ave, NW, 5th Floor
                                          Washington, DC 20016
                                          Tel: 202.480.2999

                                          *Counsel for Hachette Book Group, Inc.*

                                          *Application for *pro hac vice* forthcoming

HACHETTE'S RESPONSE TO DEFENDANT'S ADMIN. MOT. TO CONSIDER SEALING
MASTER FILE CASE NO.: 5:23-CV-03440-EKL