DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street
Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (ECF NO. 311) PURSUANT TO CIVIL L.R. 72-2**<br><br>Judge:           Hon. Eumi K. Lee |

Plaintiffs' Rule 72(a) objection is a belated attempt to relitigate settled discovery limits after Plaintiffs' class certification strategy—particularly their expert's "matching" analysis—collapsed. Through over a year of discovery and a slew of motions to compel from Plaintiffs (most denied in their entirety), the parties proceeded under a Court-approved framework to allow Plaintiffs to review the data Google used to train its generative AI models. Google provided Plaintiffs access to training datasets of their choosing, ostensibly so Plaintiffs could develop a method for identifying putative class members and their works. Plaintiffs claim in their class certification motion that they now have a viable identification method. If that were true, this dispute would be moot. In reality, Plaintiffs have nothing close. But neither does Google. And Plaintiffs' failure to develop a workable methodology does not justify their 11th-hour demand that Google undertake the process for them. Magistrate Judge van Keulen correctly rejected that demand, recognizing Google has never performed this sort of analysis and simply does not possess the information Plaintiffs imagine exists. Far from clearly erroneous, her December 19, 2025 Order (ECF No. 311) faithfully applied unchallenged prior rulings, rejected an untimely, duplicative, and disproportionate demand, and correctly held that Google cannot be compelled to create analyses or documents that do not exist. Plaintiffs' objection is meritless.

**BACKGROUND**

Six weeks *after filing their class motion*, Plaintiffs moved to compel Google to "produce documents sufficient to identify, or simply to identify," (1) the Named Plaintiffs' copyrighted works and (2) all putative class members' copyrighted works "used by Google to train the AI models at issue." ECF No. 302 at 1. But in their class motion, Plaintiffs claimed their expert had already offered the Court a "methodology that reliably identifies Class Works in Google's training data." *Id*. So Plaintiffs were asking the Court to order Google to do something that Plaintiffs purportedly had already done. In that ask, Plaintiffs misrepresented snippets of evidence to supposedly show Google possessed or could generate some list of "Class Works." *Id.*

Google opposed, correcting the record and confirming that Google has no analysis, document, or ready means of identifying the copyrighted works used to train its models. Google reiterated what had been established in a series of prior discovery disputes: The training datasets

1  themselves are the only records from which one can potentially derive what works were used to
2  train the models, and Google long ago made those available to Plaintiffs through an agreed-upon,
3  Court-approved process. *Id.* at 6.

4  Judge van Keulen—who had presided over multiple prior motions on this issue—
5  recognized Plaintiffs' mischaracterizations. She had "noted previously" that Plaintiffs did not show
6  Google had some other means of determining what works were used to train the models at issue,
7  and therefore concluded, consistent with earlier rulings, that "only the training datasets will reveal
8  what putative class works were ultimately used to train Google's AI models." ECF No. 311 at 2.
9  The Court also rejected Plaintiffs' motion as duplicative. Given Plaintiffs' representation that their
10 expert had developed a reliable methodology for identifying class works from the training data,
11 forcing Google to do the same analysis would require Google to "duplicate work that Plaintiffs
12 admit was already done." *Id.* Finally, the Court applied settled law that "a defendant is generally
13 not required to engage in analysis of records where the burden of deriving the answer from those
14 records would be the same for the plaintiff." *Id.*

**ARGUMENT**

16 Rule 72(a) permits a district court to modify or set aside a magistrate's order only if it is
17 "clearly erroneous or … contrary to law." Plaintiffs do not argue that the December 19 Order is
18 contrary to law. They claim only that the ruling was clearly erroneous. But an order is "clearly
19 erroneous" only where the reviewing court is left with a "definite and firm conviction that a mistake
20 has been committed," an "extremely deferential" standard. *Wi-Lan, Inc. v. LG Elecs., Inc.*, 2011
21 WL 841271, at *1 (N.D. Cal. Mar. 8, 2011) (cleaned up). That deference is at its apex in discovery,
22 which involves proportionality, case management, and practical compromise. And it should be
23 particularly so here, where the Magistrate's Order built upon a series of rulings spanning months
24 that Plaintiffs never challenged.

25 **I.   The Magistrate's Determination Was Correct and Consistent With Prior Rulings.**

26 Plaintiffs do not come close to showing clear error in Judge van Keulen's factual
27 determination that "only the training datasets will reveal what putative class works were ultimately
28 used to train Google's AI models." ECF No. 311 at 2. Their claim that she relied "solely" on

1  Google's "*ipse dixit*," Mot. at 2-3, ignores that in this and prior motions, Google supported its
2  position with evidence and refuted Plaintiffs' mischaracterizations. *See, e.g.*, ECF No. 152-1 at 3
3  (Google engineer explaining "the datasets themselves need to be examined to determine the
4  individual works used to train each model"); ECF No. 152-2; ECF No. 302 at 9-10. Over the course
5  of multiple training data discovery disputes, Judge van Keulen reviewed that evidence and, in the
6  ruling at issue, rejected Plaintiffs' claim to have shown Google possessed or could generate a list
7  of works used in training. ECF No. 311 at 2. To the contrary, she recognized, nothing Plaintiffs
8  cited "reveal[s] what survived" various selection and filtering steps before the dataset was
9  constructed, and thus could not establish whether a given work was ultimately used for training. *Id.*
10 Based on the record, she was "***persuaded*** that only the training datasets will reveal" what was used.
11 *Id.* (emphasis added). That determination is entitled to "extreme" deference.

12  Judge van Keulen's Order was "consistent with [her] prior decisions." *Id.* at 2. Last June,
13 the Court rejected Plaintiffs' claim to need Google's source code to identify the works it used for
14 training purposes, holding that the training data itself and the parties' agreed-upon review protocol
15 "should address most if not all of Plaintiffs' needs for the purposes of class certification." ECF No.
16 155 at 2. Under that protocol, Google enabled Plaintiffs to access and review 19 massive training
17 datasets of Plaintiffs' choosing, so that they could supposedly devise a means to identify the
18 copyrighted works within them. The point of that process was that review of the training data was
19 the only means of generating the information Plaintiffs claimed to need. Judge van Keulen's ruling
20 endorsed that view, and Plaintiffs did not challenge it.

21  Nor did Plaintiffs object to Judge van Keulen's Order denying their demand for additional
22 data Google may have downloaded at some point but never used to train any at-issue model, holding
23 that what mattered to the case Plaintiffs had pleaded and pursued was whether a work was "used
24 by Google to train" its models. ECF No. 272 at 2-3 (Order, citing ECF No. 128 at 5) ("[T]here is
25 no evidence that all ingested [data] were used to train, as required by the SAC. Accordingly, mere
26 'ingestion' is not sufficient."). Rejecting Plaintiffs demand for more, Judge van Keulen pointed to
27 the training data review protocol as the means for Plaintiffs to identify relevant materials. *Id.* Again,
28 Plaintiffs did not challenge that ruling. To the extent Plaintiffs implicitly seek to overturn these

prior rulings, their motion is improper. *See* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Those prior proceedings and much of the time Plaintiffs forced Google to waste in the discovery process would have been unnecessary if Plaintiffs had ever shown that Google had some means to identify the works within its training data. Judge van Keulen's most recent Order is merely the most explicit confirmation that Plaintiffs did not and cannot make such a showing. ECF No. 311 at 2. This Court need go no further to reject Plaintiffs' challenge.

## II.     Plaintiffs Seek Analysis They Can Perform and Claim Already to Have Done.

Plaintiffs say Judge van Keulen improperly deemed their latest demand "duplicative of discovery" already produced. Mot. at 1. That is a mischaracterization; Judge van Keulen did not say Google had already produced a list of works used in training (because it has no such list and could not try to generate one without extensive, expert analysis of the training data). Rather, Judge van Keulen ruled that Plaintiffs already claimed to have "a methodology that reliably identifies Class Works in Google's training data." ECF No. 302 at 1. Compelling Google to do its own analysis would thus require Google to "duplicate work that Plaintiffs admit was already done." ECF No. 311 at 2. Far from clear error, that is exactly right. Demanding Google create from scratch some process to generate for Plaintiffs what they claim already to have would be cumulative, duplicative, disproportionate, and well outside the bounds of Rule 26.

Judge van Keulen also correctly invoked the rule that a defendant need not undertake a complicated data analysis to generate new work product where "the burden of deriving the answer … would be the same for the plaintiff." ECF No. 311 at 2 (citing Fed. R. Civ. P. 33(d)). Plaintiffs had access to the relevant training datasets and information, and claim now to have a reliable means of work identification. Rule 26 does not require Google to employ experts to conduct a similar analysis, no matter how inexpertly Plaintiffs performed the task. *See Finjan, Inc. v. Juniper Network, Inc.*, 2019 WL 2865942, at *1 (N.D. Cal. July 3, 2019) ("[A] party is not required to create a document where none exists.").

## III.    Plaintiffs' Class Certification Problems Are Intractable.

Ultimately, Plaintiffs' motion is an acknowledgment that they still have not devised a viable

1  method to identify relevant works, much less members of their putative classes. Their failure cannot
2  be laid at Judge van Keulen's feet. Rather, it is a function of the case and class Plaintiffs pleaded.
3  There is no existing means to identify the works Google used to train its models short of analyzing
4  the final training datasets that were used. And even if works could be identified from the datasets,
5  there is no reliable way to connect them to members of the specific classes that Plaintiffs are
6  attempting to certify (that is, no way of identifying "all putative class members' copyrighted works"
7  as Plaintiffs demanded).

8  Of course, as Google has stressed, even if Plaintiffs did have some list of every book or
9  image used to train the relevant models, that would only begin the relevant class certification
10 inquiry. *See* ECF No. 282 at 14-21 (Google's class certification opposition). Plaintiffs would still
11 be far from identifying members of their contrived new classes given their various definitional
12 requirements and limitations. Further, the claims of putative class members would still turn on
13 individualized determinations of ownership, registration, license and authorization, statute of
14 limitations, fair use, and damages—a collection of individualized issues fatal to Rule 23's
15 predominance and superiority requirements. *Id.*[1]

16 For present purposes, however, it suffices to reiterate that the Magistrate's Order was correct
17 in all respects, and Plaintiffs do not even approach the very high bar of showing clear error. The
18 objection should be overruled.

---

[1] Plaintiffs invoke *Bartz v. Anthropic PBC*, but the resemblance between this case and that one ends with the recognition that the use, there and here, of copyrighted works to train generative AI models is "among the most transformative many of us will see in our lifetimes." 787 F. Supp. 3d 1007, 1033 (N.D. Cal. 2025). In stark contrast to Anthropic, Google is not alleged to have knowingly downloaded databases of pirated books, cataloged them work-by-work, and stored them "forever" in an all-purpose library. *Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1046-48 (N.D. Cal. 2025). Those facts were the basis for the very different infringement claim in *Bartz* that survived the court's fair use determination and that drove its certification decision. *Id.* There is nothing remotely similar here. Further, while still a far cry from our facts, in *Bartz*, where identification of works in a third-party dataset was not readily determinable, the Court held that no class could proceed. *Id.* at 1058-59.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 20, 2026 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
|  | By:  */s/ Paul J. Sampson*<br>    Paul J. Sampson (admitted *pro hac vice*)<br>    Email: psampson@wsgr.com |
|  | *Counsel for Defendant*<br>GOOGLE LLC |