DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street
Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RESPONSE TO DEFENDANT'S OBJECTION TO REPLY EVIDENCE**<br><br>Judge:           Hon. Eumi K. Lee |

1    Plaintiffs' latest administrative motion (ECF Nos. 334 & 335-1) compounds the problems with their earlier improper submissions, and illustrates what results from Plaintiffs' ongoing refusal to honor this Court's Orders and rules: an endless cycle of new arguments, evidence, and filings.

Per the Scheduling Order, Plaintiffs filed a motion for class certification supported by expert declarations, ECF No. 251, and Google opposed the motion with rebuttal expert testimony, ECF No. 282. Plaintiffs then filed a reply brief as contemplated (ECF No. 326-1), but with the reply included *five* unauthorized expert reports filled with all kinds of new arguments, including from two brand new experts (ECF Nos. 325-2, 325-3, 325-4, 325-5, 325-6). The Scheduling Order purposely does not authorize reply reports for class certification, let alone contemplate new experts or the further depositions and responsive briefing that they would necessitate. Plaintiffs submitted these reports without seeking leave or attempting to show good cause to modify the existing Order. *See* ECF No. 231 (Scheduling Order). As expressly permitted by Local Rule 7-3(d)(1), Google objected to the "new evidence … submitted in the reply." ECF No. 331.

The local rules do not contemplate any further response to Google's evidentiary objection or other briefing, nor did the Court invite any. Plaintiffs simply decided they wanted to submit a further brief with still more argument. Nothing in their administrative motion or the proposed submission justifies yet another brief; nor do Plaintiffs explain why they did not seek leave or otherwise attempt to justify their reply evidence *when or before* they filed their brief.

Google will not add to the burdens that Plaintiffs have generated for the Court through their procedural improprieties by responding substantively to Plaintiffs' arguments, other than to note that Plaintiffs' supplemental evidence and arguments all stem from their decisions to: (1) substantially rewrite their class definitions without warning at the time they filed their class certification motion, as discussed in Google's sanctions motion (ECF No. 298); and (2) ignore in their class certification motion issues of which they have been on notice for many months. The Court should not have to consider a response to an objection to a reply to an opposition to a motion. That is precisely why the Local Rules provide for objections to new evidence in reply and why the briefing process on a motion ends once such an objection is filed. N.D. Cal. Civ. L.R. 7-3(d).

GOOGLE'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE    -1-    MASTER FILE CASE NO.: 5:23-CV-03440-EKL

| | |
|---|---|
| | Respectfully submitted, |
| Dated: January 20, 2026 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By: */s/ Paul J. Sampson* <br>       Paul J. Sampson (admitted *pro hac vice*)<br>       Email: psampson@wsgr.com |
| | *Counsel for Defendant*<br>GOOGLE LLC |