DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON, admitted *pro hac vice*
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street
Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Counsel for Defendant
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 356)**<br><br>Judge:   Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

## INTRODUCTION

Defendant Google LLC hereby responds pursuant to Local Rule 79-5(f) to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, filed concurrently with Plaintiffs' Reply in Support of Motion to Intervene (the "Reply"). ECF No. 356-2. The Reply contains sensitive confidential information concerning the contents of Google's proprietary datasets, and Google respectfully requests that the Court enter an order keeping this sensitive information under seal.

## LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of … sources of business information that might harm a litigant's competitive standing"). Documents filed in connection with a non-dispositive matter, like the documents at issue here, may be sealed where there is "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also, e.g.*, *Zurich Am. Ins. Co. v. ACE Am. Ins. Co.*, 2012 WL 3638467, at *3 (E.D. Cal. Aug. 21, 2012) (applying "good cause" standard to materials filed with motion to intervene); *Sawyer v. Bill Me Later, Inc.*, 2011 WL 13217237, at *2 (C.D. Cal. June 22, 2011) (same).[1] Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as confidential research, development, or commercial information. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information").

---

[1] Even if the Court were to apply the "compelling reasons" standard, Google's request would still easily satisfy that standard for the reasons described herein and in Google's omnibus sealing requests. *See* ECF No. 350; ECF No. 369.

**ARGUMENT**

Google seeks to seal limited sensitive and confidential information in the Reply concerning the contents and composition of its proprietary datasets. This information is not generally known to the public or Google's competitors, and public disclosure of such confidential information could cause competitive harm to Google. *See* Declaration of Jeremiah Torres, ECF No. 350-3.

Sealing of this information would be consistent with prior sealing decisions in this case and is warranted by existing case law. *See* ECF No. 232 (sealing information concerning actual and candidate training datasets); ECF No. 274 (sealing information concerning the composition of Google's proprietary datasets); *see also, e.g.*, *Kumandan v. Google LLC*, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023) (finding compelling reasons to seal information concerning "the operation of Google Assistant"); *In re Google Assistant Priv. Litig.*, 2025 WL 1479660, at *2 (N.D. Cal. Mar. 28, 2025) (similar); *DZ Reserve et al. v. Meta Platforms, Inc.*, No. 3:18-cv-04978-JD, ECF No. 350 at 1 (N.D. Cal. Dec. 3, 2021) (finding compelling reasons to seal information regarding "technical processes and functionalities of Meta's products and systems, . . . internal analyses, modeling, and assessments"); *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022) (van Keulen, M.J.) (sealing "confidential and proprietary information regarding highly sensitive features of Google's internal systems and operations that Google does not share publicly and maintains as confidential in the ordinary course of its business and is not generally known to the public or Google's competitors").

As Judge van Keulen has previously recognized, disclosure of confidential information concerning Google's proprietary datasets, including their composition, "could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations." ECF No. 274; *see also* Declaration of Jeremiah Torres, ECF No. 350-3 (describing risk of harm to Google if such information were publicly disclosed).

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court keep the following confidential references to Google's sensitive information under seal:

| ECF No. | Document | Portion(s) to Seal | Reason(s) for Sealing |
|---|---|---|---|
| ECF No. 354 (redacted)<br><br>ECF No. 356-2 (sealed) | Plaintiffs' Reply in Support of Motion to Intervene | 2:25-2:26 (final clause of the paragraph after the parenthetical)<br><br>4:9-4:10 (between "their counsel," and "Google's suggestion") | The redacted information contains confidential information about Google's proprietary datasets, including their contents and composition. This information is not generally known to the public or Google's competitors. Public disclosure of such confidential information could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations.<br><br>*See* Declaration of Jeremiah Torres, ECF No. 350-3. |

Respectfully submitted,

Dated: January 27, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____*/s/ Paul J. Sampson*_____
       Paul J. Sampson

*Counsel for Defendant*
GOOGLE LLC