DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

Counsel for Defendant GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DECLARATION OF PAUL N. HAROLD IN SUPPORT OF DEFENDANT GOOGLE LLC'S OPPOSITION TO CENGAGE LEARNING, INC. AND HACHETTE BOOK GROUP, INC.'S MOTION TO INTERVENE**<br><br>Date:         February 20, 2026<br>Time:        1:00 p.m.<br>Courtroom: 7, Fourth Floor<br>Judge:        Hon. Eumi K. Lee |

I, Paul N. Harold, hereby declare as follows:

1. I am an attorney at the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel for Defendant Google LLC ("Google") in this action. I submit this declaration in support of Google's Opposition to Cengage Learning, Inc. ("Cengage") and Hachette Book Group, Inc.'s ("Hachette") Motion to Intervene ("Motion"). I have personal knowledge of the facts and circumstances described below, including through my review of documents and records produced during this litigation, and would testify to them if called upon as a witness.

2. Since the initial filing of *J.L. v. Alphabet, Inc.* in July 2023, this case has attracted considerable media attention. The filing of the initial complaint received significant coverage, both individually, Catherine Thorbecke, *Google hit with lawsuit alleging it stole data from millions of users to train its AI tools*, CNN (July 12, 2023), https://www.cnn.com/2023/07/11/tech/google-ai-lawsuit; Blake Brittain, *Google hit with class-action lawsuit over AI data scraping*, Reuters (July 11, 2023), https://www.reuters.com/legal/litigation/google-hit-with-class-action-lawsuit-over-ai-data-scraping-2023-07-11/, and in the context of a broader set of copyright class action lawsuits against developers of AI tools, *see, e.g.*, Deepa Seetharaman and Keach Hagey, *Outcry Against AI Companies Grows Over Who Controls Internet's Content*, Wall Street Journal (July 30, 2023), https://www.wsj.com/tech/outcry-against-ai-companies-grows-over-who-controls-internets-content-91d604c9.

3. After learning that Plaintiff Steve Almond and then-Plaintiff Kirsten Hubbard had publishing relationships with Hachette, Google served Hachette with a subpoena on March 27, 2025, and Hachette served a written response and objections on April 25, 2025.

4. Some two-and-a-half years after the filing of the *J.L.* case, Cengage and Hachette ("Proposed Intervenors") sought to intervene, and they met and conferred with Google about their Motion on January 8, 2026. Proposed Intervenors refused to disclose basic information about the claims they intended to assert if permitted to intervene. Proposed Intervenors refused to identify what copyrighted works would be the subject of their claims. They also refused to disclose on what basis they would allege their works were used by Google to train generative AI models, insisting

1  that their allegations would "closely mirror" Plaintiffs' complaint and that they had no obligation
2  to "preview" their allegations.

3      5.    Proposed Intervenors also refused to say when they became aware of the lawsuit,
4  when they decided to seek intervention, whether Plaintiffs asked them to intervene, or to discuss
5  the timing or substance of their communications with Plaintiffs. Proposed Intervenors refused to
6  identify the works they intended to assert, confirmed that they were not seeking to intervene based
7  on any interest in the Plaintiffs' works-in-suit, and stated that they did not know whether Proposed
8  Intervenors were owners of Plaintiffs' works-in-suit. Proposed Intervenors also said they intended
9  to participate in discovery, and reserved the right to seek an extension of the case schedule, re-
10 open depositions, or otherwise re-open discovery.

11     6.    Proposed Intervenors include with their Motion a proposed complaint. *See* ECF
12 342-1. The proposed complaint identifies 10 works-in-suit ("Sample Works") and provides their
13 registration numbers. *See* ECF 342-1 at 41. Using the registration numbers provided in Proposed
14 Intervenors' complaint, I obtained the registration certificates from the U.S. Copyright Office's
15 Public Records Portal. *See* https://publicrecords.copyright.gov/. Attached as **Exhibits 1-10** are true
16 and correct copies of the registration records for the Sample Works. Of the 10 Sample Works,
17 Hachette is not listed as the registered owner of any, *see* Ex. 1-10, and Cengage is listed as the
18 registered owner of only four, *see* Ex. 1, 3-5. For the remaining six, the registration records list
19 third parties as the owners. *See* Ex. 2 (*Principles of Economics, 8e*; "Copyright Claimant: N.
20 Gregory Mankiw"); Ex. 6 (*The Wild Robot*; "Copyright Claimant: Peter Brown"); Ex. 7 (*The Fifth
21 Season*; "Copyright Claimant: Nora K. Jemisin"); Ex. 8 (*Moon Glacier National Park, Sixth
22 Edition*; "Copyright Claimant: Becky Lomax"); Ex. 9 (*Who Could That Be at This Hour?*;
23 "Copyright Claimant: Lemony Snicket"); Ex. 10 (*Innocent*; "Copyright Claimant: Scott Turow").
24 Proposed Intervenors have not provided any discovery to date or any explanation of when or how
25 they acquired ownership interests in works for which the registrations list third parties as the
26 claimant.

27
28

HAROLD DECLARATION ISO GOOGLE'S OPPOSITION TO    -2-    MASTER FILE CASE NO.: 5:23-CV-03440-EKL
PUBLISHERS' MOTION TO INTERVENE

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct. Executed on January 29, 2026.

By: */s/ Paul N. Harold*
Paul N. Harold
pharold@wsgr.com

**SIGNATURE ATTESTATION**

I, Eric Tuttle, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

By: */s/ Eric P. Tuttle*
Eric P. Tuttle