DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant* GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 378 & ECF NO. 381)**<br><br>Judge:   Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

## INTRODUCTION

Defendant Google LLC hereby responds pursuant to Local Rule 79-5(f) to Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Sealed, ECF No. 378 & ECF No. 381, filed concurrently with: (1) the Parties' Joint Letter Brief re: Additional Custodians, ECF No. 378-1; and (2) the Parties' Joint Letter Brief re: Non-Custodial Sources, ECF No. 381-1 (collectively, the "Joint Letter Briefs"). The Joint Letter Briefs contain sensitive confidential information concerning Google's proprietary datasets, business strategy, and operations, and Google respectfully requests that the Court enter an order keeping this sensitive information under seal.

## LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of … sources of business information that might harm a litigant's competitive standing"). Documents filed in connection with a non-dispositive matter, like the documents at issue here, may be sealed where there is "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2023 WL 3468296, at *1 (N.D. Cal. Apr. 13, 2023) (explaining that the "good cause" standard applies to "discovery motions") (van Keulen, M.J.). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as confidential research, development, or commercial information. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information").

# ARGUMENT

Google seeks to seal limited sensitive and confidential information in the Joint Letter Briefs concerning its proprietary datasets, business strategy, and operations. This information is not generally known to the public or Google's competitors, and public disclosure of such confidential information could cause competitive harm to Google, as well as damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners. *See* Declaration of Jeremiah Torres, ECF No. 350-1; Declaration of David Price, ECF No. 350-2.

Sealing of such information is common and appropriate, and would be consistent with prior sealing decisions in this case. *See* ECF No. 232 (sealing information concerning actual and candidate training datasets); ECF No. 274 (sealing information concerning Google's proprietary datasets); *see also, e.g.*, *Kumandan v. Google LLC*, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023) (finding compelling reasons to seal information concerning "the operation of Google Assistant" and information concerning "business opportunities and risks" and "profits or losses"); *DZ Reserve et al. v. Meta Platforms, Inc.*, No. 3:18-cv-04978-JD, ECF No. 350 at 1 (N.D. Cal. Dec. 3, 2021) (finding compelling reasons to seal information regarding "technical processes and functionalities of Meta's products and systems, . . . internal analyses, modeling, and assessments"); *Bold Ltd. v. Rocket Resume, Inc.*, 2024 WL 1329921, at *3 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023) (finding compelling reasons to seal "business information" and "business strategy"); *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (finding compelling reasons to seal documents and communications reflecting "internal strategy and decision-making processes" and the identities of "strategic partners" and "relationships with third parties"); *GoPro Hong Kong Ltd. v. 2b Trading, Inc.*, 2017 U.S. Dist. LEXIS 27380, at *4 (N.D. Cal. Feb. 27, 2017) (finding compelling reasons to seal business information including "forecasts" and "marketing expenditures").

As the Court has previously recognized, public disclosure of this type of information "could cause competitive harm to Google, and could also damage Google's standing with its existing and potential content partners and impact ongoing negotiations with these partners regarding the rights and terms governing the use of various materials in Google's operations." ECF No. 232; *see also* ECF No. 274 (same).

The Court should reach the same conclusion here.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court maintain under seal the portions of the Joint Letter Briefs identified in the accompanying Proposed Order.

Respectfully submitted,

Dated: February 2, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Paul J. Sampson*
Paul J. Sampson

*Counsel for Defendant*
GOOGLE LLC