UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE GENERATIVE AI
COPYRIGHT LITIGATION

Case No. 23-cv-03440-EKL (SVK)

**ORDER RE DISCOVERY DISPUTES AT DKTS. 375, 377 AND 380**

Re: Dkt. Nos. 375, 377, 380

Before the Court are three discovery disputes filed by Plaintiffs in the last ten days. Discovery now closes in less than two weeks, on February 13, 2026. Having considered the Parties' arguments, the relevant litigation history (including prior orders of this Court) and the relevant law, the Court determines that each of these disputes may be resolved without oral argument. Civil L.R. 7-1(b). The Court's reasoning and rulings are set forth below.

**I. Dkt. 375: Plaintiffs' Request for Additional Depositions Beyond the CMO Limit of 10.**

The Case Management Order ("CMO") provides for ten depositions per side. Dkt. 88. Plaintiffs have taken nine depositions and now seek leave for six additional depositions, one of which they contend they are entitled to under the limits provided in the CMO.[1] Whether Plaintiffs seek five or six additional depositions is beside the point. Four of the six putative deponents may be subject to the "apex doctrine,"[2] and all six are subject to the metes and bounds of Federal Rule

---

[1] Google argues that the 30(b)6 deposition of Google ran 25 minutes over the allotted time of 22 hours and therefore counts as the Plaintiffs' tenth and final deposition. Dkt. 375 at 10. Given the de minimus nature of the infraction, the Court frowns on Google raising it with the Court.
[2] *But see Meta Platforms, Inc. v. United States District Court for the Northern District of California*, No. 25-4172 (9th Cir.) (appeal filed Jul. 7, 2025) (argued Dec. 5, 2025) (challenging Judge Virginia K. DeMarchi's order allowing for the deposition of Meta's CEO with limitations).

of Civil Procedure 26, which in language relevant to the case at hand, *requires* the Court to limit discovery where it is:

    i.      Unreasonably cumulative or duplicative;

    ii.     The party seeking discovery has had ample opportunity to obtain the information; or

    iii.    The proposed discovery is outside the parameters of Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).[3]

The fatal flaw in Plaintiffs' request is that it seeks a 50% increase in the number of depositions on the eve of the close of fact discovery, without demonstrating that the depositions would not be cumulative or duplicative or that the need for these depositions has only recently come to light thereby negating any prior opportunity to depose these individuals, as required by Rule 26. Additionally, Plaintiffs completely ignore the fact that discovery closes in a matter of days, which presents an obvious, significant challenge to scheduling and completing the depositions, particularly of the high-level executives on Plaintiffs' list.

Plaintiffs proffer profiles of each of the six putative deponents describing their respective roles in Google's AI development. Dkt. 375 at 2-4. For the non-apex witnesses Santamaria-Fernandez and Turvey, Plaintiffs fail to address Google's argument that licensing and pricing for content acquisition, Plaintiffs' proffered areas of "unique" knowledge for these witnesses, have been addressed by productions from three other custodians and the depositions of three other witnesses. *See* Dkt. 375 at 2, 9. For the other four executives, neither the apex standard of "unique first-hand knowledge" nor the Rule 26(b)(2) requirement of non-cumulative, non-duplicative discovery are satisfied. For the deposition of Google CEO Sundar Pichai, Plaintiffs urge that he "directed" AI development, "provided guidance" as to certain policies and "reviewed the status" of negotiations, all of which may go to general knowledge but none of which demonstrate the requisite unique need. Plaintiffs' closest argument to the mark, that Pichai had "direct involvement" in a "key strategy shift" is made without evidentiary support. Dkt. 375 at 3.

---

[3] Hereinafter, all references to "Rule" are to the Federal Rules of Civil Procedure.

1   Similarly, for witness Jeff Dean, "a leader in Google's AI efforts," Plaintiffs rely on two quotes,
2   neither of which address the unique, non-cumulative or non-duplicative standards. Dkt. 375 at 3.
3   Further, the quotes attributed to Dean are supported only by misplaced "*Id.*" citations where the
4   immediately preceding citation is not to evidence but to case authority. Even the closest
5   evidentiary citation does not include the pages in the "*Id.*" cite. *See* Dkt. 375 at 3. Lastly, for
6   witnesses and Koray Kavukcuoglu and Demis Hassabi, Plaintiffs merely proffer their positions
7   and general descriptions of their roles, without any attempt to demonstrate non-cumulative or non-
8   duplicative knowledge. Dkt. 375 at 4. Notably absent for each of the six witnesses is a single fact
9   demonstrating recent revelation of their role that might justify their deposition at this late date. To
10  the contrary, Google points out, and Plaintiffs do not deny, that Plaintiffs have raised the need for
11  additional depositions for months, without seeking leave of court. Dkt. 375 at 6, 8.

12  Google challenges Plaintiff's request, in the first instance, as procedurally improper and
13  untimely. Google's challenge – that a request for additional depositions beyond the limits in the
14  CMO must be made on noticed motion to the presiding judge pursuant to Civil L.R. 16(d) - is
15  incorrect for the following reasons. First, the CMO refers all discovery disputes to the Magistrate
16  Judge. Dkt. 88 at 1. Second, Civil Local Rule 72-1 empowers the Magistrate Judge to perform all
17  duties conferred by the by the District Judge, which in this case includes discovery disputes.
18  Thus, L.R. 16(d) is, in this instance, superseded. Against this backdrop, and in consideration of
19  longstanding practice in this District with which Google, a great consumer of judicial resources, is
20  very familiar, Google's suggestion that a request for additional discovery is not a "discovery
21  dispute" properly referred to the Magistrate Judge is nonsensical. Google's proffered citation to
22  the Rule 16 Advisory Committee Notes on this point (Dkt. 375 at 7) is inapposite, as the language
23  regarding preference for a District Judge over a Magistrate Judge is in the context of holding the
24  Rule 16 conference, not in adjusting discovery limits. *See* Fed. R. Civ. P. 16, advisory
25  committee's notes to the 1983 amendment. However, Google's concern that the request for
26  additional discovery is actually a request to adjust the case schedule is well taken, and that request

is properly directed to the District Judge and unaddressed by Plaintiffs. *See* Dkt. 375 at 7.[4]

Google also argues that Plaintiffs fail to demonstrate good cause to expand the deposition limit pursuant to Rule 16(d). For the reasons stated above, Rule 16 does not control this analysis. However, as a practical matter on the facts of this dispute, the factors considered by the Court under Rule 26(b)2 and the "good cause" standard of Rule 16 largely overlap. In opposing the depositions of non-apex witnesses Turvey and Fernandez, Google cites to three custodians and three completed depositions on the topics of licensing AI materials. Although Plaintiffs make the case for these witnesses generally being important, as reasoned above, nothing cited in the Joint Submission addresses the determinative questions of whether these additional depositions would be cumulative or duplicative. As for the more senior executives, whether considering the apex standard or the cumulative/duplicative concerns of Rule 26(b)2, again as reasoned above, Plaintiffs fail to provide any support of any witnesses' unique knowledge.

Accordingly, Plaintiffs' request for additional depositions beyond 10 deposition limit is **DENIED**. Plaintiffs may depose either Turvey or Fernandez, as their tenth deposition, before the close of fact discovery.

## II.     Dkt. 377: Plaintiffs' Request for Six Additional Document Custodians

In this dispute, filed 18 days before the close of fact discovery, Plaintiffs see to add six custodians, to the existing 25, whose files are to be searched pursuant to the Parties' ESI protocols. In June of last year, Plaintiffs complained of Google's identification of only 13 custodians, and sought several dozen more. Dkt. 144. After careful consideration of the Parties' submission and oral argument, the Court allowed an additional 12 custodians, of which Plaintiffs would select nine and Google three. Dkt. 155.

As with the previous dispute, the Court is concerned that the size and timing of the request render it neither proportional to the needs of the case nor feasible on the current schedule. Plaintiffs are seeking an approximately 25% increase in custodians, very late in the discovery

---

[4] Plaintiffs previously directed to Judge Lee a request to extend the discovery deadline. That request was denied. Dkt. 276.

process. In support of their request, Plaintiffs urge the roles of each of the putative custodians in Google's AI development, which if timely made, may have warranted the addition of some, if not all, of the putative custodians. Dkt. 377 at 2-5. However, notably absent from Plaintiffs' proffer is reference to any recent production or deposition that justifies a broad request being made at this time. Indeed, Google points out that the documents cited by Plaintiffs in the Joint Submission were all produced last July and the depositions cited were completed in early October of 2025. Dkt. 377 at 6-7. Google also notes that Plaintiffs raised adding custodians in October but have been silent since, a point Plaintiffs do not dispute. *Id.* Google also makes a credible complaint that a search and production of this size cannot be completed on the current case schedule. *Id*. at 7.

Accordingly, the request is overbroad, unsupported and untimely and as such is **DENIED**.

### III.    Dkt. 380: Plaintiffs' Request for Additional Non-custodial Searches

This dispute, filed with just over two weeks left in discovery, is a request for a massive search for non-custodial documents. Specifically, Plaintiffs request that the Court order that Google search of six specific document repository systems, as well as "any other shared data repository system" for documents responsive to nine Requests for Production ("RFP"). Plaintiffs' request is procedurally improper, untimely and not proportional to the needs of the litigation.

First, when written discovery, such as RFPs, are in dispute, this Court requires a summary chart identifying the request, the response and the Parties' compromise position. *See* Civil & Discovery Referral Matters Standing Orders, § 7.b. Creation of the chart, and the meet and confer that goes along with it, necessarily requires the complaining Party to identify specific issues – *e.g.*, what documents or types of documents are missing? Plaintiffs ignore this requirement. Indeed, other than listing the nine Requests for Production by number, Plaintiffs neither identify the subject matter of the RFPs nor make any effort to demonstrate that any of the RFPs have gone unanswered. There simply is no link provided between the RFPs and the request for the non-custodial search. As such, the request is improper.

Additionally, a non-custodial search of this size is, on its face, a massive undertaking. As noted now several times in this Order, the size of the request at this late hour is simply neither

proportional to the needs of the litigation nor feasible on the current case schedule, as such appears to be an improper request to extend the close of discovery.  *See* Dkt. 276;  Civil L.R. 16(d).

Accordingly, Plaintiffs' request is **DENIED**.

**SO ORDERED.**

Dated: February 2, 2026

_____
SUSAN VAN KEULEN
United States Magistrate Judge