<u>REDACTED</u>

February 10, 2026

<u>**Via Electronic Filing**</u>

The Honorable Susan van Keulen
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 6 – 4th Floor
280 South First Street
San Jose, CA 95113

**Re:** *In re Google Generative AI Copyright Litigation*
     Master File Case No. 5:23-cv-03440-EKL-SVK
     Consolidated Case No. 5:24-cv-02531-EKL-SVK

Pursuant to Section 7(b) of the Court's Civil and Discovery Referral Matters Standing Order, Plaintiffs and Defendant Google LLC ("Google") respectfully submit this joint statement regarding the adequacy of Google's privilege assertions over entries included on its privilege logs. The Parties met and conferred on December 19, 2025 and January 9, 2026, but remain at impasse as outlined below. Google disagrees that Plaintiffs have fulfilled their meet-and-confer obligations but has agreed to brief this issue. Attached as **Exhibit A** are the challenged entries on Google's Privilege Logs and descriptions of Plaintiffs' challenges. Fact discovery closes in 3 days, on February 13, 2026.

**Plaintiffs' Position:** Plaintiffs challenge Google's claims of attorney-client privilege over 486 of the 4,485 entries on its privilege logs, the majority (374) of which are withheld in full. Plaintiffs timely provided their challenges after receiving Google's privilege logs and at Google's insistence, they have grouped their challenges into the five categories described below. But aside from a handful of documents it has produced, Google has refused to provide additional details substantiating its claims of privilege, and it has refused to even re-review most challenged entries. Because Google has not met its burden to demonstrate privilege with respect to any of the challenged entries (*U.S. v. ChevronTexaco Corp.*, 241 F.Supp.2d 1065, 1069 (N.D. Cal. 2002)), the Court should order Google to produce the underlying documents.

**Background:** On October 10, 2025, Plaintiffs asked Google to confirm whether it would re-review the 171 challenged entries from Logs 1 and 2, and sought to confer. Plaintiffs provided challenges to Logs 3 and 4 on October 31 and November 18, reiterating their request that Google re-review challenged entries and to confer. In total, Plaintiffs challenged 20% (870) of the 4,485 entries on Google's privilege logs, and now maintain challenges to 11% of entries.[1] Google refused Plaintiffs' requests, insisting that Plaintiffs had not taken into account the Court's Order regarding clawed back documents, rendering the challenges inadequate. Google maintained this objection for weeks, despite that numerous challenges referenced the Court's order and Plaintiffs, informed by the order, did not challenge documents similar to those resolved by the Court, such as notes from "legal sync" meetings and documents prepared at counsel's direction. ECF No. 272 at 9.

On December 1, seven weeks after Plaintiffs sought to meet and confer, Google asked Plaintiffs to provide a "list of the categories/groups of challenges" for discussion during a conference. And two days later, on December 3, Google confirmed that it was not undertaking a re-review of any challenged entries. To advance discussions, Plaintiffs provided a list of seven discrete categories describing their challenges on December 11 and sought to schedule a prompt conference. The parties conferred on December 19 (70 days after Plaintiffs first requested a conference). During the conference, Google agreed for the first time that it would review privilege

---

[1] Plaintiffs also raised challenges over deficient metadata for certain entries on Google's privilege logs, which challenges were withdrawn following clarification from Google.

1

claims over documents falling under just three of the seven identified categories—entries where no attorney is present or identified (category 1 below), withheld meeting invitations, and claims of work product protection—and that it was reviewing distribution list membership (category 4 below). On a January 9, 2026 conference, Plaintiffs stated that, given Google's delays and refusal to re-review most challenged entries, disputes would need to be briefed promptly after receiving Google's amended privilege logs. Google said it would provide amended logs by the week of January 20th to allow the parties sufficient time to brief disputes. On January 26, having received nothing from Google, Plaintiffs informed Google that its amended logs must be delivered promptly so the parties could "move forward with briefing the pending privilege disputes."

Google did not provide its amended logs until January 31, 2026—14 days before the close of fact discovery and months after Plaintiffs provided their challenges. Google withdrew in full its claims of privilege over just 14 documents and revised its privilege descriptions and basis for asserting privilege for only 18 documents.[2] Plaintiffs provided updated challenges to Google's amended logs on February 4, withdrawing 368 challenges, refining the basis for certain challenges, and identifying the categorical basis for each entry, per Google's request. *See* Exhibit A.

**Argument:** Google's privilege log entries are deficient for the following reasons:

**Category 1 (No Attorney Present or ID'd):** Plaintiffs challenge Google's claims of attorney-client privilege over 74 documents (72 redacted, and 2 withheld in full) for which no attorney is present or identified. Though communications between non-attorneys can be privileged if they "discuss or transmit legal advice given by counsel" and discuss an "intent to seek legal advice," Google has not established either criterion. *Dolby Laboratories Licensing Corp. v. Adobe Inc.*, 402 F.Supp.3d 855, 866 (N.D. Cal. 2019); *see also Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc.*, 2008 WL 5214330, at *3 (N.D. Cal. Dec. 12, 2008) (ordering production of documents where defendant failed to identify an attorney who provided the legal advice). For example, Google describes Entries 1191, 1192, and 1193 as emails "seeking and revealing legal advice of Privacy Counsel" but the withheld emails are from non-attorney Nathan Byrd and

---

[2] Google withdrew the challenged work product claims and produced, in part, previously withheld meeting invitations, resolving Plaintiffs' challenges made on these bases.

2

directed to non-attorneys Minh Giang and Radu Soricut. The earlier-in-time email in this thread references coordinating with "privacy lead" regarding "reviews we'll need to complete for release." But facts regarding a privacy review are not privileged and Google wrongly describes the entries as "seeking" legal advice when no counsel is present. Google should produce these and other similarly withheld communications where it fails to identify the attorney and offers no credible indicia that they concern legal advice. *E.g.*, Entries 55 (redacting the discussion of a dataset under the heading "not ready for small models"—this description is not privileged just because a comment asks if legal has approved its use); 177 (redacting "Ablation results" which appear to be technical, not legal, in nature).

**Category 2 (Attorney ID'd but not Present):** Google improperly withholds 116 documents for which counsel identified by Google is not a recipient or author—suggesting they do not concern legal advice. *Does 1-5 v. Kaiser Found. Health Plan, Inc.*, 2025 WL 815934, at *5 (N.D. Cal. Mar. 14, 2025) (documents not privileged where "[n]one of the authors or recipients" are attorneys and they do not concern legal advice). Cognizant of the Court's prior order regarding Google's clawback of certain documents, Plaintiffs have not raised challenges under this category to entries "created for or at the direction of counsel" or that appear to reflect legal advice. ECF No. 272 at 9. Unfortunately, numerous entries do not meet this description. For example, Entry 2272 is described by Google as "Email seeking legal advice of Austin Tarango*" but Mr. Tarango is not included on the email and there's no indication that the redacted portion is seeking legal advice. *See also* Entry 3309 (withheld "Email seeking legal advice of Sarah Morgenthau*" where Google has not provided any recipient information and now claims it is a "draft email written in Google Doc" making its description inaccurate). Google also withholds in full numerous "comment notifications" sent to and from non-attorneys and that appear to relate to technical documents, but that Google describes as "seeking and containing" legal advice. *E.g.*, Entries 312, 757, 1983. Because there is no indication that the identified privileged actors "ever received or reviewed" the communication, Google cannot carry its privilege burden. *MediaTek Inc. v. Freescale Semiconductor, Inc.*, 2013 WL 5594474, at *1 (N.D. Cal. Oct. 10, 2013) (report not privileged

3

where no attorney "had possession of [it], reviewed it, or relied upon it"). To the extent these reflect legal advice, they should be produced with redactions to "privileged portions," not withheld in full. *U.S. v. Christensen*, 828 F.3d 763, 803 (9th Cir. 2015). Google certainly should produce, at a minimum, the name of the commentator and title of the underlying document.

**Category 3 (Widely Distributed Communications):** Google improperly withholds 69 documents sent to *numerous* non-attorneys and it has not made a "'clear showing' that the 'speaker' made the communications for the purpose of obtaining or providing legal advice," *ChevronTexaco Corp.*, 241 F.Supp.2d at 1076, nor that they were maintained as confidential. *E.g.*, Entries 1708 (communication sent to over 25 non-attorneys); 2378 (sent to over 80 non-attorneys); 3898 (sent to "███████████" and "███████████"—suggesting the communication was not maintained as confidential). "[T]he number of recipients," and the fact that attorneys are merely included but do not participate, suggests they concerns business, not legal, advice. *Engurasoff v. Zayo Grp. LLC*, 2015 WL 335793, at *3 (N.D. Cal. Jan. 23, 2015); s*ee also City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *17 (N.D. Cal. Aug. 3, 2022) ("Merely copying in-house counsel on an email exchange does not make [it] privileged.").

**Category 4 (Recipients Not Identified):** Plaintiffs challenge 42 entries for which Google has not identified all recipients of the communication, including communications sent to distribution lists whose membership has not been provided by Google, as required under §10(e)(2) of the ESI Protocol, ECF No. 124. *E.g.*, Entries 565, 693, 2475. Defendant's claim that these communications concern "need-to-know" topics is conclusory and its claim that Plaintiffs failed to properly confer is groundless—Google could have provided its justification months ago in response to Plaintiffs challenges. Google also withholds comment notifications where it has not provided the list of individuals that received the notice. *E.g.*, Entries 1426, 1733. Because Google cannot provide the full list of individuals that received these communications, it cannot claim they were distributed only to "need to know" recipients and maintained as a "confidential." *In re Google RTB Consumer Priv. Litig.*, 2023 WL 1787160, at *6 (N.D. Cal. Feb. 6, 2023) (requiring production of widely distributed communications where Google failed to show they "were made

4

and maintained in confidence"); *see also Chrimar Sys. Inc v. Cisco Sys. Inc*., 2016 WL 1595785, at *7 (N.D. Cal. Apr. 21, 2016) (communications to "unknown senders and recipients").

**Category 5 (Willfulness Documents):** Google improperly withholds 328 documents that pertain to its understanding of the lawfulness of its conduct, which bears on a defense Google put at issue in this litigation. *Chevron Corp. v. Pennzoil Co*., 974 F.2d 1156, 1162 (9th Cir. 1992). The Court previously denied as "premature" Plaintiffs' challenges to clawed back documents on this basis, noting that Google's affirmative defenses do not "turn on [its] state of mind." ECF No. 272 at 5. But Google's Opposition to Class Certification confirms that it is arguing that Plaintiffs have not shown Google acted with a culpable mental state. ECF No. 289-1 at n. 4 ("Plaintiffs failed to present any evidence suggesting Google knew that training generative AI models constituted infringement."). Yet, Google continues to withhold documents that relate specifically to its knowledge of the lawfulness of its conduct. These include communications analyzing copyright risks in relation to the use of certain datasets used to train Google's AI models (*e.g.*, Entries 539, 2799, 3013), discussions about Google's processes and steps taken to mitigate legal and compliance risk associated with the output from its AI models (*e.g.*, Entries 185, 2646, 4359), and documents relating to Google's "recitation checker" tool, which was created specifically to hide the output of copyright material from its AI models (*e.g.*, Entries 1497, 3388, 3448*)*. Withholding these documents while arguing Plaintiffs have not proven willfulness results in the sort of "sword and shield" situation that courts disallow. *See Chevron Corp.*, 974 F.2d at 1162.

Google's makes much of the recent out-of-circuit decision in *OpenAI*, 2026 WL 328182 (S.D.N.Y. Feb. 6, 2026), overturning the Magistrate's decision and finding that the defendant "did not put its state of mind at issue" by denying the allegations. But, unlike that case, Google has not confirmed that it "will not offer evidence of its state of mind" to later rebut willfulness allegations and no *in camera* review of the challenged documents has been conducted—Google has not even re-reviewed the documents following Plaintiffs' challenges. *Id.* at *5-6. At a minimum, Plaintiffs seek *in camera* of these document given their importance to rebutting Google's assertions regarding the legality of its conduct. *In re Grand Jury Subpoena,* 31 F.3d 826, 830 (9th Cir. 1994).

5

**Google's Position**: Plaintiffs' eighteenth discovery motion smacks of desperation. With three days left in the discovery period, Plaintiffs mount sweeping, unsupported challenges to Google's privilege log. Their motion echoes (indeed improperly reargues) challenges the Court already rejected back in November. ECF 272. Plaintiffs' positions remain legally indefensible.

*Plaintiffs Failed to Properly Meet and Confer.* While Google was preparing its class certification opposition, Plaintiffs "coincidentally" sent purported challenges to more than 2,000 additional entries on Google's privilege log. As before, the challenges were make-work, based on nothing but speculation. Plaintiffs reprised prior claims rejected by this Court that documents exchanged by non-attorneys could not be privileged and that Google had waived privilege merely by denying Plaintiffs' charge of willful infringement. Google told Plaintiffs it disagreed with the challenges on November 19, offering to meet and confer. Five days later, Plaintiffs said they were unavailable at the time Google proposed and offered a later date. Google accepted and asked Plaintiffs to group their challenges into categories. Plaintiffs subsequently responded that the new date they proposed no longer worked and that they would yet again follow up later with new times. Nine days after that, Plaintiffs provided the requested list of categories and exemplary challenges.

After Plaintiffs' repeated postponements, the parties conferred on December 19, and Google agreed to re-review certain privilege assertions after the holidays. While dealing with a flurry of other motions Plaintiffs filed (*e.g.*, ECF 375, 377, 380), Google undertook that re-review of hundreds of often-lengthy documents. It withdrew its claims over 14 documents (including some duplicates) and produced updated logs on January 30. Plaintiffs sent their portion of this joint brief on February 4 without further communication, without a declared impasse, and without advance notice as required (*see* ECF 148). Plaintiffs' brief says they conveyed their continued objections on February 4, which is true only insofar as that is when Plaintiffs sent their portion of this motion. But that is hardly what the Court's meet-and-confer requirement contemplates.

Plaintiffs' failings aside, their challenges to Google's privilege entries are meritless: **Category 1: "No Attorney Present."** Plaintiffs first challenge entries for which they claim "no attorney is present or identified." That is an inaccurate description of the redactions/documents at

6

issue. Each of Google's log entries identifies the attorney(s) whose advice has been withheld. Plaintiffs' examples—Entries 1191, 1192, and 1193—are from an email thread Google produced with minimal redactions. In the ***unredacted*** portion, the author states he is "coordinating with our privacy lead" on "legal/privacy reviews" and "will come back with confirmation." Shortly thereafter, he communicates the legal advice he sought and obtained from that in-house counsel. Google's privilege claim over the substance of the advice and its log entry are perfectly valid.[3]

Plaintiffs' other examples fare no better. In each Google has redacted limited portions of documents that clearly reflect advice obtained from an attorney. *See* Entry 55 (unredacted text asking to "verify that we are all set on the legal side to use this"); Entry 177 (redacting only two sentences that constitute legal advice from a six-page document). The fact that no attorney is specifically identified as author or recipient does not change the privileged nature of the redacted material. And Plaintiffs offer no basis for challenging Google's privilege claim.

**Category 2: Non-Attorney Author.** Plaintiffs challenge log entries "for which counsel identified by Google is not a recipient or author." The Court already rejected this precise challenge, explaining that "documents—even those prepared by non-attorneys—may be privileged in their entirety when they reflect legal advice or were created for or at the direction of counsel." ECF 272 at 9. That should end the analysis, as Plaintiffs offer no basis for reconsideration. Plaintiffs' assertion that they are "[c]ognizant" of and have accounted for the Court's prior order is untenable. Plaintiffs challenge multiple entries in this category whose descriptions expressly state they were prepared "at or under the direction of counsel." In doing so, Plaintiffs are attempting to relitigate an issue the Court has already decided without new facts or law to do so.

Regardless, Plaintiffs' challenge is no better the second time around. Google re-reviewed the redacted portions of Entry 2272 and reported, in an updated log, that the redactions are to

---

[3] That Google's log entries on the email thread do not identify attorneys by name, but instead indicate the legal advice was provided by "Privacy Counsel*"—does not vitiate the privilege claim. *See In re Google RTB Consumer Priv. Litig.*, 2023 WL 1787160, at *5 (N.D. Cal. Feb. 6, 2023) ("[I]t is not surprising that Google is currently unable to identify the attorney involved" in a years-old email, "but it is nevertheless clear from the document itself that *an* attorney sought the information in question."). Plaintiffs' own privilege logs contain many entries for which the log description identifies only "counsel" or "attorney" instead of a specific named attorney.

7

requests for advice made to in-house attorney Austin Tarango. Entry 3309 is a draft email written in a Google Doc with no to/from/cc metadata, the body of which makes clear that the author is seeking legal advice from in-house attorney Sarah Morgenthau, as reflected in Google's log. The withheld comment notification emails ("CNEs") that Plaintiffs cite contain comments that counsel entered in electronic documents, as accurately reflected in Google's logs, which identify the relevant attorney(s) by name. *See* Entry 312 (comments in document to and from in-house attorneys Austin Tarango, Brian Carver, and Ian Wilbur); Entry 757 (comments to and from in-house attorney Kent Walker); Entry 1983 (comments to and from in-house attorneys Amna Latif and Uli Sachs).[4] As with the last time Plaintiffs made this argument, Plaintiffs' privilege challenges "offer only conclusions and argument unsupported by any facts." ECF 272 at 9.

**Category 3: One of "Many" Recipients.** Plaintiffs also challenge Google's privilege assertion over redactions and documents "where a member of [Google's] legal department is one of *many* recipients." As Google explained to Plaintiffs in meet and confer, many of its in-house counsel provide legal support on issues that implicate large technical and engineering teams. Therefore, it is not atypical for communications with in-house counsel to involve numerous non-attorneys. Courts in this district have recognized as much and held that communications to groups of non-attorneys do not undermine claims of privilege. *See, e.g.*, *In re Google RTB Consumer Priv. Litig.*, 2023 WL 1787160, at *6 ("[T]he fact that the communication involved as many as 25 software engineers does not undermine Google's privilege claim."). That is the case here. The entries that Plaintiffs challenge involve teams of in-house attorneys actively advising technical and engineering groups. *See* Entry 1708 (five in-house attorneys providing legal advice to a team of 28 DeepMind employees); Entry 2378 (eight in-house attorneys providing legal advice to a team of ~50 employees working on the Bard product). Again, Plaintiffs offer no substantive basis for questioning Google's assertion of privilege over these communications conveying legal advice.

**Category 4: Distribution Lists.** Plaintiffs object to entries for which they claim "Google has not identified the full list of individuals who received the communication," pointing to emails

---

[4] Plaintiffs assert that Google should produce "the name of the commentator" on CNE documents. Google has already provided what matters; the log entries identify relevant attorney(s) by name.

for which Google has been unable to identify the complete membership of a listserv, and to a few CNEs. Plaintiffs argue that because "Google cannot provide the full list of individuals that received these communications," it cannot claim privilege because the documents might have been broadly circulated. Again, not so. If Plaintiffs had fulfilled their obligation to meet and confer, Google would have explained that Entries 565, 693, and 2475 relate to the legal review and approval of certain datasets, which is a topic assigned "need-to-know" status at Google. The documents were not freely available within the company, as a Google representative would gladly attest. As to CNEs, Entry 1426 is addressed to in-house attorney David Price containing a comment directed to him, and Entry 1733 is addressed to attorney Brian Carver containing a comment directed to him. Plaintiffs' unfounded speculation that these documents were widely distributed in a manner that would vitiate privilege is just that—speculation—and not a proper basis for a privilege challenge.

**Category 5: Implied Waiver.** The bulk of Plaintiffs' challenges are effectively a request to reconsider the Court's prior ruling that Google's denial of Plaintiffs' willful infringement charge does not effect a privilege waiver. *See* ECF 272 at 5-6.

The last time Plaintiffs argued this position, they noted Google "contests allegations that it acted willfully in infringing copyrighted works" and "may raise other affirmative defenses that turn on its state of mind in its forthcoming Answer." ECF 243 at 1. After reviewing Google's Answer, in which Google denied willful infringement, the Court concluded Plaintiffs' request was "unfounded or, at best, premature." ECF 272 at 5. Plaintiffs now cite a footnote in Google's class certification opposition where it has again denied willfulness. ECF 289-1 at 21 n.4. That changes nothing. Google still does not rely on an advice-of-counsel defense, and has not affirmatively injected its lawyers' advice into the case. This is not at all a sword and shield situation. *See, e.g.*, *Home Indem. Co. v. Lane Powell Moss & Miller*, 43 F.3d 1322, 1327 (9th Cir. 1995) (no waiver where party justified "reasonableness" "without resort to its attorneys' communications"). Plaintiffs' citation of *Chevron Corp.*, 974 F.2d at 1162, in which advice of counsel was asserted as a defense, is as misplaced now as it was the last time Plaintiffs cited it. *See* ECF 243 at 1-3.

Plaintiffs know that their waiver position here is meritless. In their initial version of this

brief, they tried to support the position by reference to a Magistrate's decision in *In re OpenAI, Inc., Copyright Infringement Litig.* ("*OpenAI*"), 2025 WL 3270133, at *10–11. Google responded that the decision was incorrect, citing a host of cases. *See, e.g.*, *Gardner v. Major Auto. Cos., Inc.*, 2014 WL 1330961, at *7 (E.D.N.Y. Mar. 31, 2014) ("[A] party cannot effectively force its adversary to waive its privilege implicitly with a pleading that brought the adversary's knowledge and good faith into issue."); *Genentech, Inc. v. Insmed, Inc.*, 236 F.R.D. 466, 469 (N.D. Cal. 2006) ("mere denial of intent is insufficient to establish waiver of the privilege").[5]

In Plaintiffs' next turn of this brief, they dropped their citation to *OpenAI* without explanation. It turns out, as Plaintiffs' counsel knows given their role in that case, the Magistrate's decision was summarily reversed two court days ago as "clearly erroneous" and "contrary to law" by District Judge Stein. *OpenAI*, 2026 WL 328182, at *1 (S.D.N.Y. Feb. 6, 2026). As he ruled, "[t]o effect an at-issue waiver, 'a party must *rely* on privileged advice from his counsel to make his claim or defense,' such as by affirmatively asserting 'a good faith or state of mind defense.'" *Id.* at *5 (citation omitted). To hold that a company "put its state of mind at issue" by "deny[ing] that it willfully infringed class plaintiffs' copyrighted works" is "contrary to law." *Id.*

Judge Stein's ruling accords with not only the authorities Google cites but also common sense. Under Plaintiffs' theory, any litigant could compel an adversary's privilege waiver by forcing the adversary to defend an intent-based claim. For example, just by charging that a defendant acted with scienter, Plaintiffs would have every fraud defendant waive privilege simply by defending the claim. That is not and never has been what the at-issue doctrine involves. *Laser Indus., Ltd. v. Reliant Techs., Inc.*, 167 F.R.D. 417, 446 (N.D. Cal. 1996) (holding fraud charge does not "place[] the contents of any privileged communication 'in issue'"). Google does not need to rely on privileged communications to defend Plaintiffs' meritless charge of willful infringement. Unless and until it chooses to do so, there is no waiver over its privileged communications.

---

[5] *See also Parker v. Prudential Ins. Co. of Am.*, 900 F.2d 772, 776 n.3 (4th Cir. 1990) (denying waiver argument where challenging party "attempted to insert the advice of … counsel into the proceedings"); *Laborers Local 17 Health Benefit Fund v. Philip Morris, Inc.*, 1998 WL 414933, at *2 (S.D.N.Y. July 23, 1998) (rejecting "mere assertion of a fraud theory or other legal claim implicating the plaintiff's knowledge [as] sufficient to trigger a broad waiver").

Respectfully submitted,

Dated: February 10, 2026          By: */s/ Joshua D. Samra*

    Lesley E. Weaver (SBN 191305)
    Anne K. Davis (SBN 267909)
    Joshua D. Samra (SBN 313050)
    **STRANCH, JENNINGS & GARVEY, PLLC**
    1111 Broadway, Suite 300
    Oakland, CA 94607
    Telephone: (341) 217-0550
    lweaver@stranchlaw.com
    adavis@stranchlaw.com
    jsamra@stranchlaw.com

    Gregory S. Mullens (admitted *pro hac vice*)
    **STRANCH, JENNINGS & GARVEY, PLLC**
    223 Rosa L. Parks Avenue, Suite 200
    Nashville, TN 37203
    Tel. (615) 254-8801
    gmullens@stranchlaw.com

    Joseph R. Saveri (SBN 130064)
    Cadio Zirpoli (SBN 179108)
    Christopher K.L. Young (SBN 318371)
    Evan A. Creutz (SBN 349728)
    Elissa A. Buchanan (SBN 249996)
    Aaron Cera (SBN 351163)
    Louis Kessler (SBN 243703)
    Alexander Zeng (SBN 360220)
    **JOSEPH SAVERI LAW FIRM, LLP**
    601 California Street, Suite 1505
    San Francisco, CA 94108
    Telephone: (415) 500-6800
    Facsimile: (415) 395-9940
    jsaveri@saverilawfirm.com
    czirpoli@saverilawfirm.com
    cyoung@saverilawfirm.com
    ecreutz@saverilawfirm.com
    eabuchanan@saverilawfirm.com
    acera@saverilawfirm.com
    lkessler@saverilawfirm.com
    azeng@saverilawfirm.com

    Ryan J. Clarkson (SBN 257074)

Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: 213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowo@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Counsel for Individual and Representative Plaintiffs and the Proposed Class*

Dated:  February 10, 2026              Respectfully submitted,

By:  */s/ Paul J. Sampson*

Paul J. Sampson
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
95 S State Street**,** Suite 1000
Salt Lake City, UT 84111
Telephone: (801) 401-8510
Email: psampson@wsgr.com

David H. Kramer

12

Maura L. Rees
Qifan Huan
Kelly M. Knoll
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Fax: (650) 565-5100
Email: dkramer@wsgr.com
Email: mrees@wsgr.com
Email: qhuan@wsgr.com
Email: kknoll@wsgr.com

Eric P. Tuttle
Madison Welsh
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500
Fax: (206) 883-2699
Email: eric.tuttle@wsgr.com
Email: mjwelsh@wsgr.com

Jeremy Paul Auster
**WILSON SONSINI GOODRICH ROSATI, P.C.**
1301 6th Avenue
New York, NY 10019
212-453-2862
Email: jauster@wsgr.com

*Counsel for Defendant Google LLC*

13

## SIGNATURE ATTESTATION

I, Joshua D. Samra, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that the concurrence in the filing of this document has been obtained from the other signatory.

Dated: February 10, 2026

By: /s/ Joshua D. Samra
      Joshua D. Samra