DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84101-1560
Telephone: (801) 360-4314

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone:  (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**GOOGLE'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION TO AMEND CASE SCHEDULE**<br><br>Judge:   Hon. Eumi K. Lee |

Mere minutes before fact discovery closed in this matter, Plaintiffs filed a one-page request for leave to file a procedurally improper motion to extend that deadline, indeed all deadlines in the case, by six months. The request for leave was required because the Court expressly ordered there be no further motions in the run-up to the hearing on class certification and other matters set for Friday, February 20. ECF 360 ("The hearing will address all pending motions …. No further motions shall be filed before the hearing.").

Plaintiffs offer no justification for seeking to file their extension motion now, given the Court's directive. Plaintiffs could have waited until after the February 20 hearing—a motion to extend fact discovery filed eight minutes before midnight on the cutoff date is no more timely than one filed after the hearing. *See* Standing Order for Civil Cases Before Judge Eumi K. Lee § V (Aug. 28, 2025) (motions to extend a deadline must come at least three days before the deadline). Alternatively, they could (and, if they actually had cause, should) have filed such a motion long ago. Indeed, they previously obtained an extension of the discovery period and case schedule, then sought a second that was denied. ECF 197 at 2 (granting schedule extension while admonishing Plaintiffs for "fail[ing] to act diligently" and "wast[ing] time on distractions"); ECF 231 (denying further extension). They now seek a third, and their latest request is especially meritless. But there is no reason why the Court or Google should have to address such a distraction now amidst their hearing preparation. Plaintiffs' request for leave is entirely pro-forma, serving only as a vehicle for attaching the motion they want to file, rather than a justification for relief on its own. That is grounds enough for denial.

The motion Plaintiffs seek to file is also beset by procedural improprieties. For one thing, Local Rule 6-3 provides that a motion to enlarge time "may be no more than 5 pages in length." Plaintiffs' proposed motion is twice that length. Further, Plaintiffs have again treated the Court-mandated meet-and-confer requirement as a box-checking exercise. When Plaintiffs reached out about extending the fact discovery cutoff on February 5, Google repeatedly asked Plaintiffs to provide their proposed schedule so that Google could consider it. Plaintiffs refused, supplying it for the first time in their proposed motion and ensuring there could be no meaningful discussion about it.

1  Google would oppose the underlying motion that Plaintiffs propose to file, which is filled
2  with misrepresentations and substantive flaws as well as procedural ones. But the only question
3  currently presented is whether Plaintiffs should be permitted to file it now, so as to distract Google
4  and the Court from the hearing on multiple other motions scheduled for February 20. The answer
5  is no. The Court barred further motions at this time, and Plaintiffs have not justified an exception
6  for this one. Accordingly, their request for leave should be denied.

Respectfully submitted,

Dated: February 15, 2026       By: */s/ Paul J. Sampson*

Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
95 State Street, Suite 1000
Salt Lake City, Utah 84101-1560
Telephone: (801) 360-4314

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

*Counsel for Defendant*
GOOGLE LLC