1  DAVID H. KRAMER, SBN 168452
   Email: dkramer@wsgr.com
2  MAURA L. REES, SBN 191698
   Email: mrees@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone: (650) 493-9300

6  ERIC P. TUTTLE, SBN 248440
   Email: eric.tuttle@wsgr.com
7  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
8  701 Fifth Avenue, Suite 5100
   Seattle, WA 98104-7036
9  Telephone: (206) 883-2500

   PAUL J. SAMPSON (admitted *pro hac vice*)
   Email: psampson@wsgr.com
   WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
   95 S. State Street, Suite 1000
   Salt Lake City, Utah 84101-1560
   Telephone: (801) 360-4314

10 *Counsel for Defendant*
   GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RULE 72 MOTION**<br><br>Judge: Hon. Eumi K. Lee |

If Plaintiffs want to file another meritless Rule 72 motion objecting to a decision from Magistrate Judge van Keulen, they can do so. Google appreciates that this Court's Order barring further motions in the lead-up to the February 20 hearing was not intended to permanently deprive Plaintiffs of the opportunity to seek such relief. ECF 360 (January 22, 2026 Order: "The hearing will address all pending motions …. No further motions shall be filed before the hearing."). Because Plaintiffs would have had to file their Rule 72 motion by February 16, during the Court-Ordered ban on further motions, Google proposed a stipulated order, subject to Court approval, extending Plaintiffs' time to file it until February 23.[1]

That should have been the end of this matter. But Plaintiffs would not take "yes" for an answer. They insisted they be entitled to file their motion amid preparations for the February 20 hearing, and fault Google for not blessing that would-be distraction. Apparently, Plaintiffs hope to add this request, and their underlying discovery objection, to the long list of matters already set for the hearing. But they offer no reason to do so, and Google knows of none.

Dated: February 15, 2026

Respectfully submitted,

By: */s/ Paul J. Sampson*
Paul J. Sampson (admitted *pro hac vice*)
**WILSON SONSINI GOODRICH & ROSATI**
95 State Street, Suite 1000
Salt Lake City, Utah 84101-1560
Telephone: (801) 360-4314

*Counsel for Defendant GOOGLE LLC*

---

[1] Plaintiffs' assertion that Google allowed for "the passage of many days" before taking a position on the timing of their Rule 72 motion is false. Plaintiffs first notified Google on February 5 of their desire to file. Google responded within hours that same day, noting the bar on further motions, but offering that Google would not oppose a request to extend Plaintiffs' filing deadline until after the hearing. The parties met and conferred on Friday, February 6. On the next business day, Monday, February 9, Google confirmed its offer. Plaintiffs instead demanded a stipulation approving of their filing by February 16—during the period when the Court had directed that no further motions be filed. Google reiterated its position the same day, explaining: "Plaintiffs are, of course, free to file the Rule 72 motion now or on February 16 if they choose, but doing so would be inconsistent with Judge Lee's instruction. Our proposal simply offers a stipulation that preserves the Court's directive while providing relief from the February 16 deadline."

GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE RULE 72 MOTION   -1-   MASTER FILE CASE NO.: 5:23-cv-03440-EKL