DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84101-1560
Telephone: (801) 360-4314

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**GOOGLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (ECF NO. 395)**<br><br>Judge: Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

## INTRODUCTION

Defendant Google LLC hereby responds pursuant to Local Rule 79-5(f) to Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (the "Sealing Motion"), filed concurrently with the Parties' Joint Discovery Letter Brief Regarding Google's Privilege Assertions and Privilege Logs (the "Joint Letter Brief") and Exhibit A thereto. *See* ECF Nos. 394, 394-1. Both the Joint Letter Brief and Exhibit A thereto contain personal information such as email addresses of current and former Google employees, and Exhibit A further includes sensitive confidential information concerning Google's proprietary datasets, as well as its training and filtering techniques. The Court granted similar sealing requests regarding the Parties' previous Joint Discovery Letter Brief Regarding Clawback Challenges. *See* ECF No. 274 at 3. Google respectfully requests that the Court do the same here and enter an order keeping Google's sensitive information under seal.

## LEGAL STANDARD

The common law right of public access to judicial records in a civil case is not a constitutional right and it is "not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (noting that the "right to inspect and copy judicial records is not absolute" and that "courts have refused to permit their files to serve as reservoirs of . . . sources of business information that might harm a litigant's competitive standing"). Documents filed in connection with a non-dispositive matter, like the documents at issue here, may be sealed where there is "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *In re PersonalWeb Techs., LLC et al. Pat. Litig.*, 2023 WL 3468296, at *1 (N.D. Cal. Apr. 13, 2023) (explaining that the "good cause" standard applies to "discovery motions") (van Keulen, M.J.). Sealing is appropriate when the information at issue constitutes "competitively sensitive information," such as confidential research, development, or commercial information. *France Telecom S.A. v. Marvell Semiconductor Inc.*, 2014 WL 4965995, at *4 (N.D. Cal. Oct. 3, 2014); *see also Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (acknowledging courts' "broad latitude" to "prevent disclosure of materials for many types of

1  information, including, *but not limited to*, trade secrets or other confidential research, development,
2  or commercial information.").

3  **ARGUMENT**

4  Google seeks to seal the email addresses of its current and former employees, which appear
5  in both the Joint Letter Brief and Exhibit A. Courts regularly permit redaction of such information.
6  *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021)
7  (granting request to redact Google employees' email addresses); *Ehret v. Uber Techs., Inc.*, 2015
8  WL 12977024, at *3 (N.D. Cal. Dec. 2, 2015) (granting request to redact Uber employees' email
9  addresses).

10  Google further seeks to seal limited sensitive and confidential information in Exhibit A
11  about Google's proprietary datasets, business strategy, and operations. This information is not
12  generally known to the public or Google's competitors, and public disclosure of such confidential
13  information could cause competitive harm to Google, as well as damage Google's standing with
14  its existing and potential content partners and impact ongoing negotiations with these partners. *See*
15  Declaration of Jeremiah Torres, ECF No. 350-1; Declaration of David Price, ECF No. 350-2.
16  Sealing of such information is common and appropriate, and would be consistent with prior sealing
17  decisions in this case, including a decision granting the sealing of a similar exhibit regarding
18  Plaintiffs' previous challenge to Google's privilege assertions. *See* ECF No. 274 at 3 (granting
19  sealing of full exhibit that contains information concerning Google's proprietary datasets); *see also*
20  ECF No. 232 (sealing information concerning actual and candidate training datasets); ECF No.
21  393 (sealing information about business strategy and licensing efforts); *accord Brown v. Google*
22  *LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022) (van Keulen, M.J.) (sealing "confidential
23  and proprietary information regarding highly sensitive features of Google's internal systems and
24  operations that Google does not share publicly and maintains as confidential in the ordinary course
25  of its business and is not generally known to the public or Google's competitors"); *Kumandan v.*
26  *Google LLC*, 2023 WL 2189498, at *2 (N.D. Cal. Feb. 22, 2023) (finding compelling reasons to
27  seal information concerning "the operation of Google Assistant" and information concerning
28  "business opportunities and risks" and "profits or losses"); *Finjan, Inc. v. Cisco Sys. Inc.*, 2019

WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material that "reveals the identification, organization, and/or operation of Cisco's proprietary products"); *Bold Ltd. v. Rocket Resume, Inc.*, 2024 WL 1329921, at *3 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances."); *DeMartini v. Microsoft Corp.*, 2023 WL 4205770, at *3 (N.D. Cal. June 26, 2023) (finding compelling reasons to seal "business information" and "business strategy"); *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (finding compelling reasons to seal documents and communications reflecting "internal strategy and decision-making processes" and the identities of "strategic partners" and "relationships with third parties"); *GoPro Hong Kong Ltd. v. 2b Trading, Inc.*, 2017 U.S. Dist. LEXIS 27380, at *4 (N.D. Cal. Feb. 27, 2017) (finding compelling reasons to seal business information including "forecasts" and "marketing expenditures").

## CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court keep these confidential references to Google's sensitive commercial information under seal.

Dated: February 17, 2026

By: */s/ Paul J. Sampson*
Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
95 State Street, Suite 1000
Salt Lake City, Utah 84101-1560
Telephone: (801) 360-4314

Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: mrees@wsgr.com
**WILSON SONSINI GOODRICH & ROSATI**
**Professional Corporation**
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

*Counsel for Defendant*
GOOGLE LLC