1
2
3
4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6
7

IN RE GOOGLE GENERATIVE AI
COPYRIGHT LITIGATION

Master File Case No.  23-cv-03440-EKL

8
9

**ORDER REGARDING SEALING
MOTIONS**

10
11

Re: Dkt. Nos. 289, 290, 291, 292, 293, 297,
300, 301, 308, 315, 318, 320, 322, 326, 332,
336, 339, 350, 355, 359, 370

12
13

Before the Court are numerous requests to seal documents filed in connection with

14

Plaintiffs' motion for class certification and other related motions.  At the parties' request, and to

15

promote efficient and comprehensive review of the sealing motions, the Court authorized the

16

parties and interested third parties to file a joint, omnibus motion to seal after the class

17

certification record closed.  *See* Order Authorizing Omnibus Sealing Motions, ECF No. 265.

18

Now, having reviewed the sealing requests, the supporting declarations, and relevant authority, the

19

Court GRANTS in part and DENIES in part the sealing motions.

20

**I.    LEGAL STANDARD**

21

The Ninth Circuit recognizes "a strong presumption in favor of access to court records."

22

*Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "A party seeking to

23

seal a judicial record then bears the burden of overcoming this strong presumption by meeting the

24

'compelling reasons' standard."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th

25

Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135).  "In general, 'compelling reasons' sufficient to

26

outweigh the public's interest in disclosure and justify sealing court records exist when such 'court

27

files might have become a vehicle for improper purposes,' such as the use of records to gratify

28

private spite, promote public scandal, circulate libelous statements, or release trade secrets."  *Id.* at

1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  The "compelling reasons" standard applies to requests to seal motions that are "more than tangentially related to the merits of a case."  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

The Court concludes that the "compelling reasons" standard applies here because the class certification record discusses information directly related to the merits of this case.  For example, the parties' briefs, declarations, and exhibits address whether Google used copyrighted works to train its generative artificial intelligence ("AI") models, the types of data Google used and how it acquired such data, whether Google had a license to use the data, and whether Google's training is fair use.  Moreover, the public's interest in accessing court records is at its zenith in this case given the vast scope of the conduct at issue and Google's position that it has a broad license to use colossal volumes of data that it collected from "billions of web sites" and from users of Google services.  *See* Class Cert. Opp. at 3-4, ECF No. 370-1.  The public has a right to understand the factual bases for the parties' arguments and the Court's forthcoming ruling on the class certification motion.

Google argues that the less stringent "good cause" standard applies to requests to seal documents "filed in connection with a non-dispositive motion such as a motion for class certification."  Omnibus Mot. at 1, ECF No. 350.  But the Ninth Circuit clarified a decade ago in *Center for Auto Safety* that "public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.'  Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case."  809 F.3d at 1101.  Some of Google's authority for applying the "good cause" standard to class certification materials either predates or does not apply this guidance.[1]  Other cases cited by Google continue to focus on the technically non-dispositive nature of class certification motions, instead of analyzing the

---

[1] *See, e.g.*, *Willis v. Colgate Palmolive Co.*, No. CV 19-8542, 2023 WL 11915708, at *5 (C.D. Cal. Jan. 5, 2023); *Brickman v. Fitbit, Inc.*, No. 15-cv-02077, 2017 U.S. Dist. LEXIS 123663, at *2-4 (N.D. Cal. Aug. 4, 2017); *Ochoa v. McDonald's Corp.*, No. 14-cv-02098, 2015 WL 3545921, at *1 (N.D. Cal. June 5, 2015).

United States District Court
Northern District of California

relationship between the materials at issue and the merits of the case, as is required.[2]  The other cases cited by Google applied the "good cause" standard after expressly finding that the class certification materials at issue related only tangentially to the merits of the case.[3]  These cases are not persuasive here given the substantial overlap between class certification and the merits of the case.  *See Cahill v. Non-Party Media Orgs. Insider Inc.*, No. 24-165, 2025 WL 841196, at *1 (9th Cir. Mar. 18, 2025) (affirming district court's application of the "compelling reasons" standard to sealing of class certification materials "given the overlap between the class certification issue and the merits of Plaintiffs' lawsuit").  Accordingly, the Court follows the great weight of authority and applies the "compelling reasons" standard.  *See, e.g.*, *Kumandan v. Google LLC*, No. 19-cv-04286, 2022 WL 4292966, at *2 (N.D. Cal. Sep. 16, 2022) (collecting cases applying the "compelling reasons" standard to class certification materials); *Williams v. Apple*, No. 19-cv-04700, 2021 WL 2476916, at *1 (N.D. Cal. June 17, 2021) (same); *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) (same)

Additionally, parties must comply with Civil Local Rule 79-5.  Sealing requests must be "narrowly tailored to seal only the sealable material."  Civil L.R. 79-5(c)(3).  Requests must identify "the reasons for keeping a document under seal," and explain the "interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient."  *Id.* at 79-5(c)(1).  "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."  *Id*. at 79-5(c).

## II.    DISCUSSION

The omnibus sealing motion contains sealing requests on behalf of Google, Plaintiffs, and various third parties.  Many of the sealing requests are narrowly tailored to protect confidential information that, if publicly disclosed, may cause competitive harm.  The sealing requests are

---

[2] *Bolooki v. Honda Motor Co.*, No. 22-cv-04252, 2024 WL 4404067, at *1 (C.D. Cal. July 30, 2024) (reasoning that a class certification motion is non-dispositive unless its denial "would constitute the death knell of a case").

[3] *See, e.g.*, *Parducci v. AMCO Ins. Co.*, No. 18-cv-07162, 2021 WL 5908379, at *16 (N.D. Cal. Dec. 14, 2021).

United States District Court
Northern District of California

supported by detailed declarations explaining the reasons for sealing.  *See generally* ECF Nos. 350, 359.  The sealable information includes contracts with third parties, business strategy and negotiations, pricing and market analysis, technical research and development, generative AI model training, dataset composition, data acquisition methods, and data indexing and tracking. There are compelling reasons to seal these categories of information – to the extent the information is detailed and confidential.  *See Kamakana*, 447 F.3d at 1179 (finding compelling reasons to seal trade secrets); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (finding compelling reasons to seal pricing terms); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (finding compelling reasons to seal customer financial information and business strategy); *Juicero, Inc. v. iTaste Co*., No. 17-cv-01921, 2017 WL 2335623, at *2 (N.D. Cal. May 30, 2017) (finding compelling reasons to seal "proprietary financial and research and development information").  Additionally, many records reflect personally identifiable information ("PII") that is not material to the class certification motion.  This information is also properly sealed.  *Klein v. Meta Platforms, Inc*., No. 3:20-cv-08570, 2022 WL 22936870, at *2 (N.D. Cal. Aug. 31, 2022) ("There is a sufficient privacy interest in keeping the email addresses of employees redacted[.]").

This Order discusses the sealing requests categorically, then provides individualized rulings as to each sealing request as reflected in the charts further below.

### A.  Requests by Google

Google requests to seal five categories of information.  Although each category contains information that is properly sealed, in some respects Google's requests are overbroad and unsupported, and the public's substantial interest in accessing court records outweighs Google's interest in keeping the information sealed.

The first category includes "the data that Google used or considered using in training its generative AI models" as reflected in "data cards, model cards, expert reports and testimony, and other documents that reveal details about the datasets that Google used or considered using." Omnibus Mot. at 2.  The second category is similar.  It includes "sensitive technical and engineering information relating to Google's generative AI models," as well as "engineering

4

United States District Court
Northern District of California

details and proposed improvements for Google's generative AI models" and details regarding Google's recitation checker. *Id.* at 3. In general, Google has shown compelling reasons to seal materials in these two categories. For example, the Court will fully seal the data cards and model cards that describe the composition of datasets in detail. Likewise, the Court will fully seal technical analysis of model performance, refinement of the models, and specific parameters of Google's recitation checker – which is a tool that "Google developed to provide citations and block unwanted repetition of training data in the *output* of its models." Class Cert. Opp. at 24 n.6. By contrast, the Court will not seal general aspects of dataset composition – for example, that copyrighted books may be a valuable source of training data, that certain datasets were used to train certain models, or that Plaintiffs' proposed expert witness claims to have identified copyrighted works in Google's training datasets. These basic facts are at the center of this case. The public cannot meaningfully follow these proceedings with this information redacted, and Google has not shown that competitive harm may result from disclosure.[4] Similarly, the Court will not seal high-level explanations of how the recitation checker works because this information is essential to addressing the parties' arguments regarding whether it can be used to identify class works in training data.

The third category relates to "Google's content acquisition agreements and other documents that reveal the terms of actual or contemplated agreements between Google and those with whom it has content agreements." Omnibus Mot. at 3. Google argues that disclosure of this information may "impact ongoing negotiations" and "allow Google's competitors to benefit from the knowledge of Google's negotiation of these agreements to inform their own contract negotiations." *Id.* at 4. In general, Google has shown compelling reasons to seal its agreements with third-party content providers, and the contracts will be fully sealed to prevent disclosure of specific, confidential terms. However, some parts of the record describe the agreements in general terms, or they quote the scope of licenses to discuss whether Google was permitted to use data in

---

[4] Google's competitors are sophisticated technology companies with the resources and know-how to train large language models. It is implausible that these companies will derive a competitive edge from basic facts that Google has redacted, including that books are a useful source of data.

connection with training generative AI models.  The Court will not seal general discussion of Google's licenses given that Google's license defense is a significant issue for class certification and the merits of the case.

The fourth category relates to "Google's business strategy and operations, including documents identifying potential partnership opportunities, detailing status of ongoing negotiations, describing business and negotiating strategies, and forecasting future budgets and expenditures." Omnibus Mot. at 5.  As with the third category, disclosure of this information could cause Google competitive harm by giving "Google's competitors insight into its business strategy and operations, which competitors could exploit to Google's material disadvantage."  *Id*.  In general, Google has shown compelling reasons to seal its detailed, confidential analysis of potential business opportunities, its negotiation strategies, and market analysis.  However, some of the material that Google has redacted discusses Google's legal position regarding fair use, and its general assessment of whether to pursue licensing of data to train AI models.  Google has not shown that disclosure of this high-level information may cause competitive harm, and these topics are central to class certification and the merits of the case.  *See Kamakana*, 447 F.3d at 1179 ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

The fifth category relates to "information such as email addresses and phone numbers of current and former Google employees, as well as the personal financial information of Google's retained experts."  Omnibus Mot. at 6.  This personal information has no bearing on the issues raised at class certification, and employees' privacy rights outweigh the public's interest in disclosure.  Accordingly, the Court has consistently granted Google's requests to seal information in this category.

**B.      Requests by Plaintiffs and Third Parties**

Plaintiffs and third parties submitted much narrower sealing requests.  Plaintiffs request to seal "sensitive information concerning Plaintiffs' confidential licensing agreements with their publishers and Plaintiffs' sensitive financial information."  Omnibus Mot. at 35.  The licensing agreements "include pricing terms, royalty rates, and guaranteed minimum payment terms" that, if

disclosed, could cause financial harm to Plaintiffs and third parties.  *Id*. at 36.  The materials also describe third parties' business strategies and "non-public information such as account shares, foreign rights sales, marketing strategies, and other sensitive information."  *Id*. at 37.  The third parties have also filed statements and declarations in support of sealing.  As indicated in the charts below, nearly all of the Plaintiffs' sealing requests are granted, and all third-party sealing requests are granted.

### C.     The Court's Rulings

**Google's Requests**

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-1 | Plaintiffs' Motion for Class Certification | 4:9-12, 4:15-17, 4:20, 4:27, 5:7-14, 6:5, 6:9, 6:11-14, 7:20-23, 7:26-28, 8:1-2, 8:15-16, 8:23-25 10:14-18, 11:1-7, 11:11-12, 11:19-28, 12:1-7, 12:10, 12:19-24, 12:26-13:5, 13:12-13, 13:15-22, 13:24, 14:5-6, 14:8, 14:12-13, 22:19-28 | GRANTED as to 4:9-10, 10:14, 12:22-25, 13:3 (name of third party), 13:5 (names of third parties), 14:6 (price figures), and 22:24-28.  Discusses confidential details of model training, content acquisition, business strategy, and pricing analysis.<br><br>DENIED as to the remainder, which discusses model training, dataset names, data indexing and tracking, the recitation checker, Google's business considerations regarding licensing, Google's assessment of legal risks, and non-confidential contract language – all in general terms. |
| 253-5 | Expert Report of David Doermann | Highlighted portions in paragraphs 28, 74, 76-80, 83-85, 100-101, 106-118, 120, 122-126, 128-130, 133-134, 136, 138-139, 142-153, 155, 160-163, 165-168, 170, 172-180, 182-187, 189, 191-192, Appendix C | GRANTED as to paragraphs 115 (diagram), 116, 123, 144, and 172-187.  Reflects details of model training, content acquisition, and dataset composition.<br><br>DENIED as to the remainder, which discusses content acquisition, model training, dataset names, dataset composition, data indexing and tracking, and the recitation checker – all in general terms. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-6 | Expert Report of Victoria Furniss | Highlighted portions in paragraphs 32, 47-50 | GRANTED as to paragraph 49, which reflects specific, confidential contract terms.<br><br>DENIED as to paragraphs 32, 47-48, and 50, which reflect non-confidential contract terms and general discussion of contractual arrangements.  This information is also material to the public's understanding of Google's licensing arguments. |
| 271-1 (corrected version of 253-7) | Expert Report of Michael Smith | Highlighted portions in paragraphs 11, 14-15, 19-31, 33-39, 41, 43 45, 48-50 | GRANTED as to paragraphs 11, 20 (email address only), 29-31, 34-37, 45, and 48 (email addresses only). Reflects detailed and confidential aspects of data acquisition, negotiation strategy, and pricing analysis.  Also contains PII.<br><br>DENIED as to the remainder, which discusses data acquisition and licensing, the use of certain categories of data, and the use of copyrighted works – all in general terms. |
| 253-9 | Deposition of Brian Carver (Fed. R. Civ. P. 30(b)(6)) | 41:2-25, 52:25-53:2, 53:5-12, 53:23-25, 54:10-55:16, 56:7-12, 61:2-11, 68:20-69:25, 87:4, 87:7, 87:9-90:3, 108:13-109:16, 113:1-114:8 | DENIED.  Discusses datasets and Google's recitation checker in general terms. |
| 253-10 | Deposition of Tyler Liechty (Fed. R. Civ. P. 30(b)(6)) | 6:3-5, 6:12, 6:14, 6:14, 6:19-20, 7:13, 7:17-19, 8:12-13, 83:13-84:22, 168:12-21, 180:2-21, 241:4-9, 419:3-22 | DENIED.  Discusses model training, training datasets, and data acquisition in general terms. |

8

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-11 | Deposition of Stephane Jaskiewicz | 24:13-25:6, 162:3-22, 173:1-174:22, 238:1-239:22, 255:1-:259:8, 259:15-260:22, 278:1-279:22, 334:11-335:22, 337:1-339:22, 341:1-344:22 | DENIED. Discusses model training, training datasets, and data acquisition in general terms. |
| 253-12 | Deposition of Jason Baldridge | 17:18-23, 19:2-12, 24:1-7, 24:24-25:4, 25:9, 27:12, 27:20, 27:23-24, 54:5-25, 76:20-24, 78:4-10, 105:1-106:18, 124:2-15, 124:20-125:10, 193:3-15, 257:2-25, 296:1-21 | GRANTED as to 25:9, 27:12, 27:20, 27:23-24, 105:1-106:18, 124:2-15, and 124:20-125:10. Discusses detailed and confidential aspects of model training. Also contains PII.<br><br>DENIED as to the remainder, which discusses training datasets, data acquisition, and the recitation checker in general terms. |
| 253-13 | Deposition of Li Xiao | 4:15, 5:13, 33:8-34:22, 55:3-9, 56:4-12, 57:5-58:22, 68:12-69:22, 72:6-8, 72:18-22, 107:7-21, 116:4-20, 131:5-22, 140:2-141:14, 149:8-150:5, 154:11-16, 174:3-10, 186:3-187:2, 200:17-201:16, 234:18-21, 240:2-241:22, 251:5-11, 308:1-22, 313:4-314:7, 314:15-22, 324:1-22, 335:12-17, 336:4-22, 338:1, 338:5-339:22, 345:5-7, 345:14-18 | GRANTED as to 55:3-9, 57:5-22, 131:5-22, 140:2-141:14, 174:3-10, 186:3-187:2, 234:18-21, 251:5-11, 336:4-22, 338:1, 338:5-339:22, 345:5-7, and 345:14-18. Reflects internal processes and detailed aspects of dataset composition.<br><br>DENIED as to the remainder, which discusses data acquisition, dataset composition, and data indexing in general terms. |
| 253-14 | Deposition of Oriol Vinyals | 97:16-25, 120:10-122:22 | DENIED. Discusses data acquisition and the recitation checker in general terms. |

9

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-15 | Deposition of David Price (Fed. R. Civ. P. 30(b)(6)) | 33:1-21, 34:14-25, 39:1-3, 40:24-41:24, 59:16-60:8, 124:1-125:15 | GRANTED as to 33:1-12 and 124:18-125:15.  Discusses specific contracts with third parties and details of content acquisition strategy.  DENIED as to the remainder, which discusses licensing and Google's consideration of using a certain category of data for model training in general terms. |
| 253-16 | Deposition of Kareem Ayoub | 5:11-12, 264:7-8, 264:14-25, 320:2-25 | GRANTED as to 5:11-12 and 320:2-25.  Discusses detailed and confidential aspects of data acquisition strategy and pricing analysis.  DENIED as to 264:7-8 and 264:14-25, which discusses the recitation checker and Google's business considerations in general terms. |
| 253-17 | Deposition of Adam Barker (Fed. R. Civ. P. 30(b)(6)) | 27:2, 27:11, 27:22, 29:3, 29:8-9, 29:13-17, 31:15, 33:19-34:2, 57:2-20 | GRANTED as to 27:2, 27:11, 27:22, 29:3, 29:8-9, 29:13-17, 31:15, and 33:19-34:2.  Discusses detailed and confidential financial information.  DENIED as to 57:2-20, which discusses licensing and data acquisition in general terms. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-18 | Deposition of Andrew Dai | 8:17, 136:16-138:22, 144:12-145:22, 146:12-147:5, 147:12-22, 150:1-3, 150:11-151:11, 151:18-153:17, 166:19-167:16, 181:7-10, 182:8-20, 188:7-189:9, 189:14-190:3, 240:2-22, 241:6-242:4, 243:9-249:13, 250:2-254:22, 259:4-260:14, 267:3-22, 313:10-314:6, 314:19-315:22, 316:9-10, 316:17-317:22, 359:1-19, 360:1-361:6, 391:1-22 | GRANTED as to 150:1-3, 150:11-17, 151:2-6, 151:20-152:2, 245:13-17, 247:12-21, 252:9-20, 254:13-21, 313:10-314:6, 314:19-315:22, 316:9-10, 316:17-317:22, 359:1-19, and 360:1-361:6.  Reflects detailed aspects of model training.<br><br>DENIED as to the remainder, which discusses the recitation checker, the potential use of copyrighted works, and the value of training on copyrighted works in general terms. |
| 253-19 | Ex. 17 to Deposition of Tyler Liechty | Highlighted portions on p.1 | DENIED.  Reflects high-level information about models. |
| 253-20 | GOOG-AIC-000013914 | Entire documents | GRANTED.  Reflects detailed and confidential aspects of model training. |
| 253-21 | GOOG-AIC-000013928 | | |
| 253-22 | GOOG-AIC-000014036 | | |
| 253-23 | GOOG-AIC-000014220 | | |
| 253-24 | GOOG-AIC-000014257 | | |
| 253-25 | GOOG-AIC-000014911 | | |
| 253-26 | GOOG-AIC-000014934 | | |
| 253-27 | GOOG-AIC-000015660 | | |
| 253-28 | GOOG-AIC-000017739 | | |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-29 | GOOG-AIC-000019423 | Entire documents | GRANTED.  Reflects detailed and confidential aspects of model training. |
| 253-30 | GOOG-AIC-000019701 | | |
| 253-31 | GOOG-AIC-000022456 | Entire documents | GRANTED.  Reflects specific, confidential contract terms with third party. |
| 253-32 | GOOG-AIC-000022473 | | |
| 253-33 | GOOG-AIC-000029651 | Entire document | GRANTED.  Reflects detailed and confidential analysis of the use of metadata. |
| 253-34 | GOOG-AIC-000047085 | Entire documents | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 253-35 | GOOG-AIC-000047114 | | |
| 253-36 | GOOG-AIC-000047169 | | |
| 253-37 | GOOG-AIC-000047194 | | |
| 253-38 | GOOG-AIC-000047239 | | |
| 253-39 | GOOG-AIC-000047292 | | |
| 253-40 | GOOG-AIC-000047309 | | |
| 253-41 | GOOG-AIC-000047342 | | |
| 253-42 | GOOG-AIC-000047354 | | |
| 253-43 | GOOG-AIC-000047377 | | |
| 253-44 | GOOG-AIC-000049509 | Entire documents | GRANTED.  Reflects detailed and confidential aspects of model training. |
| 253-45 | GOOG-AIC-000049535 | | |
| 253-46 | GOOG-AIC-000105862 | Highlighted portions on -862 to -864, Metadata sheet | GRANTED.  Reflects detailed discussion of model training.  Also contains PII (email addresses). |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 253-47 | GOOG-AIC-000109453 | Highlighted portions on -453 to -454 | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which discusses the potential use of one category of data in general terms. |
| 253-48 | GOOG-AIC-000111705 | Entire document | GRANTED.  Reflects internal policies and processes. |
| 253-49 | GOOG-AIC-000115985 | Highlighted portions on -985 to -986, Metadata sheet | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which discusses the potential use of one category of data in general terms. |
| 253-50 | GOOG-AIC-000115988 | Highlighted portions on -988 to -990 | |
| 253-51 | GOOG-AIC-000115991 | Highlighted portions on -991 to -994 | |
| 253-52 | GOOG-AIC-000117399 | Highlighted portions on -399 to 400 | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which summarizes "industry news" based on public sources. |
| 253-53 | GOOG-AIC-000117854 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training.  Also contains PII. |
| 253-54 | GOOG-AIC-000119834 | -835 to -884, -891 to -924 Highlighted portions of -834, -885 to -890 | GRANTED, except as noted below.  Reflects detailed and confidential aspects of model training.<br><br>DENIED as to portions of pages -885 to -889 that overlap with the content unsealed in ECF Nos. 253-49, 253-50, and 253-51 for the reasons stated above. |
| 253-55 | GOOG-AIC-000123966 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training.  Also contains PII. |
| 253-56 | GOOG-AIC-000125257 | Entire document | GRANTED.  Reflects detailed and confidential business strategy and pricing analysis.  Also contains PII. |

13

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-57 | GOOG-AIC-000126370 | -371 to -374, -377 to -454 | GRANTED.  Reflects detailed and confidential business strategy.  Also contains PII. |
| 253-58 | GOOG-AIC-000174199 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training.  Also contains PII. |
| 253-59 | GOOG-AIC-000203621 | Highlighted portions on -621 to -622 | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which discusses copyright considerations in general terms. |
| 253-60 | GOOG-AIC-000206856 | Entire documents | GRANTED.  Reflects detailed and confidential aspects of data acquisition.  Also contains PII. |
| 253-61 | GOOG-AIC-000207272 | | |
| 253-62 | GOOG-AIC-000207404 | -405 to -419, -421 to -452 Highlighted portions of -420 | GRANTED.  Reflects detailed and confidential aspects of data acquisition and business strategy.  Also contains PII. |
| 253-63 | GOOG-AIC-000274584 | Entire document | |
| 253-64 | GOOG-AIC-000274590 | Entire document | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which discusses the potential use of one category of data in general terms. |
| 253-65 | GOOG-AIC-000301374 | Highlighted portions on -374 to -375 | |
| 253-66 | GOOG-AIC-000324279 | Entire document | GRANTED, except as noted below.  Reflects detailed and confidential aspects of model training.<br><br>DENIED as to the second paragraph in the top email (1/31/2023) on page -279, which discusses copyright issues. |
| 253-67 | GOOG-AIC-000345528 | Entire documents | GRANTED.  Reflects specific, confidential contract terms with third party. |
| 253-68 | GOOG-AIC-000345530 | | |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-69 | GOOG-AIC-000346328 | Entire document | GRANTED.  Reflects detailed and confidential aspects of data acquisition and pricing analysis. |
| 253-70 | GOOG-AIC-000361821 | Highlighted portions on -821 to -823, Metadata page | GRANTED.  Reflects detailed and confidential aspects of model training.  Also contains PII. |
| 253-71 | GOOG-AIC-000363422 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training and dataset composition. |
| 253-72 | GOOG-AIC-000370492 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training and data acquisition. |
| 253-73 | GOOG-AIC-000373099 | Entire document | GRANTED.  Reflects detailed and confidential aspects of data acquisition, data indexing, and model training. |
| 253-74 | GOOG-AIC-000373189 | Entire documents | GRANTED.  Reflects detailed and confidential aspects of model training. |
| 253-75 | GOOG-AIC-000373306 | | |
| 253-76 | GOOG-AIC-000374443 | Highlighted portions on -444, -447, -449, -452 to 463, -465 to 469 | GRANTED.  Reflects detailed and confidential aspects of data acquisition. |
| 253-78 | GOOG-AIC-000385158 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training. |
| 253-80 | GOOG-AIC-000387896 | -897 to -928, -931 to -936, -942 to -946 Highlighted portions on -896, -929 to -930, and -937 to -941 | GRANTED, except as noted below.  Reflects detailed analysis of model training processes, training data, and model performance.  Also contains PII (email addresses).<br><br>DENIED as to the non-PII content on pages -929, -930, -938, -939, -940, and -941.  Discusses the potential use of a category of data in general terms. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-81 | GOOG-AIC-000388471 | -472 to -490, -492 to -501, -503 to -505, -507, -509 to -511, -513 to -528, -530 to -548 Highlighted portions on -491, -502, -506, -508, -512, and -529 | GRANTED, except as noted below. Reflects detailed and confidential aspects of model training.<br><br>DENIED as to pages -491, -508, -512, and -529.  Discusses the potential use of copyrighted material as training data in general terms. |
| 253-82 | GOOG-AIC-000389563 | -564 to -596, -598 to -631 Highlighted portions on -597 | GRANTED, except as noted below. Reflects detailed and confidential aspects of model training.  Also contains PII (email addresses).<br><br>DENIED as to page -597.  Discusses the potential use of copyrighted material as training data in general terms. |
| 253-83 | GOOG-AIC-000389911 | -912 to -969, -971 to -975, -977 to -979, -981 to -017 Highlighted portions on -970, -976, -980 | GRANTED, except as noted below. Reflects detailed and confidential aspects of model training.  Also contains PII (email addresses).<br><br>DENIED as to pages -927, -940, -961, -976, and -980.  Discusses the potential use of a category of data in general terms. |
| 253-84 | GOOG-AIC-000471928 | Entire document | GRANTED.  Reflects detailed business and negotiation strategy and pricing analysis. |
| 253-85 | GOOG-AIC-000472033 | Entire documents | GRANTED.  Reflects detailed and confidential aspects of model training, data acquisition, and negotiation strategy. |
| 253-86 | GOOG-AIC-000481984 | | |
| 253-87 | GOOG-AIC-000500211 | | |
| 253-88 | GOOG-AIC-000509778 | | |
| 253-89 | GOOG-AIC-000511266 | | |
| 253-90 | GOOG-AIC-000520395 | | |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-92 | GOOG-AIC-000582441 | Highlighted portions on -441 -442 to -467 | GRANTED, except as noted below. Reflects detailed and confidential analysis of model training processes, training data, and data acquisition. Also contains PII (email addresses).<br><br>DENIED as to the non-PII content on pages -441 and -445. Discusses licensing in general terms. |
| 253-93 | GOOG-AIC-000584939 | Entire documents | GRANTED. Reflects detailed and confidential analysis of training data, data acquisition, and pricing. |
| 253-94 | GOOG-AIC-000584953 | | |
| 253-95 | GOOG-AIC-000619097 | Entire document | GRANTED. Reflects detailed and confidential analysis of model training. |
| 253-96 | GOOG-AIC-000636213 | -214 to -224, -227 to -250 Highlighted portions on -225 to -226 | GRANTED, except as noted below. Reflects detailed and confidential analysis of recitation checking.<br><br>DENIED as to -219 to -228. Discusses recitation checking and risk considerations in general. Additionally, certain portions reference public material (*e.g.*, pages -223 to -227). |
| 253-97 | GOOG-AIC-000641126 | Entire document | GRANTED. Reflects confidential internal processes and dataset composition. |
| 253-98 | GOOG-AIC-000662311 | Highlighted portions on -311 to -325 | |
| 253-99 | GOOG-AIC-000674328 | Highlighted portions on -328 to -331, Metadata page | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which discusses categories of training data in general terms. |
| 253-100 | GOOG-AIC-000710430 | Entire document | GRANTED. Reflects confidential internal processes and data acquisition strategy. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 253-101 | GOOG-AIC-000710445 | Entire document | DENIED. Reflects general considerations regarding the potential use of copyrighted material as training data. |
| 253-102 | GOOG-AIC-000711295 | Entire documents | GRANTED. Reflects specific, confidential contract terms with third parties. |
| 253-103 | GOOG-AIC-000711405 | | |
| 253-104 | GOOG-AIC-000711457 | | |
| 253-106 | GOOG-AIC-000760043 | | |
| 253-107 | GOOG-AIC-000763515 | -516 to -558, -561 to -707 Highlighted portions on -559 | GRANTED. Reflects detailed and confidential aspects of data acquisition and business strategy. |
| 253-108 | GOOG-AIC-000767551 | Entire document | GRANTED. Reflects detailed and confidential aspects of model training and dataset composition. |
| 253-109 | GOOG-AIC-000767937 | Entire documents | GRANTED. Reflects specific, confidential contract terms with third parties. |
| 253-110 | GOOG-AIC-000767951 | | |
| 253-111 | GOOG-AIC-000767976 | | |
| 253-112 | GOOG-AIC-000768069 | | |
| 253-113 | GOOG-AIC-000768084 | | |
| 253-114 | GOOG-AIC-000769893 | Entire document | GRANTED. Reflects detailed and confidential aspects of model training and dataset composition. |
| 253-115 | GOOG-AIC-000782412.C | Highlighted portions of -414.C, -417.C to -423.C, -426.C to 427.C | GRANTED. Reflects detailed and confidential aspects of model training and internal processes. |
| 253-116 | GOOG-AIC-000792731.C | Entire documents | GRANTED. Reflects detailed and confidential aspects of model training and dataset composition. |
| 253-117 | GOOG-AIC-000793042.C | | |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 253-119 | GOOG-AIC-000813651 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training and dataset composition. |
| 253-120 | GOOG-AIC-000035958 | Highlighted portions on -958 to -965 | GRANTED.  Reflects detailed and confidential aspects of data acquisition, business strategy, and pricing.  Also contains PII. |
| 253-121 | GOOG-AIC-000078250 | Highlighted portions on -250 to -251 | |
| 253-122 | GOOG-AIC-000118693 | Highlighted portions on -693 to -695 | |
| 253-123 | GOOG-AIC-000119254 | Highlighted portions on -254 to -258 | |
| 253-124 | GOOG-AIC-000121339 | Highlighted portions on -339 to -344 | |
| 253-125 | GOOG-AIC-000345814 | Entire document | |
| 253-126 | GOOG-AIC-000274573 | Highlighted portions on -573 to -578 | |
| 253-127 | GOOG-AIC-000172514 | Entire document | |
| 253-128 | GOOG-AIC-000346842 | Entire document | GRANTED, except as noted below. Reflects detailed and confidential aspects of data acquisition, business strategy, and pricing analysis.<br><br>DENIED as to pages -843 to -845, which discuss copyright issues and content acquisition in general terms. |
| 253-129 | GOOG-AIC-000406798 | Highlighted portions on -798 to -803 | GRANTED.  Reflects detailed and confidential aspects of data acquisition, business strategy, and pricing.  Also contains PII. |
| 253-130 | GOOG-AIC-000409943 | Entire document | |
| 253-131 | GOOG-AIC-000582310 | Highlighted portions on -310 to -311 | GRANTED.  Reflects detailed and confidential aspects of model training. Also contains PII. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 253-132 | GOOG-AIC-000674464 | Entire document | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which reflects Google's position regarding fair use and its right to train models on web data. |
| 253-133 | GOOG-AIC-000674469 | Entire document | GRANTED.  Reflects detailed and confidential aspects of data acquisition, business strategy, and pricing. |
| 253-134 | GOOG-AIC-000674532 | Entire document | GRANTED as to PII (email addresses) only. |
| 253-135 | GOOG-AIC-000744803 | Highlighted portions on -803 to -804, Metadata page | DENIED as to the remainder, which reflects Google's position regarding fair use and its right to train models on web data. |
| 253-136 | GOOG-AIC-000550228 | Highlighted portions on -230 to -232, -234, -239, -242, Metadata page | GRANTED.  Reflects detailed and confidential business strategy.  Also contains PII. |
| 253-137 | GOOG-AIC-000520533 | Entire document | GRANTED.  Reflects detailed aspects of the recitation checker and dataset composition. |
| 253-138 | GOOG-AIC-000115985 | Highlighted portions on -985 to -986 | GRANTED as to PII (email addresses) only.<br><br>DENIED as to the remainder, which discusses the potential use of one category of data in general terms. |
| 253-139 | GOOG-AIC-000764871 | Entire document | GRANTED.  Reflects detailed and confidential aspects of model training. |
| 256-2 | WILEY000020 | Entire document | GRANTED.  Reflects specific, confidential contract terms with third parties. |

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 266-1 | Expert Report of Merry McCarron (Corrected) | Highlighted portions on table of contents, pp. 4-9, 12-17, 20, 24-26, 28-35, Appendix B, Appendix G | GRANTED as to paragraphs 42, 55-78, 91-95, 133, 137, 141, 146, 150, 155, 160, 165, 167, and Appendices B and G.  Reflects detailed and confidential aspects of dataset composition.<br><br>DENIED as to the remainder, which discusses dataset composition, and a proposed expert witness's identification of copyrighted works in training data, in general terms. |
| 289-1 | Google's Opposition to Motion for Class Certification | 4:23-28, 8:26-9:1, 17:27-18:1, 18:3-5, 18:7-8, 18:21-22 | GRANTED as to 4:23-25 and 18:21-22.  Discusses specific contract terms and details of a license.<br><br>DENIED as to the remainder, which discusses licensing in general terms. |
| 289-2 | Carver Declaration in Support of Google's Opposition to Motion for Class Certification | 1:19-20, 1:25-3:10, 3:25-26, 3:28, 4:6-8, 4:16-18, 4:21-24 | GRANTED as to 1:25-3:5, 4:6-8, and 4:16-18.  Reflects detailed and confidential aspects of the recitation checker.<br><br>DENIED as to the remainder, which discusses general aspects of the recitation checker. |
| 289-3 | Price Declaration in Support of Google's Opposition to Motion for Class Certification | 4:4-4:16, 6:2-3, 6:5-27, 11:8-11 | GRANTED as to 4:4-5, 4:11-12, 6:2-7, 6:11, 6:20-21.  Reflects specific, confidential contract terms.<br><br>DENIED as to the remainder, which reflects general information about licensing. |
| 289-5 | GOOG-AIC-000582289 | Entire documents | GRANTED.  Reflects specific, confidential contract terms with third party. |
| 289-6 | GOOG-AIC-000582284 | | |
| 289-7 | GOOG-AIC-000580650 | | |
| 289-8 | GOOG-AIC-000768110 | | |
| 289-9 | GOOG-AIC-000580851 | | |

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 289-13 | Auster Declaration in Support of Google's Opposition to Motion for Class Certification | 34:19-27, 40:21-27 | DENIED. Reflects general information about the scope of a license. |
| 289-34 | Expert Report of Georgios Zervas | Highlighted portions on pp. 10, 12-13, 16-17, 18-36, 38-57, Appendix D | GRANTED as to pages 18-19. Reflects detailed information regarding dataset composition.<br><br>DENIED as to the remainder, which reflects dataset composition, the application of an expert's methodology, the number of copyrighted works purportedly identified in training data – all in general terms. |
| 289-35 | Expert Report of Konstantinos Psounis | Highlighted portions in paragraphs 10, 14, 17, 19, 21-25, 27-29, 31-36, 41-45, 52-53, 55-56, 61, 63 n.86, 66, 70-72, 74-76, 79-81, 83-84 | GRANTED as to paragraphs 10 ("one . . . checker"), 21-25, 29, 32-35, 55, 63 n.86, 66, 72, 80. Reflects detailed and confidential aspects of the recitation checker and model training.<br><br>DENIED as to paragraphs 10 ("the text . . . unreliable), 14, 17, 19, 27-28, 30-31, 36, 41-45, 52-53, 56, 61, 70-71, 74-76, 79, 81, and 83-84. Reflects high-level information regarding the recitation checker, data indexing and tracking, and the feasibility of identifying class works. Also contains high-level conclusions about model training, and high-level discussion of data acquisition. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 289-36 | Expert Report of Ryan Sullivan | Highlighted portions on pp. 9, 11-25, 27 | GRANTED as to page 9 note 10 (first line only), page 13 paragraph 27 and note 29, pages 14-22, and 27.  Reflects detailed business and negotiation strategy, pricing analysis, and specific contract terms.  Also contains PII.<br><br>DENIED as to page 9 (remainder), pages 11-12, page 13 note 28, pages 23-25.  Discusses licensing in general terms, an expert's high-level analysis of potential markets, and general sources of training data.  Some portions discuss legal concepts such as fair use and quote from public articles. *See* pages 11-12. |
| 289-38 | Deposition of Michael Smith | 162:15-163:13, 166:7-169:25 | GRANTED as to 162:15-163:13. Discusses negotiation strategy and pricing analysis in detail.<br><br>DENIED as to 166:7-169:25. Discusses licensing in general terms. |
| 289-39 | Deposition of David Doermann | 192:15-193:25, 208:7-9, 208:18-23, 209:17-25, 214:1-216:25, 224:3-226:5, 240:18-241:22, 242:8-14 | GRANTED as to 192:15-193:25. Discusses the value of particular data sources for training and contracts with third parties.<br><br>DENIED as to the remainder, which discusses the recitation checker, training data, and data tracking in general terms. |

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 289-40 | Deposition of Merry McCarron | 56:5-6, 56:16-17, 57:6, 57:8-9, 57:11-12, 57:16, 65:8, 65:16, 65:20, 68:2, 68:11, 68:21, 88:2-3, 88:6, 88:9, 88:12-14, 88:16, 88:19, 88:22, 89:19-22, 89:24, 91:5, 91:11, 91:16-18, 91:25, 136:17, 137:6, 137:8, 137:18, 137:21, 138:7, 139:12, 139:15-16; 140:19, 141:5 | GRANTED as to 88:14 and 91:17. Discusses the number of records in a training dataset.<br><br>DENIED as to the remainder, which discusses the names of training datasets, the application of a proposed expert's methodology, and the number of copyrighted works identified in training data. |
| 289-41 | Deposition of Brian Carver (Fed. R. Civ. P 30(b)(6)) | 41:2-43:25, 124:2-9, 124:22-126:25, 170:2-25 | GRANTED as to 170:2-25.  Discusses detailed and confidential aspects of the recitation checker.<br><br>DENIED as to the remainder, which discusses the recitation checker in general terms. |
| 289-42 | Deposition of Tyler Liechty (Fed. R. Civ. P. 30(b)(6)) | 82:6-83:4, 83:13-22, 247:5-13, 247:21-22, 254:12-20, 347:13-22, 349:1-10 | GRANTED as to 247:5-13, 247:21-22, 347:13-22, and 349:1-10.  Discusses detailed and confidential aspects of model training.<br><br>DENIED as to 82:6-83:4, 83:13-22, 254:12-20.  Discusses training data generally, and data that was ***not*** used to train a particular model, and model names. |
| 289-43 | Deposition of Stephane Jaskiewicz | 337:1-22, 339:1-340:22, 342:1-343:22, Errata Sheet 197:18-197:19 | DENIED.  Discusses Google's data acquisition at a high level, without revealing the details or terms of specific agreements. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 289-44 | Deposition of Jason Baldridge | 76:19-23, 85:13-25, 124:1-14, 124:19-125:9, 251:1-25, 289:1-290:25 | GRANTED as to 85:13-25, 124:1-14, 124:19-125:9, and 289:1-290:25. Discusses the details of training data used for certain models, agreements with third parties, and detailed and confidential aspects of the recitation checker.<br><br>DENIED as to 76:19-23 and 251:1-25. Discusses model training in general terms and high-level aspects of the recitation checker. |
| 289-45 | Deposition of Li Xiao | 53:9-54:7, 55:3-9, 57:5-22, 132:1-133:7, 149:8-22, 324:1-22 | GRANTED as to 53:9-54:7, 55:3-9, 57:5-22, 132:1-133:7. Discusses detailed and confidential aspects of training data.<br><br>DENIED as to 149:8-22 and 324:1-22. Discusses data acquisition processes and data retention in general terms. |
| 289-46 | Deposition of Oriol Vinyals | 83:23-84:24, 238:11-18 | DENIED. Discusses dataset composition in general terms. |
| 289-47 | Deposition of David Price (Fed. R. Civ. P. 30(b)(6)) | 124:1-125:15, 151:1-153:14 | GRANTED as to 124:18-125:15 and 151:24-153:14. Discusses specific contracts with third parties and details of content acquisition strategy.<br><br>DENIED as to 151:1-23. Discusses data acquisition in general terms. |
| 289-48 | Deposition of Andrew Dai | 127:1-22, 245:1-247:22, 269:8-22, 389:11-391:22, 404:3-22, 409:4-22, 412:2-22, 418:6-419:21, 420:11-422:22, 426:1-428:14 | GRANTED as to 127:1-22, 245:13-17, 247:12-21, 428:9-14. Discusses detailed aspects of model training.<br><br>DENIED as to the remainder, which discusses the recitation checker, dataset composition, the potential use of copyrighted works, and the value of training on copyrighted works in general terms. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 289-49 | GOOG-AIC-000007119 | Entire documents | GRANTED. Reflects detailed and confidential analysis of model training processes, training data, and model performance. Also contains PII (email addresses). |
| 289-50 | GOOG-AIC-000007785 | | |
| 289-51 | GOOG-AIC-000013914 | | |
| 289-52 | GOOG-AIC-000019582 | | |
| 289-53 | GOOG-AIC-000023131 | | |
| 289-54 | GOOG-AIC-000071475 | Entire document | GRANTED. Reflects detailed and confidential analysis of recitation checker parameters. |
| 289-55 | GOOG-AIC-000077863 | Entire document | DENIED. Contains high-level depiction of recitation checker workflow. |
| 289-56 | GOOG-AIC-000111735 | Entire document | DENIED. Provides a high-level overview of one source of training data. Moreover, the document states that it "has been deprecated" and is now "obsolete." |
| 289-57 | GOOG-AIC-000111740 | Entire documents | GRANTED. Reflects detailed and confidential analysis of model training processes and training data; contains PII (email addresses). |
| 289-58 | GOOG-AIC-000111854 | | |
| 289-59 | GOOG-AIC-000258841 | Entire document | GRANTED. Reflects detailed analysis of model training processes, performance, and strategy. |
| 289-60 | GOOG-AIC-000511259 | Entire documents | GRANTED. Reflects detailed analysis of recitation checker. Also contains PII (email addresses). |
| 289-61 | GOOG-AIC-000769911 | | |
| 289-62 | GOOG-AIC-000794855 | | |
| 289-63 | GOOG-AIC-000794913 | | |
| 289-64 | GOOG-AIC-000816701 | Highlighted portions on -701 | DENIED. Reflects high-level information about models. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 289-65 | GOOG-AIC-000818937 | Entire document | GRANTED.  Provides a detailed summary of training datasets used for particular models. |
| 289-66 | GOOG-AIC-000823729 | Entire document | GRANTED.  Reflects detailed analysis of recitation checker.  Also contains PII (email addresses). |
| 301-1 | Motion to Exclude Testimony from Doermann, Smith, and Furniss | 3:16-17 | DENIED.  Discusses a proposed expert witness's high-level characterization of certain documents, which Google disputes. |
| 301-2 | Deposition of David Doermann | 126:1-21 | DENIED.  Discusses a proposed expert witness's high-level characterization of data indexing. |
| 301-4 | Deposition of Michael Smith | 95:2-7, 95:14-24 | DENIED.  Discusses the potential use of one category of data in general terms. |
| 301-5 | Deposition of Merry McCarron | 65:8, 65:16, 65:20, 68:2, 68:11, 68:21, 88:2-3, 88:6, 88:9, 88:12-14, 88:16, 88:19, 88:22, 89:19-20, 89:24, 91:5, 91:16-18, 91:25, 265:25 | GRANTED as to 88:14 and 91:17. Reflects the number of records in a training dataset.<br><br>DENIED as to the remainder, which reflects names of training datasets, the application of a proposed expert's methodology, and the number of copyrighted works identified. |
| 315-1 | Plaintiffs' Opposition to Motion to Exclude McCarron | 1:15, 2:12-13, 6:18-19, 6:26, 10:14-16 | GRANTED as to 1:15, 2:12-13, and 10:14-16.  Discusses compensation details that are not material to class certification.<br><br>DENIED as to 6:18-19 and 6:26. Discusses information about a copyright registration. |
| 315-3 | Deposition of Georgios Zervas | 142:10-11, 159:15, 309:21, 309:23 | GRANTED as to 142:3-11.  Discusses compensation details that are not material to class certification.<br><br>DENIED as to the remainder, which discusses the application of a proposed expert witness's methodology for identifying copyrighted works in training data. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 315-4 | Deposition of Merry McCarron | 3:16, 3:20, 5:11, 5:20, 289:11 | DENIED.  Discusses dataset composition in general terms, and the application of a proposed expert witness's methodology for identifying copyrighted works in training data. |
| 315-5 | GOOG-AIC-000096092 | -093 to -098, -100 to -130, -132 to -175<br>Highlighted portions on -093, -099 and -131 | GRANTED.  Reflects detailed and confidential aspects of model training.  Also contains PII. |
| 315-8 | GOOG-AIC-000245395 | Entire document | |
| 315-9 | Excerpt of McCarron backup data | Entire document | DENIED.  Reflects the application of a proposed expert's methodology for identifying copyrighted works to a limited portion of data. |
| 318-1 | Plaintiffs' Opposition to Motion to Exclude Testimony from Doermann, Smith, and Furniss | 5:18-23, 6:6-11, 6:17-18, 6:21-24, 8:1, 8:22-23, 9:8-9 | DENIED.  Discusses data acquisition and licensing considerations in general terms. |
| 318-2 | Deposition of David Price (Fed. R. Civ. P. 30(b)(6)) | 34:14-35:7, 35:19-25 | DENIED.  Discusses licensing and the potential use of one category of data in general terms. |
| 318-3 | Rebuttal Expert Report of Michael Smith | Highlighted portions on i, paragraphs 2, 6, 8, 17, 20-21, 23-25, 27-30, 33-38, 39-40, 43, 48, 50-51 | GRANTED as to paragraphs 20-21, 23-25, 27-30, 35-40, and page 9 note 34.  Discusses detailed and confidential aspects of data acquisition, negotiation strategy, and pricing analysis.<br><br>DENIED as to the remainder, which discusses these topics in general terms. |
| 320-1 | Plaintiffs' Motion to Exclude Testimony of Patry and Sullivan | 6:8 | GRANTED.  Reflects confidential pricing information. |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 322-1 | Plaintiffs' Motion to Intervene | 1:17-18, 2:9-10, 2:12, 3:19-23, 7:16-17, 10:4-5 | DENIED. Discusses basic facts regarding the presence of intervenors' works in training data. Google has not demonstrated that it will suffer any harm from the identification of a handful of particular works in large training datasets. |
| 322-2 | Saveri Declaration in Support of Motion to Intervene | 1:20-25, 2:13-22 | |
| 322-8 | Ex. G to Saveri Declaration in Support of Motion to Intervene | Highlighted portions on pp. 1, 5 | |
| 326-1 | Plaintiffs' Reply in Support of Motion for Class Certification | 5:1-2, 7:9-11, 8:4-5, 8:8-9, 8:13, 8:21-22, 9:5-12, 13:13-14 | GRANTED as to 9:7-12. Discusses detailed and confidential aspects of data acquisition and pricing analysis.<br><br>DENIED as to the remainder, which discusses the recitation checker, model training, the extent of Google's copying, data acquisition, and licensing in general terms. |
| 326-4 | Rebuttal Expert Report of Meredith McCarron | Highlighted portions on pp. 11-20, Appendix A | DENIED. Discusses the application of a proposed expert witness's methodology for identifying copyrighted works in training data, and the application of this methodology to limited portions of training data. |
| 326-5 | Rebuttal Expert Report of David Doermann | Highlighted portions on i and paragraphs 13, 15-17, 19-21, 23, 26, 29, 38-39, 43-44, 46, 58-60, 62, 66-68, 71-75, 77-81, 83-87, 90, 109, 112-115, 117 | GRANTED as to paragraphs 21, 39, and 71-75. Reflects detailed and confidential aspects of the recitation checker and model training.<br><br>DENIED as to the remainder, which discusses dataset composition, data acquisition, model training, and the recitation checker in general terms. |
| 326-6 | Rebuttal Expert Report of Michael Smith | Highlighted portions on i, paragraphs 2, 6, 8, 17, 20-21, 23-25, 27-30, 33-38, 39-40, 43, 48, 50-51 | GRANTED as to paragraphs 20-21, 23-25, 27-30, 35-40, and page 9 note 34. Discusses detailed and confidential aspects of data acquisition, negotiation strategy, and pricing analysis.<br><br>DENIED as to the remainder, which discusses these topics in general terms. |

29

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 326-8 | Deposition of Michael Smith | 162:15-163:13, 166:9-169:17, 174:1-189:25, 211:1-212:13 | GRANTED as to 162:15-163:13, 174:1-176:20, 180:11-182:7, 188:9-12. Discusses detailed and confidential pricing analysis.<br><br>DENIED as to the remainder, which discusses fair use, licensing, and a proposed expert witness's market analysis in general terms. |
| 326-9 | Deposition of Kostantinos Psounis | 149:19-25, 151:8-15, 161:1-25, 244:15-24, 258:8-15, 259:10-19 | DENIED. Discusses the recitation checker and model training in general terms. |
| 326-11 | Deposition of Brian Carver (Fed. R. Civ. P 30(b)(6)) | 170:2-171:25 | GRANTED. Discusses detailed and confidential aspects of recitation checker. |
| 326-12 | Deposition of Li Xiao | 34:10-36:20, 38:3-20, 44:7-45:5, 144:1-22, 308:1-309:7, 309:17-20 | DENIED. Discusses data acquisition, dataset composition, and data indexing in general terms. |
| 326-14 | GOOG-AIC-000096092 | -093 to -098, -100 to -130, -132 to -175 Highlighted portions of -093, -099, and -131 | GRANTED. Reflects detailed and confidential aspects of model training. Also contains PII. |
| 336-1 | Plaintiffs' Response to Google's Objections to Reply Evidence | 3:14-15 | DENIED. Discusses data acquisition strategy in general terms. |
| 339-1 | Google's Opposition to Motion to Intervene | 2:25-28 | DENIED. The cited portions discuss basic facts regarding the presence of intervenors' works in training data. Google has not demonstrated that it will suffer any harm from the identification of a handful of particular works in large training datasets. |
| 339-2 | Harold Declaration in Support of Opposition to Motion to Intervene | 1:11-12 | |
| 339-3 | Ex. A to Harold Declaration | Highlighted portions on pp. 1-2 | |

**Plaintiffs' Requests**

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|------------------|----------------|
| 286-27, 354-2 (redacted); 293-1, 355-3 (sealed) | Ex. 27 to Auster Declaration - (MACMILLAN-000000026) Ex. I to Saveri Declaration (MACMILLAN-000000026) | Highlighted portions at pp. 3-7, 11, 17-18, 20, 23, 27-29, 33, | GRANTED.  Reflects specific, confidential contract terms with third party. |
| 286-28 (redacted); 289-21 (sealed) | Ex. 28 to Auster Declaration - (LARSON-GOOG-0002595) | Entire document | GRANTED.  Reflects sensitive business and financial information. |
| 286-41 (redacted); 289-22 (sealed) | Ex. 41 to Auster Declaration - (ANDERSEN-GOOG-0003380) | Entire document | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 286-42 (redacted); 289-23 (sealed) | Ex. 42 to Auster Declaration - (ANDERSEN-GOOG-0003405) | Entire document | |
| 286-53 (redacted); 289-24 (sealed) | Ex. 53 to Auster Declaration - (ANDERSEN-GOOG-0004614) | Entire document | |
| 286-58 (redacted); 289-25 (sealed) | Ex. 58 to Auster Declaration - Business Analysis Presentation Regarding Sarah Andersen | Entire document | GRANTED.  Reflects sensitive business and financial information. |
| 287-1 (public) | Ex. 61 to Auster Declaration – Excerpts of the transcript of Connie McLennan's August 13, 2025 Deposition | McLennan Transcript 108:3-4, 108:12, 273:17, 274:1-2, 274:7-11, 275:9, | GRANTED.  Contains PII (email addresses). |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 287-2 (public) | Ex. 62 to Auster Declaration – (ARBORDALE-000000072) | Entire Documents | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 287-60 (redacted); 289-29 (sealed) | Ex. 120 to Auster Declaration – (BARER-GOOG-0026626) | | |
| 288-1 (redacted); 289-30 (sealed) | Ex. 121 to Auster Declaration – (BARER-GOOG-0026608) | | |
| 288-2 (redacted); 289-31 (sealed) | Ex. 122 to Auster Declaration – (BARER-GOOG-0026587) | | |
| 288-3 (redacted); 289-32 (sealed) | Ex. 123 to Auster Declaration – (BARER-GOOG-0026646) | | |
| 288-4 (public) | Ex. 124 to Auster Declaration – (BARER-GOOG-0035583) | | |
| 288-5 (redacted); 289-33 (sealed) | Ex. 125 to Auster Declaration – (BARER-GOOG-0024888) | | |
| 286-5 (redacted); 289-14 (sealed) | Ex. 5 to Auster Declaration - (LEMOS-GOOG-0002515) | Entire document | GRANTED.  Reflects confidential negotiations. |
| 286-6 (redacted); 289-15 (sealed) | Ex. 6 to Auster Declaration - (LEMOS-GOOG-0002522) | Entire document | GRANTED as to PII only (email addresses).<br><br>DENIED as to the remainder of the document, which is non-confidential correspondence discussing art.  *See* Auster Decl. ¶ 14. |

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---------|----------|-----------------|----------------|
| 286-7 (redacted); 289-16 (sealed) | Ex. 7 to Auster Declaration – (LEMOS-GOOG-0003308) | Entire document | GRANTED.  Discusses personal information not material to the class certification motion. |
| 287-22 (redacted); 289-26 (sealed) | Ex. 82 to Auster Declaration - (ALMOND-GOOG-0000018) | Entire document | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 287-23 (redacted); 289-27 (sealed) | Ex. 83 to Auster Declaration – (HBG 213) | Entire document | |
| 287-24 (redacted); 292-2 (sealed) | Ex. 84 to Auster Declaration - (HBG 243) | Entire document | |
| 287-26 (redacted); 289-27 (sealed) | Ex. 86 to Auster Declaration – (ALMOND-GOOG-0000084) | Entire document | |
| 287-27 (redacted); 289-28 (sealed) | Ex. 87 to Auster Declaration - (ALMOND-GOOG-0000145) | Entire document | |
| 354-3 (redacted); 355-4 (sealed) | Ex. J to Saveri Declaration (LARSON-GOOG-0002777) | Highlighted portions at pp. 3-7, 11, 17-18, 20, 23, 27-29, 33, | |

United States District Court
Northern District of California

United States District Court
Northern District of California

**Third Parties' Requests**

A.    **Andrews McMeel Universal, Inc.**

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 286-40 (redacted); 291-1 (sealed) | Ex. 40 to Auster Declaration - (AMU000049) | Entire documents | GRANTED.  Reflects specific, confidential contract terms with third party. |
| 286-43 (redacted); 291-2 (sealed) | Ex. 43 to Auster Declaration - (AMU000240) | | |

B.    **John Wiley & Sons, Inc.**

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 252-148 to 252-155 (redacted); 256-1 to 256-8 (sealed) | Exhibits 148 to 154 to Mullens Declaration | Entire documents | GRANTED.  Reflects specific, confidential contract terms with third party. |

C.    **Dotdash Meredith, Inc**

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 252-3 (redacted); 253-6 (sealed) | Ex. 3 to Mullens Declaration (Expert Report of Victoria Furniss) | Portion at pp. 9 and 10 | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 252-128 (redacted); 255-1 (sealed) | Ex. 128 to Mullens Declaration (DDM_0001) | Entire document | |
| 252-129 (redacted); 255-2 (sealed) | Ex. 129 to Mullens Declaration (DDM_0013) | Entire document | |

D.    **Microsoft Corp.**

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 252-3 (redacted); 253-6 (sealed) | Ex. 3 to Mullens Declaration (Expert Report of Victoria Furniss) | The first sentence of paragraph 51 as it relates to Microsoft; The second bullet point in paragraph 52; and the last sentence of paragraph 54. | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 271-1 (sealed) | Exhibit 4 to the Mullens Declaration (Expert Report of Michael Smith) | The last word in footnote 41. | |
| 252-130 to 252-146 (redacted); 257-1 to 257-17 (sealed) | Exhibits 130 to 146 to Mullens Declaration | Entire documents | |
| 289-36 (sealed) | Exhibit 148 to the Auster Declaration (Expert Report of Ryan Sullivan) | The entire second paragraph of fn. 40, the entirety of fn. 48, all text after "though" in the third sentence of subparagraph 31(d), and the text between "agreement" and "would" in the fourth sentence of subparagraph 31(d). | |
| 318-3 (sealed) | Exhibit 2 to the Richards Declaration (Rebuttal Expert Report of Michael Smith) | The last word of fn. 34. | |

United States District Court
Northern District of California

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 326-6 (sealed) | Exhibit 205 to the Mullens Declaration (Rebuttal Expert Report of Michael Smith) | The last word of fn. 34. | GRANTED.  Reflects specific, confidential contract terms with third parties. |
| 326-8 (sealed) | Exhibit 208 to the. Mullens Declaration (Deposition of Michael Smith) | Lines 164:24-25. | |

### E.    Penguin Random House LLC

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 289-9 | GOOG-AIC-000580851 | Entire document | GRANTED.  Reflects specific, confidential contract terms with third party. |
| 290-1 | Ex. 85 to Auster Declaration (PRH00000167) | Entire document | |
| 290-2 | Ex. 103 to Auster Declaration (PRH00000033) | Entire document | |
| 290-3 | Ex. 112 to Auster Declaration (PRH00000102) | Entire document | |
| 289-13 | Auster Declaration | 35:12-17, 35:23-24, 37:1-4 | |

### F.    AoPS Incorporated

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 253-41 | GOOG-AIC-000047342 | Entire document | GRANTED.  Reflects specific, confidential contract terms with third party. |

### G.    The Atlantic

| ECF No. | Document | Portions to Seal | Granted/Denied |
|---|---|---|---|
| 252-147 (redacted); 254-1 (sealed) | Ex. 147 to Mullens Declaration (TAMG-0001) | Entire Document | GRANTED.  Reflects specific, confidential contract terms with third party. |

## III.    CONCLUSION

For the foregoing reasons, the omnibus motion to seal is GRANTED in part and DENIED in part as summarized above.  This Order terminates ECF Nos. 350, 359, 370.  This Order also terminates the following interim sealing motions:  ECF Nos. 289, 290, 291, 292, 293, 297, 300, 301, 308, 315, 318, 320, 322, 326, 332, 336, 339, and 355.  These sealing requests were incorporated into the omnibus motion or were withdrawn.  The materials filed under these docket numbers shall remain sealed, in favor of the parties refiling the record as described below.

The record is voluminous, and some information that the parties deemed confidential was quoted or summarized in multiple documents.  This Order generally treats a particular subject matter consistently throughout the record, but some variation is necessary to account for the specificity of each disclosure and the surrounding context.  For example, some exhibits are sealed in full because they are lengthy and they contain detailed, confidential information.  By contrast, the briefs, expert reports, and deposition testimony are generally not sealed or redacted because they describe the information in the exhibits in general terms, or they quote snippets from the exhibits without revealing more sensitive details.  However, if  Google or Plaintiffs believe that this Order treats *identical* information inconsistently, the parties may request clarification of specific rulings.  By **March 27, 2026**, Google and Plaintiffs shall exchange their requested clarifications with each other by email.  By **April 3, 2026**, the parties shall meet and confer.  By **April 10, 2026**, the parties shall file a joint statement setting forth any requests for clarification, along with the other party's position as to each request.  The Court will review this submission promptly.[5]

---

[5] Third parties need not participate because all third-party sealing requests were granted.  The parties shall carefully seal third party information in the public filings.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By **April 24, 2026**, the parties shall refile the entire class certification record on the public docket, redacting only the information that the Court has authorized to be sealed.  The purpose of refiling the record is to enable the public to access and easily navigate the record.  To that end, the parties shall coordinate so that the briefs for each motion are filed in the logical sequence (*i.e.*, motion, opposition, reply).  Each docket entry must include *all* attachments, including all public exhibits, all redacted exhibits, and a slipsheet for each exhibit that is fully sealed.  By **April 28, 2026**, after all filings are complete, Plaintiffs shall file an index of the class certification record listing the updated docket number for the public version of each refiled document.

Finally, the parties are ORDERED to serve a copy of this Order on each third party that submitted a sealing request as discussed above.

**IT IS SO ORDERED.**

Dated: March 11, 2026

Eumi K. Lee
United States District Judge