Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**BLEICHMAR FONTI & AULD LLP**
1330 Broadway, Suite 630
Oakland, CA 94612
Tel. (415) 445-4003
lweaver@bfalaw.com
adavis@bfalaw.com
jsamra@bfalaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**BLEICHMAR FONTI & AULD LLP**
75 Virginia Road, 2nd Floor
White Plains, NY 10603
Tel. (415) 445-4006
gmullens@bfalaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Evan A. Creutz (State Bar. No. 349728)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Y. Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Proposed Co-Lead Counsel*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL-SVK<br>Consolidated Case No. 5:24-cv-02531-EKL-SVK<br><br>**SUPPLEMENAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Judge:    Hon. Eumi K. Lee |

Master File Case No. 5:23-cv-3440-EKL-SVK

I, Gregory S. Mullens, hereby declare as follows:

1.      I am admitted *pro hac vice* before this Court and Of Counsel with Bleichmar Fonti & Auld LLP, counsel for Plaintiffs in this matter. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

2.      I submit this supplemental declaration in support of Plaintiffs' Reply in Support of Motion for Class Certification.

### *Google's Arguments Regarding Plaintiffs' Class Definition (Opp. at 11–12)*

3.      Plaintiffs did not withhold information regarding their proposed class definitions and subclassing. The class definitions have evolved from ongoing discovery, including discovery Google produced late in the process, as well as through continuing legal and expert analysis that extended up to the filing of the motion. Because Google has made it abundantly clear that it opposes class certification, and no class definition was subject to agreement, Plaintiffs reasonably believed that the conferences over the scope of the motion resolved the Parties' duties to confer.

4.      Since discovery commenced in earnest earlier this year, Google has produced discovery which Google expressly limited to class certification on a rolling basis, including productions made in the days prior to the deadline for filing Plaintiffs' Class Motion, and afterward. Google, for example, made five productions on October 8, 10, 13, and 14, 2025, consisting of 554 documents. Google has continued making productions since Plaintiffs filed their Motion.

5.      Depositions of Google employees likewise occurred in the days before the Class Motion; the latest of these depositions occurred was of Andrew Dai on October 6, 2025. Plaintiffs' analysis of training data in Google's review environment, which was significantly delayed by limitations of that environment, was also ongoing as Plaintiffs prepared their filing. This discovery was specifically tailored to class certification, based on Google's demand that it be limited to it. Plaintiffs reviewed such discovery in support of drafting their Motion and refining their class definitions.

6.      Following extensive deliberations with Plaintiffs' experts and based on their review and analysis of the ongoing productions and depositions, Plaintiffs' counsel was evaluating how to define and subclass the class definitions, and how to present them to the Court, in their Class Motion within the week

Master File Case No. 5:23-cv-3440-EKL-SVK                    1

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

leading up to filing their motion on October 14, 2025. At the same time, since the start of this case, Plaintiffs have regularly conferred with Google regarding their theories for class certification in the course of conferring about the scope of discovery. Google has repeatedly objected to responding to Plaintiffs' discovery requests based on Google's interpretation of what discovery it believes Plaintiffs "need" for class certification, and required Plaintiffs to state the relevance of their discovery requests to class certification. Google has consistently maintained that no class in this case is certifiable in this action. Given this experience and that Plaintiffs intended to narrow their class definitions to conform to proof in their Class Motion from that pled in the operative complaint, it did not even occur to Plaintiffs to confer with Google specifically about the class definition. Such conferences are highly uncommon leading up to a known class certification filing date, particularly where the Parties have exhaustively discussed class certification and no resolution or agreement could likely be possible from such a conference.

7.      On November 11, 2025, counsel for Google wrote to confer about its planned motion "to strike Plaintiffs' class allegations from their second amended consolidated class action complaint." The Parties met and conferred on November 13, 2025. During that conference, counsel for Google confirmed that, short of independently agreeing to strike all class allegations, there was nothing Plaintiffs could do to avoid Google's proposed motion. That is, there is no agreement that the Parties could reach about any class definition. Counsel for Google also confirmed that it would have opposed Plaintiffs' Class Motion even if they had used the definition in the SACC and would not have agreed to any class, regardless of the definition Plaintiffs used. Further, counsel for Google conceded that the class definitions in Plaintiffs' Class Motion were narrower than the class definition in the SACC.

8.      Google has itself refused to confer on new arguments that it has raised in briefing. For example, counsel for Google did not confer about its position that Plaintiffs' class definition introduces issues of "foreign law" during the November 13, 2025 conference on Google's motion to strike. It also did not discuss that it would style the motion as a motion for sanctions, instead calling it a motion to strike. Plaintiffs first learned of Google's "foreign law" argument in reading Google's motion for sanctions. On this issue, if the parties had discussed it, they might have been able to reach a resolution.

Master File Case No. 5:23-cv-3440-EKL-SVK                2

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

9. Plaintiffs have attempted to cure an issue raised in that meet and confer about the class definitions, which is the complaint that Plaintiffs had not sufficiently responded to Google's contention interrogatories. On June 20, 2025, Plaintiffs served responses and objections to Google's Interrogatory No. 9. Counsel for Google did not seek to confer with Plaintiffs about their responses and objections to this Interrogatory until the November 13, 2025 meet and confer on the motion to strike, well after the deadline for Plaintiffs' Class Motion as due on October 14, 2025. During the November conference, counsel for Google raised for the first time that Plaintiffs had failed to supplement their responses to identify the revised class definitions. Just six days after that conference, on November 19, 2025, Plaintiffs provided amended responses and objections that were updated to provide the same class definitions as set out in their Class Motion. Attached as **Exhibit 202** is a true and correct copy of Plaintiff Sarah Andersen's supplemental response to Google's Interrogatory No. 9.

10. Since Plaintiffs filed their Class Motion, Google has taken the depositions of each of the four experts who submitted declarations in support of Plaintiffs' Class Motion (*i.e.*, David S. Doermann, Victoria Furniss, Michael D. Smith, and Meredith McCarron).

11. On December 8, 2025, Google indicated that it wishes to depose Named Plaintiffs Jessica Fink and Jingna Zhang. The Parties are conferring about these depositions. Other than that, Google has not pursued any other discovery.

### *Plaintiffs' Rebuttal Expert Reports and Exhibits Thereto*

12. Plaintiffs submit rebuttal expert reports in support of their Reply for the limited purpose of responding to arguments or issues raised by Google in its Opposition Brief and supporting papers.

    a. Attached hereto as **Exhibit 203** is a true and correct copy of the Expert Rebuttal Report of Meredith McCarron.

    b. Attached hereto as **Exhibit 204** is a true and correct copy of the Expert Rebuttal Report of David S. Doermann, Ph.D.

    c. Attached hereto as **Exhibit 205** is a true and correct copy of the Expert Rebuttal Report of Michael D. Smith.

Master File Case No. 5:23-cv-3440-EKL-SVK      3

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

    d.  Attached hereto as **Exhibit 206** is a true and correct copy of the Expert Rebuttal Report of Lynn A. Baker.

    e.  Attached hereto as **Exhibit 207** is a true and correct copy of the Expert Rebuttal Report of Mark Seeley.

13.    Attached hereto as **Exhibit 208** is a true and correct copy of excerpts from the transcript of the deposition of Michael D. Smith, conducted on November 6, 2025.

14.    Attached hereto as **Exhibit 209** is a true and correct copy of excerpts from the transcript of the deposition of Konstantinos Psounis, conducted on December 16, 2025.

15.    Attached hereto as **Exhibit 210** is a true and correct copy of excerpts from the transcript of the deposition of Georgios Zervas, conducted on December 16, 2025.

16.    Attached hereto as **Exhibit 211** is a true and correct copy of excerpts from the transcript of the deposition of Defendant's corporate representative Brian Carver, conducted pursuant to Rule 30(b)(6) on July 2, 2025.

17.    Attached hereto as **Exhibit 212** is a true and correct copy of excerpts from the transcript of the deposition of Li Xiao, conducted on September 12, 2025.

18.    Attached hereto as **Exhibit 213** is a true and correct copy of excerpts from the transcript of the deposition of Oriol Vinyals, conducted on September 16, 2025.

19.    Attached hereto as **Exhibit 214** is a true and correct copy of a document produced by Google in this action beginning with Bates number GOOG-AIC-000096092, which was marked as Exhibit 9 to the December 16, 2025 deposition of Georgios Zervas.

20.    Attached hereto as **Exhibit 215** is a true and correct copy of a May 6, 2010 press release on The Bookseller website entitled "Bowker to provide ISBNs for Google Editions," accessed by Plaintiffs on December 10, 2025 at https://www.thebookseller.com/news/bowker-provide-isbns-google-editions, and marked as Exhibit 10 to the December 16, 2025 deposition of Georgios Zervas.

21.    Attached hereto as **Exhibit 216** is a true and correct copy of volume 3 of the trial transcript in *Constellation Designs, LLC v. LG Electronics, Inc.*, Case No. 2:21-cv-448-JRG (E.D. Tex.), which

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

includes the trial testimony of Defendant's proposed expert, Ryan Sullivan, Ph.D., which is cited to and referenced in Michael D. Smith's Expert Rebuttal Report.

### *Motion to Intervene*

22.     In their opposition to Plaintiffs' motion for class certification, Google argued that "Plaintiffs have been unable to locate any so-called 'pirated' works belonging to any named Plaintiffs, meaning there is no one to represent that subclass." Opp. at 24.

23.     Plaintiffs have concurrently filed a motion to intervene proposed representatives of the "pirated" works subclass and Girlcomix Inc. ECF No. 321.

### *Named Plaintiffs' Copyright Registrations*

### *Plaintiff Steve Almond*

24.     Plaintiff Almond has a registered copyright in each of his six (6) Works in Suit: (i) *All the Secrets of the World* ("*Secrets*"); (ii) *Candyfreak: A Journey Through the Chocolate Underbelly of America* ("*Candyfreak*"); (iii) *The Evil B.B. Chow and Other Stories* ("*B.B. Chow*"); (iv) *Rock and Roll Will Save Your Life: A Book and for the Fanatics Among Us* ("*Rock and Roll*"); (v) *Truth Is the Arrow, Mercy Is the Bow: A DIY Manual for the Construction of Stories* ("*Truth Is the Arrow*"); and (vi) *Which Brings Me to You: A Novel in Confessions* ("*Which Brings Me to You*").

25.     Google does not challenge the validity of Plaintiff Almond's copyright registrations for four (4) of his Works in Suit: *Candyfreak*, *Rock and Roll*, *Truth Is the Arrow*, and *Secrets*. *See* Auster Decl. ¶¶86–102 (making no reference to previously published material, timing of registration, or inaccuracies in the copyright registration for *Candyfreak*, *Rock and Roll*, *Truth Is the Arrow*, and *Secrets*, while only referencing "previously published material" for *B.B. Chow* and *Which Brings Me to You*).

26.     *Candyfreak*, *B.B. Chow*, and *Which Brings Me to You* are all present in the sample training data produced by Google. *See* ECF No. 266-1, Expert Report of Meredith McCarron ("McCarron Rpt."), App'x. G.

### *Plaintiff Sarah Andersen*

27.     Plaintiff Andersen has a registered copyright in each of her five (5) Works in Suit: (i) *Adulthood is a Myth: A "Sarah's Scribbles" 2021 Wall Calendar*; (ii) *Adulthood Is a Myth: A Sarah's*

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

*Scribbles Collection*; (iii) *Big Mushy Happy Lump: A Sarah's Scribbles Collection*; (iv) *Herding Cats: A Sarah's Scribbles Collection*; and (v) *Oddball: A Sarah's Scribbles Collection*.

28.     Google does not challenge the validity of Plaintiff Andersen's copyright registrations for three (3) of her Works in Suit. *See* Auster Decl. ¶¶ 48–69 (making no reference to previously published material, timing of registration, or inaccuracies in the copyright registration for *Adulthood is a Myth: A "Sarah's Scribbles" 2021 Wall Calendar*, *Adulthood Is a Myth: A Sarah's Scribbles Collection*, and *Herding Cats: A Sarah's Scribbles Collection*, while only referencing "previously published material" for *Big Mushy Happy Lump* and *Oddball*).

29.     *Adulthood Is a Myth: A Sarah's Scribbles Collection*, *Big Mushy Happy Lump: A Sarah's Scribbles Collection*, *Herding Cats: A Sarah's Scribbles Collection*, and *Oddball: A Sarah's Scribbles Collection*, along with her other works *Fangs* and *Cryptid Club*, are all present in the sample training data produced by Google. *See* McCarron Rpt., App'x G.

### *Plaintiff Burl Barer*

30.     Plaintiff Barer has a registered copyright in each of his six (6) Works in Suit: (i) *Murder in the Family*; (ii) *Head Shot*; (iii) *Body Count*; (iv) *Broken Doll*; (v) *Mom Said Kill*; and (vi) *Fatal Beauty*.

31.     Google does not challenge the validity of Plaintiff Barer's copyright registrations for his Works in Suit. *See* Auster Decl. ¶¶ 117–29 (making no reference to previously published material, timing of registrations, or inaccuracies in copyright registrations for any Work in Suit).

32.     *Murder in the Family*, *Body Count*, *Broken Doll*, *Mom Said Kill*, *and Fatal Beauty* are all present in the sample training data produced by Google. *See* McCarron Rpt., App'x G.

### *Plaintiff Jessica Fink*

33.     Plaintiff Fink has a registered copyright in her sole Work in Suit, *Chester 5000 XYV, Book 2: Isabelle & George HC* ("*Chester 5000 XYV*").

34.     Google does not challenge the validity of Plaintiff Fink's copyright registration. *See* Auster Decl., n.1 (making no reference to previously published material, timing of registrations, or inaccuracies in copyright registrations, and stating that "[t]his declaration does not reflect discovery from Plaintiffs Jessica Fink and Jingna Zhang, whom Google will depose as necessary in the coming months").

Master File Case No. 5:23-cv-3440-EKL-SVK               6

35.    *Chester 5000 XYV* and another work of Plaintiff Fink's, *Cookie Loves Milk*, are present in the sample training data produced by Google. *See* McCarron Rpt., App'x G.

### *Plaintiff Hope Larson*

36.    Plaintiff Larson has a registered copyright in her sole Work in Suit, *All Summer Long*.

37.    Google challenges the validity of Larson's copyright registration insofar that it does not identify Girlcomix Inc., Larson's loan-out company, as an owner. *See* Auster Decl. ¶33. Google argues that Larson lacks any ownership interest in *All Summer Long*. Opp. at 14.

38.    To cure any issue related to Larson's ownership, Plaintiffs have concurrently filed a motion to intervene Girlcomix Inc.

39.    *All Summer Long*, along with her other works *Chiggers*, *Compass South*, *Who Is AC?*, *Gray Horses*, *Salamander Dream*, and *A Wrinkle in Time: The Graphic Novel*, are all present in the sample training data produced by Google. *See* McCarron Rpt., App'x G.

### *Plaintiff Jill Leovy*

40.    Plaintiff Leovy has a registered copyright in her Work in Suit, *Ghettoside: A True Story of Murder in America*.

41.    Google does not challenge the validity of Plaintiff Leovy's copyright registration. *See* Auster Decl. ¶¶ 108–16 (making no reference to previously published material, timing of registration versus date of publication, or inaccuracies in the copyright registration).

42.    *Ghettoside: A True Story of Murder in America* is present in the sample training data produced by Google. *See* McCarron Rpt., App'x G.

### *Plaintiff Connie McLennan*

43.    Plaintiff McLennan has a registered copyright in the illustrations for her sole Work in Suit, *The Rainforest Grew All Around*.

44.    Google does not challenge the validity of Plaintiff McLennan's copyright registration. *See* Auster Decl. ¶¶ 70–85 (making no reference to previously published material, timing of registration versus date of publication, or inaccuracies in the copyright registration).

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

***Plaintiff Jingna Zhang***

45.      Plaintiff Zhang has a registered copyright in each of her two (2) Works in Suit: (i) *Anouk*, and (ii) *Motherland Chronicles*.

46.      Google does not challenge the validity of Plaintiff Zhang's copyright registration. *See* Auster Decl., n.1 (making no reference to previously published material, timing of registrations, or inaccuracies in copyright registrations, and stating that "[t]his declaration does not reflect discovery from Plaintiffs Jessica Fink and Jingna Zhang, whom Google will depose as necessary in the coming months").

47.      *Anouk* and *Motherland Chronicles* are both present in the sample training data produced by Google. *See* McCarron Rpt., App'x G.

***Mike Lemos***

48.      Google spends pages discussing Mike Lemos. Opp. at 7–8; Auster Decl. ¶¶10–27.

49.      Mike Lemos is not a named plaintiff. He withdrew on October 13, 2025 from the case, before the Class Motion was filed. ECF No. 247.

*****

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 30th day of December, 2025, at Wellfleet, Massachusetts.

/s/ Gregory S. Mullens
Gregory S. Mullens

Master File Case No. 5:23-cv-3440-EKL-SVK                    8

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the  signatory. Executed this 30th day of December, 2025.

*/s/ Lesley E. Weaver*
Lesley E. Weaver

SUPPLEMENTAL DECLARATION OF GREGORY S. MULLENS IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION