DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

*Counsel for Defendant*
GOOGLE LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**DEFENDANT GOOGLE LLC'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 4, 2026<br>Time: 10:00 a.m.<br>Courtroom: 7<br>Judge: Hon. Eumi K. Lee |

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................1

BACKGROUND...........................................................................................................................2

    A.    Plaintiffs' Prior Class Machinations. .......................................................................2

    B.    The Court Strikes Plaintiffs' Undisclosed Fail-Safe Definition..............................3

    C.    Plaintiffs Revert To Their Prior Class And Never Disclose Any New Classes.....................................................................................................................3

    D.    Plaintiffs' Class Certification Motion Introduces New Classes and Subclasses................................................................................................................5

ARGUMENT ................................................................................................................................6

    I.    The Court Should Impose Sanctions Under Rule 16(f). .........................................6

    II.    The Court Should Impose Sanctions Under Rule 37(c)..........................................7

CONCLUSION .............................................................................................................................10

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Asia Vital Components Co. v. Asetek Danmark A/S*,
377 F. Supp. 3d 990 (N.D. Cal. 2019) ...................................................................................... 8

*Berlowitz v. Nob Hill Masonic Mgmt.*,
1996 WL 724776 (N.D. Cal. Dec. 6, 1996) ........................................................................... 8

*Davis v. AT&T Corp.*,
2017 WL 1155350 (S.D. Cal. Mar. 28, 2017).......................................................................... 8

*Football Ass'n Premier League, Ltd. v. YouTube, Inc.*,
297 F.R.D. 64 (S.D.N.Y. 2013)................................................................................................ 9

*Freeman v. Astrue*,
405 F. App'x 148 (9th Cir. 2010)............................................................................................. 7

*In re Lithium Ion Batteries Antitrust Litig.*,
2018 WL 4215573 (N.D. Cal. Sept. 4, 2018)........................................................................... 6

*McCullough v. Office Depot, Inc.*,
2012 WL 13447177 (C.D. Cal. June 26, 2012)........................................................................ 7

*Richie v. Blue Shield of Cal.*,
2014 WL 6982943 (N.D. Cal. Dec. 9, 2014) ........................................................................... 8

*Scroggins v. LexisNexis Risk Sols. FL, Inc.*,
2025 WL 3216323 (E.D. Va. Mar. 30, 2025) ....................................................................... 10

*Woods v. DeAngelo Marine Exhaust, Inc.*,
692 F.3d 1272 (Fed. Cir. 2012)................................................................................................ 8

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
259 F.3d 1101 (9th Cir. 2001).................................................................................................. 7

**RULES**

Civil L.R. 16-9 ............................................................................................................................ 4

Civil L.R. 16-10 .......................................................................................................................... 4

Fed. R. Civ. P. 16 .................................................................................................................... 2, 6

Fed. R. Civ. P. 23 .................................................................................................................... 3, 4

Fed. R. Civ. P. 26 .................................................................................................................... 7, 8

Fed. R. Civ. P. 37 ................................................................................................... 2, 6, 7, 8, 10

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on February 4, 2026, at 10:00 a.m., Defendant Google LLC will move for an order sanctioning Plaintiffs by striking the class allegations from Plaintiffs' Second Amended Consolidated Complaint (ECF No. 234 ("SACC")). Pursuant to Section VIII(a) of the Court's Standing Order, Google certifies compliance with the Court's meet and confer requirement.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs have once again flouted the Court's order and governing procedural rules by engaging in class-litigation-by-ambush. For the first time in their motion for class certification, Plaintiffs propose two new classes and three new subclasses that differ wildly from the class definition Plaintiffs pleaded in the operative SACC just three weeks earlier. Plaintiffs abandoned the class they actually pleaded—tacitly admitting that it cannot be certified—but they cannot avoid their problems by conjuring up new classes at the last minute, which are equally (if not more) defective than the original class.

Plaintiffs' freshly-minted class definitions were never disclosed during discovery, in response to Google's interrogatories, in any case management statement, or during the Court-required meet-and-confer—and were in fact *affirmatively concealed*. Even now, Plaintiffs refuse to reveal when they devised these definitions (claiming work product protection), but depositions of their proposed experts revealed that Plaintiffs have intended to use them for months. *See* Harold Ex. B at 24:2-26:9, 26:23-27:2 (McCarron testifying she began work to identify putative members for undisclosed books and images classes in February or March); Harold Ex. C at 37:11-38:1 (Smith testifying that he was informed of Plaintiffs proposed class definitions in September "shortly after" he was engaged); Harold Ex. D at 82:5-21; 84:8-21 (Doermann testifying he learned of Plaintiffs' new class definitions "some time in September").

This Court has already called out Plaintiffs for such gamesmanship earlier in the case. In granting Google's first motion to strike Plaintiffs' proposed class definition, the Court found that Plaintiffs violated a prior order to disclose new allegations (including any changes to the class definition) during the consolidation process. ECF No. 128 at 8-9. They did so by introducing an

impermissible fail-safe class definition in their consolidated complaint without leave and without notice to Google. *Id.* at 2, 8-9. The Court admonished Plaintiffs to "scrupulously follow all Court orders, including the Court's instruction 'to cooperate in good faith, and to communicate frequently and transparently, to avoid wasting party and judicial resources.'" *Id.* at 9. Plaintiffs disregarded this clear direction.

Plaintiffs' midnight switch in class definitions has prejudiced Google by forcing Google to pursue this case (and provide massive volumes of discovery) for two years based on the proposed definition Plaintiffs pleaded, rather than enable Google to focus on the definitions Plaintiffs kept hidden. Google now does not know what class definitions to oppose—the one Plaintiffs pleaded or the ones they've tried to smuggle in. Because Plaintiffs failed to disclose their intent to pursue these redefined classes and subclasses—despite explicit Court orders and Google's discovery requests—the Court should sanction Plaintiffs by striking their class allegations from the operative complaint under Rules 16 and 37.

## BACKGROUND

### A.    Plaintiffs' Prior Class Machinations.

This consolidated action stems from two underlying putative class actions (*Leovy* and *Zhang*). From the start and throughout, Plaintiffs have repeatedly made clear they sought certification of a single, broad putative class of U.S. copyright owners whose works were used to train Google's generative AI models. ECF No. 1 ¶ 195(b); ECF No. 28 ¶ 398(b); ECF No. 47 ¶ 90; *Zhang v. Google LLC*, No. 3:24-cv-02531 (N.D. Cal. Apr. 26, 2024), ECF No. 1 ¶ 63.

The Court's Order Regarding Consolidation required the parties to "meet and confer regarding Plaintiffs' contemplated amendments to the complaint." ECF No. 77 at 2. It directed Plaintiffs to "disclose all new parties, new claims, and new allegations not included in" their previous complaints. *Id.* The parties met and conferred, but Plaintiffs did not disclose any intention to modify their proposed class definition and instead said they expected the class definition to mirror that in *Leovy*. ECF No. 112 at 1-2.

At the December 18, 2024 Case Management Conference, Google argued that individualized issues would ultimately preclude class certification, and urged the Court to resolve

the issue early to ensure that discovery was appropriately tailored and proportional. ECF No. 93 at 10:10-11:16, 19:10-21:16; ECF No. 83 at 2, 8; ECF No. 85 at 1-2. Two days later, Plaintiffs filed the consolidated Complaint with a proposed class definition extremely different from anything they had proposed (or disclosed to Google) before. ECF No. 92, ¶ 164. The new definition included only persons who held a "valid copyright" "prior to Google's [allegedly] unauthorized use," and whose copyright had been "infringed upon" by Google "without license or authorization." *Id.*

**B.      The Court Strikes Plaintiffs' Undisclosed Fail-Safe Definition.**

Google moved to strike the new class definition as fail-safe. ECF No. 98. The Court agreed, finding that it could not "determine who is a member of the class without deciding the merits of each potential class member's claim." ECF No. 128 at 4. Plaintiffs did "not meaningfully dispute that they ha[d] proposed an improper fail-safe class definition," and instead asked to "revert" to a class definition that was "substantially the same as the ones in the prior *Leovy* and *Zhang* complaints." *Id.* at 4, 6. The Court ordered Plaintiffs to file an amended complaint reverting back to their prior class definition. Further, the Court found that Plaintiffs had not complied with its prior consolidation order directing them to "'disclose all … new allegations not included in either the *Leovy* second amended complaint or the *Zhang* complaint' prior to filing the consolidated amended complaint." *Id.* at 8-9. Accordingly, the Court "admonishe[d] Plaintiffs' counsel to scrupulously follow all Court orders, including the Court's instruction 'to cooperate in good faith, and to communicate frequently and transparently, to avoid wasting party and judicial resources.'" *Id.* at 9 (quoting ECF No. 77 at 2).

**C.      Plaintiffs Revert To Their Prior Class And Never Disclose Any New Classes.**

In May 2025, Google propounded an interrogatory asking Plaintiffs to "Identify, for each class of plaintiffs or sub-class of plaintiffs that You seek to certify in this action, all facts supporting Your contention that class certification is appropriate under Federal Rule of Civil Procedure 23, including all facts supporting Your contention that the Rule 23 factors are satisfied." Harold Ex. A at 3. Plaintiffs' response, served June 20, 2025, represented that "At present, Plaintiffs intend to seek certification [of] the following class: All persons or entities domiciled in the United States

who owned a United States copyright in any work used by Google to train Google's Generative AI Models during the Class Period." Harold Ex. A at 4. This hewed to the operative complaint's single, broad class definition and did not mention any plan to carve the class into separate "Books" and "Images" categories or to introduce subclasses. *See id.* And Plaintiffs' interrogatory response remained unchanged, without amendment or supplement, through two extensions and Plaintiffs' ultimate filing of their certification motion.

On September 11, 2025, the Court granted Google's motion to dismiss in part, dismissing Plaintiffs' infringement claims as to certain generative AI models and the vicarious infringement claim against Alphabet with prejudice. ECF No. 216. In explaining why the claims were dismissed with prejudice, the Court found that further leave to amend would "unduly prejudice Defendants" because the case "has been pending for more than two years" and the "pleadings must be settled *now* to focus the parties' efforts in this massive and complex case." *Id*. at 22.

On September 25, Plaintiffs filed the operative Second Amended Consolidated Class Action Complaint. ECF No. 234. As the Court directed and consistent with their discovery response, Plaintiffs pleaded the following class:

> All persons or entities domiciled in the United States who owned a United States copyright in any work used by Google to train Google's Generative AI Models during the Class Period.

SACC ¶ 163; *see also* ECF No. 223 at 3 (same). This definition mirrored the one Plaintiffs earlier proposed in response to Google's motion to strike. ECF No. 105 at 10.

On October 1, 2025, the parties filed a further case management statement. ECF No. 235. Under this District's Local Rules, that statement should have included "[a] description of the class or classes." Civil L.R. 16-9(b); *see also* Civil L.R. 16-10(d) (directing that subsequent case management statements shall "report[] … changes since the last statement was filed"). Plaintiffs did not disclose any class definition or any intention to seek certification of a class different than the one pleaded a week earlier in their September 25 complaint.

Under this Court's Standing Order, "[a]t least seven (7) days before filing any motion, the moving party must meet and confer with the opposing party" and "shall disclose the bases for its

anticipated motion." Standing Order For Civil Cases Before Judge Eumi K. Lee § VIII(a) (Aug. 28, 2025). Plaintiffs did not seek to meet and confer at all before filing their class certification motion, let alone to discuss very different classes than the one they had just repleaded. Harold Decl. ¶¶ 4-5.

**D.      Plaintiffs' Class Certification Motion Introduces New Classes and Subclasses.**

Just three weeks after filing their operative complaint (and two weeks after filing their CMC statement), on October 15, 2025, Plaintiffs filed their motion for class certification seeking to certify two entirely new classes—a "Books Class" and an "Images Class"—and three entirely new subclasses under the Books Class:

> **Books Class**: All legal or beneficial owners of registered copyrights for any work possessing an International Standard Book Number (ISBN) which Google downloaded and/or ingested to develop its GLaM, LaMDA, PaLM, ULM/PaLM 2, Imagen, or Gemini base models ("At-Issue Models") or their descendants.

> **Google Books Library Project Subclass**: All legal or beneficial owners of a registered copyright for any work possessing an ISBN, which Google acquired via the Google Books Library Project and was used by Google to develop its At-Issue Models or their descendants.

> **Google Books Partner Program Subclass**: All legal or beneficial owners of a registered copyright for any work possessing an ISBN, which Google acquired via the Google Books Partner Program and was used by Google to develop its At-Issue Models or their descendants.

> **Pirated Books Subclass**: All legal or beneficial owners of a registered copyright for any work possessing an ISBN, that reflect URL provenance from Shadow Libraries, used by Google to develop its At-Issue Models or their descendants.

> **Images Class**: All legal or beneficial owners of a registered copyright for any two-dimensional image, drawing, painting, photograph, whether analog or digital, used by Google to develop its Imagen and Gemini base models or their descendants.

Mot. 1. Each new class is "limited to those [works] registered with the United States Copyright Office within five years of the work's publication before being trained on by Google, or within three months of publication," and excludes "the works of any legal or beneficial owners of registered copyrighted works that are the subject of express and restricted license agreements with Google permitting it to use those works with respect to Google's 'artificial intelligence and machine learning technologies' products and services." *Id.* at 1-2.

Plaintiffs apparently intended to put forward their entirely new class definitions perhaps as early as February or March 2025 and shared that with their proposed experts. *See supra* at 1-2. But the first time Google learned of any change was in reading Plaintiffs' filed motion.

## ARGUMENT

### I.     The Court Should Impose Sanctions Under Rule 16(f).

Plaintiffs' attempt to certify two new classes (and three subclasses) that were never pleaded or disclosed violates this Court's explicit directives. District courts have broad discretion under Rule 16(f) to "issue any just orders … if a party or its attorney… fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(l)(C). Here, the appropriate sanction is for the Court to strike all class allegations from Plaintiffs' complaint. The Court could not have been clearer in warning Plaintiffs to "scrupulously follow all Court orders" and disclosure requirements going forward. ECF No. 128 at 9. The Court expressly faulted Plaintiffs for failing to be transparent about changes to their class definition noting that Plaintiffs' "insufficient disclosure" led to needless motion practice and wasted resources. *Id.* at 8-9.

Yet Plaintiffs ignored the Court's warning, again unveiling brand new class definitions in their motion and violating the Court's pretrial orders in at least three ways. First, Plaintiffs violated the Court's Scheduling Order by effectively amending the class definition in their complaint without seeking leave and after the pleadings had closed. Second, Plaintiffs violated the Court's Scheduling Order and Standing Order by failing to disclose their change to the classes in the Case Management Statement they filed less than two weeks prior to their class certification motion. Finally, Plaintiffs violated the Court's Standing Order by failing to meet and confer before filing their class certification motion, during which they should have disclosed the new class definitions. Harold Decl. ¶ 9. In short, Plaintiffs had multiple opportunities to do the right thing but chose not to every time.

Because Plaintiffs have repeated the very behavior this Court warned them against, Rule 16(f) sanctions are appropriate. Rule 16 "expressly authorizes" courts to "issue order[s] 'striking pleadings in whole or in part,'" *In re Lithium Ion Batteries Antitrust Litig.*, 2018 WL 4215573, at *2 (N.D. Cal. Sept. 4, 2018) (quoting Fed. R. Civ. P. 37(b)(2)(A)(iii)), and orders "prohibit[ing]

the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," *Freeman v. Astrue*, 405 F. App'x 148, 150 (9th Cir. 2010). The appropriate sanction here would be to strike Plaintiffs' class allegations with prejudice. *McCullough v. Office Depot, Inc.*, 2012 WL 13447177, at *3 (C.D. Cal. June 26, 2012) (striking class allegations where plaintiff violated court rules and orders—despite "*numerous* opportunities to comply"—by failing to confer regarding the substance of plaintiffs' class certification motion before filing). By falsely representing they would continue to pursue a broad class of all U.S. copyright owners of works used in training data, Plaintiffs inflicted massive discovery burdens on Google—instead of focusing discovery on the actual classes they intended to pursue. Of course, Plaintiffs' new "Books" and "Images" classes and their expansion beyond training to cover "Downloading" and "Ingestion" suffer from equally fatal defects as the original class but Google had no notice whatsoever of these class definitions until Plaintiffs filed their motion and must now rebut Plaintiffs' new allegations in the space of just a few weeks. And the Court has already highlighted the unfair prejudice to Google that Plaintiffs' shifting sands approach is causing. ECF No. 216.

To the extent Plaintiffs suggest that the class certification proceedings should be merely delayed (yet again) to accommodate their machinations, that would reward Plaintiffs' misconduct and impose additional prejudice on Google. Since the outset of this case, Google has consistently sought an early class certification determination and Plaintiffs have constantly sought to delay. Plaintiffs should be sanctioned for their gamesmanship.

## II.     The Court Should Impose Sanctions Under Rule 37(c).

Plaintiffs' attempt to introduce new class definitions should also be barred under Rule 37(c)(1) because Plaintiffs failed to disclose them in discovery. Rule 37(c)(1) provides a "self-executing" and "automatic" sanction that forbids a party from using information that was not disclosed as required by Rule 26, unless the party who failed to make the disclosure proves the failure was substantially justified or harmless. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Plaintiffs cannot meet that heavy burden.

Having been surprised once by Plaintiffs' attempt to revamp the class definition with no

notice, Google served an interrogatory seeking disclosure of Plaintiffs' class position, including their class definition and the facts supporting it. Plaintiffs' response, served June 20, 2025, hewed to the definition in the complaint. Harold Ex. A at 4. Again, Plaintiffs apparently planned to swap out their class definitions as far back as February or March 2025. *See supra* 1-2. Whenever Plaintiffs first contrived their new definitions, they were required to supplement their response to Google's interrogatory "in a timely manner." Fed. R. Civ. P. 26(e). Plaintiffs did not do so. That failure not only violates Rule 26(e), but undermines the "important purpose" of contention interrogatories "in helping to discover facts supporting the theories of the parties," and "to narrow and sharpen the issues thereby confining discovery and simplifying" the proceedings. *Asia Vital Components Co. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1003 (N.D. Cal. 2019) (quoting *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1280 (Fed. Cir. 2012)) (striking theory not disclosed in interrogatory response).[1]

Plaintiffs cannot show that this failure to disclose was justified or harmless. Plaintiffs' new proposed classes and subclasses depart dramatically from the class definition that Plaintiffs pleaded in the SACC mere weeks ago. That is improper, as the Court is "bound by the class definition provided in the complaint." *Berlowitz v. Nob Hill Masonic Mgmt.*, 1996 WL 724776, at *2 (N.D. Cal. Dec. 6, 1996); *see also Richie v. Blue Shield of Cal.*, 2014 WL 6982943, at *13 (N.D. Cal. Dec. 9, 2014). While some courts permit minor, narrowing revisions, Plaintiffs' changes here are major, expand the classes in various ways, and plainly would prejudice Google, as the Court recognized in previously denying Plaintiffs leave to further amend. ECF No. 216 at 22; *Davis v. AT&T Corp.*, 2017 WL 1155350, at *2-*4 (S.D. Cal. Mar. 28, 2017) (declining to consider new class definition).

*Manner of Use.* Through their first six complaints, Plaintiffs sought to represent a class of copyright owners whose works were "used … to train" Google's Generative AI Models. *See supra*

---

[1] The night before Google's certification opposition brief was due and a week after Google conferred with Plaintiffs about this motion, Plaintiffs served perfunctory amended responses that simply direct Google to their certification motion for their new contentions. Harold Decl. ¶ 10. That sophistry merely underscores Plaintiffs' discovery misconduct and does nothing to change the Rule 37 analysis or cure the prejudice their non-disclosure caused.

at 4. This case is and always has been about *training*. Yet Plaintiffs now ask to certify multiple classes and subclasses of works that were "downloaded and/or ingested to develop" Google's generative AI models, whether used for training or not. Mot. 1. That is a paradigm shift from the theory Plaintiffs have pleaded, and would require investigation of a new universe of individualized fact questions about acquisition as opposed to use (*inter alia* when was a given piece of data acquired; from where; under what terms; whether it was within five years of registration; and whether it was within the statute of limitations). Magistrate van Keulen already recognized the impropriety in this shift, ruling Plaintiffs were not entitled to discovery of works "mere[ly] 'ingest[ed]'" or downloaded, when the class they pleaded rests on works actually "used … to train." ECF No. 272 at 3.

*Domicile.* Plaintiffs' previous class definition was limited to persons or entities "domiciled in the United States," SACC ¶ 163, but Plaintiffs' newly proposed class definitions include no such limitation. Mot. 1. Plaintiffs' proposed classes and subclasses now encompass foreign-domiciled rightsholders whose ownership claims (including the validity of any ownership assignment or transfer) sweep in new, individualized issues of foreign law that Google had no reason to develop. *See, e.g.*, *Football Ass'n Premier League, Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 67 (S.D.N.Y. 2013) ("Questions of [copyright] title, assignment ... are better handled in the jurisdictions (often foreign) in which they arise, rather than thousands of miles away.").

*New Subclasses.* Plaintiffs have now introduced three new subclasses, each turning on whether a work was obtained from a particular source, *i.e.*, the "Google Books Library Project," the "Google Books Partner Program," and "URL provenance from Shadow Libraries." Mot. 1. By concealing these subclass definitions until now, Plaintiffs deprived Google of the opportunity to investigate the basis for Plaintiffs' methods and theories (*e.g.*, what is a Shadow Library? What does URL provenance mean?), as well as fundamental questions around whether any Plaintiffs are even members of the subclasses they purport to represent.

*Other Changes.* Plaintiffs now focus on particular types of works—images and books—and introduced requirements like a work's "possessing an International Standard Book Number." Mot. 1. Plaintiffs further limited class works to those registered within five years of publication

and before being trained on by Google. *Id.* Plaintiffs also try to exclude large swaths of works they admit Google was licensed to use, *id.* at 2, reintroducing the same fail-safe concept that caused the Court to strike their prior definition, ECF No. 128 at 4.

These are major, substantive changes that Google knew nothing about until it received Plaintiffs' certification motion more than two years into these cases. Had Plaintiffs supplemented their interrogatory response as required, Google could have probed these new issues in discovery and fashioned its opposition strategy accordingly. Plaintiffs' non-disclosure deprived Google of any meaningful opportunity to do so. *See Scroggins v. LexisNexis Risk Sols. FL, Inc.*, 2025 WL 3216323, at \*18-21 (E.D. Va. Mar. 30, 2025) (excluding undisclosed class theories where plaintiff continually altered her proposed class definitions "in a manner that deprive[d] Defendant of its ability to meaningfully defend itself"). Because Plaintiffs' non-disclosure was neither justified nor harmless, Plaintiffs should be precluded from relying on new class certification contentions pursuant to Rule 37(c)(1).

## CONCLUSION

For these reasons, Google respectfully requests that the Court sanction Plaintiffs by striking their class allegations with prejudice.

Respectfully submitted,

Dated:  November 20, 2025

By: */s/ Maura L. Rees*
David H. Kramer, SBN 168452
Email: dkramer@wsgr.com
Maura L. Rees, SBN 191698
Email: mrees@wsgr.com
Eric P. Tuttle, SBN 248440
Email: eric.tuttle@wsgr.com
Paul J. Sampson (admitted *pro hac vice*)
Email: psampson@wsgr.com

*Counsel for Defendant* GOOGLE LLC