Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 03-130
Oakland, CA 94607
Tel. (341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com
jsamra@stranchlaw.com

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan A. Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Zeng (SBN 360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

*[Additional Counsel on Signature Pages]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation*, | Master File Case No. 5:23-cv-03440-EKL<br>Consolidated Case No. 5:24-cv-02531-EKL<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO INTERVENE ON BEHALF OF JAMES GRANT (a/k/a LEE CHILD), ANDREW GRANT (a/k/a ANDREW CHILD) AND GIRLCOMIX INC.**<br><br>Judge: Hon. Eumi K. Lee<br>Date: February 4, 2026<br>Time 10:00 A.M.<br>Courtroom: 7, Fourth Floor |

Master File Case No. 5:23-cv-3440-EKL

Girlcomix, Inc. ("Girlcomix") and James and Andrew Grant (a/k/a Lee Child and Andrew Child respectively) seek to intervene to strengthen the representation of the class in the face of Google's challenges to the adequacy of class representation. *See Withers v. eHarmony, Inc.*, 2010 WL 11526733, at *2 (C.D. Cal. Jan. 25, 2010). Google's arguments in opposition (ECF No. 339-01 ("Opp.")) are concerned with Fed. R. Civ. P. 23(a) adequacy. Girlcomix and the Grant brothers are seeking to participate to reinforce the lead plaintiff group's adequacy.

## I.      Larson is adequate either individually or in her capacity as sole owner of Girlcomix Inc.

Girlcomix, Plaintiff Larson's "loan-out" company, seeks to intervene to serve as a representative plaintiff because Google challenged Larson's adequacy in her individual capacity. According to Google, "Larson is not and never was an owner of [her book] *All Summer Long.*" Opp. at 3. This is wrong. And in any event, Google's contention only underscores why Girlcomix's intervention is proper.

Ms. Larson is, and has always been, the sole owner, officer, and director of Girlcomix, and provides herself a salary and distributions of her book profits as its sole beneficiary. ECF No. 321-02 at 82:2-4. Google argues that because Larson testified she wrote her book *All Summer Long* as Girlcomix's employee, it was a "work for hire." Opp. at 3; *see* ECF No. 321-02 at 104:2-7. Works for hire typically vest legal and beneficial ownership in the employer *unless* the parties have expressly agreed otherwise. *See, e.g. Mostowfi v. i2 Telecom Int'l, Inc.*, 269 F. App'x 621, 623 (9th Cir. 2008); 17 U.S.C. § 101. Here, Larson, as her own employer, reserved ownership of the copyrights for *All Summer Long* for herself, not Girlcomix. Google relies on the contract between Girlcomix and Larson's publisher to establish her employee status (ECF No. 321-02, Larson Tr. at 99-104) but ignores that the same contract (which Google failed to attach) states "that ~~the Company is~~ **I am** accordingly the sole owner of the entire worldwide copyright in the Work." (strikethrough and bold in original). See Declaration of Joseph Saveri, Exs. I-J (Larson Dep. Exs. 9-10). Read as a whole, the contract makes clear that that Larson reserved copyright ownership for herself, not Girlcomix. *See* Fed. R. Evid. 106. There was no mistake when Larson registered herself rather than Girlcomix as the sole author and copyright claimant of *All Summer Long*. ECF No. 234-1 at 25.

Google's argument that Larson has no ownership interest in *All Summer Long* lacks logical and legal basis. Opp. at 4. Larson has always been its beneficial owner; she is the sole owner of Girlcomix—

"[s]ince [Larson] was [Girlcomix], [Girlcomix] intended whatever [Larson] intended." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1156 (9th Cir. 2010); *Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1053 (N.D. Cal. 2025); *see also M & A Assocs., Inc. v. VCX, Inc.*, 657 F. Supp. 454, 459–60 (E.D. Mich. 1987) (sole director and shareholder of company "exercised complete control of the corporation, which served as his mere alter ego... As a result, [that individual] owned all rights to the film upon its creation and could transfer those rights"). Notably, though *Bartz* held that the loan-out is the more adequate lead plaintiff, it noted the decision was practically irrelevant. *Bartz*, 791 F. Supp. 3d at 1053 ("If the author controls the loan-out, she can bring the suit in its name, or effect a transfer from one hand to the other hand by at anytime simply memorializing that intent in writing.") (cleaned up). *Carol Wilson Fine Arts, Inc. v. Qian*, 671 F. App'x 701, 702 (9th Cir. 2016), (Opp. at 3) is inapposite; it did not involve a situation with a loan-out company owned by the same single author. Thus while Larson is, individually, adequate to represent the Class as the beneficial owner of *All Summer Long*, intervention of Girlcomix will moot Google's attempt to manufacture an adequacy issue.

## II.  The Grants can represent each of the Books Subclasses.

James and Andrew Grant also seek to intervene to serve as representative plaintiffs to address arguments Google raised in opposing class certification. Plaintiffs organized the Books Class of legal and beneficial copyright owners into three subclasses, depending on the source from which Google made unauthorized copies of Class Members' books. The Books subclasses are only subtly distinguished by the potential defenses that Google may have, common to the unauthorized copies they made from that source. The "Pirated Books" subclass applies to books Google scraped from the web, including from "shadow libraries" of pirated books. However, Google has only produced samples of training data so far, and only for class certification purposes. Because none of the Named Plaintiffs' works appeared in those samples sourced from shadow libraries (which does not mean they are not included in that subclass when all training data or their indexes are produced—Google has refused to produce the record of all Named Plaintiffs works and their provenance from the training data corpus), Plaintiffs seek to add the Grants as representative plaintiffs because copies of their works are in the samples Google provided.

Google's speculation that Plaintiffs disclosed Google's "Highly Confidential" information is unfounded. Opp. at 2. Plaintiffs sought Google's permission to disclose such information to the Grants, but

Google refused. Plaintiffs then confirmed they would proceed to intervene only on counsel's good faith for bringing this motion.

### III.     Plaintiffs move for intervention under Federal Rule 24 not Rule 16.

Google's assertion that Plaintiffs have not met the Rule 16 standard is a strawman argument. Plaintiffs' motion, pursuant to Fed. R. Civ. P. 24., is one for *intervention* on behalf of nonparty intervenors who wish to participate in the action. Rule 16, which applies only to parties, does not apply here. Fed. R. Civ. P. 16; *see also Eisenbise v. Crown Equip. Corp., Inc.*, 2015 WL 13818753, at *3 (S.D. Cal. Dec. 7, 2015). In any event, permitting Intervenors to participate in this lawsuit will not alter the schedule. The Grants are prepared to produce substantial discovery by the time this motion is heard, while Google has already examined Plaintiff Larson at length about Girlcomix.

Google cites *Harris v. Vector Mktg. Corp.*, 2010 WL 3743532, at *1 (N.D. Cal. Sept. 17, 2010), but that case involved a belated attempt to intervene new plaintiffs to revive a claim dismissed on summary judgment, and is inapplicable here. *Id.* at *1-2. Google's other cases are also inapposite. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) involved an attempt to amend a complaint to add a defendant after repeated warnings that the plaintiff had the wrong defendant and after summary judgment was granted. Opp. at 3. Likewise, *Wilson v. Frito-Lay N. Am., Inc.*, 2017 WL 3478776, at *3 (N.D. Cal. Aug. 14, 2017) involved a belated attempt to substitute plaintiffs *two years* after summary judgment.

Here, discovery ends on February 17. Summary judgment will not be heard until May. *See* ECF No. 88. There would be no need to rewrite the schedule due to intervention by Girlcomix or the Grants. There is plenty of time to depose the Grant brothers should Google desire. Larson has already been deposed regarding Girlcomix. Google's attempt to turn this motion to intervene into a Rule 16 motion must be rejected. In any event, good cause would exist here given the delay would not be significant. *Miller v. Ghirardelli Chocolate Co.*, 2013 WL6776191, at *4-5 & n.6 (N.D. Cal. Dec. 20, 2013).

### IV.     The Intervention is timely.

Plaintiffs had no reason to seek to intervene or exercise any "diligence" until Google made its adequacy challenges in its opposition to class certification. *See Withers,* 2010 WL 11526733, at *2 ("This is not a case where a proposed intervenor has purposefully delayed intervention to save costs or gain a

tactical advantage."). With respect to Larson, Google's argument is based on the false premise that Larson is not a beneficial owner of *All Summer Long*. Opp. at 4. Nothing with respect to Larson serving in her individual capacity is "fatal to her bid to represent any class." Opp. at 3. Nonetheless, allowing Girlcomix to intervene will narrow the issues in this already complex case. *Jules Jordan*, 617 F.3d at 1156; *Bartz*, 791 F. Supp. 3d at 1053.

With respect to the Grants, they had no reason to intervene before Google challenged the adequacy of the representation of the Pirated Books Class, particularly given Google's insistence that only a sample of training data was necessary for class certification. It is important to note that the Grants, at this juncture, still rely on their counsel, given that Google has refused permission to disclose the provenance of their illicitly copied works in the sample training data. Google's suggestion that the Grants were somehow on notice as soon as Plaintiffs had a data sample is wrong. Opp. at 5. Plaintiffs' analysis was hampered by Google's *many* suspect technical hurdles. *See* ECF No. 197 at 3. The Grants intervene to join the existing plaintiffs to obviate the argument that the Pirated Books Class is inadequately represented, an argument first raised by Google in opposition to class certification.

Google's suggestion that the Grants have no interest in this litigation because they could opt out is meritless. Opp. at 8. The Grants are specifically motivated to vindicate the rights of authors everywhere whose works were taken and copied by Google from pirated websites. *Cf. Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004) ("The *realistic* alternative to a class is not 17 million individual suits, as only a lunatic of a fanatic sues for $30."). *Hofstetter v. Chase Home Fin., LLC*, 2011 WL 5415073 (N.D. Cal. Nov. 8, 2011) is inapposite. *Hofstetter* involved an attempted intervention by a settlement objector after settlement, preliminary approval, and notice. *Id.* at *1. Similarly, *Blake v. Pallan*, 554 F.2d 947, 954 (9th Cir. 1977) is off-base, as the intervenor was a state commissioner seeking to intervene to bring state causes of action in a federal securities case, who was directed to file in state court.

## V.    Intervention is appropriate at this stage of the proceedings.

Google's argument that the proceedings are too advanced for intervention also fails. The mere passage of time is not the proper yardstick. Rather, it is where the case is procedurally. And here, discovery is ongoing, and class certification and summary judgment have not been heard, all indicating the relatively early stage of these proceedings. *See Withers*, 2010 WL 11526733, at *2. Google's cases are unavailing.

*Lee v. Pep Boys-Manny Moe & Jack of Cal.*, 2016 WL 324015, at *5 (N.D. Cal. Jan. 27, 2016), was an attempted intervention after class certification denial by intervenors who were not members of the class and brought different claims. *Id*. at *6. *Valentine v. Crocs, Inc.*, 2024 WL 5340074, at *2 (N.D. Cal. Sept. 19, 2024) was an intervention attempting to substitute plaintiffs with a different theory of damage and causation after the plaintiffs were found to lack standing on their existing theory.

Google's claim that the parties would need to redo class certification briefing is wrong. Opp. at 6. The Grants' and Girlcomix's interventions raise no new claims or defenses. Further, a class certification order can be altered or amended at any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C).

### VI.    Google faces no prejudice by this intervention.

Google's argument that it is prejudiced by the intervention of Girlcomix lacks merit. Girlcomix is Larson's corporate alter ego, and she was deposed extensively about Girlcomix already. Intervention will not expand the issues involved in litigation or require duplicative discovery. Denying intervention would instead risk allowing Google to challenge standing and adequacy based on a technicality. As Judge Alsup aptly noted: "[D]efendant can hardly complain of any purported defects as between an author and that author's loan-out in the first place: Where one of them plainly has standing, and there is no disagreement as between the two, 'it would be unusual and unwarranted to permit a third-party infringer to invoke [the written transfers requirement] to avoid suit for copyright infringement.'" *Bartz*, 791 F. Supp. 3d at 1053–54 (*quoting Jules Jordan*, 617 F.3d at 1157).

Google's argument that "adding new claims would be unduly burdensome" is a red herring. Opp. at 7. The Grants have already agreed to produce substantial discovery and are ready and available for examination before the close of discovery. Saveri Decl. ¶ 10. Google's suggestion that adding the Grant brothers would create individual statute of limitations issues is also wrong. Opp. at 9. The Grant brothers were not on notice of Google's infringement until, at earliest, 2024 when these lawsuits were filed, and Google's unauthorized copying of datasets that include Class Members' books continues to this day.

### VII.    Conclusion

For the forgoing reasons, Google's arguments in opposition to intervention fail. The Court should grant the intervention motion.

Dated: January 20, 2026

By: */s/ Lesley Weaver*

Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 03-130
Oakland, CA 94607
Tel. (341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com
jsamra@stranchlaw.com

By: */s/ Joseph R. Saveri*

Joseph R. Saveri (SBN 130064)
Cadio Zirpoli (SBN 179108)
Christopher K.L. Young (SBN 318371)
Evan A. Creutz (SBN 349728)
Elissa A. Buchanan (SBN 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alex Zeng (360220)
**JOSEPH SAVERI LAW FIRM, LLP**
601 California Street, Suite 1505
San Francisco, CA 94108
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
ecreutz@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

Matthew Butterick (SBN 250953)
**BUTTERICK LAW**
1920 Hillhurst Avenue, #406
Los Angeles, CA 90027
Telephone: (323) 968-2632
Facsimile: (415) 395-9940
mb@butericklaw.com

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com
lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowo@locklaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
Mark I. Richards (SBN 321252)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone:      213-788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com
mrichards@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Tel. (213) 788-4050
tcowan@clarksonlawfirm.com

Master File Case No. 5:23-cv-3440-EKL                    6

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

*Additional Counsel for Individual and Representative Plaintiffs and the Proposed Class*

PLAINTIFFS' REPLY ISO MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Joseph R. Saveri, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of April, 2026, at San Francisco, California.

/s/ Joseph R. Saveri
Joseph R. Saveri

Master File Case No. 5:23-cv-3440-EKL                    8

PLAINTIFFS' REPLY ISO MOTION TO INTERVENE ON BEHALF OF
JAMES GRANT (A/K/A LEE CHILD), ANDREW GRANT (A/K/A ANDREW CHILD) AND GIRLCOMIX INC.