DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**GOOGLE LLC'S RESPONSE TO CENGAGE LEARNING, INC. AND HACHETTE BOOK GROUP, INC.'S ADMINISTRATIVE MOTION TO WITHDRAW MOTION TO INTERVENE**<br><br>Judge:       Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

**<u>RESPONSE</u>**

Proposed Intervenors Hachette and Cengage waited two and a half years—until class certification was fully briefed and set for hearing—to file a motion to intervene in this case. Their request to abandon that motion now, almost five months after it was argued and submitted, confirms what Google said from the outset: intervention was never appropriate because Proposed Intervenors—like any putative rightsholder—are capable of protecting their interests through their own individual litigation. Their motion was instead a strategic ploy aimed at ensuring that if a class were somehow certified, Proposed Intervenors and their counsel would be in position to wrest control of this case, drive it in different directions, and demand a share of any fee award. The motion was gamesmanship from the start. Proposed Intervenors' request to withdraw it—which coincides with their filing a competing putative class action lawsuit against Google in a different forum (S.D.N.Y.)—is more of the same.

This is not the first time Proposed Intervenors' counsel have engaged in such machinations. They were reprimanded for trying and failing to commandeer the *Bartz v.* Anthropic litigation before Judges Alsup and Martinez-Olguin. *See Bartz v. Anthropic, PBC*, Case No. 3:24-cv-05417-WHA, ECF 515 at 2, 7-9 (N.D. Cal. Dec. 23, 2025) (Judge Alsup criticizing Proposed Intervenors' counsel for "insinuat[ing]" themselves into the case after class certification, signing the class settlement agreement, potentially performing unnecessary "makework" for the class, and then seeking a fee award, all without ever having been appointed by the court as class counsel).

While the Proposed Intervenors may, with the Court's permission, drop their misguided intervention motion, as a condition, Google respectfully requests that the Court order Proposed Intervenors and their counsel to reimburse Google for the substantial and unnecessary expense that their motion imposed.

**<u>BACKGROUND</u>**

This action was filed on July 11, 2023, on behalf of copyright holders everywhere, including book publishers like Proposed Intervenors. ECF 383 ("Opp'n") at 2; ECF 384 ("Harold Decl.") ¶ 2. Proposed Intervenors' own counsel cited this case in amicus filings as early as January 2024, Opp'n at 2 n.1, and Google served Hachette with a subpoena in this action in March 2025, Harold Decl. ¶

3. Proposed Intervenors nonetheless sat on the sidelines for two and a half years—through six complaints, multiple motions to dismiss, extensive discovery, and all of class certification briefing.

Only in January 2026, with class certification briefing complete, the hearing imminent, and fact discovery days from closing, did Proposed Intervenors announce a desire to step in and inject new infringement theories, new evidence, new witnesses, and new discovery demands, while reserving the right to extend the schedule and reopen depositions. Opp'n at 3-5; Harold Decl. ¶ 5.

At the parties' pre-filing meet-and-confer, Proposed Intervenors refused to disclose basic information about their proposed claims. Google explained that they were free to protect their interests in a separate action of their own rather than derail this one. Harold Decl. ¶¶ 4-5. They filed to intervene anyway, and Google was forced to divert substantial resources to oppose the motion in the midst of its class certification preparations. Indeed, the motion was filed so late that it could not be fully briefed before the class certification hearing, prompting the Court to postpone the hearing. *See* ECF 360.

As Google's opposition demonstrated, the intervention motion was meritless: it ignored Rule 16 and the Scheduling Order for the case, was untimely by years, made no attempt to show diligence, and identified no interest Proposed Intervenors needed to protect. Opp'n at 4-10. Further, the expedited investigation Google was forced to conduct showed obvious ownership problems for the hand-picked "Sample Works" that Proposed Intervenors wanted to assert. *See* ECF 390-1, 390-2 (reply declarations attempting to establish chains of title).

At the February 20, 2026, hearing, the Court expressed doubt about the intervention motion. It observed that it was "a little bit troubled that many of these points and this level of detail were not in [Proposed Intervenors'] papers to begin with." ECF 430 ("Tr.") at 20:5-7.  And when Proposed Intervenors' counsel acknowledged that "if this case is not certified, this probably isn't the lane for publishers," the Court responded: "Well, it sounds like you're hedging your bets again then. I mean, that's problematic." Tr. 37:19-23.

For nearly five months, Proposed Intervenors let their fully briefed, argued, and submitted intervention motion sit. On July 10, 2026, though nothing had changed in this case, Proposed Intervenors filed a putative class action in the Southern District of New York. *Hachette Book Grp.,*

*Inc. v. Google LLC*, No. 1:26-cv-05870 (S.D.N.Y. July 10, 2026), ECF 1. Notably, that new complaint proposes a nationwide class that expressly includes owners of works "reproduced in connection with the development and/or training of a Gemini Model"—the same claims at the center of this case, which have been the subject of years of litigation and discovery. *Id.* ¶ 139.

Google will address that overlapping filing in due course. For present purposes, the filing confirms that intervention was never necessary or proper, because Proposed Intervenors always had the ability to prosecute their own claims. That underscores a point Google has made throughout these proceedings: one of the many reasons why class certification is inappropriate in this case is because there is a "realistic alternative," namely individual suits by rightsholders. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1235 (9th Cir. 1996) (vacating class certification order where there was "no showing why the class mechanism is superior to alternative methods of adjudication").

### ARGUMENT

Under Civil Local Rule 7-7(e), a movant may withdraw a motion only "[w]ithin the time for filing and serving a reply." For the intervention motion, that deadline passed on February 5, 2026, more than five months ago. No authority entitles Proposed Intervenors to withdraw their motion now, after it has been briefed, argued, and submitted for decision, and after they have already significantly burdened Google and the Court. At this point, the path forward rests in the Court's discretion, part of its inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017). To mitigate the prejudice Proposed Intervenors inflicted on Google and to remedy Proposed Intervenors' "bad-faith conduct," the Court should order payment of the fees Google incurred in responding to the motion that even Intervenors now admit should not have been filed. *Id.* at 103; *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (recognizing court's inherent power to assess attorney's fees for misconduct).

28 U.S.C. § 1927 provides an additional basis for requiring the payment of fees. Under that statute, courts may require any attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to "satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Proposed Intervenors' motion fills that bill. The motion was

GOOGLE'S RESPONSE TO CENGAGE AND HACHETTE'S   -3-   MASTER FILE CASE NO.: 5:23-cv-03440-EKL
ADMIN. MOT. TO WITHDRAW MOT. TO INTERVENE

baseless. Untimely on its face, it made no attempt to address Rule 16 or the deadline to add parties that had lapsed more than a year earlier, and offered no declaration attesting to diligence. Counsel refused—at the meet and confer and in the briefing—to say when Proposed Intervenors learned of the case or decided to act. Opp'n at 4-7; Harold Decl. ¶¶ 4-5. They filed a motion foreclosed by settled law: as absent members of an uncertified putative class, Proposed Intervenors' interests were fully protected by their ability to opt out and litigate separately—something they plainly have the resources to do. Opp'n at 7-8. And they attached a proposed complaint that was riddled with defects that had no place in a good faith effort to intervene, and that were so substantial that Proposed Intervenors felt compelled to submit two reply declarations.

After sitting on their hands for years, Proposed Intervenors swooped in just before the class certification hearing, hoping to hijack the case and disrupt Google's preparations. *See Fausto v. Credigy Servs. Corp.*, 598 F. Supp. 2d 1049, 1058 (N.D. Cal. 2009) (inviting a "motion for monetary sanctions" where party filed and then withdrew summary judgment motions, "inundat[ing]" and prejudicing non-movant). Like counsel's adventures in the *Bartz* case, their involvement here was not a genuine attempt to protect Proposed Intervenors' interests. It was, as the Court put it, a "problematic" attempt to "hedge [their] bets." Tr. 37:19-23.

The request now to withdraw a long-submitted motion leaves little doubt that Proposed Intervenors lacked "a meritorious basis for the withdrawn motion[] in the first instance." *Fausto*, 598 F. Supp. 2d at 1058. Having tested this forum, they have concluded that they prefer a new class action before a different judge in a different district and a different circuit. They could have filed that action without putting Google and the Court to the burden of responding to proposed intervention. Instead, they unreasonably multiplied proceedings in this case.

### CONCLUSION

Google requests that the Court condition withdrawal of Proposed Intervenors' motion on the reimbursement of Google's fees incurred in responding to the motion.

Respectfully submitted,

Dated: July 14, 2026

By: */s/ David H. Kramer*
David H. Kramer, SBN 168452
*Counsel for Defendant* GOOGLE LLC