# EXHIBIT A

Matthew J. Preusch
KELLER ROHRBACK
801 Garden Street, Suite 301
Santa Barbara, CA 93101
mpreusch@kellerrohrback.com
Tel: 805-456-1496

Jeffrey M. Gould*
Matthew J. Oppenheim*
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
jeff@oandzlaw.com
matt@oandzlaw.com
Tel: 202.480.2999

*Counsel for Cengage Learning, Inc.
and Hachette Book Group, Inc.
Additional Counsel listed on signature*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No. 5:24-cv-02531-EKL |
| --- | --- |
| | **CENGAGE LEARNING, INC. AND HACHETTE BOOK GROUP, INC.'S [PROPOSED] REPLY TO GOOGLE'S RESPONSE (DKT. 474) TO MOTION TO WITHDRAW** |
| | Judge:          Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

In its Response to Cengage and Hachette's Administrative Motion to Withdraw their Motion to Intervene (Dkt. 473), Google conjures up sensationalized reasons for the initial motion and now the request to withdraw it. Dkt. 474. But Google ignores the stated reasons for the initial motion (to protect publishers' rights) and proposed withdrawal (the running of the statute of limitations). And Google fails to identify any basis for imposing sanctions in the form of a fee award as a condition for

withdrawal. Accordingly, the Court should grant the administrative motion to withdraw and reject Google's improper demand.

Google's request is meritless. Google fails even to acknowledge that Cengage and Hachette explained why they wish to withdraw their motion to intervene and file a separate action: not because the motion lacks merit, but simply to ensure that claims falling outside the scope of the putative class here are not time-barred and to pursue all claims in one action. That problem did not arise until July 11, 2026 approached. *See* Dkt. 473 at 1. If the problem did not exist, Cengage and Hachette would not be withdrawing their motion; they still believe the motion is meritorious. Indeed, before seeking to withdraw, Cengage and Hachette asked whether Google would be willing to enter into a tolling agreement that would obviate the need to withdraw the motion to intervene. Google did not respond.

Google does not rebut Cengage and Hachette's explanation. That in itself requires denial of Google's request for attorneys' fees, especially given the high evidentiary standard that courts in this District apply in this context. *See, e.g.*, *10Tales, Inc. v. TikTok, Inc.*, 21-cv-03868-VKD, 2024 WL 4775745, at *2 (N.D. Cal. Nov. 12, 2024) (applying the clear-and-convincing standard). Google's speculations about bad faith also fail to explain why Cengage and Hachette are withdrawing their motion *now*, when, as Google itself admits, nothing has changed in this case but the passage of time. *See* Dkt. 474 at 2 ("[N]othing had changed in this case . . . ."). The best explanation for that timing is the mundane and wholly legitimate one that Cengage and Hachette have given: the statute of limitations. That explanation is bolstered by Cengage and Hachette's request for a tolling agreement.

Google's request is also procedurally defective. It asks for sanctions, *see* Dkt. 474, but has failed to comply in multiple ways with Civil Local Rule 7-8, which governs motions for sanctions.

For these reasons, the Court should grant the Administrative Motion to Withdraw and deny Google's request for sanctions.

DATED this 15th day of July, 2026.

By  /s/ *Jeffrey M. Gould*

Matthew J. Preusch
KELLER ROHRBACK
801 Garden Street, Suite 301
Santa Barbara, CA 93101
mpreusch@kellerrohrback.com
Tel: 805-456-1496

Derek W. Loeser*
William K. Dreher*
Chris N. Ryder*
KELLER ROHRBACK
1201 Third Avenue, Ste 3400
Seattle, WA 98101
dloeser@kellerrohrback.com
wdreher@kellerrohrback.com
cryder@kellerrohrback.com
Tel: 206.623.1900

*Admitted *pro hac vice*

Jeffrey M. Gould*
Matthew J. Oppenheim*
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Ave, NW, 5th Floor
Washington, DC 20016
jeff@oandzlaw.com
matt@oandzlaw.com
Tel: 202.480.2999