United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION

Case No. 23-cv-03440-EKL

**ORDER GRANTING MOTION TO WITHDRAW MOTION TO INTERVENE**

Re: Dkt. Nos. 342, 473, 475

Authors and artists have been litigating this putative class action for years. After the parties engaged in substantial discovery, motion practice, and class certification briefing, two publishers – Cengage Learning, Inc. and Hachette Book Group, Inc. – sought to intervene. Mot. to Intervene, ECF No. 342. Their primary goal was to take a leadership role if a class was certified. *See* Hr'g Tr. 37:19-20, ECF No. 430 (Counsel for publishers: "If this case is not certified, this probably isn't the lane for publishers[.]"). To demonstrate the need for intervention, the publishers argued that authors and artists may not adequately represent the putative class. Mot. to Intervene at 7, 10. This was a deficiency of the publishers' own invention. Not even Google – the only party opposed to class certification – questioned that authors and artists would serve as adequate representatives. Now, the publishers are pursuing a more direct path to the same goal of leading a class: They filed their own putative class action in another forum. The publishers wish to withdraw their motion to intervene in favor of pursuing that case. ECF No. 473. In the Court's discretion, the unopposed motion to withdraw is GRANTED.

Google asks the Court to award attorneys' fees for the time it wasted on the now-defunct motion to intervene. The Court is sympathetic, having also wasted time on that motion. Nonetheless, a fee award is not appropriate. The publishers' withdrawal leaves Google in the same position it would be in if the Court denied the motion to intervene, as Google requested.

Moreover, it was not frivolous for the publishers to try to participate in this action, given that they have "the same claims for copyright infringement as [the] named plaintiffs." Mot. to Intervene at 3. It is more concerning that the publishers filed their new case 3,000 miles away – a tactic that will surely duplicate efforts and waste judicial and party resources. It may also impede the coordination with authors and artists that the publishers previously emphasized to justify their intervention.

**IT IS SO ORDERED.**

Dated: August 21, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California