DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

PAUL J. SAMPSON (admitted *pro hac vice*)
Email: psampson@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
95 S. State Street, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 401-8510

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation.* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**GOOGLE LLC'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge: Hon. Eumi K. Lee<br>Magistrate Judge: Hon. Susan van Keulen |

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rules 3-12 and 7-11, Defendant Google LLC ("Google") respectfully submits this Administrative Motion to Consider Whether Cases Should Be Related and asks the Court to consider whether *EVOX Productions, LLC v. Google LLC*, Case No. 3:26-cv-07013-TLT ("*EVOX*"), should be related to the above-captioned consolidated action, *In re Google Generative AI Copyright Litigation*, Master File Case No. 5:23-cv-03440-EKL ("*In re Google*"). As explained below, both actions are copyright-infringement suits alleging that Google used plaintiffs' copyrighted works copied from common datasets to train Google's generative artificial-intelligence models. While seeking to proceed with an individual action, Plaintiff EVOX is a member of one of the putative classes in *In re Google.* Relation is warranted to conserve judicial resources and to avoid the unnecessary risk of inconsistent results in these substantially overlapping cases.

## BACKGROUND

***In re Google Generative AI Copyright Litigation***. *In re Google* is a consolidated action comprising *Leovy, et al. v. Google LLC*, Case No. 3:23-cv-03440-AMO ("*Leovy*"), filed on July 11, 2023, and *Zhang, et al. v. Google LLC*, Case No. 5:24-cv-02531-EJD ("*Zhang*"), filed on April 26, 2024. The *Leovy* and *Zhang* plaintiffs both alleged that Google had infringed plaintiffs' copyrights by using plaintiffs' works to train certain generative-AI models. *See Leovy*, Dkt. No. 28 ¶¶ 633-646; *Zhang*, Dkt. No. 1 ¶¶ 50-56. Both cases alleged infringement arising in connection with Google's use of the "LAION-400M" dataset and the training of its "Imagen" model. *Leovy*, Dkt. No. 28 ¶¶ 114, 117; *Zhang*, Dkt. No. 1 ¶¶ 2, 5-6, 15-16, 22-33, 53. The Court related the two cases, (*In re* Google, Dkt. No. 51), and they were later consolidated by stipulation. Dkt. Nos. 72, 73. The operative Second Amended Consolidated Complaint, filed September 25, 2025, alleges that Google trained its Gemini, Bard, and Imagen generative-AI models on datasets—including the LAION-400M dataset—that allegedly contain unauthorized copies of plaintiffs' works. Dkt. No. 234 ("*In re Google* SACC") ¶¶ 131, 136-142.

On October 15, 2025, after 18 months of extensive discovery and motion practice, the *In re Google* plaintiffs moved to certify an "Images Class" comprising all legal or beneficial owners of registered copyrights "for any two-dimensional image … used by Google to develop its Imagen,

or Gemini base models or their descendants." Dkt. No. 445 at 1. That class-certification motion is pending before this Court.

**The *EVOX* Action**. On July 9, 2026, EVOX Productions filed a copyright-infringement action against Google in this District. Like the *In re Google* plaintiffs, EVOX's direct infringement claims are based, at least in part, on Google's alleged use of the LAION-400M dataset to train its Imagen 1 model. *Compare In re Google* SACC ¶¶ 131, 136-142, *with EVOX*, Dkt. No. 1 ¶¶ 116-123. EVOX alleges that Google licensed certain two-dimensional images from EVOX's library of automotive images, but that Google's use of those licensed images to train image generation models, including Imagen 1 and Nano Banana Pro, exceeded the scope of that license. Case No. 3:26-cv-07013-TLT, Dkt. No. 1 ("*EVOX* Compl.") ¶¶ 31-32, 116-130, Ex. A. Although it seeks to pursue its own action, because EVOX alleges that it is the legal or beneficial owner of registered two-dimensional images used to develop Google's Imagen model, its allegations bring it within *In re Google's* putative "Images Class."

Counsel for Google conferred with counsel for EVOX about relating the cases. *See* Declaration of Kelly M. Knoll, ¶¶ 2-5. EVOX does not agree that the cases are related. *Id.* ¶ 5.

## ARGUMENT

Under Civil L.R. 3-12(a), an action is related to another when "[t]he actions concern substantially the same parties, property, transaction, or event" and "[i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Both elements are met here.

### I. The Actions Concern Substantially the Same Parties, Property, Transaction, or Event.

Both the *In re Google* plaintiffs and EVOX assert core claims of copyright infringement against the same defendant, Google, and both claims are based on Google's alleged use of copyrighted images, some supposedly from the same dataset (LAION-400M), to train Google's generative AI models, including Imagen. *Compare In re Google* SACC ¶¶ 131, 136-42, *with EVOX* Compl. ¶¶ 116-23. The Court should deny certification of that class. *See generally* Dkt. No. 446; *see also Rusoff v. The Happy Grp, Inc.*, No. 24-7706, __ F.4th __, 2026 WL 2387098 (9th Cir.

Aug. 17, 2026) (reversing class certification due to lack of predominance despite supposedly common issues of materiality and damages). But regardless of the outcome of that motion, it remains the case that plaintiffs in each matter assert a direct infringement theory directed at the same category of works (images), against the same defendant (Google), arising from the training of Google's image generation models (including Imagen), using, at least in part, the same dataset (LAION-400M).

Should the *EVOX* action proceed past the pleading stage, Google's anticipated defenses will significantly overlap with those asserted in *In re Google*, including fair use and license. *See In re Google*, Dkt. No. 262 at 18 (asserting fair use and license defenses). Indeed, *EVOX* implicates several of the same questions at issue in *In re Google*. Like many of the *In re Google* plaintiffs (and the putative class members, including EVOX), EVOX has indisputably licensed works to Google. *EVOX* Compl. ¶¶ 31-32; Ex. A. But EVOX now complains that Google's use of those works exceeds the scope of the license, so the *EVOX* action will thus require an inquiry into whether any license—whether it be the license described in the complaint or other express or implied licenses—defeats EVOX's claims. And even if EVOX's claims are not entirely foreclosed by license, they should—like the claims in *In re Google*—still be foreclosed by fair use. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1033 (N.D. Cal. 2025) ("*The copies used to train specific LLMs* were justified as a fair use. Every factor but the nature of the copyrighted work favors this result. The technology at issue was among the most transformative many of us will see in our lifetimes.").

Notably, as this Court did with *Leovy* and *Zhang*, myriad other courts in this District have ordered the relation of later-filed generative AI cases to earlier-filed cases against the same defendants, including relation of successive cases filed against Anthropic, OpenAI, and Meta, among others. *See, e.g.*, *Cambronne Inc. v. Anthropic PBC*, No. 5:25-cv-10897, Dkt. No. 200 (N.D. Cal. June 30, 2026) (order relating cases); *BMG Rights Mgmt. (US) LLC v. Anthropic PBC*, No. 5:26-cv-02334, Dkt. No. 23 (N.D. Cal. Apr. 14, 2026); *Concord Music Grp., Inc. v. Anthropic PBC*, No. 5:26-cv-00880, Dkt. No. 57 (N.D. Cal. Feb. 18, 2026); *Kadrey v. Meta Platforms, Inc.*, No. 3:23-cv-03417, Dkt. No. 730 (N.D. Cal. May 11, 2026); *Kleiner v. Adobe Inc.*, No. 3:26-cv-

01218, Dkt. No. 13 (N.D. Cal. Mar. 11, 2026); *In re Salesforce LLM Copyright Infringement Litig.*, 3:25-cv-08862, Dkt. No. 13 (N.D. Cal. Nov. 18, 2025); *Hendrix v. Apple Inc.*, No. 4:25-cv-07558, Dkt. No. 40 (N.D. Cal. Nov. 5, 2025); *Nazemian v. NVIDIA Corp.*, No. 4:24-cv-01454, Dkt. No. 47 (N.D. Cal. May 29, 2024); *In re Mosaic LLM Litig.*, No. 3:24-cv-01451, Dkt. No. 45 (N.D. Cal. May 13, 2024); *In re OpenAI ChatGPT Litig.*, No. 4:23-cv-03223, Dkt. No. 53 (N.D. Cal. Oct. 10, 2023).

The same principle motivating relation in those cases is present here: the two actions "concern substantially the same parties, property, transaction, or event." Civ. L.R. 3-12(a). Thus, the first element for relation is met here.

## II. There Will Be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results If the Cases Are Conducted Before Different Judges.

Relating these actions will also conserve party and judicial resources and avoid conflicting rulings. This Court and the assigned Magistrate Judge have presided over *In re Google* from the pleading stage through fact discovery and the now-pending class-certification motion, and have devoted substantial effort to mastering the technical and legal issues common to these matters—including the operation of Google's image generation models and the composition and provenance of the LAION–400M dataset. Litigating the *EVOX* action before a different Judge would require a court to duplicate that effort and would create a risk of conflicting rulings on questions common to each of these cases—not least one of the central questions: whether Google's training of the same models on the same dataset constitutes infringement or fair use.

The procedural posture of *In re Google* is no barrier to relation. By its terms, Civil L.R. 3-12 permits relation to an action that "is or was pending in this District," without regard to the stage of the proceedings. Civil L.R. 3-12(b). In any event, any suggestion that *In re Google* is too far advanced to permit relation would bear on consolidation, not relation. Google does not seek consolidation in this Motion, and any future case-management questions arising from relation can be addressed by the Court in the ordinary course. Indeed, this Court's own practice confirms that relation is appropriate notwithstanding differences in filing dates: This Court related three copyright-infringement actions arising from Anthropic's alleged use of publishers' musical

compositions to train its Claude models, even though the first-filed case was filed in 2023 and the latter cases were not filed until 2026. *See Concord Music Grp., Inc. et al v. Anthropic PBC*, Case No. 5:24-cv-03811-EKL (N.D. Cal. filed Oct. 28, 2023), Dkt. No. 585 (relating *Concord Music Grp., Inc. v. Anthropic PBC*, 26-cv-00880 (N.D. Cal. filed Jan. 28, 2026)); *id.* Dkt. No. 679 (relating *BMG Rights Mgmt. (US) LLC v. Anthropic PBC*, 26-cv-02334 (N.D. Cal. filed Mar. 17, 2026)).

Thus, the second element for relation is also met here.

**CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court consider whether *EVOX* should be related to *In re Google* and, upon finding *EVOX* related under Civil L.R. 3-12, order it reassigned to this Court.

Respectfully submitted,

Dated: August 21, 2026

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Paul J. Sampson*
Paul J. Sampson
E-mail: psampson@wsgr.com

*Counsel for Defendant*
GOOGLE LLC