UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION

Case No. 23-cv-03440-EKL

**ORDER DENYING MOTION FOR RELIEF AND MOTION TO SEAL**

Re: Dkt. Nos. 410, 412

On February 2, 2026, Magistrate Judge van Keulen issued an order denying several discovery motions brought by Plaintiffs. ECF No. 387. Among other reasons, the motions were denied as untimely because Plaintiffs moved to compel in the final weeks of the fact discovery period. Plaintiffs sought a "50% increase in the number of depositions on the eve of the close of fact discovery." *Id*. at 2. Plaintiffs also sought "an approximately 25% increase in [document] custodians" with just 18 days left to conduct fact discovery. *Id*. at 4. Finally, Plaintiffs requested "a massive search for non-custodial documents" from six different repository systems at a "late hour." *Id*. at 5. Plaintiffs seek leave to file a motion for relief from Judge van Keulen's order. ECF No. 410. The Court GRANTS leave but DENIES the motion for relief.

A motion for relief from a magistrate judge's non-dispositive pretrial order may be granted only if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). A magistrate judge's non-dispositive ruling is clearly erroneous "only when the district court is left with a 'definite and firm conviction that a mistake has been committed.'" *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 984 (N.D. Cal. 2012) (quoting *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). The district court "may not simply substitute" its own judgment for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

United States District Court
Northern District of California

Here, Plaintiffs contend that Judge van Keulen erred by denying the discovery motions as untimely because they were filed "well before the February 13, 2026 discovery cut-off." ECF No. 411-1 at 1. According to Plaintiffs, they were unable to pursue the contested discovery earlier because they were prioritizing class certification discovery. *Id.* Thus, Plaintiffs contend Judge van Keulen left them "no time for merits discovery." *Id.* at 2. These are not fair or reasonable characterizations of Judge van Keulen's order or the record in this case. This Court has previously noted several ways in which Plaintiffs failed to focus their discovery efforts. ECF No. 197. Having reviewed the record, the Court finds no clear error or misapplication of law, and thus no basis to grant relief from Judge van Keulen's well-reasoned order.

Proceedings in this action, including discovery, have been stayed pending resolution of Plaintiffs' motion for class certification and related motions. ECF No. 421. As previously indicated, the Court "will address the schedule for further proceedings after resolving the pending motions," *id.*, including further discovery as may be appropriate. Accordingly, the Court's ruling in this order is without prejudice to Plaintiffs seeking further discovery in accordance with any amended case schedule and based on the needs of the case.

Finally, the related motion to seal is DENIED without prejudice. ECF No. 412. By September 21, 2026, Google may file a renewed motion to seal that conforms to the Court's guidance in the omnibus sealing order, ECF No. 438. The materials will remain provisionally sealed until the Court rules on Google's renewed motion.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Eumi K. Lee
United States District Judge