United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE GOOGLE GENERATIVE AI COPYRIGHT LITIGATION

Case No. 23-cv-03440-EKL

**ORDER DENYING MOTION FOR RELIEF**

Re: Dkt. No. 328

Plaintiffs allege that Google engaged in mass copyright infringement by using copyrighted works to train its generative artificial intelligence ("AI") models. Plaintiffs moved to compel Google "to produce documents sufficient to identify, or simply to identify" all named Plaintiffs' and class members' copyrighted works in the datasets "copied and used by Google to train the AI models at-issue." ECF No. 302 at 1. Google opposed, arguing that "[t]here is no list of works Google used for training, and no way for Google to generate one. The only record and the only means of determining what materials Google used to train its AI models is the training data itself." *Id*. at 6. Magistrate Judge van Keulen has presided over the entire exhaustive and contentious discovery process in this case. After reviewing the materials that Plaintiffs cited to support their request, she concluded that "only the training datasets will reveal what putative class works were ultimately used" to train the models. Order at 2, ECF No. 311. Because Plaintiffs already have access to sample datasets, their request "would have Google duplicate work that Plaintiffs admit was already done" by Plaintiffs' proposed expert. *Id*. Accordingly, Judge Van Keulen denied Plaintiffs' motion. Plaintiffs now seek relief from that order. Mot. for Relief, ECF No. 328.

A motion for relief from a magistrate judge's non-dispositive pretrial order may be granted only if the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

P. 72(a). A magistrate judge's non-dispositive ruling is clearly erroneous "only when the district court is left with a 'definite and firm conviction that a mistake has been committed.'" *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 984 (N.D. Cal. 2012) (quoting *Burdick v. Comm'r Internal Rev. Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). The district court "may not simply substitute" its own judgment for that of the magistrate judge. *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Here, Plaintiffs identify two purported errors in Judge van Keulen's order. First, Plaintiffs contend that Judge van Keulen relied "solely on Google's controverted statement that excavating the training data is the only method of identifying copyrighted works despite the evidence to the contrary." Mot. for Relief at 3. But Judge van Keulen did not just take Google at its word. Instead, she evaluated the "deposition testimony and other evidence" that Plaintiffs cited and explained why it did not establish that Google could produce a list of class works more efficiently than Plaintiffs' own methodology. Order at 2. Second, Plaintiffs argue that the order improperly limited "discovery into how Google copies copyrighted works throughout the training process." Mot. for Relief at 3. This too is incorrect. The order did not make broad pronouncements regarding the scope of discovery but rather denied a particular request on the basis that it was "redundant and not proportional to the needs of the case." Order at 2.

Accordingly, the Court finds no clear error or misapplication of law. Plaintiffs' motion for relief is DENIED.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California