**CALLAHAN & BLAINE, PC**
Michael J. Sachs (Bar No. 134468)
MJS@callahan-law.com
Jason P. Casero (Bar No. 263933)
jcasero@callahan-law.com
James M. Sabovich (Bar No. 218488)
jsabovich@callahan-law.com
19900 MacArthur Blvd., Suite 1200
Irvine, California 92612
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff EVOX PRODUCTIONS LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation.* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**EVOX PRODUCTION LLC'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

# I. INTRODUCTION

At issue is whether the recently filed action *EVOX Productions, LLC v. Google LLC, Case No. 3:26-cv-07013-TLT* ("*EVOX Action*") should be related to the above-captioned action ("*In re Google*"). Pursuant to L.R. 3-12, this determination hinges on whether these actions "concern substantially the same parties . . . or event," and a refusal to relate them threatens inefficiency or conflicting results. A plain reading of the allegations demonstrates that they should not be related, and the Administrative Motion ("Motion") by Google LLC ("Google") should be denied.

In the *EVOX Action*, EVOX Productions LLC ("EVOX") asserts four (4) claims. Just one of these claims alleges that Google infringed EVOX's copyrights in 16,008 images associated with the LAION-400M dataset. Although that same dataset is referenced in *In re Google*, the similarities between the two actions end there. EVOX primarily alleges that Google infringed EVOX's copyrights in images that are not associated with the LAION-400 dataset. These include 219,653 images that Google collected from EVOX's servers, and 1,040,934 images Google used outside the scope of its license agreement with EVOX. EVOX also alleges that Google violated the Digital Millenium Copyright Act.

Thus, while EVOX alleges that Google has infringed copyrights in 1,276,595 images, only 16,008 of those images – <u>or roughly 1%</u> – are associated with the LAION-400 dataset at issue in *In re Google*. Moreover, the vast majority of the infringement at issue in the *EVOX Action* involves allegations that Google exceeded the scope of its license agreement. Relation of the cases is not justified.

# II. BACKGROUND

## A. The *In re Google* Class Action

*In re Google* is a consolidated action alleging that Google engaged in mass-scraping of the internet to harvest images to train artificial intelligence programs. (Mot. at 1:13-17. *See also* Dkt. No. 234 (Second Amended Class Action Complaint

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

("SAC"), ¶ 1 ("Google willfully copied the Plaintiff Works without authorization to build and train its generative artificial intelligence models ("Generative AI Models"), including Gemini, and Imagen, thereby violating 17 U.S.C. § 501.") Plaintiffs assert a claim for Direct Copyright Infringement. (SAC ¶¶ 171-181.) Fact discovery closed on February 13, 2026 (Dkt. No. 479 at 2), and was characterized by the Court as an "exhaustive and contentious discovery process in this case." (Dkt. 481 (8.24.26 Order) at 1.) "Proceedings in this action, including discovery, have been stayed pending resolution of Plaintiffs' motion for class certification and related motions." (Dkt. No. 479 at 2; Dkt. No. 421.)

Thus, *In re Google* is a mass scraping action, claiming that "Google was able to create the AI-Powered Products because of the Generative AI Models it built and trained on Plaintiffs' copyrighted works without Plaintiffs' license or authorization," (SAC ¶ 3.) Plaintiffs do not allege that Google exceeded the scope of any license by violating the conditions of a license agreement. (*See generally* SAC.)

**B. *The Evox Action***

Whereas *In re Google* is a large putative class action based on undifferentiated scraping of copyrighted images, the vast majority of EVOX's claims are predicated on allegations that Google exceeded the scope of its license. It is alleged that "EVOX has been a pioneer in the industry of automobile photography for over 30 years . . . . EVOX licenses these images to a variety of entities in the automobile industry." *EVOX Action*, Dkt. 1 (Compl.) ¶ 8. EVOX alleges that Google engaged in extensive copyright infringement across four distinct vectors:

(1) <u>"Knowledge Panel" Display</u>. Google and EVOX entered into a Content License Agreement in January 2020 (covering model years 2017–2021), amended in July 2020 to include subsequent model years. (Compl. at ¶¶ 31–32.) Google exceeded the license by using 2022-2024 vehicles on its "Knowledge Panel." (Compl. at ¶¶ 34–35, 38, 112.)

(2) <u>Private Server Infiltration</u>. Unlike typical "web-scraped" or crawled class-action claims, Google directly targeted EVOX's private, access-controlled servers. (Compl. at ¶¶ 41–42.) Instead, Google bypassed standard web crawlers and

unauthorizedly downloaded and reproduced 221,653 individual copyrighted image frames of Spins from model years 2000 through 2016. (Compl. at ¶¶ 40, 43, 113.)

(3) Exceeding Business to Business License Restrictions to Build "Nano Banana Pro." Under the License Agreement, Google downloaded 1,040,934 licensed images over 200 million times. (Compl. ¶ 52.) Google used these images to train "Nano Banana Pro," an image generation and editing tool. (Compl. ¶¶ 44–45, 53.) In doing so, it violated section 2.2(e) of the agreement, which was a condition of the license. (Compl. 60–61, 126.)

(4) Mass Image Reproduction via LAION-400M to Train "Imagen 1". It is alleged that the LAION-400M index contained direct links to 16,008 copyrighted EVOX Images. *Id.*, ¶ 92. To utilize this dataset for training, Google bypassed the index links and directly downloaded and reproduced all 16,008 actual image files without license or consent. (Compl. ¶¶ 94–95, 119, 120.)

Critically, the 16,008 copyrighted EVOX images indexed in the LAION-400M represent ***only 1%*** of the images that EVOX alleges that Google has infringed. The vast majority of the infringement alleged in the *EVOX Action* relates to Google's private server infiltration (Compl. at ¶¶ 40, 43, 113 (221,653 images)) and exceeding the scope of its license. (Compl. ¶¶ 94–95, 119, 120 (1,040,934 images).) Moreover, EVOX asserts a separate claim under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201–1205. (Compl. ¶¶ 131-145.)

## III. THE CASES SHOULD NOT BE RELATED

These cases should not be related pursuant to L.R. 3-12.

### A. The Cases Do Not Concern "Substantially the Same" Parties or Events

While Google is a defendant in both actions, the plaintiffs, their respective interests, and the underlying events are different. EVOX is a single, highly specialized corporate plaintiff seeking to protect its commercial automobile licensing model. In contrast, *In re Google* is a proposed nationwide class action filed on behalf of a sprawling, diverse class of individual authors, illustrators, and creators seeking class-wide statutory damages and injunctive relief under Federal Rule of Civil Procedure 23. The parties are currently locked in intense disputes over

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

Rule 23 typicality, commonality, and predominance—including highly individualized defenses regarding whether class members uploaded works to YouTube, Blogger, or Google Photos and thereby granted Google universal licenses under Google's general Terms of Service. None of these class-wide typicality or representation issues are relevant to EVOX, which stands on its own distinct, negotiated 2020 License Agreement. *Tecson v. Lyft, Inc.*, No. 18-CV-06782-YGR, 2019 WL 1903263, at *3 (N.D. Cal. Apr. 29, 2019) ("The instant action and the Oliver Action involve different facts and claims so the judge in each case would be focused on resolving separate issues of law and fact for different parties."); *Nozolino v. Hartford Life & Acc. Ins. Co.*, No. 12-CV-04314-JST, 2013 WL 2468350, at *1 (N.D. Cal. June 7, 2013) (denying motion to relate cases even though both cases involve ERISA claims and the same defendant).

Most significantly, the EVOX Action is based in significant part on a detailed, negotiated Content License Agreement and First Amendment. The case involves contract interpretation—such as whether Google's development of "Nano Banana Pro" and its subsequent commercial deployment within Google Ads violated the explicit B2B conditions outlined in Section 2.2(e). EVOX purposely carved out AdWords/Google Ads from the scope of its license to preserve its independent, highly lucrative market of licensing directly to third-party car dealerships and advertisers. Litigating EVOX's highly specific contract and license interpretation claims alongside the class action would inject totally irrelevant contractual issues into the class litigation, creating procedural confusion and zero judicial efficiency.

Given these differences, the cases are not related. While there are limited similarities with one of EVOX's claims, "the fact that two plaintiffs are bringing similar claims against the same defendant does not satisfy the requirement of Rule 3-12 (1) that the actions 'concern substantially the same parties, property, transaction, or event.'" *Shwiyhat v. Martin Marietta Materials, Inc.*, No. 24-CV-08815-RS, 2025 WL 1725005, at *2 (N.D. Cal. June 20, 2025); *Univ. of California*

*v. Eli Lilly & Co.*, No. C-90-0373-DLJ (JSB), 1991 WL 332056, at *10 (N.D. Cal. Nov. 4, 1991) (denying motion to relate cases even though both cases involve the same plaintiff and defendant, the same basic recombinant DNA technology, and many of the same researchers). And the possibility that the proposed copyright class in *In re Google*, if certified, might include EVOX is a premature and irrelevant consideration at this stage. *Ortiz v. CVS Caremark Corp.*, No. C-12-05859(EDL), 2013 WL 12175002, at *2 (N.D. Cal. Oct. 15, 2013) (denying motion to relate because "the limited overlap of some class members is not enough to reach the 'substantial similarity' threshold").

**B. <u>The Cases Will Not Involve Excessive Duplication</u>**

Relating the cases will waste judicial resources, not conserve them. First, the cases are at drastically different stages. The *In re Google* Consolidated Action has been heavily litigated for over three years. Fact discovery has officially closed, and class certification briefing is fully complete, with this Court having already conducted a lengthy oral argument on class cert on February 20, 2026. Conversely, the EVOX Action was filed only on July 9, 2026, and is at the pleading stage.

Google's argument that relation will conserve judicial resources because this Court has "mastered" the technical issues of the LAION-400M dataset ignores not only that fact discovery in the current case is done but also the non-overlapping nature of discovery. This case is massive and class-wide, involving petabytes of raw internet-scraped books, internet-crawled text (C4), and billions of general public images (LAION-5B), and focusing on complex expert and heavily disputed methodologies to identify copyrighted material. In contrast, the *EVOX Action* is primarily focused on whether Google exceeded the scope of its license by violating its conditions. Thus, there is no risk of "duplicative labor" or "conflicting results" under Civil L.R. 3-12(a)(2).

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com

Respectfully submitted,

Dated: August 25, 2026

**CALLAHAN & BLAINE, PC**

By: */s/ James M. Sabovich*
Michael J. Sachs
Jason P. Casero
James M. Sabovich
Attorneys for Plaintiff EVOX PRODUCTIONS LLC

CALLAHAN & BLAINE, PC
19900 MACARTHUR BLVD., SUITE 1200
IRVINE, CALIFORNIA 92612
TELEPHONE: (714) 241-4444
www.callahan-law.com