DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**GOOGLE LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY PURSUANT TO ECF NO. 480**<br><br>Judge: Hon. Eumi K. Lee |

## RESPONSE

Plaintiffs' supplemental submission is an academic paper comparing human-written excerpts with AI-generated excerpts designed to emulate the style of particular authors. Plaintiffs principally contend that the paper supports predominance. It does not. At most, it is untested "evidence" of questionable relevance to one disputed theory (dilution) of one factor (market effect) of one defense (fair use). The market dilution theory assumed by the paper is not even the correct way to look at that factor. *See Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007, 1031-32 (N.D. Cal. 2025) (rejecting alleged market harm from an "explosion" of AI-generated works competing with plaintiffs' works).[1] Even if it were cognizable, and even if the paper supported some notion of market displacement, it is not common proof that AI-generated output harms the market for all putative class members' works.[2] And it in no way supplies common proof for the putative classes on the multitude of individualized issues in the case.

The Ninth Circuit's recent decision in *Rusoff v. The Happy Group, Inc.*, No. 24-7706, __ F.4th __, 2026 WL 2387098 (9th Cir. Aug. 17, 2026), confirms the paper's insignificance. As it explains, "even if plaintiffs demonstrate that there are common questions of law or fact with respect to … other elements," those questions do not predominate where "more important" questions require individualized resolution. *Id.* at *11 (citation omitted). Applying that rule, the Ninth Circuit reversed certification in a false advertising case where supposedly common

---

[1] *See also In re: OpenAI Copyright Infringement Litig.*, No. 1:25-md-03143 (S.D.N.Y. Sept. 1, 2026), Dkt. 1682 at 13-19 (Statement of Interest of the United States) (dilution theory is a "misappli[cation of] copyright principles" and "deeply flawed"); *In re Mosaic LLM Litig.*, No. 3:24-cv-01451 (N.D. Cal. Aug. 27, 2026), Dkts. 422-1, 443-1, 448-1 (briefs of academic and industry *amici curiae*).

[2] The paper actually cuts against any inference of a common classwide market effect. It compared human-created and AI-created emulations of authors' styles. Dkt. 269-2 at 2. Its conclusion—that readers prefer AI emulations—was based on *non-Google* models specifically tuned on certain authors' complete works, and was an overgeneralization, noting materially different preferences across authors and reader groups. *Id.* at 5, 8-9. Further, in discussing market substitution, the paper identifies open questions concerning the markets for particular authors' books, whether AI-generated works compete in those markets, the effect of any competition on sales, and how those effects may differ depending on the works and circumstances. *Id.* In other words, the paper recognizes individualized issues remain even as to the limited question to which the paper is directed.

questions concerning materiality and damages could not overcome the absence of classwide proof on the central element of deception. *Id.*

Plaintiffs' predominance burden is especially high in this copyright case, as Judge Martínez-Olguín recently emphasized in *Cook v. Meta Platforms, Inc.*, No. 4:22-cv-02485-AMO (N.D. Cal. Aug. 20, 2026), Dkt. 278. In *Cook*, the court denied certification of a copyright class because the infringement claims presented individualized questions that could not be established through common proof. Following *Schneider v. YouTube, LLC*, 674 F. Supp. 3d 704 (N.D. Cal. 2023), *Cook* explained that each class member must establish copyright ownership, a question that requires work-specific analysis. *Cook*, Dkt. 278 at 5-7. The court also highlighted that "fact-intensive questions" presented by defenses including license and fair use defeated predominance. *Id.* at 6-8 (certification based on common evidence of a defense "puts the cart before the horse" and would not serve judicial economy because "the plaintiff has not shown common proof goes to the initial question of liability"). And *Cook* declined to certify issue classes under Rule 23(c)(4) based on the "similarly individualized nature of the inquiry" that involves "class-member-specific evidence" unsuitable for class treatment. *Id.* at 12-13.

The paper Plaintiffs now proffer does nothing to eliminate the need for individualized inquiries in a copyright action. At most, it is something Plaintiffs might someday submit as part of a much larger fair use inquiry to argue generally that the market for copyrighted works is harmed by the creation of AI-generated works. But nothing in the paper informs the far more important question for class certification; namely, whether Plaintiffs could answer, through proof common to all putative members, who owns the copyright in a given work, whether that copyright was properly and timely registered, whether the work was used in a given training process, whether any such use was authorized or licensed or fair use, whether any claim of infringement is barred by statutes of limitations, and whether and how each class member might have been harmed. Given the number and considerably greater significance of these issues, under *Rusoff*, *Cook*, and *Schneider*, even compelling and common evidence addressed to one aspect of one fair use factor would not come close to establishing predominance. The paper Plaintiffs submit here does not move the needle.

Respectfully submitted,

Dated: September 8, 2026

WILSON SONSINI GOODRICH & ROSATI

By: */s/ David H. Kramer*

*Counsel for Defendant Google LLC*