DAVID H. KRAMER, SBN 168452
Email: dkramer@wsgr.com
MAURA L. REES, SBN 191698
Email: mrees@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300

ERIC P. TUTTLE, SBN 248440
Email: eric.tuttle@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Telephone: (206) 883-2500

*Counsel for Defendant*
GOOGLE LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No.: 5:23-cv-03440-EKL<br>Consolidated with Case No.: 5:24-cv-02531-EKL<br><br>**GOOGLE LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE REPLY TO GOOGLE LLC'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL AUTHORITY**<br><br>Judge: Hon. Eumi K. Lee |

Plaintiffs' Administrative Motion, Dkt. 486 is misguided make-work that continues to demonstrate a lack of understanding of the Court's rules and orders. Plaintiffs flouted the Court's rules through the improper submission of supplemental authority. The Court invited Google to submit a two-page "substantive response." Dkt. 480 at 1. Google did exactly that. Dkt. 484.

Hoping to squeeze in a final word, Plaintiffs now argue that Google's Response is "untethered" to Plaintiff's improper authority. That is wrong. Plaintiffs told the Court the academic article they submitted bears on class certification, and specifically "predominance." Dkt. 269 at 2. Google responded directly, briefly explaining why the article does not move the needle on class certification—on its own terms, and in light of recent authorities rejecting both the legal theory and predominance approach Plaintiffs advance. *See Rusoff v. The Happy Group, Inc.*, No. 24-7706, __ F.4th __, 2026 WL 2387098 (9th Cir. Aug. 17, 2026) (common questions do not predominate where other important issues require individualized resolution), and *Cook v. Meta Platforms, Inc.*, No. 4:22-cv-02485-AMO, Dkt. 278 (N.D. Cal. Aug. 20, 2026) (copyright claims and defenses present individualized, fact-intensive questions that defeat class certification). Plaintiffs' attack on Google's substantive response is misguided on the merits and only compounds Plaintiff's earlier, procedural impropriety by seeking further one-sided argument.[1]

It is inequitable to allow Plaintiffs to bootstrap their own prior noncompliance into still more argument. The Court authorized Google's response to "cure any potential prejudice" from Plaintiffs' non-compliance with the Court's meet-and-confer requirements; it did not authorize the reply Plaintiffs now seek to submit. Dkt. 480 at 1. Should the Court nonetheless have interest in Plaintiffs' last-ditch submission and request a response, Google is happy to provide one.

Respectfully submitted,

Dated: September 18, 2026

WILSON SONSINI GOODRICH & ROSATI
By: */s/ David H. Kramer*
*Counsel for Defendant Google LLC*

---

[1] Plaintiffs' invocation of Civil Local Rule 7-3(d)(2) in response to Google's submission is especially specious. On its face the rule does not apply here. It permits certain supplemental submissions "without prior Court approval." Google made its submission pursuant to a Court Order expressly authorizing a "substantive response." Google was under no obligation to meet and confer with Plaintiffs given that authorization. Moreover, the Court's meet-and-confer requirement applies to motions, not responses thereto. *See* Standing Order § VIII.A (requiring meet and confer "before filing any motion").