Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, CA 94607
Tel. (341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com
jsamra@stranchlaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel. (314) 217-0550
gmullens@stranchlaw.com

Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Y. Zeng (SBN 360220)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

*In re Google Generative AI Copyright Litigation*

Master File Case No. 5:23-cv-03440-EKL-SVK
Consolidated Case No. 5:24-cv-02531-EKL-SVK

**PLAINTIFFS' STATEMENT IN RESPONSE TO MOTION TO INTERVENE ON BEHALF OF MICHAEL SULLIVAN, KENNETH S. SALADIN, ZVI BODIE, ALAN J. MARCUS, KEVIN PATTON, LION DEN INC., AND DANA LOEWY**

Judge: Hon. Eumi K. Lee
Date: January 6, 2027
Time: 10:00 A.M.
Courtroom: 7, Fourth Floor

Pursuant to Civil L.R. 7-3(b), Plaintiffs respond to the Motion to Intervene (ECF No. 490) filed by Proposed Intervenors Michael Sullivan, Kenneth S. Saladin, Zvi Bodie, Alan J. Marcus, Kevin Patton, Lion Den Inc., and Dana Loewy (collectively, "Proposed Intervenors"). Proposed Intervenors seek permission to intervene pursuant to Federal Rule of Civil Procedure 24(a) and (b) for two purposes: first, to file a complaint; and second, to be appointed to represent a subgroup of class members already represented by current interim and proposed class counsel. ECF No. 490 at 6–10; *see also* ECF No. 445 (Plaintiffs' Motion for Class Certification). Plaintiffs do not oppose the request to file a complaint, although intervention is not required for them to do so and is a procedurally dubious mechanism for it. Plaintiffs do oppose the request to appoint Proposed Intervenors and their counsel to the leadership structure in this action.

First, Proposed Intervenors do not need to intervene to file a complaint. It is unclear why Proposed Intervenors have not already done so.[1] However, by filing a motion seeking to *intervene* in this action to file a complaint, Proposed Intervenors must satisfy the requirements of Federal Rule of Civil Procedure 24. Under either Rule 24(a)—intervention as of right—or Rule 24(b)—permissive intervention—"[t]imeliness is the 'threshold requirement.'" *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quotation omitted).

Proposed Intervenors cannot make the required showing because the motion is not timely. This is the second motion to intervene the Court has been asked to consider during the pendency of Plaintiffs' motion for class certification. The first was filed on January 15, 2026 by Cengage Learning, Inc. and Hachette Book Group, Inc. ECF No. 342. As the Court noted then, "[a]uthors and artists have been litigating this putative class action for years." ECF No. 477 at 1. The first motion to intervene was also untimely, "[a]fter the parties engaged in substantial discovery, motion practice, and class certification briefing[.]"

---

[1] Proposed Intervenors appear to have been aware of this litigation for some time, having made a similar motion in other generative artificial intelligence copyright cases. This includes *Bartz v. Anthropic PBC*, pending in this District and *In re OpenAI Copyright Litigation*, currently pending in the United States District Court for the Southern District of New York. In *Bartz*, counsel intervened and subsequently filed a motion for attorneys' fees, which was denied in full. *Bartz v. Anthropic PBC*, No. 3:24-cv-05417-AMO, 2026 WL 2087580, at *10 n.10, *12 (N.D. Cal. July 20, 2026).

*Id.*[2] The instant motion to intervene, coming months after the prior motion to intervene, is even more untimely.

Second, Proposed Intervenors ask the Court to amend its leadership decision at this juncture, after the motion for class certification was filed and before a ruling has issued. The Court has already appointed counsel for Plaintiffs' interim lead class counsel. *See* Tr. of Apr. 23, 2025 Hearing at 54:1–16. This case has been litigated by counsel on behalf of the authors and artists, including textbook authors, since 2023. Proposed Intervenors have no basis to argue that the rights and interests of textbook authors have not been rigorously pursued in this action. They have.

Proposed Intervenors agree that their claims arise out of the same nucleus of operative facts as those of the Class and seek to have them resolved in this proceeding in this forum. Litigating all claims arising out of the same course of events in a single forum on behalf of all of those similarly situated ensures numerous efficiencies. *See Just Film, Inc. v. Buono*, 847 F.3d 1108, 1123–24 (9th Cir. 2017) (affirming class certification "because litigation on a classwide basis would promote greater efficiency in resolving the classes' claims") (citation omitted). Plaintiffs thus agree that if Proposed Intervenors were to file a complaint, that action should be related to this one.

And Proposed Intervenors' interests are fully aligned with those of the existing Proposed Classes. Plaintiffs' class certification motion is on behalf of the Books Class and Images Class, specifically those who possess beneficial or legal ownership of registered copyrights. *See* ECF No. 445 at 7. Proposed Intervenors acknowledge that as textbook owners, they are beneficial owners. They are thus covered by the proposed class definitions. *See Bartz v. Anthropic PBC*, 791 F. Supp. 3d 1038, 1052 (N.D. Cal. July 17, 2025) (granting class certification and explaining a class definition that binds "both the legal and beneficial owner[ ]" avoids the "risk of double jeopardy of defendant because there will be only one recovery per work").

Proposed Intervenors have not made a showing that they are entitled to intervene as of right under Rule 24(a)(2). They have not identified any conflict of interests with the proposed Classes or other matters

[2] The prior proposed intervenors withdrew their motion. ECF No. 473. The Court granted the withdrawal. ECF No. 477.

which "the action may as a practical matter impair or impede." *See* Fed. R. Civ. P. 24(a)(2). Generalized concerns or objections are not sufficient. *See Embry v. Acer Am. Corp.*, No. C 09-01808 JW, 2012 WL 13059908, at *1 (N.D. Cal. Jan. 27, 2012) (these are "the sorts of generalized objections that tend to be raised through the review process"). Unspecified concerns about hypothetical future litigation developments are not sufficient to show a conflict or the requisite impairing or impeding of interest.

Nor have they shown that they are entitled to discretionary permissive intervention under Rule 24(b)(2). *See Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court."). They have not shown that they will contribute to the proceedings, and the untimeliness of their actions suggests they will delay and not advance the case. Under Rule 24(b)(2), timeliness is even more strictly construed than under Rule 24(a). *League of United Latin Am. Citizens*, 131 F.3d at 1308 ("the timeliness element [is analyzed] more strictly than . . . with intervention as of right").

Proposed Intervenors also seek modification of the Court's prior leadership order under Rule 24(b)(2). But again, Proposed Intervenors do not identify any issue that requires separate representation. *See* Fed. R. Civ. P. 24(b)(2). While Proposed Intervenors refer to the fact that they were involved in the settlement in *Bartz v. Anthropic*, their involvement apparently related to unspecified allocation issues arising from the proposed settlement in that action. *See supra*, n.1. Any intervention arguments along these lines are hypothetical and speculative.

Following class certification, Rule 23 provides an opt-out right and other procedural safeguards for the protection of the rights of absent class members, which Proposed Intervenors agree would include them. *See* Fed. R. Civ. P. 23(c)(2) (notice of class action includes notice of right to any class member to exclude themselves from the class); Fed. R. Civ. P. 23(c)(3)(B) (class action judgment does not apply to class members who exclude themselves). These mechanisms suffice to safeguard Proposed Intervenors' interests. Intervention is not necessary.

The Court has many options within its discretion. For example, given Proposed Intervenors' delay in seeking this relief, the Court could deny the motion without prejudice. Proposed Intervenors are free to file their complaint, which would be consistent with the notice and exclusion procedures of Rule 23, and

litigate their own action. Alternatively, the Court could stay decision of this action until sixty days following its ruling on class certification.

Regardless of the Court's ruling on the instant motion, and consistent with the representations of the undersigned in the conferences prior to Proposed Intervenors' motion, Plaintiffs will work cooperatively to ensure the full and efficient vindication of all infringed copyrights for creators and publishers alike.

Dated: October 19, 2026

Respectfully submitted,

By: *_/s/ Lesley E. Weaver_*
Lesley E. Weaver (SBN 191305)
Anne K. Davis (SBN 267909)
Joshua D. Samra (SBN 313050)
**STRANCH, JENNINGS & GARVEY, PLLC**
1111 Broadway, Suite 300
Oakland, CA 94607
Tel. (341) 217-0550
lweaver@stranchlaw.com
adavis@stranchlaw.com
jsamra@stranchlaw.com

Gregory S. Mullens (admitted *pro hac vice*)
**STRANCH, JENNINGS & GARVEY, PLLC**
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Tel. (314) 217-0550
gmullens@stranchlaw.com

By: *_/s/ Joseph R. Saveri_*
Joseph R. Saveri (State Bar No. 130064)
Cadio Zirpoli (State Bar No. 179108)
Christopher K.L. Young (State Bar No. 318371)
Elissa A. Buchanan (State Bar No. 249996)
Aaron Cera (SBN 351163)
Louis Kessler (SBN 243703)
Alexander Y. Zeng (SBN 360220)
**SAVERI LAW FIRM, LLP**
550 California Street, Suite 910
San Francisco, CA 94104
Telephone: (415) 500-6800
Facsimile: (415) 395-9940
jsaveri@saverilawfirm.com
czirpoli@saverilawfirm.com
cyoung@saverilawfirm.com
eabuchanan@saverilawfirm.com
acera@saverilawfirm.com
lkessler@saverilawfirm.com
azeng@saverilawfirm.com

*Plaintiffs' Interim Co-Lead Counsel*

Brian D. Clark (admitted *pro hac vice*)
Laura M. Matson (admitted *pro hac vice*)
Arielle S. Wagner (admitted *pro hac vice*)
Consuela Abotsi-Kowu (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
bdclark@locklaw.com

Ryan J. Clarkson (SBN 257074)
Yana Hart (SBN 306499)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
rclarkson@clarksonlawfirm.com
yhart@clarksonlawfirm.com

Bryan P. Thompson (SBN 354683)

lmmatson@locklaw.com
aswagner@locklaw.com
cmabotsi-kowu@locklaw.com

Stephen J. Teti (admitted *pro hac vice*)
**LOCKRIDGE GRINDAL NAUEN PLLP**
265 Franklin Street, Suite 1702
Boston, MA 02110
Telephone: (617) 456-7701
sjteti@locklaw.com

**CLARKSON LAW FIRM, P.C.**
875 North Michigan Avenue, 31st Floor
Chicago, IL 60611
Telephone: (312) 267-0061
bthompson@clarksonlawfirm.com

Tracey Cowan (SBN 250053)
**CLARKSON LAW FIRM, P.C.**
95 Third Street, Second Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
tcowan@clarksonlawfirm.com

*Additional Counsel for Individual and Representative Plaintiffs and the Proposed Class*

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)**

I, Lesley E. Weaver, attest that concurrence in the filing of this document has been obtained from the other signatories. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of October, 2026, at Oakland, California.

*/s/ Lesley E. Weaver*
Lesley E. Weaver