**GAW | POE LLP**
Randolph Gaw (S.B. # 223718)
rgaw@gawpoe.com
One Embarcadero Ctr., Suite 1200
San Francisco, CA 94111
Tel: (415) 766-7451

**SLARSKEY LLC**
David N. Slarskey (*pro hac vice*)
dslarskey@slarskey.com
Adam Hollander (*pro hac vice*)
ahollander@slarskey.com
Deepa Devanathan (*pro hac vice*)
ddevanathan@slarskey.com
Phillip Gasperetti (*pro hac vice*)
pgasperetti@slarskey.com
825 Third Ave, 32nd Floor
New York, NY 10022
Tel: (212) 658-0661

**ARCHSTONE LAW GROUP, P.C.**
Brenda Ulrich (*pro hac vice pending*)
bulrich@archstonelaw.com
Riverside Center
275 Grove Street, Suite 2-400
Newton, MA 02466
Tel: (781) 314-0100

*Attorneys for Proposed Intervenors and the Proposed Subclass*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| *In re Google Generative AI Copyright Litigation* | Master File Case No. 5:23-cv-03440-EKL<br>Consolidated Case No. 5:24-cv-02531-EKL<br><br>**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO INTERVENE ON BEHALF OF PLAINTIFFS MICHAEL SULLIVAN, KENNETH S. SALADIN, ZVI BODIE, ALAN J. MARCUS, KEVIN PATTON, LION DEN INC., AND DANA LOEWY**<br><br>Judge: Hon. Eumi K. Lee<br>Date: January 6, 2027<br>Time 10:00 A.M.<br>Courtroom: 7, Fourth Floor |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii
ARGUMENT ..... 1
I. Proposed Intervenors Are Entitled to Intervene as of Right ..... 1
A. Proposed Intervenors' Motion to Intervene Is Timely ..... 1
B. Proposed Intervenors Have a Significantly Protectable Interest Relating to this Action under 17 U.S.C § 501 ..... 2
C. Intervention Is Appropriate to Address Inadequate Representation, which Does Not Preclude Intervention or Class Certification ..... 3
II. Permissive Intervention Is Not Unduly Prejudicial and Is Warranted Because Proposed Intervenors' Claims Share Common Questions of Law and Fact ..... 4
CONCLUSION ..... 5

# TABLE OF AUTHORITIES

**CASES**

*Allen v. Oakland Pol. Officers Assoc.*,
825 F. App'x 450 (9th Cir. 2020) ........ 4

*Bartz v. Anthropic PBC*,
2026 WL 2087580 (N.D. Cal. July 20, 2026) ........ 2

*Cal. v. Health & Human Servs.*,
330 F.R.D. 248 (N.D. Cal. 2019) ........ 2

*In re LendingClub Sec. Litig.*,
282 F. Supp. 3d 1171 (N.D. Cal. 2017) ........ 1

*James v. Uber Techs. Inc.*,
338 F.R.D. 123, (N.D. Cal. 2021) ........ 4

*Jennings v. Rodriguez*,
583 U.S. 281 (2018) ........ 4

*Kalbers v. U.S. Dep't of Just.*,
22 F.4th 816 (9th Cir. 2021) ........ 1, 2, 3

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
2015 WL 1926312 (N.D. Cal. Apr. 27, 2015) ........ 1

*Ortiz v. Fibreboard Corp.*,
527 U.S. 815 (1999) ........ 4

*Rodriguez v. Hayes*,
591 F.3d 1105 (9th Cir. 2010) ........ 4

*Silvers v. Sony Pictures Ent., Inc.*,
402 F.3d 881 (9th Cir. 2005) ........ 3

*Smith v. L.A. Unified Sch. Dist.*,
830 F.3d 843 (9th Cir. 2016) ........ 2

*United States v. Hewlett Packard Enter. Co.*,
826 F. Supp. 3d 1110 (N.D. Cal. 2025) .......... 5

*United States v. State of Or.*,
745 F.2d 550 (9th Cir. 1984) .......... 1

*Wilderness Soc. v. U.S. Forest Serv.*,
630 F.3d 1173 (9th Cir. 2011) .......... 3

**STATUTES**

17 U.S.C. § 501 .......... 3

Fed. R. Civ. P. 23(b) .......... 5

Fed. R. Civ. P. 23(c) .......... 5

Fed. R. Civ. P. 24(a) .......... 3, 4, 6

Fed. R. Civ. P. 24(b) .......... 7

## ARGUMENT

### I. Proposed Intervenors Are Entitled to Intervene as of Right

#### A. Proposed Intervenors' Motion to Intervene Is Timely

Timeliness of a motion to intervene depends on three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021) (cleaned up).

First, this Motion[1] is timely because Proposed Intervenors filed it a reasonable amount of time—approximately two months—after the "crucial date" when it became apparent "that their interests would not be adequately protected by the existing parties." *Id.* at 821–22. Defendant argues that the Motion is untimely because class certification has been fully argued. (D. Br. at 4.) But the "formal stage of the litigation" is not dispositive; rather, the Ninth Circuit guards against "hasty intervention" particularly where the existing suit is not "within sight of the terminal." *Kalbers*, 22 F.4th at 821, 823, 826 (cleaned up); *see also In re LendingClub Sec. Litig.*, 282 F. Supp. 3d 1171, 1178 (N.D. Cal. 2017) (permitting intervention at class-certification stage to "coordinate . . . to avoid any prejudice to absent class members"); *Kamakahi v. Am. Soc'y for Reprod. Med.*, 2015 WL 1926312, at *4 (N.D. Cal. Apr. 27, 2015) (granting intervention four years after case filed to protect absent class members).

Proposed Intervenors recognize the Court's earlier questions about the timeliness of publishers' attempt to intervene. (D. Br. at 5 (citing ECF No. 430 at 12).) Notwithstanding, Proposed Intervenors submit that their intervention is appropriate at this point in the litigation, to protect textbook authors' interests. The prejudice facing textbook authors—and how to guard against it—was not evident earlier, which is why they did not earlier seek to intervene. It also underscores why intervention is appropriate now, rather than at a later stage of litigation, which would potentially compound any already-existing prejudice. *See United States v. State of Or.*, 745 F.2d 550, 552 (9th Cir. 1984) (intervention appropriate where "the litigation is entering a new stage" that "militate[s] in favor of granting the application").

Second, there is no undue prejudice to other parties. Defendant argues that it would be

[1] Throughout this brief, "Motion" refers to the Motion to Intervene (ECF No. 490); "D. Br." refers to Defendant's Opposition to the Motion to Intervene (ECF No. 505); "P. Br." refers to Plaintiffs' Response to the Motion to Intervene (ECF No. 504). A corrected Proposed Complaint in Intervention is attached, together with a redline against the original. Exs. 1 & 2.

prejudiced by intervention because there would have to be additional discovery and a second certification motion. (D. Br. at 5.) Defendant's claimed prejudice is not prejudice from intervention. If intervention is denied, Proposed Intervenors will then file a separate action in this District, litigating the same issues (and seeking at least the same additional discovery) in two parallel proceedings, with compounded briefing and a risk of inconsistent rulings. *See Cal. v. Health & Human Servs.*, 330 F.R.D. 248, 255 (N.D. Cal. 2019) ("allowing Oregon to intervene . . . will not unduly delay or prejudice the adjudication of the original parties' rights. If anything, allowing intervention will promote judicial economy and spare the parties from needing to litigate a similar case . . . ."). Moreover, even if Proposed Intervenors raise certain "additional complicating issues . . . . every motion to intervene will complicate or delay a case to some degree," and "[t]hat is not a sufficient reason to deny intervention." *Kalbers*, 22 F.4th at 825. The timing of this Motion and the relief requested is not prejudicial.

Third, any delay was reasonable. Defendant argues that Proposed Intervenors' "delay" lacked justification. (D. Br. at 4.) But the "crucial date" here is July 20, 2026, when the *Bartz* court granted final approval to an unappealable allocation process that included substantial, improper substantive advantages to publishers. *See Bartz v. Anthropic PBC*, 2026 WL 2087580, at *4 (N.D. Cal. July 20, 2026). Only then did the extent of the conflict between textbook authors and publishers become clear.

Proposed Intervenor Saladin's May 2026 motion to intervene to represent a textbook subclass in *Elsevier* (D. Br. at 4) is of no consequence. Proposed Intervenors filed this Motion on September 28, approximately two months after the "crucial date" of July 20 and hardly a "substantial lapse in time." *See Smith v. L.A. Unified Sch. Dist.*, 830 F.3d 843, 861 (9th Cir. 2016) (reversing denial of intervention where intervenors moved 71 and 79 days after learning class counsel no longer adequate and noting court has found "motions to be timely even in the face of *longer* delays").

**B. Proposed Intervenors Have a Significantly Protectable Interest Relating to this Action under 17 U.S.C § 501**

Proposed Intervenors seek to intervene as of right under Rule 24(a)(2), which requires "a significantly protectable interest relating to the subject of the action." *Kalbers*, 22 F.4th at 822. "[I]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d

1173, 1179 (9th Cir. 2011). Proposed Intervenors' beneficial ownership of their works' copyrights under 17 U.S.C. § 501 establishes such interest.

Defendant contends that Section 501(b) gives rise to such an interest only if Proposed Intervenors possess an interest in a specific "copyright on which a given plaintiff is already suing." (D. Br. at 6.) Regardless of that unsettled legal question, however, here—where Plaintiffs have applied to represent and seek relief on behalf of a class including Proposed Intervenors—Proposed Intervenors' interests relate to the subject of the action and the claims at issue, and intervention is appropriate.

Defendant relies on *Silvers*, where the Ninth Circuit rejected a copyright owner's *assignee's* attempt to pursue a claim under Section 501(b), concluding that the statute does not allow an assignee to pursue such relief. *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 890 (9th Cir. 2005). Here, Proposed Intervenors are *beneficial owners themselves*. There is no credible dispute concerning their statutory interest or right to pursue relief. Rather, such interest satisfies Rule 24(a)(2)'s requirement that Proposed Intervenors have a "significantly protectable interest relating to . . . the subject of the action." *Kalbers*, 22 F.4th at 822, 827 ("[T]his element is straightforward").

### C. Intervention Is Appropriate to Address Inadequate Representation, which Does Not Preclude Intervention or Class Certification

Defendant argues that Proposed Intervenors have not established that they are currently inadequately represented by Plaintiffs, but that conflicts between textbook authors and publishers weigh against class certification. (D. Br. at 7–8.) Plaintiffs argue on the other hand that their interests are "fully aligned" with Proposed Intervenors', ostensibly precluding intervention. (P. Br. at 2.) Both are wrong: intraclass conflicts require independent representation for textbook authors, but do not raise the sorts of irreconcilable conflicts or individualized issues that would undermine class certification.

Textbook authors' interests diverge both from publishers' and from those of the trade authors who serve as named Plaintiffs. Textbooks are uniquely susceptible to market substitution by generative artificial intelligence ("AI"): students and schools, who bear the cost of textbooks they do not choose, have strong incentives to replace them with free AI-generated alternatives trained on those very textbooks. (Ex. 1 (Proposed Complaint in Intervention) ¶¶ 81, 84–88.) And unlike the trade books of

the named Plaintiffs, textbooks are sold through institutional adoption rather than individual purchase. (*Id.* ¶¶ 79–80.) To protect textbook authors' interests and maximize any recovery, Proposed Intervenors intend to develop "tailored proof of market harm" that reflects these differences. (Mot. at 10.) Those factual and legal issues are relevant at least to class certification, market harm under the fourth fair-use factor, and damages—all issues the Court will not resolve until summary judgment or trial, which have not even been scheduled. (*See* Order, ECF No. 479, at 2; D. Br. at 2.) At neither stage can the named Plaintiffs, none of whom is a textbook author, adequately represent Proposed Intervenors.

Proposed Intervenors' motion does not somehow evince the sort of individualized issues that might weigh against class certification, as Defendant suggests. (D. Br. at 8.) Rather, common factual and legal issues between the current named Plaintiffs, on one hand, and Proposed Intervenors and the textbook authors they seek to represent, on the other, predominate over the subset of "potentially conflicting interests of easily identifiable categories of claimants," warranting subclasses, not to deny certification altogether. *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831–32 (1999) (referring to Fed. R. Civ. P. 23(c)(4)(B) before the 2007 restyling to Fed. R. Civ. P. 23(c)(5)); *Rodriguez v. Hayes*, 591 F.3d 1105, 1122, 1123–24 (9th Cir. 2010) (allowing "proposals for formation of subclasses on remand" where class members did not have "every fact in common or completely identical legal issues"), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018); *James v. Uber Techs. Inc.*, 338 F.R.D. 123, 137 (N.D. Cal. 2021) (subclasses, not denial of certification, would be appropriate to address predominance under Fed. R. Civ. P. 23(b)(3)). Furthermore, textbook authors cannot simply opt out of a class settlement to protect their interests. (*See* D. Br. at 6–7.) Defendant acknowledges that each work supports a single statutory award, shared between legal and beneficial owners. (*Id.* at 7.) If textbook publishers remain in the class, that award will be fixed and divided in this action whether or not textbook authors opt out. That is impairment "as a practical matter." Fed. R. Civ. P. 24(a).

## II. Permissive Intervention Is Not Unduly Prejudicial and Is Warranted Because Proposed Intervenors' Claims Share Common Questions of Law and Fact

The same timeliness factors that govern intervention as of right apply to permissive intervention. *See Allen v. Oakland Pol. Officers Assoc.*, 825 F. App'x 450, 452 (9th Cir. 2020) ("Courts

consider [these] three factors in determining whether a motion for either intervention as of right or for permissive intervention is timely . . . ."). For the same reasons discussed above at Section I.A., permissive intervention is timely.

Defendant argues that intervention would be prejudicial because it would ostensibly inject new issues and matters—namely, concerning Google's torrenting. (D. Br. at 9.) But the operative complaint already alleges that Defendant infringed Plaintiffs' exclusive rights "to control the copying and distribution" of their works. (ECF No. 234 ¶ 4.) Although Proposed Intervenors' torrenting allegations identify additional means by which that distribution occurred, they nevertheless arise from the same course of conduct and raise no new claim.

Defendant's concerns about an expanded case are unfounded, and its list of "individualized questions" does not establish prejudice. (*See* D. Br. at 9.) Proposed Intervenors are not adding 84 registrations to the case, as Defendant faces discovery on these textbooks regardless because textbook authors are members of the proposed Books Class (*see* P. Br. at 2). Ownership, registration, and license questions concerning those works will exist whether or not Proposed Intervenors are permitted to intervene. And the questions Defendant identifies turn on common proof: when Defendant first copied protected works depends on when Defendant assembled its datasets and trained its models; whether Defendant held a license is an affirmative defense, proved through Defendant's own agreements; and whether successive editions are separate works is a legal question answered once. Permissive intervention is appropriate under Rule 24(b) given those common questions of law and fact, and Proposed Intervenors' focused, unique discovery will not defeat commonality or predominance. *See United States v. Hewlett Packard Enter. Co.*, 826 F. Supp. 3d 1110, 1120 (N.D. Cal. 2025) (granting permissive intervention and finding that "to the extent that intervention might raise concerns about excessive discovery . . . the Court can address those concerns as they arise.").

## **CONCLUSION**

Proposed Intervenors' Motion to Intervene should be granted.

Dated: November 2, 2026
New York, New York

Submitted By:

**SLARSKEY LLC**

By: _/s/ David Slarskey_

David N. Slarskey (*pro hac vice*)
dslarskey@slarskey.com
Adam Hollander (*pro hac vice*)
Deepa Devanathan (*pro hac vice*)
Phillip Gasperetti (*pro hac vice*)
825 Third Ave, 32nd Floor
New York, NY 10022
Tel: (212) 658-0661

**ARCHSTONE LAW GROUP, P.C.**
Brenda Ulrich (*pro hac vice pending*)
bulrich@archstonelaw.com
Riverside Center
275 Grove Street, Suite 2-400
Newton, MA 02466
Tel: (781) 314-0100

**GAW POE LLP**
Randolph Gaw (S.B. #223718)
rgaw@gawpoe.com
One Embarcadero Ctr., Suite 1200
SAN FRANCISCO, CA 94111
Telephone: (415) 766-7451
Facsimile: (415) 737-0642

*Attorneys for Proposed Intervenors and the Proposed Subclass*